# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

April 11, 2005

BY ELECTRONIC FILING

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE  19801

    Re:    McKesson Information Systems v. The TriZetto Group;
             C.A. No. 04-1258 (SLR)

Dear Chief Judge Robinson:

      I am writing on behalf of Defendant TriZetto in connection with the discovery conference at 4:30 tomorrow. There are several issues TriZetto wishes to raise.

      1.    <u>Customer Subpoenas</u>.

      McKesson started serving subpoenas for documents on a large number of TriZetto's most important customers last Thursday and Friday. We have received approximately twenty-five subpoenas for customers all over the country. TriZetto is concerned about the impact of these subpoenas on its relationships with its customers. It is clear that many of the documents are available directly from TriZetto, and thus there is no need to burden third parties with the obligation to locate and produce such documents. In addition, we do not see the relevance of many of the documents McKesson is seeking from TriZetto's customers.

      2.    <u>Interrogatories and Requests for Admissions</u>.

      Although McKesson has responded to interrogatories and requests for admission propounded by TriZetto, we believe that there are a number of deficiencies in those responses. For example, McKesson has refused to state definitively (a) all of the TriZetto products that allegedly infringe, (b) when it first became aware of the alleged infringement, (c) the alleged dates of conception and reduction to practice of the invention, or (d) which McKesson products embody the invention. TriZetto has identified these deficiencies in several letters to McKesson's counsel.

The Honorable Sue L. Robinson
April 11, 2005
Page 2

       3.     <u>Protective Order</u>.

Another unresolved issue is the protective order. The parties have been negotiating for several months, but have not reached a final agreement. The primary disagreement pertains to the documents to which in-house counsel will have access. We have proposed a compromise on this issue to McKesson's counsel, but have not yet received a response.

       4.     <u>Document Production Status</u>.

To date, TriZetto has produced approximately 45,000 pages of documents, and is in the process of collecting additional documents for production. McKesson has produced approximately 34,000 pages of documents, and we understand that additional documents are being collected for production.

       5.     <u>Discovery Cut-Off Date.</u>

Finally, TriZetto would like to revisit the August 26, 2005 fact discovery cutoff date. There will be many depositions taken in this case, including many third-party witnesses. The current schedule requires all depositions to be taken between mid-May and the end of August, which will likely lead to scheduling difficulties.

In addition, the team of lawyers at the Paul Hastings firm that had been representing TriZetto for the first six months of this case has recently split up, with several members going to another firm. As a result, TriZetto has recently retained new lead counsel at Gibson, Dunn and Crutcher, which is in the process of getting up to speed.

Under the circumstances, we believe it would be prudent to move the discovery cutoff date back three or four weeks. We have proposed this to McKesson's counsel, but have not yet received a response.

                                 Respectfully,

                                   /s/ Jack B. Blumenfeld
                                 Jack B. Blumenfeld

JBB/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
        Thomas J. Allingham, II, Esquire (By Hand)
        Jeffrey G. Randall, Esquire (By Fax)
        Jeffrey T. Thomas, Esquire (By Fax)