# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400
FAX: (415) 984-2698

DIRECT DIAL
650-470-4560
DIRECT FAX
888-329-1840
EMAIL ADDRESS
DHANSEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

April 11, 2005

The Honorable Sue L. Robinson
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124
Wilmington, DE 19801

RE:   *McKesson Information Solutions LLC v. The TriZetto Group, Inc.*, C.A. No. 04-1258-SLR (D. Del.)

Dear Chief Judge Robinson:

We represent plaintiff, McKesson Information Solutions LLC ("McKesson"), in the referenced action.

This letter is written to provide Your Honor an overview of the discovery issues McKesson would like to address at the April 12, 2005 discovery conference. If time permits, McKesson also would like to address outstanding issues concerning the proposed protective order, and McKesson's fully-briefed Motion To Strike Defendant's Second, Sixth and Seventh Affirmative Defenses, Motion To Dismiss Defendant's Counterclaim That The '164 Patent Is Unenforceable, And Motion In The Alternative For A More Definite Statement.

## The Discovery Disputes

McKesson served document requests and interrogatories on defendant, The TriZetto Group, Inc. ("TriZetto"), on December 22, 2004. Despite repeated letters and demands from McKesson, except for a small volume of mostly publicly-available documents, TriZetto did not produce any documents until mid-March, 2005. Even then, TriZetto merely made an incomplete production of documents for the most part limited to a single subject – the infringing TriZetto products.

TriZetto's interrogatory responses are even more troubling. TriZetto has provided substantive responses to only 6 of the 17 interrogatories served by

Hon. Sue L. Robinson
April 11, 2005
Page 2

McKesson. McKesson's February 18, 2005 and March 11, 2005 letters requesting proper responses have gone unanswered.

TriZetto has essentially stonewalled McKesson's attempts to obtain discovery relevant to the issues in this case. Unfortunately, TriZetto has successfully prejudiced McKesson by refusing to comply with its discovery obligations. While we will address during the discovery conference specific remedies for this misconduct, McKesson requests, at a minimum, an order – nothing less is likely to motivate TriZetto – requiring prompt and complete compliance with the discovery identified below. Following are the specific discovery issues broken down by category.

    *1.*    ***TriZetto's infringing product information.***  TriZetto finally agreed by letter dated March 8, 2005, to produce documents responsive to McKesson's infringing product document requests, Request Nos. 40-51, 61 and 63. Specifically, TriZetto agreed to "produce documents regarding its FACETS software product, including the FACETS source code, by the end of next week at the latest." The production later made by TriZetto, however, was incomplete and otherwise deficient in numerous respects.

For example, TriZetto did not produce documents concerning its FACETS product as promised. Rather, it limited production to documents concerning the "ClinicaLogic" clinical editing/auditing portion of FACETS. Moreover, even as to that portion of FACETS, TriZetto only produced what appear to be a few user manuals from 1997, and selected hard copy printouts of source code. TriZetto also produced a small volume of early-1990s marketing materials.

There is no question that the documents sought by McKesson are relevant to the issues in this case. Indeed, as noted, TriZetto has admitted that this discovery is proper. McKesson therefore respectfully requests that Your Honor order TriZetto to immediately make complete production of the documents responsive to the referenced McKesson document requests, including all FACETS source code and user manuals, all user manuals for all TriZetto clinical editing/auditing software (including ClincaLogic), all documents describing the functionality of FACETS and TriZetto's clinical editing/auditing products, marketing materials for these products, and the source code, in electronic form, for these products.

As to McKesson's interrogatories directed to TriZetto's infringing products, TriZetto has simply refused to provide substantive responses. McKesson Interrogatory No. 2 asks TriZetto to identify all of its products that include a specific capability (*i.e.*, products "capable of, or including a component capable of, performing clinical editing or auditing of medical payment claims"), and the TriZetto employee(s) most knowledge concerning operation of the products. Interrogatory

No. 5 asks TriZetto to provide the details concerning how each of the products identified in response to Interrogatory No. 2 perform clinical editing or auditing of medical payment claims.

These interrogatories are completely proper; indeed, they are standard in patent infringement cases. McKesson respectfully requests that Your Honor order TriZetto to immediately provide complete answers to these interrogatories.

**2.     *TriZetto's noninfringement contentions.*** TriZetto has asserted in its declaratory judgment counterclaim that it does not infringe McKesson's patent. McKesson Interrogatory No. 3 ask TriZetto to provide a claim chart identifying, among other things, which element(s) of the claims of McKesson's patent TriZetto argues is/are not present in TriZetto's accused products. TriZetto has refused to provide a substantive response to this interrogatory.

TriZetto can answer this interrogatory without disclosing its claim construction by providing McKesson with a claim chart stating which claim elements TriZetto believes to be absent from its accused products. Among other things, such a claim chart will focus the parties on the claim elements that are in dispute and narrow the potential discovery and claim construction issues. TriZetto also should be ordered to provide documents supporting its noninfringement contentions. *See, e.g.,* McKesson Request Nos. 1-3.

**3.     *TriZetto's defense to willful infringement.*** TriZetto has denied McKesson's claims that its infringement of McKesson's patent has been willful. McKesson Interrogatory No. 13 asks TriZetto to detail the basis of its denial. McKesson has also requested documents relating to TriZetto's denial of willful infringement, including any opinions of counsel obtained by TriZetto. *See, e.g.,* McKesson Request No. 27. TriZetto has refused to answer the interrogatory or provide the requested documents.

McKesson is entitled know the complete basis of TriZetto's defense to willful infringement, including whether TriZetto intends to rely on an opinion of counsel. TriZetto should be ordered to immediately provide this information to McKesson.

**4.     *TriZetto product modifications.*** McKesson Interrogatory No. 16 asks TriZetto to provide details concerning any product modifications TriZetto has made to avoid infringement of McKesson's patent. TriZetto has essentially refused to answer this interrogatory, stating only that "it continually seeks to improve its product offerings and regularly modifies and improves all of its products." TriZetto's snide response to this clearly relevant interrogatory is inappropriate, and TriZetto should be ordered to immediately provide a proper response.

Hon. Sue L. Robinson
April 11, 2005
Page 4

5.  ***TriZetto's invalidity contentions.*** TriZetto claims in its declaratory judgment counterclaim that McKesson's patent is invalid under 35 U.S.C. §§ 102 (anticipation), 103 (obviousness) and/or 112 (failure to distinctly claim the subject matter of the invention). McKesson Interrogatory No. 6 asks TriZetto to provide the basis of its invalidity claims under §§ 102 and 103. McKesson Interrogatory No. 7 asks TriZetto to provide the basis of its invalidity claim under § 112. TriZetto has refused to provide substantive responses to these interrogatories arguing, among other things, that these interrogatories prematurely require TriZetto to provide its claim constructions.

These interrogatories are also standard in patent infringement cases where invalidity is asserted. TriZetto can answer these interrogatories without providing its claim constructions, and it should be ordered immediately to provide McKesson with complete details concerning its invalidity contentions. TriZetto also should be ordered to produce all documents supporting its contentions. *See, e.g.*, McKesson Request Nos. 5-7 & 25-26.

6.  ***TriZetto's purchase of Erisco.*** TriZetto obtained its infringing FACETS product by purchasing a company named Erisco. Prior to the Erisco purchase, TriZetto was a distributor of McKesson's patented clinical editing/auditing product.

McKesson has requested production of documents relating to the consideration and completion of the Erisco purchase and TriZetto's integration of Erisco's infringing products. *See, e.g.*, Request Nos. 60 & 61. TriZetto has objected to producing these documents on relevance and other grounds. The requested documents are clearly relevant to issues of infringement and damages. In addition, these documents are relevant to TriZetto's claim that McKesson is estopped from asserting patent infringement based on discussions McKesson had with Erisco. TriZetto should be ordered to immediately make complete production of the requested documents.

7.  ***TriZetto customer information.*** McKesson Interrogatory No. 14 asks TriZetto to provide the identity of all customers using TriZetto's infringing products. McKesson has also requested documents concerning these customers, including license agreements and revenues obtained by TriZetto in connection with its infringing product sales. *See, e.g.*, McKesson Request Nos. 32-34. Although McKesson is clearly entitled to this information, TriZetto has refused to answer the interrogatory and it has only produced a single customer license and a few customer letters. TriZetto should be ordered to immediately provide a complete response to McKesson's interrogatory and to make complete production of the requested customer documents.

Hon. Sue L. Robinson
April 11, 2005
Page 5

      **8.** *TriZetto financial information.* McKesson has requested TriZetto's financial documents and market information for purposes of McKesson's damages analysis. *See, e.g.,* McKesson Request Nos. 34-38. To date, TriZetto has only provided a handful of publicly available SEC filings, most of which McKesson had produced previously to TriZetto. The requested documents are clearly relevant and TriZetto should be ordered to make immediate and complete production.

      **9.** *Documents relating to the integration of McKesson's clinical editing/auditing product into FACETS.* Certain customers of TriZetto's FACETS product have required the integration of McKesson's clinical editing/auditing product, which has required TriZetto to collaborate with McKesson in connection with the integration. As noted, prior to the Erisco acquisition, TriZetto was a distributor of McKesson's patented clinical editing/auditing product.

      McKesson Interrogatory No. 17 asks TriZetto to provide details of its discussions with these customers concerning their request for integration of McKesson's product. McKesson has also requested production of documents concerning these integration requests. *See, e.g.,* McKesson Request Nos. 69-72. TriZetto has refused to answer the interrogatory, and it has only produced responsive documents created by McKesson that relate to the implementation of the integration, such as manuals.

      The requested information is relevant to both infringement and damages and TriZetto should be ordered immediately to fully answer the interrogatory and produce all responsive documents.

      **10.** *TriZetto's affirmative defenses.* TriZetto has claimed estoppel, laches, waiver and "acquiescence" as affirmative defenses to its infringement of McKesson's patent. McKesson has requested production of all documents relating to these affirmative defenses. *See, e.g.,* McKesson Request Nos. 11-14. To McKesson's knowledge, TriZetto has not produced any documents relating to these defenses and it should be ordered to immediately make complete production.

### The Draft Protective Order

      Based on recent discussions with TriZetto's outside counsel, McKesson believes that the only outstanding issue with respect to the draft protective order is whether in-house litigation counsel, not involved in patent prosecution or competitive decision making, will be entitled to have access to Highly Confidential information. TriZetto objects to any disclosure of such information to in-house counsel.

Hon. Sue L. Robinson
April 11, 2005
Page 6

As the Federal Circuit held in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984), access to confidential information "should be denied or granted on the basis of each individual counsel's actual activity and relationship with the party represented, without regard to whether a particular counsel is in-house or retained. . . . [S]tatus as in-house counsel cannot alone create [the] probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access." *Id.*; *see also United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 (D. Del. 1999); *Motorola, Inc. v. Interdigital Tech. Corp.*, C.A. No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714, at *10 (D. Del. Dec. 19, 1994). In determining whether access is appropriate, "the critical inquiry is whether in-house counsel is involved in competitive decision making such that the attorney 'would have a difficult time compartmentalizing his [or her] knowledge.'" *Dentsply*, 187 F.R.D. at 159-60 (quoting *Motorola*, 1994 U.S. Dist. LEXIS 20714, at *11). "Prosecution of patents" also can "be grounds for denying access." *Motorola*, 1994 U.S. Dist. LEXIS 20714, at *12; *see also Comm. A L'Energie Atomique v. Dell Computer Corp.*, C.A. No. 03-484-KAJ, 2004 U.S. Dist. LEXIS 12782 (D. Del. May 25, 2004) (same).

The in-house litigation counsel that McKesson proposes to be allowed access to Highly Confidential information is not involved in competitive decision making or patent prosecution. McKesson's in-house counsel also has been instrumental in directing this litigation, devising legal strategy, and providing assistance to outside counsel. Under these circumstances, the access requested by McKesson is necessary and appropriate, and McKesson respectfully requests that this issue be resolved in its favor.

### McKesson's Motion To Strike Affirmative Defenses and To Dismiss Defendant's Counterclaim of Unenforceability

On November 22, 2004, McKesson filed a Motion To Strike Defendant's Second, Sixth and Seventh Affirmative Defenses, Motion To Dismiss Defendant's Counterclaim That The '164 Patent Is Unenforceable, And Motion In The Alternative For A More Definite Statement. Briefing on the motion was completed December 14, 2004 (*See* Docket Items 14, 17, and 18) and, unless the Court wishes to hear argument, McKesson believes it is ready for decision.

Respectfully submitted,

*/s/ David W. Hansen*
David W. Hansen
Counsel for Plaintiff,
McKesson Information Solutions LLC

Hon. Sue L. Robinson
April 11, 2005
Page 7

cc: Counsel for Defendant,
　　 The TriZetto Group, Inc.:

　　 Jack Blumenfeld, Esq. (by hand)
　　 Morris, Nichols, Arsht & Tunnell

　　 Jeffrey T. Thomas, Esq. (by fax)
　　 Gibson, Dunn & Crutcher LLP

　　 Matthew Lapple, Esq. (by fax)
　　 Paul, Hastings, Janofsky & Walker LLP