# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

McKESSON INFORMATION SOLUTIONS

V.

THE TRIZETTO GROUP, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number: 04-1258 SLR
(Case is pending in the U.S. District Court, District of Delaware)

TO: Custodian of Records

Promina Health System Inc
40 Technology PKWY South #300
Norcross, GA 30092

Registered Agent: Corporation Service Company
40 Technology Pkwy South #300
Norcross, GA 30092

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A

| PLACE   IKON         Contact: David Hyre
3405 Piedmont Road NE, 4th Floor, Atlanta, GA 30305 | DATE AND TIME
April 28, 2005; 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
*[signature]* Donna Hill, Attorney for Plaintiff | DATE
April 13, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Donna Hill            Telephone: (650)470-4518
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Ste. 1100, Palo Alto, CA 94301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc
www.USCourtForms.com

**ATTACHMENT A**

**Instructions and Definitions**

1. The term "McKesson" refers to McKesson Information Solutions, LLC.

2. The term "TriZetto" refers to The TriZetto Group, Inc.

3. The term "Erisco" refers to Erisco Managed Care Technologies, Inc.

4. The term "IMS" refers to IMS Health Incorporated.

5. The term "Facets" refers to any product, system, or service made, operated, sold, offered for sale, licensed, offered for license, marketed, or distributed by TriZetto or its predecessor-in-interest Erisco that bears, uses, or is associated with the name "Facets," "Facets Extended Enterprise," or "Facets $e^2$."

6. The term "clinical editing or auditing" refers to clinical editing or auditing of medical payment claims, including the detection or correction of unbundled medical procedures or claims billed incorrectly due to coding errors.

7. The term "TriZetto Product" refers to any product, system, or service made, operated, sold, offered for sale, licensed, offered for license, marketed, or distributed by TriZetto capable of, or including a component capable of, performing clinical editing or auditing.

8. The term "communication" means the transmission of information by any means, including verbal, written, and electronic means.

9. The term "document" shall have the broadest possible meaning permitted by Federal Rule of Civil Procedure 34(a) and shall encompass all documents that are within your custody, possession, or control. The term "document" includes any tangible thing, electronic or computer records, e-mail, and audio and/or visual recordings. Each

draft or non-identical copy of a document is deemed a separate document with the meaning of the term "document."

10. The term "relating to" means, without limitation, describing, reflecting, regarding, concerning, identifying, containing, discussing, constituting, or referring to.

11. If you withhold any document, or any part of a document, under a claim of attorney-client privilege, work product, or other ground of non-production, you must provide in writing a list identifying every such document entirely or partially withheld and stating for each document the following information: (1) the nature of the privilege or ground being asserted; (2) the type or form of the document (e.g., letter, memorandum, e-mail); (3) the general subject matter of the document; (4) the date of the document; (5) the author(s) of the document; and (6) the addressee(s) and recipient(s) of the document.

**Document Requests**

1. All brochures, presentations, information packages, fact sheets, white papers, or other marketing or sales documents relating to Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

2. All documents relating to any communications with TriZetto relating to any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

3. All documents relating to any communications with TriZetto relating to the proposed or actual sale or license of Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

4. All documents relating to any communications with TriZetto relating to any product, system, or service offered, sold, or licensed by McKesson, including ClaimCheck and CodeReview.

2

5. All documents relating to any communications with TriZetto relating to the use of McKesson's ClaimCheck or CodeReview as the clinical editing or auditing component of Facets.

6. All documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic), with (b) any other product, system, or service, including McKesson's ClaimCheck, McKesson's CodeReview, and any other TriZetto Product.

7. All documents relating to any analysis communicated to or performed by you regarding the integration of McKesson's ClaimCheck or CodeReview into Facets.

8. All documents relating to the process or analysis you went through in deciding whether or not to purchase Facets, including the bases for and factors considered in making your decision.

9. All documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco, including the reasons for the merger and how the merger would affect TriZetto's business, product or service offerings, financial position, or competitiveness.

10. All documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS, including the reasons for the merger and how the merger would affect TriZetto's business, product or service offerings, financial position, or competitiveness.

11. All documents relating to any communications with TriZetto relating to this lawsuit or U.S. Patent No. 5,253,164.

3

# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

McKESSON INFORMATION SOLUTIONS, LLC

V.

THE TRIZETTO GROUP, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1258 SLR
(Case is pending in the U.S. District Court, District of Delaware)

TO: Custodian of Records

Carefirst of Maryland, Inc.
f/k/a Preferred Health Network of Maryland
10455 Mill Run Circle, Owings Mills, MD 21117

Registered Agent: John A. Picciotto
10455 Mill Run Circle
Owings Mills, MD 21117

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A.

| PLACE  IKON               Contact: Michelle Pope | DATE AND TIME |
|---|---|
| 31 Light St., #300, Baltimore, MD 21202 | May 6, 2005; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| D. Hill                        Donna Hill, Attorney for Plaintiff | April 21, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Donna Hill        Telephone: (650) 470-4518
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Ste. 1100, Palo Alto, CA 94301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

**Instructions and Definitions**

1. The term "McKesson" refers to McKesson Information Solutions, LLC.

2. The term "TriZetto" refers to The TriZetto Group, Inc.

3. The term "Erisco" refers to Erisco Managed Care Technologies, Inc.

4. The term "IMS" refers to IMS Health Incorporated.

5. The term "Facets" refers to any product, system, or service made, operated, sold, offered for sale, licensed, offered for license, marketed, or distributed by TriZetto or its predecessor-in-interest Erisco that bears, uses, or is associated with the name "Facets," "Facets Extended Enterprise," or "Facets $e^2$."

6. The term "clinical editing or auditing" refers to clinical editing or auditing of medical payment claims, including the detection or correction of unbundled medical procedures or claims billed incorrectly due to coding errors.

7. The term "TriZetto Product" refers to any product, system, or service made, operated, sold, offered for sale, licensed, offered for license, marketed, or distributed by TriZetto capable of, or including a component capable of, performing clinical editing or auditing.

8. The term "communication" means the transmission of information by any means, including verbal, written, and electronic means.

9. The term "document" shall have the broadest possible meaning permitted by Federal Rule of Civil Procedure 34(a) and shall encompass all documents that are within your custody, possession, or control. The term "document" includes any tangible thing, electronic or computer records, e-mail, and audio and/or visual recordings. Each

draft or non-identical copy of a document is deemed a separate document with the meaning of the term "document."

10. The term "relating to" means, without limitation, describing, reflecting, regarding, concerning, identifying, containing, discussing, constituting, or referring to.

11. If you withhold any document, or any part of a document, under a claim of attorney-client privilege, work product, or other ground of non-production, you must provide in writing a list identifying every such document entirely or partially withheld and stating for each document the following information: (1) the nature of the privilege or ground being asserted; (2) the type or form of the document (e.g., letter, memorandum, e-mail); (3) the general subject matter of the document; (4) the date of the document; (5) the author(s) of the document; and (6) the addressee(s) and recipient(s) of the document.

**Document Requests**

1. All brochures, presentations, information packages, fact sheets, white papers, or other marketing or sales documents relating to Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

2. All documents relating to any communications with TriZetto relating to any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

3. All documents relating to any communications with TriZetto relating to the proposed or actual sale or license of Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

4. All documents relating to any communications with TriZetto relating to McKesson's ClaimCheck or CodeReview, including, the use of McKesson's ClaimCheck or CodeReview as the clinical editing or auditing component of Facets.

2

5. All documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic), with either (b) McKesson's ClaimCheck or CodeReview, (c) any other TriZetto Product, or (d) any other product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing.

6. Any analysis communicated to or performed by you regarding the integration of McKesson's ClaimCheck or CodeReview into Facets.

7. All documents relating to the process or analysis you went through in deciding whether or not to purchase Facets, including the bases for and factors considered in making your decision.

8. All documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco or any product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing that was offered by TriZetto after October 2000 (i.e., after completion of the Erisco merger).

9. All documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS.

10. All documents relating to any communications with TriZetto relating to this lawsuit or U.S. Patent No. 5,253,164.

3