# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
302-651-3070
DIRECT FAX
888-329-2997
EMAIL ADDRESS
TALLINGH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 28, 2005

**By Hand Delivery And Electronic Filing**

The Honorable Sue L. Robinson
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124
Wilmington, DE 19801

      RE: *McKesson Information Solutions LLC v. The TriZetto Group, Inc.*, C.A. No. 04-1258-SLR (D. Del.)

Dear Chief Judge Robinson:

  This letter is submitted on behalf of plaintiff, McKesson Information Solutions LLC ("McKesson"), in connection with Your Honor's telephone conference in the referenced case, scheduled for April 28, 2005 at 2:30 P.M.

  As stated in our email to Your Honor last Friday, the enforcement of McKesson's customer subpoenas is proceeding well (we have resolved or will soon resolve all issues regarding at least half of the subpoenas), despite TriZetto's suggestions otherwise, and there is no need or basis for Your Honor to alter the "scope" of the subpoenas as requested by Mr. Blumenfeld in his letter to you today. If Your Honor is inclined to exercise jurisdiction over the third-party subpoenas – all of which were issued by other courts – we ask that TriZetto's counsel be instructed to avoid interfering with our third-party discovery and to encourage the customers they have spoken with to contact us directly to allow us to resolve any issues those customers might have.

  As brief background, we issued forty-one customer subpoenas prior to Your Honor's April 12, 2005 discovery conference. Based on our agreement at the hearing to narrow the requests and notify the customers already subpoenaed, we drafted letters to each of the customers informing them of the narrowed requests and our willingness to work with them to eliminate undue burden in connection with their

Hon. Sue L. Robinson
April 28, 2005
Page 2

responses. Attachment A to this letter is a copy of the letter that we sent to Capital BlueCross. Similar letters were sent to all of the other customers served with our initial requests.[1] We have since issued five subpoenas with the narrowed requests.

The documents requested from the customers are important to both our infringement (including indirect infringement) and damages cases. For example, our request for TriZetto marketing materials in a customer's possession (Request No. 1) and communications relating to clinical editing/auditing components of Facets (Request No. 2) are necessary to establish what information that customer used in deciding to purchase Facets and the overall significance of the infringing clinical editing/auditing functionality to the customer's decision. This information is relevant to McKesson's inducement of infringement claims, and it bears directly on the factors involved in establishing damages (*e.g.*, demand for the patented features of Facets and the absence of acceptable non-infringing substitutes), including convoyed sales damages (*e.g.*, the importance of the patented features to the overall Facets and other TriZetto products). Our requests for the customer's product comparisons (Request No. 5), their analysis of McKesson's patented products (Request No. 6), and their decision-making process (Request No. 7), also are directly relevant to these central issues in the case and are not available from TriZetto.

Numerous customers have already produced documents without objection. Attachment B is the letter we received this week from one of those customers, M•Plan, in connection with its response to our *initial* document requests. We have also reached agreement with (or are close to reaching agreement with) a number of other customers concerning the production of responsive documents. In all, we have already resolved, or will soon resolve, issues relating to over half of the customers subpoenaed.

The reason for this is our willingness to work with the customers, consistent with our Rule 45 obligations, to allow a reasonable time for compliance, to adequately protect confidential information,[2] and to relieve any undue burden caused by the subpoenas. Among other things, we have agreed to a staged production that allows customers to produce readily-identifiable responsive documents (for example,

---

[1] Contrary to the statement in Mr. Blumenfeld's letter (D.I. 46), TriZetto's counsel knows exactly which customers received letters. We provided them with the names of every customer subpoenaed and, as illustrated by our April 22, 2005 email to Your Honor, they know that letters were sent to each of these customers. We are not required to provide them with copies of letters.

[2] On April 27, 2005, the parties reached agreement on a proposed protective order that has been submitted to the Court.

Hon. Sue L. Robinson
April 28, 2005
Page 3

the central TriZetto files maintained by the customer, the files of the few employees directly involved with TriZetto, or other easily identified and collected documents), combined, to the extent necessary, with a limited follow-up production. Although certain customers continue to express concerns about the subpoenas, they have also expressed a willingness to work with us in connection with their responses. We feel confident that we will be able to resolve the issues raised by most, if not all, of these customers without the need for court intervention. Our efforts in this regard would be aided by our request that TriZetto's counsel be directed to ask the customers it has spoken with to contact us about their responses.

The HealthNow motion to quash referenced in Mr. Blumenfeld's letter is a good example of our efforts to work with the customers to resolve issues relating to the subpoenas. HealthNow's motion expressly acknowledges that "HealthNow intends to continue to meet and confer with McKesson in an effort to resolve HealthNow's objections to the subpoenas."

The April 26 letter that we received from HealthNow's counsel – who also represents two other customers – after the motion was filed confirms a prior proposal involving a staged production of documents and her clients' desire to reach agreement regarding the subpoenas:

> "We offered last week to provide McKesson with copies of the TriZetto documents that our clients recently produced in litigation pending in the U.S. District Court for the Southern District of Florida. (We reiterate, however, that we will produce these documents to McKesson only after we have provided TriZetto with any required notice under our clients' respective contracts with TriZetto and only after a proper protective order is in place.)
>
> "While we have filed motions to quash the subpoenas issued to HealthNow New York, Inc., Capital BlueCross and Blue Cross of Idaho, we remain willing to continue to meet and confer with McKesson in the hopes of reaching an agreement regarding more narrowly focused and reasonable document requests."

In our April 27 response letter to HealthNow's counsel, included herewith as Attachment C, we confirmed our willingness to agree to the staged production, and we attached a copy of the protective order agreed to in this case. We also noted that, since TriZetto had authorized production of the documents in the Florida case, "there should be no issue with producing them in our case." On this latter point, we request that Your Honor ask TriZetto to agree to our prompt review of these documents.

Hon. Sue L. Robinson
April 28, 2005
Page 4

      Our ability to resolve all of the issues raised in connection with nearly half of the subpoenas through the normal course of discussions with the customers and their counsel evidences the inappropriateness of Mr. Blumenfeld's abstract request that Your Honor "resolve the scope" of the subpoenas. There is absolutely no need or basis for Your Honor to take the extraordinary step of exercising jurisdiction to consider such an abstract and unnecessary request, particularly without a motion by or the presence of counsel for any of the third-parties. Whether our subpoenas actually impose an undue burden is best determined on a customer-by-customer basis, and the propriety of judicial intervention in any particular instance should only be determined based on a complete record, including our willingness and ability to accommodate the legitimate concerns of each customer.

Respectfully submitted,

Thomas J. Allingham II
Counsel for Plaintiff,
McKesson Information Solutions LLC

cc:    Dr. Peter T. Dalleo, Clerk (by electronic filing)

      Counsel for Defendant,
      The TriZetto Group, Inc.:

      Jack Blumenfeld, Esq. (by hand and electronic filing)
      Morris, Nichols, Arsht & Tunnell

      Jeffrey T. Thomas, Esq. (by fax)
      Gibson, Dunn & Crutcher LLP