# EXHIBIT A

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301-1908

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 21, 2005

**By FedEx**

Kimberly A. Meals
Capital BlueCross
2500 Elmerton Avenue
Harrisburg, PA 17111

Re:   *McKesson Information Solutions LLC v. The TriZetto Group, Inc.*
       Delaware District Court Case No. 04-1258 SLR

Dear Ms. Meals:

I am writing in response to your letter dated April 12, 2005, regarding the subpoena issued by McKesson Information Solutions LLC to Capital BlueCross. I have tried to contact you by telephone but have been unsuccessful in reaching you directly.

Your letter suggests that there may be some confusion regarding the nature of the subpoena and your obligation to respond to it. First, your letter states that the subpoena was issued by a court in Delaware. While the case that we are involved in is being litigated in Delaware, the subpoena to Capital BlueCross was issued by the United States District Court for the Middle District of Pennsylvania. Capital BlueCross therefore has a legal obligation to respond to the subpoena. Second, you included with your letter a Medical Authorization Form. However, the documents sought in the subpoena relate to Capital BlueCross' purchase of certain products from The TriZetto Group, not specific patient or subscriber information.

I hope that this clarifies matters regarding the subpoena and I look forward to receiving any documents that you may have that are responsive to the subpoena. I also would like to work with you or another representative of your company to remove any undue burden or inconvenience that this process may cause you. To that end, I am ready and willing to address any questions or concerns that you may have regarding the scope or timing of the subpoena. For example, in an effort to facilitate the prompt collection and production of responsive documents without the necessity of motion practice, I propose the following:

Kimberly A. Meals
Page Two
April 21, 2005

- We will narrow and combine requests four and five into one request for all documents relating to any communications with TriZetto relating to McKesson's ClaimCheck or CodeReview, including, the use of McKesson's ClaimCheck or CodeReview as the clinical editing or auditing component of Facets.

- We will narrow request six to all documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic), with either (b) McKesson's ClaimCheck or CodeReview, (c) any other TriZetto Product, or (d) any other product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing.

- We will narrow request seven to any analysis communicated to or performed by you regarding the integration of McKesson's ClaimCheck or CodeReview into Facets.

- We will narrow request nine to all documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco or any product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing that was offered by TriZetto after October 2000 (i.e., after completion of the Erisco merger).

- We will narrow request ten to all documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS.

If you have any questions or would like to discuss this matter further, please feel free to call me at (650) 470-4513. Thank you again for your cooperation.

Very truly yours,

Bernard Shek

BCS:yc

# EXHIBIT B



**Dedicated to a Healthier Indiana**

April 25, 2005

Bernard Shek
Skadden, Arps, Slate Meagher & Flom LLP
525 University Avenue
Palo Alto, CA 94301-1908

Re:    McKesson Information Solutions LLC V. The TriZetto Group, Inc.
       Delaware District Court Case No. 04-1258-SLR

Dear Mr. Shek:

Please find enclosed the documents requested in the above-described action. After further review, these are all of the documents in our possession responsive to the subpoena issued.

If you have any questions or would like to discuss this matter further, please feel free to call me at 317.571.5397.

Very truly yours,

Susan Mann

Enclosures

April 21, 2005

McKesson Information Solutions LLC v. The TriZetto Group, Inc.
Delaware District Court Case No. 04-1258 SLR

### Document Requests

1.      All brochures, presentations, information packages, fact sheets, white papers, or other marketing or sales documents relating to Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

*M•Plan's Response*

> **Please find enclosed Attachment 1 – Product Binder**
> **Please find enclosed Attachment 2 – TriZetto RFP Response**
> **Please find enclosed Attachment 3 – Vendor Selection Process**

2.      All documents relating to any communications with TriZetto relating to any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

*M•Plan's Response*

> **Please find enclosed Attachment 1 – Product Binder**
> **Please find enclosed Attachment 2 – TriZetto RFP Response**
> **Please find enclosed Attachment 3 – Vendor Selection Process**

3.      All documents relating to any communications with TriZetto relating to the proposed or actual sale or license of Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

*M•Plan's Response*

> **Please find enclosed Attachment 1 – Product Binder**
> **Please find enclosed Attachment 2 – TriZetto RFP Response**
> **Please find enclosed Attachment 3 – Vendor Selection Process**

4.      All documents relating to any communications with TriZetto relating to any product, system, or service offered, sold, or licensed by McKesson, including Claimcheck and CodeReview.

*M•Plan's Response*

> **No such documents found.**

5.    All documents relating to any communications with TriZetto relating to the use of McKesson's Claimcheck or CodeReview as the clinical editing or auditing component of Facets.

*M•Plan's Response*

>   **No such documents found.**

6.    All documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic), with (b) any other product, system, or service, including McKesson's Claimcheck, McKesson's CodeReview, and any other TriZetto Product.

*M•Plan's Response*

>   **We did not perform such comparison nor did we receive such comparison from TriZetto.**

7.    All documents relating to any analysis communicated to or performed by you regarding the integration of McKesson's Claimcheck or CodeReview into Facets.

*M•Plan's Response*

>   **No such documents found.**

8.    All documents relating to the process or analysis you went through in deciding whether or not to purchase Facets, including the bases for and factors considered in making your decision.

*M•Plan's Response*

>   **Please find enclosed Attachment 1 – Product Binder**
>   **Please find enclosed Attachment 2 – TriZetto RFP Response**
>   **Please find enclosed Attachment 3 – Vendor Selection Process**

9.    All documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco, including the reasons for the merger and how the merger would affect TriZetto's business, product or service offerings, financial position, or competitiveness.

*M•Plan's Response*

**No such documents found.**

10.    All documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS, including the reasons for the merger and how the merger would affect TriZetto's business, product or service offerings, financial position, or competitiveness.

*M•Plan's Response*

**No such documents found.**

11.    All documents relating to any communications with TriZetto relating to this lawsuit or U.S. Patent No. 5,253,164.

*M•Plan's Response*

**No such documents found.**

# EXHIBIT C

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301-1908

———

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

DIRECT DIAL
650-470-4518
DIRECT FAX
888-329-8011
EMAIL ADDRESS
DWHILL@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 27, 2005

**Via Facsimile (202) 628-5116**

Tracy A. Roman, Esq.
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, D.C. 20004

RE:  *McKesson Information Solutions LLC v. The TriZetto*
*Group, Inc.*, C.A. No. 04-1258 (SLR) (D. Del.)

Dear Ms. Roman:

Our letters to each other yesterday apparently crossed on the fax
machines. This is in response to your letter.

As a preliminary matter, we did not know that you were representing
Capital BlueCross in connection with our subpoena. Attached is a copy of the letter
that we sent to our contact at Capital BlueCross, Kimberly A. Meals, on April 21,
2005, offering to narrow the subpoena and to work with Capital BlueCross in
connection with its response.

As I informed you previously and reiterated in my letter yesterday, we
are willing to accept in the first instance as a response to our subpoenas the CDs that
your clients produced in the Southern District of Florida litigation which included
documents responsive to our subpoenas. You informed me previously that
HealthNow and BlueCross of Idaho had such CDs, and I would appreciate it if you
would confirm that Capital BlueCross does as well. Although we have not yet seen
the documents on the CDs, we think that this is a good starting point in connection
with your clients' responses to their subpoenas, and we hope to be able to discuss a
more focused approach to narrowing the requests after this initial review. In
addition, given that TriZetto and perhaps other companies have already authorized

Tracy A. Roman, Esq.
April 27, 2005
Page 2

the production of such documents in the Florida litigation, there should be no issue
with producing them in our case.

As we discussed during our April 15 telephone call, our review of
these documents will likely allow us to narrow the individuals whose files need to be
reviewed in connection with the responses. We also discussed possibly limiting the
follow up review to three or four key individuals' files that we identified for you
from the documents. Although we have not seen the documents and do not know
exactly how many key individuals may have responsive documents, we would do our
best to keep any additional review to this range of individuals' files.

As to the protective order issue raised in your letter, the parties agreed
to a protective order today. I have attached a copy for your review.

I would appreciate it if you would call me today so that we can
discuss this matter further.

Very truly yours,

Donna Hill

cc:    Michael P. McClaren, Esq.
       (By fax (716) 845-6709))

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301-1908

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 21, 2005

**By FedEx**

Kimberly A. Meals
Capital BlueCross
2500 Elmerton Avenue
Harrisburg, PA 17111

Re:    *McKesson Information Solutions LLC v. The TriZetto Group, Inc.*
       Delaware District Court Case No. 04-1258 SLR

Dear Ms. Meals:

I am writing in response to your letter dated April 12, 2005, regarding the subpoena issued by McKesson Information Solutions LLC to Capital BlueCross. I have tried to contact you by telephone but have been unsuccessful in reaching you directly.

Your letter suggests that there may be some confusion regarding the nature of the subpoena and your obligation to respond to it. First, your letter states that the subpoena was issued by a court in Delaware. While the case that we are involved in is being litigated in Delaware, the subpoena to Capital BlueCross was issued by the United States District Court for the Middle District of Pennsylvania. Capital BlueCross therefore has a legal obligation to respond to the subpoena. Second, you included with your letter a Medical Authorization Form. However, the documents sought in the subpoena relate to Capital BlueCross' purchase of certain products from The TriZetto Group, not specific patient or subscriber information.

I hope that this clarifies matters regarding the subpoena and I look forward to receiving any documents that you may have that are responsive to the subpoena. I also would like to work with you or another representative of your company to remove any undue burden or inconvenience that this process may cause you. To that end, I am ready and willing to address any questions or concerns that you may have regarding the scope or timing of the subpoena. For example, in an effort to facilitate the prompt collection and production of responsive documents without the necessity of motion practice, I propose the following:

Kimberly A. Meals
Page Two
April 21, 2005

- We will narrow and combine requests four and five into one request for all documents relating to any communications with TriZetto relating to McKesson's ClaimCheck or CodeReview, including, the use of McKesson's ClaimCheck or CodeReview as the clinical editing or auditing component of Facets.

- We will narrow request six to all documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic), with either (b) McKesson's ClaimCheck or CodeReview, (c) any other TriZetto Product, or (d) any other product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing.

- We will narrow request seven to any analysis communicated to or performed by you regarding the integration of McKesson's ClaimCheck or CodeReview into Facets.

- We will narrow request nine to all documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco or any product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing that was offered by TriZetto after October 2000 (i.e., after completion of the Erisco merger).

- We will narrow request ten to all documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS.

If you have any questions or would like to discuss this matter further, please feel free to call me at (650) 470-4513. Thank you again for your cooperation.

Very truly yours,

Bernard Shek

BCS:yc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC, | ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) | C.A. No. 04-1258 (SLR) |
| | ) | |
| THE TRIZETTO GROUP, INC., | ) ) | |
| Defendant. | ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff and Counterclaim Defendant, McKESSON INFORMATION SOLUTIONS, LLC ("McKESSON"), and Defendant and Counterclaimant, THE TRIZETTO GROUP, INC. ("Trizetto"), (together, "the parties"), by and through their respective counsel, hereby stipulate to the following Stipulated Protective Order for the protection of confidential information, documents and other things produced, served or otherwise provided in this action by the parties or third parties:

    1.    Designated Material.

Information, material and/or discovery responses may be designated pursuant to this Stipulated Protective Order by the person or entity producing, lodging or otherwise providing it, including third-parties responding to subpoenas, or by any party to this action (the "Designating Party") if: (a) produced, served or otherwise provided, formally or informally, pursuant to the Federal Rules of Civil Procedure, Local Rules of this Court or in response to any other formal or informal discovery request or order in this action; and/or (b) filed or lodged with, or otherwise provided to, the Court. All such information, material and/or discovery responses and all information or material derived therefrom shall be

considered "Designated Material" under this Stipulated Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, Designated Material shall be used only for purposes of this action and shall not be used or disclosed by any receiving party except as expressly provided under the terms of this Stipulated Protective Order.

    2.    <u>Access.</u>

    2.1    <u>Materials Designated "CONFIDENTIAL."</u> Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of protecting non-public proprietary information and confidential business, technical and/or financial information relating to the Designating Party's business, technical, personal, or financial affairs. Subject to Section 3 below, materials designated "CONFIDENTIAL" may be disclosed to:

    (a)    Persons (i) who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee or recipient thereof and is not otherwise shown prior to such disclosure not to have received the document, (ii) who have been shown to have already seen the document or the information therein (unless the person has only seen the document or information in violation of this Order), (iii) who participated in any meeting or communication to which the document refers, or (iv) who is an employee of the party who designated the document or information as CONFIDENTIAL;

    (b)    Outside counsel of record for the parties to this litigation, as well as the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action; provided, however, that under no circumstances shall any person who accesses such material, during the course of the litigation and for a period of five years following the final resolution of the litigation, participate on behalf of a party involved in the litigation in the preparation or prosecution of any patent application filed by or on behalf of that party. Should outside counsel be required to disclose

2

to the U.S. Patent and Trademark Office any CONFIDENTIAL information accessed pursuant to this Order, such counsel shall promptly notify the party or other person that designated the information as CONFIDENTIAL prior to disclosing such information;

(c)    Up to three (3) officers, directors and employees designated by each of the following entities responsible for decision-making in connection with this lawsuit, each of whom has signed an undertaking in the form of Exhibit A to this Order: McKesson, Inc., McKesson Information Solutions LLC, and The Trizetto Group, Inc. Should any such representative be required to disclose to the U.S. Patent and Trademark Office any CONFIDENTIAL materials accessed pursuant to this Order, such representative shall promptly notify the party or other person that designated the information as CONFIDENTIAL prior to disclosing such information;

(d)    The Court and an officer or employee of the United States District Court for the District of Delaware who is directly concerned with carrying out this action and any other person designated by the clerk;

(e)    Non-party independent experts and consultants (including without limitation technical consultants, damages experts, translators, interpreters, copying services, graphics consultants and jury consultants) retained by outside counsel of record (collectively, "Consultants");

(f)    Qualified persons taking testimony involving such Designated Material and necessary stenographic and clerical personnel employed thereby (including video technicians); and

(g)    Any other person to whom the parties stipulate in writing and who signs an undertaking in the form of Exhibit A attached to this Order before receiving materials protected by this Order.

2.2    Materials Designated "HIGHLY CONFIDENTIAL." Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked

3

"HIGHLY CONFIDENTIAL" for the purposes of protecting non-public information relating to the Designating Party's business, technical, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure. Subject to Section 3 below, materials designated "HIGHLY CONFIDENTIAL" may be disclosed to:

(a)     Persons (i) who appear on the face of the Designated Material marked HIGHLY CONFIDENTIAL as an author, addressee or recipient thereof and is not otherwise shown prior to such disclosure not to have received the document, (ii) who have been shown to have already seen the document or the information therein (unless the person has only seen the document or information in violation of this Order), (iii) who participated in any meeting or communication to which the document refers, or (iv) who is an employee of the party who designated the document or information as CONFIDENTIAL;

(b)     Outside counsel of record for the parties to this litigation, as well as the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action; provided, however, that under no circumstances shall any person who accesses such material, during the course of the litigation and for a period of five years following the final resolution of the litigation, participate on behalf of a party involved in the litigation in the preparation or prosecution of any patent application filed by or on behalf of that party. Should outside counsel be required to disclose to the U.S. Patent and Trademark Office any CONFIDENTIAL information accessed pursuant to this Order, such counsel shall promptly notify the party or other person that designated the information as CONFIDENTIAL prior to disclosing such information;

(c)     The Court and an officer or employee of the United States District Court for the District of Delaware who is directly concerned with carrying out this action and any other person designated by the clerk;

(d)     Consultants, as defined herein;

4

Case 1:04-cv-01258-SLR    Document 49-2    Filed 04/28/2005    Page 18 of 32

(e)     Qualified persons taking testimony involving such Designated Material and necessary stenographic and clerical personnel employed thereby (including video technicians); and

(f)     Any other person to whom the parties stipulate in writing and who signs an undertaking in the form of Exhibit A attached to this Order before receiving materials protected by this Order;

3.     Certificates Concerning Designated Material.

3.1     Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(c) and (e) and 2.2(c) and (e) above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Protective Order and fully understands its terms. This certificate shall be in the form attached as Exhibit A. Counsel who makes any disclosure of Designated Material pursuant to Sections 2.1(c) and (e) and 2.2(c) and (e) above shall retain each original executed certificate and, upon written request, shall circulate copies to all counsel of record.

3.2     In addition, each Consultant to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL material will be disclosed under Sections 2.1(e) or 2.2(e) shall, prior to disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, execute the Certification of Consultant in the form attached hereto as Exhibit B. Upon receipt of this Certification of Consultant by counsel for the party retaining the Consultant, a copy of such Certification, together with a résumé or curriculum vitae of such Consultant showing employment or engagements for at least the preceding five (5) years, shall be transmitted by facsimile and by regular mail to counsel for the Designating Party. If, within ten (10) days after receipt of such Certification and résumé or curriculum vitae, the Designating Party objects in writing to disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL

5

Designated Materials to such Consultant, no such disclosure shall be made except upon further order of this Court. No disclosure to such Consultant shall be made during this ten (10) day period. During this ten (10) day period, the parties shall meet and confer in an attempt to resolve their dispute. If, however, they are unable to do so, the objecting party shall file, within (20) days after receipt of such Certification and résumé or curriculum vitae, an application to the Court pursuant to Paragraph 8 of the Scheduling Order previously entered by this Court. The objecting party shall bear the burden of establishing that disclosure to the proposed Consultant should be prohibited. Additionally, should the objecting party fail to meet this burden, as demonstrated by a denial of its application to the Court, the objecting party shall pay the reasonable attorneys fees incurred by the non-objecting party in opposing the application. Not withstanding the foregoing, CONFIDENTIAL or HIGHLY CONFIDENTIAL material may be disclosed to independent copy services, graphics consultants and/or jury consultants utilized by counsel of record without first obtaining a Certification of Consultant.

    4.    <u>Use Of Designated Materials By Designating Party.</u>

        Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

    5.    <u>Designating Materials.</u>

    5.1    Documents, materials and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or responding party or non-party by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the materials prior to production.

6.    Designating Depositions.

6.1    Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a party, or non-party, during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition any persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

6.3    Any party or non-party may, within fourteen (14) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party or non-party so designates such material, the parties, non-party involved in the deposition or deponent shall provide written notice of such designation to both parties and the non-party within the fourteen (14) day period. Until the expiration of the fourteen (14) day period, any portion of the deposition not previously designated shall be treated as "HIGHLY CONFIDENTIAL" and subject to protection as provided by this Stipulated Protective Order. After the expiration of the fourteen (14) day period, if no party, non-party involved in the deposition or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

7.    Copies.

All complete or partial copies, summaries or extracts of Designated Material shall also be deemed subject to the terms of this Stipulated Protective Order.

8.    Court Procedures.

7

8.1    Filing Designated Material with the Court.  All Designated Material filed with the Court shall be in a sealed envelope or container on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL — FILED UNDER SEAL" and a statement substantially as follows:

**THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings and other materials filed under seal with the Court in this litigation that have been designated, in whole or in part, as Designated Material.

8.2    Failure to File Under Seal.  If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Material under seal within twenty (20) days after the filing of said Designated Material.  The Clerk of the Court is directed to comply with such request if made.

9.    Objections.

9.1    A receiving party may request the designating party to redesignate CONFIDENTIAL or HIGHLY CONFIDENTIAL material.  Such request shall be by written notice to counsel for the designating party.  The written notice shall particularly identify the subject matter or document or other material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL that the receiving party seeks to have redesignated.  The parties shall work together in good faith to resolve all redesignation requests on an informal basis.  If the dispute cannot be resolved informally within ten (10) business days, or such other time as the parties may agree upon in writing, an application to the Court for further disclosure or

8

reclassification may be made pursuant to Section 8 of the previously entered Scheduling Order. If such a motion is made, nothing in this Order shall alter any burden of proof that would otherwise apply in determining whether the information, documents or things are within the scope of Federal Rule of Civil Procedure 26(c)(7). Pending the Court's determination of any application contesting a designation, the material shall be deemed to retain the designation indicated by the designating party. Thereafter, the material shall be treated in accordance with the Court's order.

     10.    <u>Client Communication.</u>

    Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to his or her client and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make disclosure of any Designated Material or information contained in Designated Material, except as permitted by this Stipulated Protective Order.

     11.    <u>No Prejudice.</u>

    11.1    This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

    11.2    Unless both parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

    11.3    If any person inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, material, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Protective Order.

Thereafter, such material shall be treated in accordance with the provisions of this Stipulated Protective Order.

   12.    Use At Hearings or Trial.

         Subject to the Federal Rules of Evidence, documents, materials and other information designated under this Stipulated Protective Order may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice, reasonably sufficient to allow any confidentiality to be preserved, to counsel for the party or other person that designated the information. Any party may move the Court for an order that the evidence be received *in camera* or under such other conditions as are necessary to prevent inappropriate disclosure. The Court will then determine what protection, if any, may be afforded to such information at the hearing or trial. In the absence of such protection, the provisions of this Stipulated Protective Order shall continue to apply to any documents, materials and other information designated under this Stipulated Protective Order outside of the hearing or trial.

   13.    Inadvertent Disclosure Of Privileged Or Confidential Information

         13.1    The inadvertent or unintentional disclosure by the producing party of privileged information or confidential information which it believes should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of the party's claim of privilege or confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

         13.2    If a party through inadvertence produces or provides discovery of any privileged information or confidential information without labeling, marking or designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the producing party must give

written notice to the receiving party or parties within twenty (20) business days following such inadvertent production that the information, document, or thing is privileged or "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If the producing party gives written notice that the information, document, or thing is privileged, counsel for the receiving party will promptly return such inadvertently produced information, and all copies thereof, to counsel for the producing party within three (3) days of written notice of the inadvertent production. If the producing party gives written notice that the information, document, or thing is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the receiving party or parties shall treat such information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" from the date such notice is received.

13.3    Disclosure of such information, document or thing prior to receipt of such notice shall not be deemed a violation of this Stipulate Protective Order. However, if prior disclosure of such information, document, or thing was made to anyone not authorized to have access to such material under this Stipulated Protective Order, those persons to whom disclosure was made must be promptly advised that the material disclosed to them is privileged or "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and must be treated in accordance with this Stipulated Protective Order.

14.    Modification and Survival.

14.1    Modification. Both parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of both parties or by order of this Court.

14.2    Survival and Return of Designated Material. This Stipulated Protective Order shall survive termination of this action. Upon final termination of the action, including appeals, all Designated Material, including deposition testimony regarding

11

designated exhibits and all copies thereof, shall be returned to counsel for the Designating

Party or destroyed. Counsel of record shall certify their compliance with this provision and

shall deliver such certification to counsel for the Designating Party not more than 90 days

after the termination of the action, including any appeals.

   14.3 Notwithstanding the provisions for return or destruction of Designated

Material, outside counsel of record may retain archival copies, in paper and/or electronic

media, of pleadings, briefs and other documents filed with the Court. Outside counsel of

record shall have the option to destroy all materials containing attorney-client privileged

material or material covered by the attorney work product doctrine.

   15. Court's Retention of Jurisdiction.

   The Court retains jurisdiction to make such amendments, modifications, and

additions to this Stipulated Protective Order as it may from time to time deem appropriate.

Dated: March __, 2005   By: _____
           Jack B. Blumenfeld
           Rodger D. Smith, II
           MORRIS, NICHOLS, ARSHT & TUNNELL

           Attorneys for Defendant
           THE TRIZETTO GROUP, INC.,
            a Delaware corporation,

OF COUNSEL:
John M. Benassi
Jessica R. Wolff
Matthew C. Lapple
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP

Dated: March __, 2005   By: _____
           Thomas J. Allingham, II (#0476)
           Michael A. Barlow (#3928)
           SKADDEN, ARPS, SLATE,
            MEAGHER & FLOM, LLP

           Attorneys for Plaintiff
           MCKESSON INFORMATION
            SOLUTIONS, LLC.,
OF COUNSEL:        a Delaware corporation,
Jeffery G. Randall

David W. Hansen
Michael Hendershot
Donna Hill
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM, LLP

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

14

**Exhibit A**

**Certification Concerning Material Covered By Stipulated Protective Order**

    I, the undersigned, hereby certify that I have read the attached Stipulated Protective Order entered in the United States District Court for the District of Delaware, entitled McKesson Information Solutions, LLC, v. The Trizetto Group, Inc., C.A. No. 04-1258 (SLR). I understand the terms of this Stipulated Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the District of Delaware with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings related to contempt of Court. I will use Designated Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only in the trial and preparation for trial of this action and will not disclose any such Designated Material to anyone other than persons specially authorized by the Order and agree to return all such Designated Material which come into my possession to counsel from whom I received such Designated Material.

    I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm:_____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

_____

Dated:_____  _____

              Signature

15

**Exhibit B**

**Consultant Certification**

I, the undersigned, hereby certify I have read the attached Stipulated Protective Order entered in the United States District Court for the District of Delaware, entitled McKesson Information Solutions, LLC, v. The Trizetto Group, Inc., C.A. No. 04-1258 (SLR). I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action. If at any time after I execute this Consultant Certification and during the pendency of the action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Designated Material marked "HIGHLY CONFIDENTIAL" unless and until the Court in the action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Dated:_____        _____
                                 Signature

16

## Group Send Report

Time      : 04-27-05   12:28pm
Tel line 1 :
Tel line 2 :
Name      :

Job number        :   382

Date              :   04-27  12:21pm

Document Pages    :   21

Start time        :   04-27  12:21pm

End time          :   04-27  12:28pm

Successful

   Fax number

☎16224040912026285116
☎16224040917168456709

Unsuccessful                                                                Pages sent

Job number    : 382          *** SEND SUCCESSFUL ***

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301

TELEPHONE NO.: (650) 470-4500
FACSIMILE NO.: (650) 470-4570
EMAIL:

### FACSIMILE TRANSMITTAL SHEET

FROM: Donna Hill                          DATE: April 27, 2005
DIRECT DIAL: 650-470-4518                 FLOOR/OFFICE NO.:

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):    21

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME:   Tracy A. Roman, Esq.          FIRM:   Crowell & Moring LLP
    CITY:                                 TELEPHONE NO.:
    FACSIMILE NO.:   (202) 628-5116

2.  NAME:   Michael P. McClaren, Esq.     FIRM:
    CITY:                                 TELEPHONE NO.:
    FACSIMILE NO.:   (716) 845-6709

MESSAGE:  See attached.

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 525 UNIVERSITY AVENUE
### PALO ALTO, CALIFORNIA 94301

TELEPHONE NO.: (650) 470-4500
FACSIMILE NO.: (650) 470-4570

EMAIL:

## FACSIMILE TRANSMITTAL SHEET

FROM: Donna Hill                                DATE : April 27, 2005

DIRECT DIAL: 650-470-4518                       FLOOR/OFFICE NO.:

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):    21

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1. NAME: Tracy A. Roman, Esq.                FIRM: Crowell & Moring LLP
   CITY:                                     TELEPHONE NO.:
   FACSIMILE NO.:    (202) 628-5116

2. NAME: Michael P. McClaren, Esq.           FIRM:
   CITY:                                     TELEPHONE NO.:
   FACSIMILE NO.:    (716) 845-6709

MESSAGE: See attached.