# EXHIBIT C

30368586_1.DOC
OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| MCKESSON INFORMATION SOLUTIONS, LLC<br>V.<br>THE TRIZETTO GROUP, INC. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 04-1258 SLR<br>Pending in the U.S. District Court, District of Delaware |
|---|---|

TO: Ventiv Health, Inc.
   c/o Corporation Service Company (Registered Agent)
   2711 Centerville Road, Suite 400
   Wilmington, DE 19808
   Phone: 302-636-5401

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Schedule of Requested Documents

| PLACE<br>IKON Legal Document Services<br>901 N. Market Street # 310<br>Wilmington, DE 19801<br>302-777-4500 | DATE AND TIME<br>May 13, 2005 @ 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>T. Kevin Roosevelt, Attorney for Defendant    *[signature] Kevin Roosevelt* | DATE<br>April 26, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Kevin Roosevelt
GIBSON, DUNN & CRUTCHER LLP
Jamboree Center, 4 Park Plaza
Irvine, California 92614-8557
(949) 451-3800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

30368586_1.DOC

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____, 2005

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# **VENTIV HEALTH, INC.**

## **SCHEDULE OF REQUESTED DOCUMENTS**

### **DEFINITIONS**

The term "CONCERNING" means, relating to, referring to, describing, evidencing, or supporting or rebutting the issue or argument described.

The term "DOCUMENTS" means the terms "writing" and "recording" as defined in Rule 1001 of the Federal Rules of Evidence, and is intended to include without limitation any handwritings, type writings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming and every other form of recording upon any tangible thing, any form of communication or representation, including letters, words, numbers, symbols, pictures, sounds, or combinations thereof, any stored information or databases, whether maintained on paper, magnetic or electronic media, floppy disks, CD-ROMs, hard drives, zip drives, tapes or on other computer storage, or any other manner including the originals, or if the originals are unavailable, the duplicates of said documents, from which information can be obtained or translated.

The terms "YOU" and "YOUR" refers to non-party Ventiv Health, Inc., including its employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

The term "CONCURRENT REVIEW" refers to Concurrent Review Technology, Inc., including its employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

The term "HPR" refers to Health Payment Review, Inc., its officers, directors, employees, attorneys, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

## **DOCUMENTS TO BE PRODUCED**

1. All DOCUMENTS concerning a trademark application for the name "PATTERNS OF TREATMENT."

2. All DOCUMENTS concerning CONCURRENT REVIEW'S use of the trademark "PATTERNS OF TREATMENT" that were created and/or drafted on or before September 30, 1988.

3. All DOCUMENTS concerning CONCURRENT REVIEW'S assignment of the trademark "PATTERNS OF TREATMENT" to HPR.

4. All DOCUMENTS concerning YOUR and/or CONCURRENT REVIEW'S assignment of any trademarks, patents or technology to HPR.

30368590_1.DOC