IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE TRIZETTO GROUP, INC.<br><br>    Defendant. | CIVIL ACTION NO. 04-1258 (SLR)<br><br>**REPLY TO COUNTERCLAIM AND JURY DEMAND** |

Plaintiff/Counterclaim Defendant, McKesson Information Solutions LLC ("McKesson"), by and through its attorneys, submits this Reply to the Declaratory Judgment For Declaration Of Invalidity, Unenforceability, And Non-Infringement (the "Counterclaim") filed by Defendant/Counterclaim Plaintiff, The TriZetto Group, Inc. ("TriZetto").

20. McKesson repeats and realleges each of the allegations contained in paragraphs 1 to 9 of its First Amended Complaint as if fully set forth herein and denies all other allegations in paragraph 20.

21. McKesson admits the allegations of paragraph 21.

22. McKesson admits the allegations of paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response is required.

24. McKesson admits that it sued TriZetto for patent infringement in this district and that venue and jurisdiction are proper in this district. McKesson denies

that the "most convenient forum is the Central District of California." The remaining allegations of paragraph 24 are denied.

25. McKesson admits that, among other things, TriZetto makes and sells software products to various companies, including, on information and belief, insurance companies and HMOs, that include functionality of the sort generally described in paragraph 25. To the extent that paragraph 25 contains legal conclusions, no response is required. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, and therefore denies those allegations.

26. McKesson denies the allegations of paragraph 26, except admits that HPR, Inc. ("HPR") was the assignee of U.S. Patent No. 5,253,164 (the "'164 patent") on the date of issuance, and that HPR marketed software that included functionality of the sort generally described in paragraph 26. To the extent that paragraph 26 contains legal conclusions, no response is required.

27. McKesson repeats and realleges its responses to paragraphs 20 through 26 of the Counterclaim as if fully set forth herein.

28. McKesson admits the allegations of paragraph 28.

29. McKesson denies the allegations of paragraph 29, except admits that TriZetto has asserted claims of non-infringement, invalidity and unenforceability despite the fact that it has and continues to willfully infringe the '164 patent, which TriZetto knows to be valid and enforceable.

30. McKesson denies the allegations of paragraph 30, except admits that TriZetto requests the relief set forth in paragraph 30 despite the fact that it has and

continues to willfully infringe the '164 patent, which TriZetto knows to be valid and enforceable.

       31.     Paragraph 31 contains legal conclusions to which no response is required.

       32.     McKesson denies the allegations of paragraph 32, except admits that TriZetto requests the relief set forth in paragraph 32 despite the fact that it has and continues to willfully infringe the '164 patent, which TriZetto knows to be valid and enforceable. TriZetto is not entitled to any of the relief requested in paragraph 32.

### First Affirmative Defense

       33.     The Counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

       34.     The Counterclaim is barred by the doctrines of unclean hands, waiver and/or estoppel.

WHEREFORE, McKesson respectfully requests that this Court enter judgment in its favor and against TriZetto and grant the following relief:

       A.     A judgment that TriZetto has infringed the '164 patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c);

       B.     A judgment that TriZetto's infringement of the '164 patent has been willful and wanton;

       C.     A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining TriZetto, and all persons in active concert or participation with TriZetto,

from any further acts of infringement, inducement of infringement, or contributory infringement of the '164 patent;

   D. An order, pursuant to 35 U.S.C. § 284, awarding McKesson damages adequate to compensate McKesson for TriZetto's infringement of the '164 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

   E. An order, pursuant to 35 U.S.C. § 284, and based on TriZetto's willful and wanton infringement of the '164 patent, trebling all damages awarded to McKesson;

   F. An order, pursuant to 35 U.S.C. § 284, awarding to McKesson interest on the damages and its costs incurred in this action;

   G. An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to McKesson its reasonable attorneys' fees incurred in this action;

   H. An order dismissing TriZetto's Counterclaim in its entirety; and,

   I. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

McKesson demands trial by jury on all issues and causes of action properly tried by jury, pursuant to Federal Rule of Civil Procedure 38.

Dated: May 10, 2005

By: _____
Thomas J. Allingham II (ID No. 0476)
Michael A. Barlow (ID No. 3928)
Skadden, Arps, Slate, Meagher
  & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000
(302) 651-3001 (fax)
tallingh@skadden.com
mbarlow@skadden.com

Attorneys for Plaintiff,
McKesson Information Solutions LLC

Of Counsel:

Jeffery G. Randall
David W. Hansen
Michael C. Hendershot
Donna Hill
Skadden, Arps, Slate, Meagher
  & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301
(650) 470-4500
(650) 470-4570 (fax)