SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500
FAX: (650) 470-4570

DIRECT DIAL
650-470-4580
DIRECT FAX
888-329-6150
EMAIL ADDRESS
JRANDALL@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

May 13, 2005

**By Electronic Filing**

The Honorable Sue L. Robinson
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124
Wilmington, DE 19801

      RE: *McKesson Information Solutions LLC v. The TriZetto Group, Inc.*, C.A. No. 04-1258-SLR (D. Del.)

Dear Chief Judge Robinson:

  We are counsel to plaintiff, McKesson Information Solutions LLC ("McKesson"), in the referenced action. We write to inform Your Honor of violations by defendant, The TriZetto Group, Inc. ("TriZetto"), of the orders made during the April 12, 2005, discovery conference that impact the follow-up discovery conference scheduled by Your Honor for next Tuesday, May 17, 2005. Accordingly, Your Honor may find it necessary to again order TriZetto to comply with its discovery obligations and continue the May 17 discovery conference for one week for the reasons detailed below.

  For instance, the supplemental noninfringement and invalidity interrogatory responses Your Honor ordered TriZetto to provide are grossly inadequate. For example, McKesson provided TriZetto with a detailed claim chart illustrating TriZetto's infringement in great detail on a claim-by-claim, element-by-element basis quoting and citing specific production documents. *See* Exhibit A attached. In contrast, TriZetto did not provide a claim chart in connection with either its invalidity or noninfringement contentions, and it made no effort to correlate its contentions to any of the asserted patent claims or elements. *See* Exhibit B attached. TriZetto should therefore be ordered to provide proper responses to the interrogatories – including detailed element-by-element claim charts – by next Monday, May 16, 2005.

Hon. Sue L. Robinson
May 13, 2005
Page 2

In addition, in violation of Your Honor's orders during the April 12 hearing, TriZetto did not provide the "bulk" of its documents to McKesson by May 3. Rather, almost half (and possibly more) of TriZetto's documents were not produced until this week, precisely the situation that Your Honor had sought to avoid. To help remedy this improper delay, TriZetto should be ordered to provide by Monday, May 16, 2005, a detailed index showing precisely which documents were produced in response to which requests.

While we are willing to go forward with the discovery conference scheduled for next Tuesday, May 17, it may be appropriate under the circumstances to postpone the conference for a week to allow McKesson, if Your Honor again orders TriZetto to provide the above discovery, to review TriZetto's detailed interrogatory responses and claim charts, document index and documents in advance of the hearing.

### TriZetto's Interrogatory Response Violations

In return for McKesson providing a detailed infringement claim chart, Your Honor ordered TriZetto to provide responses to McKesson's noninfringement and invalidity interrogatories (Interrogatory Nos. 3-4, 6-7), two weeks later. *See* April 12, 2005 Hearing Transcript (D.I. 37) ("Tr.") at 16-17. McKesson served a detailed claim chart illustrating TriZetto's infringement on April 20, 2005, a copy of which is attached as Exhibit A. As Your Honor can see, McKesson's claim chart sets forth each of the patent claims at issue in this case. It also provides, on a claim-by-claim, element-by-element basis, the supporting evidence (with bates numbers and specific quotes) in our possession as of that date showing that each element is present in TriZetto's products.

TriZetto did not and could not object to McKesson's claim chart as somehow being inadequate.

TriZetto served supplemental infringement and invalidity interrogatory responses on May 5, 2005. A copy is attached as Exhibit B for Your Honor's reference. TriZetto's responses are grossly deficient for a number of reasons.

Although properly requested by the interrogatories, TriZetto did not serve claim charts in connection with either their noninfringement or invalidity responses. The "two way street" discovery rule Mr. Thomas insisted upon at the April 12 conference, *see* Tr. at 27, apparently has serious and improper limitations.

As detailed below, TriZetto's responses are also seriously deficient in other respects.

Hon. Sue L. Robinson
May 13, 2005
Page 3

***TriZetto's invalidity responses.*** The main and clear deficiency with TriZetto's invalidity responses is TriZetto's failure to provide a claim chart showing where each element of the asserted patent claims is found in the supposed prior art. TriZetto simply lists 40+ references without any explanation other than that the references supposedly "Anticipate/Renders Obvious," "Renders Obvious" or "render one or more claims of the '164 patent obvious . . . in combination with" other (unspecified) of the references. *See* Trizetto Supplemental Response at 12-15. TriZetto's counsel has presumably fully analyzed each of the references in making these assertions, and TriZetto should be required to provide this information to McKesson. We are not required to guess which reference applies to which claim or which claim element or elements TriZetto believes is present in the references, and we are not required to guess at the supposedly invalidating "combinations" TriZetto has in mind.

TriZetto also has not provided any information concerning the "basis for TriZetto's assertion that one of ordinary skill in the art at the time of the '164 patent's invention would have been motivated to combine or modify any prior art reference or combination of references TriZetto contends is invalidating under 35 U.S.C. § 103." McKesson is entitled to this information.

In addition, TriZetto argues that "[o]thers, who were not identified in the patent were the persons who conceived and reduced this inventions to practice," without providing *any* details supporting this contention, including the names of the persons who supposedly conceived the invention and what specific contribution they supposedly made. McKesson is entitled to this information.

TriZetto provides two examples supposedly supporting its argument that the patent is "indefinite," and concludes that "[a]dditional examples of indefiniteness are also present in the patent" without providing any information about these "additional examples." McKesson is entitled to a complete response to this interrogatory now, not later.

Finally, for the first time in this case, TriZetto makes the following unsupported assertion in its responses:

> "Additional ground for invalidity of the '164 patent exist, including but not limited to, the failure to disclose best mode in accordance with 35 U.S.C. § 112, ¶ 1 and improper subject matter under 35 U.S.C. § 101. Still further, the '164 patent is invalid under common law doctrines, including but not limited to, the mental steps and the mathematical algorithms doctrines."

Hon. Sue L. Robinson
May 13, 2005
Page 4

TriZetto should be ordered to immediately provide complete details regarding each of these supposed grounds of invalidity.

*TriZetto's noninfringement responses.* At the April 12 hearing, Mr. Thomas insisted that McKesson's infringement claim chart provide "some explanation as to why [McKesson] believe[s] that that element of the claim is found in the [TriZetto] product." *See* Tr. at 14. As Your Honor can see from McKesson's claim chart, McKesson in fact provided a complete, detailed explanation of TriZetto's infringement, with specific document references and quotes for each of the claims at issue in this case and each of the elements in those claims.

As noted, in response, TriZetto did not provide the sort of detailed claim chart it proposed at the conference. Rather, its response takes a broad swipe at all of the claims of the patent, generally alleging that elements are missing without specifically detailing precisely which elements TriZetto believes are not practiced by the infringing products. *See* TriZetto Supplemental Response at 6. TriZetto did not state, on a claim-by-claim basis, which specific elements it is relying on in connection with its noninfringement arguments and, to paraphrase Mr. Thomas, it did not explain "why TriZetto believes that that element of the claim is not found in the TriZetto products."

In addition, TriZetto argues that McKesson has "observed and recognized" that TriZetto's "predetermined database" "yields different results than those obtained when practicing the invention," but it does not provide any details regarding McKesson's supposed "observations" and "recognitions" or how the supposed "different results" establish noninfringement. *Id.*

TriZetto also sets forth two examples of alleged prosecution history estoppel and states that "[a]dditional examples are also provided in the prosecution history. TriZetto will supplement and amend its responses as new and additional evidence is obtained." The prosecution history is fully available to TriZetto and McKesson is entitled to a complete response to this interrogatory now, not later.

### TriZetto's Document Production Violations

During the April 12 discovery conference, Your Honor ordered TriZetto to produce all of the software or documents relating to its infringing Facets product by April 26, 2005. *See* Tr. at 10.[1] TriZetto's counsel defended TriZetto's failure to

---

[1] Your Honor also ordered TriZetto to identify all of its products that included the infringing functionality by April 26. In its supplemental interrogatory response,

Hon. Sue L. Robinson
May 13, 2005
Page 5

produce documents based on TriZetto's "assumption" that documents did not need to be "gathered and reviewed and produced" until the May 13, 2005 document production deadline. *See* Tr. at 17. Your Honor flatly rejected this approach, Tr. at 17-18, and instead ordered a rolling production whereby the "bulk of the documents" were to be produced by May 3, 2005. *See* Tr. at 36.

Consistent with this order, McKesson substantially completed its production by May 3, having produced nearly 126,000 pages of documents. McKesson produced an additional 13,700 pages of documents on May 4, and we will make a final production of a few thousand pages today.

In contrast, TriZetto produced only 35,338 pages of documents on April 28 and 29, and a CD containing some source code on May 3. Even if you count fully TriZetto's prior production of 45,173 pages of documents (much of which were merely publicly available documents such as TriZetto's 10Ks and 10Qs or documents that McKesson had previously produced to TriZetto), TriZetto produced a total of about 80,000 documents by Your Honor's May 3 deadline.

TriZetto's production this week is another story altogether. Contrary to Your Honor's order, TriZetto has delayed nearly half its production until this week, producing 22,608 pages of documents on Tuesday and another 45,853 pages of documents Thursday. It is unknown how many additional documents TriZetto plans to produce today, the document production deadline.

What is clear is that, in violation of Your Honor's April 12 order, TriZetto produced almost one-half (and possibly more depending on what it produces today) of its documents at the May 13 deadline.

McKesson believes that the reason for TriZetto's production delay is two-fold:

*First*, TriZetto is attempting to use the delay to further its request – tabled by Your Honor at the April 12 discovery conference – to extend the deadlines in this case. This is confirmed by the email we received yesterday afternoon from Jeff Thomas, counsel for TriZetto:

> "[I]in light of the large volumes of documents that have been produced by both sides recently, the fact that many of the third parties have not responded to the subpoenas, and the large number of depositions that will be necessary

---

TriZetto identified two products, "ClaimFacts" and "Quicklink," in addition to the "Facets" product previously identified.

Hon. Sue L. Robinson
May 13, 2005
Page 6

(including many third party depositions), we do not believe the current schedule for the case is feasible. We believe that the deadlines and dates in the current scheduling order should be pushed back approximately three months."

However, as shown by the production details set forth above, only TriZetto has "recently" produced "large volumes of documents."

Also contrary to this email, the Scheduling Order agreed to by the parties and entered by Your Honor limits each side to 15 fact depositions. Moreover, the case management schedule entered by Your Honor, also agreed to by the parties, was negotiated with this number of depositions in mind.

Your Honor also should note that document production in connection with the customer subpoenas is proceeding smoothly and we have completed or should complete shortly production from more than one-half of the customers without the need for any court intervention. We continue to work with the rest to complete their productions. As best as we can tell at this point, many of the documents we have received so far should have been produced by TriZetto but were not.

**Second**, TriZetto's delayed production is intended to prevent us from reviewing the production in advance of Tuesday's discovery conference and detailing for Your Honor the gaps in their production. Examples of document categories that do not appear to have been produced by May 3 include the following:

- Documents relating to the Erisco merger, despite Mr. Thomas' representation during the April 12 hearing that documents relating the Erisco merger had been collected for production, see Tr. at 18.

- Financial documents, despite Mr. Thomas' representation that "[w]e will gather all of the relevant financial documents and get those produced," Tr. at 26, and the fact that such documents should have been easy to collect and produce.

- Customer license agreements, despite the ease with which they can be collected and produced.

Hon. Sue L. Robinson
May 13, 2005
Page 7

   We appreciate Your Honor's attention to these issues and respectfully request that TriZetto be ordered to provide by Monday, May 16, 2005 (i) a detailed index showing precisely which documents were produced in response to which requests, and (ii) proper responses to McKesson Interrogatory Nos. 3-4 and 6-7, including detailed claim charts.

                Respectfully submitted,

                */s/ Jeff Randall*

                Jeff Randall
                Counsel for Plaintiff,
                McKesson Information Solutions LLC

cc:  Counsel for Defendant,
    The TriZetto Group, Inc.:

    Jack Blumenfeld, Esq. (by hand)
    Morris, Nichols, Arsht & Tunnell

    Jeffrey T. Thomas, Esq. (by fax)
    Gibson, Dunn & Crutcher LLP