**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS )
LLC,                           )
                               )       CIVIL ACTION NO. 04-1258-SLR
                Plaintiff,     )
         v.                    )
                               )
THE TRIZETTO GROUP, INC.,      )
                               )
                Defendant.     )
                               )

**PLAINTIFF MCKESSON'S THIRD SUPPLEMENTAL RESPONSES TO
DEFENDANT TRIZETTO'S FIRST SET OF INTERROGATORIES (1-20)**

Plaintiff, McKesson Information Solutions LLC ("McKesson"), hereby

supplements its response as follows to Interrogatory No. 2 of the First Set of

Interrogatories by defendant, The TriZetto Group, Inc. ("TriZetto").

**GENERAL OBJECTIONS**

McKesson incorporates by reference as if fully set forth herein the General

Objections set forth in its January 13, 2005 Responses to TriZetto's First Set of

Interrogatories (1-20) and its February 18, 2005 Supplemental Responses to Defendant

TriZetto's First Set of Interrogatories (1-20).

**SUPPLEMENTAL RESPONSE**

**INTERROGATORY NO. 2:**

Describe in detail how each asserted claim of the '164 PATENT has been
infringed by TRIZETTO (including, for each system or product accused of being
infringed, stating in detail, by means of a claim chart, YOUR contention as to where each
limitation of the asserted claim is found in the accused infringing TRIZETTO system or
product and whether YOU are asserting literal infringement or infringement under the
doctrine of equivalents).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

McKesson reiterates its prior responses to this interrogatory, including objections. Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows:

TriZetto's systems, services, and product offerings, including, without limitation, FACETS, infringe and have infringed claims 1, 2, 3, 4, 6, 9, 10, 11, 12, 13, and 14 of the '164 patent. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response after TriZetto complies with its discovery obligations and completes production regarding the operation of its products.

The following preliminary claim chart illustrates TriZetto's infringement; however, because: (1) TriZetto delayed production of any documents regarding its clinical editing and auditing products until March 2005; (2) has indicated that its March 2005 production was incomplete; and (3) has not responded to any interrogatories regarding such products, McKesson reserves the right to supplement its response to this interrogatory as appropriate. In addition, the parties' claim construction statements are not due until July, 15, 2005, and this preliminary claim chart is not intended to replace, in whole or in part, McKesson's claim construction statement.

| '164 PATENT: CLAIM 1 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 1. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the | MCK 002312 ("*Facets* uses … the client/server platform, which links individual personal computers to high performance relational database servers ….")<br><br>MCK 002352 (figure illustrating computer system executing Facets)<br><br>TRZ010406-07 ("The ability of ClinicaLogic to detect this variety of medical billing problems makes it a valuable tool for guarding against routing CPT/HCPCS coding errors …. Pace … designed the medical database that forms the core of ClinicaLogic …. [T]his team built a database of over 90,000 clinical rules for claim checking. These rules apply to … medical procedures |

| '164 PATENT CLAIM 1 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| medical service codes are valid when input with other selected ones of the medical service codes, | as well as to diagnoses. … Each clinical rule for a procedure includes medical data that indicate … an appropriate way to adjudicate the procedure …. For example, a claim submitted for a laparotomy (i.e., the surgical opening of the abdomen) and an appendectomy billed separately would violate a clinical rule in the database because a laparotomy is considered integral to the appendectomy. … Pace assigned clinical rules to over 8,900 CPT/HCPCS procedure codes.") |
| | TRZ017703 ("Clinical Editing Database 2003 – This table is the complete collection of changes and additions to the clinical editing this year, as well as those edits which were included in the Clinical Editing Database last year.") |
| | TRZ015073 ("The Erisco database edits number in the tens of thousands ….") |
| a method for processing input claims containing at least one medical service code, comprising the steps of: | TRZ010405 ("Primarily, the subsystem examines how accurately … medical procedures are coded on claims, and the propriety of the procedures according to accepted medical standards.") |
| | TRZ10406 ("a database of over 90,000 clinical rules for claim checking … assigned to over 8,900 CPT/HCPCS procedure codes") |
| | TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen, ClinicaLogic accesses the CE Record for the procedure code entered and uses the clinical rules stored there to edit the claim.") |
| | TRZ012097 ("Clinical Editing Default Examples … Example 3 … A claim is received with procedure code 11011 and procedure code 11010XY.") |
| receiving at least one claim; | MCK 002316 ("Claims Entry: Claims can be entered online or electronically via proprietary format or the industry standard …"). |
| | TRZ010405 ("ClinicaLogic conveniently integrates with the ClaimFacts Medical system, and checks claims as they are entered on-line or in batch mode to identify") |
| | TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen ….") |
| | MCK 002355 ("the PACE clinical editing system … will be implemented on claims with dates of service beginning May 1, 2004") |
| | MCK 002308 ("Facets automatically edits every claim that you process with Erisco's proprietary clinical editing software, with tens of thousands of clinical rules and recommendations.") |
| determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and informing a user that a medical service code is not contained in the predetermined database. | TRZ011741 ("Deleted Codes Edit – Facets *replaces deleted* … procedure codes (for procedures checked) with alternate clinical editing codes when invoked …. ") |
| | TRZ010503 ("The following disallow messages are predefined in the EX File for ClinicaLogic: U01 = Clinical Edit Record Not Found …") |
| | MCK 002355 ("the PACE clinical editing system also checks for … outdated or invalid codes") |

| '164 PATENT: CLAIM 2 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 2. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, | MCK 002312 (*"Facets* uses … the client/server platform, which links individual personal computers to high performance relational database servers …")<br><br>MCK 002352 (figure illustrating computer system executing Facets)<br><br>TRZ010406-07 ("The ability of ClinicaLogic to detect this variety of medical billing problems makes it a valuable tool for guarding against routing CPT/HCPCS coding errors …. Pace … designed the medical database that forms the core of ClinicaLogic …. [T]his team built a database of over 90,000 clinical rules for claim checking. These rules apply to … medical procedures as well as to diagnoses. … Each clinical rule for a procedure includes medical data that indicate … an appropriate way to adjudicate the procedure …. For example, a claim submitted for a laparotomy (i.e., the surgical opening of the abdomen) and an appendectomy billed separately would violate a clinical rule in the database because a laparotomy is considered integral to the appendectomy. … Pace assigned clinical rules to over 8,900 CPT/HCPCS procedure codes.")<br><br>TRZ017703 ("Clinical Editing Database 2003 – This table is the complete collection of changes and additions to the clinical editing this year, as well as those edits which were included in the Clinical Editing Database last year.")<br><br>TRZ015073 ("The Erisco database edits number in the tens of thousands ….") |
| a method for processing input claims containing at least one medical service code, comprising the steps of: | TRZ010405 ("Primarily, the subsystem examines how accurately … medical procedures are coded on claims, and the propriety of the procedures according to accepted medical standards.")<br><br>TRZ10406 ("a database of over 90,000 clinical rules for claim checking … assigned to over 8,900 CPT/HCPCS procedure codes")<br><br>TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen, ClinicaLogic accesses the CE Record for the procedure code entered and uses the clinical rules stored there to edit the claim.")<br><br>TRZ012097 ("Clinical Editing Default Examples … Example 3 … A claim is received with procedure code 11011 and procedure code 11010XY.") |
| receiving at least one claim; | MCK 002316 ("Claims Entry: Claims can be entered online or electronically via proprietary format or the industry standard …").<br><br>TRZ010405 ("ClinicaLogic conveniently integrates with the ClaimFacts Medical system, and checks claims as they are entered on-line or in batch mode to identify")<br><br>TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen ….")<br><br>MCK 002355 ("the PACE clinical editing system … will be implemented on claims with dates of service beginning May 1, 2004")<br><br>MCK 002308 ("Facets automatically edits every claim that you process with Erisco's proprietary clinical editing software, with tens of thousands of clinical rules and recommendations.") |
| ascertaining whether the at least one claim contains a plurality of medical service codes; | TRZ011741 ("Multiple Procedures Edit – Facets *combines multiple unilateral* … procedure (for procedures checked) into *one multilateral* procedure code when invoked …. ")<br><br>MCK 002355 ("The PACE clinical editing system is designed to detect … |

4

| '164 PATENT: CLAIM 2 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| | Unbundling/Rebundling – Billing under several CPT codes ….") |
| determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim; | TRZ017722-23 ("There are numerous procedure codes that should not be reported together because they are mutually exclusive to each other. Mutually exclusive codes are those codes that cannot reasonably be done in the same session. An example of this would be the CPT codes 13100 and 13101 for the complex repair of the trunk. If multiple wounds are repaired of the trunk in the same repair classification, coding is based on the sum of the length of the repairs. The complex repair cannot be measured and reported in the range of 1.1 centimeters to 2.5 centimeters and also 2.6 centimeters to 7.5 centimeters.") |
| authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step; and rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step. | TRZ015144 ("Assistant surgeon services are ALLOWED or DISALLOWED depending on the specific surgical procedures with which they are associated.") TRZ015131 ("Add-on codes are ALLOWED when billed in conjunction with associated primary procedures.") TRZ015161 ("Separate procedure codes are Subsets to associated primary procedures of which they are considered components. The system will indicate payment only for the primary procedure code.") TRZ015188-89 ("Codes for manipulation under anesthesia are disallowed when billed with a definitive surgical musculoskeletal procedure performed on the same day. … The system will indicate payment only for the definitive surgical musculoskeletal procedure code.") TRZ011746 ("*The Processing Actions include the following:* … Disallow – Facets disallows the line during claims processing.") TRZ011743-46 ("Invalid – Select the action Facets takes when encountering an *invalid* procedure. *Valid values are:* Bypass; Warn; Disallow (the line item) …") TRZ015124 ("The system will disallow payment for codes listed in the same day table if they are billed for care occurring on the same day as a corresponding surgical procedure.") |

| '164 PATENT: CLAIM 3 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 3. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | TRZ010405 ("Primarily, the subsystem examines how accurately … medical procedures are coded on claims, and the propriety of the procedures according to accepted medical standards.") TRZ10406 ("a database of over 90,000 clinical rules for claim checking … assigned to over 8,900 CPT/HCPCS procedure codes") TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen, ClinicaLogic accesses the CE Record for the procedure code entered and uses the clinical rules stored there to edit the claim.") TRZ012097 ("Clinical Editing Default Examples … Example 3 … A claim is received with procedure code 11011 and procedure code 11010XY.") |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of | MCK 002312 ("*Facets* uses … the client/server platform, which links individual personal computers to high performance relational database servers ….") TRZ010406-07 ("The ability of ClinicaLogic to detect this variety of medical |

| '164 PATENT: CLAIM 3 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | billing problems makes it a valuable tool for guarding against routing CPT/HCPCS coding errors .... Pace ... designed the medical database that forms the core of ClinicaLogic .... [T]his team built a database of over 90,000 clinical rules for claim checking. These rules apply to ... medical procedures as well as to diagnoses. ... Each clinical rule for a procedure includes medical data that indicate ... an appropriate way to adjudicate the procedure .... For example, a claim submitted for a laparotomy (i.e., the surgical opening of the abdomen) and an appendectomy billed separately would violate a clinical rule in the database because a laparotomy is considered integral to the appendectomy. ... Pace assigned clinical rules to over 8,900 CPT/HCPCS procedure codes.")<br><br>TRZ017703 ("Clinical Editing Database 2003 – This table is the complete collection of changes and additions to the clinical editing this year, as well as those edits which were included in the Clinical Editing Database last year.")<br><br>TRZ015073 ("The Erisco database edits number in the tens of thousands ....") |
| means for receiving at least one claim; | MCK 002316 ("Claims Entry: Claims can be entered online or electronically via proprietary format or the industry standard ...").<br><br>TRZ010405 ("ClinicaLogic conveniently integrates with the ClaimFacts Medical system, and checks claims as they are entered on-line or in batch mode to identify")<br><br>TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen ....")<br><br>MCK 002355 ("the PACE clinical editing system ... will be implemented on claims with dates of service beginning May 1, 2004")<br><br>MCK 002308 ("Facets automatically edits every claim that you process with Erisco's proprietary clinical editing software, with tens of thousands of clinical rules and recommendations.") |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | TRZ011741 ("Multiple Procedures Edit – Facets *combines multiple unilateral ... procedure* (for procedures checked) into *one multilateral* procedure code when invoked .... ")<br><br>MCK 002355 ("The PACE clinical editing system is designed to detect ... Unbundling/Rebundling – Billing under several CPT codes ....") |
| means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database; | TRZ011743-46 ("Processing Actions Section: this section identifies the actions Facets should take during claims processing if it encounters a clinical edit in the specified categories. ... Invalid – Select the action Facets takes when encountering an *invalid* procedure. Valid values are: Bypass; Warn; Disallow (the line item) ....")<br><br>M*Plan Provider Perspective (Spr 2004) at MCK 002355 ("the PACE clinical editing system also checks for ... outdated or invalid codes") |
| means for authorizing medical service codes which are valid in response to the means for determining; and means for rejecting medical service codes which are | TRZ015144 ("Assistant surgeon services are ALLOWED or DISALLOWED depending on the specific surgical procedures with which they are associated.")<br><br>TRZ015131 ("Add-on codes are ALLOWED when billed in conjunction with associated primary procedures.")<br><br>TRZ015161 ("Separate procedure codes are Subsets to associated primary procedures of which they are considered components. The system will indicate |

| '164 PATENT: CLAIM 3 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| invalid in response to the means for determining. | payment only for the primary procedure code.")<br><br>TRZ015188-89 ("Codes for manipulation under anesthesia are disallowed when billed with a definitive surgical musculoskeletal procedure performed on the same day. ... The system will indicate payment only for the definitive surgical musculoskeletal procedure code.")<br><br>TRZ011746 ("*The Processing Actions include the following:* ... Disallow – Facets disallows the line during claims processing.")<br><br>TRZ011743-46 ("Invalid – Select the action Facets takes when encountering an *invalid* procedure. *Valid values are:* Bypass; Warn; Disallow (the line item) ...")<br><br>TRZ015124 ("The system will disallow payment for codes listed in the same day table if they are billed for care occurring on the same day as a corresponding surgical procedure.") |

| '164 PATENT: CLAIM 4 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 4. The apparatus of claim 3, further comprising means for revising the at least one claim to delete invalid medical service codes. | TRZ017705 ("'Edited' This designation identifies the subservient code in the edit relationship. Processing reduces (edits) this code in some way when it is submitted along with the Listed code. It may be paid at a reduced rate or not at all.")<br><br>TRZ015188-89 ("Codes for manipulation under anesthesia are disallowed when billed with a definitive surgical musculoskeletal procedure performed on the same day. ... Manipulation under anesthesia codes are Subsets of codes for surgical musculoskeletal procedures in the same anatomic location. The system will indicate payment only for the definitive surgical musculoskeletal procedure code.") |

| '164 PATENT: CLAIM 6 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 6. The apparatus of claim 3, wherein the database containing medical service codes includes medical service codes described by CPT codes. | TRZ011682 ("Procedure Codes Application: This application allows the user to administer information about medical procedure codes in Facets. TriZetto supplies CPT-4 codes as well as HCPCS codes (HCFA Common Procedural Coding System). These tables are usually loaded into Facets automatically during the implementation process.").<br><br>M*Plan Provider Perspective (Spr 2004) at MCK 002355 ("the PACE clinical editing system ... will encompass a comprehensive set of clinical claims editing criteria that will allow for the evaluation of medical billing information and *CPT coding* accuracy.") |

| '164 PATENT: CLAIM 9 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 9. The apparatus of claim 3, wherein the relationships among the medical service codes include medically determined relationships. | TRZ010405 ("ClinicaLogic is a comprehensive, knowledge-based subsystem designed to automatically check medical claims *before payment*. Primarily, the subsystem examines how accurately ... medical procedures are coded on claims, and the propriety of the procedures according to *accepted medical standards*.")<br><br>TRZ015073 ("This document will be updated from time to time to reflect ... |

| '164 PATENT: CLAIM 9 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| | evolving conventions of medical practice ....") |
| | TRZ015075 ("This database is the result of research in the current medical literature .... It is a dynamic database requiring periodic updating to reflect current clinical and managed care principles. Correspondingly, this document will be subject to review and update to reflect changes in clinical practice ....") |

| '164 PATENT: CLAIM 10 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 10. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service claim, comprising: | TRZ010405 ("Primarily, the subsystem examines how accurately ... medical procedures are coded on claims, and the propriety of the procedures according to accepted medical standards.")<br><br>TRZ10406 ("a database of over 90,000 clinical rules for claim checking ... assigned to over 8,900 CPT/HCPCS procedure codes")<br><br>TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen, ClinicaLogic accesses the CE Record for the procedure code entered and uses the clinical rules stored there to edit the claim.")<br><br>TRZ012097 ("Clinical Editing Default Examples ... Example 3 ... A claim is received with procedure code 11011 and procedure code 11010XY.") |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | MCK 002312 ("*Facets* uses ... the client/server platform, which links individual personal computers to high performance relational database servers ....")<br><br>TRZ010406-07 ("The ability of ClinicaLogic to detect this variety of medical billing problems makes it a valuable tool for guarding against routing CPT/HCPCS coding errors .... Pace ... designed the medical database that forms the core of ClinicaLogic .... [T]his team built a database of over 90,000 clinical rules for claim checking. These rules apply to ... medical procedures as well as to diagnoses. ... Each clinical rule for a procedure includes medical data that indicate ... an appropriate way to adjudicate the procedure .... For example, a claim submitted for a laparotomy (i.e., the surgical opening of the abdomen) and an appendectomy billed separately would violate a clinical rule in the database because a laparotomy is considered integral to the appendectomy. ... Pace assigned clinical rules to over 8,900 CPT/HCPCS procedure codes.")<br><br>TRZ017703 ("Clinical Editing Database 2003 – This table is the complete collection of changes and additions to the clinical editing this year, as well as those edits which were included in the Clinical Editing Database last year.")<br><br>TRZ015073 ("The Erisco database edits number in the tens of thousands ....") |
| means for receiving at least one claim; | MCK 002316 ("Claims Entry: Claims can be entered online or electronically via proprietary format or the industry standard ...").<br><br>TRZ010405 ("ClinicaLogic conveniently integrates with the ClaimFacts Medical system, and checks claims as they are entered on-line or in batch mode to identify")<br><br>TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen ....")<br><br>MCK 002355 ("the PACE clinical editing system ... will be implemented on claims with dates of service beginning May 1, 2004") |

8

| '164 PATENT: CLAIM 10 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| | MCK 002308 ("Facets automatically edits every claim that you process with Erisco's proprietary clinical editing software, with tens of thousands of clinical rules and recommendations.") |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | TRZ011741 ("Multiple Procedures Edit – Facets *combines multiple unilateral* ... procedure (for procedures checked) into *one multilateral* procedure code when invoked .... ") |
| | MCK 002355 ("The PACE clinical editing system is designed to detect ... Unbundling/Rebundling – Billing under several CPT codes ....") |
| means for determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim; | TRZ011743-46 ("Processing Actions Section: this section identifies the actions Facets should take during claims processing if it encounters a clinical edit in the specified categories. ... Subset – Select the action Facets should take when it encounters a procedure that is a *subset* of a procedure listed on the current claim or a claim in history.") |
| | TRZ017723 ("Accordingly, all services integral to accomplishing a procedure will be considered included in that procedure and, therefore will be considered a component and part of the comprehensive code.") |
| | TRZ015161 ("Separate procedure codes are DISALLOWED when billed in conjunction with associated primary procedures. ... Separate procedure codes are Subsets to associated primary procedures of which they are considered components. The system will indicate payment only for the primary procedure code.") |
| | TRZ017706 ("Subset: These are typically of three types: 1) the subset procedure is performed in the course of performing the primary procedure ....") |
| | TRZ015180 ("Provision of a peripheral nerve block in the course of performing an integumentary system procedure (such as would repair or a lesion excision) is included in the global package for the procedure. ... Peripheral nerve block code 64450 is a Subset of the above integumentary system procedure codes. The system will indicate payment only for the integumentary system procedure code.") |
| | TRZ011739 ("An example of a clinical edit would be a claim submitted by a provider for surgical procedures performed during hospitalization. In this case, the surgeon submitted charges for each procedure performed during the operation. The MCO established, through their clinical editing protocols, that any charges submitted for this particular surgical procedure will be *re-bundled* into the *primary* surgical procedure and reimbursed on that basis.") |
| | MCK 002355 ("The PACE clinical editing system is designed to detect ... Unbundling/Rebundling – Billing under several CPT codes ....") |
| means for authorizing medical service codes which are not contained in any other medical service code; and means for rejecting medical service codes which are contained in any other medical service code. | TRZ015144 ("Assistant surgeon services are ALLOWED or DISALLOWED depending on the specific surgical procedures with which they are associated.") |
| | TRZ015131 ("Add-on codes are ALLOWED when billed in conjunction with associated primary procedures.") |
| | TRZ015161 ("Separate procedure codes are Subsets to associated primary procedures of which they are considered components. The system will indicate payment only for the primary procedure code.") |
| | TRZ015188-89 ("Codes for manipulation under anesthesia are disallowed when billed with a definitive surgical musculoskeletal procedure performed on the same day. ... The system will indicate payment only for the definitive |

9

| '164 PATENT: CLAIM 10 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| | surgical musculoskeletal procedure code.") |
| | TRZ011746 ("*The Processing Actions include the following:* ... Disallow – Facets disallows the line during claims processing.") |
| | TRZ011743-46 ("Invalid – Select the action Facets takes when encountering an *invalid* procedure. *Valid values are:* Bypass; Warn; Disallow (the line item) ...") |
| | TRZ015124 ("The system will disallow payment for codes listed in the same day table if they are billed for care occurring on the same day as a corresponding surgical procedure.") |

| '164 PATENT: CLAIM 11 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 11. The apparatus of claim 10, further comprising means for revising the at least one claim to not include a rejected medical service code. | TRZ017705 ("'Edited' This designation identifies the subservient code in the edit relationship. Processing reduces (edits) this code in some way when it is submitted along with the Listed code. It may be paid at a reduced rate or not at all.") |
| | TRZ015188-89 ("Codes for manipulation under anesthesia are disallowed when billed with a definitive surgical musculoskeletal procedure performed on the same day. ... Manipulation under anesthesia codes are Subsets of codes for surgical musculoskeletal procedures in the same anatomic location. The system will indicate payment only for the definitive surgical musculoskeletal procedure code.") |

| '164 PATENT: CLAIM 12 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 12. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | TRZ010405 ("Primarily, the subsystem examines how accurately ... medical procedures are coded on claims, and the propriety of the procedures according to accepted medical standards.") |
| | TRZ10406 ("a database of over 90,000 clinical rules for claim checking ... assigned to over 8,900 CPT/HCPCS procedure codes") |
| | TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen, ClinicaLogic accesses the CE Record for the procedure code entered and uses the clinical rules stored there to edit the claim.") |
| | TRZ012097 ("Clinical Editing Default Examples ... Example 3 ... A claim is received with procedure code 11011 and procedure code 11010XY.") |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the | MCK 002312 ("*Facets* uses ... the client/server platform, which links individual personal computers to high performance relational database servers ....") |
| | TRZ010406-07 ("The ability of ClinicaLogic to detect this variety of medical billing problems makes it a valuable tool for guarding against routing CPT/HCPCS coding errors .... Pace ... designed the medical database that forms the core of ClinicaLogic .... [T]his team built a database of over 90,000 clinical rules for claim checking. These rules apply to ... medical procedures as well as to diagnoses. ... Each clinical rule for a procedure includes medical data that indicate ... an appropriate way to adjudicate the procedure .... For example, a claim submitted for a laparotomy (i.e., the surgical opening of the abdomen) and an appendectomy billed separately would violate a clinical rule |

10

| '164 PATENT: CLAIM 12 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| medical service codes; | in the database because a laparotomy is considered integral to the appendectomy. … Pace assigned clinical rules to over 8,900 CPT/HCPCS procedure codes.") |
| | TRZ017703 ("Clinical Editing Database 2003 – This table is the complete collection of changes and additions to the clinical editing this year, as well as those edits which were included in the Clinical Editing Database last year.") |
| | TRZ015073 ("The Erisco database edits number in the tens of thousands ….") |
| means for receiving at least one claim; | MCK 002316 ("Claims Entry:  Claims can be entered online or electronically via proprietary format or the industry standard …"). |
| | TRZ010405 ("ClinicaLogic conveniently integrates with the ClaimFacts Medical system, and checks claims as they are entered on-line or in batch mode to identify") |
| | TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen ….") |
| | MCK 002355 ("the PACE clinical editing system … will be implemented on claims with dates of service beginning May 1, 2004") |
| | MCK 002308 ("Facets automatically edits every claim that you process with Erisco's proprietary clinical editing software, with tens of thousands of clinical rules and recommendations.") |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | TRZ011741 ("Multiple Procedures Edit – Facets *combines multiple unilateral* … procedure (for procedures checked) into *one multilateral* procedure code when invoked …. ") |
| | MCK 002355 ("The PACE clinical editing system is designed to detect … Unbundling/Rebundling – Billing under several CPT codes ….") |
| means for determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service code in the at least one claim; | TRZ010405 ("ClinicaLogic is a comprehensive, knowledge-based subsystem designed to automatically check medical claims *before payment*.  Primarily, the subsystem examines how accurately … medical procedures are coded on claims, and the propriety of the procedures *according to accepted medical standards*.  In this way, the subsystem helps ensure that reimbursements are only made for appropriate procedures that are correctly billed.") |
| | MCK 002355 ("The PACE clinical editing system is designed to detect irregularities in medical billings, such as: … Mutually Exclusive/Redundant Procedures – Defined as the billing of two or more procedures that, *by medical practice standards*, would not be billed on the same date of service.") |
| | TRZ015144 ("Assistant surgeon services are ALLOWED or DISALLOWED depending on the specific surgical procedure with which they are associated. … Billing for an assistant surgeon is allowed where: … the complexity and/or urgency of the surgery requires the primary surgeon to have an assistant ….") |
| | TRZ010406-07 ("The types of data that constitute the clinical rules for procedures include: … Anesthesia service:  Is the anesthesia service appropriate for the surgical procedure?") |
| means for authorizing medical service codes which are not medically exclusive with any other medical service codes | TRZ015144 ("Assistant surgeon services are ALLOWED or DISALLOWED depending on the specific surgical procedures with which they are associated.") |
| | TRZ015131 ("Add-on codes are ALLOWED when billed in conjunction with associated primary procedures.") |

11

| '164 PATENT: CLAIM 12 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| contained in the at least one claim in response to the means for determining; and means for rejecting medical service codes which are medically exclusive with any other medical service codes contained in the at least one claim in response to the determining step. | TRZ015161 ("Separate procedure codes are Subsets to associated primary procedures of which they are considered components. The system will indicate payment only for the primary procedure code.")<br><br>TRZ015188-89 ("Codes for manipulation under anesthesia are disallowed when billed with a definitive surgical musculoskeletal procedure performed on the same day. ... The system will indicate payment only for the definitive surgical musculoskeletal procedure code.")<br><br>TRZ011746 (*The Processing Actions include the following:* ... Disallow – Facets disallows the line during claims processing.")<br><br>TRZ011743-46 ("Invalid – Select the action Facets takes when encountering an *invalid* procedure. *Valid values are:* Bypass; Warn; Disallow (the line item) ...")<br><br>TRZ015124 ("The system will disallow payment for codes listed in the same day table if they are billed for care occurring on the same day as a corresponding surgical procedure.") |

| '164 PATENT: CLAIM 13 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 13. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | TRZ010405 ("Primarily, the subsystem examines how accurately ... medical procedures are coded on claims, and the propriety of the procedures according to accepted medical standards.")<br><br>TRZ10406 ("a database of over 90,000 clinical rules for claim checking ... assigned to over 8,900 CPT/HCPCS procedure codes")<br><br>TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen, ClinicaLogic accesses the CE Record for the procedure code entered and uses the clinical rules stored there to edit the claim.")<br><br>TRZ012097 ("Clinical Editing Default Examples ... Example 3 ... A claim is received with procedure code 11011 and procedure code 11010XY.") |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | MCK 002312 (*Facets* uses ... the client/server platform, which links individual personal computers to high performance relational database servers ....")<br><br>TRZ010406-07 ("The ability of ClinicaLogic to detect this variety of medical billing problems makes it a valuable tool for guarding against routing CPT/HCPCS coding errors .... Pace ... designed the medical database that forms the core of ClinicaLogic .... [T]his team built a database of over 90,000 clinical rules for claim checking. These rules apply to ... medical procedures as well as to diagnoses. ... Each clinical rule for a procedure includes medical data that indicate ... an appropriate way to adjudicate the procedure .... For example, a claim submitted for a laparotomy (i.e., the surgical opening of the abdomen) and an appendectomy billed separately would violate a clinical rule in the database because a laparotomy is considered integral to the appendectomy. ... Pace assigned clinical rules to over 8,900 CPT/HCPCS procedure codes.")<br><br>TRZ017703 ("Clinical Editing Database 2003 – This table is the complete collection of changes and additions to the clinical editing this year, as well as those edits which were included in the Clinical Editing Database last year.") |

12

| '164 PATENT: CLAIM 13 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| | TRZ015073 ("The Erisco database edits number in the tens of thousands ….") |
| means for receiving at least one claim; | MCK 002316 ("Claims Entry: Claims can be entered online or electronically via proprietary format or the industry standard …"). |
| | TRZ010405 ("ClinicaLogic conveniently integrates with the ClaimFacts Medical system, and checks claims as they are entered on-line or in batch mode to identify") |
| | TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen ….") |
| | MCK 002355 ("the PACE clinical editing system … will be implemented on claims with dates of service beginning May 1, 2004") |
| | MCK 002308 ("Facets automatically edits every claim that you process with Erisco's proprietary clinical editing software, with tens of thousands of clinical rules and recommendations.") |
| means for determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and means for informing a user that a medical service code is not contained in the predetermined database. | TRZ011741 ("Deleted Codes Edit – Facets *replaces deleted* … procedure codes (for procedures checked) with alternate clinical editing codes when invoked …. ") |
| | TRZ010503 ("The following disallow messages are predefined in the EX File for ClinicaLogic: U01 = Clinical Edit Record Not Found …") |
| | MCK 002355 ("the PACE clinical editing system also checks for … outdated or invalid codes") |

| '164 PATENT: CLAIM 14 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| 14. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | TRZ010405 ("Primarily, the subsystem examines how accurately … medical procedures are coded on claims, and the propriety of the procedures according to accepted medical standards.") |
| | TRZ10406 ("a database of over 90,000 clinical rules for claim checking … assigned to over 8,900 CPT/HCPCS procedure codes") |
| | TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen, ClinicaLogic accesses the CE Record for the procedure code entered and uses the clinical rules stored there to edit the claim.") |
| | TRZ012097 ("Clinical Editing Default Examples … Example 3 … A claim is received with procedure code 11011 and procedure code 11010XY.") |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with | MCK 002312 ("*Facets* uses … the client/server platform, which links individual personal computers to high performance relational database servers ….") |
| | TRZ010406-07 ("The ability of ClinicaLogic to detect this variety of medical billing problems makes it a valuable tool for guarding against routing CPT/HCPCS coding errors …. Pace … designed the medical database that forms the core of ClinicaLogic …. [T]his team built a database of over 90,000 clinical rules for claim checking. These rules apply to … medical procedures as well as to diagnoses. … Each clinical rule for a procedure includes medical data that indicate … an appropriate way to adjudicate the procedure …. For |

13

| '164 PATENT: CLAIM 14 | TRZETTO'S INFRINGING PRODUCTS |
|---|---|
| other selected ones of the medical service codes; | example, a claim submitted for a laparotomy (i.e., the surgical opening of the abdomen) and an appendectomy billed separately would violate a clinical rule in the database because a laparotomy is considered integral to the appendectomy. ... Pace assigned clinical rules to over 8,900 CPT/HCPCS procedure codes.") |
| | TRZ017703 ("Clinical Editing Database 2003 – This table is the complete collection of changes and additions to the clinical editing this year, as well as those edits which were included in the Clinical Editing Database last year.") |
| | TRZ015073 ("The Erisco database edits number in the tens of thousands ....") |
| means for receiving at least one claim; | MCK 002316 ("Claims Entry:  Claims can be entered online or electronically via proprietary format or the industry standard ..."). |
| | TRZ010405 ("ClinicaLogic conveniently integrates with the ClaimFacts Medical system, and checks claims as they are entered on-line or in batch mode to identify") |
| | TRZ010451 ("When a claim for a surgical, laboratory, radiological or other medical procedure is entered on the CP Screen ....") |
| | MCK 002355 ("the PACE clinical editing system ... will be implemented on claims with dates of service beginning May 1, 2004") |
| | MCK 002308 ("Facets automatically edits every claim that you process with Erisco's proprietary clinical editing software, with tens of thousands of clinical rules and recommendations.") |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | TRZ011741 ("Multiple Procedures Edit – Facets *combines multiple unilateral* ... procedure (for procedures checked) into *one multilateral* procedure code when invoked .... ") |
| | MCK 002355 ("The PACE clinical editing system is designed to detect ... Unbundling/Rebundling – Billing under several CPT codes ....") |
| means for determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim; | TRZ017722-23 ("There are numerous procedure codes that should not be reported together because they are mutually exclusive to each other.  Mutually exclusive codes are those codes that cannot reasonably be done in the same session.  An example of this would be the CPT codes 13100 and 13101 for the complex repair of the trunk.  If multiple wounds are repaired on the trunk in the same repair classification, coding is based on the sum of the length of the repairs.  The complex repair cannot be measured and reported in the range of 1.1 centimeters to 2.5 centimeters and also 2.6 centimeters to 7.5 centimeters.") |
| means for authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining; and means for rejecting medical service codes which are mutually exclusive due to non-medical criteria | TRZ015144 ("Assistant surgeon services are ALLOWED or DISALLOWED depending on the specific surgical procedures with which they are associated.") |
| | TRZ015131 ("Add-on codes are ALLOWED when billed in conjunction with associated primary procedures.") |
| | TRZ015161 ("Separate procedure codes are Subsets to associated primary procedures of which they are considered components.  The system will indicate payment only for the primary procedure code.") |
| | TRZ015188-89 ("Codes for manipulation under anesthesia are disallowed when billed with a definitive surgical musculoskeletal procedure performed on the same day. ... The system will indicate payment only for the definitive surgical musculoskeletal procedure code.") |
| | TRZ011746 ("*The Processing Actions include the following:* ... Disallow – |

| '164 PATENT: CLAIM 14 | TRIZETTO'S INFRINGING PRODUCTS |
|---|---|
| with any other medical service codes contained in the at least one claim in response to the means for determining. | Facets disallows the line during claims processing.") <br><br> TRZ011743-46 ("Invalid – Select the action Facets takes when encountering an *invalid* procedure. *Valid values are:* Bypass; Warn; Disallow (the line item) …") <br><br> TRZ015124 ("The system will disallow payment for codes listed in the same day table if they are billed for care occurring on the same day as a corresponding surgical procedure.") |

DATED:  April 20, 2005

By:    _____
       Jeffrey G. Randall
       SKADDEN, ARPS, SLATE MEAGHER
         & FLOM LLP
       525 University Avenue, Suite 1100
       Palo Alto, CA  94301

       Attorneys for Plaintiff,
       McKesson Information Solutions LLC

OF COUNSEL:

David W. Hansen
Michael C. Hendershot
Donna Hill
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301

Thomas J. Allingham II (I.D. No. 0476)
SKADDEN, ARPS, SLATE MEAGHER
 & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

15

## PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am

employed in Santa Clara County, State of California, in the office of a member of the bar of this

Court, at whose direction the service was made. I am over the age of eighteen years, and not a

party to the within action. My business address is 525 University Avenue, Suite 1100, Palo Alto,

CA 94301.

On April 20, 2005, I served **PLAINTIFF MCKESSON'S THIRD SUPPLEMENTAL**

**RESPONSES TO DEFENDANT TRIZETTO'S FIRST SET OF INTERROGATORIES (1-**

**20)** in the manner described below:

> (BY FACSIMILE) I am personally and readily familiar with the business
> practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and
> processing of document(s) to be transmitted by facsimile, and I caused such
> document(s) on this date to be transmitted by facsimile to the offices of
> addressee(s) at the numbers listed below.

> (BY FEDERAL EXPRESS) I am personally and readily familiar with the
> business practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection
> and processing of correspondence for mailing with Federal Express, and I
> caused such envelope(s) with postage thereon fully prepaid to be placed in the
> United States Postal Service at Palo Alto, California.

on the following party in this action:

Jeffrey Thomas, Esq.
Gibson, Dunn & Crutcher LLP
Jamboree Center
4 Park Plaza, Suite 1400
Irvine, CA 92614
Facsimile: 949.475.4670

Executed on April 20, 2005 in Palo Alto, California.

Pamela Carrier

FedEx | Ship Manager | Label 7929 0288 4550                                    Page 1 of 1

From:    Origin ID: (650)470-4618
Michael Hendershot (9-314)
Skadden, Arps, et al.
Suite 1100
525 University Avenue
Palo Alto, CA 94301


FedEx.
Express

Ship Date: 20APR05
Actual Wgt: 1 LB
System#: 5879567/INET2000
Account#: S *********

REF: 224040/98 MCHendershot

Delivery Address Bar Code

SHIP TO:   (949)451-3967        BILL SENDER
**Jeffrey Thomas, Esq.**
**Gibson, Dunn & Crutcher LLP**
**Jamboree Center**
**4 Park Plaza, Suite 1400**
**Irvine, CA 92614**

**PRIORITY OVERNIGHT**                        **THU**
Deliver By:
TRK#   **7929  0288  4550**      FORM     21APR05
0201
LGB        A2

**92614**    -CA-US

**WZ APVA**



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301

TELEPHONE NO.: (650) 470-4500
FACSIMILE NO.: (650) 470-4570

EMAIL: mhendors@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Michael C. Hendershot

DIRECT DIAL: (650) 470-4618
DIRECT FACSIMILE: (888) 329-7976

DATE: April 20, 2005
FLOOR/OFFICE NO.: 9-314
REFERENCE NO: 224040/98

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN COPYING US AND RETURNING THE FACSIMILE TO US.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   17

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | | | |
|---|---|---|---|---|
| 1. | NAME | Jeffrey Thomas, Esq. | FIRM. | Gibson, Dunn & Crutcher LLP |
| | CITY. | Irvine | TELEPHONE NO.: | 949.451.3967 |
| | FACSIMILE NO.: | 949.475.4670 | | |
| 2. | NAME | Jack B. Blumenfeld, Esq. | FIRM. | Morris, Nichols, Arsht & Tunnell |
| | CITY. | Wilmington | TELEPHONE NO.: | 302.575.7291 |
| | FACSIMILE NO.: | 302.425.3012 | | |

MESSAGE: **PLAINTIFF MCKESSON'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT TRIZETTO'S FIRST SET OF INTERROGATORIES (1-20) follows.**

**Group Send Report**

```
Time     : 04-20-05   05:35pm
Tel line 1 :
Tel line 2 :
Name     :
```

| | | |
|---|---|---|
| Job number | : | 365 |
| Date | : | 04-20  05:27pm |
| Document Pages | : | 17 |
| Start time | : | 04-20  05:27pm |
| End time | : | 04-20  05:35pm |

Successful

   Fax number

     ☎16224040919494754670
     ☎16224040913024253012

Unsuccessful                                                           Pages sent

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS
LLC,

          Plaintiff,

      v.

THE TRIZETTO GROUP, INC.

          Defendant.

Civil Action No. 04-01258-SLR

## THE TRIZETTO GROUP, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORIES NOS. 3, 4, 6 & 7

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's ruling at the April 12, 2005 Discovery Conference, defendant The TriZetto Group, Inc. ("TriZetto") hereby provides the following supplemental responses and objections to plaintiff McKesson Information Solutions, LLC's ("McKesson") Interrogatory Nos. 3, 4, 6 & 7, which were propounded in McKesson's First Set of Interrogatories (the "Interrogatories").

## GENERAL OBJECTIONS

1.      TriZetto has not concluded its investigation of the facts relating to this case, formal discovery, or preparation for trial. For that reason, TriZetto's responses to the Interrogatories may be incomplete. Moreover, there is a possibility that upon further investigation, certain details set forth in the responses may be altered or amended. These responses represent TriZetto's reasonable efforts to provide the information requested based upon documents or information in its possession, custody, or control, and based upon its current knowledge. TriZetto reserves its right to produce evidence of any subsequently discovered facts

and documents, and to alter or amend its factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

2.     TriZetto objects to McKesson's definition of the term "TriZetto" on the grounds that such definition is overbroad, unduly burdensome, vague, ambiguous, and causes the Interrogatories to seek information that is not relevant to the claims, defenses or subject matter of this litigation.  As such, TriZetto will interpret "TriZetto" to include The TriZetto Group, Inc. and its present or former officers, directors and employees.

3.     TriZetto further objects to McKesson's "Definitions" to the extent that they attempt to place burdens upon TriZetto beyond those required by Rule 33 of the Federal Rules of Civil Procedure.  TriZetto will not comply with any "Definitions" that attempt to impose obligations upon TriZetto not required by Rule 33.

4.     TriZetto objects to the Interrogatories to the extent that they request information protected from disclosure by any privilege, including the attorney-client privilege or the work product doctrine.  TriZetto and its counsel hereby assert such privileges.

5.     TriZetto objects to each Interrogatory to the extent it seeks information not in TriZetto's possession, custody, or control on the grounds that it is unduly burdensome and oppressive.

6.     To the extent that any Interrogatory calls for information already in the possession of McKesson or its counsel, TriZetto objects on the grounds that the Interrogatory is unnecessary, unduly burdensome and oppressive, and constitutes annoyance, harassment, and oppression of TriZetto.

7.     TriZetto objects to these Interrogatories to the extent that they seek information concerning any party or third party which is subject to the right of privacy of that party as

guaranteed by the United States Constitution, any applicable state constitution, or any combination of the foregoing.

8.    TriZetto will make reasonable efforts to respond to each Interrogatory, to the extent that no objection is made, as TriZetto understands and interprets the Interrogatory. If McKesson subsequently asserts an interpretation of any Interrogatory that differs from that of TriZetto, TriZetto reserves the right to supplement its objections and responses.

9.    Without waiving any of the foregoing general objections, TriZetto responds to the Interrogatories, subject to the following additional express reservation of rights:

a.    The right to object on any ground whatsoever to the admission into evidence or other use of any Interrogatory Responses in any subsequent step or proceeding in this action or any other action;

b.    The right to object on any and all grounds, at any time, to any other discovery requests or other discovery procedures involving or relating to the subject matter of these Interrogatories; and

c.    The right at any time to revise, correct, add to or clarify any of the responses propounded herein.

The foregoing general objections and qualifications shall be deemed incorporated in full in the Responses to each specific Interrogatory set forth below.

## RESPONSES

**INTERROGATORY NO. 3:**

For each product, system, or service identified in response to Interrogatory No. 2, state in complete detail each and every basis for your assertion that TriZetto's sales, offers for sale, licensing, or offers for licensing do not infringe, contribute to the infringement of, or actively

3

induce others to infringe, any claim of the '164 patent. Your response should, by means of a claim chart, state TriZetto's interpretation of each element of the '164 patent claims (including whether the element should be interpreted under section 112, paragraph 6 and, if so, identifying the structure in the specification of the patent that corresponds to the recited element), state whether or not each claim element is present in or practiced by the products, systems, or services identified in response to Interrogatory No. 2, and, if not, an explanation of how each product, system, or service identified in response to Interrogatory No. 2 operates or functions differently than, and does not include a substantial equivalent of, any such claim element.

**RESPONSE TO INTERROGATORY NO. 3:**

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto incorporates by reference its response to McKesson's Interrogatory No. 2.

TriZetto objects to this interrogatory as overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The interrogatory purports to require TriZetto to provide a claim construction for every term of every claim in the '164 patent. To date, McKesson has not identified which claims of the '164 patent it is asserting, thus requiring TriZetto to state its claim construction of every term of every claim is unreasonable.

TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a privilege log in accordance with the Federal Rules of Civil Procedure at a future date.

4

TriZetto objects to this interrogatory on the grounds that it contains multiple sub-parts and purports to require TriZetto to respond to multiple different interrogatories through the use of sub-parts.

TriZetto objects on the basis that discovery and investigation are on-going and it continues to gather evidence which may affect its answer to this interrogatory. Thus, TriZetto reserves the right to amend, modify or add to its response to this interrogatory during the course of this lawsuit

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

TriZetto reasserts and reincorporates be reference herein its previous response to Interrogatory No. 3, and the general objections set forth above. Additionally, claim construction in this action has not occurred, and discovery has only just begun with no depositions having been conducted to date. The information contained in this response is based on information that is reasonably available to Trizetto at the present time. TriZetto's non-infringement contentions are as specific as possible at this time. Accordingly, TriZetto reserves the right to supplement, amend and augment its response to this interrogatory as new, additional and different information is learned and discovered and when the claims at issue are construed by the Court. Subject to and without waiving those objections, TriZetto supplements its previous response as follows.

TriZetto's Claimfacts, Facets and Quicklink products (collectively, the "Accused Products") do not infringe the claims of the '164 patent because at least the following substantial differences exist between the Accused Products and the apparatus and method described, disclosed and claimed in the '164 patent.

First, the Accused Products do not utilize the same structure(s) described in the '164

patent. The '164 patent contains elements that are expressed as a "means or step for performing a specified function without the recital of structure, material, or acts in support thereof." 35 U.S.C. § 112, ¶ 6. The corresponding structure described in the specification of the '164 patent for the means plus function elements of the claims at issue are substantially different from those corresponding structures used and implemented in the Accused Products. The computer program, data sets, rules, examples and other criterion set forth in the specification of the '164 patent (an appendices therein) are substantially different than those utilized by the Accused Products, which produces different results. Without limiting the foregoing, and by way of illustration, the computer program set forth in Appendix D of the '164 patent establishes a particular sequence of events for processing specific rules by which the computer program acts. The Accused Products do not utilize that sequence, nor do the employ the same data sets, database and other criterion set forth in the '164 patent. Moreover, the rules and interplay with TriZetto's database yields different results than those described in the specification of the '164 patent, thus there is no infringement either literally or through the doctrine of equivalence.

Second, the "predetermined database" described, disclosed and claimed in the '164 patent is substantially different than the one used, compiled and developed by TriZetto for the Accused Products. As observed and recognized by McKesson, use of the TriZetto database yields different results than those obtained when practicing the invention.

Third, Trizetto does not make, use or sell a "computer system" as described, disclosed and claimed in the '164 patent. The Accused Products do not include a "central processing unit" or "associated memory," as described, disclosed and claimed in the '164 patent.

Fourth, the Accused Products do not contain the "set of relationships among the medical service codes," as described, disclosed and claimed in the '164 patent. The Accused Products

6

analyze and review different data sets, information, codes, relationships and interactions than those described, disclosed and claimed in the '164 patent, which yields different results than those obtained using the methodology claimed in the '164 patent.

Fifth, the Accused Products do not practice the methods described, disclosed and claimed in the '164 patent. The Accused Products do not contain fixed or static processes. Rather the processes employed by the Accused Products is dynamic and may be changeable by and through the interaction of the user. Specifically, the processes utilized by the Accused Products are modified, customized and changeable by the end-user.

Sixth, the Accused Products use and rely on medically derived criterion in rejecting medical service codes. Specifically, the Accused Products incorporate and include patient specific data, diagnostic codes, patient history and patient specific data to arrive at a final determination as to whether a specific medical claim and associated code is appropriate. Thus, the Accused Products incorporate, utilize and rely on data and input that patentee has disclaimed by way of prosecution history estoppel.

**INTERROGATORY NO. 4:**

For each claim of the '164 patent, state whether TriZetto relies or will rely at trial on the doctrine of prosecution history estoppel as a basis for non-infringement under the doctrine of equivalents and explain in detail each fact that supports or refutes or otherwise relates to TriZetto's allegation of prosecution history estoppel for each such claim and explain in detail why such facts would or would not support a finding of non-infringement.

**RESPONSE TO INTERROGATORY NO. 4:**

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto objects to this interrogatory as overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The interrogatory purports to require TriZetto to provide a claim construction for every term of every claim in the '164 patent. To date, McKesson has not identified which claims of the '164 patent it is asserting, thus requiring TriZetto to state its claim construction of every term of every claim, including claims which may not be at issue in this action, is unreasonable.

TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a privilege log in accordance with the Federal Rules of Civil Procedure at a future date.

TriZetto objects to this interrogatory on the grounds that it contains multiple sub-parts and purports to require TriZetto to respond to several different interrogatories through the use of sub-parts.

TriZetto objects on the basis that discovery and investigation are on-going and it continues to gather evidence which may affect its answer to this interrogatory. Thus, TriZetto reserves the right to amend, modify or add to its response to this interrogatory during the course of this lawsuit.

Subject to these objections, and TriZetto's General Objections, which are incorporated herein, TriZetto responds that it will provide a claim chart, which addresses whether the doctrine of prosecution history estoppel limits the scope of any asserted claims of the '164 patent at the appropriate time required by the Court's Scheduling Order.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

TriZetto reasserts and reincorporates be reference herein its previous response to Interrogatory No. 4, and the general objections set forth above. Additionally, claim construction in this action has not occurred, and discovery has only just begun with no depositions having been conducted to date. The information contained in this response is based on information that is reasonably available to TriZetto at the present time. TriZetto's identification of the facts relating to its prosecution history estoppel defense/theory of non-infringement is as specific as possible at this time. Accordingly, TriZetto reserves the right to supplement, amend and augment its response to this interrogatory as new, additional and different information is learned and discovered and when the claims at issue are construed by the Court. Subject to and without waiving those objections, TriZetto supplements its previous response as follows.

As explained and set forth in its Supplemental Response to Interrogatory No. 3 (which is incorporated herein by this reference). TriZetto will rely on the theory of prosecution history estoppel in this matter to demonstrate, *inter alia*, that the claims of the '164 patent do not read on the Accused Products and that the patentee specifically relinquished claim coverage during prosecution that cannot now be reclaimed in litigation. As but one example, the positions taken by the patentee in response to certain office actions (*see, e.g.* MCK 00239-243 & MCK 00290-300), illustrate that the claims at issue in this matter exclude the use and reliance on patient information, data, medical condition and prognosis in determining whether or not the medical service claims are appropriate. The Accused Products do include or rely on patient specific information, and as such do not infringe the claims of the '164 patent. As a further example, the prosecution history makes clear that the claims of the '164 patent do not concern whether or not the health care services performed were appropriate based on criterion other than the medical service code. Again, the Accused Products rely on and utilize criterion that the patentee

9

disclaimed during prosecution so as to establish an estoppel in this matter. *See, e.g.*, MCK 292.

Additional examples are also provided in the prosecution history. TriZetto will supplement and amend its responses as new and additional information and evidence is obtained and learned.

## INTERROGATORY NO. 6:

State in complete detail each and every basis for your assertion that the claims of the '164 patent are invalid under 35 U.S.C. §§ 102 or 103. Your response should, without limitation: identify each prior art reference you contend anticipates any claim of the '164 patent under 35 U.S.C. § 102 and each prior art reference or combination of references you contend renders any claim of the '164 patent obvious under 35 U.S.C. § 103; state in complete detail, by means of a claim chart, where TriZetto contends each limitation of any allegedly invalid claim of the '164 patent is disclosed by each reference or combination of references; and state in complete detail the basis for TriZetto's assertion that one of ordinary skill in the art at the time of the '164 patent's invention would have been motivated to combine or modify any prior art reference or combination of references TriZetto contends is invalidating under 35 U.S.C. § 103.

## RESPONSE TO INTERROGATORY NO. 6:

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto objects to this interrogatory as overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The interrogatory purports to require TriZetto to provide a claim construction for every term of every claim in the '164 patent in the context of providing TriZetto's invalidity contentions. To date, McKesson has not identified which claims of the '164 patent it is asserting, thus requiring TriZetto to state its claim construction and invalidity contentions for every claim of the '164 patent is unreasonable.

10

TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a privilege log in accordance with the Federal Rules of Civil Procedure at a future date.

TriZetto objects to this interrogatory on the grounds that it contains multiple sub-parts and purports to require TriZetto to respond to several different interrogatories through the use of sub-parts.

TriZetto objects on the basis that discovery and investigation are on-going and it continues to gather evidence which may affect its answer to this interrogatory. Thus, TriZetto reserves the right to amend, modify or add to its response to this interrogatory during the course of this lawsuit.

Subject to these objections, and TriZetto's General Objections, which are incorporated herein, TriZetto will produce copies of all invalidating prior art of which it is currently aware, or becomes aware, and that it will provide a claim construction chart setting forth its invalidity contentions at the appropriate time required by the Court's Scheduling Order.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

TriZetto reasserts and reincorporates be reference herein its previous response to Interrogatory No. 6, and the general objections set forth above. Additionally, claim construction in this action has not occurred, and discovery has only just begun with no depositions having been conducted to date. The information contained in this response is based on information that is reasonably available to TriZetto at the present time. TriZetto's identification of prior art is as specific as is possible at this time. Accordingly, TriZetto reserves the right to supplement,

11

amend and augment its response to this interrogatory as new, additional and different information is learned and discovered and when the claims at issue are construed by the Court. Subject to and without waiving those objections, TriZetto supplements its previous response as follows:

First, the claims of the '164 patent are invalid and unenforceable against TriZetto because at least three references cited by the patent examiner during prosecution of the '164 patent and 23 additional prior art references together completely disclose and describe the apparatus and methods claimed and described by the '164 patent, rendering the patent invalid as either anticipated or obvious under 35 U.S.C. §§ 102 & 103. Set forth below is a chart of the prior art references that TriZetto presently contends anticipate one or more claims of the patent in suit or render one or more claims obvious.

|   | Author, Title & Source | Anticipates/Renders Obvious |
|---|---|---|
| 1. | *System validates medical fee schedules,* Best Review: Life/Health, June 1987, 92 | Anticipates/Renders Obvious |
| 2. | Weitzel, J.R., et al., *A Company / University Joint Venture to build a knowledge-based system,* MIS Quarterly, Vol. 12, No. 1, March 1988, 23-34 | Anticipates/Renders Obvious |
| 3. | Kerschberg, L. "A Proposal for the Development of an Expert System for Medical Claims Processing: MEDCLAIM," Institute of Information Management, Technology and Policy, College of Business Administration, University of South Carolina, Columbia, SC, (July 1985). | Anticipates/Renders Obvious |
| 4. | Weitzel, J.R. and Kerschberg, L. "Developing Knowledge-Based Systems: Reorganizing the System Development Life Cycle," working paper, University of South Carolina, Columbia, SC and George Mason University, Fairfax, VA (December 1986). | Renders Obvious |

| | Author, Title & Source | Anticipates/Renders Obvious |
|---|---|---|
| 5. | Ronald Hurst, *Cost Containment – The Caterpillar Experience*, The Psychiatric Hospital, vol. 13, no. 3 (1982). | Renders Obvious |
| 6. | Egdahl, M.D. and Hertenstein, M.D., *An Access-oriented Negotiated Fee Schedule: The Caterpillar Experience*, Ann Surg., 206(3), pp. 349-57 (Sept. 1987). | Renders Obvious |
| 7. | Bauer JW, Cassidy TG, DeBord JR, Hart RD, Lee RH, Maher JE, Montgomery CE, Neufeld GK, Rivan RJ, Soderstrom CW, et al., Related Articles, *An access-oriented negotiated fee schedule: the Caterpillar experience*, Ann Surg., 208(5), pp. 667-8 (Nov. 1988). | Renders Obvious |
| 8. | Waterman, Donald A. (The Rand Corporation), *A Guide to Expert Systems*, Addison-Wesley Publishing, Inc. (1985). | Renders Obvious |
| 9. | McDermott, John, *Artificial Intelligence Applications for Business: Building Expert Systems*, Proceedings of the NYU Symposium (May 1983). | Renders Obvious |
| 10. | Gerson, Elihu and Star, Susan Leigh, *Analyzing Due Process in the Workplace*, ACM Transactions on Office Information systems, vol. 4, no. 3 (July 1986). | Renders Obvious |
| 11. | Hayes-Roth, Frederick, *et. al., Building Expert Systems: An Overview of Expert Systems*, Addison-Wesley Publishing, Inc. (1985). | Renders Obvious |
| 12. | Taylor, Edward, *Developing A Knowledge Engineering Capability in the TRW Defense Systems Group*, The AI Magazine (Summer 1985) | Renders Obvious |
| 13. | Bobrow, Daniel, *et. al., Expert Systems: Perils and Promise*, Computing Practices, Communications of the ACM, vol. 29, no. 9 (Sept. 1986) | Renders Obvious |
| 14. | Genesereth, Michael, Ginsberg, Matthew, *Logic Programming*, Communications of the ACM, vol. 28, no. 9 (Sept. 1985). | Renders Obvious |

| | Author, Title & Source | Anticipates/Renders Obvious |
|---|---|---|
| 15. | Yasdi, Ramin, *Modeling Database Based Expert Systems at the Conceptual Level*, Proceedings of the 1985 ACM Computer Science Conference (March 1985). | Renders Obvious |
| 16. | Colmerauer, Alain, *Prolog in 10 Figures*, Communications of the ACM, vol. 28, no. 12 (Dec. 1985). | Renders Obvious |
| 17. | Hayes-Roth, Frederick, *Rule-Based Systems*, Communications of the ACM, vol. 28, no. 9 (Sept. 1985). | Renders Obvious |
| 18. | Weitzel, J.R. and Kerschberg, L. *A System Development Methodology for Knowledge-Based Systems*, IEEE Transactions on Systems, Man and Cybernetics, vol. 19, no. 3 (May/June 1989). | Renders Obvious |
| 19. | Winston, Patrick H., Prendergast, Karen A., *The AI Business: The Commercial Uses of Artificial Intelligence*, The MIT Press (1984) | Renders Obvious |
| 20. | Mack, Barbara, *A Prescription for Cutting Corporate Health Expenses*, Wall Street Journal (Jul. 18, 1983). | Renders Obvious |
| 21. | U.S. Pat. No. 4,591,983, issued May 27, 1986 (Bennett patent) | Anticipates/Renders Obvious |
| 22. | U.S. Pat. No. 4,667,292, issued May 19, 1987 (Mohlenbrock patent) | Anticipates/Renders Obvious |
| 23. | U.S. Pat. No. 5,018,067, issued May 21, 1991 (Mohlenbrock 2 patent) | Renders Obvious |
| 24. | U.S. Pat. No. 5,070,452, issued Dec. 3, 1991 (Doyle patent) | Renders Obvious |
| 25. | U.S. Pat. No. 4,803,641, issued Feb. 7, 1989 (Hardy patent) | Renders Obvious |
| 26. | Jap. Appl. No. 55-107352, entitled " Medical business system," published Feb. 24, 1982 (Yoshikuni App.) | Anticipates/Renders Obvious |

14

In addition, the following references in combination with those cited and referenced above render one or more claims of the '164 patent obvious.

1.  Marva J. Crouff, *Automating Claims Processing,* Insurance Software Review, Autumn 1988, pp. 52, 54.

2.  *Enhancing Accuracy and Timeliness is Integral to the Claims Adjudication Process,* Employee Benefit Plan Review, Anonymous, Dec. 1985, pp. 10-12.

3.  *Expert System identifies miscoded health claims,* Bests Review: Life/Health, November 1990, 60

4.  *Claims editing software runs coding rule checks,* Bests Review: Life/Health, November 1990, 62

5.  Woolsey, C., *Employer spots inflated medical bills,* Business Insurance, June 25, 1990, 3

6.  Leary, E., *SSA applies expertise to develop expert systems (Spotlight on AI-expert systems, Social Security Administration),* Government Computer News, Vol. 6, No. 17, August 28, 1987, 49(3)

7.  Beard, P., *Blue Cross develops insurance claim ES,* AIWeek, Vol. 6, No. 7, April 1, 1989, 3

8.  Sullivan-Trainor, M., *Catching new clients,* Computerworld, Vol. 21, No. 50, December 14, 1987, 95, 99

9.  Snyeder, C., *From research to reality: the leading edge of expert systems,* Insurance Software Review, Vol. 12, No. 3, Autumn 1987, 22-4, 26-7, 30

10. Christensen, J., *Insuring,* High Technology Business, Vol. 8, No. 10, October 1988, 47-8

11. *Expert Systems In the Insurance Industry: 1987 Survey Report Update,* Coopers and Lybrand, 1987

12. Pallatto, J., *Expert system cures the blues (Blue Cross develops insurance claims analysis system NERSys),* PC Week, Vol. 5, No. 50, December 12, 1988, 35, 44.

13. Gladwell, Malcolm, *Computer Firm Finds the Link for Health Care,* Washington Business, December 5, 1988, 5-6

14. Freudenheim, Milt, *Insurers vs. Doctors: A Software Battleground,* New York Times (Nov. 15, 1989)

15. Riordan, Teresa, *Patents: A software-technology infringement case against Microsoft goes to trial in Federal Court,* New York Times (Jan. 24, 1994).

16. U.S. Pat. No. 4,858,121, issued Aug. 15, 1989 (Barber patent)

17. U.S. Pat. No. 4,658,370, issued Apr. 14, 1987 (Erman patent)

Second, the '164 patent is invalid under 35 U.S.C. § 102(b), because the CodeReview product from McKesson's predecessor in interest was in public use and/or on-sale more than one year prior to the date that the priority application was filed. This is evidenced by at least the following publicly available references: (1) U.S. Trademark No. 1,624,579, registered November 27, 1990 (CodeReview Mark); and (2) Bhide, Amar and Mohan, Brian, *Marcia Radosevich and Health Payment Review: 1989(A)*, Harvard Business School, 9-394-204 (Feb. 1999). Additional documents produced by McKesson reveal that prior to the CodeReview product being finalized, a "prototype" was being sold, offered for sale and/or given away to customers and prospects well before the priority application was filed.

Third, the '164 patent is invalid under 35 U.S.C. §§ 102(a) & 102(g), insofar as the invention disclosed and claimed therein was made by others and in use by others prior to the date of invention for the '164 patent. Specifically, Medical C Schedule and Audit System and MediStar from Insurance Software Packages, Inc., and Code Advisor and ClaimCheck from Gabrieli Medical Information Systems, Inc. These systems were used and offered for sale by others before the date of invention of the '164 patent.

Fourth, the '164 patent is invalid under 35 U.S.C. § 102(f). The invention described, disclosed and claimed in the '164 patent was not conceived by the inventors listed in the patent. The claims of the '164 patent each describe and claim a "computer system" that depends upon and interacts with a "predetermined database stored in the associated memory." TriZetto is informed and believes that the named inventors lacked sufficient knowledge and detail so as to conceive and/or reduce to practice a "predetermined database stored in the associated memory." Others, who were not identified in the patent were the persons who conceived and reduced this invention to practice.

16

**INTERROGATORY NO. 7:**

State in complete detail each and every basis for your assertion that the claims of the '164 patent are invalid because they do not particularly point out and distinctly claim the subject matter of the invention.

**RESPONSE TO INTERROGATORY NO. 7:**

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto objects to this interrogatory as overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The interrogatory purports to require TriZetto to provide a claim construction for every term of every claim in the '164 patent in the context of providing TriZetto's invalidity contentions. To date, McKesson has not identified which claims of the '164 patent it is asserting, thus requiring TriZetto to state its claim construction and invalidity contentions for every claim of the '164 patent is unreasonable.

TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a privilege log in accordance with the Federal Rules of Civil Procedure at a future date.

TriZetto objects to this interrogatory on the grounds that it contains multiple sub-parts and purports to require TriZetto to respond to several different interrogatories through the use of sub-parts.

TriZetto objects on the basis that discovery and investigation are on-going and it continues to gather evidence which may affect its answer to this interrogatory. Thus, TriZetto

reserves the right to amend, modify or add to its response to this interrogatory during the course of this lawsuit.

Subject to these objections, and TriZetto's General Objections, which are incorporated herein, TriZetto will provide a claim construction chart setting forth its invalidity contentions at the appropriate time required by the Court's Scheduling Order.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

TriZetto reasserts and reincorporates be reference herein its previous response to Interrogatory No. 7, and the general objections set forth above. Additionally, claim construction in this action has not occurred, and discovery has only just begun with no depositions having been conducted to date. The information contained in this response is based on information that is reasonably available to TriZetto at the present time. TriZetto's identification of the facts relating to its written description and/or definiteness defense is as specific as possible at this time. Accordingly, TriZetto reserves the right to supplement, amend and augment its response to this interrogatory as new, additional and different information is learned and discovered and when the claims at issue are construed by the Court. Subject to and without waiving those objections, TriZetto supplements its previous response as follows:

Contrary to the requirements of 35 U.S.C. § 112, ¶ 2, the patentee has failed to distinctly claim the subject matter of the invention. Specifically, the use of the word "valid" in the claims of the '164 patent is inconsistent with that defined and disclosed in the patent specification, resulting in a lack of definiteness with regard to the claims and the scope of the invention. The patentee has ascribed two or more meanings to the term "valid," which are inconsistent and render the claims of the patent indefinite. Additionally, the patentee's use of the word "non-medical criteria," is also indefinite. Unlike the term "valid," the patentee does not appear to have

18

ascribed any meaning to the term "non-medical criteria," thus rendering the patent and its claims invalid and indefinite.  Additional examples of indefiniteness are also present in the patent. TriZetto will supplement and amend its responses as new and additional information and evidence is obtained and learned.

* * *

Due to the scope of the Interrogatories as drafted, TriZetto's supplemental responses to Interrogatories 6 & 7 above are not intended to be (and should not be construed to be) an exhaustive list of all bases and grounds for its invalidity contentions.  Additional grounds for invalidity of the '164 patent exist, including, but not limited to, the failure to disclose best mode in accordance with 35 U.S.C. § 112, ¶ 1 and improper subject matter under 35 U.S.C. § 101. Still further, the '164 patent is invalid under common law doctrines, including, but not limited to, the mental steps and the mathematical algorithms doctrines.

Dated:  May 5, 2005

GIBSON, DUNN & CRUTCHER LLP

Michael A. Sitzman
Montgomery Tower
One Montgomery Street
San Francisco, California  94104
(415) 393-8200

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (No. 1014)
Rodger D. Smith, II (No. 3778)
1201 N. Market Street
Wilmington, Delaware  19899
(302) 658-9200

Attorneys for Defendant
The Trizetto Group, Inc.

40210463_5.DOC

## DECLARATION OF SERVICE

I, the undersigned, declare that I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Montgomery Tower, 1 Montgomery St., San Francisco, CA 94104, in said County and State, and on the date indicated below, I served the within:

### THE TRIZETTO GROUP, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORIES NOS. 3, 4, 6 & 7

by placing a true copy thereof in an envelope addressed to each of the persons named below at the address shown:

☑ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐ **BY FACSIMILE:** From facsimile machine telephone number (650) 849-5333, on the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by facsimile transmission to the person[s] at the number[s] indicated.

☐ **BY FEDERAL EXPRESS:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for delivery by Federal Express. Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to Federal Express with a fully completed airbill, under which all delivery charges are paid by Gibson, Dunn & Crutcher, that same day in the ordinary course of business.

☑ **BY ELECTRONIC MAIL:** From an IBM computer, e-mail address msitzman@gibsondunn.com in PDF format, to the e-mail addresses listed in the following Service List on the date indicated.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that the foregoing document(s) were printed on recycled paper.

☑ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court or who has been admitted pro hac vice at whose direction the service was made.

Executed on May 5, 2005 at San Francisco, California.

MICHAEL A. SITZMAN

## SERVICE LIST

By Electronic Mail and U.S. Mail:
Jeffrey G. Randall                              jrandall@skadden.com
David W. Hansen                                 dhansen@skadden.com
Michael C. Hendershot                           mhenders@skadden.com
Donna Hill                                      dhill@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301

Telephone:  (650) 470-4500
Facsimile:  (650) 470-4570

By Electronic Mail and U.S. Mail:
Thomas J. Allingham II                          talling@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Willimington, DE  19899

Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001