UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

McKESSON INFORMATION SOLUTIONS LLC,

        Plaintiff,

v.

THE TRIZETTO GROUP, INC.

        Defendant.

Case No. 04-1258-SLR

Honorable Sue L. Robinson

---

Donna Hill
Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Plaintiff
525 University Avenue, Ste. 1100
Palo Alto, CA 94301
(650) 470-4500

Thomas J. Allingham, II
Michael A. Barlow
Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Plaintiff
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000

Joseph A. Fink (P13428)
Kathleen A. Lang (P34695)
Scott R. Knapp (P61041)
Dickinson Wright PLLC
Attorneys for Non-Party Blue Cross Blue
   Shield of Michigan
215 S. Washington Square, Ste. 200
Lansing, MI 48933
(517) 371-1730

Jack B. Blumenfeld
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell
Attorneys for Defendant
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

---

**NON-PARTY BLUE CROSS BLUE SHIELD OF MICHIGAN'S
MOTION FOR PROTECTIVE ORDER**

    NOW COMES Blue Cross Blue Shield of Michigan ("BCBSM"), by and through its attorneys, Dickinson Wright PLLC, pursuant to Fed. R. Civ. P. 26(b) and (c), and for its captioned pleading states:

1. BCBSM is not a party to this litigation.

2. On or about April 22, 2005, Ms. Donna Hill, counsel for Plaintiff McKesson Information Solutions LLC ("McKesson"), issued a "Subpoena in a Civil Case" (the "Subpoena") with respect to BCBSM. In accordance with D. Del. LR 37.1, the Subpoena is attached to this Motion as Exhibit A. All exhibits are located in the "Appendix" to this Motion.

3. Ms. Hill issued the Subpoena out of the U.S. District Court for the Eastern District of Michigan, commanding BCBSM to produce and permit inspection and copying of certain documents at XACT, 535 Griswold Street #512, Detroit, Michigan 48226, on May 11, 2005 at 9:00 a.m.

4. Specifically, the Subpoena demands BCBSM to produce the following:

    a. All brochures, presentations, information packages, fact sheets, white papers, or other marketing or sales documents relating to Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

    b. All documents relating to any communications with TriZetto relating to any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

    c. All documents relating to any communications with TriZetto relating to the proposed or actual sale or license of Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

    d. All documents relating to any communications with TriZetto relating to McKesson's ClaimCheck or

        CodeReview, including, the use of McKesson's ClaimCheck or CodeReview as the clinical editing or auditing component of Facets.

e.     All documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic), with either (b) McKesson's ClaimCheck or CodeReview, (c) any other TriZetto Product, or (d) any other product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing.

f.     Any analysis communicated to or performed by you regarding the integration of McKesson's ClaimCheck or CodeReview into Facets.

g.     All documents relating to the process or analysis you went through in deciding whether or not to purchase Facets, including the bases for and factors considered in making your decision.

h.     All documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco or any product, system, or service that is capable of, or includes a component capable of, performing clinical editing or

        auditing that was offered by TriZetto after October 2000 (i.e., after completion of the Erisco merger).

    i. All documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS.

    j. All documents relating to any communications with TriZetto relating to this lawsuit or U.S. Patent No. 5,253,164.

5. As evidenced by the Affidavit of Michael T. Zajac (attached as Exhibit B), the documents requested are, <u>inter alia</u>, extremely voluminous and not centrally located, and the gathering and production of such documents would be prohibitively costly and unduly burdensome. Moreover, the discovery requested is not relevant to the instant litigation, is not reasonably calculated to lead to the discovery of admissible evidence, and is unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive. The burden or expense of the proposed discovery on BCBSM outweighs its likely benefit. In addition, certain of the requested documents are protected by the attorney-client privilege, the work product doctrine, and/or contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

6. As evidenced by the Affidavit of Scott R. Knapp (attached as Exhibit C), pursuant to Fed. R. Civ. P. 26(c), BCBSM certifies that it has in good faith conferred with McKesson in an effort to resolve the dispute without court action.

7. Pursuant to Fed. R. Civ. P. 26(c), this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had."

WHEREFORE, BCBSM respectfully requests that this Honorable Court grant its Motion for Protective Order and enter an order providing that discovery as to BCBSM, including the document requests that are the subject of the April 22, 2005 Subpoena in a Civil Case, "shall not be had," and/or providing other and further relief as is just and equitable. In addition, BCBSM requests that it be awarded its costs, including a reasonable attorney fee, incurred in seeking this protective order.

The basis for this Motion is more fully set forth in the accompanying Brief in Support of Non-Party Blue Cross Blue Shield of Michigan's Motion for Protective Order, and the attached exhibits.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By: ____/s/_____
  Joseph A. Fink (P13428)
  Kathleen A. Lang (P34695)
  Scott R. Knapp (P61041)
Attorneys for Non-Party Blue Cross Blue
  Shield of Michigan
215 S. Washington Square, Suite 200
Lansing, MI 48933-1816
(517) 371-1730

Dated: May 25, 2005

LANSING 19276-96 358282v2

5