UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

McKESSON INFORMATION
SOLUTIONS LLC,

      Plaintiff,

                               Case No. 04-1258-SLR

v.

                               Honorable Sue L. Robinson

THE TRIZETTO GROUP, INC.

      Defendant.

_____/

Donna Hill
Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Plaintiff
525 University Avenue, Ste. 1100
Palo Alto, CA 94301
(650) 470-4500

Thomas J. Allingham, II
Michael A. Barlow
Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Plaintiff
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000

Joseph A. Fink (P13428)
Kathleen A. Lang (P34695)
Scott R. Knapp (P61041)
Dickinson Wright PLLC
Attorneys for Non-Party Blue Cross Blue
   Shield of Michigan
215 S. Washington Square, Ste. 200
Lansing, MI 48933
(517) 371-1730

Jack B. Blumenfeld
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell
Attorneys for Defendant
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

_____/

**APPENDIX**

**NON-PARTY BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION FOR
PROTECTIVE ORDER**

## TABLE OF CONTENTS OF APPENDIX

Exhibit A – McKesson Subpoena to BCBSM ............................................................... A-1

Exhibit B – Affidavit of Michael T. Zajac ................................................................. A-10

Exhibit C – Affidavit of Scott R. Knapp ................................................................... A-16

Exhibit D – BCBSM's Rule 45 Objections to McKesson Subpoena .......................... A-21

Exhibit E – April 12, 2005 Hearing Transcript ......................................................... A-34

Exhibit F – April 28, 2005 Hearing Transcript ......................................................... A-40

Exhibit G – McKesson Subpoena to Great Lakes Health Plan, Inc. .......................... A-59

# Exhibit A

A-1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301-1908

TEL (650) 470-4500
FAX (650) 470-4570
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D C
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SIDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
650-470-4513

April 22, 2005

Custodian of Records
Blue Cross Blue Shield of Michigan
600 East Lafayette Street
Detroit, MI 48226-2998

Re:    McKesson Information Solutions LLC v. The TriZetto Group, Inc.
       Delaware District Court Case No. 04-1258 SLR

Dear Sir/Madam:

    We represent McKesson Information Solutions LLC in the above-described
action. You have been issued the enclosed subpoena commanding you to produce
certain documents in this case. Also enclosed is a copy of the District of Delaware's
Local Rule 26.2, which currently governs the production of confidential documents
in this case while the parties finalize the terms of an appropriate protective order.

    If you have any questions regarding this matter, please feel free to contact
Donna Hill at (650) 470-4518 or me at the phone number listed above. Thank you
for your cooperation.

                                        Very truly yours,

                                        Bernard C. Shek

BCS:mf

Enclosures

A-2

RAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN    DISTRICT OF    MICHIGAN

McKESSON INFORMATION SOLUTIONS LLC

v.

THE TRIZETTO GROUP, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number: 04-1258 SLR
(Case is Pending in the U.S. District
Court, District of Delaware)

TO:  Custodian of Records

Blue Cross Blue Shield of Michigan
600 East Lafayette Blvd.
Detroit, MI 48226-2998

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A.

| PLACE XACT          Contact: Irvin Marchand | DATE AND TIME |
|---|---|
| 535 Griswold St., #512, Detroit, MI 48226 | May 11, 2005; 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Donna Hill, Attorney for Plaintiff | April 22, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Donna Hill                          Telephone: (650) 470-4518
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Ste. 1100, Palo Alto, CA 94301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

American Legalnet, Inc.
www.USCourtForms.com

A-3

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| **SERVED:** | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                     SIGNATURE OF SERVER

                                                                    _____
                                                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may be ordered to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

American LegalNet, Inc.
www.USCourtForms.com

A-4

ATTACHMENT A

Instructions and Definitions

1.      The term "McKesson" refers to McKesson Information Solutions, LLC.

2.      The term "TriZetto" refers to The TriZetto Group, Inc.

3.      The term "Erisco" refers to Erisco Managed Care Technologies, Inc.

4.      The term "IMS" refers to IMS Health Incorporated.

5.      The term "Facets" refers to any product, system, or service made, operated, sold, offered for sale, licensed, offered for license, marketed, or distributed by TriZetto or its predecessor-in-interest Erisco that bears, uses, or is associated with the name "Facets," "Facets Extended Enterprise," or "Facets e²."

6.      The term "clinical editing or auditing" refers to clinical editing or auditing of medical payment claims, including the detection or correction of unbundled medical procedures or claims billed incorrectly due to coding errors.

7.      The term "TriZetto Product" refers to any product, system, or service made, operated, sold, offered for sale, licensed, offered for license, marketed, or distributed by TriZetto capable of, or including a component capable of, performing clinical editing or auditing.

8.      The term "communication" means the transmission of information by any means, including verbal, written, and electronic means.

9.      The term "document" shall have the broadest possible meaning permitted by Federal Rule of Civil Procedure 34(a) and shall encompass all documents that are within your custody, possession, or control.  The term "document" includes any tangible thing, electronic or computer records, e-mail, and audio and/or visual recordings.  Each

A-5

draft or non-identical copy of a document is deemed a separate document with the meaning of the term "document."

10.    The term "relating to" means, without limitation, describing, reflecting, regarding, concerning, identifying, containing, discussing, constituting, or referring to.

11.    If you withhold any document, or any part of a document, under a claim of attorney-client privilege, work product, or other ground of non-production, you must provide in writing a list identifying every such document entirely or partially withheld and stating for each document the following information: (1) the nature of the privilege or ground being asserted; (2) the type or form of the document (e.g., letter, memorandum, e-mail); (3) the general subject matter of the document; (4) the date of the document; (5) the author(s) of the document; and (6) the addressee(s) and recipient(s) of the document.

**Document Requests**

1.    All brochures, presentations, information packages, fact sheets, white papers, or other marketing or sales documents relating to Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

2.    All documents relating to any communications with TriZetto relating to any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

3.    All documents relating to any communications with TriZetto relating to the proposed or actual sale or license of Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

4.    All documents relating to any communications with TriZetto relating to McKesson's ClaimCheck or CodeReview, including, the use of McKesson's ClaimCheck or CodeReview as the clinical editing or auditing component of Facets.

A-6

5.    All documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic), with either (b) McKesson's ClaimCheck or CodeReview, (c) any other TriZetto Product, or (d) any other product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing.

6.    Any analysis communicated to or performed by you regarding the integration of McKesson's ClaimCheck or CodeReview into Facets.

7.    All documents relating to the process or analysis you went through in deciding whether or not to purchase Facets, including the bases for and factors considered in making your decision.

8.    All documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco or any product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing that was offered by TriZetto after October 2000 (i.e., after completion of the Erisco merger).

9.    All documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS.

10.    All documents relating to any communications with TriZetto relating to this lawsuit or U.S. Patent No. 5,253,164.

3

A-7

LOCAL RULES

OF

CIVIL PRACTICE AND PROCEDURE

OF THE

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF DELAWARE

(Amended Effective January 1, 1995)

A-8

RULE 26.2.   Confidentiality.

If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

*Source: Former Local Rule 26.2.*

A-9

# Exhibit B

A-10

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

McKESSON INFORMATION SOLUTIONS
LLC,

        Plaintiff,

                                Case No. 04-1258-SLR

v.

                                Honorable Sue L. Robinson

THE TRIZETTO GROUP, INC.

        Defendant.

_____/

| | |
|---|---|
| Donna Hill<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Attorneys for Plaintiff<br>525 University Avenue, Ste. 1100<br>Palo Alto, CA 94301<br>(650) 470-4500 | Joseph A. Fink (P13428)<br>Kathleen A. Lang (P34695)<br>Scott R. Knapp (P61041)<br>Dickinson Wright PLLC<br>215 S. Washington Square, Ste. 200<br>Lansing, MI 48933<br>(517) 371-1730 |

Thomas J. Allingham, II                    Attorneys for Non-Party Blue Cross Blue
Michael A. Barlow                        Shield of Michigan
Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Plaintiff
One Rodney Square                       Jack B. Blumenfeld
P.O. Box 636                               Rodger Dallery Smith, II
Wilmington, DE 19899                Morris, Nichols, Arsht & Tunnell
(302) 651-3000                         Attorneys for Defendant
                                      1201 North Market Street
                                      P.O. Box 1347
                                      Wilmington, DE 19899
                                      (302) 658-9200

_____/

**AFFIDAVIT OF MICHAEL T. ZAJAC**

STATE OF MICHIGAN    )
                            ) ss
WAYNE COUNTY       )

A-11

Michael T. Zajac, being duly sworn, states as follows:

1.      I am the Principal Counsel for the Information Systems Division of Blue Cross Blue Shield of Michigan ("BCBSM"). I have reviewed the April 22, 2005 subpoena served on BCBSM by counsel for McKesson Information Solutions LLC ("McKesson"), which relates to the captioned case, McKesson Information Solutions LLC v. The TriZetto Group, Inc., Case No. 04-1258-SLR (D. Del.). I submit this affidavit in support of Non-Party Blue Cross Blue Shield of Michigan's Motion for Protective Order. I am personally familiar with and competent to testify to the following facts.

2.      The Subpoena seeks production of, inter alia, BCBSM documents which relate to a "comparison" made by BCBSM with regard to certain software components used to process claims. BCBSM's New System Implementation Project (the "NSI Project") lasted approximately 5 years beginning in January 2000 to become HIPAA compliant. The project evolved to include teams of internal and external resources assigned to the NSI project to configure, test, and implement a combined running production system consisting of 1) Facets software components licensed from The TriZetto Group, Inc, 2) BCBSM and BCN proprietary software and 3) many other third party vendors' software licensed by BCBSM or its HMO subsidiary Blue Care Network. The project included configuring software BCBSM licensed from both parties to the above lawsuit including McKesson's Claim Check application and writing interfaces to enable them to work together. The NSI Project started in early 2000 and ended December 2004. The production system is now running for the use of Blue Care Network in a hosted environment at TriZetto's Customer Care Center in Denver Colorado and still undergoes system modifications such as upgrades, new releases, patches, and routine maintenance.

A-12

3.    The Project's mission was not to determine, and the Project team did not determine, whether any clinical editing and auditing product, system, or service, or any other kind of system component infringed upon the patent of any other clinical editing and auditing product, system, or service under the laws of the United States.

4.    Approximately 200 different persons were working on the Project during its duration.  Contributing employees were from all areas and departments of BCBSM and Blue Care Network, including, as mere example, medical affairs, information systems, and procurement. Many of the key project leaders, such as BCBSM's Chief Information Officer and project manager of the relevant time period are no longer in BCBSM's employ.   In addition dozens of external consultants, vendors, and technical resources were also part of the project team and produced project work.  BCBSM spent in excess of $100,000,000.00 on the massive Project.

5.    After the Project was completed, team members returned to their previous positions, taking their work records and documents along with them.  The BCBSM and BCN employees that were NSI team members that still remain employed by BCBSM or BCN are now possibly located at two locations in Detroit, Michigan; two locations in Southfield, Michigan; one location in Lansing, Michigan; and one location in Grand Rapids, Michigan.

6.    I estimate that hundreds of thousands of pages of work papers and documents were created or reviewed by team members during the Project.  Project documents and work papers are not centrally located within BCBSM.  A project repository we maintain only archived major Project Deliverables, major milestone information and project work plans and tasks.  It was not intended to, nor did it store documents such as evaluations of Claim Check compared to Paces. The records sought for discovery, if they exist, are located in various offices around the State of

3

A-13

Michigan, residing with the individual team members. Some documents are in active files, while some are in storage. No "final" document or report was issued or prepared by the Project team.

7.  In order to comply with the Subpoena, BCBSM would be required to attempt to contact the 200 persons that worked on the Project. Such contact is necessary because each individual Project member had unique responsibilities and each possesses and has knowledge about his/her respective documents. In order to ensure that all relevant documents are located, each individual Project member will be required to be (1) identified; (2) located; and (3) interviewed. BCBSM will then need to determine what documents each individual has in his or her active files, locate those documents, and recall all remaining documents from files that have been sent to storage (which alone takes up to 7-10 business days). BCBSM would then need to store the documents in a central location. Thereafter, the collected set of documents will need to be individually reviewed to determine which of the hundreds of thousands of pages of documents are responsive to the document requests, and then those documents must then be reviewed for confidential and privileged matter. Numerous attorneys were involved in the Project and, thus, all documents would also need to be reviewed for attorney-client privilege and/or work-product protection.

8.  Many of the Project team members are not employees of BCBSM, but rather our subsidiary BCN or external vendors and consultants. Accordingly, many documents are not in BCBSM's possession, but in the custody of BCN and others not subpoenaed. Key Project members are no longer employed by BCBSM or BCN. Locating those individuals, and the responsive documents reviewed created by them, is even more problematic and burdensome.

9.  In order to comply with the Subpoena, BCBSM would be required to pull over 100 employees from existing projects and assignments in order to search their files for responsive

A-14

documents. Such a process would be extremely burdensome and expensive, and likely cost hundreds of thousands of dollars, particularly given the significant disruption it would cause to BCBSM's daily operations.

10.    BCBSM is not a party to the McKesson-TriZetto litigation, has no cognizable interest in the litigation, and would realize absolutely no benefit from complying with the Subpoena.

11.    BCBSM and BCN have ongoing relationships with both McKesson and TriZetto Group, Inc. ("TriZetto"). BCBSM has been a McKesson customer for approximately 15 years. BCBSM would practically be required to go through 15 years worth of documentation to determine what is responsive to the discovery requests and what is not. Project members would thus be required to "weed out" McKesson/TriZetto documents non-responsive to the discovery requests. This process alone could take weeks.

Further affiant says not.

_Michael T. Zajac_
Michael T. Zajac

Subscribed and sworn to before me,
a Notary Public in and for said County,
this 24th day of May, 2005.

_Mary Anne Kilgore_

MARY ANNE KILGORE
NOTARY PUBLIC ST CLAIR CO., MI
MY COMMISSION EXPIRES Feb 24, 2007

acting in wayne

5

A-15