# Exhibit C

A-16

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

McKESSON INFORMATION
SOLUTIONS LLC,

        Plaintiff,

v.

THE TRIZETTO GROUP, INC.

        Defendant.

Case No. 04-1258-SLR

Honorable Sue L. Robinson

---

Donna Hill
Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Plaintiff
525 University Avenue, Ste. 1100
Palo Alto, CA 94301
(650) 470-4500

Thomas J. Allingham, II
Michael A. Barlow
Skadden, Arps, Slate, Meagher & Flom LLP
Attorneys for Plaintiff
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000

Joseph A. Fink (P13428)
Kathleen A. Lang (P34695)
Scott R. Knapp (P61041)
Dickinson Wright PLLC
Attorneys for Non-Party Blue Cross Blue
   Shield of Michigan
215 S. Washington Square, Ste. 200
Lansing, MI 48933
(517) 371-1730

Jack B. Blumenfeld
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell
Attorneys for Defendant
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

---

**AFFIDAVIT OF SCOTT R. KNAPP**

A-17

STATE OF MICHIGAN    )
                     ) ss
COUNTY OF INGHAM     )

    Scott R. Knapp, being duly sworn, states as follows:

    1. I am a member of the firm Dickinson Wright PLLC, and am outside counsel to Blue Cross Blue Shield of Michigan ("BCBSM"). I have been primarily responsible with regard to issues raised by the subpoena dated April 22, 2005 (the "Subpoena") served on BCBSM by counsel for McKesson Information Solutions LLC ("McKesson"), which relates to the captioned case, McKesson Information Solutions LLC v The TriZetto Group, Inc., Case No. 04-1258-SLR (D. Del.). I submit this Affidavit in support of Non-Party Blue Cross Blue Shield of Michigan's Motion for Protective Order. I am personally familiar with the facts stated herein and, if called as a witness, am competent to testify to same.

    2. The Subpoena seeks production of, inter alia, BCBSM documents which relate to a "comparison" made by BCBSM with regard to certain software components used by BCBSM to process claims. As set forth in the Affidavit of Michael T. Zajac, BCBSM's New System Implementation Project (the "NSI Project"), to which the Subpoena presumably refers, lasted approximately five years. Approximately 200 persons worked on the NSI Project during its duration. Contributing employees were from all areas and departments of BCBSM and Blue Care Network (BCN), including, as mere example, medical affairs, information systems, and procurement. After the NSI Project was completed, team members returned to their previous positions, taking their records and documents along with them. The NSI team members that still remain employed by BCBSM or BCN are now possibly located in several corporate locations throughout Michigan. There are potentially hundreds of thousands of pages of documents that were created or reviewed by team members during the NSI Project, and those documents are not

centrally located within BCBSM. Some documents are in active files, while some are in storage. No "final" document or report was issued or prepared by the NSI Project team.

3. During phone conversations with McKesson's counsel, Donna Hill, I advised Ms. Hill that given the nature of the NSI Project, responding to the Subpoena would cause to BCBSM, a non-party to this litigation, extraordinarily undue burden and expense. I further advised Ms. Hill that BCBSM would be willing to produce to McKesson a subset of the documents BCBSM produced in the currently pending national class action captioned: Thomas, et al v Blue Cross Blue Shield Assoc., et al, Civil Action No. 03-21296 (S.D. Fla).

4. The Thomas litigation involves, *inter alia*, issues concerning the claims processing and claims editing software (including McKesson and Trizetto products) used by various Blue Cross plans, including BCBSM. The documents produced by BCBSM in the Thomas litigation have been digitally scanned into a "Summation" database. Thus, searching and producing such documents would not cause to BCBSM an undue burden. BCBSM offered to McKesson to produce, under a proper protective order, any documents from that Thomas database which expressly referred to "McKesson" or "Trizetto."

5. BCBSM understands from speaking with counsel for other Blue Cross plans (which are also defendants in the Thomas litigation, and have also been served with a McKesson subpoena) that McKesson has accepted like offers from said plans.

6. However, through Ms. Hill, McKesson rejected BCBSM's offer. Instead, Ms. Hill insisted on production by BCBSM of the NSI Project "comparison" materials referenced above.

7. In an ostensible effort to limit the scope of the Subpoena, Ms. Hill advised me that, at least initially, McKesson would accept the Thomas litigation documents **and** the

3

A-19

complete files of "the four or five" most prominent individuals involved in the NSI Project. I advised Ms. Hill that such a purported "limitation" did little, if anything, to reduce the undue burden to BCBSM. That is, given the magnitude of the NSI Project, in terms of duration, scope, persons involved and documents, BCBSM would be unable to ferret out some satisfactory "limited" subset of NSI Project documents and/or participants.

8.  Prior to the response date set forth in the Subpoena, I served, on behalf of BCBSM, Rule 45 objections. Though I have had a subsequent conversation with Ms. Hill concerning the objections, McKesson and BCBSM are currently at an impasse. McKesson has refused to accept BCBSM's offer to produce only the responsive documents produced in the Thomas litigation. That is, McKesson has refused to accept a production of the documents that are readily available, easy to produce, and which would not cause to BCBSM an undue burden. To the contrary, McKesson insists upon a production which includes the substantially voluminous NSI Project documents, and would cause to BCBSM a significantly undue burden and extraordinary expense.

Further affiant sayeth not.

_____
Scott R. Knapp

Subscribed and sworn to before me,
a Notary Public in and for said County,
this 25th day of May, 2005.

_____
JUANITA R. BANNER
Notary Public, Eaton County, MI
Acting in Ingham County, Michigan
My Comm. Expires June 8, 2007

LANSING 19276-96 358448v1

4

A-20

# Exhibit D

A-21



215 S. WASHINGTON SQUARE, SUITE 200
LANSING, MICHIGAN 48933-1816
TELEPHONE: (517) 371-1730
FACSIMILE: (517) 487-4700
http://www.dickinsonwright.com

SCOTT R. KNAPP
sknapp@dickinsonwright.com
(517) 487-4762

May 10, 2005

**Via Facsimile and
UPS Overnight Mail**

Donna Hill
Skadden, Arps, Slate, Meagher & Flom
525 University Avenue, Ste. 1100
Palo Alto, CA 94301

Re:   Subpoena to Blue Cross Blue Shield of Michigan

Dear Ms. Hill:

    Please find enclosed Blue Cross Blue Shield of Michigan's ("BCBSM's") Objections to the Subpoena Served by McKesson Information Solutions, LLC ("McKesson").

    As set forth in the Objections, the Subpoena issued by McKesson violates, *inter alia*, Fed. R. Civ. P. 45(c)(1). Producing documents in response to the Subpoena would be both prohibitively costly and extremely burdensome. Indeed, even responding in accordance with the "narrowed" scope discussed yesterday via telephone would impose upon BCBSM an extraordinary burden in terms of volume of production, time to gather the requested documents and expense.

    As I stated yesterday, BCBSM is willing to further discuss with McKesson limiting the breadth of the Subpoena. And, assuming we can reach agreement as to a significantly reduced scope, we are willing to produce what would likely amount to a small subset of that which has been requested. However, as discussions currently stand, and given the Subpoena as served, BCBSM must object to the Subpoena in its entirety.

    Should you care to discuss this matter further, I remain available to do so.

                        Very truly yours,

                        DICKINSON WRIGHT PLLC

                        Scott R. Knapp

SRK/amb
Enclosure

Counsellors At Law

DETROIT    BLOOMFIELD HILLS    LANSING    GRAND RAPIDS    ANN ARBOR
WASHINGTON, D.C.

A-22

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

McKESSON INFORMATION
SOLUTIONS LLC,

    Plaintiff,

v.

THE TRIZETTO GROUP, INC.

    Defendant.

Case Number: 04-1258-SLR
(Case is Pending in the United States
District Court, District of Delaware)

Donna Hill
Skadden, Arps, Slate, Meagher & Flom
Counsel for Plaintiff
525 University Avenue, Ste. 1100
Palo Alto, CA 94301
Telephone: (650) 470-4500

Joseph A. Fink (P13428)
Kathleen A. Lang (P34695)
Scott R. Knapp (P61041)
Dickinson Wright PLLC
Counsel for Non-Party Blue Cross
  Blue Shield of Michigan
215 S. Washington Square, Ste. 200
Lansing, MI 48933
Telephone: (517) 371-1730

**NON-PARTY BLUE CROSS BLUE SHIELD OF MICHIGAN'S OBJECTIONS TO
SUBPOENA SERVED BY McKESSON INFORMATION SOLUTIONS, LLC**

A-23

Blue Cross Blue Shield of Michigan ("BCBSM"), a non-party to the instant matter, by and through its attorneys, Dickinson Wright PLLC, and pursuant to Fed. R. Civ. P. 45(c)(1) and 45(c)(2)(B), hereby serves its Objections to the Subpoena Served by McKesson Information Solutions, LLC ("McKesson").

## DOCUMENT REQUESTS

1. All brochures, presentations, information packages, fact sheets, white papers, or other marketing or sales documents relating to Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 1, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the

work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

2. All documents relating to any communications with TriZetto relating to any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 2, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

3

3.   All documents relating to any communications with TriZetto relating to the proposed or actual sale or license of Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 3, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

A-26

4. All documents relating to any communications with TriZetto relating to McKesson's ClaimCheck or CodeReview, including, the use of McKesson's ClaimCheck or CodeReview as the clinical editing or auditing component of Facets.

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 4, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

5. All documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE,

ClinicaLogic), with either (b) McKesson's ClaimCheck or CodeReview, (c) any other TriZetto Product, or (d) any other product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing.

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 5, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

6.    Any analysis communicated to or performed by you regarding the integration of McKesson's ClaimCheck or CodeReview into Facets.

A-28

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 6, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

7. All documents relating to the process or analysis you went through in deciding whether or not to purchase Facets, including the bases for and factors considered in making your decision.

A-29

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 7, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

8.  All documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco or any product, system, or service that is capable of, or includes a component capable of, performing clinical editing or auditing that was offered by TriZetto after October 2000 (i.e., after completion of the Erisco merger).

A-30

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 8, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

9. All documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS.

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 9, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense"

upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

10.    All documents relating to any communications with TriZetto relating to this lawsuit or U.S. Patent No. 5,253,164.

**OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 45(c)(1), BCBSM objects to Document Request No. 10, as McKesson has failed to "take reasonable steps to avoid imposing undue burden or expense" upon BCBSM. The documents requested by McKesson are not centrally located, are extremely voluminous, and the gathering and production of same by BCBSM would be prohibitively costly and unduly burdensome.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by way of further objection, the documents requested by McKesson are not relevant to the instant litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the documents sought are unreasonably cumulative or duplicative and/or obtainable from some other source that is more convenient, less burdensome, or less expensive; and the burden or expense of the proposed discovery outweighs its likely benefit.

Finally, BCBSM objects to this Document Request to the extent it seeks discovery of documents protected from disclosure under the attorney-client privilege and/or the work-product doctrine. BCBSM further objects in that certain of the requested documents contain confidential business information, non-public proprietary information and/or financial information relating to BCBSM's business, technical or financial affairs.

As to Objections:

DICKINSON WRIGHT PLLC
Counsel for Non-Party Blue Cross
    Blue Shield of Michigan

By: _____
    Joseph A. Fink (P13428)
    Kathleen A. Lang (P34695)
    Scott R. Knapp (P61041)
Business Address:
    215 South Washington Square
    Suite 200
    Lansing, MI 48933
Telephone: (517) 371-1730

Dated: May 10, 2005

LANSING 19276-96 358034v1

11

A-33