```
 1   of these subpoenas these documents are being responsive
 2   to. Now, I don't know how you plan to do that, but I
 3   don't think it's proper for you just to turn over
 4   documents. You have -- you do owe defendant a
 5   characterization of what these third parties think they
 6   are responding to in the subpoena. So if it's not
 7   through these letters of negotiation, then it's got to be
 8   some other fashion and you have got to let me know what
 9   your plan is in that regard.
10               MR. RANDALL: May I suggest that we do the
11   following: That when we get a production from a
12   particular subpoena recipient, we produce those documents
13   to TriZetto with a cover letter indicating which customer
14   produced them.
15               One issue would be that some of these
16   documents will be responsive to a number of categories
17   and our concern really is just to collect the documents.
18   We are not asking the customers to identify which
19   requests these documents are responsive to. Nor are we
20   going through that process, either. We are simply
21   saying, give us the documents that you don't have any,
22   you know, undue burden collecting and producing and, for
23   the most part, that will satisfy us. We don't want to
24   keep pushing them and say, gee, you didn't produce any on
```

1   this request. I think we want to say, give us what is
2   easy to produce without any undue burden. Do your best,
3   which is all that's required of them. Then we are
4   satisfied.
5          We would then take those, give them to
6   TriZetto and say company X produced these to us, here
7   they are. But neither we, nor the third party either,
8   have been or really should have to go through and
9   designate which documents are responsive to which
10  request.
11         THE COURT: All I'm saying is that if a
12  particular third party comes to you and says, we are
13  giving you documents responsive to paragraph 2 B, then
14  you are required in my mind to pass that information
15  along to the defendant. So if there's a cover letter
16  from a third party that comes with the documents and
17  says, in response to your request X, this is what we are
18  producing, you I think are required to pass that along.
19         I'm saying if the customers characterize
20  their documents in a certain way, then that information
21  needs to be passed along to TriZetto and I'm ordering
22  that in this telephone conference. Is that understood?
23         MR. RANDALL: That is understood. That's
24  fine. We have no problem with that.

1         May I ask one thing? That is, that with
2   respect to a number of these companies that we have
3   served subpoenas on, have, in fact, collected and
4   produced TriZetto documents in that other class action
5   litigation. And that litigation has been going on for
6   years. TriZetto has already reviewed and approved the
7   production of those documents in that case. So since we
8   have a protective order, could you also rule in this case
9   that TriZetto need not take the time to review those
10  documents again and that those third parties can simply
11  make them available to us and we will, of course, provide
12  them immediately to TriZetto?
13        I just don't want another two- to three-
14  week delay for them to review the same documents they
15  have already reviewed and approved in another case.
16        THE COURT: Mr. Thomas?
17        MR. THOMAS: Frankly, I'm going to have to
18  look into that. I have no idea what documents these
19  third parties are proposing to produce pursuant to this
20  subpoena. They are documents, as Mr. Randall said,
21  produced in an entirely unrelated piece of litigation.
22  And we will promptly get with these customers, if they
23  are identified for us, and find out what it is that they
24  are prepared to produce.



WILCOX & FETZER LTD.
Registered Professional Reporters

1        If they are documents that are relevant
2   here and responsive to the subpoena and are properly
3   marked as being "Highly Confidential" under the
4   protective order, if that's appropriate, we will consent
5   to that.
6            THE COURT:  Well, if documents have been
7   approved for production in another case, I assume they
8   will be approved for production in this case.  And I
9   trust there will be no undue delay and if there is I'm
10  sure I will hear from you all about it.
11           Is there anything else that we need to
12  address this afternoon?
13           MR. THOMAS:  One more thing.  As
14  Mr. Randall said, there have already been three motions
15  to quash filed.  We have been, TriZetto has been
16  contacted by other customers who are very upset about
17  this, because of the burden that's going to be put on
18  them.  Mr. Randall is going to get off this phone call
19  saying we are working with everybody, everything is going
20  to be fine, but, in fact, we have a number of very
21  unhappy, irate customers out there.  There are going to
22  be more motions to compel.
23           We don't intend to interfere in any way,
24  but we are going to assist customers who ask for our help

1   in pursuing motions to quash in other districts. And I
2   suspect that we are going to have ongoing law motion
3   practice on these subpoenas in a number of districts
4   around the country. I didn't want there to be any
5   confusion about that.
6              THE COURT: Well, Mr. Thomas, may I ask you
7   a question? There is no court in this country that
8   welcomes more discovery litigation. I want to make sure
9   that when a customer comes to you upset about these
10  overbroad subpoenas, that instead of saying you should --
11  I trust that what you will say is, before you go to a
12  motion practice for an overburdened federal judiciary,
13  you call, because we have the representation of counsel
14  for plaintiff in this case that they will work with you.
15             Now, if you are saying go quash, then I'm
16  telling you I don't want to hear that. And as far as I'm
17  concerned, if there are customers who are upset, then as
18  a responsible officer of this Court, you should be giving
19  those names to counsel for plaintiff so that plaintiff
20  can work with them.
21             MR. THOMAS: Absolutely, Your Honor. Of
22  course. What I'm saying is if customers come to us and
23  say we have attempted to work this out, we cannot work it
24  out, and say what the parties who have already filed

W&F
WILCOX & FETZER LTD.
Registered Professional Reporters

1  motions to quash have said, which is this is going to
2  take thousands of man hours to respond to that, then we
3  are going to provide them with the information and
4  assistance they need in trying to work it out in the
5  first place and, if not, then trying to get the burden
6  cut down, because, frankly, what you are hearing is not
7  what's really happening out there in the field. And I
8  just, I'm concerned that there is going to be -- this is
9  going to drag out because of customers being unable to
10 respond to these very broad subpoenas. I'm flagging it
11 as an issue that I'm afraid is going to linger.
12             MR. RANDALL: Thank you for asking counsel
13 to provide the contact information to me. I've been
14 pleading for three weeks, please give me the names and
15 the contact information, whether they are inside people
16 or outside counsel, for these complaining customers, so I
17 can deal directly with them and resolve any concerns that
18 they have. I have not gotten one name, one contact
19 person.
20             So these people, if they are out there and
21 they are complaining and they are upset, please give them
22 my name and my number. I will deal with them directly.
23             The second issue is with respect to
24 Mr. Hanson's representation in court, I want to make this

really clear, what we did and what Mr. Hanson did immediately following that hearing was send out a letter to every single subpoena recipient indicating two things: One, that we are willing to cut back, and I think significantly, a number of the requested items. More importantly, saying that we would work directly with them, please contact us, we will eliminate any undue burden, contact us and we will work with you. That went out immediately following the hearing. We didn't want --

THE COURT: All right. I'm going to close this with this thought for counsel for both parties. As I said, the last thing I want to do is burden other courts with these sorts of issues. Now, so far I've heard there have been three motions to quash, two of which are being worked through. I'm not unduly concerned at this point -- or I'm satisfied at this point that the representations made by Messrs. Hanson and Randall are true. If I get verified information to the contrary that for lack of trying that there are third parties who are going to burden other courts because of this language, I will take a look at it. But not just with hearsay. I've got to have bonafide examples and names before I will take this issue on again.

So just understand, I don't want to burden



17

1  other courts and I will take a knife to this language if
2  I have information contrary to what I've gotten today.
3           All right.  Counsel, thank you very much
4  for your time.
5           (The teleconference concluded at 2:55 p.m.)

**W&F**
WILCOX & FETZER LTD.
Registered Professional Reporters

A-57

State of Delaware   )
                    )
County of New Castle )

## C E R T I F I C A T E

I, Vincent Bailey, Registered Professional Reporter, do hereby certify that the foregoing record, pages 2 to 18 inclusive, is a true and accurate transcript of my stenographic notes taken on Thursday, April 28, 2005, in the above-captioned matter.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this __2nd__ day of May, 2005, at Wilmington.

*Vincent Bailey* (signature)

Vincent Bailey

Certification No. 171-RPR

(Expires January 31, 2008)

WILCOX & FETZER LTD.
Registered Professional Reporters

A-58

# Exhibit G

A-59

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301-1908
———
TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
650-470-4513

April 8, 2005

Custodian of Records
Great Lakes Health Plan, Inc.
17117 West Nine Mile Road
Southfield, MI 48075

Re: McKesson Information Solutions LLC v. The TriZetto Group, Inc.
Delaware District Court Case No. 04-1258 SLR

Dear Sir/Madam:

We represent McKesson Information Solutions LLC in the above-described action. You have been issued the enclosed subpoena commanding you to produce certain documents in this case. Also enclosed is a copy of the District of Delaware's Local Rule 26.2, which currently governs the production of confidential documents in this case while the parties finalize the terms of an appropriate protective order.

If you have any questions regarding this matter, please feel free to contact Donna Hill at (650) 470-4518 or me at the phone number listed above. Thank you for your cooperation.

Very truly yours,

Bernard C. Shek

BCS:yc

Enclosures

A-60

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

McKESSON INFORMATION SOLUTIONS LLC

V.

THE TRIZETTO GROUP, INC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1258-SLR
(Case is pending in the U.S. District Court, District of Deleware)

TO: Custodian of Records
Great Lakes Health Plan, Inc.
17117 West Nine Mile Road
Southfield, Michigan 48075

Registered Agent: The Corporation Company
3060 Telegraph Road
Bingham Farms, MI 48025

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A.

| PLACE XACT                                    ATTN: Irvin Marchand | DATE AND TIME |
|---|---|
| 535 Griswold St., #512, Detroit, MI 48226      (313) 965-6505 | April 22, 2005; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Donna Hill, Attorney for Plaintiff | April 8, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Donna Hill                         Telephone: (650) 470-4518
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100, Palo Alto, CA 94301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

A-61

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

A-62

ATTACHMENT A

Instructions and Definitions

1. The term "McKesson" refers to McKesson Information Solutions, LLC.

2. The term "TriZetto" refers to The TriZetto Group, Inc.

3. The term "Erisco" refers to Erisco Managed Care Technologies, Inc.

4. The term "IMS" refers to IMS Health Incorporated.

5. The term "Facets" refers to any product, system, or service made, operated, sold, offered for sale, licensed, offered for license, marketed, or distributed by TriZetto or its predecessor-in-interest Erisco that bears, uses, or is associated with the name "Facets," "Facets Extended Enterprise," or "Facets $e^2$."

6. The term "clinical editing or auditing" refers to clinical editing or auditing of medical payment claims, including the detection or correction of unbundled medical procedures or claims billed incorrectly due to coding errors.

7. The term "TriZetto Product" refers to any product, system, or service made, operated, sold, offered for sale, licensed, offered for license, marketed, or distributed by TriZetto capable of, or including a component capable of, performing clinical editing or auditing.

8. The term "communication" means the transmission of information by any means, including verbal, written, and electronic means.

9. The term "document" shall have the broadest possible meaning permitted by Federal Rule of Civil Procedure 34(a) and shall encompass all documents that are within your custody, possession, or control. The term "document" includes any tangible thing, electronic or computer records, e-mail, and audio and/or visual recordings. Each

A-63

draft or non-identical copy of a document is deemed a separate document with the meaning of the term "document."

10. The term "relating to" means, without limitation, describing, reflecting, regarding, concerning, identifying, containing, discussing, constituting, or referring to.

11. If you withhold any document, or any part of a document, under a claim of attorney-client privilege, work product, or other ground of non-production, you must provide in writing a list identifying every such document entirely or partially withheld and stating for each document the following information: (1) the nature of the privilege or ground being asserted; (2) the type or form of the document (e.g., letter, memorandum, e-mail); (3) the general subject matter of the document; (4) the date of the document; (5) the author(s) of the document; and (6) the addressee(s) and recipient(s) of the document.

**Document Requests**

1. All brochures, presentations, information packages, fact sheets, white papers, or other marketing or sales documents relating to Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

2. All documents relating to any communications with TriZetto relating to any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

3. All documents relating to any communications with TriZetto relating to the proposed or actual sale or license of Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic).

4. All documents relating to any communications with TriZetto relating to any product, system, or service offered, sold, or licensed by McKesson, including ClaimCheck and CodeReview.

A-64

5. All documents relating to any communications with TriZetto relating to the use of McKesson's ClaimCheck or CodeReview as the clinical editing or auditing component of Facets.

6. All documents relating to any comparison communicated to or performed by you comparing (a) Facets or any clinical editing or auditing component of Facets (e.g., PACE, ClinicaLogic), with (b) any other product, system, or service, including McKesson's ClaimCheck, McKesson's CodeReview, and any other TriZetto Product.

7. All documents relating to any analysis communicated to or performed by you regarding the integration of McKesson's ClaimCheck or CodeReview into Facets.

8. All documents relating to the process or analysis you went through in deciding whether or not to purchase Facets, including the bases for and factors considered in making your decision.

9. All documents relating to any communications with TriZetto relating to TriZetto's merger with Erisco, including the reasons for the merger and how the merger would affect TriZetto's business, product or service offerings, financial position, or competitiveness.

10. All documents relating to any communications with TriZetto relating to TriZetto's planned merger with IMS, including the reasons for the merger and how the merger would affect TriZetto's business, product or service offerings, financial position, or competitiveness.

11. All documents relating to any communications with TriZetto relating to this lawsuit or U.S. Patent No. 5,253,164.

# LOCAL RULES

## OF

## CIVIL PRACTICE AND PROCEDURE

## OF THE

## UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF DELAWARE

(Amended Effective January 1, 1995)

A-66

**RULE 26.2. Confidentiality.**

If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

*Source: Former Local Rule 26.2.*

A-67