IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-1258 (SLR) |
| v. ) | |
| ) | |
| THE TRIZETTO GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**THE TRIZETTO GROUP, INC.' S NOTICE OF DEPOSITION OF MCKESSON INFORMATION SOLUTIONS, LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), defendant The Trizetto Group, Inc. will take the deposition upon oral examination of plaintiff McKesson Information Solutions, LLC on July 1, 2005, at 9:00 a.m., at the offices of Morris, Nichols, Arsht & Tunnell, 1201 North Market Street, Wilmington, Delaware 19899-1347.

The deposition will be taken before a qualified notary public or other person authorized by law to administer oaths, will be stenographically recorded, and will continue from day-to-day (Saturdays, Sundays and legal holidays excepted) until completed. The deponent is not a natural person. Accordingly, pursuant to Fed. R. Civ. P. 30(b)(6), the deponent is required to designate one or more individuals to testify on its behalf.

The deposition will inquire into all matters designated in the attached Exhibit A.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
rsmith@mnat.com
   *Attorneys for Defendant*
   *The Trizetto Group, Inc.*

OF COUNSEL:

Jeffrey T. Thomas
David A. Segal
Michael A. Sitzman
GIBSON, DUNN & CRUTCHER LLP
Jamboree Center, 4 Park Plaza
Irvine, California  92614-8557
(949) 451-3800

June 9, 2005

469203

## EXHIBIT A
## INSTRUCTIONS AND DEFINITIONS

Definitions for some of the terms used in the following description of the subject matters for deposition(s) are listed below.  Notwithstanding any definition below, each word, term, or phrase used in this Exhibit A is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

A.   The term "Caterpillar" refers to non-party Caterpillar, Inc., including its employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

B.   The term "The '164 Patent" means U.S. Patent No. 5,253,164 issued on October 12, 1993 to Holloway *et al*.

C.   The term "HPR" refers to Health Payment Review, Inc., its officers, directors, employees, attorneys, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

D.   The term "HBOC" refers to HBO & Company, its officers, directors, employees, attorneys, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

E.   The term "GMIS" refers to GMIS, Inc., its officers, directors, employees, attorneys, agents, representatives, consultants, experts, investigators, accountants, attorneys, and

advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

  F. The term "McKesson" refers to plaintiff McKesson Information Solutions, LLC, its officers, directors, employees, attorneys, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

  G. The term "Erisco" refers to Erisco Managed Care Technologies, Inc., its officers, directors, employees, attorneys, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

  H. The term "Trizetto" refers to defendant The Trizetto Group, Inc., its officers, directors, employees, attorneys, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

  I. The term "RIMS" refers to Resource Information Management Systems, Inc., its officers, directors, employees, attorneys, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including subsidiary and affiliated corporations.

## SUBJECT MATTERS FOR DEPOSITION

  1. The manual review of medical claims performed at Caterpillar in the 1980s utilizing CPT-4 codes.

2. The conception and reduction to practice of the invention disclosed in the '164 Patent.

3. The prosecution of the '164 Patent.

4. The development of the CodeReview product, including both the software and the database, that occurred in the 1980s.

5. The enforcement of the '164 Patent, including all cease-and-desist letters, public announcements of intent to enforce the Patent, and litigation.

6. The action entitled GMIS, Inc. v. Health Payment Review, Inc., Civil Action No. 94-576.

7. HBOC's acquisition of HPR.

8. HBOC's acquisition of GMIS.

9. McKesson's acquisition of HBOC.

10. The development of the ClaimCheck system.

11. All licenses to the '164 Patent that have been granted.

12. The functionality of the CodeReview system.

13. The functionality of the ClaimCheck system.

14. The customer base, revenues, costs and profits associated with the CodeReview system.

15. The customer base, revenues, costs and profits associated with the ClaimCheck system.

16. Negotiations between HPR, HBOC and/or McKesson, on the one hand, and Erisco, on the other hand.

17. Negotiations between HPR, HBOC and/or McKesson, on the one hand, and TriZetto, on the other hand.

18. Negotiations between HPR, HBOC and/or McKesson, on the one hand, and RIMS, on the other hand.

19. The competition for customers between HPR, HBOC and/or McKesson, on the one hand, and Erisco, on the other hand.

20. The competition for customers between HPR, HBOC and/or McKesson, on the one hand, and TriZetto, on the other hand.

21. The competition for customers between HPR, HBOC and/or McKesson, on the one hand, and RIMS, on the other hand.

22. The market for clinical editing software systems, including the size of the market, the participants in the market and the participants' market shares for the period 1998 to present.

23. Comparisons that have been made of the CodeReview and/or ClaimCheck systems, on the one hand, and the Facets, ClaimFacts and/or QuickLink systems, on the other hand.

24. Analyses performed by HPR, HBOC or McKesson with regard to providing customers with an interface between HPR, HBOC or McKesson systems and systems offered by Erisco, TriZetto or RIMS.

25. The decision to sue TriZetto alleging infringement of the '164 Patent.

26. Comparisons between the system(s) described in the '164 Patent and any system sold by TriZetto, Erisco or RIMS.

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 9, 2005, I caused to be electronically filed The TriZetto Group, Inc.'s Notice Of Deposition Of McKesson Information Solutions, LLC Pursuant To Fed. R. Civ. P. 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> Wilmington, DE  19899

I also certify that copies were caused to be served on June 9, 2005, upon the following in the manner indicated:

### **BY HAND**

Thomas J. Allingham, II
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, DE  19899

### **BY FEDERAL EXPRESS**

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Suite 1100
Palo Alto, CA  94301

*/s/    Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL
(302) 658-9200
rsmith@mnat.com