IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>THE TRIZETTO GROUP, INC.<br><br>        Defendant. | CIVIL ACTION NO. 04-1258-SLR |

**PLAINTIFF'S OPPOSITION TO NON-PARTY BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION FOR PROTECTIVE ORDER**

|  |  |
|---|---|
| | Thomas J. Allingham II (#0476)<br>Michael A. Barlow (#3928)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware 19899<br>(302) 651-3000 |
| OF COUNSEL:<br>Jeffrey G. Randall<br>David W. Hansen<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>525 University Avenue, Suite 1100<br>Palo Alto, California 94301<br><br>Allan Soobert<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C. 20005<br><br>DATED: June 13, 2005 | Attorneys for Plaintiff McKesson Information Solutions LLC |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... i

I.    INTRODUCTION ........................................................................................................... 1

II.   SUMMARY OF FACTS ................................................................................................. 2

III.  ARGUMENT .................................................................................................................. 4

    A. This Court Has Jurisdiction To Decide The
       Proper Scope Of BCBSM's Response To The Subpoena ............................................ 4

    B. The Disputed Documents Sought By McKesson Pertain To
       Important Issues In The Case And The Documents Are Not
       Obtainable Through Other Means .............................................................................. 5

    C. McKesson's Narrow Reuests Do Not Impose Undue Burden Or
       Expense On BCBSM .................................................................................................. 7

V.    CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

*Plant Genetic Systems, N.V. v. Northrup King Co.*,
    6 F. Supp. 2d 859 (E.D. Mo. 1998)..........................................................................6

*Polaroid Corp. v. Eastman Kodak Co.*,
    16 U.S.P.Q.2d 1481 (D. Mass. 1990) .......................................................................6

*Rite-Hite Corp. v. Kelley Co.*,
    56 F.3d 1538 (Fed. Cir. 1995)..................................................................................5

*U.S. v. Star Scientific, Inc.*,
    205 F. Supp. 2d 482 (D. Md. 2002) .........................................................................5

## STATUTES

Fed. R. Civ. P. 26(c) ...........................................................................................................4

Fed. R. Civ. P. 45(c) ...........................................................................................................5

Plaintiff, McKesson Information Solutions LLC ("McKesson"), respectfully submits this opposition to non-party Blue Cross Blue Shield of Michigan's ("BCBSM") Motion for Protective Order (D.I. 62) with respect to a subpoena *duces tecum* issued by McKesson to BCBSM on April 22, 2005 (the "Subpoena").

## I.   INTRODUCTION

Since serving the Subpoena, McKesson has worked diligently with BCBSM to resolve its specific concerns in a manner that gives McKesson the relevant documents that it has not been able to obtain through other sources and removes any undue burden or expense to BCBSM. McKesson has proposed a resolution that achieves these objectives. Although McKesson and BCBSM have reached agreement concerning a portion of the production to be made by BCBSM, the parties are at an impasse as to two limited issues.

Thus, McKesson and BCBSM agree that BCBSM will produce responsive documents from documents that it already produced in the unrelated *Thomas* litigation – a task that BCBSM admits "would not cause to BCBSM an undue burden." *See* Affidavit of Scott R. Knapp ("Knapp Aff."), submitted in support of BCBSM's Motion, ¶ 4 (D.I. 63).

The two limited areas of disagreement are:

1. Whether BCBSM must search for and produce a narrowly defined set of documents regarding BCBSM's purchase of TriZetto's accused Facets product and its decision to require integration of McKesson's patented ClaimCheck product into Facets from the files of only two BCBSM employees whom McKesson has identified to BCBSM; and

2. Whether McKesson may reserve its right to follow up regarding unproduced documents that should have been provided as part of the agreed-upon production.

The Court should rule in McKesson's favor as to both issues. The scope of the proposed production is narrowly tailored to seek relevant documents and will not impose any undue burden on BCBSM. As a customer of both TriZetto's infringing Facets product and McKesson's patented ClaimCheck product, BCBSM is specially situated to provide information that is material to key issues involved in McKesson's case against TriZetto, and that information is unavailable from other sources.

McKesson has taken reasonable steps to address BCBSM's specific concerns about the Subpoena. McKesson limited its requests to narrowly focus on pertinent information regarding BCBSM's purchase and analysis of Facets and ClaimCheck. McKesson also agreed to limit the search to the files of only *two* BCBSM personnel. These modifications, which have been accepted by other similarly situated non-parties, are more than reasonable and clearly alleviate any undue burden and expense to BCBSM.

McKesson therefore respectfully requests that Court deny BCBSM's motion and order BCBSM to produce documents in response to the Subpoena consistent with McKesson's proposal.

## II.   SUMMARY OF FACTS

McKesson initiated this lawsuit against TriZetto for infringing U.S. Patent No. 5,253,164 (the "'164 patent"), which relates to systems and methods for clinical editing/auditing of medical payment claims. The accused products include TriZetto's Facets product. McKesson also makes and sells a product covered by its '164 patent called ClaimCheck.

On April 22, 2005, McKesson served the Subpoena on BCBSM. *See* BCBSM's Motion, Exh. A. BCBSM is a customer of both Facets and ClaimCheck. In particular, BCBSM uses Facets for certain claims processing functions, but has required TriZetto to work with McKesson to integrate ClaimCheck into Facets such that BCBSM uses ClaimCheck, rather than Facets, for clinical editing/auditing functions. In deciding whether to purchase Facets, BCBSM compared ClaimCheck with the clinical editing/auditing aspects of Facets.

Since issuing the Subpoena, McKesson has diligently worked with BCBSM to address its specific concerns. *See* Declaration of Bernard Shek ("Shek Decl."), submitted herewith, ¶ 2. Most recently, as detailed in the June 3, 2005 letter submitted as Exhibit A to the Shek Declaration, McKesson proposed the following to resolve this matter:

**First**, McKesson would accept BCBSM's offer to produce documents responsive to the Subpoena from documents already produced by BCBSM in the *Thomas* litigation.[1] Shek Decl., Exh. A. This agreed upon production is not at issue in connection with the instant motion.

**Second**, BCBSM would produce documents from the files of two BCBSM employees (Bill Smith and Sue Barkell) responsive to the following categories (to the extent such documents are not produced as part of the *Thomas* litigation documents):

1. Marketing and sales materials received from TriZetto (including any responses to requests for proposals (RFPs));

---

[1] BCBSM offered to produce documents referring to "TriZetto" or "McKesson." *See* Knapp Aff., ¶ 4. McKesson has requested that BCBSM also produce documents referring to the relevant products – "Facets," "ClinicaLogic," "PACE," and "ClaimCheck." Shek Decl., Exh. A. BCBSM has not objected to this slightly expanded search.

3

2. Materials from meetings or conferences with TriZetto relating to the purchase of Facets and/or any clinical editing/auditing component of Facets;

3. Presentations, memoranda, studies and/or reports reflecting BCBSM's evaluation of whether to purchase Facets and/or any clinical editing/auditing component of Facets, including any comparison with or evaluation of other products for performing clinical editing or auditing (*e.g.*, McKesson's ClaimCheck product); and

4. Documents sufficient to evidence the reasons for BCBSM's decision to require the integration of ClaimCheck with Facets.

*Id.*

***Third***, to the extent that the documents produced by BCBSM identify other documents within the agreed scope of production, McKesson reserves its right to make limited follow-up requests for such documents, subject to BCBSM's right to object to such requests. *Id.*

Although this proposal directly addressed and resolved all of the concerns expressed by BCBSM – including all of the concerns expressed by BCBSM in connection with the present motion – BCBSM rejected this proposal as unduly burdensome without explanation. *See* Shek Decl., ¶ 3.

### III. ARGUMENT

#### A. THIS COURT HAS JURISDICTION TO DECIDE THE PROPER SCOPE OF BCBSM'S RESPONSE TO THE SUBPOENA.

BCBSM's motion for protective order raises a jurisdictional issue as to whether this Court should decide the motion. Although this motion was brought pursuant to Federal Rule of Civil Procedure 26(c), which provides that protective-order motions should be brought in "the court in which the action is pending," BCBSM's motion

4

concerns a subpoena issued from the Eastern District of Michigan. Rule 45 provides that motions to quash, compel or modify subpoenas should be brought in the court that issued the subpoena. FED. R. CIV. P. 45(c).

BCBSM does not address this procedural question. It is appropriate, however, for subpoena disputes to be resolved by the court where the action is pending where resolution by that court is preferred and the nonparty consents. *See U.S. v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484-88 (D. Md. 2002) (citing cases). Since BCBSM brought its motion in this Court, it has consented to this Court resolving the motion. BCBSM apparently believes that this Court is best able to resolve this dispute. McKesson agrees.

### B. THE DISPUTED DOCUMENTS SOUGHT BY MCKESSON PERTAIN TO IMPORTANT ISSUES IN THE CASE AND THE DOCUMENTS ARE NOT OBTAINABLE THROUGH OTHER MEANS.

McKesson has limited the categories of documents it seeks from the two named BCBSM employees to: (i) information provided by TriZetto and potentially used by BCBSM to compare the clinical editing/auditing features in Facets with McKesson's patented ClaimCheck clinical editing/auditing product (document categories 1 and 2 set forth above); and, (ii) information relating to BCBMS's decision to use McKesson's patented ClaimCheck claim auditing/editing product and to require integration of that product with TriZetto's Facets product (document categories 3 and 4 set forth above).

The documents McKesson seeks from BCBSM are relevant to McKesson's damages claims against TriZetto. A pertinent factor in determining lost profit damages is whether customers would have transferred their demand to the patent owner's product in the absence of the infringer's product. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538,

1545 (Fed. Cir. 1995); *see also Polaroid Corp. v. Eastman Kodak Co.*, 16 U.S.P.Q.2d 1481, 1495-96 (D. Mass. 1990). BCBSM's decision to use McKesson's patented ClaimCheck product rather than the claim editing/auditing feature of TriZetto's Facets product, and the basis of and reasons for that decision, are directly relevant to this issue. Among other things, the requested documents will likely show why BCBSM preferred ClaimCheck over Facets for clinical editing/auditing, what features of a clinical editing/auditing application are important to customers such as BCBSM, what features TriZetto emphasized to BCBSM, and how ClaimCheck's functionality compares to that of Facets. Such evidence is directly relevant to the extent Facets customers would have purchased McKesson's ClaimCheck claim editing/auditing product absent similar infringing functionality being included in Facets.

The requested documents are also relevant to the issue of infringement to the extent they include admissions by TriZetto concerning the functionality of the claim editing/auditing aspect of Facets.

McKesson's entitlement to the requested documents is bolstered by the fact that McKesson likely cannot obtain the requested documents from anyone other than BCBSM. *See Plant Genetic Systems, N.V. v. Northrup King Co.*, 6 F. Supp. 2d 859, 862 (E.D. Mo. 1998). Only BCBSM has the marketing information provided to it by TriZetto,[2] and only BCBSM has the requested information concerning its internal

---

[2] TriZetto did not provide this information prior to the close of document discovery and McKesson has not been able to determine from the million-plus document dump that TriZetto made after the cut-off date the extent to which marketing materials might have been produced. McKesson has not been able to locate in this belated production any of the documents currently being requested of BCBSM and, in any event, to the extent that

analysis of Facets and ClaimCheck and its decision to use ClaimCheck and require its integration into Facets.

### C. MCKESSON'S NARROW REQUESTS DO NOT IMPOSE UNDUE BURDEN OR EXPENSE ON BCBSM.

In response to BCBSM's specific concerns regarding the Subpoena, McKesson has taken substantial steps to drastically reduce the scope of the document search that BCBSM would be required to conduct. BCBSM asserts that it will suffer undue burden because its purchase and implementation of Facets was part of a lengthy and costly NSI Project and a search for responsive documents would require identifying and searching the files of "dozens upon dozens of individual employees" in multiple locations. BCBSM's Motion at 5. McKesson has alleviated all of these concerns.

McKesson has expressly limited its requests to four categories of documents that are focused on BCBSM's purchasing decision regarding Facets and ClaimCheck. As shown above, these documents are relevant to key issues in this case and are not available from another source. Moreover, these categories are narrowly tailored so as to exclude documents regarding the actual implementation of Facets, the process of integrating Facets with ClaimCheck, upgrades and modifications to BCBSM's computer systems, or other aspects of BCBSM's NSI Project.

McKesson also has substantially narrowed the Subpoena's scope by agreeing to limit BCBSM's search to the files of only *two* employees – Bill Smith and Sue Barkell.

---

TriZetto has produced documents such as marketing and sales materials, there is no indication what materials were provided to and used by BCBSM in making its purchasing decision. BCBSM also is in sole possession of any internal notes concerning its meeting and conferences with TriZetto.

McKesson believes that these employees had responsibility for and/or substantially participated in the decisionmaking process regarding BCBSM's purchase of Facets and selection of ClaimCheck over Facets for performing clinical editing/auditing. BCBSM has not stated otherwise. Limiting the search to these two persons gives McKesson a reasonable opportunity to obtain relevant documents while completely eliminating the need for BCBSM to identify employees with potentially responsive documents or to search the files of "dozens upon dozens" of its personnel.

Searching the files of these two employees for a limited set of documents will not be unduly burdensome or expensive. BCBSM can readily locate the documents to be searched since McKesson has identified the two employees and BCBSM has stated that each employee maintains his or her own files. *See id.* In addition, the volume of documents to be searched would be relatively small and could be reviewed within a reasonably short timeframe without expending substantial resources. Notably, despite McKesson's request, BCBSM has not provided any explanation as to why conducting a limited search of two persons' files would be unduly burdensome. *See* Shek Decl., ¶ 3.

The reasonableness of McKesson's narrowing modifications is also evidenced by the fact that other Blue Cross entities subpoenaed in this case have agreed to produce documents under similar terms. Three Blue Cross entities – Capital BlueCross, Blue Cross of Idaho Health Service, and HealthNow NY (a/k/a Blue Cross Blue Shield of Western New York) – have agreed to produce documents from the *Thomas* litigation and to produce categories of documents similar to those proposed to BCBSM from the files of two employees involved in each entity's decisionmaking process regarding the purchase

of Facets.[3] *See id.*, ¶ 4. BCBSM has indicated that it considers other Blue Cross entities to be "similarly-situated non-parties." BCBSM's Motion at 1.

McKesson's effort to reserve its right to limited follow up is also reasonable and would not unduly burden BCBSM. McKesson merely seeks the opportunity to request unproduced documents within the agreed scope of production to the extent they are identified in the documents produced by BCBSM. Thus, for example, McKesson may seek documents inadvertently left out of BCBSM's production. McKesson has also agreed that BCBSM would preserve its right to object to any follow-up request.

## IV.   CONCLUSION

Weighing the potential benefit to McKesson in obtaining the proposed discovery with the potential impact to BCBSM, the balance heavily favors requiring BCBSM to produce the requested documents. The documents sought by McKesson are plainly relevant to this case and, absent production by BCBSM, McKesson may never be able to obtain them. Moreover, McKesson has taken abundantly reasonable steps to eliminate any undue burden and expense to BCBSM. Accordingly, McKesson requests that the Court deny BCBSM's motion for protective order and direct BCBSM to produce documents pursuant to the terms discussed herein.

---

[3]   The only notable difference between the categories agreed to by these other Blue Cross entities and the categories proposed to BCBSM is that the former did not include documents evidencing the reasons for the decision to integrate ClaimCheck with Facets because the other Blue Cross entities did not make such a decision.

Dated: June 13, 2005

By: _____
Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

Allan Soobert
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005