IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) ) ) | CIVIL ACTION NO. 04-1258-SLR |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE TRIZETTO GROUP, INC. | ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF BERNARD SHEK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO NON-PARTY BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION FOR PROTECTIVE ORDER**

I, Bernard Shek, declare as follows:

1.   I am an associate with the firm Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for plaintiff McKesson Information Solutions LLC ("McKesson") in this case. I am personally familiar with the facts stated herein and, if called as a witness, could competently testify thereto.

2.   On April 22, 2005, McKesson issued a subpoena to Blue Cross Blue Shield of Michigan ("BCBSM") in this matter ("the Subpoena"). Since issuing the Subpoena, my colleague Donna Hill and I have communicated numerous times with in-house and outside counsel for BCBSM to address BCBSM's stated concerns with and objections to the Subpoena. In response to BCBSM's specific concerns, we have offered to narrow the scope of the requested documents and limit the sources of files to be searched for those documents. Most recently, on June 2, 2005, I communicated by telephone with BCBSM's outside counsel, Scott Knapp, regarding a proposal to resolve the parties' dispute regarding the Subpoena. This proposal is set forth in a letter dated June 3, 2005, to Mr. Knapp, a copy of which is attached hereto as Exhibit A.

3.   On June 6, 2005, I received a voicemail message from Mr. Knapp stating that BCBSM believed McKesson's proposal was unduly burdensome and that BCBSM would only produce documents beyond the *Thomas* litigation documents if ordered by the Court. That same day, I left a reply voicemail message for Mr. Knapp asking for an explanation as to why BCBSM believed that McKesson's proposal was unduly burdensome. Mr. Knapp never responded to my message.

4.   The proposal made to BCBSM that is reflected in Exhibit A is similar to agreements reached between McKesson and three other entities subpoenaed in this case –

1

Capital BlueCross, Blue Cross of Idaho, and HealthNow New York (a/k/a Blue Cross Blue Shield of Western New York). Specifically, these other Blue Cross entities have each agreed to produce the following documents from the *Thomas* litigation and from the files of two employees primarily involved in the decision to purchase Facets: (a) marketing and sales materials received from TriZetto, including any responses to Requests for Proposals; (b) materials from any conferences held by TriZetto that company representatives attended; (c) presentations and memoranda comprising the company's evaluation of whether to purchase Facets and/or any clinical editing or auditing component of Facets, including any such documents that contain information regarding the company's evaluation of similar products offered by any other company (e.g., McKesson's ClaimCheck); and (d) any documents relating to communications with TriZetto regarding this lawsuit or the asserted patent.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States and that this declaration was executed on June 13, 2005 at Palo Alto, California.

_____
Bernard Shek