**EXHIBIT A**

### SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301-1908

TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

DIRECT DIAL
650-470-4513
EMAIL ADDRESS
BSHEK@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 3, 2005

**Via Facsimile: 517-487-4700**

Scott R. Knapp, Esq.
Dickinson Wright PLLC
215 S. Washington Square, Suite 200
Lansing, MI 48933

      RE:  *McKesson Information Solutions LLC v. The TriZetto Group, Inc.*,
            C.A. No. 04-1258 (SLR) (D. Del.)

Dear Scott:

      Following up on our conversation yesterday, this letter will confirm our proposal for resolving Blue Cross Blue Shield of Michigan's ("BCBSM") stated concerns regarding the subpoena we served on BCBSM in the referenced case. We hope that this proposal is acceptable to BCBSM. As I mentioned, it remains our sincere hope to resolve this issue without the need for court intervention.

      First, we accept BCBSM's offer to produce documents responsive to the subpoena previously produced by BCBSM in the Thomas national class action litigation. As noted in your motion for a protective order, BCBSM can search, review and produce such documents without undue burden. Our only requested modification to your proposal is that, in addition to producing documents referencing "McKesson" and "TriZetto" that are included in BCBSM's Thomas document database, BCBSM also produce documents referencing the McKesson and TriZetto products at issue in this case, *e.g.*, TriZetto's Facets, ClinicaLogic and PACE products, and McKesson's ClaimCheck product). These additional search terms should, at most, only marginally broaden BCBSM's production.

      Second, we propose that BCBSM produce documents from the files maintained by BCBSM employees Sue Barkell and Bill Smith responsive to the following limited categories (to the extent such documents are not produced as a result of BCBSM's Thomas document database search):

Scott R. Knapp, Esq.
June 3, 2005
Page 2

      1.     Marketing and sales materials received from TriZetto (including any responses to requests for proposals (RFPs));

      2.     Materials from meetings or conferences with TriZetto. relating to the purchase of Facets and/or any clinical editing/auditing component of Facets;

      3.     Presentations, memoranda, studies and/or reports reflecting BCBSM's evaluation of whether to purchase Facets and/or any clinical editing/auditing component of Facets, including any comparison with or evaluation of other products for performing clinical editing or auditing (*e.g.*, McKesson's ClaimCheck product); and,

      4.     Documents sufficient to evidence the reasons for BCBSM's decision to require the integration of McKesson's ClaimCheck product with TriZetto's Facets product.

These proposed categories are similar to categories agreed to by other companies subpoenaed in this case, including other Blue Cross entities, and our proposed production should not unduly burden BCBSM.[1]

    Finally, to the extent that the documents produced by BCBSM identify other documents within the agreed scope of production, we reserve the right to make limited follow-up requests for those documents. We should not be precluded from seeking follow-up production of documents that were, for example, inadvertently left out of the initial production. We will agree that BCBSM preserves its right to object to these follow-up requests. Again, we have made similar agreements with other subpoena recipients, including other Blue Cross entities.

    I hope this proposal is acceptable. We very much appreciate your continued willingness to work with us and I look forward to your response.

                                                  Sincerely yours,

                                                  Bernard C. Shek

---

[1] Just so the record is clear, although we have agreed that other subpoenaed companies could produce documents they previously produced in the Thomas litigation, we have not agreed that such a production would fully satisfy their obligations. This case involves issues not present in the Thomas litigation.