UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| McKESSON INFORMATION SOLUTIONS LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 04-1258-SLR |
| THE TRIZETTO GROUP, INC. | § § | Honorable Sue L. Robinson |
| Defendant. | § § | |

# NON-PARTY BLUE CROSS BLUE SHIELD OF MICHIGAN'S REPLY TO MCKESSON'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Thomas P. Preston, Esquire
I.D. No. 2548
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Phone: 302-425-6400

*Attorneys For Non-Party
Blue Cross Blue Shield of Michigan*

OF COUNSEL:

Joseph A. Fink, Esquire
Kathleen A. Lang, Esquire
Scott R. Knapp, Esquire
DICKINSON WRIGHT PPLC
215 S. Washington Square, Suite 200
Lansing, MI 48933
Phone: 517-371-1730

June 20, 2005

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | DISCUSSION | | 1 |
| | A. | Contrary To McKesson's Implication, Other Blue Cross Blue Shield Entities Have *Not* Succumbed To McKesson's Cascading Approach To Its Unduly Burdensome Subpoenas | 1 |
| | B. | McKesson's Self-Professed "Narrowing" Of Its Discovery Requests Is Illusory | 4 |
| | | 1. Demanding The Files Of Two Particular High-Level Executives Is Not A Meaningful Limitation | 4 |
| | | 2. An Extensive And Unduly Burdensome Internal Review Remains Necessary | 5 |
| | | 3. McKesson's Offer Reserves An Escape Valve Ripe For Abuse | 5 |
| | C. | The Documents Requested Are Cumulative, Duplicative, And Discoverable From Another Source | 6 |
| | D. | The Documents Requested Concern Irrelevant Subject Matter | 7 |
| III. | CONCLUSION | | 8 |

## TABLE OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 5

Fed. R. Civ. P. 45(c) ................................................................................................................. 5

900200.00001/40154674v1

## I. INTRODUCTION

In its brief in opposition, McKesson (1) camouflages agreements with other Blue Cross entities which only require the production of the same documents BCBSM has offered to produce (i.e., documents already prepared for one of a handful of related class action lawsuits— e.g., Thomas and Solomon); (2) advances a proposal that does little to lessen the undue burden on BCBSM, and, regardless, preserves an "escape valve" ripe for abuse; and (3) advances the rather abusive proposition that it needs certain of the requested documents from BCBSM because it has been unable to determine whether the same materials have already been produced by defendant TriZetto because TriZetto produced too many documents.

In short, McKesson has presented no meritorious arguments against BCBSM's Motion for Protective Order. Accordingly, this Court should, respectfully, issue the protective order and award BCBSM its costs and fees expended to secure such order.

## II. DISCUSSION

### A. Contrary To McKesson's Implication, Other Blue Cross Blue Shield Entities Have *Not* Succumbed To McKesson's Cascading Approach To Its Unduly Burdensome Subpoenas

Notwithstanding the Federal Rules of Civil Procedure, relevant federal case law, and McKesson's promises to this Court, (see 4/12/05 Tr, pp. 19, 23, 25-26; Exhibit E to BCBSM's Motion, and 4/28/05 Tr, pp. 4, 5-6, 10-11; Exhibit F to BCBSM's Motion),

McKesson did not and is not "tak[ing] a very sharp knife" to its overbroad, unduly burdensome, and largely irrelevant non-party discovery requests. (See 4/12/05 Tr, pp 19, 25-26; Exhibit E to BCBSM's Motion.) McKesson is not, contrary to its representation to this Court, being "incredibly cooperative" so as to "eliminate any burden" on BCBSM. (See 4/28/05 Tr, pp 2-3, 4-6, 10-11; Exhibit F to BCBSM's Motion.) Rather, McKesson is executing a strategy wherein it merely rewords but does not change discovery requests already determined and found by this Court to be "overbroad," "far reaching and burdensome," (4/12/05 Tr, pp. 20-21, 24, 25), and then gradually retreats from those unreasonable requests only upon the repeated and costly insistence of non-parties such as BCBSM.

While select Blue Cross entities have reached agreements with McKesson under circumstances accommodating to their particular situations,[1] other entities have rejected the same or similar offers from McKesson. Some Blue Cross entities have absolutely refused to succumb to McKesson's shotgun discovery approach. BCBSM understands that still others have obtained agreements from McKesson far more reasonable than that offered to BCBSM (which McKesson offered to other Blue Cross entities **after** BCBSM filed the present motion).

With regard to BCBSM, McKesson merely reworded its discovery request template, despite having promised to this Court to take the initiative to "take a very sharp

---

[1]  McKesson's representation to this Court, (see Opposition Brief at 8), that three different Blue Cross entities agreed to limited discovery similar to that which McKesson now purports to seek from BCBSM is somewhat deceiving. All three Blue Cross entities were represented by the same counsel and only one, collective agreement was reached. In addition, McKesson did not offer to BCBSM or inform the Court that its agreement with these three entities was limited to hard copy documents and, thus, did not include any "electronic" documentation.

2

knife" to its discovery requests. After initial opposition from BCBSM, McKesson then pulled back a little. Upon steadfast resistance, McKesson changed tacks, expressing its willingness to accept "the <u>Thomas</u> litigation documents *and* the complete files of 'the four or five' most prominent individuals involved" in BCBSM's five-year New System Implementation Project. (<u>See</u> Knapp Affidavit, ¶ 7; Exhibit C to BCBSM's Motion.) Because McKesson continued to maintain an unreasonable position regarding its discovery demands, BCBSM was forced to formally object to the subpoena (<u>see</u> Exhibit D to BCBSM's Motion) and file the present Motion for Protective Order. Only then did McKesson further dampen its demands. On June 3, 2005, McKesson asked for the relevant <u>Thomas</u> litigation documents and the complete files of two executives at BCBSM. (<u>See</u> Letter of June 3, 2005, Exhibit A to Declaration of Bernard Shek.)

Unfortunately, as discussed below, McKesson's latest demand does little to reduce the undue burden on BCBSM. Moreover, as reflected by McKesson's agreement with other Blue Cross entities, it is clear that McKesson believes that production of previously-produced documents in the <u>Thomas/Solomon</u> litigation alone is acceptable and reasonable. Nevertheless, McKesson continues to demand significantly more of BCBSM.

B.  **McKesson's Self-Professed "Narrowing" Of Its Discovery Requests Is Illusory**

1.  **Demanding The Files Of Two Particular High-Level Executives Is Not A Meaningful Limitation**

In its post-Motion proposal of June 3rd, McKesson proposes production of the complete files of two high-level executives of BCBSM, William P. Smith and Susan L. Barkell. Mr. Smith is the Senior Vice President and Chief Information Officer—one of the highest ranking employees at BCBSM—and Ms. Barkell is Vice President of Provider Services, another high-ranking executive.

Extensive discovery demands on such essential employees are, in themselves, unreasonable, particularly in litigation where BCBSM is not an interested party. Yet, further troubling here is that McKesson's proposal to produce only the files of Mr. Smith and Ms. Barkell is notably indefinite as to the scope of each executive's files. Does McKesson seek only the *personal* files of these two individuals, or the files "possessed" or "controlled" by them? The latter is not a limitation, as a functionality/control test governs the extent of BCBSM's burden, and the two named executives control two entire BCBSM departments that deal with McKesson and its products on a daily basis. In other words, McKesson's "two employee" proposal is, in reality, not a meaningful limitation of the overbroad scope.

### 2. An Extensive And Unduly Burdensome Internal Review Remains Necessary

Regardless whether McKesson is requesting only the documents in the personal files of Mr. Smith and Ms. Barkell, McKesson's proposal fails to appreciate that all potential documents must be tracked down and considered for responsiveness. Then, each document must be reviewed for, inter alia, attorney-client privilege, attorney work product, confidential business information, non-public proprietary information, and/or financial information relating to BCBSM's business, technical or financial affairs. (See Affidavit of Michael T. Zajac, ¶ 7; Exhibit B to BCBSM's Motion.) Privileged and confidential information must be protected from disclosure by an unwilling non-party. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(c). Each high-level executive named, as well as BCBSM counsel, will be required to spend countless hours reviewing potential documents. This is undue burden.

### 3. McKesson's Offer Reserves An Escape Valve Ripe For Abuse

Given McKesson's reluctance to take the initiative in fulfilling its promise to this Court to "take a very sharp knife" to its overbroad, unduly burdensome, and largely irrelevant non-party discovery requests, and instead cut back only when forced to by the subpoenaed non-party Blue Cross entities, McKesson's reservation of an "escape valve" wherein McKesson can return with additional requests after reviewing the initially produced documents, can only fairly be read with skepticism if not downright suspicion. It is doubtful that with such a reserved right in place McKesson will voluntarily limit any

5

subsequent requests, as it asserts to this Court, to (1) documents not produced to McKesson but produced in the <u>Thomas</u> litigation and (2) documents not produced but contained in the files of Mr. Smith and Ms. Barkell.

Rather, it is likely that McKesson will, for example, review Mr. Smith's file, see references to another person's files or documents, and then request such documents under the umbrella of its reserved "escape valve."

At a minimum, McKesson's reserve clause will embroil BCBSM in continuing discovery litigation, wherein the <u>Thomas</u> litigation documents and the files of Mr. Smith and Ms. Barkell merely serve as the initial platform for ongoing disputes. McKesson's continuing discovery dispute with BCBSM will virtually become a case unto itself.

### C. The Documents Requested Are Cumulative, Duplicative, And Discoverable From Another Source

McKesson proclaims that it is entitled to certain of the requested documents because "McKesson likely cannot obtain the requested documents from anyone other than BCBSM." (Opposition Brief at 6.) TriZetto has already stated that such documents are available from TriZetto. (See 4/12/05 Tr, p. 20; Exhibit E to BCBSM Motion.)

Incredibly, McKesson's response is that although TriZetto may have already produced the documents being requested of BCBSM, "McKesson has not been able to determine from the million-plus document dump that TriZetto made after the cut-off date" whether such documents have been produced. (Opposition Brief at 6, fn. 2.) <u>In other words, McKesson sued TriZetto and requested extensive discovery that resulted in a production of documents so voluminous in McKesson's view, that McKesson's counsel</u>

<u>(an international law firm publicly boasting on its website of having approximately 1,700 attorneys) should not be expected to conduct their own review of such documents. Rather, non-party BCBSM should be required to conduct McKesson's document review</u>.

It is simply difficult to construct a fact pattern more appropriate for a protective order than the one described by McKesson in its own brief. **McKesson is arguing that although TriZetto may already have produced the documents McKesson is requesting from BCBSM, it is too burdensome for McKesson to look for them. McKesson wants to avoid its obligation to ferret out from the opposite party what it needs and instead wishes to impose a material part of such burden on a non-party**. That is, McKesson believes that BCBSM, an uninterested non-party to this action, should shoulder McKesson's document review burden. Simply put, in light of McKesson's admission in this regard, McKesson's opposition to BCBSM's Motion for Protective Order is offensive at best.

### D. The Documents Requested Concern Irrelevant Subject Matter

McKesson's brief further exposes the fact that its discovery requests seek documents wholly irrelevant to this patent infringement lawsuit, including any damages issue. For example, McKesson states that it seeks documents showing "what features of a clinical editing/auditing application are important to customers such as BCBSM." (Opposition Brief at 6.) Discovery requests are not vehicles for market surveys or opinion polls. As another example, McKesson states that it wants documents regarding "how ClaimCheck's functionality compares to that of Facets." (Opposition Brief at 6.)

7

900200.00001/40154674v1

As BCBSM discussed in its opening brief and this Court previously stated, BCBSM's employees views regarding whether the Defendant's product infringed upon the patent of Plaintiff's product is simply irrelevant. BCBSM is not an expert witness in this litigation.

### III.   CONCLUSION

For these reasons, McKesson's brief in opposition has failed to displace any of the arguments BCBSM has advanced, and, accordingly, BCBSM respectfully requests that this Honorable Court grant the Motion for Protective Order and enter an order providing that discovery as to BCBSM, including the document requests that are the subject of the April 22, 2005 Subpoena, "shall not be had," and/or providing other and further relief as is just and equitable. In addition, BCBSM requests that it be awarded its costs, including a reasonable attorney fee, incurred in seeking this protective order.

Respectfully submitted,

BLANK ROME LLP

By: _____
Thomas P. Preston, Esquire
I.D. No. 2548
1201 Market Street, Suite 800
Wilmington, DE 19801
Phone:  302-425-6400

*Attorneys For Non-Party*
*Blue Cross Blue Shield of Michigan*

OF COUNSEL:

Joseph A. Fink, Esquire
Kathleen A. Lang, Esquire
Scott R. Knapp, Esquire
DICKINSON WRIGHT PPLC
215 S. Washington Square, Suite 200
Lansing, MI 48933
Phone: 517-371-1730

June 20, 2005

## CERTIFICATE OF SERVICE

I, Thomas P. Preston, hereby certify that on this 20th day of June, 2005, I electronically served the foregoing upon the following counsel:

>Thomas J. Allingham, II, Esquire
>Michael A. Barlow, Esquire
>Skadden, Arps, Slate, Meagher & Flom LLP
>One Rodney Square
>P.O. Box 636
>Wilmington, DE 19899
>
>Jack B. Blumenfeld, Esquire
>Rodger Dallery Smith, II, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE 19899

I further certify that I have served the foregoing upon the following by First-Class Mail:

>Jeffrey G. Randall, Esquire
>David W. Hansen, Esquire
>Skadden, Arps, Slate, Meagher & Flom LLP
>1440 New York Avenue, N.W.
>Washington, DC 20005

_____
Thomas P. Preston
I.D. No. 2548