# EXHIBIT 1

Case 1:04-cv-01258-SLR   Document 72-2   Filed 06/23/2005   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE TRIZETTO GROUP, INC.<br><br>Defendant. | CIVIL ACTION NO. 04-1258-SLR |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, McKesson Information Solutions LLC ("McKesson"), submits this surreply for the limited purpose of correcting certain inaccuracies in Blue Cross Blue Shield of Michigan's ("BCBSM") reply brief concerning McKesson's proposal for resolving BCBSM's production.[1] (D.I. 71) The letter detailing McKesson's proposal is Exhibit A to the Shek Affidavit submitted with McKesson's Opposition brief.

***First***, BCBSM inaccurately states that McKesson has reached "agreements with other Blue Cross entities which only require the production of the same documents BCBSM has offered to produce (i.e., documents already prepared for one of a handful of related class action lawsuits – e.g., Thomas and Solomon)." [BCBSM Reply at 1.] In fact, McKesson has not reached such an agreement with ***any*** of the other Blue Cross entities. [*See* Shek Supp. Aff. ¶ 2.]

---

[1] BCBSM did not submit an affidavit or any other evidence supporting the inaccurate statements in its reply.

1

***Second***, BCBSM inaccurately states that "other [Blue Cross] entities have rejected the same or similar offers" as the offer that McKesson made to BCBSM. [BCBSM Reply at 2.] In fact, McKesson's proposal that BCBSM produce documents from the Thomas class action lawsuits (agreed to by BCBSM) plus documents responsive to a few categories from the files of two BCBSM employees essentially mirrors a proposal first made to McKesson by counsel representing three other BCBS entities before BCBSM filed the instant motion.[2] [*See* Shek Supp. Aff. ¶ 2.] No BCBS entity has rejected "the same or similar offers."[3] [*Id.*]

***Third***, BCBSM inaccurately states that "TriZetto has already stated [during the April 12, 2005 discovery conference that the documents McKesson seeks from BCBSM] are available from TriZetto." [BCBSM Reply at 6.] In fact, TriZetto stated that only TriZetto marketing materials and communications with TriZetto may be available from TriZetto. McKesson likely cannot obtain most of the requested documents from anyone other than BCBSM. [*See* McKesson Opposition at 6-7.] This is particularly clear with respect to McKesson's requests for documents relating to BCBSM's internal analysis of McKesson's ClaimCheck and TriZetto's Facets products, and BCBSM's decision to require integration of ClaimCheck into Facets.

***Fourth***, BCBSM inaccurately states that McKesson's proposal is "indefinite as to ... scope" and seeks the "complete files of two executives." [BCBSM Reply at 3-4.]

---

[2] BCBSM is thus also incorrect that McKesson's proposal to BCBSM was "offered to other Blue Cross entities **after** BCBSM filed the present motion." [BCBSM Reply at 2 (emphasis in original)]. McKesson's plan to offer BCBSM a similar proposal was interrupted by the filing of this motion.

[3] In fact, BCBS of Rhode Island produced documents ***without objection*** in response to the ***original subpoena***. [*Id.*]

2

McKesson's letter proposal makes its clear that McKesson only seeks the production of four limited and specific categories of documents from the files "maintained by" BCBSM employees Barkell and Smith. [Shek Decl., Exh. A.][4]

*Fifth*, BCBSM's argument regarding McKesson's right to follow-up [BCBSM Reply at 5-6] ignores that McKesson's proposal expressly limits such follow-up to "other documents *within the agreed scope of production*" that are identified in the documents produced by BCBSM. [Shek Decl., Exh. A (emphasis added).] McKesson merely wants to reserve its right to seek production of documents that should have been produced by BCBSM in the first place.

For the reasons set forth in its Opposition brief, McKesson respectfully requests that the Court deny BCBSM's Motion for Protective Order in its entirety and order production consistent with McKesson's proposal.

Dated: June 23, 2005

By: *[signature]*
Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

---

[4] Although not specifically stated in McKesson's letter, as with the other BCBS entities McKesson has reached agreement with, we are willing to limit BCBSM's production to "hard copy documents." [*See* BCBSM Reply at 2.]

3

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) ) ) | CIVIL ACTION NO. 04-1258-SLR |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE TRIZETTO GROUP, INC. | ) ) | |
| Defendant. | ) ) | |

**SUPPLEMENTAL DECLARATION OF BERNARD SHEK IN SUPPORT OF PLAINTIFF'S SURREPLY IN OPPOSITION TO NON-PARTY BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION FOR PROTECTIVE ORDER**

I, Bernard Shek, declare as follows:

1. I am an associate with the firm Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for plaintiff McKesson Information Solutions LLC ("McKesson") in this case. I am personally familiar with the facts stated herein and, if called as a witness, could competently testify thereto.

2. In paragraph 4 of my declaration in support of McKesson's Opposition to BCBSM's Motion for Protective Order, I summarized agreements reached between McKesson and Capital BlueCross, Blue Cross of Idaho, and HealthNow New York (a/k/a Blue Cross Blue Shield of Western New York) regarding the subpoenas issued to them in this case. The vast majority of the terms of those agreements were proposed by the Blue Cross entities' counsel before BCBSM filed its motion. In addition, the terms proposed by the Blue Cross entities' counsel are essentially the same as the terms that McKesson has proposed to BCBSM. No Blue Cross entity has "rejected" these terms as BCBSM states in its reply brief. In fact, Blue Cross Blue Shield of Rhode Island was subpoenaed in this case and produced documents without objection in response to the original requests set forth in the subpoena. McKesson also has not reached agreement with any other Blue Cross entity under the same terms offered by BCBSM – *i.e.*, the production of documents exclusively from the *Thomas* litigation without any opportunity for McKesson to follow up or even learn what documents would be produced.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States and that this declaration was executed on June 22, 2005 at Palo Alto, California.

_____
Bernard Shek

1