# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

September 12, 2005

BY ELECTRONIC FILING

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, Delaware 19801

    Re:   *McKesson Information Solutions, LLC v. The TriZetto Group, Inc.*
            *Civil Action No. 04-1258-SLR*

Dear Chief Judge Robinson:

       As discussed during the conference last Thursday, I am writing to articulate the standards that TriZetto used in defining the scope of the waiver resulting from its laches, estoppel and willfulness defenses.

       On August 24, 2005, Trizetto produced the pre-litigation opinions of outside counsel it had obtained with regard to the '164 Patent. Since then, TriZetto has produced *all* of pre-litigation communications with its attorneys concerning the '164 Patent and all pre-litigation documents in its possession, custody or control that relate to the subject matter of the opinions rendered by counsel with regard to the '164 Patent.

       The opinions and communications that TriZetto produced were to or from two law firms -- the Blakely Sokoloff firm and the Stradling Yocca firm. *All* of TriZetto's communications with those firms regarding the '164 Patent, regardless of the date, have been produced. In addition, internal TriZetto documents that reference those communications or relate to the same subject matter have been produced.

       The only documents related to communications with the Blakely Sokoloff firm or the Stradling Yocca firm that were not produced do not pertain to the '164 Patent. For example, the Stradling Yocca firm represented TriZetto in connection with its acquisition of a company named Erisco, and privileged documents related to that acquisition were not produced. None of those documents reference or relate in any way to the '164 Patent.


The Honorable Sue L. Robinson
September 12, 2005
Page 2

        The test that TriZetto used in determining the scope of the waiver was entirely appropriate. When relying on advise of counsel as a defense in a patent infringement action, the waiver of the privilege extends to documents relating to the subject matter of counsel's advice – here the validity of the '164 Patent and TriZetto's laches and estoppel defenses. *See Allergan Inc. v. Pharmacia Corp.*, 2002 WL 1268047, at *2 (D. Del. May 17, 2002) ("the alleged willful infringer [should] disclose all of the information it possessed prior to or at the time it obtained opinions of counsel as to the subject matters discussed in such opinions"); *see also Thorn EMI North Am., Inc. v. Micron Tech., Inc.*, 837 F. Supp. 616, 621 (D. Del. 1993) ("[d]ocuments and testimony relating to [counsel's] advice are relevant in that they are probative of the alleged infringer's intent"). Further, privileged documents post-dating the filing of this lawsuit are not discoverable under the circumstances.[1] "The willfulness or non-willfulness of [defendant]'s conduct logically depends upon the advice it received *before* suit was filed. Moreover, if a party's reliance on advice of counsel to defend a claim of willful infringement resulted, without more, in a waiver of the attorney-client and work-product privileges pertaining to the opinions of its trial counsel, it would inappropriately chill communications between trial counsel and client and would impair trial counsel's ability to give the client candid advice regarding the merits of the case." *Motorola, Inc. v. Vosi Techs., Inc.*, 2002 WL 1917256, at *2 (N.D. Ill. Aug. 19, 2002).

        Respectfully,

        /s/ *Jack B. Blumenfeld (#1014)*

        Jack B. Blumenfeld (#1014)

JBB/bs

cc:    Peter T. Dalleo, Clerk (By Hand)
        Thomas J. Allingham, Esquire (By Hand)
        Jeffrey G. Randall, Esquire (By Fax)
        Jeffrey T. Thomas, Esquire (By Fax)

482586

---

[1] Indeed, the only time discovery of post-litigation privileged materials may be appropriate is where the accused infringer retains as trial counsel the same attorneys who rendered the opinions relied on as a defense. *See Sharper Image Corp. v. Honeywell Intern., Inc.*, 222 F.R.D. 621, 643-44 (N.D. Cal. 2004).