# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
───
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
(302) 651-3154
DIRECT FAX
(302) 651-3001
EMAIL ADDRESS
MBARLOW@SKADDEN.COM

FIRM/AFFILIATE OFFICES
───
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
───
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

September 14, 2005

**BY ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court for the
District of Delaware
844 N. King Street
Wilmington, Delaware 19801

RE:   *McKesson Information Solutions, LLC v. The TriZetto Group, Inc.*, C.A. No. 04-1258-SLR

Dear Chief Judge Robinson:

      In light of the numerous depositions scheduled during the next two weeks, determining the proper scope of TriZetto's waiver is paramount to McKesson's ability to discover key information from the deponents regarding the reasonableness of TriZetto's opinion of counsel defense. The parties do not dispute that TriZetto's reliance on opinion of counsel has waived the attorney-client privilege or that this waiver extends to the subject matter of the advice it received. However, as highlighted in TriZetto's letter to the Court (D.I. 86), TriZetto has blocked nearly all discovery necessary for McKesson and the Court to assess the reasonableness of TriZetto's reliance—if any—on the opinion letters by applying an unduly narrow interpretation of the scope of TriZetto's waiver.

      TriZetto has improperly foreclosed any discovery into the subject matter of the opinions it received beyond direct communications with its opinion counsel and any other communications referencing its opinion counsel. *See, e.g.,* D.I. 86 ("*All* of TriZetto's communications with [the Blakely Sokoloff firm and the Stradling Yocca firm] regarding the '164 Patent, regardless of the date, have been produced. In addition, internal TriZetto documents that reference those communications or relate to the same subject matter have been produced."); Sept. 9, 2005 Depo. Tr. of Craig Luftig at 159:12-24 ("As to any other questions, including general discussions about

The Honorable Sue L. Robinson
September 14, 2005
Page 2

infringements [sic] invalidity or anything else related to this case with Gibson Dunn & Crutcher lawyers or with the in-house counsel at Trizetto we're asserting privilege as to that."). As illustrated in the table attached as Exhibit A, TriZetto has refused to permit any examination regarding the defenses upon which it sought advice opinions – *i.e.*, TriZetto's defenses – other than communications with or that reference their opinion counsel. Such privilege objections are plainly improper in view of TriZetto's waiver. In addition, the enclosed highlighted copy of TriZetto's privilege log identifies numerous documents relating the current patent dispute—the only dispute between McKesson and TriZetto—that should have been produced nearly a month ago. (Ex. B).

TriZetto's assertion of an opinion of counsel defense to willful infringement placed the reasonableness of TriZetto's reliance on the opinions it received squarely at issue and beyond any claim of privilege. To assess this reasonableness, McKesson is entitled to discovery into TriZetto's knowledge and reliance regarding the defenses addressed by its opinion counsel, not just information relating to the opinion letters themselves. It is for this reason that the Court has explained that a defendant relying on the opinion of counsel must "disclose ***all of the information it possessed prior to or at the time it obtained opinions of counsel as to the subject matters discussed in such opinions.***" *Allergan Inc. v. Pharmacia Corp.*, C.A. No. 01-141-SLR, 2002 U.S. Dist. Lexis 19811 at *7 (D. Del. May 17, 2003) (emphasis added). Contrary to the position TriZetto continues to take, the relevant subject matter is not limited to the process of preparing the opinions, but rather extends to its knowledge and information relating to the defenses discussed in those opinions. Information relating to, and potentially undermining, the defenses addressed by TriZetto's opinion counsel is no less relevant to the reasonableness of TriZetto's reliance on such advice simply because it was not communicated to or does not expressly reference TriZetto's opinion counsel.

Moreover, TriZetto's statement to the Court that "the waiver of the privilege extends ... to the subject matter of counsel's advice – here the validity of the '164 Patent and TriZetto's *laches* and *estoppel* defenses," fails to mention that TriZetto sought a second opinion on the defenses of *noninfringement* and *invalidity* of the '164 patent. *See* Nov. 12, 2003 E-mail from Eric King to Jim Sullivan (TRZ837269-271). Contrary to TriZetto's attempt to selectively exclude categories of information from discovery, TriZetto's waiver extends to each of the defenses upon which it obtained advice, not just those it chooses.

Thus, to ensure that McKesson receives all of the documents necessary to fully and fairly examine TriZetto's witnesses at the upcoming depositions and that its examination is not improperly limited by objections over a privilege that has been

The Honorable Sue L. Robinson
September 14, 2005
Page 3

waived, McKesson respectfully requests that the Court address this issue prior to referral of discovery matters to a Special Master.

Respectfully submitted,

Michael A. Barlow

cc: Jeffrey G. Randall (by e-mail)
Jack B. Blumenfeld, Esq. (by e-filing)

427607.01-Wilmington Server 1A - MSW