IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS )
LLC,                          )
                              )
          Plaintiff,          )
                              )
     v.                       )     Civ. No. 04-1258 SLR
                              )
                              )
THE TRIZETTO GROUP INC.,      )
                              )
          Defendant.          )

**ORDER APPOINTING SPECIAL MASTER**

WHEREAS, by Order dated September 15, 2004, the Court
ordered the establishment of a Special Master Panel for
intellectual property cases; and

WHEREAS, consistent with the goals and needs expressed in
the referenced Order, the Court concludes that the appointment of
a Special Master is warranted in the above-captioned case;

THEREFORE, this 15th day of September, 2005, IT IS ORDERED
that:

1.   Louis C. Bechtle is appointed as Special Master.

2.   As required by Rule 53(b)(2), the Special Master shall
proceed with all reasonable diligence and, as provided by Rule 53
(c), shall have the authority to regulate all proceedings and
take all measures necessary to address issues relating to the
parties' privilege logs and rule on same.

3.   The Special Master shall, after consulting with the

parties, establish procedures for the handling of privilege logs.
He shall have the duty and authority to require the submission of
reports, call conferences, and hold hearings in order to
determine the status of issues relating to parties' privilege
logs, to issue orders requiring the parties to adhere to case
management dates set by the Court.  He shall hear, resolve and
make rulings on all disputes regarding privilege logs and, when
appropriate, enter orders setting forth his rulings.

4.    Except as otherwise ordered by the Special Master, the
filing, service and hearing of privilege log-related motions
shall be governed by Case Management and Standing Orders and the
Rules of this Court.

5.    The Special Master shall hear matters promptly and at
such times as may be convenient, at the discretion of the Special
Master.  All hearings and conferences before the Special Master
shall be held in this District's Courthouse or at an appropriate
other place arranged by the parties, with the approval of the
Special Master.  The party presenting a motion shall arrange for
a court reporter at the hearing and provide a copy of the
transcript to the Special Master thereafter.  The parties shall
equally bear the costs of the court reporter and transcript
provided to the Special Master.

6.    The Special Master shall not communicate ex parte with
a party without a consent of all of the parties.  The Special

2

master may communicate ex parte with the Court.

7.   The Special Master shall preserve all materials he receives or prepares in connection with any dispute regarding privilege logs.  He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that he shall file any orders entered setting forth his rulings and any opinions prepared supporting his rulings.

8.   The Special Master may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order.  He and other persons assisting the Special Master shall preserve and protect the confidentiality of all such information and, if required to file any orders, findings, opinions or materials that contain or make reference to any such information (including, but not limited to, information designated "Confidential," "For Attorneys Eyes Only" and/or "Sensitive Superconfidential"), he shall file the same under seal.

9.   The Special Master's rulings shall be subject to review by the Court, consistent with Rule 53(g)(3)-(5).

10.   The Special Master shall be compensated for his services at his usual hourly rate.  Others assisting the Special Master shall be compensated at their usual hourly rates.  The Special Master shall send statements for services and expenses

directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion.  The compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally be the parties.  In this regard, if in the Special Master's opinion, a party engages in behavior which occasions the waste of the Special Master's time and resources, or otherwise hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs and expenses.  Any objections or disputes as to matters of the Special Master's compensation and/or expenses shall be presented to the Court in a timely application.

United States District Judge