AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

McKESSON INFORMATION SOLUTIONS LLC

V.

THE TRIZETTO GROUP, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1258 SLR
(Case is pending in the U.S. District Court, District of Delaware)

TO: Harrington Benefit Services, Inc. f/k/a Centra Benefits Services
675 Brooksedge Boulevard
Westerville, OH 43081

Registered Agent: CSC - Lawyers Incorporating Services
50 West Broad Street, Suite 1800
Columbus, OH 43215

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **Please see topics listed on Exhibit A (attached).**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Westin Columbus<br>310 S. High Street, Columbus, OH 43215 | September 14, 2005 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Khoi D. Nguyen, Attorney for Plaintiff | August 26, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Khoi D. Nguyen      Telephone: (650) 470-4582
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100, Palo Alto, CA 94301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------|-------|

| SERVED BY (PRINT NAME) | TITLE |
|------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

KHOI D. NGUYEN
525 UNIVERSITY AVE
PALO ALTO, CA 94301

ATTORNEY FOR (Name): **PLAINTIFF**

Ref. No. or File No.: 224040

Insert name of court, judicial district or branch court, if any:
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO
85 MARCONI BLVD
COLUMBUS, OH 43215

PLAINTIFF: MCKESSON INFORMATION SOLUTIONS LLC

DEFENDANT: THE TRIZETTO GROUP, INC.

# PROOF OF SERVICE

| DATE: | TIME: | DEPT/DIV: | CASE NUMBER: |
|---|---|---|---|
| September 14, 2005 | 09:00 am | | 04-1258 SLR |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

LETTER DATED 8/26/05; SUBPOENA IN A CIVIL CASE; EXHIBIT A

PARTY SERVED: HARRINGTON BENEFIT SERVICES, INC. f/k/a CENTRA BENEFITS SERVICES

PERSON SERVED: DEANNE KESSLER, CSC - LAWYERS INCORPORATING SERVICES - AGENT FOR SERVICE OF PROCESS

DATE & TIME OF DELIVERY: September 1, 2005
10:07 am

ADDRESS, CITY, AND STATE: 50 WEST BROAD STREET, SUITE 1800
COLUMBUS, OH 43215
(BUSINESS)

MANNER OF SERVICE:
Personal Service - By Personally delivering copies.

WITNESS FEES:
The witness demanded witness fees, and said witness was paid the sum of $51.63.

Not a registered California process server
County:
Registration No.:
FIRST LEGAL SUPPORT SERVICES
1138 Howard St.
SAN FRANCISCO, CA 94103
(415) 626-3111

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on September 6, 2005 at SAN FRANCISCO, California.

Signature: S. ANTHONY BENTLEY

**PROOF OF SERVICE**

82(a)(23)[New July 1, 1987]

## Exhibit A

### Definitions

1. The term "McKesson" means plaintiff, McKesson Information Solutions LLC, its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities (including, without limitation, HBOC and HPR).

2. The term "TriZetto" means defendant, The TriZetto Group, Inc., its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

3. The term "Erisco" means Erisco Managed Care Technologies, Inc., its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

4. The term "RIMS" means Resource Information Management Systems, Inc., its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

5. The term "Harrington" means Harrington Benefit Services, its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

6. The term "'164 patent" means U.S. Patent No. 5,253,164, entitled "System and Method for Detecting Fraudulent Medical Claims via Examination of Service Codes."

7. The term "TriZetto Product" refers to Facets, ClaimFacts, QicLink, ClinicaLogic, or any other product manufactured, sold, licensed, or offered for sale or license by TriZetto that is capable of, or includes a component capable of, performing clinical editing or auditing of medical payment claims.

8. The terms "and" and "or" shall be construed broadly, either conjunctively or disjunctively, as necessary to bring within the scope of the discovery request any information which might otherwise be construed to be outside of its scope.

9. The term "communication(s)" shall be construed broadly to mean the transmittal of information, in any manner, in the form of facts, ideas, inquiries or otherwise.

10. The term "concerning" shall be construed broadly to mean relating to, referring to, describing, evidencing or constituting.

## TOPICS

1. The duration, extent and manner of use of any TriZetto Product by Harrington to perform clinical editing or auditing of medical payment claims.

2. The details of the costs and/or benefits associated with Harrington's use of any TriZetto Product to perform clinical editing or auditing of medical payment claims, including the savings potentially, or actually, realized using the clinical editing or auditing feature of any TriZetto Product.

3. Communications between Harrington and TriZetto, Erisco, or RIMS relating to the manner of use, capabilities, or other descriptions or representations of any TriZetto Product relating to clinical editing or auditing of medical payment claims.

4. Harrington's license or other agreements enabling Harrington to use any TriZetto Product.

5. Harrington's decision to use and/or license any TriZetto Product and any comparison made between any TriZetto Product and any product of McKesson, including any analysis of functionality relating to clinical editing or auditing of medical payment claims.

6. Harrington's knowledge or awareness of the '164 patent, including the date and the circumstances surrounding such knowledge or awareness, any investigation or analysis done by Harrington or communicated to Harrington concerning the '164 patent and its applicability to any TriZetto Product, and any communications between Harrington and TriZetto, Erisco, or RIMS concerning the '164 patent.