IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| MCKESSON INFORMATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-1258-SLR |
| | ) | |
| TRIZETTO GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |


**MEMORANDUM ORDER**


At Wilmington this 20th day of September, 2005, having
reviewed the various discovery disputes identified by the
parties;

IT IS ORDERED that:

1.  **Claim construction.**  Defendant asserts that plaintiff's
claim construction is neither adequate nor helpful in its use of
the language "software capable of".  In order for this language
to pass muster under Federal Circuit precedent, the specification
must disclose "software" as the corresponding structure that
performs the specific function in a means-plus-function claim
limitation.  Moreover, the "software" must either be specifically
described or identified as "software" known to those of skill in
the art.  See Medical Instrumentation and Diagnostics Corp. v.
Elekta AB, 344 F.3d 1205, 1211-12 (Fed. Cir. 2003).  See also

Harris Corp. v. Ericsson, Inc., 417 F.3d 1241, 1253 (Fed. Cir. 2005) ("A computer-implemented means-plus-function term is limited to the corresponding structure disclosed in the specification and equivalents thereof, and the corresponding structure is the algorithm."). Therefore, plaintiff must supplement its claim construction by identifying those portions of the specification that disclose the correspondence between the software (the structure) and the function disclosed by each claim limitation, as well as the specific algorithm disclosed in the specification, or where it is disclosed (or otherwise inferred) that the algorithm/software is known to those of skill in the art.

    2.  With respect to claim limitations that are not construed by one or both parties during this stage of the proceedings, I will not preclude further submissions by the parties if I find such to be of help.

    3.  **Availability of key witnesses and late disclosure of prior art and third party references.**  An in-person discovery conference with respect to these issues shall be held on **Thursday, September 22, 2005 at 2:00 p.m.**  I expect defendant to be prepared to demonstrate how discovery can be completed consistent with the scheduling order or, if it cannot be completed timely, why defendant should not be precluded from presenting such evidence at trial.

4.  **Waiver of privilege vis a vis defendant's willfulness defense.**  As I've explained in the past, see e.g., Allergan, Inc. v. Pharmacia Corp., 2002 WL 1268047 (D. Del. 2002), once an alleged infringer relies on the opinion of counsel as a defense to the charge of willful infringement in one of my cases, the alleged infringer must disclose to the patentee "all of the information it possessed prior to or at the time it obtained opinions of counsel as to the subject matters discussed in the such opinions." Id. at 2.  The scope of the waiver is **not** limited to what was communicated to or from counsel, but extends to **all** information possessed by the alleged infringer that relates to the subject matters of the opinion letters. Defendant's counsel has asserted that defendant has followed that mandate.  (D.I. 86, ¶¶ 2-3)  I agree with defendant that post-litigation privileged materials need not be disclosed.

5.  **Privilege asserted at depositions.**  The scope of the attorney-client privilege asserted at depositions should be consistent with that approved by the Special Master in his document review.  Therefore, to the extent that defendant has exceeded the scope of the privilege ultimately determined to be appropriate by the Special Master, defendant shall be responsible for the costs incurred by plaintiff in re-deposing any witnesses who failed to answer questions based on the assertion of

privilege.

_____
United States District Judge