⸙AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

McKESSON INFORMATION SOLUTIONS LLC
    Plaintiff,

V.

THE TRIZETTO GROUP, INC.
    Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1258 SLR
(Pending in the District of Delaware)

TO: Custodian of Records
    Warshaw Burstein Cohen Schlesinger & Kuh LLP
    555 Fifth Avenue
    New York, NY 10017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    Please see Attachment A.

| PLACE Skadden, Arps, Slate, Meagher & Flom LLP    Attn: Morgan Walton | DATE AND TIME |
|---|---|
| Four Times Square, New York, NY 10036 | September 26, 2005; 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Khoi D. Nguyen, Attorney for Plaintiff | September 19, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Khoi D. Nguyen      Telephone: (650) 470-4582
    Skadden, Arps, Slate, Meagher & Flom LLP
    525 University Avenue, Suite 1100, Palo Alto, CA 94301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
             DATE                       SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

SKADDEN ARPS SLATE MEAGHER & FLOM    (650) 470-4500
KHOI D. NGUYEN, SBN 215934
525 UNIVERSITY AVE
PALO ALTO, CA 94301

Ref. No. or File No.
224040

ATTORNEY FOR (Name): PLAINTIFF

Insert name of court, judicial district or branch court, if any:
United States District Court-Southern/New York
500 Pearl Street
New York, NY 10007

PLAINTIFF:
MCKESSON INFORMATION SOLUTIONS LLC

DEFENDANT:
THE TRIZETTO GROUP, INC.

| PROOF OF SERVICE | DATE: September 26, 2005 | TIME: 10:00 am | DEPT/DIV: | CASE NUMBER: 04-1258 SLR |
|---|---|---|---|---|

## UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION. I SERVED THE:

LETTER DATED 9/19/05; SUBPOENA IN A CIVIL CASE; ATTACHMENT A; STIPUALATED PROTECTIVE ORDER

ON: CUSTODIAN OF RECORDS; WARSHAW BURSTEIN COHEN SCHLESINGER & KUH LLP

AT 555 FIFTH AVENUE
NEW YORK, NY 10017
(BUSINESS)

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH:
BRUCE WEINER, PARTNER - AUTHORIZED TO ACCEPT

ON: September 19, 2005
AT: 02:05 pm

Manner of service in compliance with California Code of Civil Procedure.

REGISTERED NEW YORK PROCESS SERVER
County: NEW YORK
Registration No.: LIC. 1150441
FIRST LEGAL SUPPORT SERVICES
1138 Howard St.
SAN FRANCISCO, CA 94103
(415) 626-3111

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on September 20, 2005 at SAN FRANCISCO, California.

Signature: _____
IAN THOMSON

PROOF OF SERVICE

## ATTACHMENT A

**INSTRUCTIONS AND DEFINITIONS**

1. The term "TriZetto" means The TriZetto Group, Inc., its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

2. The term "Erisco" means Erisco, Inc., its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

3. The term "Warshaw" means Warshaw Burstein Cohen Schlesinger & Kuh, LLP, its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

4. The term "Levine" means Levine & Mandelbaum, its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

5. The term "'164 patent" means U.S. Patent No. 5,253,164, entitled "System and Method for Detecting Fraudulent Medical Claims via Examination of Service Codes."

6. The term "document" shall have the broadest possible meaning permitted by Federal Rule of Civil Procedure 34(a) and shall encompass all documents that are within your custody, possession, or control. The term "document" includes any tangible thing, electronic or

computer records, e-mail, and audio and/or visual recordings. Each draft or non-identical copy of a document is deemed a separate document with the meaning of the term "document."

7. The terms "and" and "or" shall be construed broadly, either conjunctively or disjunctively, as necessary to bring within the scope of the discovery request any information which might otherwise be construed to be outside of its scope.

8. The term "concerning" shall be construed broadly to mean relating to, referring to, describing, evidencing or constituting.

9. The term "relating to" means, without limitation, describing, reflecting, concerning, identifying, containing, discussing, constituting, or referring to.

10. If you withhold any document, or any part of a document, under a claim of attorney-client privilege, work product, or other ground of non-production, you must provide in writing a list identifying every such document entirely or partially withheld and stating for each document the following information: (1) the nature of the privilege or ground being asserted; (2) the type or form of the document (e.g., letter, memorandum, e-mail); (3) the general subject matter of the document; (4) the date of the document; (5) the author(s) of the document; and (6) the addressee(s) and recipient(s) of the document.

**DOCUMENT REQUESTS**

1. All documents concerning any opinions Warshaw provided to Erisco, now doing business as TriZetto, relating to the '164 patent including all documents sent between Erisco, Levine, and Warshaw relating to the validity, enforceability or infringement of the '164 patent and any work product or analysis relating to the '164 patent.

2

2. All documents relating to the '164 patent including all documents sent to and from Erisco and Warshaw relating to the '164 patent and any work product or analysis relating to the '164 patent.

3. All documents relating to time records and entries that pertain to the work performed by Warshaw with respect to Topic Nos. 1 and 2, above.