# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>        Plaintiff,<br>v.<br><br>THE TRIZETTO GROUP, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 04-1258-SLR |

## PLAINTIFF MCKESSON'S RESPONSE TO DEFENDANT TRIZETTO'S FIRST SET OF INTERROGATORIES (1-20)

Pursuant to Federal Rule of Civil Procedure 33, plaintiff, McKesson Information Solutions LLC ("McKesson"), objects and responds as follows to the First Set of Interrogatories by defendant, The TriZetto Group, Inc. ("TriZetto").

### GENERAL OBJECTIONS

McKesson makes the following General Objections, whether or not separately set forth in response to each interrogatory, to each and every instruction, definition, and question posed in the interrogatories:

1. McKesson objects generally to interrogatories 1 through 20, inclusive, insofar as they seek production of documents or information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges. Such documents or information shall not be produced in response to any interrogatory, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such documents or information, or of any work product immunity doctrine or other

D 1/13/05

McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 9:**

IDENTIFY all prior art to the '164 PATENT (including publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures) which YOU, the named inventors or the '164 PATENT, any owner, assignee or licensee of the '164 PATENT, or any patent agent or attorney acting on behalf of the named inventors of the '164 PATENT, were aware prior to filing the '164 PATENT.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory as vague and ambiguous, particularly with respect to the phrases "filing the '164 PATENT" and "prior art to the '164 PATENT." Without further definition or limitation to a particular field, this interrogatory is overbroad and unduly burdensome and/or improperly calls for a legal determination of what constitutes "prior art to the '164 PATENT." McKesson further objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information regarding the awareness of any individuals other than the named inventors and prosecuting attorneys, as such information is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory's use of the term "YOU," as that term is defined by TriZetto, as unduly burdensome, overbroad, and seeking information that is not within McKesson's possession, custody, or control and/or seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to

the discovery of admissible evidence. TriZetto's definition calls for information regarding the awareness, if any, of innumerable third-party individuals and entities with no connection to this action. McKesson further objects to this interrogatory as compound and having multiple subparts. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: To McKesson's knowledge, consistent with their obligation under 37 C.F.R. § 1.56, the inventors and prosecuting attorneys disclosed all material prior art of which they were aware to the United States Patent and Trademark Office during the prosecution of the '164 patent. Those prior art references are identified in the prosecution history of the '164 patent, a copy of which McKesson has produced to TriZetto. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 10:**

For every item of prior art the identification of which is sought by Interrogatory No. 9, describe how the prior art was located and the PERSON most knowledgeable about the location of that prior art, and identify all documents relating thereto.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory for the same reasons stated in response to Interrogatory Number 9 and incorporates its response and objections to that interrogatory

16

herein in their entirety. McKesson further objects to this request as vague and ambiguous, particularly with respect to the phrases "how the prior art was located," "location," and "relating thereto." McKesson further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "how the prior art was located," as such information is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: To McKesson's knowledge, consistent with their obligation under 37 C.F.R. § 1.56, the inventors and prosecuting attorneys of the '164 patent disclosed all material prior art of which they were aware to the United States Patent and Trademark Office during the '164 patent's prosecution. Those prior art references are identified in the prosecution history of the '164 patent, a copy of which McKesson has produced to TriZetto. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 11:**

Describe in detail any investigation, analysis, testing, studying, or reverse engineering of every TRIZETTO product that YOU have ever considered to infringe or possibly infringe any claim(s) of the '164 PATENT (including, but not limited to, the identification of all PERSONS involved, the nature of each such PERSON'S involvement, the time period of the PERSON'S involvement, any conclusions reached, and any documents relating thereto).

DATED: January 13, 2005

By: _____
Jeffery G. Randall
SKADDEN, ARPS, SLATE MEAGHER
 & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301

Attorneys for Plaintiff,
McKesson Information Solutions LLC