# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

September 30, 2005

BY ELECTRONIC FILING

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, Delaware 19801

Re:     *McKesson Information Solutions, LLC v. The TriZetto Group, Inc.,*
        Civil Action No. 04-1258-SLR

Dear Chief Judge Robinson:

TriZetto has produced a pre-litigation opinion from outside counsel on its estoppel and laches defenses. TriZetto has also produced *all* pre-litigation communications and work product that related to the subject matter of the opinion or to the '164 patent. TriZetto did not produce post-litigation communications with trial counsel.[1]

Your Honor's September 20, 2005 Order stated that TriZetto's "post-litigation privileged materials need not be disclosed." (D.I. 99.) At the September 22 discovery conference, counsel for McKesson argued, based solely on the assertion that a TriZetto witnesses — Anthony Bellomo — gave the rather unremarkable testimony that he was relying on advice from trial counsel, that the privilege for all communications between TriZetto and its trial counsel has been waived. Mr. Bellomo's testimony was the word "yes" when he was asked whether he was relying on advice of trial counsel. That is precisely what one would expect a client to say when asked whether he or she was relying on the advice of counsel. TriZetto is not asserting advice of trial counsel as a defense to willfulness in this case and has not disclosed any communications with trial counsel. One would hope that all parties to litigation would rely on advice of their trial counsel; that alone does not constitute a waiver. The Court's previous ruling was correct and there is no basis to disturb it.

---

[1] On the first day of the deposition of Craig Luftig, Senior Director of Product Development Management at TriZetto, TriZetto's counsel permitted Mr. Luftig to answer many questions calling for pre-litigation privileged information, but instructed Mr. Luftig not to answer a few questions that arguably exceeded the scope of TriZetto's privilege waiver. TriZetto's counsel agreed that the objectionable questions could be renewed on the second day of deposition. Accordingly, McKesson was entitled on the second day of Mr. Luftig's deposition, which occurred on September 21, 2005, to ask the questions to which TriZetto had previously objected. McKesson's counsel did not ask Mr. Luftig any such questions on the second day.

Honorable Sue L. Robinson
September 30, 2005
Page 2

Numerous courts have held that the waiver of the attorney-client privilege resulting from the advice-of-counsel defense in patent litigation *does not extend* to post-litigation communications between the defendant and trial counsel which had no involvement in providing pre-litigation advice. *See Collaboration Props., Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 476-77 (N.D. Cal. 2004); *Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621, 643-46 (N.D. Cal. 2004); *Motorola, Inc. v. Vosi Techs., Inc.*, 2002 WL 1917256, at *2 (N.D. Ill. Aug. 19, 2002) ("The willfulness or non-willfulness of [defendant]'s conduct logically depends upon the advice it received *before* suit was filed"); *see also Allergan Inc. v. Pharmacia Corp.*, 2002 WL 1268047, at *2 (D. Del. May 17, 2002) ("the alleged willful infringer [should] disclose all of the information it possessed *prior to or at the time it obtained opinions of counsel* as to the subject matters discussed in such opinions").

The reasons for not extending the waiver of the attorney-client privilege to post-litigation communications between a defendant and trial counsel are obvious: "Unless any waiver of the attorney-client privilege respecting communications with litigation counsel is circumscribed so as to not to extend to litigation-related communications with trial counsel, [fn] it is difficult to imagine how any frank communication between the client and litigation counsel on the subject of infringement could be shielded from disclosure." *Collaboration Props.*, 224 F.R.D. at 477. The limitation on the waiver applies even where, as here, "the plaintiff contends the willfulness of the infringement is continuing throughout the litigation." *Id.* "Otherwise every communication about infringement between client and litigation counsel would be fair game." *Id.* Thus, "[a] defendant who understood that invoking the advice of counsel defense would disable him from communicating in confidence with his trial counsel about matters critical to liability would feel great pressure to forego the right (conferred on him by patent law) to defend himself on this important ground." *Sharper Image*, 222 F.R.D. at 643.

The Federal Circuit's recent decision in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004), supports the same conclusion. There, the Court overturned prior cases which had held that a patent defendant's invocation of the attorney-client-privilege or work product doctrine warranted an adverse inference as to willful infringement. In reaching its conclusion, the Court cautioned against risking intrusion upon "full communication and ultimately the public interest in encouraging open and confidential relationships between client and attorney." *Id.* at 1344.

Respectfully,

/s/ *Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld

JBB/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
       Thomas J. Allingham, Esquire (By Hand)
       Jeffrey G. Randall, Esquire (By Fax)
       Jeffrey T. Thomas, Esquire (By Fax)

485488