# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

September 30, 2005

REDACTED PUBLIC VERSION

<u>BY ELECTRONIC FILING</u>

The Honorable Sue L. Robinson        Original Filed September 30, 2005
United States District Court              Redacted Public Version Filed October 3, 2005
844 King Street
Wilmington, Delaware 19801

Re:   *McKesson Information Solutions, LLC v. The TriZetto Group, Inc.*,
      Civil Action No. 04-1258-SLR

Dear Chief Judge Robinson:

At the September 22 discovery conference, Trizetto raised the fact that certain witnesses produced by McKesson as Rule 30(b)(6) witnesses did not have sufficient knowledge of the topics for which they were produced. Trizetto also noted that certain witnesses identified by McKesson in its Rule 26 disclosures did not have knowledge of the information listed in the disclosures. As a result, the Court permitted the parties to make submissions concerning these issues. Trizetto has identified four such McKesson witnesses.

### Carolyn J. Wukitch

Ms. Wukitch was designated by McKesson as to topics 5, 11, 14-15 and 17-21 of Trizetto's Rule 30(b)(6) deposition notice (Exhibit A). Those topics include:

- The enforcement of the '164 Patent, including all cease-and-desist letters, public announcements of intent to enforce the Patent, and litigation.

- All licenses to the '164 Patent that have been granted.

- Negotiations between HPR, HBOC and/or McKesson, on the one hand, and Trizetto and/or RIMS, on the other hand.

As the highlighted version of Ms. Wukitch's deposition (Exhibit B) demonstrates, Ms. Wukitch was unable to testify fully as to the matters designated.

### John N. Nunnelly

Mr. Nunnelly was designated by McKesson as to topics 7, 8 and 9 of Trizetto's Rule 30(b)(6) deposition notice (Exhibit A). Those topics include:

Honorable Sue L. Robinson
September 30, 2005
Page 2

- HBOC's acquisition of HPR.

- HBOC's acquisition of GMIS.

- McKesson's acquisition of HBOC.

As the highlighted version of Mr. Nunnelly's deposition (Exhibit C) demonstrates, Mr. Nunnelly was unable to testify fully as to the matters designated.

### Karen Bell

Ms. Bell was listed in McKesson's Rule 26 disclosures (Exhibit D, p. 4) as a McKesson employee who is "likely to have information regarding McKesson's damages resulting from Trizetto's willful infringement of the '164 patent." As the highlighted version of Ms. Bell's deposition (Exhibit E) demonstrates, Ms. Bell did not have information regarding McKesson's alleged damages.

### Janet Cutcliff

Ms. Cutcliff was listed in McKesson's Rule 26 disclosures (Exhibit D, p. 4) as a McKesson employee who is "likely to have information regarding Trizetto's willful infringement of the '164 patent and the resulting damages to McKesson." As the highlighted version of Ms. Cutcliff's deposition (Exhibit F) demonstrates, Ms. Cutcliff did not have information regarding Trizetto's alleged infringement of the '164 Patent or the resulting damages to McKesson.

\* \* \*

Based on the foregoing, Trizetto requests that the Court order McKesson to produce for deposition representatives who can adequately testify to the topics listed in Trizetto's Rule 30(b)(6) deposition notice. Trizetto also requests that the Court permit TriZetto to take two additional depositions because it would not have wasted two of its depositions on Ms. Bell and Ms. Cutcliff had we known that they did not have the knowledge that McKesson's Rule 26 disclosure said they did.

Respectfully,

/s/ *Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld

JBB/bls

cc: Peter T. Dalleo, Clerk (By Hand)
    Thomas J. Allingham, Esquire (By Hand)
    Jeffrey G. Randall, Esquire (By Email)
    Jeffrey T. Thomas, Esquire (By Email)

485447