## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
(302) 651-3154
DIRECT FAX
(302) 651-3001
EMAIL ADDRESS
MBARLOW@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 4, 2005

**BY ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court for the
District of Delaware
844 N. King Street
Wilmington, Delaware 19801

RE:   *McKesson Information Solutions, LLC v. The TriZetto Group, Inc.*,
C.A. No. 04-1258-SLR

Dear Chief Judge Robinson:

     Pursuant to the Court's directive at the September 19, 2005 hearing, McKesson submits this letter brief in support of its position that TriZetto's reliance on the advice of trial counsel in connection with its decision to continue infringing McKesson's patent during the pendency of this case waives the attorney-client privilege and work product immunity for all information relating to that advice.

     Your Honor's September 20, 2005, Order regarding the scope of TriZetto's waiver based on reliance on opinion of counsel excluded "post-litigation materials[.]"  *See* Mem. Order at 3. At the time of the Order, Your Honor and McKesson did not know that TriZetto was relying on advice from its trial counsel in connection with its decision to continue willfully infringing McKesson's patent during the course of this case.

     As discussed at the hearing, Anthony Bellomo, TriZetto's Executive Vice President and its Rule 30(b)(6) designee in connection with issues relating to TriZetto's willfulness defense, testified that TriZetto is "relying on oral or written communications from its attorneys after the lawsuit was filed regarding noninfringement or invalidity based on prior art in making its decision to continue to make and sell the accused infringing systems[.]"  *See* Bellomo Dep. (9/19/05) at 44-47.  Mr. Bellomo testified that he believed that this advice was provided both by its previous trial counsel from Paul Hastings and its current counsel from Gibson Dunn. *See id.* at 47-50.  (The pertinent portions of Mr. Bellomo's deposition are included at the end of this letter as Exhibit A.)

The Honorable Sue L. Robinson
October 4, 2005
Page 2

Your Honor held in *Allergan Inc. v. Pharmacia Corp.*, 2002 U.S. Dist. LEXIS 19811, at *6-7 (D. Del. May 17, 2003), that, "[i]n order to determine whether the alleged infringer 'reasonably and in good faith relied on' the advice rendered by opinion counsel, it is appropriate to test the knowledge of the alleged willful infringer concerning the subject matter of the opinion." Your Honor's decision in Allergan did not address the situation presented by this case, namely the means for testing the "reasonableness" and "good faith" of the infringer's continued infringement where the infringer relies on advice from trial counsel after suit is filed in connection with its decision to continue infringing during the pendency of the suit.

Infringement is an ongoing tort and the willfulness of the infringement during the pendency of the suit is determined based on the reasonableness of the infringer's decision to continue the infringement, which in turn is based on whether the infringer's reliance on the opinions it obtained from opinion counsel remains reasonable in light of advice received during the pendency of the suit.

Other courts have held that post-litigation opinions of trial counsel that contradict opinion counsel's opinions are, in fairness, subject to discovery to allow the patent owner to challenge the reasonableness of the infringer's decision to continue infringement during the suit. Thus, in *Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98, 104 (S.D.N.Y. 2004), the court ordered production of all materials "concerning communications between [the infringer] (or its in-house counsel) and any of its attorneys, including trial counsel, with respect to the subject matter of [opinion counsel's] opinions, i.e., the infringement, validity, and enforceability of the [patents-in-suit]." In so holding, the court stated that "a waiver of the privilege resulting from advice of counsel defense extends throughout the period of infringement, 'including up through trial.'" *Id.* at 104 (citation omitted); *see also id.* ("waiver of the privilege resulting from its advice-of-counsel defense should extend from the time it became aware of the plaintiffs' patents until such time in the future that [the infringer] ceases its alleged infringement."). "While some cases . . . have limited the waiver of the privilege with respect to trial counsel to the period prior to commencement of the suit, such a filing date cutoff seems inconsistent with the continuing duty of case imposed in ongoing infringement cases." *Convolve*, 224 F.R.D. at 104 n.5 (emphasis in original).

The court reached a similar conclusion in *Bristol-Meyers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 1999 U.S. Dist. LEXIS 8930 (S.D.N.Y. 1999):

> "[A]lthough it may be unlikely that [the infringer] received conflicting legal advice concerning the infringement, validity, and enforceability of [the patents at issue] after the filing of this lawsuit, [the patent owner] is entitled to the assurance that it has access to any inconsistent statements or advice which may have been given to [the alleged infringer] since the initiation of the lawsuit so that it can contest [the infringer's] claim of lack of willful infringement."

The Honorable Sue L. Robinson
October 4, 2005
Page 3

*Id.* at \*7-8; *see also Beneficial Franchise Co., Inc. v. Bank One, NA*, 205 F.R.D. 212, 218 (N.D. Ill. 2001) ("When a party chooses to inject into the case attorney opinions, fairness is served by allowing the opposing party to have access to documents casting doubt or contradicting those opinions - even if prepared by trial counsel after suit was commenced. Moreover, we believe that that is consistent with what a party's expectation should be if he or she chooses to inject attorney advice into a case - a party cannot fairly expect to offer only the privileged information which he or she deems helpful, and to withhold the rest.").

Waiver with respect to advice from trial counsel is particularly appropriate where, as here, the infringer relies on those opinions in connection with its decision to continue infringing the patent during pendency of the suit. In *Akeva LLC v. Mizuno Corp.*, 243 F. Supp.2d 418, 424-25 (M.D.N.C. 2003), the defendant argued that waiver extended only to advice received from opinion counsel, even though defendant's Rule 30(b)(6) witness admitted that he "relied, in part, on the advice of his trial counsel in continuing the [infringing] manufacturing actions of defendant." The court ordered production of all materials relating to opinions received by all of the defendant-infringer's attorneys, including trial counsel. The court held:

> "The waiver of attorney-client privilege or work product protection does not, as defendants argue, exist solely at a particular point of time, such as when the client receives the opinion from counsel. As recognized by the Federal Circuit . . . because infringement is a continuing activity, the requirement to exercise due care and seek and receive advice is a continuing duty. Therefore, once a party asserts the defense of advice of counsel, this opens to inspection the advice received during the entire course of the alleged infringement. Consequently, the waiver of attorney-client privilege or work product protection covers all points of time, including up through trial. The waiver is also not limited to the advice given by opinion counsel. Since the waiver encompassed the subject matter of the advice, that means that all opinions received by the client must be revealed, even those opinions the client receives from attorneys other than opinion counsel. Practical reasons exist for this rule. The exercise of due care requires a potential infringer to act reasonably. The infringer may not pick and choose between what opinions will be relied upon and which will be discarded. The totality of the circumstances test requires that all knowledge gained by the infringer relating to the advice subject matter must be revealed so that the fact finder can make its own determination as to whether the reliance was reasonable."

243 F. Supp. 2d at 423 (citations omitted). The court concluded that all opinions received by the defendant-infringer concerning the issues with respect to which the defendant waived privilege (in that case, only infringement) "must be revealed, even if they come from defendants' trial attorneys, and even if they pre-date or post-date the advice letter of opinion counsel." *Id.*

The Honorable Sue L. Robinson
October 4, 2005
Page 4

The situation here is even more compelling in support of waiver. Prior to suit, TriZetto received an opinion of counsel based on equitable estoppel and laches. TriZetto also received preliminary indications from counsel that McKesson's patent might be invalid and might not be infringed, but it did not receive definitive opinions on these grounds. The only opinions TriZetto received on the core issues of infringement and invalidity were provided by trial counsel from Paul Hastings and Gibson Dunn. Since TriZetto is actually relying on this advice to bolster the "reasonableness" of it continued infringement, basic fairness requires that McKesson be allowed discovery on these opinions. TriZetto's trial counsel have in effect become TriZetto's opinion counsel, and TriZetto should not be allowed to selectively waive only concerning favorable advice it received and thereby preclude any inquiry into whether it actually reasonably continued to infringe during the pendency of this suit.

Particularly significant in this case is the fact that all of the witnesses deposed on the issue – including TriZetto's own witnesses – have essentially conceded that the accused TriZetto systems infringe McKesson's patent. It would be unfair to allow TriZetto to defend its post-litigation infringement based on pre-litigation advice if the advice it received during the litigation from trial counsel – advice that TriZetto is admittedly relying on to continue its infringement – contradicted the pre-litigation advice it received.

Since TriZetto has clearly asserted its reliance upon the advice of its trial counsel in deciding to continue its infringement, TriZetto has waived its privilege as to all the advice of TriZetto is rely on relating to this defense, including the advice provided by trial counsel pertaining to the subject matter of such advice. McKesson is entitled to all of the information within TriZetto's possession which reflects the reasonableness of TriZetto's reliance on it pre-litigation advice of counsel, including information provided by TriZetto's trial counsel that is consistent with and contrary to TriZetto's opinion counsel's advice. *See, e.g., Convolve*, 224 F.R.D. at 105.

To avoid selective disclosure, TriZetto should be ordered to provide for in camera review by the Special Master all information TriZetto received from trial counsel on the issues of infringement, invalidity, laches and estoppel for a determination whether trial counsel's advice conflicted with pre-litigation opinion counsel's advice and thus undermined the reasonableness of TriZetto's continued infringement. If the Special Master determines that certain of the materials contain TriZetto's trial counsels' litigation strategy rather than candid advice relating to the merits of TriZetto's defenses, such materials can be withheld from production to McKesson. *See, e.g., Convolve*, 224 F.R.D. at 105 ("to the extent that [the infringer] wishes to withhold or redact documents that would reveal trial strategy or planning, it shall submit those documents for . . . in camera review").

Respectfully submitted,

Michael A. Barlow  (Del. I.D. #3928)

The Honorable Sue L. Robinson
October 4, 2005
Page 5

cc: Jeffrey G. Randall, Esq. (by e-mail)
    Jack B. Blumenfeld, Esq. (by e-filing)
    Jeffrey T. Thomas, Esq. (by e-mail)