# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 575 7291
302 425 3012 FAX
jblumenfeld@mnat.com

October 7, 2005

BY ELECTRONIC FILING

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, Delaware 19801

Re:   *McKesson Information Solutions, LLC v. The TriZetto Group, Inc.*,
      Civil Action No. 04-1258-SLR

Dear Chief Judge Robinson:

This is in response to McKesson's October 4 letter brief arguing that TriZetto has waived *the attorney-client privilege and work product immunity for all information* relating to the advice that TriZetto has obtained from its trial counsel concerning the '164 Patent. The authorities cited by McKesson do not support its position.

Unlike this case, the defendants in *Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98 (2004), obtained opinions from counsel "*[a]fter the filing of the original complaint*." *Id.* at 99 (emphasis added). This was one of the factors the court considered when it determined that the defendants had waived privileged communications with trial counsel. *Id.* at 104, n.5 ("The filing date rule is particularly unworkable for this case, since the opinions that triggered the waiver were not obtained until after the suit commenced, meaning that evaluating the effect of later-received contrary opinions on [defendant's] state of mind would necessarily implicate the post-filing period"). In addition to being factually distinguishable, the court in *Convolve* specifically rejected McKesson's contention that the waiver applies to work product created by trial counsel. *Id.* at 106 ("Where there is no evidence that trial and opinion counsel have conspired to create a 'sham opinion' to gain an unfair advantage in litigation, production of the un-communicated work product of trial counsel is unwarranted").

*Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212 (N.D. Ill), also does not support the broad waiver that McKesson has requested. In *Beneficial*, the court held that the waiver only applied to documents that "contradict or cast doubt on the opinions" that were previously revealed. *Id.* at 218.; see also *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 1999 U.S. Dist. LEXIS 8930 (S.D. N.Y. June 14, 1999) (stating that the plaintiff was entitled to opinions that were "inconsistent with the conclusions in the opinion letters" that were

The Honorable Sue L. Robinson
October 7, 2005
Page 2

previously disclosed). In *Akeva L.L.C. v. Mizuno Corp.*, 243 F. Supp. 2d 418 (M.D. N.C. 2003), the defendants' trial counsel themselves retained an attorney to provide the opinion and there was never any direct contact by the opinion counsel with the defendants. *Id.* at 419. The court specifically held under the circumstances present here, "when the opinion counsel is independent . . . the broader waiver of work product need not be employed." *Id.* at 424.

In any event, all of these cases cited by McKesson pre-date the Federal Circuit's decision in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004), where the court overruled prior cases which had held that a patent defendant's invocation of the attorney-client-privilege or work product doctrine warranted an adverse inference as to willful infringement. In reaching its conclusion, the court cautioned against risking intrusion upon "full communication and ultimately the public interest in encouraging open and confidential relationships between client and attorney." *Id.* at 1344.

Thus, the better rule is that the waiver of the attorney-client privilege resulting from the advice-of-counsel defense in patent litigation *does not extend* to post-litigation communications between the defendant and trial counsel who had no involvement in providing pre-litigation advice. (*See* authorities cited in TriZetto's letter brief dated September 30, 2005).

If McKesson were correct, then the privilege for communications with trial counsel would be waived in every case where an opinion was obtained prior to litigation. Here, TriZetto is not relying on, and has not disclosed, any communications with trial counsel. The only basis for the asserted waiver is that TriZetto's management is listening to and relying on trial counsel's advice, which one could hope all companies do. That does waive any privilege.

                                      Respectfully,

                                      /s/ *Jack B. Blumenfeld (#1014)*

                                      Jack B. Blumenfeld

JBB/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
        Thomas J. Allingham, Esquire (By Hand)
        Jeffrey G. Randall, Esquire (By Email)
        Jeffrey T. Thomas, Esquire (By Email)