# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

October 7, 2005

BY ELECTRONIC FILING

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, Delaware 19801

Re: *McKesson Information Solutions, LLC v. The TriZetto Group, Inc.,*
Civil Action No. 04-1258-SLR

Dear Chief Judge Robinson:

I am writing in response to McKesson's October 4, 2005 letter concerning Rule 30(b)(6) depositions (D.I. 112). On September 22, Your Honor permitted the parties to submit highlighted versions of depositions for review (D.I. 116 at 61-62). TriZetto did so (D.I. 109). McKesson, however, chose instead to seek relief with respect to 30(b)(6) categories to which TriZetto had objected well before September 22. We provide the following brief response:

First, McKesson now seeks relief other than taking those 30(b)(6) depositions. That is because it has already used virtually all of the time allotted to it for such depositions under the scheduling order.

Second, TriZetto's objections to the categories mentioned are well-founded. Indeed, it is hard to understand why McKesson noticed a Rule 30(b)(6) deposition seeking identification of each TriZetto customer, and a description of each transaction with each customer and the functionality of the products used by that customer (categories 18-20). TriZetto has produced the documents identifying those customers and transactions and properly objected to the deposition notice. Other categories (8 and 11-13) sought contentions or privileged information (e.g., the basis underlying one of TriZetto's contention interrogatory answers and TriZetto's "investigations or analysis" into the validity and enforceability of the '164 patent). Finally, we objected to category 38 ("The potential impact of this lawsuit on TriZetto's . . . business") as lacking particularity because it does. We did not understand what McKesson was asking.

The Honorable Sue L. Robinson
October 7, 2005
Page 2

       Third, McKesson demands a "written admissible statement that TriZetto is unable to produce a witness" on certain topics, even though McKesson provided to us only a letter from Mr. Randall saying that "McKesson does not currently employ persons to testify with more knowledge than the information relating to topics 1,3 and 4 disclosed during discovery through documents and deposition testimony."  It is remarkable that McKesson asks the Court to order TriZetto to provide more than that.

                                      Respectfully,

                                      */s/ Jack B. Blumenfeld (#1014)*

                                      Jack B. Blumenfeld

JBB/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
        Thomas J. Allingham, Esquire (By Hand)
        Jeffrey G. Randall, Esquire (By Email)
        Jeffrey T. Thomas, Esquire (By Email)