IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>THE TRIZETTO GROUP, INC.<br><br>      Defendant. | Civil Action No. 04-1258-SLR |

# THE TRIZETTO GROUP, INC.'S MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S SEPTEMBER 20, 2005 ORDER RE: CLAIM CONSTRUCTION

## I. INTRODUCTION

On July 21, 2005, McKesson served its Proposed Claim Terms and Constructions (hereinafter "July 21, 2005 Claim Construction"). In its July 21, 2005 Claim Construction, McKesson added the word "software" or "hardware" to the means-plus-function language in the asserted claims. TriZetto objected that this construction was deficient and failed to provide sufficient structure or definition to support the mean-plus-function elements.

After evaluating McKesson's proposed claim construction and the case law, this Court ordered, on September 20, 2005 that (D.I. 99 at 2):

> plaintiff must supplement its claim construction by identifying those portions of the specification that disclose the correspondence between the software (the structure) and the function disclosed by each claim limitation, as well as the specific algorithm disclosed in the specification, or where it is disclosed (or otherwise inferred) that the algorithm/software is known to those of skill in the art.

During the September 22, 2005 discovery conference, the Court ordered McKesson to provide this supplementation by September 30. On October 3, 2005, three days after the deadline had passed, McKesson served its Supplemental Proposed Claim Terms and Construction (hereinafter "Supplemental Claim Construction"). *See* Exh. A hereto.

Once again, despite the Court's order, McKesson has provided TriZetto with a deficient claim construction statement that does not specifically identify the structure supporting the means-plus-function elements. McKesson's Supplemental Claim Construction cites broadly to all of the appendices and most of the figures in the patent (in their entirety), as well as numerous sections of the specification without identifying where the specific algorithms performing the various functions can be found. The Supplemental Claim Construction also states that "one skilled in the art" would be able to identify the relevant structure that performs the function, but the specification citations McKesson provides do not support this assertion. As illustrated in the chart below, McKesson's new claim construction provides no more specificity than what was originally provided and it fails to identify "the specific algorithm disclosed in the specification," as ordered by the Court:

| **Means Plus Function Claim Term** | **McKesson's July 21 Construction** | **McKesson's October 4 Construction** |
|---|---|---|
| **Claim 14:** "means for determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim" | Software capable of determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim, and equivalents. | The structure corresponding to this means comprises software capable of interacting with the database to determine whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim, as well as its equivalents. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60; col. 10, ll. 51-64. |

In order to comply with the Court's September 20, 2005 Order, McKesson should supplement its claim construction, or else concede that the means-plus-function elements lack supporting structure in the patent, rendering them indefinite.

## II.   ARGUMENT

The patentee's duty to clearly link or associate a structure with the claimed function is the quid pro quo for allowing the patentee to express the claim in terms of function under 35 U.S.C. § 112, ¶ 6. *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1211 (Fed. Cir. 2003), *citing Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369, 1377 (Fed. Cir. 2001). The requirement that a particular structure must be clearly linked with the claimed function in order to qualify as corresponding structure is further supported by the requirement under 35 U.S.C. § 112, ¶ 2 that an invention must be particularly pointed out and distinctly claimed.

The Federal Circuit recently held in *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241 (Fed. Cir. Aug. 5, 2005), that "[a] computer-implemented means-plus-function term is limited to the corresponding structure disclosed in the specification and equivalents thereof, and the corresponding structure is the algorithm." *Id.* at 1253; *see also, WMS Gaming Inc. v. Int'l Game Technology*, 184 F.3d 1339, 1348 (Fed. Cir. 1999) ("The structure of a microprocessor programmed to carry out an algorithm is limited by the disclosed algorithm."), and *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1376-77 (Fed. Cir. 2003) (finding that "commands" phrase used in claim language contained insufficient structure to perform the entirety of function; that "one must still refer to the specification to determine the structure of those "means" or "commands"; and that in order to find sufficient structure in the claim, the claim language must specify a specific physical structure that performs the function). To determine whether the specification adequately describes structure that corresponds to the claimed function, the court must look at the disclosure from the point of view of one skilled in the relevant art. *Med. Instrumentation & Diagnostics Corp.*, 344 F.3d at 1211-12, citing *Budde*, 250 F.3d at 1376.

In this case, McKesson's Supplemental Claim Construction broadly identifies entire appendices, figures and sections of the specification without disclosing where the specific

3

algorithms performing the various functions can be found.  McKesson has cited to five of the seven figures in the patent, all four of the appendices to the patent, and at least 18 different column and line references.  It is impossible for TriZetto to determine whether McKesson claims that all these citations in the aggregate describe the structure, or whether each of them individually, or in some combination, provides the structure.  TriZetto has brought this problem to McKesson's attention, but McKesson has refused to address it.  *See* Exh. B hereto.

McKesson has essentially circumvented the Court's order by indiscriminatingly citing to various portions of the specification, thereby leaving the door open for it to select the structure upon which it will rely at some point in the future.  That is inconsistent with the Court's order, which requires McKesson to disclose now what it claims the relevant structure to be, and to identify "the specific algorithm" upon which it intends to rely.

Similarly, McKesson's insistence that "one of skill in the art" could identify the supporting structure does not satisfy the structure requirement, absent some identification of structure in the specification itself.  Although McKesson suggests that one of skill in the art would be able to infer some kind of structure, the Federal Circuit has emphasized "it is not proper to look to the knowledge of one skilled in the art apart from and unconnected to the disclosure of the patent."  *Med. Instrumentation & Diagnostics Corp.*, 344 F.3d at 1212.  Because McKesson's Supplemental Claim Construction fails to identify <u>any</u> specific structure in the specification and merely makes blanket referrals to the specification, McKesson's Supplemental Claim Construction is deficient.  Accordingly, McKesson should be ordered (again) to supplement its claim construction, or be subject to a finding that the means-plus-function elements are indefinite for lack of supporting structure.

### III.    CONCLUSION

For the foregoing reasons, TriZetto respectfully requests that the Court order McKesson to supplement its claim construction to specifically identify supporting structure.  This issue should be resolved at this time because expert reports and discovery will be difficult, if not

impossible, to complete without McKesson providing adequate disclosure of its contentions regarding the structure to be read into the claims.

                                        MORRIS, NICHOLS, ARSHT & TUNNELL

*Jack B. Blumenfeld (No. 1014)*
_____
Jack B. Blumenfeld (No. 1014)
Rodger D. Smith, II (No. 3778)
1201 N. Market Street
Wilmington, Delaware 19899
(302) 658-9200

Attorneys for Defendant
The TriZetto Group, Inc.

OF COUNSEL:

Jeffrey T. Thomas
David Segal
Michael A. Sitzman
GIBSON, DUNN & CRUTCHER, LLP
Jamboree Center 4 Park Plaza
Irvine, CA 92614

October 12, 2005

487353

## RULE 7.1 STATEMENT

I hereby certify that that subject of the foregoing motion has been discussed by counsel and that the parties have not been able to reach agreement.

                                          */s/ Jack B. Blumenfeld (#1014)*
                                          Jack B. Blumenfeld

**CERTIFICATE OF SERVICE**

I, Jack B. Blumenfeld, hereby certify that on October 12, 2005, I electronically filed TriZetto's Motion to Enforce Compliance with the Court's September 20, 2005 Order re: Claim Construction with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP

I, also certify that copies were caused to be served on October 12, 2005 upon the following in the manner indicated:

> BY HAND
>
> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE  19899
>
> BY FEDERAL EXPRESS
>
> Jeffrey G. Randall
> Skadden, Arps, Slate, Meagher & Flom LLP
> 525 University Ave.
> Suite 1100
> Palo Alto, CA  94301

*Jack B. Blumenfeld (No. 1014)*
_____
Jack B. Blumenfeld (No. 1014)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, Delaware 19899
(302) 658-9200
jblumenfeld@mnat.com