# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS LLC,    )
                                  Plaintiff,    )
                                            )    CIVIL ACTION NO. 04-1258-SLR
                        v.    )
THE TRIZETTO GROUP, INC.,    )
                         Defendant.    )

## MCKESSON'S OBJECTIONS TO TRIZETTO'S NOTICE OF DEPOSITION OF MCKESSON PURSUANT TO FED. R. CIV. P. 30(b)(6)

Plaintiff, McKesson Information Solutions, LLC ("McKesson") provides the following objections to The TriZetto Group, Inc.'s Notice of Deposition of McKesson:

### GENERAL OBJECTIONS

1.    McKesson objects to the deposition notice insofar as it seeks disclosure of information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges and immunities.

2.    McKesson objects to the deposition notice to the extent that it calls for the disclosure of confidential business information, trade secrets, or commercially sensitive information of McKesson. Any deposition shall be governed and protected by the Stipulated Protective Order entered in this case.

3.    McKesson objects to the date and location set forth in the deposition notice as unduly burdensome and unreasonable. Having identified 26 topics covering a wide range of subjects about which it seeks to depose McKesson, TriZetto has not provided sufficient notice for

McKesson to identify the person(s) to testify about these numerous subjects and to produce such person(s) for deposition at the specified location by the specified date. McKesson will produce one or more persons to testify as to one or more topics at times and locations that are mutually agreeable to the parties.

4.    McKesson objects to each deposition topic to the extent that it purports to require McKesson to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.

5.    McKesson objects to all instructions, definitions, and deposition topics to the extent they purport to impose discovery burdens beyond those imposed by the Federal Rules of Civil Procedure or applicable Local Rules.

6.    McKesson objects to all instructions, definitions, and deposition topics to the extent they seek information not currently known or reasonably available to McKesson on the grounds that such instructions, definitions, or deposition topics seek to require more of McKesson than any obligation imposed by law, they subject McKesson to unreasonable and undue burden and expense, and further seek to impose upon McKesson an obligation to investigate or discover information or materials from third parties or sources which are equally accessible to defendant.

7.    McKesson objects to defendant's definitions of "HPR," "HBOC", "GMIS" and "McKesson" as overly broad and unduly burdensome. The definitions include persons that are not parties to this action or subject to the control of McKesson or its predecessors. In addition, McKesson objects to every deposition topic employing any of those terms to the extent that they seek information not currently known or reasonably available to McKesson. McKesson will interpret "McKesson" to mean plaintiff McKesson Information Solutions, LLC, "HPR" to mean "Health Payment Review, Inc.," "HBOC" to mean HBO and Company, and "GMIS" to mean GMIS, Inc.

8.    McKesson objects to defendant's definitions of "Caterpillar," "Erisco," "TriZetto," and "RIMS" as overly broad and unduly burdensome to the extent that they include persons who

are not known to McKesson and/or whose relationships to the defined entities are not known to McKesson.

**SPECIFIC OBJECTIONS**

## TOPIC NO. 1

The manual review of medical claims performed at Caterpillar in the 1980s utilizing CPT-4 codes.

## OBJECTION TO TOPIC NO. 1

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson's knowledge regarding the manual review of medical claims performed at non-party Caterpillar two decades ago has no bearing on any claim or defense in this case. McKesson also objects to this topic as overly broad in that it is directed to activities performed by persons other than McKesson and therefore encompasses information that may not be known or reasonably available to McKesson. In addition, this topic imposes an undue burden because it would require that McKesson investigate or discover information from third parties or sources which are equally accessible to TriZetto. McKesson also objects to this topic as vague and ambiguous, particularly the phrases "manual review" and "performed at Caterpillar."

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 2

The conception and reduction to practice of the invention disclosed in the '164 Patent.

3

## OBJECTION TO TOPIC NO. 2

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and unduly burdensome because it is duplicative of other discovery. TriZetto has already taken discovery of the four named inventors of the '164 patent and intends to depose them in this case for up to 56 hours (14 hours of deposition per inventor). Thus, TriZetto has had and will have ample opportunity to discover information regarding the conception and reduction to practice of the inventions disclosed in the '164 patent from the named inventors. McKesson also objects to this topic as unduly burdensome because it would require that McKesson investigate or discover information from third parties and sources that are equally accessible to TriZetto, including sources whom TriZetto has already taken discovery from and intends to depose. McKesson also objects to this topic as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 3

The prosecution of the '164 Patent.

## OBJECTION TO TOPIC NO. 3

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and unduly burdensome because it would require that McKesson investigate or discover information from third parties and sources that are equally accessible to TriZetto, including sources from whom TriZetto has already taken discovery. McKesson also objects to this topic as seeking information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, the work product doctrine, or other privileges. McKesson also objects to the topic to the extent that it seeks information not known or reasonably available to McKesson.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 4

The development of the CodeReview product, including both the software and the database, that occurred in the 1980s.

## OBJECTION TO TOPIC NO. 4

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information pertaining to the development of CodeReview in the 1980s has no bearing on any claim or defense in this case. McKesson also objects to this topic unduly burdensome because it would require that McKesson investigate or discover information from third parties and sources that are equally accessible to TriZetto.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 5

The enforcement of the '164 Patent, including all cease-and-desist letters, public announcements of intent to enforce the Patent, and litigation.

## OBJECTION TO TOPIC NO. 5

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson objects to this topic as vague, ambiguous and overly broad, particularly the phrase "public announcements of intent to enforce the Patent." McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 6

The action entitled GMIS, Inc. v. Health Payment Review, Inc., Civil Action No. 94-576.

## OBJECTION TO TOPIC NO. 6

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic is not limited to any particular issues concerning the GMIS/HPR litigation and therefore encompasses matter that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

**TOPIC NO. 7**

HBOC's acquisition of HPR.

**OBJECTION TO TOPIC NO. 7**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic is not limited to any particular issues concerning HBOC's acquisition of HPR and therefore encompasses matter that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

**TOPIC NO. 8**

HBOC's acquisition of GMIS.

**OBJECTION TO TOPIC NO. 8**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad, particularly as to subject matter. The topic is not limited to any particular issues concerning HBOC's acquisition of GMIS and

therefore encompasses matter that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 9

McKesson's acquisition of HBOC.

## OBJECTION TO TOPIC NO. 9

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic is not limited to any particular issues concerning McKesson's acquisition of HBOC and therefore encompasses matter that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 10

The development of the ClaimCheck system.

## OBJECTION TO TOPIC NO. 10

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information pertaining to the development of ClaimCheck has no bearing on any claim or defense in this case. McKesson further objects to this topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 11

All licenses to the '164 Patent that have been granted.

## OBJECTION TO TOPIC NO. 11

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic fails to specify the type of licenses to which it is referring and therefore encompasses matter that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or other privileges.

177375                                            9

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 12

The functionality of the CodeReview system.

## OBJECTION TO TOPIC NO. 12

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to the topic as vague and ambiguous, particularly the term "functionality."

Subject to and without waiving the foregoing objections, McKesson responds that it will produce McKesson employee Michael Bowker regarding this topic as set forth in David Hansen's letter dated June 28, 2005, to Jeff Thomas.

## TOPIC NO. 13

The functionality of the ClaimCheck system.

## OBJECTION TO TOPIC NO. 13

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also

objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to the topic as vague and ambiguous, particularly the term "functionality."

Subject to and without waiving the foregoing objections, McKesson responds that it will produce McKesson employee Michael Bowker regarding this topic as set forth in David Hansen's letter dated June 28, 2005, to Jeff Thomas.

## TOPIC NO. 14

The customer base, revenues, costs and profits associated with the CodeReview system.

## OBJECTION TO TOPIC NO. 14

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 15

The customer base, revenues, costs and profits associated with the ClaimCheck system.

## OBJECTION TO TOPIC NO. 15

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 16

Negotiations between HPR, HBOC and/or McKesson, on the one hand, and Erisco, on the other hand.

## OBJECTION TO TOPIC NO. 16

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic does not identify the subject matter that the described negotiations would have concerned and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 17

Negotiations between HPR, HBOC and/or McKesson, on the one hand, and TriZetto, on the other hand.

## OBJECTION TO TOPIC NO. 17

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic does not identify the subject matter that the described negotiations would have concerned and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 18

Negotiations between HPR, HBOC and/or McKesson, on the one hand, and RIMS, on the other hand.

## OBJECTION TO TOPIC NO. 18

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic does not identify the subject matter that the described negotiations would have concerned and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 19

The competition for customers between HPR, HBOC and/or McKesson, on the one hand, and Erisco, on the other hand.

## OBJECTION TO TOPIC NO. 19

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic does not identify the area or market in which the described competition would have occurred and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to the topic as vague and ambiguous, particularly the phrase "competition for customers." McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges.

177375                                    14

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 20

The competition for customers between HPR, HBOC and/or McKesson, on the one hand, and TriZetto, on the other hand.

## OBJECTION TO TOPIC NO. 20

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic does not identify the area or market in which the described competition would have occurred and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to the topic as vague and ambiguous, particularly the phrase "competition for customers." McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 21

The competition for customers between HPR, HBOC and/or McKesson, on the one hand, and RIMS, on the other hand.

177375                                          15

## OBJECTION TO TOPIC NO. 21

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic does not identify the area or market in which the described competition would have occurred and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to the topic as vague and ambiguous, particularly the phrase "competition for customers." McKesson further objects to the topic as vague, ambiguous, and overly broad as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 22

The market for clinical editing software systems, including the size of the market, the participants in the market and the participants' market shares for the period 1998 to present.

## OBJECTION TO TOPIC NO. 22

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to the topic as vague and ambiguous, particularly the phrase "clinical editing software systems." McKesson also objects to this topic as overly broad and unduly burdensome

to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges. McKesson also objects to the topic as premature to the extent it seeks the disclosure of expert analyses, opinions, and conclusions. Such information will be disclosed in accordance with the requirements of the Federal Rules of Civil Procedure, the applicable Local Rules, and the Scheduling Order in this action.

Subject to and without waiving the foregoing objections, McKesson responds that it continues to investigate the identity of an appropriate witness in response to this topic and, upon identifying such a witness, will notify TriZetto.

## TOPIC NO. 23

Comparisons that have been made of the CodeReview and/or ClaimCheck systems, on the one hand, and the Facets, ClaimFacts and/or QuickLink systems, on the other hand.

## OBJECTION TO TOPIC NO. 23

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad as to subject matter. The topic does not specify any subject matter of the described comparisons and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to the topic as vague and ambiguous, particularly the term "comparisons." McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges. McKesson also objects to the topic as premature to the extent it seeks the disclosure of expert analyses, opinions, and conclusions. Such information will be disclosed in accordance with the requirements of the

Federal Rules of Civil Procedure, the applicable Local Rules, and the Scheduling Order in this action.

Subject to and without waiving the foregoing objections, McKesson responds that it will produce McKesson employee Michael Bowker regarding this topic as set forth in David Hansen's letter dated June 28, 2005, to Jeff Thomas.

## TOPIC NO. 24

Analyses performed by HPR, HBOC or McKesson with regard to providing customers with an interface between HPR, HBOC or McKesson systems and systems offered by Erisco, TriZetto or RIMS.

## OBJECTION TO TOPIC NO. 24

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic: .

McKesson objects to this topic as overly broad as to subject matter. The topic does not specify which "systems" the described analyses would have concerned and therefore seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to the topic as vague and ambiguous, particularly the term "interface." McKesson further objects to the topic as overly broad, vague, and ambiguous as to time. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson.

Subject to and without waiving the foregoing objections, McKesson responds that it will produce McKesson employee Michael Bowker regarding this topic as set forth in David Hansen's letter dated June 28, 2005, to Jeff Thomas.

## TOPIC NO. 25

The decision to sue TriZetto alleging infringement of the '164 Patent.

**OBJECTION TO TOPIC NO. 25**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges.

**TOPIC NO. 26**

Comparisons between the system(s) described in the '164 Patent and any system sold by TriZetto, Erisco or RIMS.

**OBJECTION TO TOPIC NO. 26**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this deposition topic:

McKesson objects to this topic as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this topic as overly broad and unduly burdensome to the extent it seeks information not known or reasonably available to McKesson. McKesson further objects to this topic on the ground that it seeks the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other privileges. McKesson also objects to the topic as premature to the extent it seeks the disclosure of expert analyses, opinions, and conclusions. Such information will be disclosed in accordance with the requirements of the Federal Rules of Civil Procedure, the applicable Local Rules, and the Scheduling Order in this action. McKesson also objects to this topic as unduly burdensome, calling for legal opinion, and duplicative of other discovery to the extent that it seeks information concerning McKesson's infringement contentions and/or analyses. McKesson has already provided and continues to provide information concerning its infringement contentions and the bases therefor, including detailed

claim charts, in response to contention interrogatories and other discovery requests served by TriZetto.   In addition, McKesson's infringement contentions and analyses involve complex judgments about the relationship between the facts, patent claims, and legal principles and are based on the collective knowledge and analyses of numerous individuals, including attorneys and experts.   As such, a Rule 30(b)(6) deposition is an unreasonable and unduly burdensome and expensive means for obtaining information concerning McKesson's infringement contentions in this case.

Dated: July 1, 2005

By:    _____
Jeffrey G. Randall
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301

Attorneys for Plaintiff
McKesson Information Solutions LLC

177375

20

## PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member admitted *pro hac* to the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 525 University Avenue, Suite 1100, Palo Alto, CA 94301.

On July 1, 2005, I served **PLAINTIFF McKESSON'S OBJECTIONS TO TRIZETTO'S NOTICE OF DEPOSITION OF MCKESSON PURSUANT TO FED. R. CIV. P. 30(b)(6)** in the manner described below:

(BY FACSIMILE)  I am personally and readily familiar with the business practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and processing of document(s) to be transmitted by facsimile, and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

and

(BY U.S. MAIL)  I am personally and readily familiar with the business practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

on the following parties in this action:

Jeffrey Thomas, Esq.
Gibson, Dunn & Crutcher LLP
Jamboree Center
4 Park Plaza, Suite 1400
Irvine, CA 92614-8557
Facsimile: (949) 475-4670

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Facsimile: (302) 425-3012

Executed on July 1, 2005 in Palo Alto, California.

Yvonne Chen

# EXHIBIT 2

ENTIRE DOCUMENT IS REDACTED

# EXHIBIT 3

# REDACTED

Confidential Information Subject to D. Del. LR 26.2

# EXHIBIT 4

ENTIRE DOCUMENT IS REDACTED

# EXHIBIT 5

ENTIRE DOCUMENT IS REDACTED

# EXHIBIT 6

## ENTIRE DOCUMENT IS REDACTED

# EXHIBIT 7

ENTIRE DOCUMENT IS REDACTED