SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636

(302) 651-3000
FAX: (302) 651-3001
http://www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
302-651-3154
EMAIL ADDRESS
MBARLOW@SKADDEN.COM

October 7, 2005
Public Version: October 12, 2005

**PUBLIC VERSION**

By Electronic Filing

The Honorable Sue L. Robinson
United States District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

      RE:    *McKesson Information Solutions LLC v. The TriZetto Group, Inc.*,
             C.A. No. 04-1258 (SLR) (D. Del.)

Dear Chief Judge Robinson:

      This is in response to TriZetto's September 30 letter arguing against extending the broad waiver resulting from TriZetto's decision to waive the attorney-client privilege and work product protection to cover information relating to the advice TriZetto received from trial counsel that it is admittedly relying on in connection with its decision to continue infringing McKesson's patent. (D.I. 107).

      *First*, it is undisputed that TriZetto is actually relying on trial counsel's advice in connection with its decision to continue infringing during the course of this case. TriZetto disingenuously argues that its Executive Vice President, Mr. Bellomo, gave "rather unremarkable testimony" when he answered "yes" when asked "whether he was relying on advice of trial counsel." TriZetto completely ignores that it limited McKesson's questioning of Mr. Bellomo on this point to a "yes" or "no" question, and that the "advice of trial counsel" TriZetto is relying on in this instance is at the root of TriZetto's decision to continue infringing McKesson's patent. *See* Exhibit A to McKesson's Oct. 4, 2005 Letter Concerning Waiver (D.I. 113).

REDACTED

The Honorable Sue L. Robinson
October 7, 2005
Page 2

REDACTED

*Second*, contrary to TriZetto's characterization, REDACTED

Among other things, it squarely distinguishes this case from the cases relied upon by TriZetto, none of which involved testimony by the infringer that it was relying on trial counsel's advice to support its decision to infringe during the course of the litigation. As noted in *Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621 (N.D. Cal. 2004), one of the decisions relied upon by TriZetto, "decisions about the scope" of the waiver "must be case and circumstance specific" and "analytically material differences in circumstances may well justify different outcomes . . . ." *Id.* at 625. TriZetto's specific reliance on trial counsel's advice in continuing its infringement is just such an "analytically material difference in circumstances" that justifies extending the scope of TriZetto's waiver to allow McKesson a fair opportunity to determine the reasonableness of TriZetto's alleged reliance on that advice.

The cases cited by TriZetto are also distinguishable on other grounds. For example, in *Sharper Image*, the court was concerned that the broad waiver could be used to allow the patent owner to gain unfair advance knowledge of opposing counsel's claim constructions. *See* 222 F.R.D. at 636-37. Here, the parties have already exchanged their claim constructions. In addition, the "primary thrust" of the patent owner's willfulness claim in *Sharper Image* involved the infringer's pre-litigation decision to market the product in the first place. *Id.* at 645. In contrast, McKesson's willfulness claim involves not only the reasonableness of its supposed reliance on its pre-litigation opinion counsel's advice, but also the reasonableness of TriZetto's continued infringement during the litigation, particularly given the testimony by TriZetto's executives and other employees, as well as its customers, that its products infringe McKesson's patent.[1]

*Finally*, TriZetto's reliance on *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) is misplaced. Although the Federal Circuit in *Knorr-Bremse* cautioned against intruding on the attorney-client relationship, this cautionary statement was made to protect the confidentiality of that relationship where the accused infringer

---

[1]  *Motorola, Inc. v. Vosi Techs., Inc.*, C.A. No. 01 C 4182, 2002 U.S. Dist. LEXIS 15655 (N.D. Ill. Aug. 19, 2002) (Ex. B), also cited by TriZetto, incorrectly ignored the admittedly-continuing nature of willful infringement in holding that "[t]he willfulness or non-willfulness of Motorola's conduct logically depends upon the advice it received before suit was filed." The *Collaboration Props., Inc. v. Polycom, Inc.*, 224 F.R.D. 621 (N.D. Cal. 2004), decision simply relied on the *Sharper Image* decision and expressed concern about "every communication" between the infringer and trial counsel being "fair game" for discovery. Here, McKesson only seeks information provided by trial counsel that contradict or cast doubt on the supposed infringer's reasonableness in continuing the infringement, and McKesson has suggested that the Special Master withhold from production information concerning trial counsel's litigation strategy.

The Honorable Sue L. Robinson
October 7, 2005
Page 3

has chosen **not** to waive privilege in defending against a claim of willful infringement. *Knorr-Bremse* did not address the situation presented here, *i.e.*, the scope of the waiver when the infringer chooses to continue its infringement based on its attorneys' advice.

In the recent post-*Knorr-Bremse* decision in *Intex Recreation Corp. v. Metalast, SA*, C.A. No. 01-1213, 2005 U.S. Dist. LEXIS 10149 (D.D.C. Mar. 2, 2005) (Ex. C), District Judge Bates considered the "divided" federal court decisions concerning a "temporal limitation on an otherwise broad waiver of attorney-client privilege," and concluded that:

> a "middle ground" is the most appropriate approach to this issue, under which waiver extends only to those trial counsel work product materials that have been communicated to the client and "contained conclusions or advice that contradict or cast doubt on the earlier opinions." This approach accommodates both the concern for fairness that drives the broad waiver doctrine and the well-recognized high level of protection generally accorded trial counsel opinion work product. Hence, any otherwise privileged documents or other information generated by [the infringer] or its counsel [after the opinion letters] (including post-suit materials), and relating to the subject matter of those opinion letters, must be produced if the documents were communicated to [the infringer] and if they question or contradict in any way the competence or validity of the opinions rendered. Only in this way can fairness be ensured by requiring [the infringer] to disclose not only the opinions relied upon through invocation of the advice of counsel defense but also any damaging or contradictory information regarding those opinions.

2005 U.S. Dist. LEXIS 10149, at *15 (citations and footnote omitted).[2]

For the reasons stated herein, and in McKesson's October 4 letter addressing this issue (D.I. 113), McKesson respectfully requests that Your Honor adopt the "middle ground" set forth in *Intex Recreation* and order TriZetto to provide the Special Master with all documents or other information generated by TriZetto or its counsel since the filing of this lawsuit relating to TriZetto's noninfringement, invalidity, laches and estoppel defenses, so that the Special Master can produce to McKesson all such documents and other information that call into question or contradict in any way the competence or validity of the pre-litigation advice TriZetto received on those issues.

Respectfully submitted,

Michael A. Barlow (#3928)

cc:   Jack B. Blumenfeld, Esq. (by e-filing)
      Jeffrey T. Thomas, Esq. (by e-mail)

---

[2]   Judge Bates chose this "middle ground," rather than the broader waiver urged by the patent owner, even though trial counsel also provided the pre-lawsuit opinion. *See* 2005 U.S. Dist. LEXIS 10149, at *16.