IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>THE TRIZETTO GROUP, INC.<br><br>            Defendant. | CIVIL ACTION NO. 04-1258-SLR |

**JOINT STATEMENT OF DISPUTED CLAIM TERMS AND PROPOSED CONSTRUCTIONS**

Pursuant to the Court's Scheduling Order, plaintiff, McKesson Information Solutions LLC ("McKesson"), and defendant, The TriZetto Group, Inc. ("TriZetto"), respectfully submit this Joint Statement of Disputed Claim Terms and Proposed Constructions concerning the McKesson patent-in-suit, U.S. Patent No. 5,253,164 (the "'164 patent"). The claim terms of the '164 patent currently disputed by the parties are set forth below. Exhibit A submitted herewith sets forth the parties' proposed constructions.

**DISPUTED CLAIM TERMS**

**I.    TERMS MCKESSON BELIEVES DO NOT REQUIRE CONSTRUCTION FOR WHICH TRIZETTO HAS PROPOSED A CONSTRUCTION**

The following are claim terms that McKesson believes do not require construction and should be interpreted based on their ordinary meaning; TriZetto has proposed a construction for each of these terms:

1.    "receiving at least one claim" (claim 1, 2, 16);

2.    "a predetermined database containing medical service codes and a set of relationships among the medical service codes" (claims 1-6, 8-16);

3. "determining whether any medical service code contained in the at least one claim is not present in the predetermined database" (claim 1);

4. "informing a user that a medical service code is not contained in the predetermined database" (claim 1);

5. "ascertaining whether the at least one claim contains a plurality of medical service codes" (claims 2, 16);

6. "determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim" (claim 2);

7. "determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database" (claim 16);

8. "authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step" (claim 2);

9. "authorizing the at least one claim in response to the determining step" (claim 16);

10. "rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step" (claim 2);

11. "rejecting the at least one claim in response to the determining step" (claim 16);

12. "medically determined relationships" (claim 9); and,

13. "non-medical criteria" (claims 2, 14).

## II.   TERMS INVOLVING COMPETING CONSTRUCTIONS

The following are claim terms for which McKesson and TriZetto have proposed differing constructions:

1. "medical service code(s)" (claims 1-6, 8-16);

2. "means for receiving at least one claim" (claims 3-6, 8-15);

3. "means for operating on a predetermined database" (claims 1, 2, 16);

4. "means for determining whether any medical service code contained in the at least one claim is not present in the predetermined database" (claim 13);

5. "means for informing a user that a medical service code is not contained in the predetermined database" (claim 13);

6. "means for ascertaining whether the at least one claim contains a plurality of medical service codes" (claims 3-6, 8-12, 14, 15);

7. "a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes" (claims 1-6, 8-16);

8. "means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database" (claim 3-6, 8, 9, 15, 16);

9. "valid or invalid" (claim 3-6, 8, 9, 15, 16);

10. "means for determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim" (claims 10, 11);

11. "means for determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service code in the at least one claim" (claim 12);

3

12. "means for determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim" (claim 14);

13. "means for authorizing medical service codes which are valid in response to the means for determining" (claims 3-6, 8, 9);

14. "means for authorizing medical service codes which are not contained in any other medical service code" (claims 10, 11);

15. "means for authorizing medical service codes which are not medically exclusive with any other medical service codes contained in the at least one claim in response to the means for determining" (claim 12);

16. "means for authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining" (claim 14);

17. "means for authorizing the at least one claim in response to the means for determining" (claim 15);

18. "means for rejecting medical service codes which are invalid in response to the means for determining" (claims 3-6, 8, 9);

19. "means for rejecting medical service codes which are contained in any other medical service code" (claims 10, 11);

20. "means for rejecting medical service codes which are medically exclusive with any other medical service codes in the at least one claim in response to the determining step" (claim 12);

21. "means for rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining" (claim 14);

22. "means for rejecting the at least one claim in response to the means for determining" (claim 15);

23. "means for revising the at least one claim to delete invalid medical service codes" (claim 4, 5);

24. "means for revising the at least one claim to not include a rejected medical service code" (claim 11);

25. "means for informing a user why the at least one claim was revised" (claim 5); and,

26. "means for requesting further information from a user regarding the at least one claim" (claim 8).

Dated: December 15, 2005

Respectfully submitted,

By: /s/ Michael A. Barlow
Michael A. Barlow (# 3928)
SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000

Attorneys for Plaintiff,
McKesson Information Solutions LLC

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301


By: /s/ Jack B. Blumenfeld
Jack B. Blumenfeld (# 1014)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 425-3012

Attorneys for Defendant,
The TriZetto Group, Inc.

OF COUNSEL:
Jeffery T. Thomas
GIBSON, DUNN & CRUTCHER, LLP
Jamboree Center 4 Park Plaza
Irvine, CA 92614

6