# EXHIBIT 8

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

**DISTRICT OF** Massachusetts

McKesson Information Solutions, LLC

V.

The TriZetto Group, Inc.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 94-1257-SLR
Pending in D. Del.

TO:  Jason Honeyman of Wolf Greenfeld
     600 Atlantic Ave.
     Boston, MA 02210

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule of Requested Documents

| PLACE | DATE AND TIME |
|---|---|
| Beacon Hill Research<br>6 Beacon St., Suite 825<br>Boston, MA 02108 | January 24, 2005<br>9:00 AM |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 12/20/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew C. Lapple of Paul Hastings Janofsky & Walker, LLP  (Def. Atty.)
695 Town Center Dr., 17th Floor, Costa Mesa, CA 92626  (714) 668-6200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO-88

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting · the inspection and copying commanded.

) (A) On timely motion, the court by which a subpoena was .ed shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



**Paul Hastings**
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Seventeenth Floor • 695 Town Center Drive • Costa Mesa, CA 92626-1924
telephone 714-668-6200 • facsimile 714-979-1921 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Michael C. Hendershot | Skadden, Arps | (888) 329-7976 | |
| Allan Soobert | Skadden, Arps | 202-393-5760 | |
| Thomas Allingham | Skadden, Arps | 302-651-3001 | |
| Jeff Randall | Skadden, Arps | 650-470-4570 | |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Matthew C. Lapple | (714) 979-1921 | (714) 668-6234 | MCL3 |

| client name: | TriZetto | client matter number: | 36473.00019 |
|---|---|---|---|
| date: | January 4, 2005 | pages (with cover): | 9 |

comments:

**SASM&F**

JAN 0 4 2005

**RECEIVED**

**If you do not receive all pages, please call immediately Facsimile Center: (714) 668-6515**

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you..

OC/365668.1

1/04/2005 12:41 FAX 617 372 2758

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | December 21, 2004 | | Wolf Greenfield, 600 Atlantic Ave. Boston, Massachusetts |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jason Honeyman | In hand |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Dominic Rivers | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     December 23, 2004
                  _____
                  DATE

SIGNATURE OF SERVER

6 Beacon St. #825    Boston, MA
_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# PROOF OF SERVICE

STATE OF CALIFORNIA          ) ss:

CITY AND COUNTY OF ORANGE

       I am employed in the City and County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 695 Town Center Drive, Seventeenth Floor, Costa Mesa, California 92626-1924.

       On January 4, 2005, I served the foregoing document(s) described as:

PROOFS OF SERVICE TO SUSAN HAMILTON, RICHARD EGDAHL, JAIFFA (SADIA) JIMINIAN, CT CORPORATION SYSTEM, JASON HONEYMAN, PETER CORLESS, AND AMIR BHIDE

on the interested parties by placing thereof in a sealed envelope(s) addressed as follows:

Jeffrey G. Randall
David W. Hansen
Michael Hendershot
Skadden, Arps, Slate, Meagher &
Flom LLP
525 University Ave., Suite 1100
Palo Alto, CA 94301
*Also served via facsimile

Allan Soobert
Skadden, Arps, Slate, Meagher &
Flom LLP
1440 New York Ave., N.W.
Washington, D.C. 20005
*Also served via facsimile

Thomas J. Allingham II
Skadden, Arps, Slate, Meagher &
Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
*Also served via facsimile

Jeff Randall
Skadden, Arps, Slate, Meagher &
Flom LLP
525 University Avenue
Palo Alto, CA 94301-1908
*Also served via facsimile

☒    **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on January 4, 2005 with postage thereon fully prepaid, at Costa Mesa, California.

       I declare under penalty of perjury under the laws of the United States that the above is true and correct.

       Executed on January 4, 2005, at Costa Mesa, California.

Laina Anderson

SUBPOENA IN A CIVIL CASE

OC/364779.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-1258 (SLR) |
| v. ) | |
| ) | |
| THE TRIZETTO GROUP, INC. ) | CERTIFICATE OF SERVICE |
| Defendant. ) | |
| ) | |

STATE OF CALIFORNIA                               )
                                                  ) ss:
CITY AND COUNTY OF SAN DIEGO                      )

       I am employed in the City and County of San Diego, State of California. I am over the age of 18, and not a party to the within action. My business address is 3579 Valley Centre Drive, San Diego, California 92130.

       On January 3, 2005, I served the foregoing documents described as:

**SUBPOENA IN A CIVIL CASE TO ROBERT D. HERTENSTEIN, M.D.**

**SUBPOENA IN A CIVIL CASE TO CATERPILLAR, INC.**

**SUBPOENA IN A CIVIL CASE TO HARVARD BUSINESS SCHOOL**

**SUBPOENA IN A CIVIL CASE TO BOSTON UNIVERSITY HEALTH POLICY INSTITUTE**

**SUBPOENA IN A CIVIL CASE TO RICHARD H. EGDAHL, M..D.**

**SUBPOENA IN A CIVIL CASE TO KELLI A. DUGAN, M.D.**

**SUBPOENA IN A CIVIL CASE TO AMAR BHIDÉ**

**SUBPOENA IN A CIVIL CASE TO JASON M. HONEYMAN**

**SUBPOENA IN A CIVIL CASE TO PETER CORLESS**

on the interested parties by placing thereof in a sealed envelope(s) addressed as follows:

SAN/105968.1



Jeffrey G. Randall
David W. Hansen
Michael Hendershot
Skadden, Arps, Slate, Meagher &
Flom LLP
525 University Ave., Suite 1100
Palo Alto, CA 94301

[X] **VIA OVERNIGHT MAIL:**

VIA United Parcel Service: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

[X] **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on January 3, 2005 with postage thereon fully prepaid, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 3, 2005, California.

Patricia D. Hoekman

# JASON HONEYMAN

## SCHEDULE OF REQUESTED DOCUMENTS

### DEFINITIONS

As used in this request, the terms set forth below are defined as follows:

1. *Communication:* The term "COMMUNICATION" means all forms of information transfer whereby information of any nature was recorded, transmitted, or transferred by any means, including orally, in writing, telephonically, by facsimile transmission, by electronic or magnetic transfer of computer files, by electronic or magnetic storage of computer files, by electronic mail, by voicemail or answering machine, or otherwise.

2. *Concerning:* The term "CONCERNING" means relating to, referring to, describing, evidencing, or supporting or rebutting the issue or argument described.

3. *Document:* The term "DOCUMENT" includes the plural as well as the singular, and is synonymous with the terms "writing" and "recording" as defined in Rule 1001 of the Federal Rules of Evidence, and is intended to include without limitation any handwritings, typewritings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming and every other form of recording upon any tangible thing, any form of communication or representation including letters, words, numbers, symbols, pictures, sounds, or combinations thereof, any stored information or databases, whether maintained on paper, magnetic or electronic media, floppy disks, CD-ROMs, hard drives, zip drives, tapes or on other computer storage, or any other manner including the originals, or if the originals are unavailable, the duplicates of said DOCUMENTS, from which information can be obtained or translated.

4. *You/Your:* The terms "YOU" and "YOUR" refer to non-party Jason Honeyman and any other PERSON acting on his behalf.

5.     The term "CATERPILLAR" refers to non-party Caterpillar, Inc. and include its employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other PERSON acting on its behalf, including subsidiary and affiliated corporations.

6.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all", "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or". Words in the masculine, feminine or neuter form shall include each of the other genders.

7.     If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

8.     As used herein, the term "MCKESSON" refers to McKesson Information Solutions, LLC, its officers, directors, employees, attorneys, agents, consultants, and any individual, subsidiary, parent, or affiliated entity, including predecessors, successors, and assigns, through which they act or have acted with respect to the subject matter inquired of herein.

9.     As used herein, the term "HPR" refers to Health Payment Review, Inc., its officers, directors, employees, attorneys, agents, consultants, and any individual, subsidiary, parent, or affiliated entity, including predecessors, successors, and assigns, through which they act or have acted with respect to the subject matter inquired of herein.

10.     "The '164 patent" shall mean U.S. Patent No. 5,253,164 issued October 12, 1993 to Holloway *et al.*, and attached hereto as Exhibit "A."

11.     The terms "AND" and "OR" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

## INSTRUCTIONS

1.     If, in responding to this Request for Production, you encounter any

- 2 -

ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.    Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A.    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P.26 (b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

B.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.A, above, please state the reason for withholding the document.

3.    When a document contains both privileged and non-privileged material, the non-privileged material should be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, please clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

4.    If production of any requested document(s) is objected to on the grounds

- 3 -



that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents concerning the formation of HPR.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning any agreement between YOU and HPR.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning HPR's "CodeReview" product.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things concerning the conception, research and development or reduction to practice of HPR's "CodeReview" product.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things concerning the '164 patent.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things concerning the conception, research and development, or reduction to practice of the subject matter disclosed or claimed in the '164 patent.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things concerning the preparation, filing, or prosecution of the application for the '164 patent, or related applications.

OC/364892.1



**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning the article "An Access-oriented Negotiated Fee Schedule: The Caterpillar Experience" attached hereto as Exhibit B.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any public disclosure by Robert D. Hertenstein regarding the review of health care claims before September 30, 1987.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning HPR's relationship with Boston University, the Boston University Medical Center, or the Boston University Health Policy Institute.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show your relationship with Boston University, the Boston University Medical Center, or the Boston University Health Policy Institute between 1986 and 1994.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things concerning any investigation, testing, evaluation, analysis, or opinion regarding the patentability of any subject matter disclosed in the '164 patent.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things concerning the ownership, chain of title, assignment, or licensing of the '164 patent.

OC/364892.1

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things created prior to September 30, 1988 concerning any product or method that embodies, uses, or practices any of the subject matter disclosed in the '164 patent.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things used or referred to in the conception, development, or reduction to practice of the subject matter disclosed in the '164 patent, including but not limited to books, treatises, articles, computer programs, reference materials, or databases.

**REQUEST FOR PRODUCTION NO. 16:**

All prior art to the '164 Patent.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning or evidencing the disclosure or failure to disclose prior art to the Patent Office by YOU or the named inventors of the '164 patent during the prosecution of the '164 Patent.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the lawsuit captioned GMIS, INC. v. HEALTH PAYMENT REVIEW, INC., filed in the U.S. District Court for the Eastern District of Pennsylvania, Civil Action Number 94-576.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning any participation by anyone other than the named inventors in the conception or reduction to practice of any subject matter disclosed in the '164 Patent.

- 6 -

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning Marcia Radosevich, William Ryker, or Richard Egdahl.


**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify the current addresses and phone numbers of Marcia Radosevich and William Ryker.


**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify the current address and phone number of each of the named inventors of the '164 patent.


**REQUEST FOR PRODUCTION NO. 23:**

The source code, object code, knowledge base and knowledge base interpreter for HPR's "CodeReview" software.

OC/364892.1

# EXHIBIT 9

AO 88 (Rev. 11/94) Subpoena in a Civil C

## Issued by the
## UNITED STATES DISTRICT COURT

**DISTRICT OF** Massachusetts

McKesson Information Solutions, LLC

### SUBPOENA IN A CIVIL CASE

V.

The TriZetto Group, Inc.

CASE NUMBER:[1] 94-1257-SLR
Pending in D. Del.

TO: Anthony Jason Mirabito of Mintz Levin Cohn Ferris Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule of Requested Documents

| PLACE | DATE AND TIME |
|---|---|
| Beacon Hill Research | January 24, 2005 |
| 6 Beacon St., Suite 825 | 9:00 AM |
| Boston, MA 02108 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 12/20/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew C. Lapple of Paul Hastings Janofsky & Walker, LLP  (Def. Atty.)
695 Town Center Dr., 17th Floor, Costa Mesa, CA 92626     (714) 668-6200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                        DATE                          SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# A. JASON MIRABITO

## SCHEDULE OF REQUESTED DOCUMENTS

### DEFINITIONS

As used in this request, the terms set forth below are defined as follows:

1.    *Communication:*  The term "COMMUNICATION" means all forms of information transfer whereby information of any nature was recorded, transmitted, or transferred by any means, including orally, in writing, telephonically, by facsimile transmission, by electronic or magnetic transfer of computer files, by electronic or magnetic storage of computer files, by electronic mail, by voicemail or answering machine, or otherwise.

2.    *Concerning*:  The term "CONCERNING" means relating to, referring to, describing, evidencing, or supporting or rebutting the issue or argument described.

3.    *Document*:    The term "DOCUMENT" includes the plural as well as the singular, and is synonymous with the terms "writing" and "recording" as defined in Rule 1001 of the Federal Rules of Evidence, and is intended to include without limitation any handwritings, typewritings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming and every other form of recording upon any tangible thing, any form of communication or representation including letters, words, numbers, symbols, pictures, sounds, or combinations thereof, any stored information or databases, whether maintained on paper, magnetic or electronic media, floppy disks, CD-ROMs, hard drives, zip drives, tapes or on other computer storage, or any other manner including the originals, or if the originals are unavailable, the duplicates of said DOCUMENTS, from which information can be obtained or translated.

4.    *You/Your*:    The terms "YOU" and "YOUR" refer to non-party A. Jason Mirabito and any other PERSON acting on his behalf.

5.    The term "CATERPILLAR" refers to non-party Caterpillar, Inc. and include its employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other PERSON acting on its behalf, including subsidiary and affiliated corporations.

6.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all", "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or". Words in the masculine, feminine or neuter form shall include each of the other genders.

7.    If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

8.    As used herein, the term "MCKESSON" refers to McKesson Information Solutions, LLC, its officers, directors, employees, attorneys, agents, consultants, and any individual, subsidiary, parent, or affiliated entity, including predecessors, successors, and assigns, through which they act or have acted with respect to the subject matter inquired of herein.

9.    As used herein, the term "HPR" refers to Health Payment Review, Inc., its officers, directors, employees, attorneys, agents, consultants, and any individual, subsidiary, parent, or affiliated entity, including predecessors, successors, and assigns, through which they act or have acted with respect to the subject matter inquired of herein.

10.    "The '164 patent" shall mean U.S. Patent No. 5,253,164 issued October 12, 1993 to Holloway *et al.*, and attached hereto as Exhibit "A."

11.    The terms "AND" and "OR" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

## INSTRUCTIONS

1.    If, in responding to this Request for Production, you encounter any

OC/364584.1

ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.    Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A.    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P.26 (b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

B.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.A, above, please state the reason for withholding the document.

3.    When a document contains both privileged and non-privileged material, the non-privileged material should be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, please clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4.    If production of any requested document(s) is objected to on the grounds

- 3 -



that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents concerning the formation of HPR.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning any agreement between YOU and HPR.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning HPR's "CodeReview" product.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things concerning the conception, research and development or reduction to practice of HPR's "CodeReview" product.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things concerning the '164 patent.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things concerning the conception, research and development, or reduction to practice of the subject matter disclosed or claimed in the '164 patent.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things concerning the preparation, filing, or prosecution of the application for the '164 patent, or related applications.

OC/364584.1

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning the article "An Access-oriented Negotiated Fee Schedule: The Caterpillar Experience" attached hereto as Exhibit B.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any public disclosure by Robert D. Hertenstein regarding the review of health care claims before September 30, 1987.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning HPR's relationship with Boston University, the Boston University Medical Center, or the Boston University Health Policy Institute.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show your relationship with Boston University, the Boston University Medical Center, or the Boston University Health Policy Institute between 1986 and 1994.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things concerning any investigation, testing, evaluation, analysis, or opinion regarding the patentability of any subject matter disclosed in the '164 patent.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things concerning the ownership, chain of title, assignment, or licensing of the '164 patent.

OC/364584.1

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things created prior to September 30, 1988 concerning any product or method that embodies, uses, or practices any of the subject matter disclosed in the '164 patent.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things used or referred to in the conception, development, or reduction to practice of the subject matter disclosed in the '164 patent, including but not limited to books, treatises, articles, computer programs, reference materials, or databases.

**REQUEST FOR PRODUCTION NO. 16:**

All prior art to the '164 Patent.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning or evidencing the disclosure or failure to disclose prior art to the Patent Office by YOU or the named inventors of the '164 patent during the prosecution of the '164 Patent.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the lawsuit captioned <u>GMIS, INC. v. HEALTH PAYMENT REVIEW, INC.</u>, filed in the U.S. District Court for the Eastern District of Pennsylvania, Civil Action Number 94-576.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning any participation by anyone other than the named inventors in the conception or reduction to practice of any subject matter disclosed in the '164 Patent.

- 6 -

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning Marcia Radosevich, William Ryker, or Richard Egdahl.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify the current addresses and phone numbers of Marcia Radosevich and William Ryker.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify the current address and phone number of each of the named inventors of the '164 patent.

**REQUEST FOR PRODUCTION NO. 23:**

The source code, object code, knowledge base and knowledge base interpreter for HPR's "CodeReview" software.

OC/364584.1

# EXHIBIT 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| McKesson Information Solutions, LLC, Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.A. No. 94-1257-SLR Pending in D. Del. |
| The TriZetto Group, Inc., Defendant. | ) ) ) ) | |

## OBJECTION OF PETER CORLESS OF EDWARDS & ANGELL, LLP TO DEFENDANT'S SUBPOENA

For the limited purpose of this Objection, the undersigned counsel is appearing as counsel to Peter Corless ("Mr. Corless") and Edwards & Angell, LLP.[1]  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Mr. Corless and Edwards & Angell object to the scope of the subpoena, dated December 20, 2004 (the "subpoena") served by The TriZetto Group, Inc. (the "Defendant") on the grounds that it is overly broad, unreasonably burdensome, and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In support of his objection, Mr. Corless and Edwards & Angell submit the following:

1.    The stated basis for the issuance of the subpoena is the appearance of Mr. Corless' signature on documents found within the prosecution history of U.S. Patent No. 5,253,164 which was filed on January 29, 1991, and issued on October 12, 1993 ("the '164 Patent'").

2.    Mr. Corless was involved in the prosecution of the '164 Patent for HPR, Inc. in the early 1990s while an associate at the law firm of Gaston & Snow. He left that firm in May of

---

[1] The subpoena in question is addressed to "Peter Corless of Edward & Angell, LLP". As it is unclear whether the issuer intends the subpoena to apply to Mr. Corless alone or to both him and his present firm, this Objection is filed on behalf of both potential respondents.

1990 - before the application for the '164 Patent had even been filed. Upon his departure from Gaston & Snow, Mr. Corless did not retain HPR, Inc. or the inventors of the '164 Patent as clients and did not take any related documents with him.

3.    Since his departure from Gaston & Snow, Mr. Corless has had no contact with HPR, Inc. or the inventors of the '164 Patent.

4.    HPR, Inc. and the inventors of the '164 Patent are not and never have been clients of Edwards & Angell.

5.    As result, neither Mr. Corless nor Edwards & Angell have any documents that are related to the '164 Patent.

6.    Mr. Corless and Edwards & Angell may have documents that are literally responsive to Request for Production No. 11 which seeks "[d]ocuments sufficient to show your [Mr. Corless'] relationship with Boston University, the Boston University Medical Center, or the Boston University Health Policy Institute between 1986 and 1994." Any such documents, however, would have no relationship to HPR, Inc., the inventors of the '164 Patent, or the '164 Patent. Consequently, to the extent that Request No. 11 of the subpoena requests production of documents unrelated to HPR, Inc., the inventors of the '164 Patent, or the '164 Patent, the Request is overly broad, unduly burdensome, and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, for the foregoing reasons Mr. Corless and Edwards & Angell object to the request for documents contained in the subpoena on the grounds that any documents in their possession that are literally responsive to Request No. 11 of the subpoena cannot reasonably be said to be related to the issues in dispute in the underlying litigation. Consequently, Request No.

- 2 -

11 is overly broad, unduly burdensome, and seeks the production of documents which are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly,

Mr. Corless and Edwards & Angell will not comply with that portion of the subpoena as it

constitutes an undue burden on both and unreasonably, seriously, and substantially interferes

with their privacy rights, when they are not even parties to this litigation.

PETER CORLESS and
EDWARDS & ANGELL, LLP,
By their attorney,

Christopher Silva (B.B.O. No. 645191)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
Ph: 617·439·4444
Fx: 617·439·4170

Dated: 1/10/05

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2005, I caused a copy of the foregoing
document to be delivered to Matthew C. Lapple of Paul Hastings Janofsky & Walker, LLP, 695
Town Center Drive, 17th Floor, Costa Mesa, CA 92626 by first class mail, postage prepaid.

Christopher P. Silva

BOS_473734_1/CSILVA

# EXHIBIT 11

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| McKesson Information Solutions, LLC) | ) |
| Plaintiff, | ) Case No. 94-1257-SLR |
| | ) pending in D. Del. |
| v. | ) **NON-PARTY JASON M. HONEYMAN'S** |
| | ) **RESPONSES AND OBJECTIONS TO** |
| The TriZetto Group, Inc. | ) **SUBPOENA SERVED BY PLAINTIFF.** |
| | ) |
| Defendant; | ) |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Jason M. Honeyman ("Deponent") hereby responds and objects to the subpoena (Subpoena) served by Plaintiff The TriZetto Group, Inc. on or about December 22, 2004.

### GENERAL OBJECTIONS

The following General Objections are applicable to and hereby incorporated by reference in response to each specific document request contained in the Subpoena without further reference. The insertion of specific objections in response to any document request shall not be construed as a waiver of any of the General Objections which follow.

1. Deponent objects to the Subpoena for failure to allow reasonable time for compliance.

2. Deponent objects to the Subpoena to the extent it requires disclosure of privileged or other protected matter in the absence of an applicable exception or waiver.

3. Deponent objects to the Subpoena to the extent that it calls for the production of documents that are not in his possession, custody or control.

4. Deponent objects to the Subpoena to the extent it seeks information protected by the attorney-client privilege, work product exclusion, and/or any other privilege or immunity recognized by applicable law.

-2-

5.     Deponent objects to the Subpoena to the extent it imposes obligations or requirements which are greater than, inconsistent with or different from those imposed on a non-party to litigation by the Federal Rules of Civil Procedure or the Local Rules of this Court.

6.     Deponent objects to the Subpoena to the extent it is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

7.     Deponent objects to the Subpoena to the extent it calls for information that is a legal determination about questions of law and fact or legal conclusions or definitions.

8.     Deponent objects to the Subpoena to the extent it utilizes terms and phrases that are vague and ambiguous and that have varied and indefinite meanings.

9.     Deponent objects to the Subpoena to the extent it is directed to him as an officer of Wolf Greenfield, or otherwise beyond his personal capacity.

10.     Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, claim, fact or allegation, and the specific document requests of the Subpoena are answered herein without admitting the relevancy, materiality, or admissibility of information provided herein, and all objections to the use of the response to the document requests or any documents produced in response to the Subpoena are expressly reserved.

## OBJECTION TO DEFINITIONS

In addition to the foregoing general objections, Deponent objects to the Definitions to the extent they require him to ascertain whether a person or entity falls within the defined "CATERPILLAR", "MCKESSON" or "HPR".

## RESPONSE TO DOCUMENT REQUESTS

Subject to the foregoing general objections, Deponent responds that he has no documents in his possession, custody or control, that are responsive to any of the document requests set forth in the Subpoena.

DATED: January 3, 2005        Jason M. Honeyman

NON-PARTY JASON M. HONEYMAN'S OBJECTIONS TO SUBPOENA
855108.1

# EXHIBIT 12

01/28/2005 09:59 FAX 617 542 2241          MINTZ LEVIN                                    ☒002

**MINTZ LEVIN**
**COHN FERRIS**
**GLOVSKY AND**
**POPEO PC**

| Boston
| Washington
| Reston
| New York
| Stamford
| Los Angeles
| London

One Financial Center
Boston, Massachusetts 02111
617 542 6000
617 542 2241 fax
www.mintz.com

Noah C. Shaw
Direct dial  617 348 1795

January 28, 2005

VIA FACSIMILE AND U.S. MAIL

Matthew C. Lapple
Paul Hastings Jonofsky & Walker, LLP
695 Town Center Dr., 17th Floor
Costa Mesa, CA  92626

    Re:    McKeeson Information Solutions, LLC v. The Trizetto Group, Inc.
            U.S. District Court (Del.) C.A. No. 04-1258-SLR

Dear Mr. Lapple:

      I represent A. Jason Mirabito with regard to the subpoena duces tecum you caused to be served upon him on January 6, 2005 in the above-noted case. As a preliminary matter, any further communication regarding this matter should be done through me.

      Mr. Mirabito objects to the document requests in the Schedule A attached to the subpoena insofar as the documents requested are protected by the attorney client privilege. In any event, as Mr. Mirabito informed you in a telephone conversation when the subpoena was served, he is not in possession, custody or control of any documents or things responsive to any of the 23 categories of requested documents in the Schedule A attached to the subpoena duces tecum. As you know, Mr. Mirabito was involved with the patent attached as Exhibit A to the Schedule A more than a decade ago, and while he worked at a prior law firm. Mr. Mirabito did not take with him from his prior law firm any documents or things responsive to these requests.

      Please let me know if you intend to further pursue this matter.

                  Best regards,

                  Noah C. Shaw

cc:    A. Jason Mirabito

## PROOF OF SERVICE

1

2   STATE OF CALIFORNIA                    )
                                          ) ss:
3   CITY AND COUNTY OF ORANGE              )

4          I am employed in the City and County of Orange, State of California. I am
    over the age of 18, and not a party to the within action. My business address is 695 Town
5   Center Drive, Seventeenth Floor, Costa Mesa, California 92626-1924.

6          On January 28, 2005, I served the foregoing document(s) described as:

7   **LETTER FROM A. JASON MIRABITO IN RESPONSE TO SUBPOENA IN A
    CIVIL CASE**

8
    on the interested parties by placing thereof in a sealed envelope(s) addressed as follows:
9

        Jeffrey G. Randall                  Thomas J. Allingham II
10      David W. Hansen                     Skadden, Arps, Slate, Meagher &
        Michael Hendershot                  Flom LLP
11      Skadden, Arps, Slate, Meagher &     One Rodney Square
        Flom LLP                            P.O. Box 636
12      525 University Ave., Suite 1100     Wilmington, DE 19899
        Palo Alto, CA 94301
13

14

        Allan Soobert
15      Skadden, Arps, Slate, Meagher &
        Flom LLP
16      1440 New York Ave., N.W.
        Washington, D.C. 20005
17

18
        ☐      **VIA OVERNIGHT MAIL:**
19
               VIA _____:By delivering such document(s) to an overnight mail service or an
20      authorized courier in a sealed envelope or package designated by the express service
        courier addressed to the person(s) on whom it is to be served.
21
        ☒      **VIA U.S. MAIL:**
22
        I am readily familiar with the firm's practice of collection and processing of
        correspondence for mailing. Under that practice such sealed envelope(s) would be
23      deposited with the U.S. postal service on January 28, 2005 with postage thereon fully
        prepaid, at Costa Mesa, California.

24

25

26

27

28
                                          LETTER FROM A. JASON MIRABITO IN
                                          RESPONSE TO SUBPOENA IN A CIVIL CASE

OC/366154.1

1        I declare under penalty of perjury under the laws of the United States that
the above is true and correct.

2

3        Executed on January 28, 2005, at Costa Mesa, California.

4

5    Linda Hawkins

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OC/366154.1

-2-

LETTER FROM A. JASON MIRABITO IN
RESPONSE TO SUBPOENA IN A CIVIL CASE

# EXHIBIT 13

**CERTIFIED COPY**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


MCKESSON INFORMATION SOLUTIONS,  )
LLC,                             )
                                 )
                    Plaintiff,   )
                                 )
        vs.                      ) CIVIL ACTION NO.
                                 ) 04-1258 SLR
THE TRIZETTO GROUP, INC.,        )
                                 )
                    Defendant.   )
                                 )


DEPOSITION OF KELLI A. DUGAN

September 23, 2005

207549

**BARKLEY**
Court Reporters

| Los Angeles | Orange County | San Francisco | San Diego | Inland Empire | Palm Springs | San Fernando Valley | San Jose |
|---|---|---|---|---|---|---|---|
| (310) 207.8000 | (949) 955.0400 | (415) 433.5777 | (858) 455.5444 | (951) 686.0606 | (760) 322.2240 | (818) 702.0202 | (408) 885.0550 |

1    Q.    Did you get that job?

2    A.    Yes, I did.

3    Q.    Did he give you good references for your

4    subsequent employment at HPI?

5    A.    He needed --

6        MR. SHEK:  Objection; calls for

7    speculation.

8        THE WITNESS:  Sorry.

9        BY MR. SITZMAN:    (RESUMED.)

10    Q.    You don't -- you don't need to respond to

11    that.  I was just trying to make light of it.

12        Did you ever see Dr. Hertenstein -- his manual

13    process, either in Peoria or in Boston; how he would

14    review his claims and decide which codes he would

15    allow, which codes he would not?

16    A.    The way you talk about a manual process makes

17    it sound like it was something more than it was.

18    Q.    Okay.

19    A.    Did I ever see him look at a claim and say,

20    oh, this is crap?  Yes.

21    Q.    Okay.  I guess -- let me go back then.

22        Did you ever go to Peoria, Illinois, and watch

23    either him and his subordinates, how they would

24    process the claims, handle the claims, the system, the

25    general system that they had in place for handling

21

BARKLEY
Court Reporters

1    A.    Don probably ask me to read it.

2    Q.    Okay.  And was there a reason for Don asking

3    you to read it?  Did he tell you why he wanted you to

4    read it?

5    A.    Not that I remember specifically, but I

6    certainly think it would have given me some

7    background, just to bring me up to speed, perhaps,

8    about where they were -- what they were doing, what

9    the whole issue was.

10    Q.    And what was the whole issue?

11    A.    That being that Dr. Hertenstein believed,

12    these doctors all believed, that surgeons, in

13    particular, and perhaps other providers, were -- and

14    I'm going to use their word -- "gaming" the system.

15    Q.    Do you know why this article was not given to

16    the patent office during the prosecution of this

17    patent?

18    A.    No.

19    Q.    Did you bring it to the attention of any of

20    the attorneys that you met -- that you met with,

21    either before the application was filed or the couple

22    of meetings you were referring to afterwards?

23    A.    No, I don't think so.  No.

24    Q.    Do you recall any discussion with Dr. Holloway

25    or Dr. Hertenstein about the disclosing of this

106

KELLI A. DUGAN

BARKLEY
Court Reporters

1   article to the patent office?

2       A.   No.

3       Q.   Did anyone tell you that -- that either

4   Dr. Hertenstein, Dr. Holloway or somebody at HPI, was

5   not going to disclose this to the patent office?

6       A.   No.

7       Q.   Are you aware of your duty of candor to the

8   patent office in being an inventor on a patent?

9       A.   No.

10      Q.   Did anybody ever advise you of that duty when

11  you signed your patent; the inventor's oath as part of

12  the patent application?

13      A.   Not that I recall, no.

14         (Pause.)

15      Q.   Were you also aware of expert shells from IBM?

16      A.   Not really,  It sounds familiar, but --

17      Q.   And, again, it's your testimony that you --

18  neither you nor anyone at HPI used an expert shell to

19  create either the prototype or any preliminary work on

20  CodeReview?

21      A.   Yes.

22      Q.   Okay.  Was there a reason that the software

23  was not rewritten or -- I'm sorry.  Sorry.  Your

24  testimony is it was never written.

25         Was there a reason that the software was never

KELLI A. DUGAN

BARKLEY
Court Reporters

# EXHIBIT 14

1          UNITED STATES DISTRICT COURT

2          FOR THE DISTRICT OF DELAWARE

3

4

5    ------------------------------x

6    MC KESSON INFORMATION SYSTEMS, :

7          Plaintiff,              :    Case No.

8      vs.                         :    04-1258 SLR

9    THE TRIZETTO GROUP,           :

10         Defendant.              :

11   ------------------------------x

12

13

14    VIDEOTAPED DEPOSITION OF GEORGE A. GOLDBERG

15

16

17              Washington, D.C.

18              Tuesday, September 13, 2005

19

20

21

22

23

24   REPORTED BY:

25     CARMEN SMITH

1

GEORGE A. GOLDBERG

BARKLEY
Court Reporters

1    word, and I probably used it because I like to use

2    different words if I'm writing something, rather

3    than come back to the same word again and again.

4    That's a characteristic I've had since I was a

5    teenager.

6            But I think a manual process is better,

7    because I'm not sure he ever methodized it in the

8    sense of systematized it.

9        Q    Would you agree that in the mid-1980s, the

10   concept of correcting the codes used on a provider's

11   claim to a third-party payor was relatively

12   uncontroversial?

13       A    It depends -- no, I would not.

14       Q    Would you agree that third-party payors

15   had developed their own sets of rules used to detect

16   improperly coded medical reimbursement claims?

17       A    This all hinges around what you mean from

18   "rules." And I'm not -- by "rules." And I'm not

19   going to interpret one way while you're interpreting

20   it another way. In so far -- if you don't mind.

21           Insofar as "rules" means the kind of edits

22   we discussed many hours ago, sex/procedure,

23   sex/diagnosis, age/procedure, age/diagnosis, things

24   like that, if you want to call those rules, then I

25   will agree that those had been developed by a number

168

GEORGE A. GOLDBERG

BARKLEY
Court Reporters

# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS,   )
LLC,                              )
                                  )
                 Plaintiff,       )
                                  )
        vs.                       )  NO. 04-1258-SLR
                                  )
THE TRIZETTO GROUP, INC.,         )
                                  )
                 Defendant.       )
_____    )

HIGHLY CONFIDENTIAL

PURSUANT TO PROTECTIVE ORDER

VOLUME II

DEPOSITION OF ROBERT HERTENSTEIN, M.D.

September 14, 2005

**BARKLEY**
Court Reporters

206485

| Los Angeles | Orange County | San Francisco | San Diego | Inland Empire | Palm Springs | San Fernando Valley | San Jose |
|---|---|---|---|---|---|---|---|
| (310) 207.8000 | (949) 955.0400 | (415) 433.5777 | (858) 455.5444 | (951) 686.0606 | (760) 322.2240 | (818) 702.0202 | (408) 885.0550 |

1    suggestion?

2    A.    Yes.    I remember I told Don Holloway I

3    didn't think that could be done because how

4    would you do that.

5    Q.    Why, why didn't you think it could be

6    done?

7    A.    Well, I had too many ways that I approach

8    the claims that I didn't think it was possible

9    to develop a system to do that.

10   Q.    And this was your first discussion with

11   anybody about the possibility of computerizing

12   the manual system?

13   A.    Yes.

14   Q.    Could you personally have automated the

15   manual system?

16   A.    No.

17   Q.    I'd like to show you what's previously

18   been marked as Exhibit 145, the patent.    And

19   focus your attention on the paragraph that's at

20   the bottom of column five and runs through the

21   top of column six.    Let me just, this

22   paragraph.

23             MR. THOMAS:    I'm sorry.    The

222

ROBERT HERTENSTEIN, M.D. - VOLUME II

BARKLEY
Court Reporters

# EXHIBIT 16

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

McKESSON INFORMATION SOLUTIONS, LLC,

       Plaintiff

v.                         CA NO. 04-1258 (SLR)

THE TRIZETTO GROUP, INC.,

       Defendant

**CERTIFIED COPY**

---

## VOLUME 1

### VIDEOTAPED DEPOSITION OF RANDALL

DAVIS, Ph.D., a witness called on behalf of

the Plaintiff, pursuant to the Federal Rules

of Civil Procedure, before Jessica L.

Williamson, Registered Merit Reporter,

Certified Realtime Reporter and Notary

Public in and for the Commonwealth of

Massachusetts, at the Offices of Skadden,

Arps, Slate, Meagher & Flom LLP, One Beacon

Street, Boston, Massachusetts, on Wednesday,

November 30, 2005, commencing at 9:27 a.m.

JOB NO. 41297

---

**www.sarnoffcourtreporters.com**

Irvine • Los Angeles • San Francisco

phone 877.955.3855 • fax 949.955.3854



**SARNOFF**
*Court Reporters and*
*Legal Technologies*

| | | |
|---|---|---|
| 05:02:42 | 1 | legal requirements for materiality are? |
| 05:02:44 | 2 | A. Not as I -- I don't recall it as I sit here. |
| 05:02:51 | 3 | Q. Did you intend in your report to express any |
| 05:02:54 | 4 | opinion regarding whether or not prior art |
| 05:02:57 | 5 | was material or not to the examination of |
| 05:03:01 | 6 | the patent? |
| 05:03:01 | 7 | A. I don't think I intended to put an opinion |
| 05:03:17 | 8 | on that issue in my report. |
| 05:03:29 | 9 | Q. Are you prepared to testify today regarding |
| 05:03:32 | 10 | what prior art, in your opinion, constitutes |
| 05:03:39 | 11 | material prior art and what prior art does |
| 05:03:42 | 12 | not constitute material prior art? |
| 05:03:44 | 13 | A. No. |
| 05:03:44 | 14 | Q. Do you know which attorneys prosecuted the |
| 05:04:09 | 15 | patent on behalf of HPR? |
| 05:04:19 | 16 | A. It was in the file wrapper, but I don't -- |
| 05:04:26 | 17 | it was -- my recollection was there was a |
| 05:04:34 | 18 | firm whose name I recognized, somebody who |
| 05:04:36 | 19 | has an office in Boston, among other places, |
| 05:04:38 | 20 | but I don't know -- I can't recite it off |
| 05:04:40 | 21 | the top of my head.  I know it was in the |
| 05:04:42 | 22 | file wrapper. |
| 05:04:42 | 23 | Q. Do you have any opinion whatsoever regarding |
| 05:04:48 | 24 | what prior art the prosecuting attorneys may |
| 05:04:54 | 25 | have been aware of during the prosecution of |

250