# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>THE TRIZETTO GROUP, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 04-1258-SLR |

## MCKESSON INFORMATION SOLUTIONS LLC'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff, McKesson Information Solutions LLC, hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that defendant, The TriZetto Group, Inc., produce the following documents and things for examination, inspection, and copying at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 525 University Avenue, Suite 1100, Palo Alto, California, 94306 on January 20, 2005.

### DEFINITIONS AND INSTRUCTIONS

Without limiting the scope of the Local Rules or the Federal Rules of Civil Procedure, the following instructions shall also apply to these Requests:

1. These Requests shall be deemed continuing in character so as to require further and supplemental production if you obtain or discover additional responsive documents.

2. If you withhold any document, or any part of a document, under claim of attorney-client privilege, work-product, or other ground of non-production, you shall provide McKesson with a list of such withheld documents which includes the following information: (1) the nature of the privilege being asserted with respect to each document; (2) the type or form of each document (e.g., letter, memorandum, etc.); (3)

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to evidence market share, market forecasts, sales or lease projections, financial projections, or profit/loss margins (actual or anticipated) relating to TriZetto's Products.

**REQUEST FOR PRODUCTION NO. 36:**

All documents relating to any computation, calculation, or estimation of damages that may result from TriZetto's infringement of the '164 patent.

**REQUEST FOR PRODUCTION NO. 37:**

All business plans, marketing surveys, or evaluations of competitors relating to TriZetto's Products.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to TriZetto's Products and the following: marketing, market share, market research, marketing plans, market evaluations, pricing, pricing strategy, pricing decisions, strategic plans, business plans, profit plans, competition, demand, projections, industry trends, and competitors.

**REQUEST FOR PRODUCTION NO. 39:**

All advertisements and other promotional materials relating to TriZetto's Products.

**REQUEST FOR PRODUCTION NO. 40:**

All documents relating to complaints concerning TriZetto's Products.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to evidence the precise manner in which TriZetto's Products have operated, including, without limitation, product descriptions, white papers,

specifications, marketing materials, and copies of all video demonstrations and/or computer animations.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to the technical configuration or operation of each version of TriZetto's Products.

**REQUEST FOR PRODUCTION NO. 43:**

All documents sufficient to evidence the location of all servers used by TriZetto (owned, leased, or otherwise) in the operation of TriZetto's Products.

**REQUEST FOR PRODUCTION NO. 44:**

All documents relating to the research, design and development of TriZetto's Products.

**REQUEST FOR PRODUCTION NO. 45:**

All versions of TriZetto's Products' source code, executable files and any HTML files for invoking such source code, including, without limitation, any header files, make files, and code libraries. (Documents responsive to this request should be produced in hard copy as well as electronic form, and should have the same directory structure used by TriZetto.)

**REQUEST FOR PRODUCTION NO. 46:**

All documents relating to the creation, design, research, development, reduction to practice, production, analysis, testing, demonstration, offer for sale, or offer for license by TriZetto of TriZetto's Products.

# EXHIBIT E

LEXSEE 2005 U.S. DIST. LEXIS 16348

GLOBESPANVIRATA, INC., Plaintiff, v. TEXAS INSTRUMENTS Inc., et al., Defendants,

Civil Action No. 03-2854 (GEB)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

2005 U.S. Dist. LEXIS 16348

July 11, 2005, Decided
July 12, 2005, Filed

**SUBSEQUENT HISTORY:** Partial summary judgment granted by, in part *Globespanvirata, Inc. v. Tex. Instrument, Inc.*, 2005 U.S. Dist. LEXIS 27820 (D.N.J., Nov. 10, 2005)

**PRIOR HISTORY:** *Globespanvirata, Inc. v. Tex. Instrument, Inc.*, 2005 U.S. Dist. LEXIS 5744 (D.N.J., Apr. 6, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff licensee filed a suit against defendant patent owners. The licensee asserted various claims under federal antitrust and patent laws and under state law. The owners moved, pursuant to *Fed. R. Civ. P. 37(c)*, to preclude the licensee from using certain documents to support its claims. They also applied for leave, pursuant to *Fed. R. Civ. P. 16(b)*, to assert a new claim under one of the patents at issue in the suit.

**OVERVIEW:** The provider alleged that the owners, by licensing their patents by the block rather than individually, had forced it to acquire unnecessary license rights. The owners filed their motions after the licensee produced supplemental prior art evidence and produced an expert report that addressed new prior art documents. The owners contended that the late production of the material violated the court's scheduling order. The licensee argued that the owners should have known of the existence of the material because it was merely the foreign versions of the U.S. patents at issue in the case; excluding the material would be highly prejudicial to its patent invalidity claim. Exclusion under *Fed. R. Civ. P. 37* was inappropriate because the owners were aware of some prior art references prior to the discovery cut-off date, no bad faith or willful disregard on the licensee's part was shown, the material was critical to the licensee's claims, and any prejudice arising from the late disclosure could be cured. The owners did not act diligently in asserting the proposed new claim. *Fed. R. Civ. P. 16(b)* required a showing of due diligence and good cause for relief from the scheduling order.

**OUTCOME:** The court denied the owners' motion seeking to preclude the documents. It also denied the owners' application to assert an additional claim.

**LexisNexis(R) Headnotes**

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*
[HN1] Under *Fed. R. Civ. P. 26(e)(2)*, a party is required to supplement the discovery process only if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*
*Civil Procedure > Sanctions > Discovery Misconduct*
[HN2] Under *Fed. R. Civ. P. 37(c)(1)*, a court may impose sanctions if a party, without substantial justification, fails to amend a prior response to discovery as required by *Fed. R. Civ. P. 26(e)(2)*, unless the failure is harmless. In addition, preclusion of such evidence has been used when parties fail to disclose. The United States Court of Appeals for the Third Circuit has held that the exclusion of evidence for violation of a discovery order is an extreme sanction. Before precluding evidence, the court considers whether the party: (1) revealed previously undisclosed evidence when the trial was imminent; or (2) acted in bad faith.

Case 1:04-cv-01258-SLR Document 183-5 Filed 12/20/2005 Page 7 of 11

Page 2
2005 U.S. Dist. LEXIS 16348, *

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*
*Civil Procedure > Sanctions > Discovery Misconduct*
[HN3] In deciding whether to preclude evidence under *Fed. R. Civ. P. 37*, the United States Court of Appeals for the Third Circuit has identified five factors to consider: (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption of trial; (4) the bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the proffering party. In deciding the issue of prejudice or surprise, the United States District Court for the District of New Jersey has held that it should not speculate on how the surprised party would have used the additional information disclosed; rather prejudice exists when the surprised party likely would have conducted discovery differently. The court has not excluded supplemental evidence where the prejudice could be cured by an additional deposition and by permitting the surprised party to submit a supplemental brief.

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*
*Civil Procedure > Sanctions > Discovery Misconduct*
[HN4] The United States Court of Appeals for the Third Circuit has held that absent a willful deception or flagrant disregard of a court order, exclusion of evidence would be extreme. When a party possesses evidence and fails to disclose it, the evidence can be excluded from trial. Evidence has been excluded when a party had the evidence in their possession but failed to produce it because it had not yet been translated from German.

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN5] In considering the bad faith factor, preclusion of evidence under *Fed. R. Civ. P. 37* has been held to be appropriate when a party has access to information but did not use such information in the response. Also, when the non-disclosing party is specifically asked to provide exact information in its possession and it fails to do so, it can be inferred the party acted in bad faith.

*Civil Procedure > Trials > Pretrial Conferences*
*Evidence > Procedural Considerations > Burdens of Proof*
[HN6] When a party moves to amend the deadlines established in the pretrial scheduling order, the party must first satisfy *Fed. R. Civ. P. 16(b)* and demonstrate good cause. Rule 16(b) provides that a pretrial scheduling order shall not be modified except upon a showing of good cause and by leave of the district court judge, or, when authorized by local rule, by a magistrate judge. A finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence. *Fed. R. Civ. P. 16*, advisory committee's note, provides that a court may modify the schedule on a showing of good cause if the deadlines cannot be reasonably met despite the diligence of the party seeking the extension. The lack of prejudice to the nonmovant does not show good cause.

*Civil Procedure > Trials > Pretrial Conferences*
[HN7] The United States Court of Appeals for the Third Circuit has determined that scheduling orders are the heart of the case management and cannot be flouted. The reason for this is simple--scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed.

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN8] Where discovery material was timely produced and the plaintiff produced supplemental evidence when it came into its possession, *Fed. R. Civ. P. 37* exclusion based on bad faith would be inappropriate. The plaintiff cannot be found to have acted in willful disregard of a court order where the plaintiff has produced all of the evidence in its possession. Preclusion based on willful disregard will be inappropriate where the plaintiff did not act with disregard to a court order.

*Civil Procedure > Trials > Pretrial Conferences*
*Evidence > Procedural Considerations > Burdens of Proof*
[HN9] Under *Fed. R. Civ. P. 16*, modifying a court's scheduling order is only appropriate when the movant shows that deadlines could not be met despite its diligence.

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*
*Civil Procedure > Trials > Pretrial Conferences*
[HN10] Allowing supplementation of evidence by a plaintiff is entirely different from allowing a defendant permission to untimely assert a new claim under *Fed. R. Civ. P. 16(b)*.

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*
*Civil Procedure > Sanctions > Discovery Misconduct*

[HN11] Preclusion under *Fed. R. Civ. P. 37* is considered an extreme sanction and only necessary where a party is prejudiced and the prejudice cannot be cured or when it can be determined a party acted in bad faith or in willful disregard of a court order. Where a plaintiff produces supplemental evidence when it comes into its possession, it cannot be found to have acted either in bad faith or in willful disregard of a court order.

**COUNSEL:** [*1] For GLOBESPANVIRATA, INC, Plaintiff: WILLIAM B. MCGUIRE, BRIAN M. ENGLISH, TOMPKINS MCGUIRE, WACHENFELD & BARRY LLP, NEWARK, NJ.

For TEXAS INSTRUMENTS, INC., LELAND STANFORD JUNIOR UNIVERSITY, THE, BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, STANFORD UNIVERSITY OTL, LLC, Defendants: LIZA M. WALSH, AGNIESZKA ANTONIAN, CONNELL FOLEY, LLP, ROSELAND, NJ.

For CONEXANT SYSTEMS, INC., GLOBESPANVIRATA, INC, Counter Defendants: BRIAN M. ENGLISH, TOMPKINS MCGUIRE, WACHENFELD & BARRY LLP, NEWARK, NJ.

For TEXAS INSTRUMENTS, INC., LELAND STANFORD JUNIOR UNIVERSITY, THE, BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, STANFORD UNIVERSITY OTL, LLC, Counter Claimants: LIZA M. WALSH, AGNIESZKA ANTONIAN, CONNELL FOLEY, LLP, ROSELAND, NJ.

For GLOBESPANVIRATA, INC, Counter Defendant: BRIAN M. ENGLISH, TOMPKINS MCGUIRE, WACHENFELD & BARRY LLP, NEWARK, NJ.

For BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, LELAND STANFORD JUNIOR UNIVERSITY, THE, STANFORD UNIVERSITY OTL, LLC, TEXAS INSTRUMENTS, INC., Counter Claimants: LIZA M. WALSH, CONNELL FOLEY, LLP, ROSELAND, NJ.

**JUDGES:** HUGHES, U.S.M.J.

**OPINIONBY:** JOHN J. HUGHES

**OPINION:**

**MEMORANDUM OPINION**

[*2] HUGHES, U.S.M.J.

This matter comes before the Court on Defendants, Texas Instruments, Inc. ("TI") and the Leland Stanford Junior University's ("Stanford"), ("Defendants"), Application to preclude use of certain documents addressed in the expert witness report of Dirk Hartogs, PhD ("Hartogs Report") and certain documents produced by Plaintiff, GlobespanVirata ("Globespan"), in May 2005. Additionally, Defendants seek to assert an additional claim, Claim 9 of the *447 patent*, which is dependent on already-asserted claims 1, 2, 3, and 7. Plaintiff opposes both Applications. The Court has reviewed the written submissions of the parties and conducted oral argument on June 22, 2005. For the reasons that follow, Defendants' Application to preclude certain documents addressed in the Hartogs Report and Defendants' Application to assert an additional claim are both denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

The underlying matter arises under the antitrust and patent laws of the United States and the laws of the State of New Jersey. Pl.['s] Br. at 2. The Plaintiff, a global provider of circuits, software, and designs for Digital Subscriber Line ("DSL"), alleges that [*3] Defendants, who together own numerous patents related to Asymmetric Digital Subscriber Line ("ADSL") technology, engaged in an unlawful conspiracy requiring Plaintiff to license ADSL-related patents by the block rather than individually. As a result, Plaintiff argues it was forced to license many unnecessary patents from Defendant. *Id.*

In May 2005, Plaintiff produced new evidence and documents of prior art addressed within the Hartogs Report. Defendants claim this production, five months after the December 2004 cut-off date for patent document production, violates the Court's Order of August 16, 2004, which "ordered that a party failing to disclose information shall be precluded from using as evidence any witness or information not so disclosed." Docket Entry #91.

Defendants contend that certain evidence and documents addressed in the Hartogs Report should be precluded from trial based on *Federal Rule of Civil Procedure Rule 37(c)* because of Plaintiff's failure to timely supplement its discovery. Defs.['s] App. dated June 20, 2005, at 1. However, Plaintiff argues that the exclusion of the documents at issue would result in "reversible [*4] error," Pl['s] Reply App. dated June 20, 2005, at 1.

Plaintiff further asserts that Defendants should have known of the documents because they are simply the foreign versions of the U.S. patents at issue. Pl['s] App. dated June 21, 2005, at 2. Furthermore, Plaintiff argues that exclusion of the foreign patents would be highly prejudicial because of their "early publication dates ... (which) are critical to Globespan's invalidity case." *Id.* Plaintiff contends that Defendants would suffer no

Case 1:04-cv-01258-SLR   Document 183-5   Filed 12/20/2005   Page 9 of 11

Page 4
2005 U.S. Dist. LEXIS 16348, *

prejudice because the foreign counterparts contain "no technical information beyond what was previously disclosed in the U.S. patents. *Id.*

Defendants argue that "although Globespan produced some of the prior art references prior to the discovery cut-off of December 2004, its failure to notify Defendants that it would rely on this prior art for its defenses is not contemplated by the spirit of the August 16th Order," which instructed parties that they would be precluded from relying on evidence not produced prior to the the discovery cut-off. Defs.['s] App. dated June 11, 2005, at 4.

Defendants also request permission to add an additional claim on *Patent No. 5,479,447* ("447"), claim [*5] 9. Defs.['s] App. dated June 20, 2005, at 8. Plaintiff contends that Defendants should not be permitted to assert the additional claim because the claim had not been the subject of any discovery and was not construed in the *Markman* hearing or by the Court's Markman Order. Pl['s] Reply App. dated June 21, 2005, at 4. In addition, Plaintiff notes that the request to add an additional claim after two years of discovery would be extremely prejudicial. *Id.* Thus, Plaintiff asserts the additional claim should not be permitted.

## II. DISCUSSION

### A. *Federal Rule of Civil Procedure 37(c)* - Application for Preclusion by Defendants

[HN1] Under *Rule 26 of the Federal Rules of Civil Procedure*, a party is required to supplement the discovery process only if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Fed. R. Civ. P. 26(e)(2)*. Furthermore, [HN2] under *Rule 37*, a court may impose sanctions if a party "without substantial justification fails ... to amend a prior response [*6] to discovery as required by *Rule 26(e)(2)* ... unless failure is harmless." *Fed. R. Civ. P. 37(c)(1)*. In addition, preclusion of such evidence has been used by the Court when parties fail to disclose. Pl['s] App. dated June 16, 2005 at 1. The Third Circuit Court of Appeals held that "the exclusion of evidence for violation of a discovery order is an extreme sanction." *In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999)*(citations omitted). Before precluding evidence, the Court has considered whether the party: (1) revealed previously undisclosed evidence when the trial was imminent; or (2) acted in bad faith. *In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-93 (3d. Cir. 1994)*.

[HN3] In deciding whether to preclude evidence under *Rule 37*,

> "the Third Circuit Court of Appeals has identified five factors to consider: (1) the prejudice or surprise to a party against whom the evidence is offered; (2) ability of the injured party to cure the prejudice; (3) likelihood of disruption of trial; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) importance of the evidence to the proffering [*7] party."

Defs.['s] App. dated June 20, 2005, at 4 (*see In re Mercedes-Benz Antitrust Litig., 225 F.R.D. 498, 506 (D.N.J. 2005)); see also Quinn v. Consol Freightways Corp., 283 F.3d 572, 577 (3d. Cir. 2002).*

In deciding the issue of prejudice or surprise, this Court has held that it "should not speculate on how [the surprised party] would have used the additional information disclosed;" rather prejudice exists when the surprised party likely would have conducted discovery differently. *In re Mercedes-Benz Antitrust Litig., 225 F.R.D. 498 at 506.* However, the Court did hold that prejudice could be cured by both an additional deposition and permitting plaintiffs to submit a supplemental brief. *In re Mercedes-Benz Antitrust Litig., 225 F.R.D. at 505-08.* As a result, the Court did not exclude supplemental evidence to be admitted. *Id.*

[HN4] The Third Circuit has held that absent a willful deception or "flagrant disregard" of a Court Order, exclusion of evidence would be extreme. *Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d. 894, 905 (3d. Cir. 1977)*. In addition, it has been [*8] held that when a party possesses evidence and fails to disclose it, the evidence can be excluded from trial as was the case in *AstraZeneca AB v. Mutual Pharm. Co.* when the party had the evidence in their possession but failed to produce it because it was yet to be translated from German. *AstraZeneca AB v. Mut. Pharm. Co. 278 F.Supp. 2d. 491 at 502 (E.D. Pa. 2003).*

[HN5] In considering the bad faith factor, preclusion of evidence under *Rule 37* has been held to be appropriate when a party has access to information but did not use such information in the response. *In re Mercedes-Benz Antitrust Litig., 225 F.R.D. at 507.* Also, when the non-disclosing party is specifically asked to provide exact information in its possession and it fails to do so, it can be inferred the party acted in bad faith. *Id.* However, under *Rule 26*, supplementation is only necessary "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Fed. R. Civ. P. 26(e)(2)*.

### B. *Federal Rule of Civil Procedure 16(b)* [*9] - Application for Permission to Assert a New Claim 9 on the '447 Patent

Case 1:04-cv-01258-SLR    Document 183-5    Filed 12/20/2005    Page 10 of 11

Page 5
2005 U.S. Dist. LEXIS 16348, *

[HN6] When a party moves to amend the deadlines established in the pretrial scheduling order, the party must first satisfy *Rule 16(b) of the Federal Rules of Civil Procedure* and demonstrate good cause. *See Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). Specifically, *Rule 16* provides that a pretrial Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the District Judge, or, when authorized by local rule, by a Magistrate Judge." *Fed. R. Civ. P. 16(b).* "A finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." *Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (citations omitted); *see also Fed. R. Civ. P. 16* advisory committee's note ("The court may modify the schedule on a showing of good cause if [the deadlines] cannot be reasonably met despite the diligence [*10] of the party seeking the extension."). Moreover, "the lack of prejudice to the nonmovant does not show 'good cause.'" *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D.Kan. 1995)(citations ommitted).

[HN7] The Third Circuit has determined that "scheduling orders are the heart of the case management [and cannot] be flouted." *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 n.4 (3d Cir.)(quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)); *U.S. v. Princeton-Gamma-Tech, Inc.*, 817 F. Supp. 488, 497 (D.N.J. 1993). "The reason for this is simple - scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed." *Id.* (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000)).

## III. ANALYSIS

### A. *Federal Rule of Civil Procedure 37(c)* - Application for Preclusion by Defendants

Defendants request that certain evidence addressed in the Hartogs Report and certain documents produced [*11] in May of 2005, be precluded from trial based upon *Rule 37(c)(1)* because of Plaintiff's failure to timely supplement its discovery responses. Defs.['s] App. dated June 20, 2005, at 1. Defendants assert Plaintiff relied on new art in the Hartogs Report and under the *Mercedes* test, this new art should be precluded from trial. However, Defendants cannot claim prejudice as they concede they were aware of "some of the prior art references prior to the discovery cut-off of December 2004." Defs.['s] App. dated June 11, 2005, at 4. Additionally, there is no showing of willful disregard or bad faith on the part of Plaintiff. Therefore, because evidence sought to be precluded is critical to Plaintiff, Defendants Application for preclusion of both evidence addressed in the Hartogs Report and certain documents produced in May 2005 is denied.

Defendants in this case concede factors two and three of the five factor *Mercedes* test which effectively state that the court should consider the: (2) ability of the injured party to cure the prejudice; and (3) likelihood of disruption of trial. In their Application, Defendants state that "the likelihood of disruption at trial is irrelevant, given [*12] the current stage of litigation." Defs.['s] App. dated June 20, 2005, at 6. Furthermore, "Defendants do not dispute that the newly asserted contentions in the Hartogs Report are important to Globespan." Defs.['s] App. dated June 20, 2005, at 7. Therefore, under the *Mercedes* test, preclusion in this case would only be appropriate if Defendants were prejudiced by the late production of evidence or if Plaintiff acted in bad faith or willfully disregarded a court order on production of evidence.

Similar to *In re Mercedes-Benz Anti-Trust Litig*, any prejudice that might have occurred based on the late production of evidence by Plaintiff here, could be cured for example, by an additional deposition. Additionally, Plaintiff did not act in bad faith because it produced the evidence as soon as it had it in it's possession. Unlike the plaintiff in *AstraZeneca AB v. Mutual Pharm. Co.*, whom had the evidence but failed to translate from German to English, Plaintiff did not have such evidence in its possession. Defendants did however have the American counterpart patent which [HN8] had been timely produced and Plaintiff did produce supplemental evidence when it came into possession. Pl['s] [*13] App. dated June 21, 2005, at 2. As a result, exclusion based on bad faith would be inappropriate. Also, Plaintiff cannot be found to have acted in willful disregard of a court order. Unlike *MOSAID Technologies, Inc. v. Samsung Elecs. Co.*, in which the Court determined the plaintiff had disregarded orders of the court to produce evidence it had in it's possession for more than a year, Plaintiff has produced all evidence in its possession. *MOSAID Techs. Inc. v. Samsung Elecs. Co.* 348 F. Supp. 2d 332, 2004 WL 2550309 at *4 (D.N.J. 2004). The evidence referenced in the Hartogs Report and provided in May 2005 only recently came into Plaintiff's possession. Therefore, preclusion based on willful disregard would be inappropriate because Plaintiff did not act with disregard to a Court Order. For these reasons, Defendants' Application for preclusion of both evidence addressed in the Hartogs Report and documents produced in May 2005 is denied.

### B. *Federal Rule of Civil Procedure 16(b)* - Application for Permission to Assert Additional Claim 9 on the '447 Patent

In view of the various patents involve and number of claims to be construed, the [*14] parties, with the Court's encouragement, discussed the *Markman* procedures and

Case 1:04-cv-01258-SLR   Document 183-5   Filed 12/20/2005   Page 11 of 11

Page 6
2005 U.S. Dist. LEXIS 16348, *

hearings as far back as the initial scheduling conference on November 13, 2003. Thereafter, the *Markman* practice was discussed at a conference on March 10, 2004 and the final *Markman* procedure addressed at a conference on June 24, 2004. The *Markman* hearing was conducted before Judge Brown, culminating in a seventy-six page opinion filed April 7, 2005. Now, at the very late date, Defendants seek permission to assert an additional claim, claim 9 of the '447 patent which necessitates claim construction.

During the *Markman* hearing, Defendants failed to alert the Court of its intentions to assert such a claim. Pl['s] App. dated June 21, 2005, at 5. Also, Judge Brown's *Markman* Opinion and Order did not address claim 9. [HN9] Under *Rule 16*, modifying a Court's scheduling order is only appropriate when the movant shows that deadlines could not be met despite its diligence. *Fed. R. Civ. P. 16*. In this case, Defendants expressly seek permission to assert claim 9 "if Globespan is allowed to maintain the many new inequitable conduct ... and written description [*15] contentions in the Hartogs Report." Defs.['s] App. dated June 20, 2005, at 8. [HN10] Allowing supplementation of evidence by Plaintiff is entirely different to allowing Defendants permission to assert a new claim. Defendants had ample time to assert claim 9 and if the Court were to grant permission to assert an additional claim, it would in effect render the scheduling order meaningless. By opening the claim construction phase and allowing new claims after an elaborate and comprehensive *Markman* opinion, the case will surely be further delayed. No good cause has been shown for a subsequent *Markman* hearing and Defendant had the opportunity previously to assert claim 9. Therefore, for reasons asserted herein, Defendants' Application for permission to assert claim 9 is denied.

## IV. CONCLUSION

For the reasons set forth herein, Defendants' *Rule 37(c)* Application for preclusion of both evidence addressed in the Hartogs Report and documents provided in May 2005 is denied. [HN11] Preclusion is considered an extreme sanction and only necessary where a party is prejudiced and the prejudice cannot be cured or when it can be determined a party acted in bad faith or in willful disregard [*16] of a court order. In this case, any prejudice to Defendants caused by the late production of evidence can be cured by additional depositions. Furthermore, because Plaintiff produced supplemental evidence when it came into its possession, it cannot be found to have acted either in bad faith or in willful disregard of a court order.

Additionally, Defendants' Application for permission to assert an additional claim is likewise denied. Defendants had the opportunity to assert claim 9 of the '447 patent during the initial *Markman* hearing. Under *Rule 16*, a pretrial order can be modified if despite a party's diligence, a deadline could not be reasonably met. However, Defendants failed to raise claim 9 until after Plaintiff supplemented evidence. Therefore, it would be inappropriate for the schedule to be modified in this case and the *Markman* hearing to begin anew. Accordingly, Defendants' Application for permission to assert Claim 9 is denied.

Dated: July 11, 2005.

**ORDER**

HUGHES, U.S.M.J.

This matter comes before the Court on Defendants, Texas Instruments, Inc. ("TI") and the Leland Stanford Junior University's ("Stanford"), ("Defendants"), Application [*17] to preclude use of certain documents addressed in the expert witness report of Dirk Hartogs, PhD ("Hartogs Report") and certain documents produced by Plaintiff, GlobespanVirata ("Globespan"), in May 2005; and additionally, Defendants seeking to assert an additional claim, Claim 9 of the 447 patent; and Plaintiff submitting opposition to both Applications; and the Court having read the parties' written submissions and conducted oral argument on June 22, 2005; and for the reasons set forth in the accompanying Memorandum Opinion; and good cause having been shown;

IT IS on this 11th day of July, 2005,

ORDERED that Defendants' Applications for preclusion of documents addressed in the Hartogs Report and permission to assert an additional claim are both denied.

/s/ John J. Hughes

**JOHN J. HUGHES**

**UNITED STATES MAGISTRATE JUDGE**