

| | | |
|---|---|---|
| "Hansen, David" <DHANSEN@skadden.com> 11/11/2005 01:53 AM | To | Slr_Civil@ded.uscourts.gov |
| | cc | "Randall, Jeff" <JRANDALL@skadden.com>, "Thomas, Jeffrey T." <JTTHOMAS@gibsondunn.com>, "Jack B. Blumenfeld" <JBlumenfeld@MNAT.com> |
| | bcc | |
| | Subject | McKesson Information Solutions LLC v. The TriZetto Group, Inc., C.A. No. 04-1258 (SLR) |

Dear Chief Judge Robinson:
McKesson respectfully requests that Your Honor include the following two issues in the order you are preparing from our November 7, 2005 hearing. We have included a Proposed Order for your convenience.

*First*, we recognize that Your Honor has a busy trial schedule, which can fill up quickly. Therefore, we ask Your Honor to schedule the court trial on the equitable issues of laches, estoppel, and inequitable conduct and the jury trial on prior art issues as soon as possible following the infringement, willful infringement, and damages trial scheduled for April 17, 2006.

*Second*, we request that you refer to the Special Master the discrete issue of whether TriZetto should be permitted to rely on the two new prior art references and the AMS prior art that were discussed at the November 7, 2005 hearing. We understand that both sides have to complete expert discovery and preparation of all issues, including this newly disclosed prior art, pursuant to the Court's February 18, 2005 schedule. However, a prompt recommendation from the Special Master on this discrete prior art issue could avoid further unnecessary and burdensome work by Your Honor and the parties.
Respectfully submitted,
Jeffrey G. Randall
Counsel for Plaintiff

## [PROPOSED] ORDER

IT IS ORDERED THAT:

1.      The Court schedule entered and revised on February 18, 2005 is still in effect and the parties are directed to complete trial preparation with regard to all issues as set forth in that schedule.
2.      At Defendant's election, this case has been bifurcated for trial only.
3.      On April 17, 2006, the Court will conduct a jury trial on infringement, willful infringement and damages.
4.      On _____, the Court will hold a court trial on the equitable issues of laches, estoppel, and inequitable conduct.
5.      On _____, the Court will hold a jury trial on prior art issues.
6.      With regard the new prior art and prior use first raised by Defendant in its expert reports served on October 24, 2005, (1) Davis, Buchanan, Shortliffe, Production Rules as a Representation for a Knowledge-Based Consultant Program, Artificial Intelligence, 8:15-45, 1977; (2) vanMelle, W., A domain-independent production rule system for consultation programs, in Proc. IJACAI-79, 923-925, Tokyo, August 1979; and (3) the Advanced MedLogic

System, the Court refers to the Special Master the issue of determining whether Defendant should be precluded from relying on those references given the Court's previous scheduling deadlines.

Dated: _____                    _____
                                                   UNITED STATES DISTRICT JUDGE

--------------------------------------------------------------------------------

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

*******************************************************

This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any e-mail, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*******************************************************
================================================================
=========

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number: 04 -cv- 1258 -SLR

2. BRIEFLY state your response to the emergency request made by opposing counsel:

This is TriZetto's response to McKesson's November 11 1:53 a.m. email, raising issues neither discussed with us nor submitted in the approved format. McKesson seeks to reverse the decisions Your Honor made at that hearing -- that (1) aside from the completion of expert discovery, the bifurcated invalidity issues have been stayed pending further Order of the Court and (2) issues relating to three prior art references would not be referred to the Special Master (Tr. 36-42). Now, however, McKesson seeks an Order that would direct the parties "to complete trial preparation with regard to all issues" on the schedule set in the Scheduling Order, as well as a reference of the prior art issues to the Special Master. In short, without acknowledging that it is doing so, McKesson simply asks Your Honor to reverse your November 7 rulings. There is one matter on which the parties may agree -- that laches, which is a damages issue, should proceed as part of the damages case. TriZetto intends to seek summary judgment limiting damages based on laches.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: Jack Blumenfeld

4. Today's Date: November 14, 2005

********************************************************************************

## E-Mail Request for Emergency Relief

1. Case Number:        04-cv-1258-SLR

2. Check the box that applies:

   [✓] Requesting a teleconference with the parties and the court
   [ ] Requesting an in-person conference with the parties and the court
   [ ] Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   On November 7, the Court confirmed that validity is bifurcated for a trial at some date in the future and, except for the completion of expert discovery, stayed motion practice and other proceedings related to validity. (Tr. 36-42). With the exception of one TriZetto invalidity expert, those depositions will be completed by November 30. TriZetto has offered to produce that expert on December 5. McKesson, however, has demanded an earlier deposition so that it can file summary judgment and Daubert motions on validity on December 15, saying that "the Court has not altered the schedule in this case...in any way that would suggest that any part of this case is stayed." We believe this is directly contrary to Your Honor's November 7 rulings (e.g., Tr. 42: "motion practice on those expert reports is stayed until I open up the case on validity again"). Thus, we ask the Court to reconfirm that once expert discovery is complete, there will be no further proceedings on validity issues at this time, and to grant a 3-day extension for the final expert deposition.

   *Any text added to beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Jeff Randall; Bernard Shek

5. Response of opposing counsel to this request:

   As set forth above, McKesson takes the position that proceedings on validity, including motion practice, have not been stayed, and will not agree to a 3-day extension for the final expert deposition.

6. Name of local counsel making this request: Jack Blumenfeld

7. Today's Date: November 21, 2005

***********************************************************************************

For court use only:

[ ] A teleconference will be held on _____ to be coordinated and initiated by

[ ] An in-person discovery conference will be held on:

[ ] Other: