# EXHIBIT 1

US005253164A

# United States Patent [19]

## Holloway et al.

[11] Patent Number: 5,253,164

[45] Date of Patent: Oct. 12, 1993

[54] SYSTEM AND METHOD FOR DETECTING FRAUDULENT MEDICAL CLAIMS VIA EXAMINATION OF SERVICE CODES

[75] Inventors: Donald C. Holloway, Menlo Park, Calif.; Robert D. Hertenstein, Morton, Ill.; George A. Goldberg, Newton; Keldi A. Dugan, South Natick, both of Mass.

[73] Assignee: HPR, Inc., Boston, Mass.

[21] Appl. No.: 648,314

[22] Filed: Jan. 29, 1991

### Related U.S. Application Data

[63] Continuation of Ser. No. 566,841, Aug. 14, 1990, abandoned, which is a continuation of Ser. No. 252,307, Sep. 30, 1988, abandoned.

[51] Int. Cl.⁵ ............................................. G06F 18/21
[52] U.S. Cl. ......................... 364/406; 364/401
[58] Field of Search ............... 364/401, 406, 413.01

[56] References Cited

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,658,370 | 4/1987 | Erman et al. | 364/513 |
| 4,803,641 | 2/1989 | Hardy et al. | 364/513 |
| 4,858,121 | 8/1989 | Barber et al. | 364/406 |

#### OTHER PUBLICATIONS

"Automated Claims Processing", Insurance Software Review, Marva J. Croaff, Autumn 1988, pp. 52, 54.
"Enhancing Accuracy and Timeliness Is Integral to the Claims Adjudication Process", Employee Benefit Plan Review, Anonymous, Dec. 1985 pp. 10–12.
"HealthStar", Health Benefits Management System, Product Description, Version 1.024.
"System validates medical fee schedules", Bests Review: Life/Health, Jun. 1987, 92.

"Expert system identifies miscoded health claims", Bests Review: Life/Health, Nov. 1990, 60.
"Claims editing software runs coding rule checks", Bests Review: Life/Health, Nov. 1990, 62.
Woolsey, C. "Employer spots inflated medical bills", Business Insurance, Jan. 25, 1993, 2.
Weinzel, J. R. et al. "A Company/University joint venture to build a knowledge-based system", MIS Quarterly, vol. 12, No. 1, Mar. 1988, 23–34.
Leary, E. "SSA applies expertise to develop expert systems". (Spotlight on AI-expert systems, Social Security Administration), Government Computer News, vol. 6, No. 17, Aug. 28, 1987, 49(3).
Beard, P. "Blue Cross develops insurance claim ES", AIWeek, vol. 6, No. 7, Apr. 1, 1989, 3.
Sullivan–Trainor, M. "Catching new clients", Computerworld, vol. 21, No. 50, Dec. 14, 1987, 95,99.
Snyder, C. "From research to reality: the leading edge of expert systems", Insurance Software Review, vol. 12, No. 3, Autumn 1987, 22–4, 26–7, 30.
Christensen, J. "Insuring", High Technology Business, vol. 8, No. 10, Oct. 1988, 47–8.
Expert Systems in the Insurance Industry 1987 Survey Report Update, Coopers & Lybrand, 1987.
Pallatto, J. "Expert system cures the blues". (Blue Cross develops insurance claims analysis system NERSys), PC Week, vol. 5, No. 50, Dec. 12, 1988, 35,44.

Primary Examiner—Gail O. Hayes
Attorney, Agent, or Firm—Wolf, Greenfield & Sacks

[57] ABSTRACT

An expert computer system for processing medical claims. Medical claims and associated representation are inputted into the expert computer system. The inputted claims are interpreted according to specific rules and against a predetermined database to determine whether the medical claims are appropriate.

16 Claims, 5 Drawing Sheets



# EXHIBIT 2

01/24/1994  16:56    6172663170              HPR BOSTON                    PAGE  03



**HEALTH
PAYMENT
REVIEW INC.**

360 Newbury Street
Boston, MA 02115

617-266-1930
FAX 617-266-3170

*Official Copy*

For Immediate Release

### HEALTH PAYMENT REVIEW'S CODEREVIEW® PRODUCT
### AWARDED U.S. PATENT

BOSTON, MA -- Jan. 14, 1994 -- Health Payment Review, Inc. (HPR), the Boston-based developer of health care cost containment and provider profiling software systems, announced that it has been awarded U.S. Patent no. 5,253,164 for the system and methodology embodied in its CodeReview® product.

"Being awarded this patent clearly demonstrates HPR's leadership position in the health care cost containment industry," says Marcia Radosevich, Ph.D., CEO of Health Payment Review. "We expect this patent to further propel our rapid growth in the health care information systems marketplace."

Industry sources say that overpayment due to medical billing code manipulation and errors accounts for approximately 1% of all health care spending, or an estimated $9 to 10 billion in 1994. Health Payment Review's CodeReview® product, a medically-based software system, is designed to combat overpayment of physician claims by recognizing and correcting coding errors.

The CodeReview® software system combines medical expertise with advanced computer technology to provide a "medical peer review" software system that can detect and correct errors in billing such as up-coding and unbundling. "Up-coding" is selecting a medical code for a more extensive surgical procedure or service than actually occurred. "Unbundling" is when the provider charges for individual procedures or services rather than using the global code encompassing the entire service.

The expert clinical knowledge base of the CodeReview® product is developed, maintained and enhanced by physicians, surgeons and subspecialists. The CodeReview® product can be seamlessly integrated into the users' automated claims processing system and is available on a wide range of hardware platforms, from PCs to minicomputers and mainframe environments. Data gathered from customers who use the CodeReview® software show savings of approximately 5% - 8% of total physician billed charges.

(cont.)



EXHIBIT
H-1

**MCK  046339**

# EXHIBIT 3

Confidential Information Subject to D. Del. LR 26.2



# The New York Ti

"All the News That's Fit to Print"

VOL.CXLII....No. 49,586     Copyright © 1994 The New York Times     NEW YORK, MONDAY, JANUARY 24, 1994



## Patents | Teresa Riordan

### Health Care System Finds Overpayments

Health Payment Review Inc., a privately held company in Boston, recently said it had been granted a software patent that it contends could have a profound market impact on the health care cost-containment industry, which many analysts believe will be an important growth industry during the 1990's.

"I'm not a patent attorney, but the claims appear to be very broad," said Ben Rooks, an associate analyst at Adams, Harkness & Hill Inc. in Boston. On Thursday, Mr. Rooks downgraded the stock of Health Payment Review's main rival, GMIS Inc. of Malverne, Pa., from a "buy" to a "hold." The stock dropped $1.50, to $12.50, in Nasdaq trading on Friday.

The patent covers a software system that ferrets out overpayments to physicians by recognizing and correcting medical coding errors. By one estimate, such overpayments account for 1 percent of all health care spending, expected to be about $14 billion in 1994.

Health Payment Review said it had licensed its software to insurance companies and health maintenance organizations at a cost of $50,000 to $500,000 a year. "It would not have surprised us had we been denied the patent because it's notoriously hard to get software patents," said Marcia Radosevich, Health Payment Review's chief executive.

Ms. Radosevich said the patent had "profound" implications for H.P.R.'s competitors. "We do intend to enforce our patent rights," she said.

Jeffrey Stello, the vice president for finance and administration at GMIS, said the patent had no merit and, in any case, his company was not infringing.

Health Payment Review was assigned patent 5,253,164.



# EXHIBIT 4



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GMIS, INC., a corporation of the
State of Delaware,

        Plaintiff,

      v.

Health Payment Review, Inc.,
a corporation of the State
of Delaware,

        Defendant.

94-CV-0576

        The Plaintiff by its undersigned attorneys by way of complaint state and set forth as follows:

### JURISDICTION

        1.    This is an action for a declaratory judgment that a patent is invalid, not infringed and unenforceable and for injunctive and monetary relief based on a substantial and related claim of unfair competition arising out of the same nexus of operative facts.  This court has jurisdiction in accordance with 28 U.S.C. §1338(a), §1338(b), and 28 U.S.C. §2202.  Venue is proper in accordance with 28 U.S.C. §1391(b) and §1391(c).

### PARTIES

        2.    The plaintiff, GMIS, Inc. (hereinafter "GMIS") is a corporation of the State of Delaware having its principal place of business at 5 Country View Road, Malvern, Pennsylvania 19355.

        3.    The defendant, Health Payment Review, Inc. (a/k/a HPR and HPR, Inc.) (hereinafter "HPR") is, on information and

MCK 029638

04-CV-1258-SLR (D.Del.)

belief a corporation of the State of Delaware having its
principal place of business at 360 Newbury Street, Boston,
Massachusetts 02115.

## FIRST CLAIM

4.   Defendant, HPR, claims to own United States Patent
5,353,164 which issued on October 12, 1993 and is entitled System
and Method for Detecting Fraudulent Medical Claims Via
Examination of Service Codes (hereinafter the '164 patent).

5.   HPR has, in this district, charged GMIS with
infringement of the '164 patent such that GMIS is in reasonable
apprehension that HPR will institute suit for infringement of the
'164 patent against GMIS.

6.   GMIS has not infringed the '164 patent.

7.   The '164 patent is invalid for failure to comply
with many of the provisions of Title 35 of the Untied States
Code.

8.   The '164 patent is unenforceable because after
repeated refusals by the patent examiner in charge of the
application which issued as the '164 patent and its predecessors
to allow the claims thereof, HPR misrepresented the state of the
prior art to the patent examiner in order to obtain allowance of
such claims.

9.   GMIS is and will continue to be irreparably harmed
by the cloud that the assertion of the '164 patent has and will
create over its business until this Court declares the '164
patent invalid, not infringed and unenforceable.

10.   GMIS has no adequate remedy at law.

-2-

MCK 029639

04-CV-1258-SLR (D.Del.)

## SECOND COUNT

11. GMIS repeats and realleges the facts set forth in paragraphs 4 through 11 as though fully set forth herein.

12. The charge of infringement referred to in paragraph 5 above has been made both orally and in writing, to an officer of GMIS and third parties, including the issuance of a press release, discussions with news reporters and discussions with stock analysts who follow and report on GMIS stock.

13. When the charge of infringement was made HPR knew or should have known that the patent in questions could not be interpreted to cover any of GMIS's products.

14. When the charge of infringement was made HPR knew or should have known that the patent in question was invalid.

15. When the charge of infringement was made HPR knew or should have known that the patent in question was unenforceable.

16. By way of the aforementioned conduct, HPR intended to and did interfere with business relationships of GMIS.

17. As a result of HPR's conduct GMIS has been harmed.

-3-

MCK 029640

04-CV-1258-SLR (D.Del.)

WHEREFORE, Plaintiff prays for the following relief:

A.    a declaration that the '164 patent is invalid, not infringed by GMIS and unenforceable;

B.    an injunction against HPR's improper conduct;

C.    an award of damages including interest;

D.    attorney's fees; and

E.    such other relief as the Court deems necessary and proper.

Respectfully submitted,

Theodore R. Young, Esquire
Robert F. Zielinski, Esquire
Frank G. Murphy, Esquire
FOX, ROTHSCHILD, O'BRIEN & FRANKEL
2000 Market Street
10th Floor
Philadelphia, PA  19103-3291
(215) 299-2000

Attorneys for Plaintiff,
GMIS

Date: 1/31/94

Of Counsel:

COBRIN GITTES & SAMUEL
535 Madison Avenue
New York, NY 10022
(212) 486-4000

-4-

MCK 029641

04-CV-1258-SLR (D.Del.)

# EXHIBIT 5

<u>For Immediate Release</u>

## HEALTH PAYMENT SUES GMIS FOR
## PATENT INFRINGEMENT

BOSTON, MA -- March 25, 1994 - Health Payment Review, Inc. (HPR) the Boston-based developer of health care cost management and provider profiling software, filed a patent infringement counterclaim yesterday against GMIS Inc. of Malvern, PA.

HPR claims that the GMIS product, ClaimCheck[TM], infringes the patent granted October 12, 1993 to HPR for its CodeReview® product.  HPR's counterclaim also states that GMIS spread false information about CodeReview® and HPR's patent in public statements and press releases.  HPR is seeking an award of compensatory and other damages as well as a permanent injunction against the sale and use of ClaimCheck.

The CodeReview® patent (U.S. #5253164) entitled "System and Method for Detecting Fraudulent Medical Claims via Examination of Service Codes," covers systems and methodologies embodied in the CodeReview® product.

HPR's counterclaim is in response to an earlier complaint filed by GMIS seeking to prevent enforcement of HPR's patent.

### ###

Contact:   Brian Cahill
           Chief Financial Officer
           Health Payment Review, Inc.
           (647) 266-2520

**MCK 141470**

04-CV-1258-SLR (D.Del.)

**EXHIBIT 6**
**IS REDACTED IN ITS ENTIRETY**

**EXHIBIT 7**
**IS REDACTED IN ITS ENTIRETY**

# EXHIBIT 8
# IS REDACTED IN ITS ENTIRETY

**EXHIBIT 9**
**IS REDACTED IN ITS ENTIRETY**

EXHIBIT 10
IS REDACTED IN ITS ENTIRETY

**EXHIBIT 11
IS REDACTED IN ITS ENTIRETY**

# EXHIBIT 12
## IS REDACTED IN ITS ENTIRETY

EXHIBIT 13
IS REDACTED IN ITS ENTIRETY