# EXHIBIT B

*McKesson v. TriZetto*

## PROPOSED CLAIM CONSTRUCTION

| Claim Terms To Be Construed | Claim 1 | |
| --- | --- | --- |
| | McKesson's Proposed Construction | TriZetto's Proposed Construction |
| 1. In a computer system having *means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes*, a method for processing input claims containing at least one medical service code, comprising the steps of: | *means for operating on a predetermined database*<br><br>The structure corresponding to this means comprises data processing capabilities, memory, and software capable of managing a database, as well as their equivalents. *See, e.g.,* Fig. 1; col. 4, ll. 33-42. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See, e.g.,* Fig. 1; col. 4, ll. 33-42; col. 10, ll. 51-64; App. D. | *means for operating on a predetermined database*<br><br>TriZetto does not believe that the function of this means requires construction.<br><br>*This means-plus-function element lacks complete supporting structure because the predetermined database is not disclosed in the specification.*<br><br>To the extent any structure is disclosed, TriZetto agrees with McKesson that the structure for the "means for operating . . ." disclosed in the specification is Fig. 1; col. 4, ll 33-42; App. D. |
| | <u>a computer system</u><br>Ordinary meaning. No construction required. | <u>a computer system</u><br>TriZetto agrees with McKesson that this term does not need construction. |
| | <u>medical service code</u><br>A code representing a particular medical service or procedure, *e.g.*, CPT-4 codes, CRVS codes, and similar medical service or procedure codes. | <u>medical service codes</u><br>A code, description, or other indicator that is used to denote a medical service, treatment, or procedure. |

| Claim Terms To Be Construed | Claim 1 | |
| --- | --- | --- |
| | Plaintiffs' Proposed Construction | Defendants' Proposed Construction |
| | **a predetermined database containing medical service codes and a set of relationships among the medical service codes**<br><br>Ordinary meaning. No construction required. | **a predetermined database**<br><br>A database containing a single computer-readable table that is designed to be modified or updated only by the system designer or vendor, and that is not designed to be modifiable by the end user.<br><br>**containing medical service codes and a set of relationships among the medical service codes**<br><br>Including both medical service codes and a set of relationships among the medical service codes. |
| | **a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes**<br><br>A set of relationships among the medical service codes defining whether one or more medical service codes are appropriate for payment when input with one or more different medical service codes. | **a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes**<br><br>A set of relationships specifying that if two or more particular medical service codes are input together as part of the same claim, then one or more of the input medical service codes are appropriate for payment. |

2

| Claim term, Phrase, or Construction | Claim |  | TriZetto's Proposed Construction |
|---|---|---|---|
|  |  | McKesson's Proposed Construction |  |
| (a) receiving at least one claim; | Ordinary meaning. No construction required. |  | TriZetto does not believe that the function of this limitation requires construction.<br><br>*TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction for the structure of this element:  Figure 2, box 7; col. 59 (entry.prg).* |

3

| Claim Terms to Be Construed | Guidant | | TriZetto's Proposed Construction |
| --- | --- | --- | --- |
| | Ordinary meaning. No construction required. | | *TriZetto offers the following construction of the function described in this element:* |
| (b) determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and | | | Performing a check to verify that the medical service codes input by the user are present in the predetermined database containing codes and relationships. |
| | | | *TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. This step-plus-function element also lacks complete supporting structure because the predetermined database is not disclosed in the specification. .* |
| | | | *Moreover, the structure in the patent refers to the ALLCODE.DBF database table and related software to check if an entered code is in the database (see Fig. 3, boxes 9, 11; col. 5, ll. 11-26; col. 59, l. 50 to col. 65, l. 15; col. 65, l. 17-col. 67, l. 63), and not to the specified predetermined database with codes and relationships (INTERACT. DBF). Thus, TriZetto believes that the structure of this element is not identified in the specification.* |

4

| Claim Term to Be Construed | Claim McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (c) informing a user that a medical service code is not contained in the predetermined database. | Ordinary meaning. No construction required. | TriZetto does not believe that the function of this limitation requires construction.<br><br>*TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Although the patent discloses structure for informing the user if a code is not in the database of all codes (ALLCODES.dbf), see col. 65, l. 69-col. 67, l. 1, the specification does not identify a structure for this element involving a code not present in INTERACT.dbf.* |

5

| Claim Terms To Be Construed | Movant's Proposed Construction | Trizetto's Proposed Construction |
|---|---|---|
| **2.** In **a computer system** having **means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes,** a method for processing input claims containing at least one medical service code, comprising the steps of: | *means for operating on a predetermined database*<br><br>*See Claim 1.* | *means for operating on a predetermined database*<br><br>*See Claim 1 (preamble).* |
|  | **a computer system**<br><br>*See Claim 1.* | **a computer system**<br><br>*See Claim 1 (preamble).* |
|  | **medical service code**<br><br>*See Claim 1.* | **medical service codes**<br><br>*See Claim 1 (preamble).* |
|  | **a predetermined database containing medical service codes and a set of relationships among the medical service codes**<br><br>*See Claim 1.* | **a predetermined database**<br><br>*See Claim 1 (preamble).*<br><br>**containing medical service codes and a set of relationships among the medical service codes**<br><br>*See Claim 1 (preamble).* |

| Claim Terms to be Construed | Claim 2 McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| | a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes *See Claim 1.* | a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes *See Claim 1 (preamble).* |
| (a) receiving at least one claim; | Ordinary meaning.  No construction required. | TriZetto does not believe that the function of this limitation requires construction. *TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act.  As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* *TriZetto offers the following construction for the structure of this element:* See Claim 1(a). |

| Claim Terms To Be Construed | Claim 2 McKesson Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (b) ascertaining whether the at least one claim contains a plurality of medical service codes; | Ordinary meaning. No construction required. | *TriZetto offers the following construction of the function described in this element:*<br><br>Identifying if the claim contains more than one medical service code in order to determine whether multiple code edits should be checked.<br><br>*TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction of the structure described in this element:*<br><br>Fig. 2, box 20; Fig. 4, box 23; 25; 27, 27', col. 5, l. 53 ("if the number of codes determined was more than one, then the MULTIPLE PROGRAM is run"); col. 59 ("if code-count > I[¶] DO MULTIPLE.prg[¶] end if"). |

| Claim Term as Both Parties Construe It | Claim 2 McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (c) *determining whether one of the medical service codes in the at least one claim is mutually exclusive due to* non-medical criteria *with any other medical service code in the at least one claim;* | Ordinary meaning. No construction required. | *TriZetto offers the following construction of the function described in this element:*<br><br>Making a determination based on the relationship among two of the medical service codes entered on the claim, such relationship based on "non-medical criteria," that one of the input medical service codes is inappropriate for payment due to the "non-medical criteria."<br><br>*TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. This step-plus-function element also lacks complete supporting structure, because the predetermined database is not disclosed in the specification. Additionally, there is no structure in the specification that links a determination based on "non-medical criteria" so the corresponding structure cannot be identified from the patent.*<br><br>*(cont'd)* |

9

| Claim Term/Phrase to Construct | Claim ...? McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| | | McKesson has identified numerous parts of the specification that it believes relate to the determining step: Figs. 2, 4 & 6; App. A; App. B; App. C; App. D: col. 5, l. 53 – col. 7, l. 60. To the extent that McKesson contends that all of the identified structure must be included in the claim element, without waiving its objection that the element is indefinite, TriZetto has no objection to including all of the structure identified by McKesson. *Although the patent does identify the "determining" means for determining whether one code is "mutually-exclusive due to non-medical criteria," TriZetto believes that the determining structure identified in the specification most related to processing multiple codes on a claim, is:* Figure 4, boxes 17, 23', 25', 27', 24-29; Figure 6, Item 1; col. 5, l. 52-col. 8, l. 37; App. B, Part I; App. D, col. 73 et. seq. (multiple.prg). |
| | **non-medical criteria** Ordinary meaning. No construction required. | **non-medical criteria** *This phrase is indefinite, in so far as a person of ordinary skill in the art would not know what this phrase covers and the phrase is not defined in the specification.* |

10

| Claim 2 | | |
|---|---|---|
| Claim Terms to Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
| (d) authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step; and | Ordinary meaning. No construction required. | TriZetto offers the following construction of the function described in this element:<br><br>Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should be authorized for payment, because such codes on the claim were not determined in the "determining" step to be inappropriate for payment due to the "non-medical criteria."<br><br>TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.<br><br>Additionally, the patent specification fails to specifically identify any structure for authorizing codes that "are not mutually exclusive due to non-medical criteria." The structure in the patent most related to "authorizing codes" from the claim described in this element, although not for non-medical criteria, is:<br><br>The second to last computer response in Example 1; col. 99, l. 33–col. 113, l. 22. |

11

| Claim | | |
|---|---|---|
| Claim Element to Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
| (e) rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step. | Ordinary meaning. No construction required. | *TriZetto offers the following construction of the function described in this element:*<br><br>*Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should not be authorized for payment, because such codes on the claim were determined in the "determining" step to be inappropriate for payment due to the "non-medical criteria.".*<br><br>*TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Additionally, the patent specification fails to specifically identify any structure for rejecting codes that "are mutually exclusive due to non-medical criteria." The structure in the patent most related to "rejecting codes" from the claim described in this element, although not for non-medical criteria, is the absence of the "rejected" code being mentioned in:*<br><br>*The second last computer response in Example 1; App. D, col. 99, l. 33-col. 113, l. 22.* |

12

| Claim Terms to be Construed | Claim 3 | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|---|
| 3. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | a computer system<br><br>*See Claim 1.* | | a computer system<br><br>*See Claim 1 (preamble).* |
| | medical service code<br><br>*See Claim 1.* | | medical service code<br><br>*See Claim 1 (preamble).* |
| (a) a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | a predetermined database ... containing medical service codes and a set of relationships among the medical service codes<br><br>*See Claim 1.* | | a predetermined database<br><br>*See Claim 1 (preamble).*<br><br>containing medical service codes and a set of relationships among the medical service codes<br><br>*See Claim 1 (preamble).* |
| | a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes<br><br>*See Claim 1.* | | a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes<br><br>*See Claim 1 (preamble).* |

13

| Claim Term To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (b) means for receiving at least one claim; | McKesson agrees with TriZetto that this claim element does not require construction.<br><br>The structure corresponding to this means comprises hardware and software capable of receiving the at least one claim by the computer system, as well as equivalents. *See, e.g.,* Fig. 1; col. 4, ll. 27-42 & 51-54; App. D. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See, e.g.,* Fig. 1; col. 4, ll. 27-42 & 51-54; col. 10, ll. 51-64; App. A. | TriZetto does not believe that the function described in this element requires construction.<br><br>*McKesson has failed to specifically identify the specific structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction of the structure described in this element:*<br><br>Fig. 2, box 7; col. 59 (entry-prg). |

14

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (c) means for ascertaining whether the at least one claim contains a plurality of medical service codes; | McKesson agrees with TriZetto that this claim element does not require construction. The structure corresponding to this means comprises software capable of ascertaining whether the at least one claim contains a plurality of medical service codes, as well as its equivalents. *See, e.g.,* Figs. 2-43; col. 5, ll. 45-47 & 52-54; App. D. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See, e.g.,* Figs. 2-3; col. 5, ll. 45-47 & 52-54; col. 10, ll. 51-64; App. D. | *TriZetto offers the following construction of the function described in this element:* Identifying if the claim contains more than one medical service code in order to determine whether multiple code edits should be checked. *McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* *TriZetto offers the following construction of the structure described in this element:* Fig. 2, box 20; Fig. 4, box 23; 25, 27, 27, col. 5, l. 53 ("if the number of codes determined was more than one, then the MULTIPLE PROGRAM is run"); col. 59 ("if code-count >1[¶] DO MULTIPLE.prg[¶] end i"). |

15

| Claim Terms to Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (d) *means for determining whether one of the medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database;* | The structure corresponding to this means comprises software capable of interacting with the database and the set of relationships contained therein to determine whether one of the medical service codes in the plurality of medical service codes is valid or invalid, as well as its equivalents. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60; col. 10, ll. 51-64. | *TriZetto offers the following construction of the function described in this element:*<br><br>Making a determination that one of the medical service codes entered on the claim is "valid or invalid" based on the database and the set of relationships contained in the database.<br><br>*This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson also has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. Additionally, there is no structure in the specification that links a determination based on a relationship of codes being "valid or invalid."*<br><br>*Moreover, the structure in the patent refers to the ALLCODE.DBF database table and related software to check if an entered code is valid or invalid (see Fig. 3, boxes 9, 11; col. 5, ll. 11-26; col. 59, l. 50 to col. 65, l. 15; col. 65, l. 17-col. 67, l. 63), and not to the specified predetermined database with codes and relationships (INTERACT. DBF). Thus, TriZetto believes that the structure of this element is not identified in the specification.* |

| Claim Terms To Be Construed | Parkerson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| **valid or invalid** | Appropriate or inappropriate for payment. | "Valid" means that the code exists in the database and "invalid" means that the code does not exist in the database. |

17

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (e) means for authorizing medical service codes which are valid in response to the means for determining; and | The structure corresponding to this means comprises software capable of authorizing medical services codes which are valid in response to the means for determining, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-47 & 56-68; col. 6, ll. 30-40; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1,2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-47 & 56-68; col. 6, ll. 30-40; col. 10, ll. 8-16 & 51-64. | *TriZetto offers the following construction of the function described in this element:*<br><br>Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should be authorized for payment, because such codes on the claim were determined in the "determining" step to be "valid."<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Additionally, the patent specification fails to specifically identify any structure for authorizing codes that are "valid." The structure in the patent most related to "authorizing codes" from the claim described in this element, although not for being "valid," is:*<br><br>The second to last computer response in Example I; col. 99, l. 33-col. 113, l. 22. |

18

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (f) means for rejecting medical service codes which are invalid in response to the means for determining. | The structure corresponding to this means comprises software capable of rejecting medical services codes which are invalid in response to the means for determining, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-50; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-50; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16 & 51-64. | *TriZetto offers the following construction of the function described in this element:*<br><br>Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should not be authorized for payment, because such codes on the claim were determined in the "determining" step to be "invalid"<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Additionally, the patent specification fails to specifically identify any structure for rejecting codes that are "invalid." The structure in the patent most related to "rejecting codes" from the claim described in this element, although not for being "invalid," is the absence of the "rejected" code being mentioned in:*<br><br>The second last computer response in Example 1; col. 99, l.33-col. 113, l.22. |

| Filing Term (TriZetto's Construction) | Claim | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|---|
| 4.      The apparatus of claim 3, further comprising **means for revising the at least one claim to delete invalid medical service codes.** | | The structure corresponding to this means comprises software capable of revising the at least one claim to delete invalid medical services codes, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. D; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. A; App. B; App. D; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16 & 51-64. | *TriZetto offers the following construction of the function described in this element:*

The apparatus of claim 3, where the steps of processing a claim further include deleting any "invalid" medical service codes from the claim record.

*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. Indeed, TriZetto does not believe that the patent specification identifies any structure that revises the claim to delete invalid medical service codes.* |

20

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction and/or Function |
|---|---|---|
| 5.     The apparatus of claim 4, further comprising means for informing a user why the at least one claim was revised. | The structure corresponding to this means comprises hardware and software capable of informing a user why the at least one claim was revised, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. D; col. 4, ll. 42-47; col. 6, ll. 55-66; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim.  *See* Figs. 1, 2 & 4; App. A; App. D; col. 4, ll. 42-47; col. 6, ll. 55-66; col. 10, ll. 8-16 & 51-64. | *TriZetto offers the following construction of the function described in this element:*

The apparatus of claim 4 (in which codes are deleted), where the steps of processing a claim further include informing the user why any "invalid" medical service codes were deleted from the claim.

*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*

*Although not identifying any structure relating to a deletion of a medical service code from the claim, the specification includes an example of informing a user why a certain claim should be revised:*

The last computer response in Example 1. |

21

| Claim Terms To Be Construed | MFKs' son's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| 6.    The apparatus of claim 3, wherein the database containing medical service codes includes medical service codes described by CPT codes. | *See Claim 1.* | *See Claim 1 (preamble).* |

22

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| 8. The apparatus of claim 3, further comprising **means for requesting further information from a user regarding the at least one claim.** | The structure corresponding to this means comprises hardware and software capable of requesting further information from a user regarding the at least one claim, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. D; col. 4, ll. 42-50 & 56-64; col. 7, l. 61 – col. 10, l. 2; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. A; App. B; App. D; col. 4, ll. 42-50 & 56-64; col. 7, l. 61 – col. 10, l. 2; col. 10, ll. 8-16 & 51-64. | *TriZetto offers the following construction of the function described in this element:*<br><br>The apparatus of claim 3, where the claim processing further includes requesting information from the user to allow further processing of the codes on the claim.<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*In the alternative, although not related to codes being "valid or invalid," the specification identifies structure associated with requesting further information from the user for processing as described in this element:*<br><br>The additional requests and processing of the requested information identified in Examples 12, 17, and 18. |

| Claim Terms To Be Construed | Claim 9 | |
| --- | --- | --- |
| | TriZetto's Proposed Construction | TriZetto's Proposed Construction |
| 9.      The apparatus of claim 3, wherein the relationships among the medical service codes include **medically determined relationships**. | Ordinary meaning. No construction required. | *This phrase is indefinite, in so far as a person of ordinary skill in the art would not know what this phrase covers and the phrase is not defined in the specification.* |

24

| Claim Terms to be Construed | Claim 10<br>McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| 10. **A computer system** including a central processing unit and associated memory for processing input claims containing at least one medical service claim, comprising: | *See Claim 1.* | *See Claim 1 (preamble).* |
| (a) **a predetermined database** stored in the associated memory, the database **containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes;** | **a predetermined database . . . containing medical service codes and a set of relationships among the medical service codes**<br><br>*See Claim 1.* | **a predetermined database**<br><br>*See Claim 1 (preamble).*<br><br>**containing medical service codes and a set of relationships among the medical service codes**<br><br>*See Claim 1 (preamble).* |
| | **a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes**<br><br>*See Claim 1.* | **a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes**<br><br>*See Claim 1 (preamble).* |

25

| Claim / Claim Limitation Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (b) means for receiving at least one claim; | *See Claim 3.* | TriZetto does not believe that the function of this limitation requires construction.<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction for the structure of this element:*<br><br>*See Claim 3(b).* |
| (c) means for ascertaining whether the at least one claim contains a plurality of medical service codes; | *See Claim 3.* | *TriZetto offers the following construction of the function described in this element:*<br><br>*See Claim 3(c).*<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction of the structure described in this element:*<br><br>*See Claim 3(c).* |

26

| Claim 9 — The '164 Patent - Continued | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (d) means for determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim; | The structure corresponding to this means comprises software capable of interacting with the database to determine whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim, as well as its equivalents. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 10. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim.  *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 10; col. 10, ll. 51-64. | *TriZetto offers the following construction of the function of this element:*<br><br>Making a determination based on the relationship among two of the medical service codes entered on the claim, such relationship based on whether one code on the claim is "included in" another code on the claim, that one of the input medical service codes is inappropriate for payment due to such "inclusion."<br><br>*This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson also has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. Additionally, there is no structure in the specification that links a determining means only based on one code being "included" in another code on the claim.*<br><br>*(cont'd)* |

27

| Claim 10 | | |
|---|---|---|
| Claim Term to Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
| | | McKesson has identified numerous parts of the specification that it believes relate to the determining step: Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 - col. 7, l. 60. To the extent that McKesson contends that all of the identified structure must be included in the claim element, without waiving its objection that the element is indefinite, TriZetto has no objection to including all of the structure identified by McKesson.

*Although the patent does not identify the "determining" means for determining whether codes are "included in" another code, the structure most related to processing multiple codes on a claim, is:*

Figure 4, boxes 17, 23', 25', 27', 24-29; Figure 6, Item 1; col. 5, l. 52-col. 8, l. 37; App. B, Part I; App. D, col. 73 et. seq. (multiple.prg). |

28

| Claim 11 of 10 BC Construed | McKesson's Proposed Construction | Claim 10 | TriZetto's Proposed Construction |
|---|---|---|---|
| (e) means for authorizing medical service codes which are not contained in any other medical service code; and | | See Claim 3. | *TriZetto offers the following construction of the function described in this element:*<br><br>Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should be authorized for payment, because such codes on the claim were not determined in the "determining" step to be inappropriate for payment because they were not "included in" another code on the claim.<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Additionally, the patent specification fails to specifically identify any structure specifically for authorizing codes that are not "included in" another code. The structure in the patent most related to "authorizing codes" from the claim described in this element, although not for not being "included in" another code, is:*<br><br>The second to last computer response in Example 1; col. 99, l. 33-col. 113, l. 22. |

29

| Claim Terms to be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (f) **means for rejecting medical service codes which are contained in any other medical service code.** | *See Claim 3.* | *TriZetto offers the following construction of the function described in this element:*<br><br>Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should not be authorized for payment, because such codes on the claim were determined in the "determining" step to be inappropriate for payment because they were "included in" another code on the claim.<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Additionally, the patent specification fails to specifically identify any structure for rejecting codes that "are included in" another code. The structure in the patent most related to "rejecting codes" from the claim described in this element, although not for being included in another claim, is the absence of the "rejected" code being mentioned in:*<br><br>The second last computer response in Example 1; col. 99, 1.33-col. 113, 1.22. |

30

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| 11.   The apparatus of claim 10, further comprising means for revising the at least one claim to not include a rejected medical service code. | The structure corresponding to this means comprises software capable of revising the at least on claim to not include a rejected medical service code, as well as its equivalents.  *See* Figs. 1, 2 & 4; App. A; App. B; App. D; col. 6, ll. 30-43; col. 10, ll. 8-16.  It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim.  *See* Figs. 1, 2 & 4; App. A; App. B; app. D; col. 6, ll. 30-43; col. 10, ll. 8-16 & 51-64. | *TriZetto offers the following construction of the function described in this element:* <br><br> The apparatus of claim 10, where the steps of processing a claim further include revising the claim record to not include any rejected medical service codes. <br><br> *McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.  In addition, the patent specification does not identify any structure that revises the claim to not include rejected medical service codes.* |

31

| Claim Terms To Be Construed | McK's claim Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| 12.    **A computer system** including a central processing unit and associated memory for processing input claims containing at least one **medical service code**, comprising: | **a computer system** <br> *See Claim 1.* | **a computer system** <br> *See Claim 1 (preamble).* |
| (a) **a predetermined** database stored in the associated memory, the database containing **medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes;** | **medical service code** <br> *See Claim 1.* <br><br> **a predetermined database ... containing medical service codes and a set of relationships among the medical service codes** <br> *See Claim 1.* | **medical service code** <br> *See Claim 1 (preamble).* <br><br> **a predetermined database** <br> *See Claim 1 (preamble).* <br><br> **containing medical service codes and a set of relationships among the medical service codes** <br> *See Claim 1 (preamble).* |
|  | **a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes** <br> *See Claim 1.* | **a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes** <br> *See Claim 1 (preamble).* |

32

| Claim Term/Limitation | Claim 3<br>McKesson's Proposed Construction | Claim 3<br>TriZetto's Proposed Construction |
|---|---|---|
| (b) means for receiving at least one claim; | *See Claim 3.* | TriZetto does not believe that the function of this limitation requires construction.<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction for the structure of this element:*<br><br>*See Claim 3(b).* |
| (c) means for ascertaining whether the at least one claim contains a plurality of medical service codes; | *See Claim 3.* | *TriZetto offers the following construction of the function described in this element:*<br><br>See Claim 3(c).<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction of the structure described in this element:*<br><br>See Claim 3(c). |

33

| Claim 10 of the '164 ... "Be construct..." | McKesson's Proposed Construction | Pfizer's Proposed Construction |
|---|---|---|
| (d) <u>means for determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service codes in the at least one claim;</u> | The structure corresponding to this means comprises software capable of interacting with the database to determine whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service codes in the at least one claim, as well as its equivalents. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60; col. 10, ll. 51-64. | Making a determination based on the relationship among two or more of the medical service codes entered on the claim, such relationship based on whether the entered codes are "medically exclusive," that one of the input medical service codes is inappropriate for payment due to the "medically exclusive" relationship.<br><br>*This step-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson also has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. Additionally, there is no structure in the specification that links a determination based on "medically exclusive" relationships.*<br><br>*(cont'd)* |

34

| Claim Terms To Be Construed | McKesson's Proposed Construction | Claim 16 |
| --- | --- | --- |
| | McKesson has identified numerous parts of the specification that it believes relate to the determining step: Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60. To the extent that McKesson contends that all of the identified structure must be included in the claim element, without waiving its objection that the element is indefinite, TriZetto has no objection to including all of the structure identified by McKesson.<br><br>*Although the patent does not identify the "determining" means for determining whether codes are "medically exclusive," the structure most related to processing multiple codes on a claim, is:*<br><br>Figure 4, boxes 17, 23', 25', 27', 24-29; Figure 6, Item 1; col. 5, l. 52-col. 8, l. 37; App. B, Part I; App. D, col. 73 et. seq. (multiple.prg). | |

35

| Claim Term at Issue / Construct | Claim 1234<br>McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (e) **means for authorizing medical service codes which are not medically exclusive with any other medical service codes in the at least one claim in response to the means for determining; and** | *See Claim 3.* | *TriZetto offers the following construction of the function described in this element:*<br><br>Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should be authorized for payment, because such codes on the claim were not determined in the "determining" step to be inappropriate for payment due to the "medically exclusive" relationship..<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Additionally, the patent specification fails to specifically identify any structure for authorizing codes that are not "medically exclusive." The structure in the patent most related to "authorizing codes" from the claim described in this element, although not for not being "medically exclusive," is:*<br><br>The second to last computer response in Example 1; col. 99, l. 33–col. 113, l. 22. |

36

| Claim 12 | | |
|---|---|---|
| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
| (f) <u>means for rejecting medical service codes which are medically exclusive with any other medical service codes in the at least one claim in response to the determining step.</u> | See Claim 3. | TriZetto offers the following construction of the function described in this element:<br><br>Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should not be authorized for payment, because such codes on the claim were determined in the "determining" step to be inappropriate for payment due to the "medically exclusive" relationship..<br><br>McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.<br><br>Additionally, the patent specification fails to specifically identify any structure for rejecting codes that "are medically exclusive." The structure in the patent most related to "rejecting codes" from the claim described in this element, although not for being "medically exclusive," is the absence of the "rejected" code being mentioned in:<br><br>The second last computer response in Example 1; col. 99, l.33–col. 113, l.22. |

| Claim Term To Be Construed | Claim 13 McKesson's Proposed Construction | Trizetto's Proposed Construction |
|---|---|---|
| 13. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | a computer system<br>*See Claim 1.* | a computer system<br>*See Claim 1 (preamble).* |
| | medical service code<br>*See Claim 1.* | medical service code<br>*See Claim 1 (preamble).* |
| (a) a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | a predetermined database ... containing medical service codes and a set of relationships among the medical service codes<br>*See Claim 1.* | a predetermined database<br>*See Claim 1 (preamble).*<br>containing medical service codes and a set of relationships among the medical service codes<br>*See Claim 1 (preamble).* |
| | a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes<br>*See Claim 1.* | a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes<br>*See Claim 1 (preamble).* |

38

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (b) means for receiving at least one claim; | *See Claim 3.* | TriZetto does not believe that the function of this limitation requires construction.<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction for the structure of this element:*<br><br>See Claim 3(b). |

39

| Claim Terms To Be Construed | Claims<br>McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (c) means for determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and | The structure corresponding to this means comprises software capable of interacting with the database to determine whether any medical service code contained in the at least one claim is not present in the database, as well as its equivalents. *See* Figs. 2 & 3; App. C; col. 5, ll. 4-15. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 2 & 3; App. C; App. D; col. 5, ll. 4-15; col. 10, ll. 51-64. | *TriZetto offers the following construction of the function described in this element:*<br><br>See Claim 1(b).<br><br>*This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson also has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Moreover, the structure in the patent refers to the ALLCODE.DBF database and related software to check if an entered code is in that database (see Fig. 3, boxes 9, 11; col. 5, ll. 11-26; col. 59, l. 50 to col. 65, l. 15; col. 65, l. 17-col. 67, l. 63), and not to the specified predetermined database with codes and relationships (INTERACT. DBF). Thus, TriZetto believes that the structure of this element is not identified in the specification.* |

40

| Claim 15 | | |
|---|---|---|
| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
| (d) means for informing a user that a medical service code is not contained in the predetermined database. | McKesson agrees with TriZetto that this claim element doe not require construction.<br><br>The structure corresponding to this means comprises hardware and software capable of informing a user that a medical service code is not contained in the database, as well as its equivalents. *See* Figs. 2 & 3; App. D; col. 5, ll. 4-15. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm could be used to perform the claimed function in accordance with this claim. *See* Figs. 2 & 3; App. D; col. 5, ll. 4-15; col. 10, ll. 51-64. | TriZetto does not believe that the function of this limitation requires construction.<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Although the patent discloses structure for informing the user if a code is not in the database of all codes (ALLCODES.dbf), see col. 65, l. 69-col. 67, l. 1, the specification does not identify a structure for this element involving a code not present in INTERACT.dbf.* |

41

| Claim Terms to Be Construed | Mar... ...or ...s Proposed Constructions | Tze... ...t Proposed Construction |
|---|---|---|
| 14.    **A computer system** including a central processing unit and associated memory for processing input claims containing at least one **medical service code,** comprising: | **a computer system** _See Claim 1._ | **a computer system** _See Claim 1 (preamble)._ |
|  | **medical service code** _See Claim 1._ | **medical service code** _See Claim 1 (preamble)._ |
| (a)  **a predetermined** **database** stored in the associated memory, the database **containing** **medical service codes and a set of** **relationships among the medical** **service codes defining whether** **selected ones of the medical** **service codes are valid when** **received with other selected ones** **of the medical service codes;** | **a predetermined database ... containing** **medical service codes and a set of** **relationships among the medical service** **codes** _See Claim 1._ | **a predetermined database** _See Claim 1 (preamble)._  **containing medical service codes and a set** **of relationships among the medical service** **codes** _See Claim 1 (preamble)._ |
|  | **a set of relationships among the medical** **service codes defining whether selected** **ones of the medical service codes are** **valid when received with other selected** **ones of the medical service codes** _See Claim 1._ | **a set of relationships among the medical** **service codes defining whether selected** **ones of the medical service codes are valid** **when received with other selected ones of** **the medical service codes** _See Claim 1 (preamble)._ |

| Claim Term To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (b) means for receiving at least one claim; | *See Claim 3.* | TriZetto does not believe that the function of this limitation requires construction. *McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* *TriZetto offers the following construction for the structure of this element:* *See Claim 3(b).* |
| (c) means for ascertaining whether the at least one claim contains a plurality of medical service codes; | *See Claim 3.* | *TriZetto offers the following construction of the function described in this element:* *See Claim 3(c).* *McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* *TriZetto offers the following construction of the structure described in this element:* *See Claim 3(c).* |

43

| Claim 14 | | |
|---|---|---|
| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
| (d) *means for determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim;* | The structure corresponding to this means comprises software capable of interacting with the database to determine whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim, as well as its equivalents. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60; col. 10, ll. 51-64. | *TriZetto offers the following construction of the function described in this element:*<br><br>See Claim 2(c).<br><br>*This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson also has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. Additionally, there is no structure in the specification that links a determination based on "non-medical criteria."*<br><br>*(cont'd)* |

44

| Claim Terms To Be Construed | Claim 14 McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| | | McKesson has identified numerous parts of the specification that it believes relate to the determining step: Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60. To the extent that McKesson contends that all of the identified structure must be included in the claim element, without waiving its objection that the element is indefinite, TriZetto has no objection to including all of the structure identified by McKesson.<br><br>*Although the patent does not identify the "determining" means for determining whether one code is "mutually-exclusive due to non-medical criteria," TriZetto believes that the determining structure identified in the specification most related to processing multiple codes on a claim, is:*<br><br>*See Claim 2(c).* |
| | **non-medical criteria**<br>*See Claim 2.* | **non-medical criteria**<br>*See Claim 2(c).* |

45

| Claim Terms to be Construed | Claim 14 | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|---|
| (e) means for authorizing medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining; and | | See Claim 3. | *TriZetto offers the following construction of the function described in this element:*<br><br>See Claim 2(d).<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Additionally, the patent specification fails to specifically identify any structure for authorizing codes that "are not mutually exclusive due to non-medical criteria." The structure in the patent most related to "authorizing codes" from the claim described in this element, although not for non-medical criteria, is:*<br><br>The second to last computer response in Example 1; col. 99, l. 33–col. 113, l. 22. |

46

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposal Construction |
|---|---|---|
| (f) means for rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining. | *See* Claim 3. | *TriZetto offers the following construction of the function described in this element:*<br><br>See Claim 2(e).<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Additionally, the patent specification fails to specifically identify any structure for rejecting codes that "are mutually exclusive due to non-medical criteria." The structure in the patent most related to "rejecting codes" from the claim described in this element, although not for "non-medical criteria," is the absence of the "rejected" code being mentioned in:*<br><br>The second last computer response in Example 1; col. 99, 1.33–col. 113, 1.22. |

47

| Claim Term: As Construed | Claim 15 | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|---|
| 15.  A computer system including a central processing unit and associated memory for processing input claims containing at least one *medical service code*, comprising: | | | a computer system<br>*See Claim 1 (preamble).* |
| | *medical service code*<br>*See Claim 1.* | | medical service code<br>*See Claim 1 (preamble).* |
| (a) *a predetermined database* stored in the associated memory, the database *containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes*; | *a predetermined database . . . containing medical service codes and a set of relationships among the medical service codes*<br>*See Claim 1.* | | a predetermined database<br>*See Claim 1 (preamble).*<br><br>containing medical service codes and a set of relationships among the medical service codes<br>*See Claim 1 (preamble).* |
| | *a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes*<br>*See Claim 1.* | | a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes<br>*See Claim 1 (preamble).* |

48

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (b) means for receiving at least one claim, | *See Claim 3.* | TriZetto does not believe that the function of this limitation requires construction. *McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* TriZetto offers the following construction for the structure of this element: *See Claim 3(b).* |
| (c) means for ascertaining whether the at least one claim contains a plurality of medical service codes; | *See Claim 3.* | *TriZetto offers the following construction of the function described in this element:* See Claim 3(c). *McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* TriZetto offers the following construction of the structure described in this element: *See Claim 3(c).* |
| (d) *means for determining whether one of the medical service codes in the plurality of medical service codes is* valid *or invalid* by *interacting with the database and the set of relationships contained in the database;* | *See Claim 3.* | *See Claim 3(d).* valid *or invalid* *See Claim 3(d).* |

49

| Claim Term To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (e) means for authorizing the at least one claim in response to the means for determining; and | The structure corresponding to this means comprises software capable of authorizing the at least one claim in response to the means for determining, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-47 & 56-68; col. 6, ll. 30-40; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-47 & 56-68; col. 6, ll. 30-40; col. 10, ll. 8-16 & 51-64. | *This phrase is indefinite, in so far as a person of ordinary skill in the art would not know how a claim is authorized in response to the means for determining, which only determines whether a code is valid or invalid.* <br><br> *Notwithstanding the inability to determine how a claim is authorized in response to the means for determining, the function of this element appears to be:* <br><br> *Authorizing for payment the entire claim received from the user based on the determinations of the "determining" step.* <br><br> *McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* <br><br> *Furthermore, the specification does not identify any structure for the authorization of a claim based on the clinical edits determined in the determining step.* |

50

| Claim Term / If B. Construct | Claim 5 McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (f) means for rejecting the at least one claim in response to the means for determining. | The structure corresponding to this means comprises software capable of rejecting the at least one claim in response to the means for determining, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-50; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-50; col. 6, ll. 30-43; App. C; col. 7, ll. 18-31; col. 10, ll. 8-16 & 51-64. | *This phrase is indefinite, in so far as a person of ordinary skill in the art would not know how a claim is authorized in response to the means for determining, which only determines whether a code is valid or invalid.*<br><br>*Notwithstanding the inability to determine how a claim is authorized in response to the means for determining, the function of this element appears to be:*<br><br>Rejecting for payment the entire claim received from the user based on the determinations of the "determining" step.<br><br>*McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Furthermore, the specification does not identify any structure for the rejecting a claim based on the clinical edits determined in the determining step.* |

51

| Claim 16's Terms to be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| 16.   In **a computer system** having **means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical services codes**, a method for processing input claims containing at least one medical service code, comprising the steps of: | *means for operating on a predetermined database*<br><br>*See Claim 1.* | *means for operating on a predetermined database*<br><br>*See Claim 1 (preamble).* |
| | *a predetermined database containing medical service codes and a set of relationships among the medical service codes*<br><br>*See Claim 1.* | <u>a computer system</u><br><br>*See Claim 1 (preamble).*<br><br><u>a predetermined database</u><br><br>*See Claim 1 (preamble).*<br><br><u>containing medical service codes and a set of relationships among the medical service codes</u><br><br>*See Claim 1 (preamble).* |
| | *medical service codes*<br><br>*See Claim 1.* | <u>medical service codes</u><br><br>*See Claim 1 (preamble).* |

52

| Claim Terms To Be Construed | Claim 10 McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| | *a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes*<br><br>*See Claim 1.* | **a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes**<br><br>*See Claim 1 (preamble).* |
| (a) receiving at least one claim; | Ordinary meaning. No construction required. | TriZetto does not believe that the function of this limitation requires construction.<br><br>*TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction for the structure of this element:*<br><br>*See Claim 1(a).* |

53

| Claim Terms To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (b) ascertaining whether the at least one claim contains a plurality of medical service codes; | Ordinary meaning. No construction required. | *TriZetto offers the following construction of the function described in this element:*<br><br>*See Claim 2(b).*<br><br>*TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction of the structure described in this element:*<br><br>*See Claim 2(b).* |
| (c) *determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database;* | Ordinary meaning. No construction required. | *TriZetto offers the following construction of the function described in this element:*<br><br>*See Claim 3(d).*<br><br>*TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act.*<br><br>*See Claim 3(d).* |
| | **valid or invalid**<br>*See Claim 3.* | **valid or invalid**<br>*See Claim 3(d).* |

54

| Claim Term To Be Construed | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (d) authorizing the at least one claim in response to the determining step; and | Ordinary meaning. No construction required. | TriZetto offers the following construction of the function described in this element:<br><br>See Claim 15(e).<br><br>TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.<br><br>Furthermore, TriZetto does not believe that the specification identifies any structure for the authorization of a claim based on the clinical edits determined in the determining step. |

55

| Claim Term To Be Construed | Claim 16 McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| (e) rejecting the at least one claim in response to the determining step. | Ordinary meaning. No construction required. | TriZetto offers the following construction of the function described in this element:<br><br>See Claim 15(f).<br><br>TriZetto believes that Section 112, paragraph 6 governs this element because it identifies a function and not an act. As such, McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.<br><br>Furthermore, TriZetto does not believe that the specification identifies any structure for the rejecting a claim based on the clinical edits determining the determining step. |

30382253_5.DOC

56