# EXHIBIT A
## IS REDACTED IN ITS ENTIRETY

# EXHIBIT B
# IS REDACTED IN ITS ENTIRETY

# EXHIBIT C
# IS REDACTED IN ITS ENTIRETY

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS, )
LLC, )
                              )
               Plaintiff, )
                              )
      v. )      C.A. No. 04-1258 (SLR)
                              )
THE TRIZETTO GROUP, INC., )
                              )
              Defendant. )
                              )

## DEFENDANT THE TRIZETTO GROUP, INC.'S RESPONSE TO MCKESSON INFORMATION SOLUTIONS, LLC'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

MORRIS, NICHOLS, ARSHT & TUNNEL
Jack B. Blumenfeld (#1014)
Rodger D. Smith, II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Defendant
The TriZetto Group, Inc.

OF COUNSEL:
John M. Benassi
Jessica R. Wolff
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
(858) 720-2500

Matthew C. Lapple
Paul, Hastings, Janofsky & Walker LLP
695 Town Center Drive., 17th Floor
Costa Mesa, CA 92626
(714) 668-6200

doctrine. TriZetto further objects to this request as duplicative of prior requests. Subject to these objections, and the foregoing General Objections, which are incorporated herein by reference, TriZetto will produce all responsive, non-privileged documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 32:

All documents relating to any licensing, joint marketing, or joint development of TriZetto's Products by TriZetto with any third party.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto further objects to this request as vague and ambiguous as to McKesson's purported definition of "TriZetto's Products." TriZetto further objects to this request as unduly burdensome, to the extent that it requires TriZetto to interpret the purported definition of "TriZetto's Products" in order to be able to respond. TriZetto further objects to this request as overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to these objections, and the foregoing General Objections, which are incorporated herein by reference, TriZetto will produce all relevant, non-privileged documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 33:

All licenses or other agreements entered into by TriZetto relating to TriZetto's Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto further objects to this request as vague and ambiguous as to McKesson's purported definition of "TriZetto's Products." TriZetto further objects to this request as unduly burdensome, to the extent that it requires TriZetto to interpret the purported definition of "TriZetto's Products" in order to be able to respond. TriZetto further objects to this request as overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to these objections, and the foregoing General Objections, which are incorporated herein by reference, TriZetto will produce all responsive, non-privileged documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 34:

Documents sufficient to evidence the source and amount of all revenues received by TriZetto in connection with TriZetto's Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto further objects to this request as vague and ambiguous as to McKesson's purported definition of "TriZetto's Products." TriZetto further objects to this request as unduly burdensome, to the extent that it requires TriZetto to interpret the purported definition of "TriZetto's Products" in order to be able to respond. TriZetto further objects to this request as overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. TriZetto further objects on the grounds that McKesson has yet to identify any product or system sold or licensed by TriZetto that allegedly infringes the '164

patent, or to specifically describe any allegedly infringing acts made by TriZetto. Accordingly, this request is vague, ambiguous, overly broad and unduly burdensome. Moreover, because McKesson has not made, or even attempted to make, any prima facie showing that TriZetto has infringed the '164 patent, TriZetto is under no obligation to disclose confidential business information regarding its revenues; however it reserves the right to do so.

## REQUEST FOR PRODUCTION NO. 35:

Documents sufficient to evidence market share, market forecasts, sales or lease projections, financial projections, or profit/loss margins (actual or anticipated) relating to TriZetto's Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto further objects to this request as vague and ambiguous as to McKesson's purported definition of "TriZetto's Products." TriZetto further objects to this request as unduly burdensome, to the extent that it requires TriZetto to interpret the purported definition of "TriZetto's Products" in order to be able to respond. TriZetto further objects on the grounds that McKesson has yet to identify any product or system sold or licensed by TriZetto that allegedly infringes the '164 patent, or to specifically describe any allegedly infringing acts made by TriZetto. Accordingly, this request is vague, ambiguous, overly broad and unduly burdensome. Moreover, because McKesson has not made, or even attempted to make, any prima facie showing that TriZetto has infringed the '164 patent, TriZetto is under no obligation to disclose the confidential business information requested above; however, it reserves the right to do so.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto further objects to this request as vague and ambiguous as to McKesson's purported definition of "TriZetto's Products." TriZetto further objects to this request as unduly burdensome, to the extent that it requires TriZetto to interpret the purported definition of "TriZetto's Products" in order to be able to respond. TriZetto further objects on the grounds that McKesson has yet to identify any product or system sold or licensed by TriZetto that allegedly infringes the '164 patent, or to specifically describe any allegedly infringing acts made by TriZetto. Accordingly, this request is vague, ambiguous, overly broad and unduly burdensome. Moreover, because McKesson has not made, or even attempted to make, any prima facie showing that TriZetto has infringed the '164 patent, TriZetto is under no obligation to disclose the requested confidential business information underlying such a request; however, it reserves the right to do so.

## REQUEST FOR PRODUCTION NO. 50:

All documents relating to any demonstration, presentation, test or analysis on the operation of TriZetto's Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto further objects to this request as vague and ambiguous as to McKesson's purported definition of "TriZetto's Products." TriZetto further objects to this request as unduly burdensome, to the extent that it requires TriZetto to interpret the purported definition of "TriZetto's Products" in order to be able to respond. TriZetto further objects on the

grounds that McKesson has yet to identify any product or system sold or licensed by TriZetto that allegedly infringes the '164 patent, or to specifically describe any allegedly infringing acts made by TriZetto. Accordingly, this request is vague, ambiguous, overly broad and unduly burdensome. Moreover, because McKesson has not made, or even attempted to make, any prima facie showing that TriZetto has infringed the '164 patent, TriZetto is under no obligation to disclose the requested confidential business information underlying such a request; however, it reserves the right to do so.

## REQUEST FOR PRODUCTION NO. 51:

All documents relating to any concerns of TriZetto or others, including TriZetto's customers, regarding the quality of TriZetto's Products and its ability to meet customer requirements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto objects that this request is vague and ambiguous regarding the meaning of the term "concerns." TriZetto further objects to this request as vague and ambiguous as to McKesson's purported definition of "TriZetto's Products." TriZetto further objects to this request as unduly burdensome, to the extent that it requires TriZetto to interpret the purported definition of "TriZetto's Products" in order to be able to respond. TriZetto further objects on the grounds that McKesson has yet to identify any product or system sold or licensed by TriZetto that allegedly infringes the '164 patent, or to specifically describe any allegedly infringing acts made by TriZetto. Accordingly, this request is vague, ambiguous, overly broad and unduly burdensome. Moreover, because McKesson has not made, or even attempted to make, any prima facie showing that TriZetto has infringed the '164 patent,

REQUEST FOR PRODUCTION NO. 63:

All documents relating to the integration of any RIMS product with TriZetto's Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto objects to this request as overbroad and not calculated to lead to the discovery of admissible evidence. TriZetto further objects to this request as vague and ambiguous as to McKesson's purported definition of "TriZetto's Products." TriZetto further objects to this request as unduly burdensome, to the extent that it requires TriZetto to interpret the purported definition of "TriZetto's Products" in order to be able to respond. TriZetto further objects on the grounds that McKesson has yet to identify any product or system sold or licensed by TriZetto that allegedly infringes the '164 patent, or to specifically describe any allegedly infringing acts made by TriZetto. Accordingly, this request is vague, ambiguous, overly broad and unduly burdensome. Moreover, because McKesson has not made, or even attempted to make, any prima facie showing that TriZetto has infringed the '164 patent, TriZetto is under no obligation to disclose the requested confidential business information responsive to such a request; however, it reserves the right to do so.

REQUEST FOR PRODUCTION NO. 64:

All documents relating to TriZetto's use, distribution, sales, offers for sale, licensing, or offers for license of Solucient, LLC's Auto-Audit product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto objects to this request as irrelevant, overbroad and not calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 65:

All documents relating to TriZetto's distributor relationship with McKesson prior to TriZetto's acquisition of Ericso.

RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto objects to this request as irrelevant, overbroad and not calculated to lead to the discovery of admissible evidence. Subject to this objection, and the foregoing General Objections, which are incorporated herein by reference, TriZetto will produce all relevant, non-privileged documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 66:

All documents relating to TriZetto's decision to terminate its distributor relationship with McKesson.

RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

TriZetto objects to this document request on the grounds that it calls for the production of documents protected by the attorney-client privilege and attorney work product doctrine. TriZetto objects to this request as irrelevant, overbroad and not calculated to lead

Dated:  January 20, 2005

By: _____

Matthew C. Lapple
PAUL, HASTINGS, JANOFSKY & WALKER
LLP

Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNEL

Attorneys for Defendant
THE TRIZETTO GROUP, INC.,
a Delaware corporation,

OF COUNSEL:
John M. Benassi
Jessica R. Wolff
Matthew C. Lapple
PAUL, HASTINGS, JANOFSKY
     & WALKER LLP

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS
LLC,

           Plaintiff,

   v.

THE TRIZETTO GROUP, INC.

           Defendant.

Civil Action No. 04-01258-SLR

## THE TRIZETTO GROUP, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORIES NOS. 5, 8, 10, 11 & 14 - 17

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant The TriZetto

Group, Inc. ("TriZetto") hereby provides the following supplemental responses and objections to

plaintiff McKesson Information Solutions, LLC's ("McKesson") Interrogatory Nos. 5, 8, 10, 11

& 14-17, which were propounded in McKesson's First Set of Interrogatories (the

"Interrogatories").

### GENERAL OBJECTIONS

1.     TriZetto has not concluded its investigation of the facts relating to this case,

formal discovery, or preparation for trial. For that reason, TriZetto's responses to the

Interrogatories may be incomplete. Moreover, there is a possibility that upon further

investigation, certain details set forth in the responses may be altered or amended. These

responses represent TriZetto's reasonable efforts to provide the information requested based upon

documents or information in its possession, custody, or control, and based upon its current

knowledge. TriZetto reserves its right to produce evidence of any subsequently discovered facts

and documents, and to alter or amend its factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

2.    TriZetto objects to McKesson's definition of the term "TriZetto" on the grounds that such definition is overbroad, unduly burdensome, vague, ambiguous, and causes the Interrogatories to seek information that is not relevant to the claims, defenses or subject matter of this litigation. As such, TriZetto will interpret "TriZetto" to include The TriZetto Group, Inc. and its present or former officers, directors and employees.

3.    TriZetto further objects to McKesson's "Definitions" to the extent that they attempt to place burdens upon TriZetto beyond those required by Rule 33 of the Federal Rules of Civil Procedure. TriZetto will not comply with any "Definitions" that attempt to impose obligations upon TriZetto not required by Rule 33.

4.    TriZetto objects to the Interrogatories to the extent that they request information protected from disclosure by any privilege, including the attorney-client privilege or the work product doctrine. TriZetto and its counsel hereby assert such privileges.

5.    TriZetto objects to each Interrogatory to the extent it seeks information not in TriZetto's possession, custody, or control on the grounds that it is unduly burdensome and oppressive.

6.    To the extent that any Interrogatory calls for information already in the possession of McKesson or its counsel, TriZetto objects on the grounds that the Interrogatory is unnecessary, unduly burdensome and oppressive, and constitutes annoyance, harassment, and oppression of TriZetto.

7.    TriZetto objects to these Interrogatories to the extent that they seek information concerning any party or third party which is subject to the right of privacy of that party as

guaranteed by the United States Constitution, any applicable state constitution, or any combination of the foregoing.

8.      TriZetto will make reasonable efforts to respond to each Interrogatory, to the extent that no objection is made, as TriZetto understands and interprets the Interrogatory. If McKesson subsequently asserts an interpretation of any Interrogatory that differs from that of TriZetto, TriZetto reserves the right to supplement its objections and responses.

9.      Without waiving any of the foregoing general objections, TriZetto responds to the Interrogatories, subject to the following additional express reservation of rights:

a.      The right to object on any ground whatsoever to the admission into evidence or other use of any Interrogatory Responses in any subsequent step or proceeding in this action or any other action;

b.      The right to object on any and all grounds, at any time, to any other discovery requests or other discovery procedures involving or relating to the subject matter of these Interrogatories; and

c.      The right at any time to revise, correct, add to or clarify any of the responses propounded herein.

The foregoing general objections and qualifications shall be deemed incorporated in full in the Responses to each specific Interrogatory set forth below.

## RESPONSES

## INTERROGATORY NO. 5:

For each product, system, or service identified in response to Interrogatory No. 2, state in complete detail the steps and functions performed by that product, system, or service in performing clinical editing or auditing of medical payment claims (including, without limitation,

3

HPR/McKesson and TriZetto executives specifically regarding each party's respective medical claims editing software, HPR/McKesson executives did not assert, contend or claim at any time that any Erisco or TriZetto product infringed the '164 patent. In fact, it was not until September of 2003 that McKesson first asserted the '164 patent against TriZetto and not until September of 2004 did McKesson file a complaint for infringement of the '164 patent against TriZetto. For over 13 years, TriZetto and its predecessors have had commercial success in marketing and selling its software products that include a medical claims auditing component. TriZetto and its predecessors have made substantial financial investments in the development, manufacturing and marketing of its clinical editing software and other integral components in reliance on HPR, HBO & Company and McKesson's admitted knowledge, its actions and its inactions.

**INTERROGATORY NO. 14:**

Identify and describe in complete detail any and all revenues and the sources thereof derived by TriZetto in connection with any product, system, or service identified in response to Interrogatory No. 2, including, without limitation, the name of each company to whom TriZetto has sold or licensed any such product, system, or service and the terms of any contract, agreement, or arrangement establishing or relating to the establishment of TriZetto's rights to any such revenues.

**RESPONSE TO INTERROGATORY NO. 14:**

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto incorporates by reference all of the objections made to McKesson's Interrogatory No. 2.

TriZetto objects to this interrogatory on the grounds that it contains multiple sub-parts and purports to require TriZetto to respond to several different interrogatories through the use of

sub-parts.

TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a privilege log in accordance with the Federal Rules of Civil Procedure at a future date.

TriZetto further objects to this interrogatory as overbroad and unduly burdensome given the fact that McKesson has failed to identify any TriZetto product or system that allegedly infringes any claim of its '164 patent or make any effort to set forth a prima facie case that any TriZetto product or system infringes. Accordingly, TriZetto is under no obligation to -disclose such confidential business information. However, TriZetto reserves the right to do so in the future.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:

TriZetto reasserts and reincorporates be reference herein its previous response to Interrogatory No. 14, and the general objections set forth above. Additionally, claim construction in this action has not occurred, and discovery has only just begun with no depositions having been conducted to date. The information contained in this response is based on information that is reasonably available to TriZetto at the present time. Accordingly, TriZetto reserves the right to supplement, amend and augment its response to this interrogatory as new, additional and different information is learned and discovered and when the claims at issue are construed by the Court. Subject to and without waiving those objections, TriZetto supplements its previous response as follows.

TriZetto has produced documents through which the answer to this interrogatory may be

derived or ascertained, and the burden of deriving or ascertaining the answer is substantially the same for McKesson as it is for TriZetto. Accordingly, pursuant to Fed. R. Civ. P. 33(d), TriZetto refers McKesson to the documents listed below and on Exhibit B, which contain the requested information. This list is not meant to be (and should not be construed to be) an exhaustive list of all documents that contain responsive information or from which responsive information can be derived. Instead, this list identifies those most relevant and pertinent documents from which McKesson can derive or ascertain the information it has requested.

TRZ 825729-825779, TRZ 825785-827929, TRZ 827932-828338, TRZ 836592-836711, TRZ 825780-825784, TRZ 827930-827931, TRZ 835217-835890 and TRZ 835977-836214.

## INTERROGATORY NO. 15:

Describe in complete detail the occasion upon which TriZetto first received notice of the '164 patent and, if earlier, the occasion upon which TriZetto first became aware of the '164 patent, including, without limitation, the dates TriZetto received such notice and awareness, the persons involved in receiving such notice and awareness, and all steps taken by TriZetto in response to such notice and awareness, including, without limitation, any analyses of infringement, validity, or enforceability of the '164 patent and any advice of counsel obtained relating to the '164 patent.

## RESPONSE TO INTERROGATORY NO. 15:

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a

19

136652, MCK 147684, MCK 147688, MCK 147691, MCK 147694, MCK 147696, MCK

147711, MCK 147718, MCK 147721, MCK 147786, MCK 147787, MCK 147858, and MCK

148036.


Dated: June 20, 2005                              GIBSON, DUNN & CRUTCHER LLP


                                                 Jeffrey T. Thomas
                                                 Jamboree Center
                                                 4 Park Plaza
                                                 Irvine, California  92614
                                                 (949) 451-3800

                                                 - and -

                                                 MORRIS, NICHOLS, ARSHT & TUNNELL
                                                 Jack B. Blumenfeld (No. 1014)
                                                 Rodger D. Smith, II (No. 3778)
                                                 1201 N. Market Street
                                                 Wilmington, Delaware  19899
                                                 (302) 658-9200

                                                 Attorneys for Defendant
SF_40212339_5.DOC                                The TriZetto Group, Inc.

25

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS LLC, )
                Plaintiff, )
                      )      CIVIL ACTION NO. 04-1258-SLR
        v. )
THE TRIZETTO GROUP, INC., )
               Defendant. )

## NOTICE OF DEPOSITION OF DEFENDANT TRIZETTO PURSUANT TO FED. R. CIV. P. 30(B)(6)

TO DEFENDANT AND ITS COUNSEL OF RECORD:

    NOTICE IS HEREBY GIVEN that pursuant to Federal Rule of Civil Procedure 30, plaintiff, McKesson Information Solutions LLC ("McKesson"), will take the deposition upon oral examination of defendant The TriZetto Group, Inc. ("TriZetto") commencing on August 29, 2005, at 9:00 a.m., and continuing from day to day thereafter until completed. The deposition shall take place at Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071. The deposition will be recorded stenographically and may be recorded by videotape and by instant visual display using LiveNote software.

    NOTICE IS HEREBY FURTHER GIVEN that pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent TriZetto shall designate one or more of its officers, directors, partners, managing agents or other persons who consent to testify on its behalf as to the matters described below.

## DEFINITIONS

1.    The term "McKesson" means plaintiff, McKesson Information Solutions LLC, its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities (including, without limitation, HBOC and HPR).

2.    The term "TriZetto" means defendant, The TriZetto Group, Inc., its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

3.    The term "Erisco" means Erisco Managed Care Technologies, Inc., its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

4.    The term "RIMS" means Resource Information Management Systems, Inc., its officers, directors, employees, agents, representatives, consultants, experts, investigators, accountants, attorneys, and advisors, and any other person acting on its behalf, including parent, subsidiary and affiliated entities.

5.    The term "'164 patent" means U.S. Patent No. 5,253,164, entitled "System and Method for Detecting Fraudulent Medical Claims via Examination of Service Codes."

6.    The term "Accused Product" refers to Facets, ClaimFacts, QicLink, any other product identified by TriZetto in response to McKesson's Interrogatory No. 2, or any other product manufactured, sold, licensed, or offered for sale or license by TriZetto that is capable of,

2

or includes a component capable of, performing clinical editing or auditing of medical payment claims.

7.    The terms "and" and "or" shall be construed broadly, either conjunctively or disjunctively, as necessary to bring within the scope of the discovery request any information which might otherwise be construed to be outside of its scope.

8.    The term "communication(s)" shall be construed broadly to mean the transmittal of information, in any manner, in the form of facts, ideas, inquiries or otherwise.

9.    The term "concerning" shall be construed broadly to mean relating to, referring to, describing, evidencing or constituting.

10.    As relates to McKesson's '164 patent, the terms "enforce" or "enforcement" shall be construed broadly to mean, without limitation, any communications concerning licensing or efforts to license the patent, infringement litigation brought pursuant the patent and any communications concerning such actual or potential litigation, settlement and settlement discussions in connection with any such litigation and any communications concerning any such settlement and settlement discussions.

## TOPICS

1.    TriZetto's, Erisco's and RIMS's first knowledge of the '164 patent.

2.    TriZetto's, Erisco's and RIM's communications, internal and to third parties, concerning the '164 patent.

3.    All actions taken or considered by TriZetto, Erisco and RIMS as a result of their knowledge of the '164 patent.

3

4.    TriZetto's, Erisco's and RIMS's knowledge of actions taken by McKesson concerning enforcement of the '164 patent, including, without limitation, "HPR's publicly stated intent to enforce the '164 patent and the lawsuit between HPR and GMIS, Inc."

5.    All actions taken or considered by TriZetto, Erisco and RIMS as a result of their knowledge referenced in the preceding Topic.

6.    TriZetto's, Erisco's and RIMS's communications with McKesson concerning the '164 patent, including, without limitation, licensing, settlement and product communications and the purported communications in June 1997 between HPR, Inc. and Erisco referenced in TriZetto's Response to McKesson Interrogatory No. 11.

7.    All actions taken or considered by TriZetto, Erisco and RIMS as a result of the communications referenced in the preceding Topic.

8.    McKesson's supposed "substantial knowledge of Erisco and TriZetto's products" as stated in TriZetto's Response to McKesson Interrogatory No. 11.

9.    Communications concerning any McKesson product and any Accused Product between McKesson on the one hand and TriZetto, Erisco and RIMS on the other.

10.    All actions taken or considered by TriZetto, Erisco and RIMS as a result of the communications referenced in the preceding Topic.

11.    All investigations or analysis by TriZetto, Erisco and RIMS into the applicability of any claims of the '164 patent to any Accused Product.

12.    All investigations or analysis by TriZetto, Erisco and RIMS into the validity of any claim of the '164 patent.

13.    All investigations or analysis by TriZetto, Erisco and RIMS into the enforceability of any claim of the '164 patent.

4

14.    The consideration and decision by TriZetto, Erisco and RIMS not to license the '164 patent.

15.    The development of the clinical editing and auditing features of each Accused Product.

16.    All changes made to each Accused Product attributable, in whole or part, to knowledge of the '164 patent, knowledge of McKesson's efforts to enforce the '164 patent, any communications by McKesson, and this lawsuit.

17.    All product changes considered by TriZetto, Erisco and RIMS as a result of knowledge of the '164 patent, knowledge of McKesson's efforts to enforce the '164 patent, any communications by McKesson, and this lawsuit.

18.    The identity of each customer of each Accused Product.

19.    The sales transaction with each customer of each Accused Product, including the sales date and amount, the benefits or savings communicated to each customer resulting from the use of each Accused Product, and the sales representatives responsible for making representations to each customer in connection with such customer sales.

20.    The functionality of the Accused Product used by each customer.

21.    The differences between any of McKesson's claim editing or auditing system and the clinical editing and auditing aspect of each Accused Product.

22.    Comparisons that have been made of McKesson's claim auditing or editing systems on the one hand, and the claim auditing or editing features of the Facets, ClaimFacts and QuikLink systems, on the other hand.

23.    Comparisons between the system(s) described in the '164 patent and any system sold by TriZetto, Erisco or RIMS.

24.     Analyses concerning providing customers with an interface between McKesson claim editing or auditing systems and systems offered by Erisco, TriZetto or RIMS.

25.     Development of an interface between McKesson's claim editing or auditing system(s) and any Accused Product.

26.     Consideration of whether to market the interface between McKesson's claim editing or auditing system(s) and any Accused Product.

27.     Communications with actual or potential customers concerning providing an interface between McKesson's claim editing or auditing system(s) and any Accused Product.

28.     Communications with TriZetto, Erisco and RIMS customers concerning the '164 patent and this lawsuit.

29.     The customer base, revenues, costs and profits associated with every Accused Product.

30.     The importance to each Accused Product of the claim editing or auditing feature of the Accused Product.

31.     The value of the claim editing or auditing feature of each Accused Product to the overall value of the Accused Product.

32.     The competition for customers between McKesson, on the one hand, and TriZetto, Erisco and RIMS, on the other hand.

33.     The market for clinical editing software systems, including the size of the market, the participants in the market and the participants' market shares for the period 1998 to present.

34.     The savings customers can potentially, or do actually, realize using the clinical editing or auditing feature of each Accused Product.

35.    Any comparison of the savings that customers can or do realize using any Accused Product versus any McKesson claim editing or auditing system.

36.    TriZetto's acquisition of Erisco.

37.    TriZetto's acquisition of RIMS.

38.    The potential impact of this lawsuit on TriZetto's, Erisco's and RIMS's business.

Dated:  August 16, 2005

By: _____
Jeffrey G. Randall
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301

Attorneys for Plaintiff,
McKesson Information Solutions LLC

7

**PROOF OF SERVICE**
**(FRCP 5)**

I am a citizen of the United States and a resident of the State of California.  I am employed in Santa Clara County, State of California, in the office of a member admitted *pro hac* to the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 525 University Avenue, Suite 1100, Palo Alto, CA 94301.

On August 16, 2005, I served **McKESSON'S NOTICE OF DEPOSITION OF DEFENDANT TRIZETTO PURSUANT TO FED. R. CIV. P. 30(B)(6)** in the manner described below:

(BY FACSIMILE)  I am personally and readily familiar with the business practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and processing of document(s) to be transmitted by facsimile, and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

and

(BY U.S. MAIL)  I am personally and readily familiar with the business practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

on the following parties in this action:

Jeffrey Thomas, Esq.                           Jack B. Blumenfeld, Esq.
Gibson, Dunn & Crutcher LLP                    Morris, Nichols, Arsht & Tunnell
Jamboree Center                                1201 N. Market Street
4 Park Plaza, Suite 1400                       P.O. Box 1347
Irvine, CA  92614-8557                         Wilmington, DE  19899
Facsimile: (949) 475-4670                      Facsimile: (302) 425-3012

Executed on August 16, 2005 in Palo Alto, California.

_____
Yvonne Chen

8