IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE TRIZETTO GROUP, INC.<br><br>Defendant. | Civil Action No. 04-1258-SLR |

**DECLARATION OF RANDALL DAVIS IN SUPPORT OF
THE TRIZETTO GROUP, INC.'S OPPOSITION TO MCKESSON'S MOTION
TO EXCLUDE AND STRIKE THE NON-INFRINGEMENT OPINIONS
OF TRIZETTO'S EXPERT WITNESS DR. RANDALL DAVIS**

I, Randall Davis, declare as follows:

1. I am a Professor of Computer Science at the Massachusetts Institute of Technology. I have been retained by The TriZetto Group, Inc. ("TriZetto") in this litigation to provide expert opinions on the subjects of infringement and validity. I submit this declaration in support of TriZetto's opposition to the motion of McKesson Information Solutions, LLC ("McKesson") to exclude and strike the non-infringement opinions that I rendered. I have personal knowledge of the facts set forth herein and if called upon to do so, I could and would testify competently hereto.

2. I have submitted two expert reports in this case:

   (i) Expert Report of Randall Davis, dated October 24, 2005 (attached as Exhibit C ("Ex. C") to McKesson's motion to exclude and strike Dr. Davis's non-infringement opinion). This report contains my opinions on the subject of patent validity.

   (ii) Rebuttal Report of Randall Davis, dated November 14, 2005 (attached as Exhibit B ("Ex. B") to McKesson's motion to exclude and strike Dr. Davis's non-infringement opinion). This report contains my opinions concerning the subject of infringement.

3. In my November 14, 2005 report, I discussed at length the numerous architectural and processing differences between the accused TriZetto products and the method and apparatus of U.S. Patent No. 5,253,164 ("the '164 patent"). Ex. B at 30-32. The purpose of this discussion was to reveal the lack of structural identity or equivalence between the TriZetto products and the claimed method and apparatus of the '164 patent. It is my expert opinion that the accused TriZetto products do not infringe the '164 patent, because the products do not perform the identical functions claimed in the '164 patent and the structure of the accused products is significantly different from the structure described and claimed in the '164 patent

4. In my November 14, 2005 report, I included the following observations designed to support and explain my non-infringement opinion:

2

(a)    *"Where the '164 system is focused on clinical editing, the TriZetto products do the entire scope of claims adjudication, starting with the basic data validation, eligibility verification, provider verification, and so forth, eventually coming to clinical editing, then continuing on to medical utilization analysis, pricing and payment."* Ex. B at 31.

This sentence introduces my discussion of the processing performed by the TriZetto products. It was included to provide context and background, not as an independent basis for my opinion.

(b)    *"[W]here the '164 system examines only the current claims, the TriZetto systems make use of both a current and prior claims database."* Ex. B at 31.

The examination of prior medical claims by the TriZetto products is relevant to understanding that the products do not perform the "ascertaining" step of the patent claims. The method and apparatus of the '164 patent "ascertains whether the at least one claim contains a plurality of medical service codes" prior to commencing its multi-code clinical editing. The TriZetto products do not contain this limitation. Instead, they perform multi-code clinical editing on all claims, regardless of how many codes are present on the claim, even just one. Ex. B at 24. The reason for this, in part, is that the TriZetto products are capable of checking codes on prior claims, together with codes on the current claim.

(c)    *"[T]he TriZetto products check all claims against the diagnosis . . . This is a relation between a medical service code and a diagnosis, which is not part of what the '164 patent claims."* Ex. B at 32.

This remark addresses the scope of the patent claims, as compared to what is described in the specification. My report explains that although one of the editing rules listed in Appendix B of the '164 patent (rule Q8) mentions diagnosis, the claims do not encompass editing based on diagnosis and, thus, cannot be construed to include such criteria.

3

(d) *"Examination of the claims also makes it clear that while they specify authorizing, rejecting, and/or deleting of medical service codes, there is no claim in the '164 patent adding to a medical claim a medical service code that was not entered by the user."* Ex. B at 21.

This comment also addresses the scope of the patent claims. Specifically, it explains that the rebundling rules in Appendix B of the '164 patent (rules R1 to R4) are not included in any of the claims. This fact renders the expert report of Dr. Johnson irrelevant, since she focuses almost exclusively on rebundling examples using rules R1 to R4. While the rebundling concept and rules are disclosed in the specification, the claims do not provide such functionality.

5. My November 14, 2005 report explains that the TriZetto products never authorize or reject medical claims in response to whether a code on the claim is determined to be valid, as required by Claims 15 and 16. Ex. B at 34. While it is true that the TriZetto products perform additional functions between the validity check and the claim authorization, my non-infringement opinion with respect to Claims 15 and 16 does not rely on these additional functions, but on the fact that the TriZetto products never authorize or reject medical claims in response to whether one of the codes is valid. Thus, Claims 15 and 16 are not infringed by the TriZetto products.

6. When I initially reviewed the '164 patent, I construed the relevant claim terms. I included that construction in my October 24, 2005 report. Ex. C at 4-9. I used the same construction in my November 14, 2005 report.

7. In my October 24, 2005 report, I identified a person of ordinary skill in the art covered by the '164 patent "to be someone with an undergraduate degree in Computer Science with at least one course in artificial intelligence, and at least one year of experience in building expert systems." Ex. C at 3 fn.1. As I explained at my deposition, I believe that such a person would acquire an understanding of specific knowledge domains when they undertook to build a particular expert system. Hence, the person of ordinary skill would have learned the concepts

and issues of medical claims editing by working on an expert system in that area. I performed my analysis in both the October 24, 2005 and the November 14, 2005 reports using my definition of "a person of ordinary skill in the art."

8.  In the course of preparing my November 14, 2005 report, I asked TriZetto for flowcharts showing the claims adjudication process executed by the accused TriZetto products. I received a set of flowcharts on November 1, 2005 and included them as Exhibit B to my report. I included the flowcharts in my report to graphically depict the claims adjudication process as I understood it.

9.  My knowledge and understanding of the accused TriZetto products was derived from reviewing the product source code and product manuals and documentation that McKesson's experts identified in their infringement reports. Likewise, my observations and opinions concerning the TriZetto products in my November 14, 2005 report were based on my review of the source code and product documentation. While the flowcharts I received from TriZetto and the live product demonstration I viewed helped reinforce my understanding of the products, those were not the basis of my knowledge or opinions concerning the accused products.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration was executed this 5th day of January, 2006, at Cambridge, Massachusetts.

_____
Randall Davis

40220874_1.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2006 he electronically filed the Declaration Of Randall Davis In Support Of The TriZetto Group, Inc.'s Opposition To McKesson's Motion To Exclude And Strike The Non-Infringement Opinions Of TriZetto's Expert Witness Dr. Randall Davis with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on January 5, 2006 upon the following in the manner indicated:

### BY HAND

Thomas J. Allingham, II
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

### BY FEDERAL EXPRESS

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Suite 1100
Palo Alto, CA  94301

/s/    Rodger D. Smith II (#3778)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com