IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) ) |
| | ) C. A. No. 04-1258 (SLR) |
| Plaintiff, | ) ) |
| | ) ) ) |
| THE TRIZETTO GROUP, INC., | ) ) |
| Defendant. | ) ) |

**DECLARATION OF JEFFREY T. THOMAS
IN SUPPORT OF THE TRIZETTO GROUP, INC.'S
OPPOSITION TO MCKESSON'S MOTION TO EXCLUDE AND STRIKE
THE NON-INFRINGEMENT OPINIONS OF TRIZETTO'S EXPERT
<u>WITNESS DR. RANDALL DAVIS</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Defendant*
  *The TriZetto Group, Inc.*

OF COUNSEL:

Jeffrey T. Thomas
David A. Segal
Michael A. Sitzman
GIBSON, DUNN & CRUTCHER LLP
Jamboree Center, 4 Park Plaza
Irvine, CA 92614-8557
(949) 451-3800

January 5, 2006

I, Jeffrey T. Thomas, declare as follows:

1.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendant, the Trizetto Group, Inc. ("Trizetto"), in the above-captioned action. I make this declaration based on my own personal knowledge, and, if called as a witness, I could and would testify competently thereto.

2.  In responding to discovery requests propounded by Plaintiff, McKesson Information Systems LLC ("McKesson"), Trizetto has produced source code pertaining to the clinical editing modules of the accused systems, functional software permitting installation of the same clinical editing modules, and all technical manuals relating to the accused systems.

3.  In October 2005, counsel for McKesson complained of difficulty installing and running the software that Trizetto had provided. Although not required to, Trizetto voluntarily offered to make members of its technical assistance staff available to McKesson's attorneys via telephone in an effort to assist McKesson's attorneys in installing the produced software.

4.  An associate from my office arranged such a conference call on October 17, 2005. Counsel for both parties and Trizetto's technical assistance staff participated. Trizetto explained to McKesson's counsel how to properly install the software. The next day, counsel for McKesson requested another conference call. Counsel for both parties and Trizetto's technical assistance staff conducted a second call on October 24, 2005. Based on the screenshots and error codes that McKesson's attorneys provided, Trizetto personnel on that call believed that the specific problems encountered by McKesson could be resolved by a patch. Trizetto provided the patch to McKesson's attorneys on the same day. I also reiterated Trizetto's continued offer to make its technical assistance staff available via telephone.

5.  On November 7, 2005, McKesson advised the Court that it still could not get the software to run and the Court set forth a procedure for the parties to follow should counsel for McKesson experience further technical difficulties. Specifically, the Court directed that, if McKesson's attorneys required further assistance, the parties should arrange a conference call between the Court and technical persons on each side.

6. Counsel for McKesson has never attempted to comply with the Court's directive in this regard. Nor have they requested a demonstration of any accused product. Upon receipt of Dr. Davis' November 15, 2005 rebuttal report, counsel for McKesson instead demanded that Trizetto send a technical assistance person to their offices. I refused this demand and again offered to conduct additional telephone calls with Trizetto support staff. I explained that if McKesson's attorneys insisted on having Trizetto personnel travel to their office, then we should use the procedure ordered by the Court at the November 7, 2005 discovery hearing. On November 16, 2005, I sent a letter to Jeffrey Randall, counsel for McKesson, confirming Trizetto's willingness to engage in the Court-ordered procedure. A true and correct copy of this letter is attached hereto as Exhibit A. Counsel for McKesson has not responded in any way to this letter, or to my continued offers to engage in the procedure ordered by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration was executed this 5th day of January, 2005, at Irvine, California.

_____
Jeffrey T. Thomas

40220875_1 (4).DOC

3

# EXHIBIT A

# GIBSON, DUNN & CRUTCHER LLP
### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

---

Jamboree Center, 4 Park Plaza, Irvine, California 92614-8557
(949) 451-3800
www.gibsondunn.com
jtthomas@gibsondunn.com

November 16, 2005

**VIA FACSIMILE**

Direct Dial
(949) 451-3967

Fax No.
(949) 475-4670

Client Matter No.
T 92654-00006

Jeffrey G. Randall, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301

Re: *McKesson Information Systems, LLC v. The TriZetto Group, Inc.*

Dear Jeff:

In your letter dated November 15, 2005, you claim that Chief Judge Robinson has ordered TriZetto to provide complete versions for all "accused systems," including modules that have nothing to do with clinical editing. Notwithstanding your repeated insistence to the contrary, the Court has not ordered TriZetto to produce non-clinical editing portions of the accused systems. The Court has ordered nothing of the sort. The Court has ordered that TriZetto provide fully operable versions of the clinical editing portions of these systems, which we have done. Recall that you requested the Court to issue such an order at the November 7, 2005 hearing and the Court would not do so.

The systems provided during discovery fully replicate the systems to which Dr. Davis had access. Dr. Davis has not been given access to working programs for modules other than the clinical editing module. Like you, he has had access to other written materials, but not any additional operating systems. There is no reason that McKesson cannot install, configure and operate the software that we have provided in a manner fully consistent with the system considered by Dr. Davis in the preparation of his report. TriZetto has provided no part of the system to Dr. Davis that has not been provided to McKesson.

TriZetto reasserts its offer of assistance in installing and configuring the system. While we could not have configured the system before sending it to you, we have offered in the past and again offer to put you in contact with a technical support person who will attempt to walk

## GIBSON, DUNN & CRUTCHER LLP

Jeffrey G. Randall, Esq.
November 16, 2005
Page 2

you through the configuration process. Once the system is properly configured, you should have no problem running the program so that it performs the code editing function in the same way it would for a customer. TriZetto will not, however, send a technical assistance person to your Palo Alto office. TriZetto can make the appropriate person(s) available via telephone. If you believe that further assistance is necessary, just let me know when you would like to have the conference call. If that is for some reason not acceptable to you, you may follow Chief Judge Robinson's instructions and arrange a telephone conference call involving the technical people and Judge Robinson. *See* Tr. at 20:13-24.

Very truly yours,

Jeffrey T. Thomas

JTT/jsk
30381280_1.DOC
cc:   Jack B. Blumenfeld, Esq.
      Bernard C. Shek, Esq.

Case 1:04-cv-01258-SLR   Document 205   Filed 01/05/2006   Page 7 of 8



Document2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2006 he electronically filed the Declaration Of Jeffrey T. Thomas In Support Of The TriZetto Group, Inc.'s Opposition To McKesson's Motion To Exclude And Strike The Non-Infringement Opinions Of TriZetto's Expert Witness Dr. Randall Davis with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Thomas J. Allingham, II
>Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on January 5, 2006 upon the following in the manner indicated:

### BY HAND

>Thomas J. Allingham, II
>Skadden, Arps, Slate, Meagher & Flom LLP
>One Rodney Square
>P.O. Box 636
>Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Jeffrey G. Randall
>Skadden, Arps, Slate, Meagher & Flom LLP
>525 University Avenue
>Suite 1100
>Palo Alto, CA 94301

>/s/  *Rodger D. Smith II (#3778)*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>rsmith@mnat.com