# EXHIBIT 1

# REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# REDACTED IN ITS ENTIRETY

# EXHIBIT 3

Westlaw.

Page 1

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2213562 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS, INC., Plaintiff,
v.
CANON, INC., Canon U.S.A., Inc., Fuji Photo Film Co., Ltd, Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc., Defendants.
No. Civ.A. 03-241 JJF.

Sept. 28, 2004.

Frederick L. Cottrell, III, and Chad Shandler, of Richards, Layton & Finger, Wilmington, Delaware, Ronald J. Schutz, Jake M. Holdreith, Becky R. Thorson, Carrie M. Lambert, and Kimberly G. Miller, of Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, Minnesota, for Plaintiff, of counsel.
Jack B. Blumenfeld, and Julia Heaney, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, John E. Daniel, Donald L. Rhoads, and Vito J. DeBari, of Kramer Levin Naftalis & Frankel LLP, New York, New York, for Defendants Cannon Inc. and Cannon U.S.A., Inc., of counsel.
Steven J. Balick, and John G. Day, of Ashby & Geddes, Wilmington, Delaware, Steven J. Routh, and Sten Jensen, of Hogan & Hartson, L.L.P., Washington, District of Columbia, Robert J. Benson, and David H. Ben-Meir, of Hogan & Hartson, L.L.P., Los Angeles, California, for Defendants Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., and Fujifilm America, of counsel.

MEMORANDUM OPINION

FARNAN, J.
*1 Pending before the Court is the Fuji defendants' Motion In Limine To Exclude The Testimony Of St. Clair's Expert Michael J. Wagner (D.I.700) and the Canon defendants' Motion In Limine IX (The Testimony Of St. Clair's Damages Expert Michael Wagner Should Be Excluded) (D.I.684). For the reasons stated, the motions will be denied.

Background

This is a patent infringement case in which St. Clair Intellectual Property Consultants, Inc.'s ("St.Clair") is seeking a reasonable royalty from Canon, Inc., Canon U.S.A., Inc. (collectively, "Canon"), Fuji Photo Film Co., Ltd, Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc. (collectively, "Fuji") for their alleged infringement of St. Clair's digital camera patents, U.S. Patent Nos. 5,138,459 (the '459 patent), 6,094,219 (the '219 patent), 6,233,010 (the '010 patent), and 6,323,899 (the '899 patent). By its motions, Canon and Fuji move to exclude the testimony of St. Clair's damages expert, Michael J. Wagner.

Canon and Fuji contend that Mr. Wagner employs two methodologies for calculating a reasonable royalty that are contrary to established patent law. First, Canon and Fuji contend that Mr. Wagner's "book of wisdom" methodology ignores the hypothetical negotiation date and considers all information to the current date as relevant to the hypothetical negotiation. Second, Canon and Fuji contend that Mr. Wagner premises his calculations on the fact that the patents-in-suit are valid and enforceable, and that the patents have been infringed. Specifically, Canon and Fuji ask the Court to preclude Mr. Wagner from testifying at trial because his opinions are inadmissible under Federal Rule of Evidence 702. Alternatively, Canon asks the Court to hold a *Daubert* hearing, or at least to preclude Mr. Wagner from testifying about certain subjects at trial.

In response, St. Clair stresses that the methodology for calculating a reasonable royalty rests within the discretion of the district court. St. Clair contends that the U.S. Supreme Court, in *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689 (1933), and the Federal Circuit, in *Fromsom v. Western Litho Plate and Supply Co.*, 853 F.2d 1568 (Fed.Cir.1988), have held that post-hypothetical negotiation evidence is admissible for calculating a reasonable royalty. St. Clair also argues that presumptions of validity, enforceability, and infringement are consistent with Federal Circuit law and are admissible. St. Clair contends that, because Defendants' objections to Mr. Wagner's testimony go to the weight he gives to certain factors, the objections may be properly addressed through cross-examination at trial.

Discussion

Federal Rule of Evidence 702 states:

Not Reported in F.Supp.2d                                                                 Page 2
Not Reported in F.Supp.2d, 2004 WL 2213562 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*2 28 U.S.C. 702.

1. "Book Of Wisdom" Methodology

With regard to Canon and Fuji's first contention that the "book of wisdom" methodology that Mr. Wagner employs is contrary to established patent law, the Court concludes that nothing in Mr. Wagner's methodology conflicts with the settled law in this area or violates the requirements of Rule 702.

A patentee is entitled to no less than a reasonable royalty on an infringer's sales for which the patentee has not established entitlement to lost profits. 35 U.S.C. / 284. A reasonable royalty is based "upon a hypothetical royalty resulting from arm's length negotiations between a willing licensor and a willing licensee." Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075, 1078 (Fed.Cir.1983). The methodology used to assess damages under 35 U.S.C. / 284 rests within the discretion of the district court. Nickson Indus., Inc. v. Rol Mfg. Co., Ltd., 847 F.2d 795, 798 (Fed.Cir.1988). SmithKline Diagnostics, Inc. v. Helena Laboratories Corp., 926 F.2d 1161, 1164 (Fed.Cir.1991). While the Federal Circuit has not prescribed a specific methodology for calculating a reasonable royalty, courts rely upon the fifteen factors set forth in Georgia-Pacific Corp. v. United States Plywood Corp., 318 F.Supp. 1116, 1120 (S.D.N.Y.1970). Chisum, Patents 20.03[3][b], p. 20-192.

A reasonable royalty must be calculated on the date infringement began. Panduit Corp. v. Stahlin Bros. Fibre Works, 575 F.2d 1152, 1158 (6th Cir.1978); Joy Technologies, Inc. v. Flakt, Inc., 954 F.Supp. 796, 806 (D.Del.1996) ("A reasonable royalty must be calculated using the market conditions on the date infringement began and not by today's standards."). However, courts may consider events after the date infringement began as a basis for inferring what the pre-infringement negotiated value of a license would have been. In Sinclair Refining Co. v. Jenkins Petroleum Process Co., the U.S. Supreme Court discussed the relevance of subsequent experience to correct uncertainty in patent damage estimates. The Supreme Court concluded that such experience is "a book of wisdom that courts may not neglect. We find no rule of law that sets a clasp upon its pages, and forbids us to look within." 289 U.S. 689, 698 (1933). Justice Cardozo cautioned, however, that to correct uncertainty "is not to charge the offender with elements of value nonexistent at the time of his offense. It is to bring out and expose of light the elements of value that were there from the beginning." Id. Thus, the reasonable royalty must be based on facts that existed at the time of the hypothetical infringement.

The Federal Circuit allowed the use of events subsequent to the hypothetical negotiation in a reasonable royalty calculation in Fromson v. Western Litho Plat and Supply Co., 853 F.2d 1568, 1577 (Fed.Cir.1988). This Court, in Mobil Oil Corp. v. Amoco Chemicals Corp., acknowledged that "in conducting the hypothetical negotiation, the Court is permitted to look to events and facts that occurred after the infringement began." 915 F.Supp. 1333, 1353 (D.Del.1994) (citing Fromson, 853 F.2d at 1575-76). This Court in Mobil went on to say, "[t]he Court must also assume, for purposes of the hypothetical negotiation, that all parties would have known all relevant information." Id. (citing Georgia-Pacific Corp. v. United States Plywood Corp., 318 F.Supp. 1116, 1121 (S.D.N.Y.1970)).

*3 Mr. Wagner's testimony is the product of reliable principles and methods. Mr. Wagner is using the fifteen Georgia Pacific factors in his reasonable royalty calculation. He is also using, as a starting point for his analysis, a hypothetical negotiation by the parties as of the date the alleged infringement began in April, 1995. Accordingly, the Court concludes that Mr. Wagner's testimony is the product of reliable principles and methods, satisfying the second prong of Rule 702.

The Court further concludes that Mr. Wagner's testimony is based upon sufficient facts or data. Due to the lack of evidence of the value of the inventions in April, 1995, Mr. Wagner uses evidence of subsequent events as a basis from which to infer what the pre-infringement negotiated value of a license would have been. The Court finds this aspect of his methodology is based upon sufficient facts or data and thus, satisfies the requirements of the first prong of Rule 702.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2213562 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

Finally, the Court concludes that Mr. Wagner has applied the principles and methods reliably to the facts of the case. Canon and Fuji contend that Mr. Wagner gives subsequent events too much weight in his royalty calculation. However, this argument is insufficient to exclude Mr. Wagner's testimony. Canon and Fuji will have the opportunity to cross-examine Mr. Wagner at trial regarding the weight he gives to any subsequent events calculated into his calculations. Defendants seem especially concerned that Mr. Wagner uses evidence of settlement agreements St. Clair entered into with Sony and other defendants in this action. However, the Court granted the motions filed by Canon and Fuji to exclude evidence of the settlements with Sony and the other defendants in this action (D.I.783, 788), making this point moot.

In sum, the Court concludes that nothing in Mr. Wagner's methodology ignores the settled law in the "book of wisdom" methodology, and, therefore, the Court concludes his methodology a satisfies the requirements of Rule 702.

II. Presumption That Patents Are Valid, Enforceable, And Infringed

With regard to the second contention argued by Canon and Fuji, that Mr. Wagner's presumption that the patents are valid, enforceable, and infringed is contrary to established patent law, there is nothing in Mr. Wagner's presumption that violates the settled law in this area. Patents are presumed valid, enforceable, and infringed in the context of an expert's formulation of an opinion on damages in a patent trial.

Cases clearly accept that the hypothetical negotiation for calculating a reasonable royalty is based on the assumption that the patent was valid and infringed. Chisum, *Patents* 20.03[3][a], p. 20-181; *TP Orthodontics, Inc. v. Professional Positioners, Inc.*, 20 U.S.P.Q.2d 1017, 1025 (E.D.Wis.1991), aff'd, 980 F.2d 743 (Fed.Cir.1992)).

Thus, the Court concludes that Mr. Wagner's presumption that the patents are valid, enforceable and infringed for the purpose of calculating a reasonable royalty does not affect the Court's conclusion that Mr. Wagner's methodology satisfies the requirements of Rule 702.

Conclusion

*4 For the reasons discussed, the Motion In Limine To Exclude The Testimony Of St. Clair's Expert Michael J. Wagner (D.I.700), filed by the Fuji defendants, and the Motion In Limine IX (The Testimony Of St. Clair's Damages Expert Michael Wagner Should Be Excluded) (D.I.684), filed by the Canon defendants, must be denied.

An appropriate Order has been entered (D.I.844).

D.Del.,2004.
St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.
Not Reported in F.Supp.2d, 2004 WL 2213562 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03cv00241 (Docket) (Feb. 28, 2003)

END OF DOCUMENT