IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE TRIZETTO GROUP, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C. A. No. 04-1258 (SLR) <br><br> **REDACTED VERSION** |

**DECLARATION OF JEFFREY T. THOMAS
IN SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE AND/OR STRIKE THE
OPINIONS OF JESSE DAVID, Ph.D.**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
 *Attorneys for Defendant
 The TriZetto Group, Inc.*

OF COUNSEL:

Jeffrey T. Thomas
David A. Segal
Michael A. Sitzman
GIBSON, DUNN & CRUTCHER LLP
Jamboree Center, 4 Park Plaza
Irvine, CA 92614-8557
(949) 451-3800

Original Filing Date: January 5, 2006

Redacted Filing Date: January 12, 2006

I, Jeffrey T. Thomas, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney with the law firm of Gibson, Dunn & Crutcher LLP, attorneys for defendant The TriZetto Group, Inc. ("TriZetto") in the above-captioned action. I submit this declaration in support of TriZetto's opposition to the motion of plaintiff McKesson Information Solutions, LLC ("McKesson") to exclude and/or strike the opinions of Jesse David, Ph.D.

2. I have reviewed Exhibit A to the Declaration of Michael A. Barlow in support of plaintiff's opening brief in support if its motion to exclude and/or strike the opinions of Jesse David, Ph.D. That exhibit lists 12 documents that were provided to McKesson in advance of Dr. David's deposition. Six of those documents (TRZ840267-345; TRZ840346-49; TRZ840746; TRZ839576-78; TRZ839572-74; and TRZ840241-42) are spreadsheets containing financial information, which were prepared by TriZetto employees at the request of Dr. David. Dr. David was unable to find in the TriZetto financial records data that was formatted and organized in the way he desired, and thus he asked TriZetto employees to reformat some of the data. These six spreadsheets were sent by TriZetto to Dr. David, and were subsequently produced to McKesson before Dr. David's deposition. The spreadsheets did not exist until shortly before they were provided to McKesson.

3. Five of the remaining six documents referenced in Exhibit A to the Declaration of Michael A. Barlow are requests for proposal from prospective TriZetto customers or responses thereto by TriZetto. These are documents designated TRZ839579-95, TRZ839663-852, TRZ839853-947, TRZ839957-75 and TRZ839977-840010. The earliest of these documents is dated June 13, 2005, and the latest of the documents is dated November 1, 2005. Thus, these documents were created well after McKesson propounded its document production request herein in December of 2004, and after the deadline for completion of document production set by the Court's Scheduling Order (May 13, 2005).

4. All documents TriZetto was able to locate after a reasonable search of its records that were responsive to McKesson's Document Request No. 34 ("documents sufficient to evidence the source and amount of all revenues received by TriZetto in connection with TriZetto's products") were produced to McKesson.

5. In response to McKesson's Interrogatory No. 14, which asked TriZetto to "identify and describe in complete detail any and all revenue and the sources thereof derived by TriZetto in connection [each accused product] . . . ," TriZetto specifically referenced the documents that it had produced herein that contained this information, as allowed by Federal Rule of Civil Procedure 33(d). Attached hereto as Exhibit A is a copy of TriZetto's response to that interrogatory.

6. Attached hereto as Exhibit B is TriZetto's First Supplemental Response to Topics 18-20 in McKesson's Federal Rule 30(b)(6) Deposition Notice.

7. Attached hereto as Exhibit C is TriZetto's Second Supplemental Response to Topics 18-20 in McKesson's Federal Rule 30(b)(6) Deposition Notice.

8. Michael Wagner, McKesson's damages expert herein, testified at his deposition that his lost profits damages are based on revenue that he asserts McKesson would have received from certain TriZetto customers but for the alleged infringement by TriZetto. He further testified that he did not calculate this revenue himself, but, instead, provided information on the customers to McKesson, and McKesson provided him with the revenue it would have earned had those customers been McKesson customers.

9. Mr. Wagner's expert report lists the documents that he considered in reaching his opinions. Some of those documents have been produced herein as Mr. Wagner's report shows the Bates numbers for those documents. However, he also considered a large number of documents that apparently were not produced herein, including 36 documents that appear to have been provided to him by McKesson. I have sent counsel for McKesson a letter asking that we be provided copies of these 36 documents, but I have not yet received a response.

10. Attached hereto as Exhibit D is a copy of Schedules 1-13.5 to Mr. Wagner's expert report.

11. Attached hereto as Exhibit E are copies of the pages from the deposition transcript of Michael Wagner cited in TriZetto's opposition filed herewith.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 3rd day of January, 2006, at Irvine, California.

                                                 Jeffrey T. Thomas

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that copies of the foregoing were caused to be served this 5th day of January, 2006, upon the following counsel in the manner indicated:

<u>BY HAND</u>

Thomas J. Allingham, II
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

<u>BY FEDERAL EXPRESS</u>

Jeffrey G. Randall
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301

                                                Jack B. Blumenfeld

30383463_1.DOC

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on January 12, 2006, I caused to be electronically filed the Declaration of Jeffrey T. Thomas in Support Of Defendant's Opposition To Plaintiff's Motion To Exclude And/Or Strike The Opinions Of Jesse David, Ph.D. (Redacted Version) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on January 5, 2006, upon the following in the manner indicated:

### BY HAND

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Jeffrey G. Randall
> Skadden, Arps, Slate, Meagher & Flom LLP
> 525 University Avenue
> Suite 1100
> Palo Alto, CA 94301

/s/ *Rodger D. Smith II (#3778)*
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com