IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS LLC,

       Plaintiff,

       v.

THE TRIZETTO GROUP, INC.,

       Defendant.

)
)
)
)
)
)
)
)
)
)

C.A. No. 04-1258 (SLR)

**REDACTED VERSION**

**THE TRIZETTO GROUP, INC.'S APPENDIX OF EXHIBITS IN SUPPORT OF
REPLY BRIEF FILED IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, Delaware 19899
(302) 658-9200

Attorneys for Defendant The TriZetto Group, Inc.

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas
David A. Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA 92614

Original Filing Date: January 20, 2006

Redacted Filing Date: January 27, 2006

**THE TRIZETTO GROUP, INC.'S INDEX OF EXHIBITS IN SUPPORT OF
REPLY BRIEF FILED IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

| Appendix Exhibit Number | Description |
|---|---|
| L. | MCK000278-MCK000300 |
| M. | Excerpts from the deposition of Donald Holloway, taken September 7, 2005 |
| N. | Excerpts from the deposition of Mark A. Musen, taken November 22, 2005 |
| O. | Excerpts from the deposition of Randall Davis, taken September 30, 2005 |
| P. | Excerpts from the deposition of John Danza, taken September 12, 2005 |
| Q. | TriZetto's Supplemental Proposed Claim Construction |

# Exhibit L

0408v
H0433/7002

07 648314

#14/E

BN
4-8-91

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant    :    Donald C. Holloway, Robert D. Hertenstein,
                  George A. Goldberg and Kelli A. Dugan
Filing Date  :    Herewith
For          :    EXPERT SYSTEM AND METHOD FOR ASSESSING MEDICAL
                  CLAIMS

Hon. Commissioner of
Patents and Trademarks
Washington, D.C.  20231

<u>PRELIMINARY AMENDMENT</u>

Dear Sir:

        Prior to examination, please amend the

above-identified application as follows:


                    <u>IN THE CLAIMS</u>

Please cancel claims 1-6 without prejudice, and substitute in

their place claims 7-32.


        7. In a computer system having means for operating on

a predetermined database containing medical service codes and a

set of relationships among the medical service codes defining

whether selected ones of the medical service codes are valid

when input with other selected ones of the medical service

codes, a method for processing input claims containing at least

one medical service code, comprising the steps of:

MCK 000278

receiving at least one claim;

ascertaining whether the at least one claim contains a plurality of medical service codes;

determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database;

authorizing medical service codes which are valid in response to the determining step; and

rejecting medical service codes which are invalid in response to the determining step.

8. The method of claim 7, further comprising the step of revising the at least one claim to delete invalid medical service codes.

9. The method of claim 8, further comprising the step of informing a user why the at least one claim was revised.

10. The method of claim 7, wherein the database containing medical service codes includes medical service codes described by CPT codes.

11. The method of claim 7, wherein the database containing medical service codes includes medical service codes described by CRVS codes.

- 2 -

MCK 000279

12. The method of claim 7, further comprising the step of requesting further information from a user regarding the at least one claim.

13. The method of claim 7, wherein the relationships among the medical service codes include medically determined relationships.

14. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, a method for processing input claims containing at least one medical service code, comprising the steps of:

receiving at least one claim;



ascertaining whether the at least one claim contains a plurality of medical service codes;

determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim;

authorizing medical service codes which are not contained in any other medical service code; and

rejecting medical service codes which are contained in any other medical service code.

— 3 —

MCK 000280

15. The method of claim 14, further comprising the step of revising the at least one claim to not include a rejected medical service code.

16. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, a method for processing input claims containing at least one medical service code, comprising the steps of:

receiving at least one claim;

ascertaining whether the at least one claim contains a plurality of medical service codes;

determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service code in the at least one claim;



authorizing medical service codes which are not medically exclusive with any other medical service codes contained in the at least one claim in response to the determining step; and

rejecting medical service codes which are medically exclusive with any other medical service codes contained in the at least one claim in response to the determining step.

– 4 –

MCK 000281

C.M    27. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, a method for processing input claims containing at least one medical service code, comprising the steps of:

P|    receiving at least one claim;

L    determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and

P|    informing a user that a medical service code is not contained in the predetermined database.

28. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, a method for processing input claims containing at least one medical service code, comprising the steps of:

P|    receiving at least one claim;

L    ascertaining whether the at least one claim contains a plurality of medical service codes;

- 5 -

*103*

MCK 000282

determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim;

authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step; and

rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step.

3
15. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising:

a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes;

means for receiving at least one claim;

means for ascertaining whether the at least one claim contains a plurality of medical service codes;

- 6 -

*104*

MCK 000283

means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database;

means for authorizing medical service codes which are valid in response to the means for determining; and

means for rejecting medical service codes which are invalid in response to the means for determining.

4
20. The apparatus of claim 19, further comprising means for revising the at least one claim to delete invalid medical service codes.

5
21. The apparatus of claim 20, further comprising means for informing a user why the at least one claim was revised.

6
22. The apparatus of claim 19, wherein the database containing medical service codes includes medical service codes described by CPT codes.

7
23. The apparatus of claim 19, wherein the database containing medical service codes includes medical service codes described by CRVS codes.

— 7 —

105

MCK 000284

24. The apparatus of claim 3, further comprising means for requesting further information from a user regarding the at least one claim.

25. The apparatus of claim 3, wherein the relationships among the medical service codes include medically determined relationships.

26. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service claim, comprising:

a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes;

means for receiving at least one claim;

means for ascertaining whether the at least one claim contains a plurality of medical service codes;

means for determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim;

means for authorizing medical service codes which are not contained in any other medical service code; and

- 8 -

MCK 000285

means for rejecting medical service codes which are contained in any other medical service code.

27. The apparatus of claim 26, further comprising means for revising the at least one claim to not include a rejected medical service code.

28. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising:

a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes;

means for receiving at least one claim;

means for ascertaining whether the at least one claim contains a plurality of medical service codes;

means for determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service code in the at least one claim;

means for authorizing medical service codes which are not medically exclusive with any other medical service codes

MCK 000286

contained in the at least one claim in response to the means
for determining; and

P1    means for rejecting medical service codes which are
medically exclusive with any other medical service codes
contained in the at least one claim in response to the
determining step.

13
25. A computer system including a central processing
unit and associated memory for processing input claims
containing at least one medical service code, comprising:

P1  a predetermined database stored in the associated
memory, the database containing medical service codes and a set
of relationships among the medical service codes defining
whether selected ones of the medical service codes are valid
when received with other selected ones of the medical service
codes;

P1    means for receiving at least one claim;

L    means for determining whether any medical service code
contained in the at least one claim is not present in the
predetermined database; and

P1    means for informing a user that a medical service code
is not contained in the predetermined database.

14
26. A computer system including a central processing
unit and associated memory for processing input claims
containing at least one medical service code, comprising:

- 10 -

108

MCK 000287

a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes;

means for receiving at least one claim;

means for ascertaining whether the at least one claim contains a plurality of medical service codes;

means for determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim;



means for authorizing medical services codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining; and

means for rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining.

15. A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising:

MCK 000288

a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes;

means for receiving at least one claim;

means for ascertaining whether the at least one claim contains a plurality of medical service codes;

means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database;

means for authorizing the at least one claim in response to the means for determining; and

means for rejecting the at least one claim in response to the means for determining.

32. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical services codes, a method for processing input claims containing at least one medical service code, comprising the steps of:

110

MCK 000289

receiving at least one claim;

ascertaining whether the at least one claim contains a plurality of medical service codes;

determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database;

authorizing the at least one claim in response to the determining step; and

rejecting the at least one claim in response to the determining step.

## REMARKS

This is a preliminary amendment accompanying the filing of a continuation application. Claims 1-6 have been cancelled without prejudice. In their place, Applicants have submitted new claims 7-32 which are believed to clearly and patentably distinguish the present invention over the prior art of record.

In the Office Action of October 29, 1990, claims 1 and 2 were rejected under 35 U.S.C. §102(a) as being anticipated by, or in the alternative under 35 U.S.C. §103 as obvious over Weitzel et al. Claims 3-6 were rejected under 35 U.S.C. §103 as being unpatentable over the combination of Weitzel et al. in view of Hardy et al. Applicants respectfully traverse this rejection.

- 13 -

MCK 000290

Applicants do not believe that the Weitzel et al. reference is a valid reference under 35 U.S.C. §102. To be a valid reference, the Weitzel et al., reference must enable someone to practice the invention. It does not do that.

In Reading & Bates Construction Co. v. Baker Energy Resources Corporation and Baker Marine Corp., 233 USPQ 1168, 1173 (Fed. Cir. 1984), appeal No. 84-527, decided November 15, 1984, the Court held:

> . . .For the invention of the '903 patent to be described in the Smith brochure pursuant to §102(b), the Smith brochure itself must enable someone to practice the invention of the '903 patent. Preemption Devices Inc. v. Minnesota Mining & Mfg. Co., 732 F.2d 903, 906-221 USPQ 841 (Fed. Cir. 1984). It does not do that. The mere fact that the Smith brochure, a one-page promotional brochure, boasts the ability and results of the process of the '903 patent is insufficient, as a matter of law, to constitute an enabling disclosure of the process of the '903 patent.
>
> The Smith brochure itself may qualify as a prior art reference under §103, but only for what is disclosed in it. It cannot serve as the vehicle by which the '903 patent and the more detailed disclosure it contains may also be considered as prior art. (Emphasis in original)

In view of the Federal Circuit holding, Applicants believe that the Weitzel et al. reference is only valid for what is disclosed in it. The Office Action states, with respect to p. 30 Weitzel et al., "This phrase implies that the system does revise a medical claim not to include inappropriate medical claims, exactly what is claimed by applicants". The Applicants believe that functions should not be and cannot be

- 14 -

MCK 000291

inferred from statements in the Weitzel et al. reference.
Weitzel et al. merely state the <u>results</u> of processing, not how
the processing is accomplished, or any of the rules used.  The
reference is only valid for what it does disclose, and nothing
more.  It is inappropriate to infer that Weitzel et al.
performs any functions beyond the statements of the abilities
of the system and results of the claim review procedures.

        Even assuming that Weitzel et al. is a valid
reference, the present invention, as claimed, is still
patentably distinct from Weitzel et al.  Weitzel et al. is a
system for reviewing claims to determine if the health care
services performed were medically necessary and properly
authorized.  On page 28 of Weitzel et al., determining medical
"necessity" is described as assessing the patient's diagnosis,
surgical procedures, the length of time since they occurred and
severity of the patient's condition.  On page 29 of Weitzel et
al., an indicator of a patient's prognosis is described as the
device by which the patient's recouprative potential and
therefore the type and degree of medical services necessary, is
assessed.  Thus, Weitzel et al. is concerned with determining
whether or not the total services billed were appropriate given
the patient's medical condition.

        By contrast, the present invention is concerned with
determining whether or not service providers are attempting to
claim excess payment for medical services by violating rules

MCK 000292

which interrelate predetermined medical service codes.  Unlike
Weitzel et al., the present invention does not assess the
patient's "prognosis" to determine whether or not the medical
service claims are appropriate for the patient's condition.
The present invention uses and claims a set of rules that
describe the relationship between medical service codes (which
correspond to particular medical services or procedures) to
determine whether or not there are improper medical service
codes in a particular claim.

Even when additionally combined with the Hardy et al.
reference, there are still no teachings or suggestions of the
present invention, as claimed.  Hardy et al. discloses a basic
expert system tool including a knowledge base having facts and
ruled, and editing and communication tools.  There is no
teaching or suggestion in either Hardy et al. or Weitzel that
these references may be combined in the manner stated in the
Office Action.  Further, even if these references could be
combined as stated in the Office Action, the combination would
not meet the limitations of the claims.  The combination of
Weitzel et al. and Hardy et al. suggests an expert system which
reviews medical service claims and assesses the appropriateness
of the medical services in light of the patient's prognosis or
medical condition and is then able to inform the user of the
system's decision process or request further information from
the user.  As with Weitzel et al. itself, there is no teaching

- 16 -

MCK 000293

or suggestion of rules describing relationships among particular medical service codes for assessing whether a medical service claim contains medical service codes which violate the rules.

With regard to the claims, Applicants are submitting a set of claims which are believed to clearly distinguish over the Weitzel et al. and Hardy et al. references, either singly or in combination. Claims 7-12, and 31 are method claims, of which claim 7, 14, 16, 17, 18, and 31 are independent. Claims 19-30, and 32 are apparatus claims, of which claims 19, 26, 28, 29, 30, and 32 are independent.

Taking claim 7 as exemplary of the method claims, claim 7 recites a computer system having means for operating on "a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with selected ones of the medical service codes." Claim 7 additionally cites receiving at least one claim and ascertaining whether there are a plurality of medical service codes in the at least one claim. Claim 7 further recites "determining whether one of the medical service codes in the plurality of medical service is valid or invalid by interacting with the database and the set of relationships contained in the database" and "authorizing medical service codes which are valid", and "rejecting medical service codes which are invalid

- 17 -

MCK 000294

in response to the determining step".  Applicants believe that
these recitations in claim 7, such as, _inter alia_, describing
the predetermined database as containing medical service codes
and a set of relationships among the codes, processing the
codes to determine which ones are valid, and authorizing valid
medical service codes and rejecting invalid medical service
codes distinguish the present invention over the art of
record.  Applicants believe that the prior art, either singly
or in combination, contains no teaching or suggestion of a
database containing medical service codes and relationships
among the codes.  The prior art of record, namely, the Weitzel
et al. reference, only refers to a method for determining
whether or not a particular course of medical treatment is
authorized or not.

Claim 14 describes a method similar to claim 7 and
recites _inter alia_ "determining whether one of the medical
service codes in the at least one claim is included in any
other medical service code in the at least one claim,
authorizing medical service codes not contained in any other
medical service code, and rejecting medical service codes which
are contained in any other medical service code".

Claim 16 describes a similar method as claim 7 and
recites, _inter alia_ "determining whether one of the medical
service codes in the at least one claim is medically exclusive

— 18 —

MCK 000295

with any other medical service code in the at least one claim",
"authorizing medical service codes which are not medically
exclusive with any other medical service codes", and "rejecting
medical service codes which are medically exclusive with any
other medical service codes" in response to the determining
step.

Claim 17 describes a method similar to claim 7 and
recites, inter alia, "determining whether any medical service
code contained in the at least one claim is not present in the
predetermined database", and "informing a user that a medical
service code is not contained in the predetermined database".

Claim 18 describes a similar method as claim 7 and
recites, inter alia, "determining whether one of the medical
service codes in the at least one claim is mutually exclusive
due to non-medical criteria with any other medical service
code", "authorizing medical service codes which are not
mutually exclusive due to non-medical criteria with any other
medical service codes", and "rejecting medical service codes
which are mutually exclusive due to non-medical criteria with
any other medical service codes" in response to the determining
step.

Claim 19 describes a computer system including a
central processing unit and associated memory for processing
input claims including "a predetermined database stored in the

- 19 -

MCK 000296

associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes", "means for receiving at least one claim", and "means for ascertaining whether the at least one claim contains a plurality of medical service codes".

Claim 19 further recites "means for determining whether one of the medical service codes in the plurality of medical service codes are valid or invalid by interacting with the database and set of relationships contained in the database", and "means for authorizing valid medical service codes" and "means for rejecting invalid medical service codes". Claim 19 is believed to distinguish over the prior art of record because, inter alia, there is no means for determining whether one of the medical service codes is valid or invalid and no means for authorizing valid medical service codes and no means for rejecting invalid medical service codes disclosed or suggested in the prior art of record.

Claim 26 describes a system similar as claim 19 and recites, inter alia, "means for determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim", "means for authorizing medical service codes which are not

MCK 000297

contained in any other medical service code", and "means for
rejecting medical service codes which are contained in any
other medical service code".

Claim 28 describes a system similar to claim 19 and
recites, inter alia, "means for determining whether one of the
medical service codes in the at least one claim is medically
exclusive with any other medical service code in the at least
one claim", "means for authorizing medical service codes which
are not medically exclusive with any other medical service
codes", and "means for rejecting medical service codes which
are medically exclusive with any other medical service codes"
in response to the means for determining.

Claim 29 describes a system similar to claim 19 and
describes, inter alia, "means for determining whether any
medical service code contained in the at least one claim is not
present in the predetermined database" and "means for informing
a user that a medical service code is not contained in the
predetermined database".

Claim 30 describes a system similar to claim 19 and
recites, inter alia, "means for determining whether one of the
medical service codes in the at least one claim is mutually
exclusive due to non-medical criteria with any other medical
service code in the at least one claim", "means for authorizing
medical service codes which are not mutually exclusive due to

- 21 -

MCK 000298

non-medical criteria with any other medical service codes", and "means for rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes" in response to the means for determining.

Claim 31 describes a similar method as claim 7 and recites, _inter alia_, "determining whether one of the medical service codes in a plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database", "authorizing the at least one claim in response to the determining step," and "rejecting the at least one claim in response to the determining step".

Claim 32 describes a system similar to claim 19 and recites, _inter alia_, "means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database", "means for authorizing the at least claim in response to the means for determining", and "means for rejecting the at least one claim in response to the means for determining".

The dependent claims additionally describe further patentable features of the present invention.

In view of the foregoing amendments and remarks, application should now be in condition for allowance. A notice

- 22 -

MCK 000299

to this effect is respectfully requested.  Should further
questions arise concerning this application, the Examiner is
invited to call the Applicants' attorney at the number listed
below.

                        Respectfully submitted,

                        Donald C. Holloway, et al.

                    By
                        A. Jason Mirabito
                        Reg. No. 28,161
                        Wolf, Greenfield & Sacks, P.C.
                        600 Atlantic Avenue
                        Boston, MA  02210-2211
                        Tel.: (617) 720-3500

Docket no. H033/7002

Dated:  January 29, 1991

0408v

                        - 23 -

                                        MCK 000300

# Exhibit M

Redacted

# Exhibit N

1　　　　　　IN THE UNITED STATES DISTRICT COURT

2　　　　　　　FOR THE DISTRICT OF DELAWARE

3

4　　　MCKESSON INFORMATION　　　　）

　　　　SOLUTIONS, LLC,　　　　　　）

5　　　　　　　　　　　　　　）

　　　　　　　PLAINTIFF,　　）

6　　　vs.　　　　　　　） Case No. 04-1258-SLR

　　　　　　　　　　　　　　　）

7　　　THE TRIZETTO GROUP, INC.,　　）

　　　　　　　　　　　　　　　）

8　　　　　　　DEFENDANT.　　）

　　　　─────────────────────）

9

10

11

12

13

14　　　VIDEO DEPOSITION OF MARK MUSEN, M.D., PH.D.

15　　　Held at Skadden, Arps, Slate, Meagher & Flom

16　　　　525 University Avenue, 11th Floor

17　　　　　　Palo Alto, California

18　　　Tuesday, November 22, 2005, 9:11 a.m.

19

20

21

22

23

24　　　REPORTED BY:  CHRIS DE GEORGE, CSR. NO. 7069

25

1

11/22/2005  Musen, Mark

1    A.  Yes.

2    Q.  Okay.  How do you know that it performs that

3    identical function?

4    A.  I know that by looking at the product

5    literature that I've been — been given and by reviewing

6    the testimony of all those who were deposed in this

7    case.

8    Q.  Okay.  Where in your report, MM-1, is the

9    structure identified that corresponds to the function

10   that I just read into the record?

11   A.  The structure is software.  My understanding

12   in this case is that it is sufficient to say that the

13   function is implemented in software.

14   Q.  Is — is there any particular software or are

15   you just saying software?

16   A.  Well, the patent specification gives a

17   particular embodiment for how that software might be

18   constructed, but at issue is whether software is used to

19   perform this particular function, a function which,

20   until this patent, had been done only manually.

21   Q.  Okay.  So software is used.  Can you identify

22   then — well, let — let's be clear.  Your report

23   does- — doesn't call out exactly what software is used.

24   A.  That's correct.

25   Q.  Okay.  Can you identify for me, though, in the

# Exhibit O

1          UNITED STATES DISTRICT COURT

2          DISTRICT OF DELAWARE

3

4     McKESSON INFORMATION SOLUTIONS, LLC,

5          Plaintiff

6     v.              CA NO. 04-1258 (SLR)

7     THE TRIZETTO GROUP, INC.,

8          Defendant

9

10

11

---

12              VOLUME 1

13         VIDEOTAPED DEPOSITION OF RANDALL

14    DAVIS, Ph.D., a witness called on behalf of

15    the Plaintiff, pursuant to the Federal Rules

16    of Civil Procedure, before Jessica L.

17    Williamson, Registered Merit Reporter,

18    Certified Realtime Reporter and Notary

19    Public in and for the Commonwealth of

20    Massachusetts, at the Offices of Skadden,

21    Arps, Slate, Meagher & Flom LLP, One Beacon

22    Street, Boston, Massachusetts, on Wednesday,

23    November 30, 2005, commencing at 9:27 a.m.

24    JOB NO. 41297

25

**11/30/2005  Davis, Randall**

1    will process a single code on the claim.

2    And they do both of those in the same

3    fashion.  There's no difference in how they

4    proceed on those.

5    Q.  Okay.  That's not my -- my question is

6    simply this:  Do --

7    A.  Okay.  So can I rephrase my answer perhaps

8    to, excuse me, address your question?

9    Q.  I want the question and answer.

10   A.  Certainly.

11   Q.  All three of the accused TriZetto systems in

12   fact operate to apply clinical editing to a

13   plurality of medical service codes within a

14   given claim, correct?

15         MR. SEGAL:  Vague and ambiguous,

16   incomplete description.

17   A.  That is correct, but incomplete.

18   Q.  Well, and the incomplete part is that they

19   are also capable of and in fact perform

20   clinical editing on one medical service code

21   contained in the claim, correct?

22   A.  That's part of the incompleteness.  Another

23   part of the incompleteness is they do both

24   of those indistinguishably where the

25   McKesson system explicitly distinguishes and

289

11/30/2005  Davis, Randall

1    does something different.  In each case it's

2    in the code, it's in the flow charts, it's

3    in the text of the patent, and it's in the

4    claim.

5    Q.  All right.  You have an argument that you

6        want to advance regarding your position on

7        non-infringement, and I understand that.

8        There will be a time and place for that.

9        All I'm asking you is a simple yes or no

10       question, which is, do all three of the

11       TriZetto systems operate to apply clinical

12       editing to a plurality of medical service

13       codes contained in a given medical claim?

14             MR. SEGAL:  Objection, vague.

15   A.  As an incomplete description that is

16       accurate -- I'm sorry, that's an accurate

17       but incomplete description.

18   Q.  And I'm not attempting to articulate or

19       characterize all the operations of the

20       system, I'm just asking, does it perform

21       that function?  And the answer is yes?

22   A.  It's part of what it does, it performs that

23       function.

24   Q.  All right.  That's fine.  Do all three of

25       the TriZetto-accused infringing systems also

290

**11/30/2005  Davis, Randall**

1      of the rules in Appendix B?

2   A.  Let me just get there.  I think you need to

3      explain "incorporates any of the structure."

4   Q.  Okay.  Can you identify where MULTIPLE.PRG

5      is in the patent?

6   A.  It is my belief, but I'm not positive, that

7      it starts at the top of Column 73.

8   Q.  Is it identified as MULTIPLE.PRG in the

9      patent?

10  A.  That's partly why I'm a little unclear.

11      MR. RANDALL:  Counsel, I'm going to

12      object that this goes beyond the scope of my

13      examination.  I don't recall asking him

14      specifically about this.

15      MR. SEGAL:  You asked him about

16      this element of means for determining, and

17      I'm asking him about it, so I think it's

18      appropriate.

19      MR. RANDALL:  I object.

20      MR. SEGAL:  I understand that.

21      BY MR. SEGAL:

22  Q.  Can you tell me whether or not the TriZetto

23      accused systems have identical structure to

24      the structure in what you think is

25      MULTIPLE.PRG?

300

11/30/2005  Davis, Randall

1    A.  Clearly they do not.

2    Q.  Do you think they have equivalent structure

3        to what's in PRG --

4            MR. RANDALL:  Lacks foundation.

5    A.  No, they do not.

6    Q.  Do you have a running version of any of the

7        accused systems in your office?

8    A.  No.

9    Q.  Have you attempted to install any of the

10       accused systems?

11   A.  No.

12   Q.  In the demonstration that you reviewed, did

13       you review the processing of a claim from

14       receipt of a claim through payment?

15   A.  No.

16   Q.  What portion of the processing of a claim

17       did you review?

18   A.  The entry of --

19           MR. RANDALL:  Objection, lacks

20       foundation.

21   A.  The entry of the medical service codes and

22       the result of doing the clinical editing on

23       the medical service codes.

24   Q.  Did you review any other parts of the claims

25       processing system other than that?

# Exhibit P

1            IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF DELAWARE

3

4     McKESSON INFORMATION

      SOLUTIONS, LLC,

5                         Civil Action

            Plaintiff,      No. 04-1258-SLR

6

          vs.

7

      THE TRIZETTO GROUP, INC.,

8

          Defendant.

9

10

11

          _____

12

13       The videotaped deposition of JOHN PETER

14       DANZA, called by the Plaintiff for examination,

15       pursuant to Notice, and pursuant to the Rules of

16       Civil Procedure for the United States District

17       Courts, taken before Sandra L. Rocca, CSR and

18       Notary Public in and for the County of DuPage, and

19       State of Illinois, at 333 West Wacker Drive,

20       Chicago, Illinois, on the 12th day of September,

21       2005, at the hour of 9:45 a.m.

22

23       JOB NO. 38561

24

                                                          1

1    A.  Yes, that's correct.

2    Q.  I'd like to direct your attention back to

3  Danza Exhibit 7, which is the patent numbered

4  5,253,164.  Flip to the second to last page,

5  please.

6    A.  Okay.

7    Q.  If we could just walk through what is

8  numbered paragraph 1 and you can stop me and say I

9  don't understand your question at any point, feel

10  free.  And you can have your standing objection

11  again.

12      MR. MUINO:  Yes, please.

13  BY MR. HENDERSHOT:

14    Q.  On the first line of paragraph 1,

15  Mr. Danza, it says -- at the opening of paragraph

16  -- strike that.

17      Paragraph 1 opens with, "In a computer

18  system having a means for operating on a

19  predetermined database."  Do you see that?

20    A.  I do.

21    Q.  To your understanding, does QicLink

22  operate with a computer system having means for

23  operating on a predetermined database?

24    A.  On a predetermined database.  Again, I

9/12/2005 Danza, John

1    don't know what a predetermined database would

2    indicate, but yes, it has a database.

3        Q.  If the database being included within

4    ClinicaLogic -- strike that.

5            Does QicLink also include a database

6    containing medical service codes and a set of

7    relationships among the medical service codes

8    defining whether a selected one of the medical

9    service codes are valid when input with other

10    selected ones of the medical service codes?

11        A.  Yes, it does.

12        Q.  That database that contains those

13    relationships, its contents are predetermined prior

14    to shipment to a customer, is that correct?

15        A.  Yes, that's correct.

16        Q.  And QicLink also includes -- I'm at the

17    bottom of paragraph 1, the first paragraph

18    underneath heading one.  QicLink also includes a

19    method for processing input claims containing at

20    least one medical service code, is that correct?

21        A.  Oh, I see.  You're not on the indented

22    piece?

23        Q.  No, I'm on the first piece still.

24        A.  Yes, that's correct.

I, JOHN PETER DANZA, do hereby declare under penalty of perjury that I have read the foregoing transcript; that I have made any corrections as appear noted, in ink, initialed by me, or attached hereto; that my testimony as contained herein, as corrected, is true and correct.

EXECUTED this _2_ day of _December_,
20_05_, at _Naperville_, _Illinois_.
         (City)                    (State)


_____
                JOHN PETER DANZA

120

# Exhibit Q

McKesson v. TriZeto

# TRIZETTO'S SUPPLEMENTAL PROPOSED CLAIM CONSTRUCTION

### October 11, 2005

TriZetto sets forth the following supplemental list of claim terms to be construed from the '164 patent and TriZetto's proposed construction. This list incorporates information from and adds to TriZetto's initial claim construction statement served on July 21, 2005.

TriZetto's investigation is ongoing and McKesson has not yet provided an adequate claim construction statement of its own. The following proposed constructions are being provided as part of the meet and confer process set forth in the Court's Scheduling Order and in response to the Court's instructions from the September 22, 2005 discovery conference. Accordingly, TriZetto reserves its right to supplement or modify this proposed claim construction, and to identify intrinsic or extrinsic evidence and call expert witnesses with regard to the construction of claim terms in the '164 patent.

| Claim Term to Be Construed | McKesson's Proposed Claim Construction | TriZetto's Proposed Claim Construction |
|---|---|---|
| 1. In a computer system having a *means for operating on a predetermined database containing a set of medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes*, a method for processing input claims containing | *means for operating on a predetermined database*<br><br>The structure corresponding to this means comprises data processing capabilities, memory, and software capable of managing a database, as well as their equivalents. See, e.g., Fig. 1; col. 4, ll. 33-42. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance | *means for operating on a predetermined database*<br><br>This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. |

4021767.2_5.DOC

| Claim term / disputed claim language | Agreed / proposed claim construction | HHI's proposed claim construction |
|---|---|---|
| at least one medical service code, comprising the steps of: | with this claim. *See, e.g.*, Fig. 1; col. 4, ll. 33-42; col. 10, ll. 51-64; App. D. | |
| | **a computer system**<br>Ordinary meaning. No construction required. | **a computer system**<br>A system composed of two or more electronic devices (including a computer central processing unit and associated memory) and associated software, capable of receiving and processing medical claims as set out in the patent claims. |
| | **medical service code**<br>A code representing a particular medical service or procedure, *e.g.*, CPT-4 codes, CRVS codes, and similar medical service or procedure codes. | **medical service codes**<br>A code, description, or other indicator that is used to denote a medical service, treatment, or procedure. |
| | | **a predetermined database**<br>A single computer-readable database that is provided in a format that cannot be modified by the recipient. |
| | **a predetermined database containing medical service codes and a set of relationships among the medical service codes**<br>Ordinary meaning. No construction required. | **containing medical service codes and a set of relationships among the medical service codes**<br>Including only medical service codes and a set of relationships among the medical service |

| Claim Term/Phrase/Clause | McKesson's Proposed Claim Construction | TriZetto's Proposed Claim Construction |
|---|---|---|
| a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes. | A set of relationships among the medical service codes defining whether one or more medical service codes are appropriate for payment when input with one or more different medical service codes. | A set of rules specifying that if two or more particular medical service codes are input together as part of the same claim, then one or more of the input medical service codes are appropriate for payment. |
| (a) receiving at least one claim; | Ordinary meaning. No construction required. | This claim limitation contains no act, only function, and the specification does not provide any supporting acts corresponding to this claim limitation. Notwithstanding, TriZetto does not currently believe this limitation requires construction. |
| (b) determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and | Ordinary meaning. No construction required. | McKesson has failed to identify any structure or supporting acts corresponding to this claim limitation. TriZetto contends that there is no structure or supporting acts set forth in the specification to support this claim limitation. With regard to construction of the function, TriZetto believes that this claim limitation should be construed to mean performing a |

| Claim Terms to be Construed | McKesson's Proposed Claim Construction | TriZetto's Proposed Claim Construction |
|---|---|---|
| | | check to verify that the medical service codes input by the user as part of a claim actually exist in the predetermined database. |
| (c) informing a user that a medical service code is not contained in the predetermined database. | Ordinary meaning. No construction required. | This claim limitation contains no act, only function, and the specification does not provide any supporting acts corresponding to this claim limitation. Notwithstanding, TriZetto does not currently believe this limitation requires construction. |
| 2.    In a computer system having *means for operating on a predetermined database* containing *medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes*, a method for processing input claims containing at least one medical service code, | *means for operating on a predetermined database*<br><br>See Claim 1. | *means for operating on a predetermined database*<br><br>See Claim 1. |

| Claim Terms / Phrases to be construed | Plaintiffs' Proposed Claim Construction | Defendants' Proposed Claim Construction |
|---|---|---|
| comprising the steps of: | | |
| a computer system | *See Claim 1.* | a computer system *See Claim 1.* |
| medical service code | *See Claim 1.* | medical service codes *See Claim 1.* |
| a predetermined database containing medical service codes and a set of relationships among the medical service codes | *See Claim 1.* | a predetermined database containing medical service codes and a set of relationships among the medical service codes *See Claim 1.* |
| a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes | *See Claim 1.* | a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes *See Claim 1.* |
| (a) receiving at least one claim; | Ordinary meaning. No construction required. | *This claim limitation contains no act, only function, and the specification does not provide any supporting acts corresponding to* |

| Claim Term or Limitation | McKesson's Proposed Claim Construction | TriZetto's ... |
|---|---|---|
| | | this claim limitation. Notwithstanding, TriZetto does not currently believe this limitation requires construction. |
| (b) ascertaining whether the at least one claim contains a plurality of medical service codes; | Ordinary meaning. No construction required. | This claim limitation contains no act, only function, and the specification does not provide any supporting acts corresponding to this claim limitation. Notwithstanding, TriZetto does not currently believe this limitation requires construction. |
| (c) determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim; | determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim. Ordinary meaning. No construction required. | determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim. McKesson has failed to identify any structure or supporting acts corresponding to this claim limitation. TriZetto contends that there is no structure or supporting acts set forth in the specification to support this claim limitation. With regard to construction of the function, TriZetto believes that this claim limitation should be construed to mean applying a rule specifying that if two or more particular medical service codes are input together as part of the same claim, then one of the input medical service codes is not appropriate for |

| Claim Terms / Our Construction | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| **non-medical criteria**<br>Ordinary meaning. No construction required. | Ordinary meaning. No construction required. | **non-medical criteria**<br>*This phrase is indefinite, in so far as a person of ordinary skill in the art would not know what this phrase covers and the phrase is not defined in the specification.* |
| payment. | Ordinary meaning. No construction required. | McKesson has failed to identify any structure or supporting acts corresponding to this claim limitation. TriZetto contends that there is no structure or supporting acts set forth in the specification to support this claim limitation. With regard to construction of the function, TriZetto believes that this claim limitation should be construed to mean displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should be authorized for payment, as determined by the "determining" step. |
| **(d) authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service criteria contained in the at least one claim in response to the determining step; and** | Ordinary meaning. No construction required. | McKesson has failed to identify any structure or supporting acts corresponding to this claim limitation. TriZetto contends that there is no structure or supporting acts set forth in the specification to support this claim limitation. |
| **(e) rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at** | Ordinary meaning. No construction required. | |

| Claim Term to be Construed | McKesson's Proposed Claim Construction | TriZetto's Proposed Claim Construction |
|---|---|---|
| least one claim in response to the determining step. | | With regard to construction of the function, TriZetto believes that this claim limitation should be construed to mean displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should not be authorized for payment, as determined by the "determining" step. |
| 3. **A computer system** including a central processing unit and associated memory for processing input claims containing at least one **medical service code**, comprising: <br><br> **a computer system** | **a computer system** <br> *See Claim 1.* | **a computer system** <br> *See Claim 1.* |
| **medical service code** | **medical service code** <br> *See Claim 1.* | **medical service code** <br> *See Claim 1.* |
| (a) **a predetermined database** stored in the associated memory, the database containing | **a predetermined database . . . containing** medical service codes and a set of relationships among the medical service | **a predetermined database** <br> *See Claim 1.* |

| CLAIM TERMS TO BE CONSTRUED | McKesson's Proposed Construction | TriZetto's Proposed Construction |
|---|---|---|
| medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | codes<br><br>*See Claim 1.*<br><br>a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes<br><br>*See Claim 1.* | containing medical service codes and a set of relationships among the medical service codes<br><br>a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes<br><br>*See Claim 1.* |
| (b)  means for receiving at least one claim; | McKesson agrees with TriZetto that this claim element does not require construction.<br><br>The structure corresponding to this means comprises hardware and software capable of receiving the at least one claim by the computer system, as well as equivalents. *See, e.g.,* Fig. 1; col. 4, ll. 27-42 & 51-54; App. D.  It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See, e.g.,* Fig. 1; col. 4, ll. 27-42 & 51-54; col. 10, ll. 51-1; | *This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification.  McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Notwithstanding, TriZetto does not believe that the function described in this element requires construction.* |

9

4021767_5.DOC

| Claim Term, Phrase or Clause | McKesson's Proposed Claim Construction | TriZeto's Proposed Claim Construction |
|---|---|---|
| (c) means for ascertaining whether the at least one claim contains a plurality of medical service codes; | 64; App. A.<br><br>McKesson agrees with TriZeto that this claim element does not require construction.<br><br>The structure corresponding to this means comprises software capable of ascertaining whether the at least one claim contains a plurality of medical service codes, as well as its equivalents. *See e.g.* Figs. 2-43; col. 5, ll. 45-47 & 52-54; App. D. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See, e.g.,* Figs. 2-3; col. 5, ll. 45-47 & 52-54; col. 10, ll. 51-64; App. D. | *This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*Notwithstanding, TriZeto does not believe that the function described in this element requires construction.* |
| **(d) means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database;** | **means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database**<br><br>The structure corresponding to this means comprises software capable of interacting with the database and the set of relationships contained therein to determine | **means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database**<br><br>*This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson has failed to specifically identify structure corresponding* |

4021767.2_5.DOC

| Claim Terms / TriZetto Construction | McKesson's Proposed Construction | Summary / TriZetto's Proposed Claim Construction |
|---|---|---|
| | whether one of the medical service codes in the plurality of medical service codes is valid or invalid, as well as its equivalents. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 2, 4 & 6; App. A; App. B; App. C; App. D; col. 5, l. 53 – col. 7, l. 60; col. 10, ll. 51–64. | *to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction of the function described in this element:*<br><br>Applying a rule specifying that if two or more particular medical service codes are input together as part of the same claim, then one of the input medical service codes is appropriate or not appropriate for payment. |
| | **valid or invalid**<br><br>Appropriate or inappropriate for payment. | **valid or invalid**<br><br>*This phrase is indefinite, in so far as a person of ordinary skill in the art would not know what this phrase covers and the phrase is not defined in the specification.* |
| (c) _means for authorizing medical service codes which are valid in response to the means for determining_; and | The structure corresponding to this means comprises software capable of authorizing medical services codes which are valid in response to the means for determining, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42–47 & 56–68; col. 6, ll. 30–40; col. 10, ll. 8–16. It is disclosed or otherwise inferred that one skilled in the art would know what | *This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction of* |

4021767_2.5.DOC

| Element/Term of the Claim | McKesson's Proposed Construction | TriZetto's Proposed Construction |
| --- | --- | --- |
| | specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1,2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-47 & 56-68; col. 6, ll. 30-40; col. 10, ll. 8-16 & 51-64. | *the function described in this element:* Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should be authorized for payment, as determined by the "determining" step. |
| (f) <u>means for rejecting medical service codes which are invalid in response to the means for determining.</u> | The structure corresponding to this means comprises software capable of rejecting medical services codes which are invalid in response to the means for determining, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-50; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. A; App. B; App. C; App. D; col. 4, ll. 42-50; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16 & 51-64. | *This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.*<br><br>*TriZetto offers the following construction of the function described in this element:*<br><br>Displaying on a computer monitor or otherwise communicating to a user that one or more medical service codes input by the user as part of a claim should not be authorized for payment, as determined by the "determining" step. |

4021672_5.DOC

| Claim Terms To Be Construed | McKesson's Proposed Claim Construction | TriZetto's Proposed Claim Construction |
|---|---|---|
| 4.      The apparatus of claim 3, further comprising *means for revising the at least one claim to delete invalid medical service codes.* | The structure corresponding to this means comprises software capable of revising the at least one claim to delete invalid medical services codes, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. D; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. B; App. D; col. 6, ll. 30-43; col. 7, ll. 18-31; col. 10, ll. 8-16 & 51-64. | *This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* |
| 5.      The apparatus of claim 4, further comprising *means for informing a user why the at least one claim was revised.* | The structure corresponding to this means comprises hardware and software capable of informing a user why the at least one claim was revised, as well as its equivalents. *See* Figs. 1, 2 & 4; App. A; App. D; col. 4, ll. 42-47; col. 6, ll. 55-66; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one | *This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson has failed to specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order.* |

4021767_5.DOC

13

| Claim Term To Be Construed | McKesson's Proposed Claim Construction | TriZetto's Proposed Claim Construction |
| --- | --- | --- |
| | skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. A; App. D; col. 4, ll. 42-47; col. 6, ll. 55-66; col. 10, ll. 8-16 & 51-64. | |
| 6.   The apparatus of claim 3, wherein the database containing **medical service codes** includes medical service codes described by CPT codes. | *See Claim 1.* | *See Claim 1.* |
| 8.   The apparatus of claim 3, further comprising *means for requesting further information from a user regarding the at least* | The structure corresponding to this means comprises hardware and software capable of requesting further information from a user regarding the at least one claim, as well as regarding the at least | This means-plus-function element lacks complete supporting structure, because the predetermined database is not disclosed in the specification. McKesson has failed to |

40217672_5.DOC

14

| Claim Terms To Be Construed | Mikohn's Proposed Claim Construction | IGT's Proposed Claim Construction |
|---|---|---|
| one claim. | its equivalents. *See* Figs. 1, 2 & 4; App. A; App. B; App. D; col. 4, ll. 42-50 & 56-64, col. 7, l. 61 – col. 10, l. 2; col. 10, ll. 8-16. It is disclosed or otherwise inferred that one skilled in the art would know what specific software/algorithm(s) could be used to perform the claimed function in accordance with this claim. *See* Figs. 1, 2 & 4; App. A; App. B; App. D; col. 4, ll. 42-50 & 56-64; col. 7, l. 61 – col. 10, l. 2; col. 10, ll. 8-16 & 51-64. | specifically identify structure corresponding to this claim limitation, as required by the Court's September 22, 2005 Order. |
| 9. The apparatus of claim 3, wherein the relationships among the medical service codes include medically determined relationships. | Ordinary meaning. No construction required. | This phrase is indefinite, in so far as a person of ordinary skill in the art would not know what this phrase covers and the phrase is not defined in the specification. |

4021672_5.DOC