IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TRIZETTO GROUP, INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 04-1258-SLR |

**PLAINTIFF MCKESSON INFORMATION SOLUTIONS LLC'S
MEANS-PLUS-FUNCTION CLAIM CONSTRUCTION CHART
<u>SUBMITTED TO THE COURT DURING THE FEBRUARY 16, 2006 HEARING</u>**

Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiff McKesson
  Information Solutions LLC

OF COUNSEL:
Jeffery G. Randall
David W. Hansen
Michael C. Hendershot
Jon V. Swenson
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500

DATED: February 22, 2006

Attached hereto as Exhibit A is the Claim Construction Chart McKesson provided to the Court during the February 16, 2006 hearing. McKesson continues to believe that its proposed claim constructions of the means-plus-function elements are appropriate and should be adopted by the Court. However, should the Court conclude that a more detailed identification of structure is necessary, McKesson has submitted the attached Chart in the hopes of narrowing the scope of the disputes before the Court.

The Chart provides a construction of the means-plus-function claim elements tied directly to the rules set forth in Appendix B of the '164 patent (the "Appendix B Rules"). TriZetto emphasized in its Answering Claim Construction Brief and during the February 16 hearing that the Appendix B Rules are the heart of the claimed inventions and their point of novelty. For example, in its Answering Claim Construction Brief, TriZetto focused its argument regarding the algorithms corresponding to the various means-plus-function elements on the Appendix B Rules and argued that those Rules were the inventions' point of novelty. *See, e.g.,* D.I. 257 at 5, 8-10. TriZetto also acknowledged that McKesson's Opening Claim Construction Brief identified "specific rules from Appendix B" and related sections of the specification and figures as supporting structure for the claimed "determining," "authorizing," and "rejecting" functions but criticized McKesson's construction for not expressly reciting the Appendix B rules as corresponding structure. *See id.* at 35.

McKesson therefore believes that the constructions set forth in the Chart — which tie the means-plus-function elements to the corresponding algorithms disclosed in the Appendix B Rules — resolve many of the claim construction disputes before the Court should it conclude a more detailed definition of structure is necessary. These constructions are fully supported by the

arguments made in McKesson's Opening Claim Construction Brief. *See, e.g.*, D.I. 170 at 20, 22, 25, 30-33, 36-37.

In contrast, TriZetto's proposed construction for these claim elements is unhelpful even under its own theories. Although TriZetto has repeatedly emphasized that the means-plus-function elements should be limited to the corresponding algorithms disclosed in the specification, TriZetto has never identified an algorithm for most of those elements. Rather, TriZetto merely cites to multiple, lengthy passages from the specification — often including the exemplary software code — as the corresponding "structure." TriZetto leaves it to the Court to glean an algorithm from its collection of patent cites, and appears to suggest that TriZetto's products can only infringe the '164 patent if they include the portions of the specification and those particular lines of code referenced by TriZetto. Such an approach is contrary to settled law and the algorithms disclosed in the Appendix B Rules.

As noted, McKesson continues to believe that its proposed constructions are correct and should be adopted by the Court. McKesson has only submitted the Chart in an effort to simplify the Court's claim construction duties should the Court conclude that a more detailed identification of structure is required, and it is submitted without waiver of McKesson's right to argue for its initial construction on appeal, if necessary.

By: /s/ *signature*
Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiff McKesson
Information Solutions LLC

OF COUNSEL:
Jeffery G. Randall
David W. Hansen
Michael C. Hendershot
Jon V. Swenson
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500

DATED: February 22, 2006