IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No. 04-1258 (SLR) |
| THE TRIZETTO GROUP, INC., ) ) | |
| Defendant. ) | |

**OBJECTIONS OF THE TRIZETTO GROUP, INC. TO PLAINTIFF MCKESSON INFORMATION SOLUTIONS LLC'S UNTIMELY MEANS-PLUS-FUNCTION CLAIM CONSTRUCTION CHART**

Defendant The TriZetto Group, Inc. ("TriZetto") hereby objects to the untimely submission of McKesson Information Solutions LLC's Means-Plus-Function Claim Construction Chart, which McKesson handed up to the Court during the February 16, 2006 hearing, and then filed with the Court on February 22, 2006 (D.I. 274).

Despite repeated requests during discovery -- and a Court Order on the subject -- McKesson refused to identify the structure disclosed in the patent specification corresponding to the means-plus-function elements. On September 20, 2005, the Court ordered McKesson to "supplement its claim construction by identifying those portions of the specification that disclose the correspondence between the software (the structure) and the function disclosed in the specification, or where it is disclosed (or otherwise inferred) that the algorithm/software is known to those of skill in the art" (D.I. 99, ¶ 1). During a September 22, 2005 discovery conference, the Court ordered McKesson to provide this supplementation by September 30, 2005 (D.I. 116). In response to the Court's directive, McKesson added references to structure to its

claim construction chart, but stated that the structure did not limit the claims and did not need to be considered for infringement purposes.

On October 12, 2005, TriZetto moved to enforce compliance with the Court's September 20 Order, and asked the Court to order McKesson to supplement its claim construction to specifically identify corresponding structure (D.I. 128). McKesson responded (in an email to the Court) that it did not intend to respond to TriZetto's motion, because lay witnesses had supposedly been able to "interpret the plain language of the claims." In an October 20, 2005 Order, the Court warned McKesson that any deficiencies in its proposed claim constructions would be "addressed through expert discovery and the summary judgment motion practice" (D.I. 132). McKesson still did not offer any new constructions for the claimed functions or identify corresponding structure for the fifteen asserted claims.

The parties then exchanged expert reports and took expert depositions. McKesson (and its experts) continued to take the position that the structure corresponding to the means-plus-function elements was "any software."

The Court's Scheduling Order directed the parties to submit their proposed constructions to the Court no later than December 15, 2005 (D.I. 28, ¶ 7). Since then, the parties have submitted numerous briefs to the Court concerning claim construction, various summary judgment motions, and various *Daubert* motions. Throughout the entire motion period, McKesson continued to take the position that it did not need to construe any functions or identify any structure disclosed in the patent specification corresponding to the means-plus-function elements in the patent claims other than "any software" or "any hardware and software."

McKesson now submits proposed revised claim constructions, which include purported "exemplary" corresponding structure and revised constructions of some of the

functions recited in the claims. As an initial matter, it is not clear what McKesson means by "exemplary" structure. For example, it is not clear whether McKesson contends that this is all the structure allegedly corresponding to the claims or whether the "exemplary" structure is claim limiting.

In any event, in light of McKesson's failure to disclose its latest claim construction positions in accordance with the Court's Orders, TriZetto submits that the Court should strike McKesson's proposed revised claim constructions as untimely. If McKesson were permitted to submit revised claim constructions at this late date, the parties would be forced to redo much of the discovery and briefing that has already occurred, including new expert reports and depositions, new claim construction briefs, new summary judgment motions, and another *Markman* hearing.

Finally, although McKesson again suggests that Appendix B constitutes structure corresponding to some of the claimed functions, and thus may be claim limiting, none of their experts or other witnesses have provided any analysis of whether or how the TriZetto programs are identical or equivalent to structure set forth in Appendix B. Thus, even if the Court were to accept McKesson's latest claim constructions as finally providing the corresponding structure for the claimed functions -- which they do not -- McKesson has no evidence comparing those structures to any of the structural elements in the accused products. Accordingly, the Court should grant summary judgment of non-infringement.

4.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

---

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Defendant
  The TriZetto Group, Inc.

OF COUNSEL:

Jeffrey T. Thomas
David A. Segal
Michael A. Sitzman
GIBSON, DUNN & CRUTCHER LLP
Jamboree Center
4 Park Plaza
Irvine, CA  92614-8557
(949) 451-3800

February 23, 2006

508106

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2006, I caused to be electronically filed Objections Of The TriZetto Group, Inc. To Plaintiff McKesson Information Solution LLC's Untimely Means-Plus-Function Claim Construction Chart with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on February 23, 2006, upon the following in the manner indicated:

> BY HAND
>
> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE  19899
>
> BY EMAIL
>
> Jeffrey G. Randall
> Skadden, Arps, Slate, Meagher & Flom LLP
> 525 University Avenue
> Suite 1100
> Palo Alto, CA  94301
> jrandall@skadden.com

>             */s/ Rodger D. Smith II*
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com