IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TRIZETTO GROUP, INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 04-1258-SLR |

**MCKESSON'S RESPONSE TO TRIZETTO'S OBJECTIONS TO
MCKESSON'S MEANS-PLUS-FUNCTION CLAIM CONSTRUCTION CHART**

Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiff McKesson
 Information Solutions LLC

OF COUNSEL:
Jeffery G. Randall
David W. Hansen
Michael C. Hendershot
Jon V. Swenson
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500

DATED: February 28, 2006

Plaintiff McKesson Information Solutions LLC ("McKesson") submits this response to The TriZetto Group, Inc.'s ("TriZetto") Objections to McKesson's Means-Plus-Function Claim Construction Chart. Although styled as "Objections," TriZetto's submission includes a motion to strike and an attempt to supplement its motion for summary judgment of noninfringement. McKesson objects to both attempts and responds below. (*See* D.I. 275 at 3.)

Specifically, TriZetto asks the Court to strike as untimely McKesson's chart of alternative, refined constructions for the disputed means-plus-function elements, provided to the Court during the claim construction hearing on February 16 and filed on February 22, 2006 (D.I. 274, "the Chart"). TriZetto's motion to strike the Chart is particularly remarkable given that TriZetto first submitted virtually all of its means-plus-function constructions in December 2005 – only a week before opening claim construction briefs were due and well after the close of both fact and expert discovery. In opposing McKesson's prior request that the Court strike TriZetto's untimely constructions, TriZetto directly contradicted every argument it now asserts in support of striking the Chart. First, TriZetto apparently no longer believes that "claim construction is an issue of law for the Court and *the parties should work towards providing the Court as much assistance as possible.*" (D.I. 257 at 39 (emphasis added).) Second, after arguing that McKesson was *not* prejudiced by TriZetto's post-discovery submission of its means-plus-function constructions (*id.*), TriZetto now argues it *would* be prejudiced without additional discovery and expert reports to address the Chart. (D.I. 275 at 3.) TriZetto's about-face is even more extraordinary considering that the Chart includes only modest refinements to

1

McKesson's long-standing proposed constructions,[1] whereas TriZetto's post-discovery submissions included numerous, entirely new constructions for previously unconstrued and undisputed elements. (*See* D.I. 170 at 1.) Finally, TriZetto cannot square its objections to the Chart – which was submitted in response to TriZetto's first suggesting in its January 2006 Answering Brief that the algorithms for means-plus-function elements are found in the '164 Patent's Appendix B rules (*see* D.I. 257 at 5, 8-10) – with its prior argument that "a number of TriZetto's [post-discovery claim construction] changes resulted from the positions taken by McKesson's experts ...." (D.I. 257 at 39.) In sum, TriZetto's effort to strike the Chart after it submitted new, post-discovery claim constructions of its own must fail as a manifestly improper request to have this Court apply a double standard.[2]

The Chart should be considered on the merits since it is simply intended to assist the Court in its task of construing the disputed claim terms. TriZetto emphasizes that the Appendix B rules are the "heart" of the invention, (*see, e.g.,* Feb. 16, 2006 Hearing Tr. at 36-37), and the Chart simply incorporates the algorithms defined in the previously cited Appendix B rules into McKesson's prior constructions of the corresponding means-plus-

---

[1]   Indeed, McKesson cited Appendix B (and the rules defined therein) throughout its proposed constructions of the structures corresponding means-plus-function elements. (*See* D.I. 148, Exhibit A at 16, 18, 19, 27, 29, 30, 34, 36, 37, 44, 46, 47, 49, 50, 51 (Appendix B cited in support of structure corresponding to "means for determining," "means for authorizing" and "means for rejecting" elements).) Moreover, in its opening claim construction brief, McKesson discussed at length how the rules of Appendix B correspond to each of the claimed functions. (D.I. 170 at 29-32, 36-37.) TriZetto acknowledged that fact in its answering brief, arguing only that McKesson's proposed structural constructions were not expressly limited to the corresponding algorithms found in the Appendix B rules. (D.I. 257 at 35.) TriZetto's protestations of surprise are unwarranted.

[2]   Should the Court grant TriZetto's motion to strike the Chart, TriZetto's proposed means-plus-function constructions and argument should be also stricken. As explained in McKesson's Opening Claim Construction Brief (D.I. 170 at 1), TriZetto did not propose its constructions for most of the means-plus-function elements until December 9, 2005 – less than a week before claim construction and summary judgment briefs were due and two months after the Court ordered TriZetto to provide its proposed claim constructions.

function elements.[3] TriZetto's effort to block the constructions set forth in the Chart and avoid a determination on the merits is not surprising in view of TriZetto's admissions of infringement that permeate the record.

Concerning the supplemental summary judgment argument in TriZetto's "Objections," TriZetto again incorrectly states that McKesson's experts have not compared "the TriZetto programs" with the "structure set forth in Appendix B," (D.I. 275 at 3), and again disregards McKesson's experts' direct comparison of the Appendix B rules to TriZetto's infringing products. Although McKesson has repeatedly pointed out that Dr. Johnson's report mapped the Appendix B rules to identical rules used by the Accused Systems and to the specific software code in the Accused Systems that implements them, (*see, e.g.,* D.I. 206 at 11; D.I. 216 at 17; Feb. 16, 2006 Hearing Tr. at 64-65), TriZetto has steadfastly ignored this clear evidence of infringement in its briefs, at the hearing, and now in its "Objections."

For the Court's convenience and to put TriZetto's baseless assertion to rest, the table from Dr. Johnson's Report directly linking the Appendix B rules with TriZetto's Accused Products (*see* D.I. 180, Exh. A at 12-13) is reproduced below:

*5.3 Examples of Specific Rules Defined in the '194 Patent Present in Facets*

Specific rules or validation checks described in the '164 patent can also be found in the Facets v. 4.21 source code and in Appendix B of the Facets Claims Processing User Guide and Supplement (pp. B-12 – B-13), as illustrated by the examples below:

---

[3] Contrary to TriZetto's argument that the Chart only discloses "'exemplary' corresponding structure," (D.I. 275 at 2), the Chart actually provides "McKesson's Proposed Structure" (constructions expressly reciting the relevant algorithms disclosed in the '164 Patent, particularly the Appendix B rules, for the means-plus-function elements) and "Exemplary Disclosure(s) Discussing Algorithm" (portions of '164 Patent disclosing the algorithm/structure for those elements).

3

* * *

| Number | Clinical Editing Message Text | Description | '164 Patent and Facets v. 4.21 source file |
|---|---|---|---|
| 1 | Subset Procedure detected | The line item is a subset of another line item on the claim or in history, as established in the Clinical Editing Criteria application. See the Clinical Notes subsection of Claims for fur-ther details. | *E.g.*, Rule R1/R2/R3/R4 <br><br> CMCAPCE0.cpp |
| 2 | Redundant Procedure detected | The line item is redundant to another line item on the claim or in history, as established in the Clinical Editing Criteria application. See the Clinical Notes subsection of Claims for further details. | *E.g.*, Duplicate Code Check (Figure 3, step 15) <br><br> CMCAPCE0.cpp |
| 3 | Secondary Procedure detected | The line item is secondary to another line item on the claim, as established in the Clinical Editing Criteria application. See the Clinical Notes subsection of Claims for further details. | *E.g.*, Rule E1/E2 <br><br> CMCAPCE0.cpp |
| 11 | Procedure may be outdated | The line item procedure has been established as Outdated on the Clinical Editing Criteria application. | *E.g.*, Superseded Code Check (Figure 3, step 13) <br><br> CMCAPCE0.cpp |
| 12 | Procedure requires review | A Review message has been attached to the line item procedure code in the Clinical Editing Criteria application. | *E.g.*, Rule Q1 <br><br> CMCAPCE0.cpp |
| 13 | Procedure invalid | The line item procedure has been established as Invalid on the Clinical Editing Criteria application. | *E.g.*, Validate Code Check (Figure 3, step 9) <br><br> CMCAPCE0.cpp |
| 15 | Procedure/normal age conflict detected | The member's age does not fall within the normal age range loaded for the line item procedure code on the Clinical Edit-ing Criteria application. | *E.g.*, Rule Q7 <br><br> CMCAPCE0.cpp |

This table clearly shows that Dr. Johnson directly compared the Appendix B rules (including the "E" and "R" rules referenced in the Chart) to TriZetto's Accused Products and found the Appendix B rules to be present.

Furthermore, McKesson's other infringement expert, Dr. Musen, explained in his report that his opinion was "based upon ... Dr. Johnson's analysis of the products' software code and databases," which he reviewed and relied upon in concluding "the structure of the computer system disclosed in the '164 patent for performing the function of each 'means for' element ... is included in, or is equivalent to, the structure of each product." (D.I. 180, Exh. C at 9, 10.) Dr. Musen further specifically testified that

4

TriZetto's Accused Products infringe even if the claims were construed to require the algorithms disclosed in the Appendix B rules. (*See* D.I. 207, Exh. 2 at 282-83 and errata.) Accordingly, TriZetto's contention that adopting the structural constructions in the Chart would result in a failure of infringement proof is absurd.

On the contrary, summary judgment of infringement should be granted even if the Court determines that the Appendix B rules should limit the "structure" of the corresponding means-plus-function elements. Neither TriZetto nor its expert offered any evidence contradicting McKesson's experts' opinions that the Accused Systems implement the algorithms disclosed in the Appendix B rules – indeed, TriZetto's expert Dr. Davis *agrees* that TriZetto infringes the claimed means for receiving, determining, authorizing, and rejecting elements of exemplary Claim 3. Moreover, TriZetto cannot dispute the infringement admissions contained in its own product manuals. A host of TriZetto's manuals, relied upon and cited in McKesson's experts' reports, describe rules applied by TriZetto's products that map directly to the '164 patent's Appendix B rules.[4] For example, much of the table from Dr. Johnson's report reproduced above was taken verbatim from TriZetto's "Facets Extended Enterprise Claim Processing User Guide and Supplement." (*See* D.I. 180, Exh. A at 12-13.) Because TriZetto cannot raise a triable issue of fact regarding whether the Accused Systems implement the algorithms disclosed by the Appendix B rules, which TriZetto contends are the "heart" of the claimed invention,

---

[4]   *See, e.g.,* D.I. 180, Exh. C at 9 (Musen Report: "My opinion is based upon ... TriZetto documents describing the operation of each product"); *id.* at Exh. 2-4 (claim charts quoting: "Facets Extended Enterprise Claim Processing User Guide and Supplement;" "Facets Clinical Editing Overview;" "User Guide - ClinicaLogic Overview;" "ClaimFacts ClinicaLogic System Overview;" "ClaimFacts ClinicaLogic Manual").

McKesson is entitled to summary judgment of infringement.

By: /s/ Michael A. Barlow
Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiff McKesson
 Information Solutions LLC

OF COUNSEL:
Jeffery G. Randall
David W. Hansen
Michael C. Hendershot
Jon V. Swenson
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500

DATED: February 28, 2006

6