IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE TRIZETTO GROUP, INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:  NO.: 04-1259-SLR<br>:<br>:<br>:<br>:<br>: |

**SPECIAL MASTER ORDER NO. 1**

Louis C. Bechtle, Special Discovery Master                                   November 9, 2005

        This Order addresses a request by plaintiff for the return of inadvertently produced privileged documents. The parties' positions have been set forth in defendants' refusal of plaintiff's request in its letter of October 18, 2005 and plaintiff's response thereto in its letter of November 7, 2005. The Special Master has reviewed the parties' letter briefs and concludes that the documents should be returned to the plaintiff. At the center of the dispute is the provision in Section 13.2 of the Stipulated Protective Order that provides that the producing party must give written notice to the receiving party or parties within twenty (20) business days following such inadvertent production that the information, document, or thing is privileged, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". The stipulation provides that if such notice is given, counsel for the receiving party will promptly return such inadvertently produced information and all copies thereof to counsel for the producing party.

        The material in question was produced several months before plaintiff's counsel learned that the production had been inadvertent, which knowledge came to plaintiff's counsel's

attention in mid August 2005. On August 17, 2005, plaintiff's counsel sent a letter to counsel for defendant asking for the documents to be returned or destruction. Plaintiff's counsel contends in its brief that this notice was before depositions were taken of plaintiff's employees by defendant. Defendant's position essentially is despite what the practice may be concerning the return of inadvertently produced privileged documents, the parties in this case in accordance with Federal Rule of Civil Procedure 29 entered into a binding stipulation that provided for no obligation to return such documents unless notice was received within twenty (20) days of the production. Plaintiff's position is that the 20-day requirement to give notice is not absolute, but merely means that if notice is given within that period, the other steps the court must go through to warrant return do not have to be considered. Plaintiff asserts that those steps in the District of Delaware require the court to consider: 1) whether the client intended to disclose the document, 2) whether the disclosure was inadvertent, and 3) whether the disclosure was unintentional but was negligent or wreckless. Defendant's position is simply that the parties entered into an order that removes such a process from consideration after the passage of twenty (20) days of the production.

The better ruling here appears to be that advanced by the plaintiff. There have been substantial document productions in this case by both sides. There is nothing to suggest that the inadvertent production was intentional, negligent, or wreckless. Furthermore, there is nothing to suggest that plaintiff in fact knew that the production had been made that would commence the twenty-day clock to run under 13.2. This supports the conclusion that plaintiff's assertion that it gave notice within several days of learning of the production was the promptness envisioned by the need to act responsibly following recognition that an inadvertent production had taken place.

2

For the foregoing reasons, the documents referred to in the parties' application and response to the court as having been inadvertently produced by the plaintiff should be returned in accordance with the provisions of the parties' stipulated order.

SO ORDERED:

/s/ Louis C. Bechtle

LOUIS C. BECHTLE
SPECIAL MASTER