## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION
SOLUTIONS, LLC,

        Plaintiff,

        v.

THE TRIZETTO GROUP, INC.,

        Defendant.

NO.: 04-1258-SLR

## RECONSIDERATION OF SPECIAL MASTER ORDER NO. 1

Louis C. Bechtle, Special Discovery Master        November 29, 2005

The defendant raises two points for reconsideration of the SDM's Order No. 1 having to do with the claim of inadvertent production of documents.

Defendant contends that if the documents are privileged, they should not be returned because the stipulated procedure was not followed. Defendant claims in the alternative that even if the documents are ordered to be returned under the stipulation providing for the inadvertent return of privileged documents, they need not be returned because they are not privileged.

First, the stipulated procedure has been followed in the SDM's view and this does not conflict with the result decided by Judge Robinson in the case cited by defendant of Praxair, Inc., et al. v. ATMI, INC., et al. There, a third party

appeared at a deposition in January 2005. When the third party produced certain documents plaintiff's counsel noted that the documents had been inadvertently produced and declared that they should be returned. Defendant's counsel, who was participating by telephone at the deposition agreed to do that at a later time. Several weeks later, the defendant's lawyer resisted returning the documents and plaintiff's counsel did nothing. Eventually, the documents turned up on an exhibit list some months later, and at that juncture, the plaintiff again sought their return which Judge Robinson refused. Here, while there was some delay between the inadvertent production by McKesson and its discovery, once discovered, McKesson moved promptly for the return under the procedure. At the heart of the process is a need, once inadvertence is discovered, for promptness, which was not displayed by counsel in the Prexair case, but was displayed by plaintiff's counsel here.

Whether the documents were privileged or not is another matter. Indeed, whether they are relevant or not is another matter. Accordingly, the following should take place forthwith:

 (a) the documents should be returned because it is the SDM's view that the plaintiff, under the circumstances, conformed with the inadvertent production procedure and played by the rules.



(b) upon their return, if the documents are not relevant, they need not be produced.

(c) if the documents are relevant and not privileged, they should be produced.

(d) if the documents are relevant and privileged, they should appear as a supplement to the plaintiff's privilege log.

Defendant's request for reconsideration is denied.

SO ORDERED:

LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATED:  November 29, 2005

3