# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION
SOLUTIONS, LLC,

    Plaintiff,

v.

THE TRIZETTO GROUP, INC.,

    Defendant.

NO.: 04-1258-SLR

## SPECIAL MASTER ORDER NO. 2

Louis C. Bechtle, Special Discovery Master          December 1, 2005

Over the last four to six weeks in particular, I received many documents from the parties. These included letters, email communications, copies of letters to third parties, including the court, many exhibits, and privilege logs, documents for *en camera* review, letter briefs, and rulings by the court. I am in the process of working through these materials as well as the various requests by plaintiffs and defendants for relief concerning the discovery topics that have been described in the court's order as being matters to be considered by the Special Discovery Master (SDM). The major issue that runs through most of these requests by both parties is in regard to the scope of the waiver that applies by reason of the

defendant's reliance upon the opinions of counsel that covers a substantial portion of the defense of the defendant to the plaintiff's claim.

On August 24, 2005, defendant produced opinions of outside counsel to the defendant of February 15, 2002 (from the law firm of Stradling Yocca) and opinions dated February 5, 2003 and November 12, 2003 from outside counsel to the defendants from Blakely Sokoloff). Additional productions were made on September 6, 2005 regarding materials from January 1994 from outside counsel relating to the defendant's defenses as well. At the September 8, 2005 conference before the court, defendant was requested to provide the standards that it used to produce privileged documents in connection with its willfulness, laches and estoppel defenses. (See transcript of September 8, 2005 hearing at pp. 38-39). The SDM has been provided with a letter dated September 12, 2005 from the defendant to the court where defendant provided the court with its standard it used to apply to the scope of its waiver. It acknowledged that the waiver of privilege under current circumstances is extensive in that it extends to documents relating to the subject matter of counsel's advice regarding the validity of the '164 patent and the laches and estoppel defenses). It cited Allergan, Inc. v. Pharmacia Corp., 2002 WL 1268047, at *2 (D.Del. May 17, 2002). ("the alleged willful infringer [should] disclose all of the information it possessed prior to or at the time it obtained opinions of counsel as to the subject matters discussed in such opinions".) Other

cases were cited and a similarly broad description of the standard to be used in such cases was set forth as defendant's measure of its obligation to produce materials that might otherwise be protected by privilege.

The central document, of course, following these events was Judge Robinson's ruling of September 20, 2005, which addressed the scope of the waiver as follows:

> **Waiver of privilege vis a vis defendant's willfulness defense.** As I've explained in the past, see e.g., Allergan, Inc. v. Pharmacia Corp., 2002 WL 1268047 (D. Del. 2002), once an alleged infringer relies on the opinion of counsel as a defense to the charge of willful infringement in one of my cases, the alleged infringer must disclose to the patentee "all of the information it possessed prior to or at the time it obtained opinions of counsel as to the subject matters discussed in the such opinions." Id. at 2. The scope of the waiver is not limited to what was communicated to or from counsel, but extends to all information possessed by the alleged infringer that relates to the subject matters of the opinion letters. Defendant's counsel has asserted that defendant has followed that mandate. (D.I. 86, 2-3) I agree with defendant that post-litigation privileged materials need not be disclosed.

The purpose of reciting this often repeated and important ruling at this time in the context of the background that brought this ruling forth is to state to the parties in regard to this SDM order, as well as any other orders hereafter issued by the SDM bearing upon the scope of the waiver, that there is no question but that the waiver in this instance is very broad. It can be expected that the SDM will apply this standard when it comes into play in matters presented to the SDM. One

3

of these matters is in regard to the claim by the plaintiff in its letter brief of November 6, 2005 that defendant's counsel improperly restricted defendant employee Craig Luftig (Defendant's Senior Director of Product Development Management) and Karen Lampe (Defendant Business Analysis Specialist Facets Development) from fully testifying. These depositions were taken before Judge Robinson's order of September 20, 2005 and consequently, counsel did not have the benefit of the court's final word concerning the scope of the waiver of privilege by defendant. Defendant's counsel appeared to be of the view at the time of the deposition that the attorney client privilege was in full play except in regard to the preparation of the Blakely Sokoloff opinion letters or any conversations the witness had with attorneys at the Blakely Sokoloff firm. Although counsel did relent in one instance stating that communications the witness had with defendant's in house counsel or Gibson Dunn & Clutcher on the subject of the Blakely Sokoloff opinion letters would be waived. (See testimony cited at Exhibit C of defendant's letter of November 6, 2005 at Transcript 151:23-152:21) It is plain, reading the challenged testimony provided that these two witnesses were severely restricted in answering the cited questions posed at them during the deposition in relation to the scope of the waiver that now applies.

For this reason, in response to the request set forth in plaintiff's letter of November 6, 2005 that these two witnesses be redeposed and asked the same (or

4

substantially similar) questions that they were prevented from answering at the deposition, together with reasonable follow up for any new answers provided that request, is granted.

There may be other instances where the witness's responses were limited prior to the court's September 20, 2005 ruling but which now would be permitted to be asked and answered, but not cited in plaintiff's letter of November 6, 2005 to the SDM. If that is the case, before applying to the SDM for consideration of any such review, the SDM will require the parties to confer and meet about any such specific areas of difference in an attempt to resolve them in keeping with the standard set forth in this order, which the parties should apply and that the SDM will apply.

SO ORDERED:

_____
LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATED: December 1, 2005