IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC, : <br> : <br> Plaintiff, : <br> : NO.: 04-1258-SLR <br> v. : <br> : <br> THE TRIZETTO GROUP, INC., : <br> : <br> Defendant. : | |

SPECIAL MASTER ORDER NO. 3

Louis C. Bechtle, Special Discovery Master   December 5, 2005

  This Special Discovery Master (SDM) Order responds to the request in plaintiff's letter of November 11, 2005 that defendant produce to the SDM certain documents selected by the plaintiff from defendant's privilege log. The defendant has provided to the SDM each of the documents selected, and they have been presented for review as follows:

Exhibit A – 50 documents where attorney client privilege and/or work product protection is being challenged in connection with the waiver of those privileges by the defendant in respect to its defense laches, estoppel and willfulness.

Exhibit B – 15 documents that plaintiff contends are inadequately described in order to determine whether or not they are entitled to protection, or, as respects 1B, 2B, 14B, and 15B, might fall within the defendants' waiver.

Exhibit C – consists of 27 documents that plaintiff contends could be communication with its opinion counsel from the law firms of Blakely, Sokoloff & Straddling Yocca, and if so, should be produced under the standard that applies to the application of the waiver by defendant based on opinion of counsel.

The standards to be used in regard to attorney client privilege and work product protection (which includes Judge Robinson's ruling that post litigation communications are not subject to the waiver that applies to communication between defendant and counsel in this case).

**Attorney Client Privilege**

The attorney client privilege will apply: 1. [w]here legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at this instance permanently protected; (7) from disclosure by himself or by legal advisor; (8) except the protection be waived."

**Work Product Doctrine**

Federal Rule of Civil *Procedure* 26(b)(3) provides in respect to the doctrine of work product as follows:

(3) Trial preparation: Materials. Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering the discovery of such materials when the required showing has been made, the Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As can be seen, this provision articulates the condition under which otherwise broad discovery under F.R.C.P. Rule 26(b)(1) can be blocked in order to protect the product of an attorney's professional contribution to his client's cause in the form of strategy, theories, analyses, impressions, and related input on behalf of his client. This protection is qualified under the provisions of the Rule in the face of substantial need or undue hardship determined by the court to warrant intrusion into the work product.

With the foregoing in mind, the SDM rules in regard to each of these exhibits as follows:

Exhibit A

3

The following documents have been or will be produced: 1A, 4A, 6A, 7A, 8A, 10A, 12A, 13A, 14A, 16A, 17A, 18A, 19A, 21A, 22A, 23A, 24A, 26A, 27A, 30A, 31A, 34A, 35A, 37A, 38A, 40A, 42A, 43A, 44A, 45A, 47A, 48A, 49A, 50A.

The following documents are entitled to the privilege or protection claimed: 2A, 3A, 5A, 9A, 11A, 15A, 20A, 25A, 28A, 29A, 32A, 33A, 36A, 39A, 41A, 46A, (in addition, 41A and 46A are post-litigation communications not subject to the waiver).

Exhibit B – As to 1B.

The SDM should be furnished with some information, by declaration or otherwise, that provides some reference to the date prepared, the author, the recipients or copyees (if the documents were transmitted).

The following documents have been or will be produced: 3B, 7B, 10B, 11B, 13B.

The following documents are entitled to privilege or protection claimed: 2B, 4B, 5B, 6B, 8B, 9B, 12B, 14B.

Exhibit C

The following documents have been or will be produced: 1C, 2C, 3C, 4C, 5C, 6C, 7C, 8C, 9C, 11C, 12C, 13C, 14C, 15C, 16C, 17C, 18C, 20C, 21C, 22C, 23C, 25C, 27C.

The following documents are entitled to the privilege or protection claimed:

10C, 19C, 26C.

The following document has been noted as "lost": 24C.

This information concerning Item 1B referred to above should be provided within five business days.

SO ORDERED:

/s/ Louis C. Bechtle

LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATED: December 5, 2005