IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC, | : |
| Plaintiff, | : |
| v. | : NO.: 04-1258-SLR |
| THE TRIZETTO GROUP, INC., | : |
| Defendant. | : |

## SPECIAL MASTER ORDER NO. 4

Louis C. Bechtle, Special Discovery Master          December 16, 2005

This SDM order addresses the issues necessary to be decided arising out of the presentations in defendant counsel's letter of November 11, 2005 and plaintiff's response in its letter of November 15, 2005.

The defendant's complaints narrow down to two primary issues. The first is whether or not the descriptions provided in certain of plaintiff's privilege log entries are adequate to allow defendant to make a judgment as to the appropriateness of privilege or protection claimed; and second, whether or not redactions in produced documents consist of content that warrants withholding production of those redacted portions to the defendant.

26730_1.DOC

There are certain standards that will apply in the review of this material as follows.

1. **<u>Attorney Client Privilege.</u>**

The attorney client privilege will apply: 1. [w]here legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at this instance permanently protected; (7) from disclosure by himself or by legal advisor; (8) except the protection by waived."

2. **<u>Work Product Doctrine.</u>**

Federal Rule of Civil *Procedure* 26(b)(3) provides in respect to the doctrine of work product as follows:

> (3) Trial preparation: Materials. Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering the discovery of such materials when the required showing has been made, the Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As can be seen, this provision articulates the condition under which otherwise broad discovery under F.R.C.P. Rule 26(b)(1) can be blocked in order to protect the product of an attorney's professional contribution to his client's cause in the form of strategy, theories, analyses, impressions, and related input on behalf of his client. This protection is qualified under the provisions of the Rule in the face of substantial need or undue hardship determined by the court to warrant intrusion into the work product.

3. **Privilege Log.**

Federal Rule of Civil Procedure 26(b)(5) requires that the party asserting the privilege must produce a log entry that "will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). A proper claim of attorney-client privilege "requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality." *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974).

4. **As to Defendant's Contention Concerning the Adequacy of the Description Logs provided by the plaintiff.**

The parties also have adopted a standard as reflected in plaintiff's letter of October 27, 2005. The parties agreed to produce documents that are not clearly privileged on their face, i.e., documents that are not direct communications between a party and its lawyers and that do not on their face show that legal advice

3

is involved. Privilege would still apply, however, in respect to communications employees may have had with counsel concerning the documents.[1] The SDM has reviewed the log entries provided in defendant's letter of November 11, 2005 under Exhibit (B) in respect to the adequacy of the descriptions and the claim of privilege for the documents highlighted on the log with the foregoing standards in mind, the SDM's rules as follows:

A. **Communication dated 3/01/90 – Top entry on Page 3 of 170.**

This is a communication between employees of plaintiff. No attorney is involved in these communications. Attorney client privilege is claimed but is should not be allowed. The description states "Memo Re: Patent Application Reflecting Privilege Communications." The reference to "Reflecting Privilege Communication" is not an appropriate description under the standards. A document of a party that "reflects" attorney client communications is what many documents prepared for clients are supposed to do. It is the <u>communication</u> between the attorney and the client that is protected, not the ultimate outcome or decisions made by the client that are eligible for protection.[2] The resulting document from such reliance or use or in part between itself and the attorney could

---

[1] See Plaintiff's Response of October 27, 2005 to the defendant's suggestion of such a standard in its letter of October 25, 2005.

[2] If a party repeats a communication to a person with the "need to know" (such as an essential co-worker) and confidentiality is maintained, the communication will continue to be protected.

be said to "reflect" attorney client communications. This log description does not meet the standard and the document should be produced

 **B.** <u>Communication dated 3/08/02</u> – **Top entry on Page 55 of 170.**

This document is not privileged for the same reasons set forth in A above.

 **C.** <u>Communication dated 3/12/02</u> – **Fifth Item Down on Page 56 of 170.**

Again, this is merely communication among non-attorneys. The description suggests that it is in the ordinary course of business and not a privileged communication between and attorney and the client. The document is not entitled to attorney client privilege protection and document should be produced.

 **D.** <u>Communication dated 07/03/02</u> – **The Ninth Item on Page 67 of 170.**

This is a document by and between non attorneys with the same description problem as set forth in Item A above. Attorney Bill Bain, Esquire is shown in the document title and that reference to ". . . deal points for Hank Dupre and Bill Bain, Esquire" may be a communication intended for an attorney. If that is so, that portion could be subject to privilege if it was communicated to the attorney but not the remainder.

 **E.** <u>Communication dated 09/19/02</u> – **The third item on Page 75 of 170.**

Communication between non attorneys about an upcoming conversation session with an attorney. The extent to which this document sets forth precise

5

terms that parties with the "need to know" are preparing to communicate to the attorney, which was in fact communicated to the attorney, the document is privileged. Other than that portion, the remainder of the document is not subject to attorney client privilege.

**F.    Communication Dated 11/15/02 – Fifth Item on Page 83 of 170.**

This is a communication between non-attorneys concerning a license agreement that is described as "reflecting privileged communications". It is not entitled to attorney client privilege according to this description. See Ruling A above.

**G.    Communication Dated 01/08/03 – Ninth Item on Page 87 of 170.**

Same ruling for 07/03/02 above. (Item D).

**H.    Communication Dated 11/10/03 – Eighth Item on Page 139 of 170.**

This appears to be a communication between non attorney employees of plaintiff communicating primarily business information in the ordinary course of that business. Although a copy was sent to attorney Lorraine Seegar, when the document is considered as a whole that is not enough to elevate it to attorney client privilege protection. The document does not satisfy the work product doctrine. The document should be produced.

### I. Undated - The Second Item on Page 163 of 170.

Work product privilege is claimed here. To the extent that this file contains the mental impressions, conclusions, opinions or legal theories of plaintiff's attorney or his/her representative, in anticipation of litigation or preparing for trial, the privilege is allowed. Defendant will be entitled to receive the remainder the work product portion of this file, but only upon making the showing required at Section (b)(3) of Rule 26. The non work-product portion of the file should be produced.

### J. Top Item on Page 166 of 170.

The description of this precludes attorney client privilege by its terms and should be produced.

### 5. As to Defendant's Complaints Concerning Plaintiff's Redactions.

The basis of the defendant's claim here is that the redactions by plaintiff of documents that have been produced have been accomplished by using an incorrect standard. Defendant's basis for asserting this is by its having received in the production the text of certain redacted materials which demonstrate improper redactions. In defendant's Exhibit C to its letter of November 11, 2005, it offered as an example the redacted document 159667 that had also been provided as 161725 where the redaction was not made. Defendant asserts that 161725 shows there is no basis for redaction in 159667 for attorney client privilege. Examination

7

of redacted materials suggests that the defendant is correct in this instance. The redacted material of 161725 is not privilege or protected material and should have been provided. The defendant makes a similar comparison with 162186 (portion redacted) with 162191 which demonstrates that there was no basis for the redaction by the plaintiff in 162186.

In both instances, the references are communications between non attorneys and plainly statements made by these persons in the ordinary course of business having nothing to do with a "communication" between an attorney and a client. These examples depart from the standards that generally apply, as well as the most recently agreed to standard referred to in plaintiff's letter of October 27, 2005 (the October 27, 2005 standard). On that ground alone, the redacted material should be provided.

The SDM notes that the plaintiff in the November 15, 2005 letter on this topic acknowledged certain discrepancies in cited redactions but insists that they were unintentional and all claims of privilege have been made in good faith.

A.   The documents set up and furnished by the plaintiff in its letter of November 15, 2005 for the SDM to examine do not in many instances have Bates numbers so it is difficult to cross reference them. With that thought in mind, there is a document dated March 1, 1990 from Don to Dick Marcia. Dick Marcia does not appear on the list of attorneys or employees for the plaintiff. Presumably, Don

8

refers to Don Holloway, the inventor of '164 patent. The memo discusses a proposed meeting with Jason Mirabito. Jason Mirabito is an attorney on plaintiff's attorney list and this document is entitled to attorney client privilege even though it is between non attorneys because its disclosure would reveal precise communications between the attorney and the client. Attorney client privilege is allowed.

 **B.** **MCK 005771.** Redaction is warranted based on the attorney client privilege except for the item identified as III and its subparagraphs 1 and 2.

 **C.** **MCK 030370 to MCK 030379.**

This is a 10-page document that has been provided and is entitled,

> The TriZetto Group Business
> Case ClaimCheck -- Facets Integration

A reading of this document dated March 8, 2002 suggests that it was prepared in the ordinary course of business by persons associated with negotiation between plaintiff and defendant prior to litigation. There have been a few redactions to this document based upon attorney client privilege. A review of those redactions results in the following rulings:

 **D.** **MCK 030373** – redaction appropriate

 **E.** **MCK 030374** – redaction not warranted. Redacted material should be produced.

9

F. **MCK 030376** – redaction not warranted. Redacted material should be produced.

G. **MCK 030378** – consists of nearly the entire page. By its terms, the material on this page is a certain assessment concerning the enforcement of the '164 patent from a business perspective. It expressly excludes a legal prospective assessment. It is not entitled to privilege protection and should be produced.

H. **MCK 030379** – This redaction is a continuation of the material on MCK 030378 and it is not entitled to privilege and should be produced.

I. **MCK 002973** – Redacted portions not privileged. This is a communication between non attorneys about matters that center upon ordinary course of business subjects. There is no basis to support a claim of attorney client privilege.

I assume that MCK 002976 is the note that was attached to MCK 002973. The redacted material should be produced.

SO ORDERED:

LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATE: December 16, 2005