IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE TRIZETTO GROUP, INC., : <br> : <br> Defendant. : | NO.: 04-1258-SLR |

SPECIAL MASTER ORDER NO. 5

Louis C. Bechtle, Special Discovery Master          December 19, 2005

In correspondence provided to the Special Discovery Master (SDM) by counsel ( Defendants' letters of October 18, 2005, November 10, 2005, and plaintiff's letter of November 17, 2005, the views of counsel have focused on a contention by defendant that plaintiff's counsel improperly instructed its witnesses not to answer certain questions at depositions taken of Michael Cesarz – 9/9/05; Janet Cutcliff – 9/16/05; Mark E. Owen – 9/8/05; and Carolyn Wukitch 8/26/05 and; Marsha Radosevich – 7/7/05. Counsel have differing views as to whether or not Judge Robinson included the defendant's complaints in this regard as within the scope of the assignment to the SDM. I have waited to consider those positions in depth until I had an accurate view of the position of the parties that I thought

could best be ascertained from my efforts to complete the other assignments that are not disputed as to my work as the SDM. As a result of that other work, I have come to the view that I believe Judge Robinson does expect the SDM to consider the questions regarding the questioning of plaintiff's witnesses at their depositions and this SDM Order will address those concerns. I will be reviewing the excerpts provided in defendant's letter of October 18, 2005 in this exercise.

1. I begin this Order by denying defendant's request that any privilege that could apply to the excerpts to be considered here have been waived because of the alleged failure of the plaintiff to conform to the Stipulated Protective Order approved by the court.

2. Deposition of Michael Cesarz – Vice President – Project Manager – Tab 1 – Page 152 – Line 3 – 15.

Privilege not allowed. To instruct a witness not to answer based on the presence of grounds for privilege, counsel must advise as to the basis of that assertion. Comments by and among plaintiff's non-attorney employees or those of third parties or affiliates are not entitled to attorney client privilege protection unless the comments would disclose a confidential communication of the attorney. That is not the ground for refusing to answer offered here.

Tab 2 – Page 212 – Line 15 to Page 213 – Line 9.

If the reference mentioned on Line 20 was designed for or to a certain goal that was all or part of a communication by counsel to the witness, the

2

privilege is allowed. On the other hand if the witness (who is testifying from a document that he prepared) is listing tasks to be performed by others, and they represent the witness' judgment as to what is to be done, the answer to the question is not privileged even though it follows and may be the result, in whole or in part, of an attorney communication. It is the communication that is protected, not the conduct that follows or results from attorney client communication. If a client is advised by his attorney to go to the bank and make a certain deposit on or before a certain date, any discussions that the client has with third parties or others, or the fact that he followed that advice is not protected by the attorney client privilege. It is the communication with the lawyer to the client is protected, not what the client's reaction to that advice is.

### Tab 3 – Page 218 – Line 13 to Page 219 – Line 4.

Privilege asserted on Page 218, Line 13 to Line 18 is proper. It specifically protects the substance of a communication with counsel. The privilege asserted on Page 218 – Line 22 to Page 219 – Line 4 is not proper. The witness's decision or judgment following the rendering of attorney advice is not protected. Again, clients often follow their attorney's advice and engage in conduct that reflects. Despite that, the conduct is not protected. It is the advice that is protected.

3

Tab 4 – Page 223 – Line 17 to Page 224 – Line 16.

If the associated risks are those within the attorney's expertise and of the type the attorney was retained to assess and communicate to the client, that communication is privileged. However, if the risks are risks that non lawyer management type employees are trained and expected to assess – even if they reflect or are influenced by attorney communications, the assessments are not privileged. What is being expressed in the document here, by its terms, are the business opinions of plaintiff's employees and not a communication with counsel. The question should be answered.

Tab 4 – Page 226 – Line 1 to 10.

Privilege is not allowed. The witness' judgment, though based on a communication of counsel is not privileged.

Tab – 4 Page 226 – Line 12 to 22.

Plaintiff's counsel's assertion of the privilege that could disclose substantive communications is appropriate.

Tab 5 – Page 237 – Line 11 to Page 238 – Line 23.

Privilege not allowed. While the expression of privilege by plaintiff's counsel at Page 237—Line 20 -- 23 and Page 238 – Line 19 to 22 is correct, it does not appear that the premise ("legal advice" or "communications") can be satisfied by the document that was authored by this witness and says that these judgments

4

are being made from a business perspective. The truth of this is buttressed by the note that the legal assessment has not yet been made. If attorney communications are restated in the business assessments, they should or could have been redacted as attorney client communications.

<u>Tab 5 – Page 240 – Line 11 to Page 241 – Line 2.</u>

Privilege is not allowed. This question seeks testimony concerning "events" with a competitor. In the first place, such events are not confidential if they are with a competitor or if they occurred in connection with any other third party, and secondly, the question has nothing to do with attorney client communications. The witness is not being asked what attorney client communications, but merely what the events were.

<u>Tab 6 – Page 261 – Line 15 to 22.</u>

Assertion of privilege is proper.

<u>Tab 6 – Page 262 – Line 14 to Page 263 – Line 4.</u>

A reading of this excerpt suggests that the plaintiff answered the question the best that he could.

<u>Tab 6 – Page 264 – Line 21 to Page 265 – Line 15.</u>

Assertion of privilege is proper.

<u>Tab 6 – Page 266 – Line 3 to Page 267 – Line 7.</u>

Privilege not allowed. The witness is being asked what he was doing that resulted in his making notes that he put in his memorandum. What non-attorneys do are not covered by the attorney client privilege. Any instructions or communications he may receive from his attorney are protected. What action he took as a result of those communications and written by him in his memorandum are not protected. If the witness can say truthfully – under oath – that the entries in his notes were told to him by his counsel, they may be protected, subject to confidentiality and wavier concerns.

<u>Tab 7 – Page 290 – Line 11 to Line 25.</u>

Reference to "main concern" is troublesome. Witnesses should be asked if the main concern is in its entirety a legal one that has been communicated confidentially to plaintiff (and employees with a need to know). If that is "yes", plaintiff should provide that communication to the SDM for *en camera* review. If it is "no" the question should be answered.

<u>Tab 8 – Page 83 – Line 5 to Line 21 (Janet Cutcliff – Vice President Business Development).</u>

No ruling needed.

<u>Tab 9 – Page 92 – Line 11 to Page 94 – Line 4.</u>

Assertion of privilege is proper.

<u>Tab 10 – Page 51 – Line 13 to Page 52 – Line 6 (Mark Owen, Sr. V.P.)</u>

Note enough information to rule.

<u>Tab 11 – Page 124 – Line 1 to Line 19 (Marsha Radosevich).</u>

Witness is unable to answer the question.

<u>Tab 11 – Page 126 – Line 15 to – Line 25.</u>

Privilege disallowed. Witness is merely being asked to name persons that <u>she</u> communicated with to assist in the review of patent applications. She can answer that without disclosing any communications from counsel.

Tab 12 – Page 166 – Line 13 to Page 168 – Line 1 and
<u>Page 169 – Line 10-21.</u>

In the SDM's view, the witness answered the question properly.

<u>Tab 13 – Page 175 – Line 19 to Page 177 – Line 7.</u>

Privilege disallowed. Here, the witness is asked what the witness said about what was to be told to customers. Even if that was an attorney client communication, what was to be told to customers, presumably was not intended to be confidential between attorney and client.

Tab 14 – Page 93 – Line 10 to Line 23 (Carolyn Wukitch – Sr. V.P. and <u>General Manager.</u>

Instruction to witness appropriate under the circumstances.

7

<u>Tab 15 – Page 119 – Line 9 to Page 120 – Line 17.</u>

Plaintiff's position is correct here. A claim of inadvertent production on Page 119 justifies counsel's instruction to the witness.

<u>Tab 16 – Page 168 – Line 19 to Page 169 – Line 11.</u>

Counsel's instruction to witness is proper for the same reasons as set forth in the ruling in Tab 15.

<u>Tab 17 – Page 172 – Line 1 to Page 173 – Line 7.</u>

Privilege not allowed as to whether email was sent before or after witness received legal summary. Witness is being asked about something she did, not what or even whether, counsel instructed her to do that.

<u>Tab 18 – Page 182 – Line 9 to Page 183 – Line 2.</u>

Witness is being asked to give an answer from a business prospective whether a license price was a concern " . . . yes or no." A business decision influenced or "driven" by a lawyer is not privileged. What the attorney said is privileged. What the client's business assessment is resulting from that advice is not. Privilege is not allowed.

<u>Tab 19 – Page 191 – Line 22 to Page 192 – Line 25.</u>

Initially, the inquiry on Page 192 at Line 4 to 25 should be addressed. It is perfectly plain that the witness is being questions about her role and a document she wrote as a high-ranking official of the plaintiff corporation and not as an

individual. Accordingly, decisions she makes in regard to these matters involving this case are on behalf of McKesson, the plaintiff. With that background she is asked on Line 16 whether McKesson aggressively pursued the patent and used it as leverage for the broader deal. (Presumably meaning a business arrangement McKesson and TriZetto were in negotiations about regarding their combined business goals). The witness is a senior vice president and general manager of the plaintiff (see plaintiff's list of non-attorneys.) It is fair to assume that in that post, she either participated in or has knowledge about the basis of the lawsuit and, of equal importance, the reasons for filing it. In the normal course of things, it is the client that authorizes the filing of a lawsuit and the attorneys who either recommend it or recommend against it. A party must have good grounds to sue another party and the attorneys are crucial in arriving at that decision. Their communications in that regard are privileged. That is not what is being asked here. What is being asked here is whether there are, in addition to what the attorneys may have communicated to the parties, parallel business reasons for aggressive pursuit of the patent. The question should and can be answered by the witness

without compromising the protection plaintiff is entitled to for attorney client communication concerning legal advice in regard to the filing of this lawsuit.

SO ORDERED:

_____
LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATE: December 19, 2005