IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| MCKESSON INFORMATION SOLUTIONS, LLC, | : |
|---|---|
| Plaintiff, | : |
| v. | : NO.: 04-1258-SLR |
| THE TRIZETTO GROUP, INC., | : |
| Defendant. | : |

SPECIAL MASTER ORDER NO. 6

Louis C. Bechtle, Special Discovery Master      January 4, 2006

This SDM Order addresses the issues raised in defendant's letter of December 28, 2005, the suggestions and directions set forth by the SDM in his letter of December 29, 2005, and the plaintiff's response to both of those communications of December 30, 2005. I appreciate counsel's willingness to respond quickly because of the circumstances set forth by the SDM in his letter of December 29, 2005.

I have reviewed the documents set forth on Table A in plaintiff's letter and rule as follows:

Item A – MCK 030346

A review of this document supports the plaintiff's claim of attorney client privilege.

Item B – 030454, 455

The SDM will withhold ruling on redactions on MCK 030454 and MCK 030455 to await the declaration of plaintiff's client. The SDM will take up the defendant's objection to the proposed declaration at the time the declaration is received and examined by the SDM.

Item C—MCK 030568-569

This document dated September 10, 2004 makes reference to Lisa Green and plaintiff's description of the documents makes reference to Lisa Green, Esquire. Based on the assumption by the SDM that this Lisa Green is the same Lisa Greene as shown on the list of McKesson attorneys provided to the SDM, the document is privileged.

Item D – MCK 035113

There are two redactions on this document in respect to which plaintiff claims privilege. The first under the "action taken" column makes reference to a document from a customer turned over to plaintiff's attorney S. Cutler for unspecified revisions. This information has already been provided to the defendant on the next line of 035113 on the line identified as "Services". None of the

persons named under the column entitled "action taken" are attorneys nor are they employees of the plaintiff on the list provided to the SDM, except for S. Cutler, who is an attorney. No communication is revealed by the entries under this column and the redacted entry should be produced. Under the column entitled Progress Notes, the redaction refers to efforts by a non-attorney employee of plaintiff (Denise Mattioni) and an employee of a customer (B. Rohrkemper of B.C.B.S. of Michigan and Blue Care Network), to communicate but there is no content of any communication disclosed between these parties on the redacted portion. Producing this material will not disclose an attorney client communication. The redaction should be produced.

Item E – MCK 052264

This document is described as a draft license proposal prepared by plaintiff's legal department and forwarded to its outside counsel (Howrey Simon) for the purpose of legal advice. The document appears to be a draft. There is no addressee, no date, no salutation, no closing, and no signature line. The claim of privilege is allowed.

Item F – MCK 05234 (last digit missing)

This document is also described by plaintiff as a draft much like Item E above, but it has several different characteristics that must be considered. Unlike E, this is a letter authored by plaintiff's outside counsel and not its house counsel,

and it is addressed to a proposed customer considering a business relationship with McKesson. Plaintiff's counsel's description in Item E above was that the document was forwarded from plaintiff's house counsel to outside counsel, whereas here, Item F, simply says that the "draft letter from the files of Howrey Simon was exchanged with McKesson's legal department."

Unlike E, this does have a date, an addressee, a salutation, a closing, and a signature line. Accordingly, if this draft was sent by Mr. Goldhammer to plaintiff's house counsel for review and not sent to the proposed third party, it would be entitled to attorney client protection. On the other hand, if this was sent to the third party and a copy was sent ("exchanged") to plaintiff's house counsel, it would not be entitled to attorney client privilege because it would not be a communication between attorney and client. Further, it would not have been intended to be confidential between attorney and client. Accordingly, in order to rule, the SDM must have a declaration from the plaintiff, if it can be provided, that this document was a draft that was not sent to any third party and sent to house counsel for plaintiff. If it was sent in its present form or substantially in its present form to the addressee, what was sent should be provided to the SDM to determine the extent to which any attorney client communication has been rendered non-confidential.

4

Item G – MCK 05289 (last digit missing)

Based on counsel's representation that this is a draft of a communication by plaintiff's counsel to plaintiff – the final version of which has been produced – the draft is ruled privileged.

Item H – MCK 144767

A review of this document suggests that it is entitled to privilege.

Item I – MCK 030338

Same ruling as Item B.

Item J – MCK 005758

Legal summary redaction entitled to A/C privilege.

Item K – MCK 005776

Same ruling as Item B.

Item L – 029741-744

This draft complaint is entitled to protection under the work product doctrine.

<u>Item M – MCK 030370</u>

    Same ruling as Item B.

SO ORDERED:

_____
LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATE: <u>January 4, 2006</u>