IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC, : | |
| Plaintiff, : | NO.: 04-1258-SLR |
| v. : | |
| THE TRIZETTO GROUP, INC., : | |
| Defendant. : | |

SPECIAL MASTER ORDER NO. 7

Louis C. Bechtle, Special Discovery Master           February 1, 2006

This SDM Order addresses a number of items set forth in plaintiff's counsel's letters of January 25 and 26, 2006, as well as defendant's letters of January 18, 26 and 27, 2006.

Initially, I want to note that it is getting somewhat tiresome to read this constant bickering and sniping that takes place between counsel in these successions of lengthy and often times confusing letters that are sent to me for analysis and response.

In the past, in orders to counsel, I have made it as plain as I possibly could in regard to precise documents that should be returned, that they in fact should be returned, and I have also made reference from time to time about what I expect

would be professional efforts to comply with what I believe are correct rulings regarding the testimony given at depositions by witnesses for both sides. I think my orders are succinct and I think the explanations are clear. I concede that there could be an item or two that is unclear or raises a genuine question. Nevertheless, counsel continues to sit on documents that should be turned over by reason of the SDM's orders, or continue to "review" the documents that should have been turned over. Discovery has been going on now for over a year, counsel all know what is in all of these documents, and endless further review is totally unnecessary as far as I am concerned.

As far as deposing and redeposing is concerned, I do not feel that either side is being realistic but quite frankly somewhat childish. I have made it clear in my order that when a witness was blocked from answering a particular topic or subject that was improper, that witness should be deposed <u>on that topic</u>. It is not the opportunity to reopen for new inquiries and new areas which simply raises an objection and multi-page letters complaining about one side or the other.

For the foregoing reasons, I order the following and will not accept anything less. If counsel is dissatisfied with these requirements, they may appeal to the court.

1. Any documents that I have heretofore ordered turned over or returned by one party or the other shall be complied with on or before February 13, 2006. A

failure to do so should be reported to me in a non-argumentative letter not to exceed one page, which I will then consider as a basis to issue a report and recommendation to Judge Robinson to commence a contempt process to assure compliance and, if necessary, imposition of other appropriate sanctions.

2. Plaintiff's witnesses, Michael Cesarz and Carolyn Wukitch, will be redeposed within the limits that are implicit in the court's ruling in SDM's Order No. 5, which simply means to the extent that the SDM identified the subject that the witness was precluded from answering, re-examination on those precise topics and any <u>reasonable</u> follow up will be permitted. In this regard, the deposition of Marsha Radosevich is also to be redeposed, however, that may take place as a telephone deposition.

3. Defendant's witness Craig Luftig is to be redeposed as suggested at the bottom of Page 4 and top of Page 5 on SDM Order No. 2 where the scope of redeposition was defined.

4. Witness Lampe is not to be redeposed.

5. I will not accept any more letters in excess of two pages unless written permission is received in advance. Permission will be determined by sending a one-page letter with sufficient grounds why a letter in excess of two pages should be provided to raise a matter to be brought before the Special Discovery Master.

6. Following are rulings in regard to, and as referred to in plaintiff's letter of January 5, 2006.

    A.    <u>SDM Order No. 6 at Paragraph B – MCK 03054-455 (portions redacted)</u>

Based upon the declaration provided by Carolyn Wukitch at Paragraph E the redacted portions on their face support attorney client privilege. They do not support work product privilege.

    B.    <u>SDM Order No. 6 at Paragraph I – MCK 030338.</u>

The handwritten encircled redacted portion of that page is supported by the declaration of Carolyn Wukitch at Exhibit D of that declaration.

    C.    <u>SDM Order No. 6 at Paragraph K – MCK 005776</u>

Documents provided at MCK 005778 – MCK 781 are not entitled to privilege or other protection.

    D.    <u>SDM Order No. 6 at Paragraph M – MCK 030370</u>

Documents at MCK 030378 – 030379 are not entitled to privilege.

I am having difficulty clearing up in plaintiff's January 5th letter the reference in Footnote 1 to certain documents connected with the SDM Order No. 4, dated December 16, 2005. Plaintiff has confused in my mind that declaration in connection with SDM Order No. 6 (January 4, 2006) with some other complaints plaintiff seems to have about Order No. 4 of December 16th. Order No. 4 discussed primarily descriptions on logs, not documents themselves entirely, and

plaintiff appears to want to revisit some of those issues. I would ask plaintiff to clear up this feature of the letter of January 5, 2006.

SO ORDERED:

_____
LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATE: February 1, 2006