## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION                  :
SOLUTIONS, LLC,                       :
                                      :
        Plaintiff,                    :
                                      :        NO.: 04-1258-SLR
        v.                            :
                                      :
THE TRIZETTO GROUP, INC.,             :
                                      :
        Defendant.                    :

## SPECIAL MASTER ORDER NO. 8

Louis C. Bechtle, Special Discovery Master          February 28, 2006

Presently before the Special Discovery Master is a request of the defendant

in its letter of February 23, 2006 for the production of certain discovery materials.

Specifically, defendant requests two documents being MCK 030145-46 and MCK

034150-52 which have been referred to in previous correspondence between

counsel and the SDM. Redacted portions of these documents have been provided

following a production by the plaintiff of unredacted copies in respect to which

privilege was claimed at the deposition of Carolyn Wukitch. I have been able to

examine the redacted portions of the documents that have been provided either

because the have been produced in unredacted form or because the means of

production of these copies to the SDM did not allow the redaction to totally obliterate redacted material.

The Special Discovery Master rules as follows on these documents:

1.    MCK 030145-46 – initially on its face this document does not give off information that demonstrates by its terms that it is entitled to either attorney client privilege or work product protection. A reading of the entire document including the redacted portions demonstrates that the thrust of this communication between these non-lawyer business persons associated with the plaintiff is the primary topic having to do with business interests in the materials that are being communicated. The content focuses on the costs associated with license fees and whether they will be "modest", minimum payments, royalties and the business value of a patent product. This is intertwined with discussions regarding a marketing agreement and all of this in regard to business expectations and business strategy for the future. Some reference to the patent feature may reflect the author's perception of legal advice that over time may have had some influence on the judgment of the people communicating or the anticipated judgment of those who are receiving the communication. It is plainly a business thrust and is not and cannot reasonably satisfy the strict elements of protection from discovery based upon either attorney client privilege or work product protection. The document should be produced within 5 days.

2.    <u>Documents 034-150 to 034-152</u> – As in the document discussed above, a fair and full reading of the entire documents including the redacted portions show this to be a communication among business persons where the focus is on the subject of trends of possible customer loss or the switch among parties in the business relationships and the prospect of customer loss, market consolidation, possible loss of contract opportunities as well as loss of accounts due to increased competition. Again, the entire message being conveyed here has as its primary thrust non-lawyers in management levels developing business marketing, sales and customer strategy. The fact that a feature that drifts into this topic has to do with patent protection or infringement does not in and of itself elevate it to entitlement to attorney client privilege or work product protection. It is not clear that a communication from an attorney is what is being passed on here. The document should be produced within 5 days.

3.    This portion of this order addresses the second part of the first full paragraph on the second page that makes reference to an entry on the plaintiff's privilege log identified as the "second item on page 163 of 170" and designated item "I" in SDM Order No. 4. This is a claim by defendant of an entity file that contains patent enforcement information plaintiff has asserted that it has produced and defendant wants that assertion verified. This seemed to be a reasonable request and I would ask counsel to confer as to the means that this verification

could take place. If the parties cannot devise the means to do this, we can put that on the agenda if I am to visit Wilmington with the parties soon to bring all of the matters to a close.

4.    This addresses the request in defendant 's letter of February 23, 2006 in its paragraph designated as "second".

I am having difficulty blending the reference in this paragraph of defendant's letter to the undescribed document referred to as improperly redacted in defendant's letter of December 28, 2005; the reference to the SDM's reservation of judgment on documents bearing control numbers starting with MCK 052341 in SDM Order No. 6; and the reference to that being designated as "E". Rather than commit more time to unraveling the description, I simply ask that the document in question be produced to me with a position by each party not to exceed ½ of a page in a letter, and I will provide a ruling on that document.

5.    This is in reference to the first full paragraph on Page 2 of defendant's letter of February 23, 2006. The letter suggests that the SDM has not ruled on

Items "J" and "H" in SDM Order No. 4. A review of Order No. 4 at Item H and

Item J shows that they were ruled upon and they were ordered to be produced.

SO ORDERED:

LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATE: February 28, 2006