IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC, | : |
| Plaintiff, | : |
| v. | : NO.: 04-1258-SLR |
| THE TRIZETTO GROUP, INC., | : |
| Defendant. | : |

## SPECIAL MASTER ORDER NO. 9

Louis C. Bechtle, Special Discovery Master          March 21, 2006

This Special Discovery Master (SDM) Order is intended to address the items referred to by plaintiff in its letter of March 8, 2006, which incorporates by reference its request regarding matters set forth in its letter of March 2, 2006 and defendant's letter of March 1, 2006.

Document MCK 052341

Defendant asked the SDM to make a final ruling on this letter of March 1, 2006. Plaintiff's response to that this letter, as well as the document referred in Paragraph 3 of SDM's Order No. 8 has been produced to the defendant.

Document MCK 030145-46

Plaintiff seeks reconsideration of the SDM's ruling in Order No. 8 that redacted paragraphs should be produced. I have re-examined 030145-46, together with the request for reconsideration. The SDM addressed the reasons for disallowance of protection in Paragraphs 1 and 2 of SDM Order No. 8 which will not be repeated here. A re-examination of Paragraph 1 and 2 suggests that there is a basis on reconsideration for claiming attorney client privilege beginning with the phrase "there may also be . . . ." and following and including that sentence, and the next two sentences. These three sentences (ending with the word "infringements") are entitled to attorney client protection on reconsideration. The remainder of Paragraph 1 is not entitled to reconsideration and should remain as ruled upon in Paragraph 1 of SDM No. 8. In regard to Paragraph No. 2, the first sentence beginning with "we can . . . " is not entitled to privilege protection. The next sentence beginning with the word "we will need . . . ." to the end of Paragraph 2 is, on reconsideration entitled to attorney client protection, which will be allowed on reconsideration.

The documents not entitled to protection as described in this Order for Reconsideration should be produced within five days.

2

Defendant's letter of March 1, 2006

In regard to defendant's paragraph identified as "first" (as stated earlier in this Order) the plaintiff has advised in its letter dated March 2, 2006 that it has produced this document.

In regard to defendant's paragraph identified as "second", defendant seeks documents identified as H and J in SDM Order No. 4, which has not been produced by plaintiff by reason of a claim of reconsideration. Plaintiff has resubmitted its declaration of Carolyn Wukitch in support of its request for protection here.

Item H referred in SDM Order No. 4 and No. 8 was described on plaintiff's log as a communication dated 11/10/03 from Carolyn Staudenmeier of McKesson to various persons more fully identified on the plaintiff's log at Page 139 of 170. Plaintiff contended in its letter of January 5, 2006 on the basis of the declaration of Carolyn Wukitch that bullet point No. 2 on the 11/10/03 letter and the paragraph at bullet point No. 6 on that letter are entitled to attorney client protection on reconsideration. Plaintiff contends that corporate counsel for plaintiff, Laureen Seeger, was a key figure in regard to that communication, and that the redacted portions are protected under the attorney client privilege for that reason. Upon reconsideration it seems what is sought to be protected in bullet point No. 3, is a description of an accurately described event that in fact took place and involved

3

third parties outside of the attorney client realm, including the defendants. Reconsideration of this reference in the third bullet point is accordingly denied.

In respect to bullet point No. 6, the sentence beginning on the fourth line from the bottom of that bullet point beginning with the words "in order to achieve . . . ." is entitled to be redacted by the plaintiff. The remainder of that bullet point is not entitled to redaction on reconsideration based on either attorney client privilege or work product protection and should be produced within five days.

Another item referred to by defendant in its March 1, 2006 letter under Paragraph "second" is an item identified as J on the SDM Order No. 4, which was the top item on Page 166 of 170 of plaintiff's log and is being claimed on reconsideration as entitled to privilege for the reason set forth in the declaration of Carolyn Wukitch provided to the SDM. The SDM has examined both the four-page document of Item J and the declaration provided in support of protection on reconsideration and concludes that Pages 10, 11 and 13 are not entitled on reconsideration to attorney client privilege or work product protection for the reasons previously stated in SDM No. 4. Page 12 is entitled to attorney client privilege protection on reconsideration. Pages 10, 11 and 13 should be produced within five days.

4

<u>Defendant's letter of March 6, 2006</u>

Defendant in this letter asks that the SDM provide copies of the declaration of Carolyn Wukitch and Michael Cesarz that have been submitted by McKesson for reconsideration for *en camera* review. That request is denied for the reason that by doing so, it would require disclosure of attorney client privilege material. If any rulings made by the SDM that are based upon the declarations requested by defendant in its letter of March 6, 2006 are appealed, plaintiff shall file under seal copies of those declarations with the court with its response to the appeal.

SO ORDERED:

_____
LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATE: <u>March 21, 2006</u>