IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-1258-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| THE TRIZETTO GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |


## JOINT PROPOSED JURY INSTRUCTIONS


Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899
(302) 651-3000

Attorneys for Plaintiff McKesson
  Information Solutions LLC


OF COUNSEL:

Jeffery G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301
(650) 470-4500


Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200


Attorneys for Defendant
  The TriZetto Group, Inc.


OF COUNSEL:

Jeffrey T. Thomas
David A. Segal
Michael A. Sitzman
GIBSON, DUNN & CRUTCHER LLP
Jamboree Center
4 Park Plaza
Irvine, CA  92614-8557
(949) 451-3800


DATED:  March 31, 2006

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

**1.    GENERAL INSTRUCTIONS**

1.1    INTRODUCTION ............................................................................ 1

1.2    JURORS' DUTIES ......................................................................... 2

1.4    EVIDENCE DEFINED..................................................................... 3

1.5    CONSIDERATION OF EVIDENCE ............................................... 5

1.6    DIRECT AND CIRCUMSTANTIAL EVIDENCE .......................... 6

1.7    CREDIBILITY OF WITNESSES .................................................... 7

1.8    NUMBER OF WITNESSES............................................................ 9

1.9    EXPERT WITNESSES................................................................... 10

1.10    DEPOSITION TESTIMONY.......................................................... 11

**2.    THE PARTIES AND THEIR CONTENTIONS**

2.1    THE PARTIES ............................................................................... 12

**3.    INFRINGEMENT**

3.2    DEPENDENT AND INDEPENDENT CLAIMS ........................... 13

**4.    DAMAGES**

4.7    CURATIVE INSTRUCTION ......................................................... 14

**6.    DELIBERATION AND VERDICT**

6.1    INTRODUCTION .......................................................................... 15

6.2    UNANIMOUS VERDICT .............................................................. 16

6.3    DUTY TO DELIBERATE............................................................... 17

6.4    COURT HAS NO OPINION ......................................................... 19

# 1.     GENERAL INSTRUCTIONS

## 1.1     INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case. I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

Sources:  *See* Delaware Patent Jury Instructions 1.1; *IMX, Inc. v. LendingTree, LLC*, C.A. No. 03-1067-SLR (Charge to the Jury, Jan. 20, 2006, "Introduction").

## 1.2    JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide, under the appropriate burden of proof, which party should prevail on each of the issues presented.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Sources:  *See* Delaware Patent Jury Instructions 1.2; *IMX*, ("Jurors' Duties").

1.4    EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.  The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, any facts that the parties agreed to by stipulation, and any facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  None of my comments and questions are evidence.  The notes taken by any juror are not evidence.

Certain charts and graphics have been used to illustrate testimony from witnesses.  Unless I have specifically admitted them into evidence, these charts and graphics are not themselves evidence even if they refer to or identify evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked or I may have struck things from the record.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

3

Sources:  *See* Delaware Patent Jury Instructions 1.4; *IMX*, ("Evidence Defined").

1.5    CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Sources:  *See* Delaware Patent Jury Instructions 1.5; *IMX*, ("Consideration of Evidence").

1.6     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Sources:  *See* Delaware Patent Jury Instructions 1.6; *IMX*, ("Direct and Circumstantial Evidence").

1.7     CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is the province of the jury to determine whether an incorrect statement or prior inconsistent statement discredits the witness's testimony.

But bear in mind that an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

7

Sources:  *See* Delaware Patent Jury Instructions 1.7; *IMX*, ("Credibility of Witness").

1.8    NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Sources:  *See* Delaware Patent Jury Instructions 1.8; *IMX*, ("Number of Witnesses").

1.9     EXPERT WITNESSES

When knowledge of technical or financial subject matter might be helpful to the jury, a person who has special training or experience in that technical or financial field - he or she is called an expert witness - is permitted to state his or her opinion on those technical or financial matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to judge the credentials and credibility of the expert witness and decide whether to rely upon his or her testimony.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion in whole or in part.

Sources:  *See* Delaware Patent Jury Instructions 1.9; *IMX*, ("Expert Witness").

1.10    DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you through depositions that were read into evidence or played on videotape.  This testimony is entitled to the same consideration you would give it had the witness personally appeared in court.  Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence that may be used to prove particular facts.

Source:  *See IMX*, ("Deposition Testimony").

**2.    THE PARTIES AND THEIR CONTENTIONS**

2.1    THE PARTIES

Plaintiff is McKesson Information Solutions, LLC, which I will refer to as "McKesson."  McKesson is a Delaware corporation with its headquarters in Georgia and offices in Malvern, Pennsylvania.  McKesson is also the successor-in-interest to HPR, Inc., the original owner of the patent at issue in this case, as well as GMIS, Inc. and HBO and Company.

Defendant is The TriZetto Group, Inc., which I will refer to as "TriZetto."  TriZetto is a Delaware corporation with its headquarters in California and offices in Union, New Jersey.  TriZetto is the successor-in-interest to Erisco, the original manufacturer of the ClaimFacts and Facets products, and to Resource Information Management Systems, Inc., or RIMS, the original manufacturer of the QicLink product.

McKesson is the owner of U.S. Patent No. 5,253, 164, which I will refer to as "the '164 patent" or "the patent-in-suit."

Source:  *See IMX*, ("The Parties").

3.    **INFRINGEMENT**

3.2    DEPENDENT AND INDEPENDENT CLAIMS

These are two different types of claims in a patent.  The first type is called an "independent" claim.  An independent claim does not refer to any other claim of the patent.  An independent claim is read alone to determine its scope.

The second type, a "dependent" claim, refers to at least one other claim in the patent and, thus, incorporates whatever that other claim says.  Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.

For example, claim 3 of the '164 patent is an independent claim.  You know this because claim 3 does not refer to any other claims.  Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

On the other hand, claim 4 is a dependent claim.  If you look at claim 4, it refers to claim 3.  Therefore, to determine what claim 4 covers, you must consider both the words of claims 3 and 4 together.

If you find that a claim to which a dependent claim refers is not infringed, then you must find that the dependent claim is not infringed.

Some claims of the '164 patent are broader than other claims.  You are not to read the limitations or words of a narrower or dependent claim into a broader or independent claim if the broader claim does not explicitly include the same limitations.

Source:  Adapted to fit this case from *IMX  v. LendingTree* ("Dependent and Independent Claims").

13

4.     **DAMAGES**

4.7     CURATIVE INSTRUCTION

The fact that I have instructed you regarding damages should not be construed as intimating any view of the Court as to which party is entitled to prevail in this case. Instructions regarding damages are given for your guidance in the event that the evidence leads you to find in favor of McKesson.

Source:  Adapted to fit this case from *IMX  v. LendingTree* ("Curative Instruction").

**6.     DELIBERATION AND VERDICT**

      6.1     INTRODUCTION

Let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can.  I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this court is the juror seated in the first seat, first row.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your vote.  For example, do not write down or tell anyone that you are split 4-4 or 6-2, whatever your vote happens to be.  That should stay secret until you are finished.

Sources:  *See* Delaware Patent Jury Instructions 7.1; *IMX*, ("Deliberation and Verdict – Introduction").

## 6.2    UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. The verdict form asks you a series of questions about McKesson's claims of infringement. Unless you are directed otherwise in the form of the verdict, you must answer all of the questions posed, and you all must agree on each answer. When you have reached unanimous agreement as to your verdict, you will return your verdict to the courtroom deputy.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

Sources: *See* Delaware Patent Jury Instructions 7.2; *IMX*, ("Unanimous Verdict").

6.3    DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say.

Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that - your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any member of the jury took notes, let me remind you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

We generally end our business day at 4:30.  If we do not hear from you by 4:30, I will be sending a note into you to see whether you are close enough to a verdict to want

to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations tomorrow morning. You will need to respond in writing to that question.

I am going to remind you now, if you go home this evening and resume your deliberations tomorrow, you are not to talk about the case among yourselves or with anyone else during the evening recess. You are only supposed to talk about the case while you all are in the jury room.

So if you do go home this evening, keep that instruction in mind. Unless I hear from you that you have a different schedule in mind, I will expect you all to come back tomorrow morning at 9:30. You are not to start deliberating until you are all present in the jury room and participating together.

Because the lawyers have to make themselves available to respond to questions or receive the verdict, I generally give them between 1:00 and 2:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 1:00 and 2:00, you probably will not get an answer back right away because we are all going to be stepping away from our phones for a few minutes.

Sources: *See* Delaware Patent Jury Instructions 7.3; *IMX*, ("Duty to Deliberate").

.

6.4     COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

Sources:  *See* Delaware Patent Jury Instructions 7.4; *IMX*, ("Court Has No Opinion").

19