IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TRIZETTO GROUP, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-1258-SLR |

## JOINT PRETRIAL ORDER

On April 5, 2006 at 4:30 p.m., counsel for plaintiff and counterclaim defendant, McKesson Information Solutions, LLC ("McKesson"), and defendant and counterclaim plaintiff, The TriZetto Group, Inc. ("TriZetto"), will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, Rule 16.4 of this Court and this Court's February 18, 2005 Scheduling Order. The following matters as to the jury trial scheduled to commence on April 17, 2006, are hereby ordered by the Court:

**I.    NATURE OF THE ACTION**

    **A.    Pleadings**

        1.    On September 13, 2004, McKesson filed this lawsuit against TriZetto for willfully infringing McKesson's U.S. Patent No. 5,253,164 ("the '164 patent"). (D.I. 1.) McKesson filed a First Amended Complaint on October 1, 2004. (D.I. 7.)

        2.    On November 1, 2004, TriZetto answered the Complaint, denying the material allegations therein, and counterclaimed for declaratory judgment of non-infringement, invalidity, and unenforceability of the '164 patent. (D.I. 10.)

1

3. On November 22, 2004, McKesson filed a Motion to Strike Defendant's Second, Sixth and Seventh Affirmative Defenses, and to Dismiss Defendant's Counterclaim that the '164 Patent is Unenforceable. (D.I. 13.) The Court entered an Order on April 20, 2005, denying McKesson's motion without prejudice. (D.I. 39.)

4. On May 10, 2005, McKesson answered TriZetto's counterclaim. (D.I. 55.)

5. With the exceptions noted below, fact discovery was completed during October, 2005. Pursuant to the Court's November 22, 2005 Order, expert discovery was completed on November 30, 2005. (D.I. 145)

    a. **McKesson's Position:** The Special Discovery Master ordered certain additional discovery from each party. The sole outstanding fact discovery issue is McKesson's indication that it will request the Court's reconsideration concerning certain documents that are the subject of Special Master Order No. 9.

    b. **TriZetto's Position:** The Special Discovery Master ordered McKesson to produce certain documents it had withheld on privilege grounds. McKesson has not done so. The Special Discovery Master also ordered McKesson to review its privilege log to identify and produce documents that are not privileged. As such, TriZetto believes that McKesson has not made a good faith effort to comply with the Special Discovery Master's orders. Additionally, the parties are to

complete the deposition of Marcia Radosevich as ordered by the Special Discovery Master.

6. On November 7, 2005, the Court directed that TriZetto's equitable defenses be tried to the Court after the jury trial. (11/7/05 Tr. at 36:3-5.)

    a. **McKesson's Position:** McKesson believes that TriZetto should be limited to presentation of its opinion letter regarding estoppel to defend against willfulness. TriZetto should not be permitted to try its equitable defenses to the jury or to manufacture a willfulness defense that is inconsistent with the scope of its opinion of counsel (*see* TriZetto's Proposed Jury Instruction concerning "Good Faith Reliance On Opinion Of Counsel," which states: "In this case, TriZetto obtained a letter from counsel that contained opinions on the equitable defenses of laches and estoppel."

    b. **TriZetto's Position:** In connection with its defense against McKesson's allegation of willful infringement, TriZetto intends to present to the jury evidence regarding laches, equitable estoppel and other indicia of TriZetto's state of mind regarding the '164 patent and the relevant technology before and during the period of alleged infringement.

       7.    On November 22, 2005, the Court ordered that motion practice and trial on the issue of invalidity shall be bifurcated and stayed until further order of the Court. (D.I. 145.)

   **B.**   **Claims At Issue**

       1.    Claims 1-6 and 8-16 of the '164 patent.

   **C.**   **Pending Motions**

       1.    The following motions and other matters (excluding those matters relating to invalidity issues) are currently pending before the Court:

      a.    Claim Construction

      b.    McKesson's Motion for Summary Judgment of Infringement

      c.    McKesson's Motion for Summary Judgment re Laches and Estoppel

      d.    McKesson's Motion for Summary Judgment re Inequitable Conduct

      e.    TriZetto's Motion for Summary Judgment of Non-Infringement

      f.    TriZetto's Motion for Summary Judgment re Laches

      g.    McKesson's *Daubert* Motion re TriZetto's Expert Randall Davis and request to exclude documents first produced with his expert report

      h.    McKesson's *Daubert* Motion re TriZetto's Expert Jesse David and request to exclude documents first produced with his expert report

      i.    TriZetto's *Daubert* Motion re McKesson's Experts Mark Musen and Margaret Johnson

      j.    TriZetto's *Daubert* Motion re McKesson's Expert Michael Wagner

**II.     JURISDICTIONAL STATEMENT**

      1.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

      2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**III.    ADMITTED FACTS**

      1.      The parties admit the facts stated in attached Exhibit 1.  These admitted facts require no proof at trial.

**IV.     ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

      1.      McKesson's statement of issues of fact that remain to be litigated is attached as Exhibit 2.

      2.      TriZetto's statement of issues of fact that remain to be litigated is attached as Exhibit 3.

**V.      ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

      1.      McKesson's statement of issues of law that remain to be litigated is attached as Exhibit 4.

      2.      TriZetto's statement of issues of law that remain to be litigated is attached as Exhibit 5.

**VI.     TRIAL EXHIBITS**

      1.      McKesson's list of exhibits that it may offer at the jury trial is attached as Exhibit 6.  The list includes the exhibit number to be used at trial and a

description sufficient to identify the exhibit. The description of an exhibit is provided for convenience only and shall not be used as an admission or other evidence. TriZetto's objections to McKesson's exhibits are listed in the last column of Exhibit 6 for each exhibit.

        2.       TriZetto's list of exhibits that it may offer at the jury trial is attached as Exhibit 7. The list includes the exhibit number to be used at trial and a description sufficient to identify the exhibit. The description of an exhibit is provided for convenience only and shall not be used as an admission or other evidence. McKesson's objections to TriZetto's exhibits are listed in the last column of Exhibit 7 for each exhibit.

        3.       The parties will agree on a date and time to exchange complete and legible copies of their exhibits with exhibit labels.

        4.       A document to which no objection is preserved by the parties' list of objections on Exhibits 6 and 7 attached hereto may not be objected to at trial.

        a.       **McKesson's Position:** Essentially all of the documents ordered to be produced by the Special Discovery Master have already been produced. TriZetto should not be allowed to supplement its exhibit list and, at most, should be limited to the addition of documents not already in its possession. McKesson reserves the right to offer impeachment and rebuttal exhibits that are not set forth in its exhibit list upon the testimony of the other side's witnesses.

        b.       **TriZetto's Position:** Additionally, TriZetto reserves the right to supplement its trial exhibit list with any documents

>produced by McKesson pursuant to the orders of the Special Discovery Master. TriZetto also reserves the right to object to McKesson's Exhibits 464-469, which McKesson added to its exhibit list on March 31, 2006.

Otherwise, unless good cause is shown, the parties may only introduce documents identified on their trial exhibit list.

5. The fact that a party includes an exhibit on its list does not constitute a waiver by that party of any objection to the use of such exhibit by the other party. Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party.

6. Any document that on its face appears to have been authored by an employee, officer or agent of a party shall be deemed *prima facie* to be authentic, subject to the right of the party against whom such document is offered to adduce evidence to the contrary.

7. Any document that on its face was authored or prepared by a third party that was produced in discovery by a party, if offered by the opposing party, shall be deemed *prima facie* to be authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary.

8. The parties agree that written answers to interrogatories, requests for admission, or Rule 30(b)(6) deposition notices served in this case shall be treated as having been given under oath, whether or not the answers were signed by the party making them.

9. Demonstrative exhibits:

    a.    **McKesson's Position:** The parties shall exchange demonstrative exhibits that they intend to use at the jury trial in their opening statements by Saturday, April 15, 2006, at 5:00 p.m.  The parties shall exchange demonstrative exhibits that they intend to use at trial in their closing statements by 7:00 p.m. the evening before closing arguments.  The parties shall exchange all other demonstrative exhibits that they intend to use at trial by 8 p.m. the evening before they are to be used.  The notice provisions of this paragraph do not apply to demonstrative exhibits created in the courtroom during trial testimony or the enlargement, highlighting, ballooning, or other non-annotated highlighting of trial exhibits or of testimony.

    b.    **TriZetto's Position:**  The parties shall provide 24 hours' notice to the other side of any demonstrative exhibits they intend to use.

The notice provisions of this paragraph do not apply to demonstrative exhibits created in the courtroom during trial testimony or the enlargement, highlighting, ballooning, or other non-annotated highlighting of trial exhibits or of testimony.

### VII.  TRIAL WITNESSES

1.  McKesson's list of witnesses it may call to testify either in person or by deposition is attached as Exhibit 8.

      2.      TriZetto's list of witnesses it may to call to testify either in person or by deposition is attached as Exhibit 9.

      3.      The parties agree that they shall provide the other side with 48 hours notice of each witness that they expect to call live at trial along with the identification of the trial exhibits that they expect to use on direct examination of that witness. The other party shall identify any objections to the admissibility of the exhibits sought to be used with the witness within 24 hours of receiving notice of the exhibits. The parties shall meet and confer to attempt to resolve any objections to exhibits. Any objections that cannot be resolved shall be raised with the Court before the exhibit is used with the witness.

      4.      Deposition designations:

          a.      **McKesson's Position:** With respect to those witnesses who will be presented by deposition, each party shall provide reasonable notice of the specific pages and lines of each deposition, prior to reading from the deposition or playing a video of it at trial, but in no event less than the 48 hours notice provided for in the Court's "Guidelines For Civil Trials Before Judge Robinson" (the "Guidelines"). Within 24 hours after receiving a specific deposition designation, the opposing party shall provide objections to any such designations and any counter-designations of the deposition relating to the same topic that the opposing party believes is needed to make the designation complete and not misleading. The designating party shall provide any objections to any

such counter-designations, and if such objections are not resolved by meet and confer, consistent with the Court's Guidelines, they will be brought to the Court's attention before the deposition is to be offered.

    b.    **TriZetto's Position:** TriZetto proposes that the parties exchange deposition designations far enough in advance of the time they are read at trial to allow the other side to object and counter-designate. Accordingly, TriZetto proposes the parties exchange deposition designations on April 7, 2006. Objections and counter-designations shall be exchanged on April 14, 2006. The counter-designations shall relate to the same topic and be necessary to make the designation complete and not misleading. The designating party shall provide any objections to any such counter-designations. The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will be provided to the Court for resolution before the deposition is to be offered.

    5.    The specific portions of the deposition shall be read or played in page order omitting (as agreed upon in advance or ordered by the Court) objections and colloquy. (For purposes of determining page order, testimony from the redepositions of Carolyn Wukitch, Michael Cesarz, or Marcia Radosevich shall be treated as having been given immediately following the portion of their original deposition testimony where each

question that was the subject of redeposition was originally asked.)  If a party designates deposition testimony, and the other party counter-designates, both the designation and counter-designation will played as one video in page order.  The time available for each side's presentation shall be reduced by the length of its designations or counter-designations.

### VIII. BRIEF STATEMENTS OF PARTIES' SUPPORT

1. McKesson's brief statement of what it intends to provide in support of its claims is attached as Exhibit 10.

2. TriZetto's brief statement of what it intends to provide in support of its defenses is attached as Exhibit 11.

### IX. PROPOSED AMENDMENTS

1. Each party reserves its right to amend its pleadings to conform to proof.

### X. CERTIFICATION

1. The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement.  No agreement has been reached.

### XI. OTHER MATTERS

1. A list and brief discussion of other matters that McKesson seeks to address at the pretrial conference is attached as Exhibit 12.

2. A list and brief discussion of other matters that TriZetto seeks to address at the pretrial conference is attached as Exhibit 13.

       3.      The parties have discussed the issues presented in Exhibits 12 and 13 during their meet and confer and each disagrees with the matters raised by the other. The parties have agreed that the matters raised in Exhibits 12 and 13 should be addressed by the Court during the April 5 conference.

## XII.   ORDER TO CONTROL COURSE OF ACTION

This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____

                                                                United States District Court Judge

**Jointly Submitted by:**

| | |
|---|---|
| SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
| By: */s/ Michael A. Barlow*<br>    Thomas J. Allingham II (#0476)<br>    Michael A. Barlow (#3928)<br>    One Rodney Square<br>    P.O. Box 636<br>    Wilmington, DE  19899<br>    (302) 651-3000 | By: */s/ Jack B. Blumenfeld*<br>    Jack B. Blumenfeld (#1014)<br>    Rodger D. Smith II (#3778)<br>    1201 N. Market Street<br>    P.O. Box 1347<br>    Wilmington, DE  19899<br>    (302) 658-9200 |
| Attorneys for Plaintiff McKesson<br>  Information Solutions LLC | Attorneys for Defendant<br>   The TriZetto Group, Inc. |
| OF COUNSEL: | OF COUNSEL: |
| Jeffery G. Randall<br>David W. Hansen<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>525 University Avenue, Suite 1100<br>Palo Alto, CA  94301<br>(650) 470-4500 | Jeffrey T. Thomas<br>David A. Segal<br>Michael A. Sitzman<br>GIBSON, DUNN & CRUTCHER LLP<br>Jamboree Center<br>4 Park Plaza<br>Irvine, CA  92614-8557<br>(949) 451-3800 |