IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS
LLC,

               Plaintiff,

        v.

THE TRIZETTO GROUP, INC.

               Defendant.

Civil Action No. 04-1258-SLR

**EXHIBIT 3**

**THE TRIZETTO GROUP, INC.'S STATEMENT OF
ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

To the extent that issues identified by TriZetto's[1] Statement of Issues of Law are issues

of fact, this Statement of Facts incorporates those issues by reference.

**I.    NON-INFRINGEMENT**

       1.       Whether McKesson can prove by a preponderance of the evidence that TriZetto's

ClinicaLogic component of its products literally meets each and every claim limitation in any of

claims 1-6 or 8-16 of the '164 patent (the "Asserted Claims").

       2.       Whether McKesson can prove by a preponderance of the evidence that TriZetto's

ClinicaLogic component performs an identical function to each and every one of the means-plus-

function and steps-plus-function limitations in any of the Asserted Claims.

---

[1] References herein to "TriZetto" are to The TriZetto Group, Inc., as well as its predecessors,
Erisco and RIMS, unless otherwise noted. References herein to "McKesson" are to
McKesson Information Solutions, LLC, as well as its predecessors, HBOC, GMIS and HPR,
unless otherwise noted.

3.     Whether McKesson can prove by a preponderance of the evidence that TriZetto's ClinicaLogic component has identical or equivalent structure to each and every one of the means-plus-function and steps-plus-function limitations in any of the Asserted Claims.

4.     Whether McKesson can prove by clear and convincing evidence that TriZetto willfully infringed the '164 patent.

5.     Whether McKesson can prove by clear and convincing evidence that it was unreasonable for TriZetto to rely on the advice obtained from counsel that the '164 patent was unenforceable against TriZetto.

## II.    LACHES (to be tried to the Court)

6.     Whether McKesson can rebut the six-year presumption of laches.

7.     Whether McKesson delayed filing suit for an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of its claim against TriZetto.

8.     Whether McKesson's delay operated to prejudice or injure TriZetto.

## III.    EQUITABLE ESTOPPEL (to be tried to the Court)

9.     Whether McKesson, through misleading conduct, including its silence and inaction, led TriZetto to reasonably infer that McKesson did not intend to enforce the '164 patent against TriZetto.

10.     Whether TriZetto reasonably relied on McKesson's misleading conduct.

11.     Whether, due to TriZetto's reliance, TriZetto will be materially prejudiced if McKesson is allowed to proceed with its claim.

## IV.    INEQUITABLE CONDUCT (to be tried to the Court)

12.     Whether the patent applicants, or the applicants' attorney or representative, withheld or misrepresented material information from the United States Patent and Trademark Office ("PTO") during prosecution of the '164 patent, with intent to mislead or deceive the PTO.

## V.     DAMAGES

13.     Whether McKesson can prove by a preponderance of the evidence that it has marked all of its products that included the patented invention with the patent number, as required by 35 U.S.C. § 287.

14.     Whether McKesson can prove by a preponderance of the evidence that it is entitled to recover damages for TriZetto's infringement and, if so, the amount of damages McKesson has proven.

15.     Whether an award of interest under 35 U.S.C. § 284 is appropriate, and if so, what the interest rate should be and when it should first begin to accrue.

40223959_4.DOC