IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS
LLC,

          Plaintiff,

        v.

THE TRIZETTO GROUP, INC.

          Defendant.

Civil Action No. 04-1258-SLR

**EXHIBIT 11**

**THE TRIZETTO GROUP, INC.'S STATEMENT OF
INTENDED PROOFS AT TRIAL**

**I.      NON-INFRINGEMENT**

      1.      TriZetto's[1] products accused of infringement do not literally infringe claims 1-6 or 8-16 of the '164 patent (collectively, the "Asserted Claims") because the ClinicaLogic component of TriZetto's accused products lacks one or more limitations of the Asserted Claims.

      2.      The ClinicaLogic component of TriZetto's accused products does not perform the identical functions of all of the means-plus-function and steps-plus-function limitations in any of the Asserted Claims.

      3.      The ClinicaLogic component of TriZetto's accused products does not have identical or equivalent structure to each and every of the means-plus-function and steps-plus-function limitations in any of the Asserted Claims.

---

[1] References herein to "TriZetto" are to The TriZetto Group, Inc., as well as its predecessors, Erisco and RIMS, unless otherwise noted. References herein to "McKesson" are to McKesson Information Solutions, LLC, as well as its predecessors, HBOC, GMIS and HPR, unless otherwise noted.

## II.    LACHES

4.      The six-year laches presumption applies and cannot be rebutted.

5.      McKesson and its predecessors delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against TriZetto.

6.      McKesson's delay operated to the prejudice or injury of TriZetto.

## III.    EQUITABLE ESTOPPEL

7.      McKesson, through misleading conduct, led TriZetto to reasonably infer that McKesson did not intend to enforce its patent against TriZetto.

8.      TriZetto relied on McKesson's misleading conduct, resulting in material prejudice to TriZetto.

## IV.    INEQUITABLE CONDUCT

9.      The patent applicants, when filing and prosecuting their application for the '164 patent, withheld or misrepresented material information from the Patent and Trademark Office ("PTO"), and did so with an intent to mislead or deceive the PTO.

## V.    IN RESPONSE TO PLAINTIFF'S CLAIMS, TRIZETTO ALSO INTENDS TO PROVE THE FOLLOWING AT TRIAL

10.      TriZetto did not willfully infringe the '164 patent.  Many years ago, TriZetto reasonably concluded that, based on the patentee's conduct, the patentee did not intend to assert the '164 patent against TriZetto.  Later on, TriZetto sought, obtained and justifiably relied on competent legal advice from counsel that the '164 patent was unenforceable against TriZetto. (This issue cannot be decided until after the second trial on validity.)

11.      McKesson is not entitled to lost profits because it cannot show that its sales would have been different had the alleged infringement not occurred.  For example, the existence of acceptable non-infringing alternatives precludes an award of lost profit damages.

12.     Any reasonable royalty damages must be based on TriZetto's sales of ClinicaLogic, and not other products, modules or components that are not covered by the '164 patent.

13.     McKesson's damages, if any, must be limited in accordance with 35 U.S.C. § 287(a).

14.     McKesson is not entitled to prejudgment interest.

15.     McKesson is not entitled to an increase in the award of damages.  (This issue cannot be decided until after the second trial on validity.)

16.     McKesson is not entitled to a permanent injunction.  (This issue cannot be decided until after the second trial on validity.)

17.     This is not an exceptional case warranting the imposition of an award of attorney's fees to McKesson.  (This issue cannot be decided until after the second trial on validity.)

40224243_3.DOC