<u>**EXHIBIT 12**</u>

<u>**McKESSON'S LIST OF OTHER MATTERS**</u>

McKesson identifies the following additional matters that it intends to raise at the Pretrial Conference regarding the jury trial on infringement, damages and willfulness. Because the Court has directed that TriZetto's equitable defenses be tried to the Court after the jury trial and because such bench trial has not yet been scheduled, McKesson reserves the right to identify the additional matters relating to said bench trial in accordance with the schedule to be set by the Court.

1.      **Length of Trial:**  McKesson intends to discuss the length of trial at the Pretrial Conference.

2.      **Exclusion of Opinion of Counsel Based on Laches:**  As part of its defense against willfulness, TriZetto has asserted reliance on an opinion of counsel based only on laches and estoppel. McKesson requests that the Court preclude TriZetto from introducing any evidence regarding its laches opinion or its laches defense at the jury trial because laches is not a defense to willfulness.  Willfulness relates to whether the alleged infringer had a reasonable, good faith basis for believing that the patent was not infringed, invalid, or unenforceable.  *See SRI Int'l, Inc. v. Advanced Tech. Labs, Inc.*, 127 F.3d 1462, 1464-65 (Fed. Cir. 1997).  Laches, however, only concerns a patentee's ability to collect pre-lawsuit infringement damages, and does not affect the infringement, validity, or enforceability of a patent.  *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1039-41 (Fed. Cir. 1992).  Thus, even if TriZetto could prove that it had a reasonable, good faith belief that its laches defense would succeed, TriZetto cannot avoid a finding of willfulness based in whole or in part on such a belief.

3.        **Exclusion of Evidence Regarding Invalidity and Equitable Defenses:**

The Court has directed that all of TriZetto's equitable defenses be tried to the Court.  (*See* 11/7/05 Tr. at 36:3-5.)  In addition, as a result of TriZetto's election to bifurcate trial of its invalidity defenses, the Court ordered that trial and motion practice regarding all invalidity issues be bifurcated and stayed.  (D.I. 145.)  Accordingly, McKesson requests that the Court preclude TriZetto from introducing at the jury trial on infringement, damages and willfulness any evidence regarding its invalidity or equitable defenses, other than TriZetto's opinion of counsel based on estoppel.  Evidence regarding TriZetto's invalidity and equitable defenses is irrelevant to the issues of infringement, damages and willfulness. The jury will not decide any issues regarding validity or TriZetto's equitable defenses. Allowing such evidence at the jury trial would only serve to confuse and/or mislead the jury, and risks unfairly prejudicing McKesson.

With regard to TriZetto's opinion of counsel based on estoppel, TriZetto also should be precluded from offering any evidence regarding estoppel beyond what is set forth in the opinion itself.  Since such other evidence was not relied upon by TriZetto's counsel in rendering the opinion, TriZetto cannot properly rely on such evidence to prove the competence of the opinion or TriZetto's reliance thereon, and would only serve to confuse and mislead the jury as to what information was actually considered and relied upon by TriZetto's counsel in rendering the opinion.[1]

4.        **Exclusion of Evidence Regarding the Parties' Patent Negotiations:**

Pursuant to Federal Rule of Evidence 408, McKesson requests that the Court exclude from

---

[1]  To the extent the Court allows TriZetto to introduce evidence regarding its opinion of counsel based on laches, the Court should similarly preclude TriZetto from introducing evidence regarding laches beyond what is set forth in the opinion itself.

the jury trial all evidence concerning the parties' pre-lawsuit efforts to resolve their dispute regarding the '164 patent, including evidence of any offers or proposals made or considered by either party to resolve their patent dispute, and evidence of conduct or statements made during the parties' negotiations.

     5.     **Exclusion of Witness Roger Blakely:**  In defense against willfulness, TriZetto has asserted reliance on an opinion of counsel from the law firm of Blakely, Sokoloff, Taylor & Zafman.  On September 8, 2005, McKesson served a deposition subpoena on the Blakely firm regarding the following subjects: (1) "All communications between Blakely and TriZetto, or between Blakely and any third party in connection services provided to TriZetto"; (2) "All information considered or relied upon by Blakely, including factual, technical and legal information, in connection with services provided by Blakely to TriZetto relating to the '164 patent"; (3) "All work product, including any opinions, memos, or analysis relating to services provided to TriZetto in connection with the '164 patent"; and (4) "The qualifications and experience of the attorneys providing services to TriZetto relating to the '164 patent and the general scope and nature of any preexisting relationship between Blakely and TriZetto."  The Blakely firm designated and produced Eric King, a partner of the firm, to testify at the deposition as TriZetto's opinion counsel and as the person most knowledgeable about the foregoing subjects.  On December 30, 2005, TriZetto served its trial witness list, in which it identified Roger Blakely, another partner of the Blakely firm, to testify at trial.  TriZetto, however, had never identified Mr. Blakely in its original or supplemental Rule 26 disclosures or interrogatory responses.

Because TriZetto failed to properly disclose Mr. Blakely during discovery, TriZetto should not be permitted to offer Mr. Blakely as a witness at trial. *See* D.I. 28 at 3 (limiting fact witnesses at trial to persons "who [have] previously been disclosed during discovery"); Guidelines for Civil Trials before Judge Robinson ("Individuals may be called as trial witnesses if their names are disclosed by any party during discovery"). Exclusion of Mr. Blakely is also appropriate because TriZetto's opinion counsel, the Blakely firm, designated Mr. King, not Mr. Blakely, as the firm's representative and the person most knowledgeable about the opinion.

6.      **Scheduling of the Bench Trial on Equitable Defenses:** McKesson intends to discuss at the Pretrial Conference the scheduling of the bench trial on TriZetto's equitable defenses that will proceed after the jury trial on infringement, damages and willfulness is completed.

7.      **TriZetto's Refusal to Comply with the Special Master's Order:** On November 9, 2005, the Special Master ordered TriZetto to return numerous privileged documents that had been inadvertently produced by McKesson during discovery. (D.I. 281 at 2-3.) However, despite McKesson's repeated requests for the return of those documents and even a contempt warning by the Special Master (*see* D.I. 288 at 2-3), TriZetto continues to keep and use in this case the privileged documents that it was ordered to return nearly five months ago. For example, TriZetto has designated as Exhibit 697 an inadvertently produced document that it was ordered to return in November and that the Special Master *specifically found to be privileged*. (D.I. 287 at 3.) That TriZetto continues to possess the inadvertently produced documents and is attempting to use them in this case is a blatant violation of the Special Master's orders.

8.    **Exclusion of Documents that TriZetto Failed to Previously Produce or Produced After the Close of Discovery:**  TriZetto has identified numerous exhibits that it did not previously produce to McKesson in this litigation or that were produced months after the close of fact discovery.  (*See, e.g.,* Exhs. 890 & 1044-48.)  For example, some of the belatedly produced documents were not produced until TriZetto served its experts' reports more than two months after fact discovery closed.  (McKesson has requested that the Court exclude these documents in its *Daubert* motions to TriZetto's experts, which are currently pending.)  Based on the descriptions of the exhibits identified by TriZetto, many, if not all, of the previously unproduced and belatedly produced exhibits were responsive to document requests served during fact discovery.  Because TriZetto failed to produce these documents during discovery, the Court should preclude TriZetto from offering them as exhibits at trial.  *See* Guidelines for Civil Trials Before Judge Robinson at 1 ("Documents may be used at trial if they are 1) disclosed during discovery or 2) not requested during discovery.").

9.    **TriZetto's Refusal to Produce Its Senior Executives and Corporate Witnesses to Testify at Trial:**  McKesson has notified TriZetto that it intends to call at trial TriZetto's CEO Jeff Margolis, its Senior Vice President Jim Sullivan, and three of its Rule 30(b)(6) corporate witnesses, and has requested that TriZetto confirm that they will appear to testify at trial as part of McKesson's case in chief.  TriZetto has refused to produce them.  Accordingly, McKesson requests that the Court order that TriZetto produce these witnesses to testify at trial as part of McKesson's case in chief.

10.    **TriZetto's Objections to Authenticity of the Accused Products Produced to McKesson and the Evidence Obtained Therefrom:**  As the Court is well aware, McKesson has spent many months attempting to obtain working versions of the three accused products from TriZetto and only recently has obtained access to working versions of the products.  In particular, McKesson now has a working version of the accused Facets product that TriZetto's technical representatives have stated accurately reflects how Facets operates.  In addition, earlier this week, TriZetto provided McKesson access to and use of the accused ClaimFacts and QicLink products at TriZetto's Union, New Jersey offices.

McKesson has identified as trial exhibits the working Facets product described above, as well as screen captures, printouts and video from that Facets product and from McKesson's sessions with ClaimFacts and QicLink at TriZetto's offices.  Yet despite having provided the sources of these exhibits and having represented the accuracy of those sources, TriZetto has objected to these exhibits on authenticity grounds.  Given TriZetto's substantial delay in providing McKesson access to properly working products and TriZetto's representations as to the authenticity and accuracy of those products, TriZetto should be precluded from challenging the authenticity or accuracy of the Facets product provided to McKesson, as well as any of the screen captures, printouts or video from that Facets product or McKesson's sessions with ClaimFacts and QicLink at TriZetto's offices.