IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION                )
SOLUTIONS LLC,                      )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    Civ. No. 04-1258-SLR
                                    )
THE TRIZETTO GROUP, INC.,           )
                                    )
            Defendant.              )

**O R D E R**

At Wilmington this 5th day of April, 2006, having reviewed

the various <u>Daubert</u> motions filed by the parties, and the papers

submitted in connection therewith;

IT IS ORDERED that:

1.  Plaintiff's motion to exclude and strike the non-

infringement opinions of Dr. Randall Davis (D.I. 181) is denied.

The court is satisfied that Dr. Davis performed his duties as an

expert on infringement within the bounds of the law and that

plaintiff has had a full and fair opportunity to discover the

bases for Dr. Davis' opinions.[1]

---

[1]The court agrees with defendant that documents created at
the request of attorneys for use by an expert are not
discoverable. However, if not disclosed to plaintiff, such
documents shall not be admitted; moreover, if it appears through
the course of examination of this witness that his opinions are
critically based on such non-disclosed documents, the court will

2.   Plaintiff's motion to exclude and/or strike the opinions of Jesse David, Ph.D. (D.I. 172) is denied.  The court is satisfied that plaintiff has had a full and fair opportunity to discover the bases for Dr. David's opinions, and that Dr. David's analysis is consistent with the law.

3.   Defendant's motion to exclude the expert testimony of Margaret L. Johnson and Mark A. Musen (D.I. 178) has been addressed in part by the court's decision resolving the parties' summary judgment motion practice on infringement.  To the extent the court found that these experts had not provided sufficient evidence to withstand defendant's motion for summary judgment of non-infringement as to the "means for determining" limitation, defendant's motion to exclude has been mooted.  For the remaining limitations, defendant's motion to exclude is denied.

4.   Defendant's motion to exclude the expert testimony of Michael J. Wagner (D.I. 175) is denied.  Although this expert appears to have used facts that ratchet up the damages figure to an extreme, that is the fodder for cross examination, not for a Daubert analysis.

_____
United States District Judge

_____

reconsider plaintiff's request to preclude such testimony and/or strike such testimony from the record.