IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 04-1258-SLR |
| THE TRIZETTO GROUP, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 5ᵗʰ day of April, 2006, having heard oral argument and having reviewed the papers submitted in connection with the parties' proposed claim construction; and concluding that the invention of the patent referenced below is directed to a database and the means for interacting with said database;

IT IS ORDERED that the disputed claim language in United States Patent No. 5,253,164 ("the '164 patent"), as identified by the above referenced parties, shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1.    **"Means for operating on a predetermined database."**[1]

This is a means-plus-function limitation.[2]  The function of the claim is operating on a predetermined database.[3]  The structure corresponding to this function comprises data processing capabilities, memory and software capable of managing a database.[4]

2.    **"Medical service code"**:[5]  A code representing a particular medical service or procedure, e.g., CPT-4 codes, CVS

---

[1]The '164 patent, claims 1, 2 and 16.

[2]35 U.S.C. § 112, ¶ 6.

[3]'164 patent, col. 117, l. 3; col. 117, l. 17, col. 120, l. 25.

[4]"The computer system 2 may be any type of suitable computer system which can interact with the program of the present invention.  One such suitable computer system is the well-known IBM 'personal computer' containing sufficient data processing capabilities and memory and suitable commercially available database management software programs to perform the desired functions."  ('164 patent, col. 4, ll. 33-40)  The Federal Circuit is "generous in finding something to be a corresponding structure when the specification contain[s] a generic reference to structure that would be known to those in the art and that structure was clearly associated with performance of the claimed function."  Medical Instrumentation & Diag. Corp. v. Elekta AB, 344 F.3d 1205, 1213-14 (Fed. Cir. 2003).  See Budde v. Harley-Davidson, Inc., 250 F.3d 1369 (Fed. Cir. 2001) (finding that a specification's description of a vacuum sensor as a "commercially available unit" would have been understood by a person skilled in the art to disclose structure capable of performing the recited function).

[5]The '164 patent claims 1, 2, 3, 6, 12, 13, 14, 15 and 16.

codes, and similar medical service or procedure codes.[6]

    3.    **"Predetermined database"**:[7]  A set of decision-making

rules that incorporate a medical code classification system and

expert medical clinical judgment and that are not programmed to

be modified by the user.[8]

_____

[6]"Standard industry practice allows medical claims
processors to enter the codes submitted on surgeon claims into a
computer system. . . . Two coding methods most frequently used
are the American Medical Association's 'Current Procedural
Terminology, Fourth Edition (CPT-4),' and the 'California
Relative Value Studies (CRVS).'"  ('164 patent, col. 2, ll. 17-
24)   "The present invention utilizes the CPT-4 codes in the
knowledge base of the expert system, although other coding
methods for classification of medical procedures such as the CRVS
discussed above may be utilized as well."  ('164 patent, col. 3,
ll. 38-42)   Code and description are used separately in the '164
patent specification.  See '164 patent, col. 10, ll. 17-50
(describing correlating a description to a code before it can be
processed); col. 4, ll. 51-54 ("Generally, the user 3 will enter
into the computer system 2 a description of the medical claims
for which reimbursement or payment is requested or the codes
associated with such claims or both.").

[7]The '164 patent claims 1, 2, 3, 10, 12, 13, 14, 15 and 16.

[8]The court rejects both parties' positions vis a vis this
limitation as being either too broad (plaintiff) or too narrow
(defendant).   The court finds support for its construction in the
specification of the '164 patent:
    "The present invention uses a set of decision-making rules
coupled to a knowledge base of facts and observations to assist
the medical claims processor."  ('164 patent, col. 3, ll. 30-32)
"[A] set of rules developed for use of this program is now
invoked.   These rules were derived using the CPT-4 classification
system, and from various medical procedures which were examined,
classified, and possible combinations of procedures assessed by
expert medical specialists. . . . Each of the rules was developed
as a result of reviewing medical procedures by expert medical
personnel and is consistent with the CPT-4 classification system.
However, expert medical personnel also applied clinical judgment
to situations where the CPT-4 classification system is not
explicit or nonexistent."  ('164 patent, col. 5, l. 67 - col. 6,

4. **"A set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes"**:[9] A set of relationships specifying that if two or more particular medical service codes are input together as part of the same claim, then one or more of the input medical service codes are appropriate for payment.[10]

5. **"Means for receiving at least one claim."**[11] This is a means-plus-function limitation.[12] The function is receiving at least one claim.[13] The structure is hardware and software

---

1. 13)

[9]The '164 patent, claims 1, 2, 3, 10, 12 (replacing "input" with "received"), 13 (replacing "input" with "received"), 14 (replacing "input" with "received") and 15 (replacing "input" with "received").

[10]The parties agree that "valid" means appropriate for payment. The court declines to construe this claim as a step-plus-function claim of 35 U.S.C. § 112, ¶ 6. When the words "step for" do not appear in the claim element, there is no presumption that the limitation is in step-plus-function format. Masco v. United States, 303 F.3d 1316, 1327 (Fed. Cir. 2002). "Where the claim drafter has not signaled his intent to invoke § 112, paragraph 6 by using the 'step[s] for' language, we are unwilling to resort to that provision to constrain the scope of coverage of a claim limitation without a showing that the limitation contains nothing that can be construed as an act." Id. The phrases "receiving," "determining" and "informing," therefore, are construed as acts.

[11]The '164 patent, claims 3, 10, 12, 13, 14 and 15.

[12]35 U.S.C. § 112, ¶ 6.

[13]'164 patent, col. 117, l. 52; col. 118, l. 28; col. 118, l. 54; col. 119, l. 12; col. 119, l. 30; col. 120, 12.

4

capable of receiving the at least one claim.[14]

6.    **"Means for ascertaining whether the at least one claim contains a plurality of medical service codes."**[15]   This is a means-plus-function limitation.[16]   The function is ascertaining whether the at least one claim contains a plurality of medical service codes.[17]   The structure is hardware and software capable of ascertaining whether the at least one claim contains a plurality of medical service codes.[18]

---

[14]The structure of a computer system is adequately linked to the function of receiving at least one claim, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.   Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.   The computer system is adequately disclosed as being known to a person of skill in the art.   Budde, 250 F.3d at 1381.   See '164 patent, col. 4, ll. 33-40.

[15]The '164 patent, claims 3, 10, 12, 14 and 15.

[16]35 U.S.C. § 112, ¶ 6.

[17]164 patent, col. 117, ll. 53-54; col. 118, ll. 28-29; col. 118, ll. 54-55; col. 31-32; col. 120, ll. 13-14.

[18]The structure of a computer system is adequately linked to the function of ascertaining whether a claim contains a plurality of medical service codes, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.   Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a

5

7. **"Means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database."**[19]  This is a means-plus-function limitation.[20]  The function is determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database.[21]  The structure is limited to the disclosed algorithm in the patent specification.[22]

_____

computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.  The computer system is adequately disclosed as being known to a person of skill in the art.  Budde, 250 F.3d at 1381.  See '164 patent, col. 4, ll. 33-40.

[19]The '164 patent, claims 3 and 15.

[20]35 U.S.C. § 112, ¶ 6.

[21]'164 patent, col. 117, ll. 55-59; col. 120, ll. 15-19.

[22]The specification links the claimed function to software. ('164 patent, Fig. 2, 24; Fig. 4, 24)  However, according to the patentee, **at the time of the patent application there was no software to carry out this function**.  ('164 patent, col. 3, ll. 6-14)  Therefore, as a result of using means-plus-function language and software as the structure, the structure is limited to the algorithms disclosed in the patent specification and their equivalents.  WMS Gaming Inc. v. International Game Tech., 184 F.3d 1339 (Fed. Cir. 1999).

6

8.   **"Valid or invalid"**:[23]  Appropriate or inappropriate for payment.[24]

9.   **"Means for authorizing medical service codes which are valid in response to the means for determining."**[25]  This is a means-plus-function limitation.[26]  The function is authorizing medical service codes which are valid in response to the means for determining.[27]  The structure is hardware and software capable of authorizing medical service codes which are valid in response to the means for determining.[28]

------

[23]The '164 patent, claims 3 and 16.

[24]"In steps 41 (End of File) and 42, the process of the computer programmed in accordance with the present invention is completed and the program exited from.  At this point the user 3 has either confirmed that the code(s) for which payment is requested are valid or have been modified to become valid or have been pending so that more information may be obtained by the user 3 from the physician or his or her billing entity to aid in processing the claims."  ('164 patent, col. 10, ll. 8-16)  It is axiomatic that the same claim term must be construed consistently throughout a patent's claims.  Philips, 415 F.3d at 1314.  The parties agree that this construction applies to the claim limitation in other claims.  The court finds no reason to deviate from this construction in this claim.

[25]The '164 patent, claim 3.

[26]35 U.S.C. § 112, ¶ 6.

[27]'164 patent, col. 117, ll. 60-61.

[28]The structure of a computer system is adequately linked to the function of authorizing medical service codes which are valid in response to the means for determining, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.  Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in

7

10.  **"Means for rejecting medical service codes which are invalid in response to the means for determining."**[29]  This is a means-plus-function limitation.[30]  The function is rejecting medical service codes which are invalid in response to the means for determining.[31]  The structure is hardware and software capable of rejecting medical service codes which are invalid in response to the means for determining.[32]

---

the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."").  See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.  The computer system is adequately disclosed as being known to a person of skill in the art.  Budde, 250 F.3d at 1381.  See '164 patent, col. 4, ll. 33-40.

[29]The '164 patent, claim 3.

[30]35 U.S.C. § 112, ¶ 6.

[31]'164 patent, col. 117, ll. 63-64.

[32]The structure of a computer system is adequately linked to the function of rejecting medical service codes which are invalid in response to the means for determining, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.  Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."").  See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.  The computer system is adequately disclosed as being known to a person of skill in the art.  Budde, 250 F.3d at 1381.  See '164 patent, col. 4, ll. 33-40.

8

11.   **"Means for revising the at least one claim to delete invalid medical service codes."**[33]   This is a means-plus-function limitation.[34]   The function is revising the at least one claim to delete invalid medical service codes.[35]   The structure is hardware and software capable of revising the at least one claim to delete invalid medical service codes.[36]

12.   **"Means for informing a user why the at least one claim was revised."**[37]   This is a means-plus-function limitation.[38]   The function is informing a user why the at least one claim was revised.[39]   The structure is hardware and software capable of

_____

[33]The '164 patent, claim 4.

[34]35 U.S.C. § 112, ¶ 6.

[35]'164 patent, col. 117, ll. 65-67.

[36]The structure of a computer system is adequately linked to the function of revising the at least one claim to delete invalid medical service codes, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.   Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."").   See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both.""); Fig. 1.   The computer system is adequately disclosed as being known to a person of skill in the art.   Budde, 250 F.3d at 1381.   See '164 patent, col. 4, ll. 33-40.

[37]The '164 patent, claim 5.

[38]35 U.S.C. § 112, ¶ 6.

[39]'164 patent, col. 118, ll. 1-3.

informing a user why the at least one claim was revised.[40]

    13. **"Means for requesting further information from a user regulating the at least one claim."**[41]   This is a means-plus-function limitation.[42]   The function is requesting further information from a user regarding the at least one claim.[43]   The structure is hardware and software capable of requesting further information from a user regarding the at least one claim.[44]

─────────────

[40]The structure of a computer system is adequately linked to the function of informing a user why the at least one claim was revised, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.   Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.   The computer system is adequately disclosed as being known to a person of skill in the art.   Budde v. Harley-Davidson, Inc., 250 F.3d at 1381.   See '164 patent, col. 4, ll. 33-40.

[41]The '164 patent, claim 8.

[42]35 U.S.C. § 112, ¶ 6.

[43]'164 patent, col. 118, ll. 10-12.

[44]The structure of a computer system is adequately linked to the function of requesting further information from a user regarding the at least one claim, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.   Medical Instrumentation & Diag. Corp., 344 F.3d at 121 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer

14. **"Means for determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim."**[45] This is a means-plus-function limitation.[46] The function is determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim.[47] The structure is limited to the disclosed algorithm in the patent specification.[48]

15. **"Means for authorizing medical service codes which are not contained in any other medical service code."**[49] This is a means-plus-function limitation.[50] The function is authorizing

system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1. The computer system is adequately disclosed as being known to a person of skill in the art. Budde, 250 F.3d at 1381. See '164 patent, col. 4, ll. 33-40.

[45]The '164 patent, claim 10.

[46]35 U.S.C. § 112, ¶ 6.

[47]'164 patent, col. 118, ll. 31-34.

[48]The specification links the claimed function to software. ('164 patent, Fig. 2, 24; Fig. 4, 24) However, according to the patentee, **at the time of the patent application there was no software to carry out this function.** ('164 patent, col. 3, ll. 6-14) Therefore, as a result of using means-plus-function language and software as the structure, the structure is limited to the algorithms disclosed in the patent specification and their equivalents. WMS Gaming Inc., 184 F.3d 1339.

[49]The '164 patent, claim 10.

[50]35 U.S.C. § 112, ¶ 6.

11

medical service codes which are not contained in any other
medical service code.[51]  The structure is hardware and software
capable of authorizing medical service codes which are not
contained in any other medical service code.[52]

16.  **"Means for rejecting medical service codes which are
contained in any other medical service code."**[53]  This is a means-
plus-function limitation.[54]  The function is rejecting medical
service codes which are contained in any other medical service
code.[55]  The structure is hardware and software capable of
rejecting medical service codes which are contained in any other

---

[51]'164 patent, col. 118, ll. 35-37.

[52]The structure of a computer system is adequately linked to
the function of authorizing medical service codes which are not
contained in any other medical service code, which a person of
skill in the art would understand is one of the functions a
computer system operating on a database performs.  Medical
Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct
inquiry is to look at the *disclosure* of the patent and determine
if one of skill in the art would have understood that *disclosure*
to encompass [a computer system for receiving a claim].").  See
'164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter
into the computer system 2 a description of the medical claims
for which reimbursement or payment is requested or the codes
associated with such claims or both."); Fig. 1.  The computer
system is adequately disclosed as being known to a person of
skill in the art.  Budde, 250 F.3d at 1381.  See '164 patent,
col. 4, ll. 33-40.

[53]The '164 patent, claim 10.

[54]35 U.S.C. § 112, ¶ 6.

[55]'164 patent, col. 118, ll. 38-39.

12

medical service code.[56]

17. **"Means for revising the at least one claim to not include a rejected medical service code."**[57] This is a means-plus-function limitation.[58] The function is revising the at least one claim to not include a rejected medical service code.[59] The structure is hardware and software capable of revising the at least one claim to not include a rejected medical service code.[60]

---

[56]The structure of a computer system is adequately linked to the function of rejecting medical service codes which are contained in any other medical service code, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs. Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1. The computer system is adequately disclosed as being known to a person of skill in the art. Budde, 250 F.3d at 1381. See '164 patent, col. 4, ll. 33-40.

[57]The '164 patent, claim 4.

[58]35 U.S.C. § 112, ¶ 6.

[59]'164 patent, col. 117, ll. 65-67.

[60]The structure of a computer system is adequately linked to the function of revising the at least one claim to not include a rejected medical service code, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs. Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer

13

18.   **"Means for determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service codes in the at least one claim."**[61]   This is a means-plus-function limitation.[62]   The function is determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service codes in the at least one claim.[63]   The structure is limited to the disclosed algorithm in the patent specification.[64]

19.   **"Means for authorizing medical service codes which are not medically exclusive with any other medical service codes in the at least one claim in response to the means for**

---

system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.  The computer system is adequately disclosed as being known to a person of skill in the art.  <u>Budde</u>, 250 F.3d at 1381.  <u>See</u> '164 patent, col. 4, ll. 33-40.

[61]The '164 patent, claim 12.

[62]35 U.S.C. § 112, ¶ 6.

[63]'164 patent, col. 118, ll. 57-59.

[64]The specification links the claimed function to software. ('164 patent, Fig. 2, 24; Fig. 4, 24)  However, according to the patentee, **at the time of the patent application there was no software to carry out this function**.  ('164 patent, col. 3, ll. 6-14)  Therefore, as a result of using means-plus-function language and software as the structure, the structure is limited to the algorithms disclosed in the patent specification and their equivalents.  <u>WMS Gaming Inc.</u>, 184 F.3d 1339.

**determining.**"[65] This is a means-plus-function limitation.[66] The function is authorizing medical service codes which are not medically exclusive with any other medical service codes in the at least one claim in response to the means for determining.[67] The structure is hardware and software capable of authorizing medical service codes which are not medically exclusive with any other medical service codes in the at least one claim in response to the means for determining.[68]

20. **"Means for rejecting medical service codes which are medically exclusive with any other medical service codes in the at least one claim in response to the determining step."**[69] This

---

[65]The '164 patent, claim 12.

[66]35 U.S.C. § 112, ¶ 6.

[67]'164 patent, col. 118, ll. 61-64.

[68]The structure of a computer system is adequately linked to the function of authorizing medical service codes which are not medically exclusive with any other medical service codes in the at least one claim in response to the means for determining, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs. Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1. The computer system is adequately disclosed as being known to a person of skill in the art. Budde, 250 F.3d at 1381. See '164 patent, col. 4, ll. 33-40.

[69]The '164 patent, claim 12.

15

is a means-plus-function limitation.[70]   The function is rejecting

medical service codes which are medically exclusive with any

other medical service codes in the at least one claim in response

to the determining step.[71]   The structure is hardware and

software capable of rejecting medical service codes which are

medically exclusive with any other medical service codes in the

at least one claim in response to the determining step.[72]

21.   **"Means for determining whether any medical service code**

**contained in the at least one claim is not present in the**

**predetermined database."**[73]   This is a means-plus-function

limitation.[74]   The function is determining whether any medical

---

[70]35 U.S.C. § 112, ¶ 6.

[71]'164 patent, col. 118, ll. 65-68.

[72]The structure of a computer system is adequately linked to the function of rejecting medical service codes which are medically exclusive with any other medical service codes in the at least one claim in response to the determining step, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs. Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.   The computer system is adequately disclosed as being known to a person of skill in the art. Budde, 250 F.3d at 1381.   See '164 patent, col. 4, ll. 33-40.

[73]The '164 patent, claim 13.

[74]35 U.S.C. § 112, ¶ 6.

16

service code contained in the at least one claim is not present in the predetermined database.[75] The structure is limited to the disclosed algorithm in the patent specification.[76]

22. **"Means for informing a user that a medical service code is not contained in the predetermined database."**[77] This is a means-plus-function limitation.[78] The function is informing a user that a medical service code is not contained in the predetermined database.[79] The structure is hardware and software capable of informing a user that a medical service code is not contained in the predetermined database.[80]

---

[75]'164 patent, col. 119, ll. 13-15.

[76]The specification links the claimed function to software. ('164 patent, Fig. 2, 24; Fig. 4, 24) However, according to the patentee, **at the time of the patent application there was no software to carry out this function.** ('164 patent, col. 3, ll. 6-14) Therefore, as a result of using means-plus-function language and software as the structure, the structure is limited to the algorithms disclosed in the patent specification and their equivalents. WMS Gaming Inc., 184 F.3d 1339.

[77]The '164 patent, claim 13.

[78]35 U.S.C. § 112, ¶ 6.

[79]'164 patent, col. 119, ll. 16-18.

[80]The structure of a computer system is adequately linked to the function of informing a user that a medical service code is not contained in the predetermined database, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs. Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter

17

23. **"Means for determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim."**[81] This is a means-plus-function limitation.[82] The function is determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim.[83] The structure is limited to the disclosed algorithm in the patent specification.[84]

24. **"Means for authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in**

___

into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1. The computer system is adequately disclosed as being known to a person of skill in the art. <u>Budde</u>, 250 F.3d at 1381. <u>See</u> '164 patent, col. 4, ll. 33-40.

[81]The '164 patent, claim 14.

[82]35 U.S.C. § 112, ¶ 6.

[83]'164 patent, col. 119, ll. 33-36.

[84]The specification links the claimed function to software. ('164 patent, Fig. 2, 24; Fig. 4, 24) However, according to the patentee, **at the time of the patent application there was no software to carry out this function.** ('164 patent, col. 3, ll. 6-14) Therefore, as a result of using means-plus-function language and software as the structure, the structure is limited to the algorithms disclosed in the patent specification and their equivalents. <u>WMS Gaming Inc.</u>, 184 F.3d 1339.

**response to the means for determining."**[85]   This is a means-plus-function limitation.[86]   The function is authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining.[87]   The structure is hardware and software capable of authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining.[88]

   25.   **"Means for rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other**

---

[85]The '164 patent, claim 14.

[86]35 U.S.C. § 112, ¶ 6.

[87]'164 patent, col. 119, ll. 37-41.

[88]The structure of a computer system is adequately linked to the function of authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.   Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim].").   See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both.");   Fig. 1.   The computer system is adequately disclosed as being known to a person of skill in the art.   Budde, 250 F.3d at 1381.   See '164 patent, col. 4, ll. 33-40.

**medical service codes contained in the at least one claim in response to the means for determining."**[89] This is a means-plus-function limitation.[90] The function is rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining.[91] The structure is hardware and software capable of rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining.[92]

26. **"Means for authorizing the at least one claim in**

---

[89]The '164 patent, claim 14.

[90]35 U.S.C. § 112, ¶ 6.

[91]'164 patent, col. 119, ll. 42-46.

[92]The structure of a computer system is adequately linked to the function of rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs. Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim]."). See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1. The computer system is adequately disclosed as being known to a person of skill in the art. Budde, 250 F.3d at 1381. See '164 patent, col. 4, ll. 33-40.

20

response to the means for determining."[93]   This is a means-plus-function limitation.[94]   The function is authorizing the at least one claim in response to the means for determining.[95]   The structure is hardware and software capable of authorizing the at least one claim in response to the means for determining.[96]

27.   **"Means for rejecting the at least one claim in response to the means for determining."**[97]   This is a means-plus-function limitation.[98]   The function is rejecting the at least one claim in response to the means for determining.[99]   The structure is

---

[93]The '164 patent, claim 15.

[94]35 U.S.C. § 112, ¶ 6.

[95]'164 patent, col. 120, ll. 20-23.

[96]The structure of a computer system is adequately linked to the function of authorizing the at least one claim in response to the means for determining, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.   Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim].").   See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.   The computer system is adequately disclosed as being known to a person of skill in the art.   Budde, 250 F.3d at 1381.   See '164 patent, col. 4, ll. 33-40.

[97]The '164 patent, claim 15.

[98]35 U.S.C. § 112, ¶ 6.

[99]'164 patent, col. 120, ll. 22-23.

21

hardware and software capable of rejecting the at least one claim in response to the means for determining.[100]

United States District Judge

---

[100]The structure of a computer system is adequately linked to the function of rejecting the at least one claim in response to the means for determining, which a person of skill in the art would understand is one of the functions a computer system operating on a database performs.  Medical Instrumentation & Diag. Corp., 344 F.3d at 1212 ("The correct inquiry is to look at the *disclosure* of the patent and determine if one of skill in the art would have understood that *disclosure* to encompass [a computer system for receiving a claim].").  See '164 patent, col. 4, ll. 51-54 ("Generally, the user 3 will enter into the computer system 2 a description of the medical claims for which reimbursement or payment is requested or the codes associated with such claims or both."); Fig. 1.  The computer system is adequately disclosed as being known to a person of skill in the art.  Budde, 250 F.3d at 1381.  See '164 patent, col. 4, ll. 33-40.