IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>THE TRIZETTO GROUP, INC.<br><br>    Defendant. | C.A. No. 04-1258-SLR |

**TRIZETTO'S RESPONSE TO MCKESSON'S
REQUEST FOR RECONSIDERATION (D.I. 313)**

This is TriZetto's response to McKesson's April 7, 2006 letter requesting reconsideration of the Special Master's Order No. 9 (D.I. 313). That Order concerns four McKesson documents that the Special Master determined on several occasions are not privileged, in whole or in part, and should be produced to TriZetto. This is McKesson's third attempt to seek reconsideration of those determinations. Although it seeks reconsideration, McKesson fails to provide the Court with the history and information that the Special Master had before him when he issued his Orders. For the reasons set forth herein, McKesson's request should be denied.[1]

---

[1] McKesson's letter refers to the four documents at issue as Exhibits A-D. Because McKesson has never produced two of these documents and its letter does not contain any descriptive information, we cannot link the documents as they are discussed in the Special Master's Orders with McKesson's request for reconsideration. TriZetto refers to two of the documents as H and J because that is how the Special Master referred to them in Order Nos. 4, 8 and 9. The other two documents are referred to by Bates Numbers in Order No. 9.

McKesson has also apparently submitted highlighted versions of the documents to the Court, claiming that the highlighted portions are privileged. The Special Master, however, has already determined in Order Nos. 4, 8 and 9 that certain portions of the documents could be redacted. It is impossible to tell the difference between the portions of the documents McKesson seeks to have redacted and the portions the Special Master has already determined could be redacted.

**Special Master Order No. 4 (December 16, 2005) (D.I. 285)**

At a November 8, 2005 discovery conference before the Special Master, TriZetto pointed out that a number of the entries on McKesson's privilege log were inadequate to support a claim of privilege. The Special Master allowed TriZetto to identify fifteen entries that it contended were inadequate. TriZetto did so by letter dated November 11, 2005. McKesson agreed that four of the fifteen documents were not privileged and said one did not exist. McKesson submitted the remaining ten for the Special Master's in camera review. In Order No. 4, the Special Master ruled that six of the ten documents were not privileged at all and had to be produced in their entirety. The Special Master found the remaining four documents were only partially privileged and ordered their production with limited redactions. Two of these documents (H & J) are the subject of McKesson's request for reconsideration.

In making his rulings, the Special Master followed the agreement reached by the parties – and endorsed by the Special Master – that all documents that are not clearly privileged *on their face* should be produced. McKesson confirmed in its October 27, 2005 letter that "we are willing to agree to produce documents that are not clearly privileged on their face, *i.e.*, documents that are not direct communications between a party and its lawyers and that do not on their face show that legal advice is involved." (Exhibit A). McKesson's attempts to avoid production by using declarations to support unfounded claims of privilege should not be permitted.[2]

---

[2]    Indeed, McKesson's refusal to provide TriZetto with the declarations submitted to the Court violates Rule 26(b)(5) of the Federal Rules of Civil Procedure ("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself
(Continued…)

2

In addition to not being privileged on their face, the Special Master stated in Order No. 4 that he was requiring these documents to be produced because the description on McKesson's privilege log was insufficient to support the claim of privilege. *See* Order No. 4, pp. 3-4. For example, Item H discussed on page 6 of Order No. 4 was simply described on McKesson's privilege log as "Email re: Joint Marketing Agreement." *See* Exhibit B. As the Special Master noted, the document "appears to be a communication between non attorney employees of [McKesson] communicating primarily business information in the ordinary course of business" and although a copy was sent to an attorney "that is not enough to elevate it to attorney client privilege protection." Similarly, Item J discussed on page 7 of Order No. 4 was described on McKesson's privilege log as "Draft of power point slides re: TriZetto-McKesson Relationship and '164 patent enforcement." *See* Exhibit C. There are no authors or recipients listed.

Therefore, in addition to not being privileged on their face, the Special Master was also correct when he concluded that McKesson's privilege log was insufficient to support the claim of privilege.

**Special Master Order Nos. 6 and 7 (January 4 and February 1, 2006) (D.I. 287-288)**

In September 2005, McKesson claimed that 151 documents it had produced were privileged and had been inadvertently produced. The Special Master ordered that those documents that were privileged on their face should be returned, while those that were not entitled to a claim of privilege should be produced. *See* Special Master Order No. 1 and Reconsideration of Order No. 1 dated November 9 and 29, respectively. Sixteen of the 151

---

(. . . continued.)
    privileged or protected, will *enable other parties to assess the applicability of the privilege or protection.*").

documents were submitted by McKesson for *in camera* review along with declarations that purport to substantiate McKesson's claims of privilege.

In Order No. 6, the Special Master ordered that two of the 16 disputed documents be produced and reserved ruling on four documents pending his review of McKesson's *ex parte* submission of its declarations. Order No. 6 also requested that the parties identify final issues. TriZetto responded by pointing out that McKesson still failed to produce documents as directed by Order No. 4. Order No. 7 ordered that all documents that had been previously ordered produced be produced by February 13, 2006, including two of the four documents on which the Special Master reserved ruling in Order No. 6.

**Special Master Order Nos. 8 and 9 (February 28 and March 21, 2006) (D.I. 289-290)**

Special Master Order No. 8 ordered removal of the inappropriate redactions from the two inadvertently produced documents within five days. McKesson requested reconsideration of this order. Special Master Order No. 9 modified the redactions as to one of the inadvertently produced documents. Order No. 9 further ordered production of Items H and J with specified redactions. All documents were to be produced within five days.

*   *   *

As this history shows, the Special Master reviewed the documents at issue on several occasion. Despite McKesson's improper submission of *ex parte* declarations that TriZetto has never seen, the Special Master repeatedly concluded that the documents were not privileged, in whole or in part. He did permit some limited redactions of these documents in his various Orders. For the foregoing reasons, and in light of the parties' agreement to produce all documents that are not privileged *on their face*, TriZetto requests that the Court confirm Special Master Order No. 9 and require McKesson to produce the documents at issue immediately.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Jack B. Blumenfeld*
          Jack B. Blumenfeld (#1014)
          Rodger D. Smith II (#3778)
          1201 N. Market Street
          Wilmington, DE 19899
          (302) 658-9200
          Attorneys for Defendant The TriZetto Group, Inc.

Of Counsel:

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas
David Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA 92614

April 10, 2006

515381

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on April 10, 2006 I electronically filed TriZetto's Response to McKesson's Request for Reconsideration with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Thomas J. Allingham, II
>Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on April 10, 2006 upon the following in the manner indicated:

BY HAND

Thomas J. Allingham, II
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

BY EMAIL

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Suite 1100
Palo Alto, CA  94301

*/s/ Jack B. Blumenfeld*
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com