IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 04-1258-SLR |
| THE TRIZETTO GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 11th day of April, 2006, having heard oral argument at the pretrial conference and having reviewed the papers submitted in connection with the issues;

**IT IS ORDERED** that:

1. Defendant's claim of inequitable conduct will be separated and heard with the validity portion of the case, as yet unscheduled for trial. The current trial will be conducted in two phases. First, the parties will try to the jury the issue of infringement. The jury will deliberate and return a verdict on infringement. If necessary, the parties will next try willfulness and damages to the jury. The preliminary jury instructions have been amended to reflect this arrangement.

2. The entire history of the relationship between the parties will be admissible. See <u>Knorr-Bremse Systeme Fuer</u>

Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1342 (Fed. Cir. 2004) ("Determination of willfulness is made on consideration of the totality of the circumstances"). Such evidence, including evidence of laches,[1] prior art known to the defendant and the parties' prior negotiations, is relevant to a willfulness defense, as well as for impeachment purposes. Fed. R. Evid. 408.

    3.    Roger Blakely must be made available for a three hour deposition prior to testifying at trial.

    4.    Jeff Margolis need not appear in the plaintiff's case in chief.

    5.    Defendant must make all three 30(b)(6) witnesses on the accused products available.

    6.    Evidence of the license agreement in the GMIS litigation is admissible, but nothing else.

    7.    The court will not visit, at this stage of the proceedings, the issue of whether plaintiff complied with the special master's request of turning over privileged documents.

    8.    TriZetto's fact witnesses may testify as to their knowledge of whether the accused products perform a stated

---

[1] See Hall v. Aqua Queen Mfg., Inc., 93 F.3d 1548, 1555 (Fed. Cir. 1996). Because evidence of laches and, to some extent, estoppel will be presented to the jury as relevant, inter alia, to TriZetto's willfulness defense, the parties need not repeat this evidence for the court's substantive decisions on TriZetto's equitable defenses. To the extent that there is additional evidence, the parties will need to allocate some portion of their trial hours to make their record for the court.

function.  This testimony may not be referred to as an "admission of infringement."

9.  The hypothetical negotiations presented by McKesson's expert are admissible.

10.  The court re-affirms its position that plaintiff's experts, specifically Dr. Johnson, did not perform the requisite infringement determination for a means plus function claim.  Dr. Johnson extracted the functionality described in the claims and specification and constructed her own algorithm incorporating these functions.  Dr. Johnson then searched for her own algorithm in the accused products; i.e., Dr. Johnson did not go through and take each "means for" limitation from the claims and find corresponding structure in both the patent and product.  To the extent that "software" is the court's defined structure in the means plus function limitations, Dr. Johnson's analysis may be adequate.  To the extent that the court required the means plus function limitations be limited to a specific algorithm from the patent (i.e., the "means for determining" limitations), Dr. Johnson's analysis is inadequate.  Summary judgment on these limitations remains granted.

11.  It is not clear to the court how the claim limitation "**predetermined** database" relates to the portions of the specification that would appear to contemplate updates and modifications to the expert database to reflect a user's

3

particular experience. As noted by McKesson, the specification describes "HISTORY database 40" "as a means to study" "'case histories' and refine, update and **change the rules** and the knowledge base interpreter 5" which, along with the "knowledge base 6", constitute the predetermined database of the claims. ('164 patent, col. 10, ll 4-7) Nevertheless, mindful of the admonition that the court's claim construction be consistent with the specification rather than necessarily consistent with the dictionary meaning of the language used in the claims by the patentee, "predetermined database" is construed to mean: "A set of decision-making rules that incorporate a medical code classification system and expert medical clinical judgment."

    12. The court has reviewed <u>in camera</u> the documents submitted by McKesson as being at issue in connection with McKesson's appeal from Special Master Order No. 9.

        a. With respect to exhibit A (identified as "H" in Special Master Order No. 4), plaintiff's appeal is denied, as the Special Master did not commit error in ordering the production of the document as redacted per Special Master Order No. 9.

        b. With respect to exhibit B (identified as "J" in Special Master Order No. 4), plaintiff's appeal is denied, as the Special Master did not commit error in ordering the production of the document as redacted per Special Master Order No. 9.

        c. With respect to exhibit C (addressed in Special

Master Order No. 8, McK 030145-46), plaintiff's appeal is denied, as the Special Master did not commit error in ordering the production of the document as redacted per Special Master Order No. 8.

      d.  With respect to exhibit D (addressed in Special Master Order No. 8), the court sees no reference to this document in Special Master Order No. 9; therefore, the appeal is untimely and denied.

      e.  These documents, consistent with Special Master Orders 8 and 9, shall be produced on or before Friday, April 14, 2006.

                                            */s/ Sue L. Robinson*
                                      United States District Judge