IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>THE TRIZETTO GROUP, INC.<br><br>    Defendant. | C.A. No. 04-1258-SLR |

**THE TRIZETTO GROUP, INC.'S MOTION TO STRIKE THE
SUPPLEMENTAL EXPERT REPORT OF McKESSON'S SECOND
INFRINGEMENT EXPERT, MARGARET L. JOHNSON, PH.D.**

Defendant The TriZetto Group, Inc. ("TriZetto") moves to strike the supplemental expert report of Dr. Margaret Johnson, served by plaintiff McKesson Information Systems, LLC ("McKesson") on April 11, 2006. This report comes less than a week after McKesson served a supplemental report of its other infringement expert, Dr. Mark Musen. As with Dr. Musen's supplemental report (upon which Dr. Johnson relies), Dr. Johnson's new report was served long after expert discovery closed and just days before trial is set to commence. It is improper, untimely and irrelevant in light of the Court's Orders, and should be stricken.

**I.  STATEMENT OF FACTS**

On September 13, 2004, McKesson filed this action against TriZetto, alleging infringement of U.S. Patent No. 5,253,164 (the "'164 patent"). McKesson asserted that three of TriZetto's products (Facets, ClaimFacts and QicLink) infringe fifteen claims of the '164 patent (Claims 1-6 and 8-16). Fact discovery closed on September 16, 2005, and expert discovery closed on November 30, 2005. McKesson served the opening report of its infringement expert, Dr. Margaret Johnson, on October 24, 2005 (Exh. A).

The Court heard argument on claim construction and summary judgment motions on February 16, 2006. On April 5, 2006, the Court issued its claim construction ruling. D.I. 307. The Court also granted TriZetto's motion for summary judgment of non-infringement of all asserted claims of the '164 patent, except Claims 1, 2 and 16. D.I. 301. Trial on the issues of infringement, damages, willfulness and equitable defenses is set for April 17, 2006.

On April 5, 2006, the Court held the pretrial conference. On April 11, 2006, the Court issued an Order "re-affirming its position that McKesson's experts, specifically Dr. Johnson, did not perform the requisite infringement determination for a means plus function claim. . . . Dr. Johnson did not go through and take each 'means for' limitation from the claims and find corresponding structure in both the patent and product." D.I. 320 (¶ 10). At about the same time, McKesson served a 27-page supplemental report of Dr. Johnson, which is focused almost entirely on the structure and function of the means-plus-function claim elements for each of the claims on which the Court granted summary judgment of non-infringement.

## II.  ARGUMENT

Dr. Johnson's "supplemental" report is not a supplementation of her original report. It is a new report, filled with detailed analysis that could have been included in her original report, but was not.

McKesson served Dr. Johnson's original 14-page infringement report on October 24, 2005. In that report, Dr. Johnson did not perform the required function-to-function or structure-to-structure analysis for an infringement determination. Instead, she constructed her own algorithm incorporating some of the functions from the claims and then applied that algorithm to the accused products. Her original report contained only a few citations to the patent specification. Dr. Johnson did review and include various citations to TriZetto source

2

code and screenshots from TriZetto products which she believed illustrated "similar functionality" to her algorithm.

The Court granted summary judgment of non-infringement on each of the apparatus claims. The Court has reaffirmed the inadequacy of Dr. Johnson's infringement analysis as to the means-plus-function limitations. Now, less than a week before trial, McKesson has served a 27-page "supplemental" expert report from Dr. Johnson. Dr. Johnson no longer mentions her algorithm. Instead, she proffers *new* opinions and analyses regarding the Appendix B rules from the '164 patent and each of the accused products. This is a *new expert report*, incorporating detailed structural and functional analyses that could have been included in her original report.

McKesson's attempt to introduce a new expert report now is inappropriate. The Court stated at the April 5 pretrial conference that "if the [supplemental] analysis of this evidence is *different in substance and in kind* from what this expert reported before, then that is a problem."[1] April 5, 2006 Tr., at 54-56. Dr. Johnson's new report offers analysis different in substance and kind from her original report. Moreover, most of the structural analysis in Dr. Johnson's new report is irrelevant at this point, because the Court has granted summary judgment with respect to the apparatus claims to which such structural analysis would pertain.[2]

---

[1] At the pretrial conference, McKesson acknowledged its intent to serve a supplemental report for Dr. Musen. McKesson did not mention that it would also seek to supplement Dr. Johnson's report.

[2] McKesson's counsel has advised us that it does not intend to ask Dr. Johnson to opine on infringement of the claims as to which summary judgment has been granted. Apparently, however, it still intends to present infringement evidence on all asserted claims.

McKesson may argue that Dr. Johnson is simply supplementing her original report with screenshots and examples from the working versions of the TriZetto products, information that she allegedly did not have before. Not so. In fact, several of the screenshots Dr. Johnson includes in her supplemental report are *the same* as those she used in her original report. This time, however, she has replaced her own algorithm with *new* detailed analysis of the TriZetto products. Dr. Johnson did not do this analysis in her original report despite having the screenshots, the source code and hundreds of pages of product manuals. McKesson's attempt to justify a *new* report on the grounds that it only recently obtained demonstrations of the TriZetto systems is also unavailing. It was McKesson's own failure to pursue discovery diligently that resulted in McKesson's late acquisition of the functional TriZetto products. *See* D.I. 317, pp. 9-10.

### A.     The "Supplemental" Johnson Report Is A New Expert Report

McKesson attempts, six days before trial, to submit a brand new report for Dr. Johnson, containing extensive structural and functional analyses that were not included in her original report. The Court should strike Dr. Johnson's new report as untimely and improper. *See Praxair, Inc. v. ATMI, Inc.*, C.A. No. 03-1158-SLR, 2003 U.S. Dist. LEXIS 26794, at *17 (D. Del. 2003) (excluding expert testimony as a sanction for failure to comply with the court's scheduling order regarding close of expert discovery); *MKS Instruments, Inc., v. Advanced Energy Indus., Inc.*, 325 F. Supp. 2d 471, 474 (D. Del. 2004) (granting motion to exclude expert testimony for failure to timely disclose).

The following is a side-by-side comparison of the features of the old and new reports:

|  | **Original Report (Exh. A)** | **New Report (Exh. B)** |
|---|---|---|
| **Length** | 14 pages containing 6 screenshots from Facets and an Appendix B showing an analysis of the TriZetto source code. | 27 pages containing 10 screenshots from Facets, 15 screenshots from QicLink and 13 screenshots from ClaimFacts. |
| **Detailed Structure-to-Structure Comparison** | None. | Detailed comparisons of the Appendix B rules to the TriZetto products. *See* Exh. B at 2, 5, 6, 10, 13, 15, 17, 19, 20, 23, 24 and 26. |
| **Detailed Function-to-Function Comparison** | Comparison of Facets to her own Algorithm. *See* Exh. A at 5-12. | 27 pages comparing the claim functions to the TriZetto products. *See generally* Exh. B. |

Dr. Johnson's original report provided some limited analysis of all three accused TriZetto systems, focusing mainly on Facets. At her deposition, Dr. Johnson explained that she lacked sufficient time to prepare software traces for the QicLink and ClaimFacts products, as she had done for Facets. Exh. C, 89:25-90:15. Dr. Johnson should not be permitted to add analysis that she could have included in her original report. Dr. Johnson's original report was focused on comparing her concocted "algorithm" to the TriZetto *source code*. Exh. A at 5 ("I reviewed the '164 patent and compared the functionality described, to the Facets v. 4.21 source code, QicLink Version 3.20.30.04 source code and ClaimFacts source code"). It is not apparent why she needs screenshots to "supplement" this source code analysis.

Finally, to the extent Dr. Johnson relies on Dr. Musen's new theories and analyses, Dr. Musen's "supplemental" report is improper for the reasons set forth in TriZetto's pending motion to strike that report.

### B.    TriZetto Would Be Prejudiced By Dr. Johnson's New Report

TriZetto would be prejudiced if McKesson were permitted to present Dr. Johnson's testimony about the matters disclosed in her new report submitted just six days before trial. TriZetto has had no opportunity to examine Dr. Johnson's new positions, or to have its own infringement expert respond to them. It is far too late to do so now.

### III.    CONCLUSION

Dr. Johnson's new expert report should be stricken and Dr. Johnson's trial testimony should be limited to what was disclosed in his original report.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, Delaware 19899
(302) 658-9200
Attorneys for Defendant The TriZetto Group, Inc.

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas
David Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA  92614

April 12, 2006

515628

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for plaintiff, and that the parties have not been able to reach agreement.

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on April 12, 2006 I electronically filed The TriZetto Group, Inc.'s Motion to Strike the Supplemental Expert Report of McKesson's Second Infringement Expert, Margaret L. Johnson, Ph.D. with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on April 12, 2006 upon the following in the manner indicated:

### BY HAND

Thomas J. Allingham, II
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square, P.O. Box 636
Wilmington, DE  19899

### BY FEDERAL EXPRESS

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Suite 1100
Palo Alto, CA  94301

> */s/ Jack B. Blumenfeld (#1014)*
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> jblumenfeld@mnat.com