IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, )<br>   )<br>            Plaintiff, )<br>   )<br>        v. )<br>   )<br>THE TRIZETTO GROUP, INC., )<br>   )<br>            Defendant. )<br>   ) | Civil Action No. 04-1258-SLR |

**McKESSON'S RESPONSE TO TRIZETTO'S STATEMENT
CONCERNING THE COURT'S CONSTRUCTION OF
<u>"PREDETERMINED DATABASE"</u>**

In its "Statement concerning the Court's Construction of 'Predetermined Database,'" The TriZetto Group, Inc. ("TriZetto") asks the Court to "reinstate its original construction of 'predetermined database.'"  D.I. 322 at 1.  McKesson Information Solutions LLC ("McKesson") respectfully disagrees and submits that TriZetto's arguments in favor of the original construction have been considered and properly rejected.

As TriZetto notes, the Court's Memorandum Order dated April 11, 2006, construes "predetermined database" to mean: "A set of decision-making rules that incorporate a medical code classification system and expert medical clinical judgment." D.I. 320, ¶ 11.  TriZetto asks the Court to restore the improper, negative limitation that the "'decision-making rules . . . *are not programmed to be modified by the user*.'"  *See* D.I. 322, at 1.

At the outset, TriZetto incorrectly argues that the Court's current construction gives no meaning to the claim term "predetermined."  As McKesson previously explained, the meaning of "predetermined" is fully evident in the construed requirement that the "set of decision-making rules" must "incorporate a medical code

1

classification system and expert medical clinical judgment." *See* D.I. 309, at 3.  In order for the "set of decision-making rules" in the database to "incorporate . . . expert medical clinical judgment," aspects of expert medical clinical judgment necessarily must be determined in advance of any claims processing and reflected in the rules (*i.e.*, they must be *predetermined*).  That is, at most, all that is required by the claims and specification.  In arguing that the Court's revised construction "becomes simply a database of 'decision-making rules'" (D.I. 322, at 1), TriZetto utterly ignores the aspect of the Court's construction that gives meaning to "predetermined" – specifically, that the database must "incorporate a medical code classification system and expert medical clinical judgment."

Moreover, the Court correctly concluded that introducing the *additional* limitation that the rules "are not programmed to be modified by the user" would be inconsistent with the specification, which expressly contemplates refinements, updates and changes to the rules and the knowledge base interpreter "to reflect a user's particular experience." *See* D.I. 320, ¶ 11.  There is no limitation in the claims or the specification on who may make modifications, and certainly no clear disavowal of user modification.

Indeed, McKesson agrees with the Court that it is not clear how the term "predetermined" relates, if at all, to the patent's discussion of modifying the database to reflect a user's experience.  Nothing in the patent or logic prevents a "predetermined" database from also being modifiable, whether by a user or anyone else.  TriZetto concedes that a "predetermined database" *may* be "modified" -- it simply asks the Court to include an unsupported, self-serving prohibition against "users" performing the modifications.  None of TriZetto's arguments in support of such a prohibition is new, and the Court correctly rejected TriZetto's invitation for reversible error.

First, in repeating its argument that only "experts" should be able to modify the rules (*see* D.I. 322 at 2), TriZetto ignores the patent's teachings that users *include* experts with medical clinical judgment.  *See* D.I. 309, at 3 (quoting '164 Patent, col. 2, ll. 31-37).

2

Second, TriZetto argues the Court should read a prohibition against user modification into the patent's purported *silence* concerning who may modify the database (D.I. 322, at 2). However, TriZetto acknowledges that the patent "says the database can be modified" *without* specifying who may (or may not) perform the modification. (*id*.). Particularly in view of the Court's finding that the patent expressly contemplates modifying the database to reflect a user's particular experience, TriZetto's acknowledgement proves that there should be *no* restriction against user modification. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1320 (Fed. Cir. 2005) ("candidate definitions should be removed from consideration only if they were 'disclaimed' in the written description or prosecution history") (quoting *Nystrom v. TREX Co.*, 374 F.3d 1105, 1111-13 (Fed. Cir. 2004)).

Third, TriZetto argues that a prohibition against user modification is supported by extrinsic evidence concerning "CodeReview (the product on which the '164 is based)." (D.I. 322, at 3.) Resorting to extrinsic evidence is unnecessary and particularly inappropriate to contradict the teaching of the specification. Moreover, even if consideration of extrinsic evidence were necessary, it should be based on more than a handful of documents unavailable to those skilled in the art. Indeed, contemporaneous, public marketing materials describing CodeReview make clear that the preferred embodiment of the predetermined database was a "*[f]lexible medical knowledge base*" [MCK051642] adaptable to *"[a]ppl[y] customer-specific policies"* [MCK 051644] and include "*rules derived from . . . Client policies*." [MCK 051647].

In sum, the Court should deny TriZetto's request to revert to its original construction of "predetermined database" for various reasons already considered, including:

1) the Court's current construction gives full meaning to "predetermined";

2) importing a prohibition against user modification would contradict the specification and bear no logical relationship to the claim language; and

3

3) extrinsic evidence, which cannot be used to contradict the proper meaning derived from the intrinsic evidence in any event, actually supports a construction that *permits* user modification.

By:   */s/ Michael A. Barlow*
Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000

Attorneys for Plaintiff McKesson
   Information Solutions LLC

OF COUNSEL:
Jeffery G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California  94301
(650) 470-4500

DATED:  April 13, 2006