IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TRIZETTO GROUP, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-1258-SLR |

**MCKESSON'S RESPONSIVE BRIEF TO TRIZETTO'S MOTION TO STRIKE MCKESSON'S PRETRIAL SUBMISSIONS RE BENCH TRIAL ISSUES**

McKesson's pretrial order submission regarding the bench trial on equitable issues should be admitted because it was timely under the circumstances and TriZetto suffers no prejudice from its admission.

TriZetto's complaint regarding McKesson's exhibit list is misleading and improper. The vast majority of the exhibits (Exs. 1100-1369) merely replaces the previously listed exhibit numbers 1100-1xxx, which were identified as "Video, screen captures and/or printouts of Facets, ClaimFacts and QicLink program systems." (D.I. 298, Ex. 6 at 38.) McKesson was not able to assign specific exhibits numbers to these documents and things in its original exhibit list due to TriZetto's failure to provide McKesson with working versions of all three Accused Products until only very recently. Indeed, McKesson did not receive access to the accused ClaimFacts and QicLink products until three days and one day, respectively, before the Joint Pretrial Order was due. Had TriZetto complied with McKesson's requests for working products in a timely manner,

1

McKesson would have been able to assign specific exhibit numbers to these exhibits in its original exhibit list.

Moreover, TriZetto was fully aware that McKesson intended to use screenshots, printouts and video of each Accused Product prior to the filing of the Joint Pretrial Order because McKesson, on March 28, clearly identified those exhibits in its original exhibit list and reserved exhibit numbers 1100-1xxx for those documents and things. TriZetto did not object to or disagree with McKesson's use of this placeholder designation that McKesson made over two weeks ago. In fact, TriZetto could not have objected to or disagreed with McKesson's use of placeholder designation because, on March 22, TriZetto's own technical engineer, Peter Snyder, represented to McKesson that "the system in your office accurately represents how the Facets product operates." Indeed, at the Pretrial Conference, TriZetto's counsel stated that he did not think there would be any problem or issue regarding use of screenshots of the Accused Products. (D.I. 311 at 51-52.) Additionally, in TriZetto's motion seeking exclusion of McKesson's exhibits, TriZetto failed to identify any specific objections on which TriZetto base their request to exclude McKesson's submission, other than its argument that McKesson's submission was untimely.

With regard to the other exhibits (Exs. 470-484) and McKesson's pretrial submissions on bench trial issues, TriZetto's argument that McKesson's submission is untimely is without merit. Contrary to TriZetto's assertion, the schedule for the bench trial was not set until the Pretrial Conference on April 5, 2006. The Court's February 18, 2005 Scheduling Order set forth a date for the jury trial only. (D.I. 28.) At the November 7, 2005 hearing, the Court directed that TriZetto's equitable defenses be tried to the Court

2

and indicated that this bench trial may take place "in the second stage." (D.I. 138 at 36:3-5.) The Court's November 22, 2006 Order also did not set a date for commencement of the bench trial. (D.I. 145.) Thus, as of March 31, 2006, when the Joint Pretrial Order was filed, the only matters scheduled for trial on April 17, 2006, were the jury trial issues of infringement, willfulness and damages.

Further, in the Joint Pretrial Order filed on March 31, McKesson expressly reserved the right to file the pretrial order submissions relating to the bench trial in accordance with the schedule to be set by the Court. (D.I. 298, Exs. 1, 2, 4, 6, 8, 10 & 12.) TriZetto reviewed McKesson's pretrial submission prior to its filing and TriZetto did not object to, or disagree with, or even raise for discussion McKesson's reservation of its rights on this issue. Under the circumstances, McKesson's filing of pretrial submissions relating to the bench trial was proper, justified and timely.

For the foregoing reasons, TriZetto's motion should be denied.

By: /s/ Michael A. Barlow
Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
Jeremy D. Anderson (#4515)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Attorneys for Plaintiff McKesson
  Information Solutions LLC

OF COUNSEL:
Jeffery G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500

DATED: April 13, 2006