IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>THE TRIZETTO GROUP, INC.,<br><br>        Defendant. | C.A. No. 04-1258-SLR |

**TRIZETTO'S RESPONSE TO MCKESSON'S MOTION FOR
PARTIAL RECONSIDERATION OR PARTIAL STAY (D.I. 330)**

Since December 2004, a jury trial of this action has been scheduled to start on Monday, April 17, 2006. Since December of last year, McKesson has been ordered four times to produce withheld Document "J." Each time, McKesson has refused to produce that document and has dragged the proceedings out to ensure that the document would not be produced before trial. Last Tuesday, April 11, 2006, the Court ordered McKesson to produce that document by Friday, April 14, 2006 (D.I. 320). Rather than producing the document, after the close of business on April 14, McKesson filed a motion for reconsideration of that Order or, in the alternative, to stay enforcement of the Order pending appeal (D.I. 330).

In short, McKesson continues its plan to proceed to trial without having to produce Document "J." Although TriZetto has not seen the document, given McKesson's resistance, we can only assume that it is quite significant to this case. In any event, McKesson should not be permitted to have it both ways – McKesson should not be permitted to continue to withhold the document and to force the jury, the Court and TriZetto to proceed to trial without the document, solely because McKesson wants it that way.

## I.    FACTUAL BACKGROUND

On December 16, 2005, in Special Master Order No. 4 (D.I. 285), Judge Bechtle held that the description of Document "J" "precludes attorney client privilege" and ordered McKesson to produce it.  Because McKesson declined to do so, by letter dated December 29, 2005 (D.I. 308), Judge Bechtle stated that Document "J" (and others) "should be produced by plaintiff to defendant immediately upon receipt of this letter."  That same day, McKesson advised Judge Bechtle that it was not going to comply, but (contrary to the procedure agreed upon by the parties) was "in the process of obtaining declarations from our client substantiating McKesson's privilege claims . . ." (12/29/05 Randall ltr).  McKesson then provided an *ex parte* declaration from Carolyn Wukitch to Judge Bechtle on January 5, 2006 (which TriZetto's counsel has never seen).

On February 28, 2006, in Special Master Order No. 8 (D.I. 289), Judge Bechtle reiterated that Document "J" had been ordered to be produced.  Rather than produce the document, however, McKesson wrote to Judge Bechtle on March 2, 2006, re-submitting the Wukitch Declaration and "renew[ing]" its "request for reconsideration" of Special Master Order No. 4. On March 21, 2006, in Special Master Order No. 9 (D.I. 290), Judge Bechtle concluded that pages 10, 11 and 13 of Document "J" were not subject to the attorney-client privilege or work product, but that page 12 was privileged.  He ordered that McKesson produce pages 10, 11 and 13 within five days.  For a third time, McKesson declined to do so.  Instead, late on March 27, 2006, McKesson advised Judge Bechtle that it was going to "present the rulings in Special Master Order No. 9 to Chief Judge Robinson for further consideration" (Busse 3/27/06 ltr).

With the time left before trial quickly passing, however, McKesson did nothing to seek to have the issue resolved.  Then, at the Pretrial Conference on April 5, 2006, fifteen days after

Judge Bechtle issued Special Master Order No. 9, McKesson's counsel stated that he understood that the Court had ordered that McKesson could have until April 18, 2006 (the second day of trial) to submit any objections (4/5/06 Tr. 79) (thus making it unlikely that there would be a ruling before the conclusion of the trial).  After the Court corrected McKesson's counsel concerning the timing of objections, McKesson submitted a letter to the Court on April 7, 2006, together with the Wukitch Declaration and Document "J" for *in camera* review (D.I. 313).  TriZetto responded on April 10, 2006. (D.I. 316).

On Tuesday, April 11, 2006, the Court issued an Order (D.I. 320), based upon an *in camera* review, directing McKesson to produce Document "J" by Friday, April 14, 2006, the last business day before trial.  McKesson still did not produce Document "J."  Instead, it waited until after the close of business on Friday, to file a motion for reconsideration or stay (D.I. 330), making it impossible for the Court (or TriZetto) to consider how to proceed prior to the start of trial.  McKesson simply continued what it had been doing since it was first ordered to produce Document "J" four months ago – engaging in procedural maneuvers to avoid production while it sought to push ahead to trial.  McKesson, however, did not have the courtesy to advise the Court of its intentions before the close of business on Friday, so the Court could consider whether the trial should proceed under the circumstances McKesson has created.

## II.  TRIZETTO'S RESPONSE TO MCKESSON'S REQUEST

With the trial date here, and with the Court and TriZetto having invested enormous resources in trial preparation, McKesson requests an *ex parte, in camera* hearing in which it can seek reconsideration – for a fourth time – of the Order to produce Document "J."  Nowhere does McKesson explain why it should have five opportunities to be heard on this issue.  Nor does it explain why it chose to proceed in a way that would ensure that this issue could not be dealt with

prior to the start of trial. It also does not explain the basis for its request to continue to make a record that TriZetto cannot challenge (as it has already done over TriZetto's objection with the *ex parte* Wukitch Declaration). That request is contrary to Fed. R. Civ. P. 26(b)(5), which requires a party claiming privilege to provide information "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege . . . ."

In the alternative, McKesson seeks a stay of the enforcement of the Court's Order pending appellate review, stating that "it will [appeal] immediately upon the Court's Order." McKesson does not explain what it believes should happen with respect to the jury trial set to begin imminently while it seeks an appeal. McKesson should not be permitted to refuse to comply with the Court's Order compelling the production of the Document "J" and to take its case to trial. If McKesson wants to proceed with the trial as scheduled, it should produce the document that it was ordered to produce on December 16, December 29, March 21 and April 11. TriZetto should not be put to the expense of a trial, with a real risk of the need for a retrial after the appeal that McKesson proposes, because McKesson refuses to comply with a Court Order. This discovery issue should be finally resolved before trial.

Given what McKesson has done since December – including its decision to wait until the end of the day Friday to file its motion for reconsideration – it appears that McKesson has been gaming the system to create a situation where the trial date would arrive and Document "J" would remain unproduced. McKesson should not benefit from that. Indeed, whatever course the Court decides is appropriate, McKesson should be sanctioned, given the cost and inconvenience it has imposed on the Court, the jury and TriZetto.

### III.     MCKESSON IS WITHHOLDING THE REST OF THE DOCUMENT "J"

McKesson's motion states that Document "J" "consists of pages 10-13 of a 13-page analysis . . .." Apparently, McKesson did not submit pages 1-9 to Judge Bechtle when TriZetto challenged the entry on McKesson's privilege log (which did not indicate the number of pages).[1] TriZetto assumed that pages 10-13 were the only pages at issue, and that the remaining pages would be produced. In response to TriZetto's request for the rest of the document, however, McKesson advised us today that pages 1-9 "will not be produced on the grounds of attorney-client privilege and attorney work product." Thus, even after the rulings with respect to pages 10-13, McKesson intends to withhold the rest of the document. McKesson should not be permitted to submit only part of a document for review and, after a ruling that most of that part is not privileged, to withhold the rest as privileged.

Indeed, Judge Bechtle ordered McKesson on December 29, 2005 to review its remaining withheld documents "in accordance with the standards set forth in all of the previous Orders I have entered in this matter, and specifically those in Special Master Order No. 4" (which ordered the production of Document "J") (D.I. 308). In that letter, he directed McKesson to produce such other documents "immediately" in accordance with those standards or, "[t]o the extent . . . that plaintiff continues to believe that any documents are privileged, it should make a separate list of them and we shall convene a hearing . . . where the documents will be presented to me and I will review and rule upon them one by one . . .." McKesson apparently believed that it did not have to do so but could continue to withhold the rest of the document without advising Judge Bechtle, this Court or TriZetto (until today) that it was doing so.

---

[1]     It is not clear from McKesson's April 7, 2006 *ex parte* submission to the Court (D.I. 313) whether it made the same incomplete submission.

6

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Jack B. Blumenfeld (#1014)*
        Jack B. Blumenfeld (#1014)
        Rodger D. Smith II (#3778)
        1201 N. Market Street
        Wilmington, Delaware 19899
        (302) 658-9200
        Attorneys for Defendant The TriZetto Group, Inc.

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas
David Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA 92614

April 16, 2006

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on April 16, 2006 I electronically filed TriZetto's Response to McKesson's Motion for Partial Reconsideration or Partial Stay (D.I. 330) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Thomas J. Allingham, II
>Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on April 16 2006 upon the following in the manner indicated:

BY EMAIL

Thomas J. Allingham, II
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Suite 1100
Palo Alto, CA  94301]

/s/     *Jack B. Blumenfeld*
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com