IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>THE TRIZETTO GROUP, INC.<br><br>            Defendant. | Civil Action No. 04-1258-SLR |

## THE TRIZETTO GROUP, INC.'S
## REVISED PROPOSED CLOSING JURY INSTRUCTIONS (PHASE I)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (No. 1014)
Rodger D. Smith, II (No. 3778)
1201 N. Market Street
Wilmington, DE 19899
(302) 658-9200
Attorneys for Defendant The TriZetto Group, Inc.

Of Counsel:

GIBSON, DUNN & CRUTCHER LLP

Jeffrey T. Thomas
David Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA 92614

April 16, 2006

# TABLE OF CONTENTS

Page

1.3     BURDENS OF PROOF ................................................................................. 1

2.2     PLAINTIFF'S CONTENTIONS ................................................................... 2

2.3     DEFENDANT'S CONTENTIONS ............................................................... 3

2.4     SUMMARY OF PATENT ISSUES .............................................................. 4

3.1     THE ASSERTED CLAIMS ......................................................................... 5

3.3     OPEN-ENDED OR "COMPRISING" CLAIMS ........................................... 6

3.4     CLAIM CONSTRUCTION .......................................................................... 7

3.5     MEANS-PLUS-FUNCTION CLAIM LIMITATIONS .................................. 9

3.6     PATENT INFRINGEMENT GENERALLY ................................................. 10

3.7     DIRECT INFRINGEMENT - LITERAL INFRINGEMENT ......................... 11

3.8.1   MEANS-PLUS-FUNCTION CLAIM LIMITATIONS .................................. 13

3.8.2   DE MINIMIS USE EXCEPTION TO INFRINGEMENT ............................. 14

3.9     INDIRECT INFRINGEMENT .................................................................... 15

3.9.1   INDUCING INFRINGEMENT .................................................................... 16

3.9.2   CONTRIBUTORY INFRINGEMENT ......................................................... 17

## 1.3    BURDENS OF PROOF

This is a civil case in which the plaintiff is charging the defendant with patent infringement.  The plaintiff has the burden of proving patent infringement by what is called a preponderance of the evidence.  That means that the plaintiff has to produce evidence which, when considered in light of all of the facts, leads you to believe that what the plaintiff asserts is more likely true than not.  To put it differently, if you were to put the plaintiff's and the defendant's evidence of infringement on opposite sides of a scale, the evidence supporting the plaintiff's assertions would have to make the scales tip somewhat to its side.

Source:  Adapted to fit this case from *IMX  v. LendingTree* ("Burdens of Proof").

## 2.2     PLAINTIFF'S CONTENTIONS

McKesson contends that TriZetto has infringed claims 1, 2  and 16 of the '164 patent by making, using, selling or offering for sale the ClinicaLogic component of TriZetto's products.

Source:  Adapted to fit this case from *IMX  v. LendingTree* ("Plaintiff's Contentions").

## 2.3     DEFENDANT'S CONTENTIONS

TriZetto contends that the use of the ClinicaLogic component of its products does not infringe any of the asserted claims.

<u>Source</u>:  Adapted to fit this case from *IMX  v. LendingTree* ("Defendant's Contentions").

## 2.4     SUMMARY OF PATENT ISSUES

In this case, you must decide several things according to the instructions that I shall give you.  They include:

Whether McKesson has proven by a preponderance of the evidence that the ClinicaLogic component of TriZetto's products literally infringes claims 1, 2, or 16 of the '164 patent.

Whether McKesson has proven by a preponderance of the evidence that someone is directly infringing claims 1, 2, or 16 of the '164 patent by using the ClinicaLogic component of TriZetto's products in an infringing manner.

If you decide that someone else is directly infringing the '164 patent, whether TriZetto contributed to or actively induced that infringement based on the legal requirements I will give you shortly.

<u>Source</u>:  Adapted to fit this case from *IMX  v. LendingTree* ("Summary of Patent Issues").

### 3.1     THE ASSERTED CLAIMS

Before you can decide whether or not TriZetto has infringed the '164 patent, you will have to understand the patent "claims."  The patent claims are the numbered paragraphs at the end of the patent.

The purpose of the claims is to provide notice to the public of what a patent covers and does not cover.  The claims are intended to describe, in words, the boundaries of the invention described and illustrated in the patent.  The claims define the patent owner's property rights. Infringement is the act of trespassing on those rights.  Only the claims of the patent can be infringed.  Neither the specification, which is the written description of the invention, nor the drawings of the patent can be infringed.

In addition, the claims of a patent do not have to cover every feature of the patented invention.  Each claim is a separate statement of the patented invention and, therefore, each of the asserted claims must be considered individually.  To show infringement of the '164 patent, McKesson needs only to establish that one of the asserted claims in that patent has been infringed.

There are three claims involved here.  McKesson asserts that the TriZetto infringes claims 1, 2 and 16 of the '164 patent.  Claim 1 begins at column 117, line 2 of McKesson's '164 patent which is Exhibit 1 in evidence.  These claims shall be referred to hereafter as "the asserted claims."

Source:  Adapted to fit this case from *IMX  v. LendingTree* ("The Asserted Claims").

### 3.3     OPEN-ENDED OR "COMPRISING" CLAIMS

All of the asserted claims 1, 2 and 16 of the '164 patent use the transitional term, "comprising."  "Comprising" is interpreted the same as "including" or "containing."  In patent claims, "comprising" means that the claims are open-ended.  As such, the method claims at issue do not exclude additional steps.

Source:  Adapted to fit this case from *IMX  v. LendingTree* ("Open Ended or 'Including' Claims); MPEP Rule 2111.03 (Transitional Phrases).

### 3.4    CLAIM CONSTRUCTION

It is my duty under the law to define what the patent claims mean.  I have made my determination on the meaning of the disputed language in each asserted claim, consistent with how the language would have been understood by one of ordinary skill in the art in 1988 when the application for the '164 patent was filed.

You are advised that the following definitions for the following terms must be applied:

1.    "Predetermined database" shall mean a set of decision-making rules that incorporate a medical code classification system and expert medical clinical judgment.[1]

2.    "Medical service code" shall mean a code representing a particular medical service or procedure, e.g., CPT-4 codes, CVS codes, and similar medical service or procedure codes.

3.    "A set of relationships among the medical service codes defining whether selected medical service codes are valid when input with other selected ones of the medical service codes" shall mean a set of relationships specifying that if two or more particular medical service codes are input together as part of the same claim, then one or more of the input medical service codes are appropriate for payment.

4.    "Means for operating on a predetermined database" shall have the function of operating on a predetermined database and the corresponding structure has data processing capabilities, memory and software capable of managing a database.

5.    "Valid or invalid" shall mean appropriate or inappropriate for payment.

---

[1] TriZetto objects to the current construction of this claim term.  *See* D.I. 322.

<u>Source</u>:  Adapted to fit this case from *Cordis Corp. v. Boston Scientific Corp.* ("Construction of Claims").

### 3.5     MEANS-PLUS-FUNCTION CLAIM LIMITATIONS

Some patent claim limitations may describe a "means" for performing a function, rather than describing the structure that performs the function. For example, let's say that a patent describes a table in which the legs are glued to the tabletop. One way to claim the table is to recite the tabletop, four legs and glue between the legs and the tabletop. Another way to claim the table is to recite the tabletop and the legs, but, rather than recite the glue, recite a "means for securing the legs to the tabletop." This second type of claim limitation is called a "means-plus-function" limitation. It describes a means for performing the function of securing the legs to the tabletop, rather than expressly reciting the glue.

When a claim limitation is in means-plus-function form, it is limited to the structure disclosed in the patent specification for performing the function stated in the claim, and also any structure that is equivalent to the disclosed structure that performs the identical function. In our example, the claim covers a table using glue to secure the legs to the tabletop, as described in the patent, and any equivalent structure that performs the identical function of securing the legs to the tabletop in the same way as the glue.

Claims 1, 2, and 16 of the '164 patent include a means-plus function limitation. In instructing you about the meaning of a means-plus-function claim limitation, I will tell you, first, the function that each of the means-plus-function claim limitations performs; and second, the structure disclosed in the patent specification that corresponds to each means-plus function limitation.

Source:  35 U.S.C. § 112, ¶ 6; Federal Circuit Bar Association Model Patent Jury Instructions 7.4; *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259 (Fed. Cir. 1999); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339 (Fed. Cir. 1999).

### 3.6     PATENT INFRINGEMENT GENERALLY

A patent owner may enforce its right to exclude others from making, using, selling, or offering to sell a patented invention by filing a lawsuit for patent infringement.  Here, McKesson has alleged that the ClinicaLogic component of TriZetto's products infringes the claims 1, 2, and 16 of the '164 patent.  McKesson has the burden of proving, by a preponderance of the evidence, that TriZetto has either directly or indirectly infringed at least one of the asserted claims.

Source:  Adapted to fit this case from *IMX  v. LendingTree* ("Patent Infringement Generally").

### 3.7    DIRECT INFRINGEMENT - LITERAL INFRINGEMENT

McKesson asserts that the use of the ClinicaLogic component of TriZetto's products literally infringes the asserted claims of the '164 patent.  For the ClinicaLogic component of TriZetto's products to literally infringe an asserted claim, each step of the patent claim must be performed when using the ClinicaLogic component of TriZetto's products.  Literal infringement must be determined with respect to each asserted claim by comparing the process that uses the accused product to each of the asserted claims.  If the process omits any single limitation recited in a given claim, that product does not literally infringe that claim.  You must determine literal infringement with respect to each asserted claim individually.

Therefore, in determining whether the use of the ClinicaLogic component of TriZetto's products literally infringes any asserted claim, you should take the following steps:

First, you should determine the scope of the asserted claim by reading the claim language, limitation by limitation, as those limitations have been construed by the court or, if they have not been specifically construed, according to their ordinary meaning in light of the specification; and

Second, you should compare the use of the ClinicaLogic component of TriZetto's products, element by element, to each of the limitations of the asserted claim.

If you find each and every limitation of the asserted claim exists in the process that uses the ClinicaLogic component of TriZetto's product, then the user of the process is directly infringing that claim.

If you did not find each and every limitation of the asserted claim is performed when using the ClinicaLogic component of TriZetto's products, then you must return a verdict of non-infringement as to that claim.

You must repeat the above analysis with every asserted claim.

Remember the question is whether the use of the ClinicaLogic component of TriZetto's products infringes any of the asserted claims, and not whether TriZetto's accused products are similar or even identical to a McKesson product. Accordingly, you must be certain to compare the process of using the ClinicaLogic component of TriZetto's products with the claims it is alleged to infringe and not with any product of McKesson.

Source:  Adapted to fit this case from *IMX v. LendingTree* ("Patent Infringement Generally"); *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc); *Netword LLC v. Centraal Corp.*, 242 F.3d 1347 (Fed. Cir. 2001); *Wenger Mfg., Inc. v. Coating Mach. Sys. Inc.*, 239 F.3d 1225 (Fed. Cir. 2001);.

**INFRINGEMENT**

**3.8.1   MEANS-PLUS-FUNCTION CLAIM LIMITATIONS**

As I told you, a means-plus-function claim limitation describes a means for performing a particular function.  To prove that an accused product literally infringes a means-plus-function limitation, a patent owner must prove two things by a preponderance of evidence:  First, that the accused product contains a structure that performs the identical function to the function recited in the means-plus function limitation (a function-to-function comparison); and second, that the structure of the accused product that performs the function is either identical or equivalent to the corresponding structure disclosed in the patent specification (a structure-to-structure comparison).

Whether or not the structure of the accused product is equivalent to the structure disclosed in the patent is decided from the perspective of a person of ordinary skill in the field of the invention.  A person of ordinary skill is a person of average education and training in the field.  A structure is equivalent if such an ordinary skilled person would consider the differences between the accused structure and the structure in the patent to be insubstantial.

One way of determining whether the structure of the accused product is equivalent to the structure disclosed in the specification is to determine whether or not persons of ordinary skill in the field of the invention believe that the structure disclosed in the specification and the structure of the accused product are interchangeable.  Another way is to determine whether or not the accused structure performs the identical function, in substantially the same way, to achieve substantially the same result.

Source:  35 U.S.C., § 112, ¶ 6; Federal Circuit Bar Association Model Patent Jury Instructions 8.5; *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259 (Fed. Cir. 1999); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339 (Fed. Cir. 1999).]

### 3.8.2   DE MINIMIS USE EXCEPTION TO INFRINGEMENT

There is a common law exception for de minimis non-commercial use of a patented invention without authorization by the patentee.  Thus, the law provides an exception to infringement when the quantity of the infringing activity is insignificant and the infringing activity is so unusual that it will only be repeated in insignificant quantities.

Source:  *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F. Supp. 2d 316 (D. Del. 2004); *Knapp-Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622 (7th Cir. 1965); *Warner & Swasey Co. v. Held*, 256 F. Supp. 303 (D. Wis. 1966).

## 3.9    INDIRECT INFRINGEMENT

As I have told you, in addition to enforcing a patent against a direct infringer, a patent owner may also enforce the patent against indirect infringers.  There are two types of indirect infringement – inducing infringement and contributory infringement.  The intentional act of encouraging or inducing others to infringe a patent is called "inducing infringement."  The act of contributing to the infringement of others by, for example, supplying them with parts used in the patented invention is called "contributory infringement."

There can be no indirect infringement unless someone is directly infringing the patent. Thus, in order to prove that TriZetto is inducing another person to infringe or contributing to the infringement of another, McKesson must prove by a preponderance of the evidence that the other person is directly infringing at least one claim of the patent by using the product sold or supplied by TriZetto.

<u>Source</u>:  Federal Circuit Bar Association Model Patent Jury Instruction 8.12.

### 3.9.1    INDUCING INFRINGEMENT

A person induces patent infringement if he or she purposefully causes, urges or encourages another to infringe a patent. Inducing infringement cannot occur unintentionally. In order to prove inducement, the patent owner must prove by a preponderance of the evidence that the accused infringer knew of the patent and encouraged or instructed another person to use a product in a manner known to infringe the patent. The patent owner must also prove by a preponderance of the evidence that the other person infringed the patent.

Here, McKesson asserts that TriZetto induced patent infringement. McKesson must prove four things by a preponderance of the evidence:

First, TriZetto encouraged or instructed a third party on how to use the ClinicaLogic component of TriZetto's products in a manner that you, the jury, find infringes claims 1, 2 or 16 of the '164 patent.

Second, TriZetto actually knew of the '164 patent.

Third, TriZetto possessed specific intent to encourage a third party's infringement and not merely that TriZetto had knowledge of the acts alleged to constitute infringement.

Fourth, the third party infringed the '164 patent.

If, and only if, you are persuaded by a preponderance of the evidence of each of these four things, can TriZetto be found to have induced patent infringement.

Source: 35 U.S.C. § 271(b); Federal Circuit Bar Association Model Patent Jury Instructions 8.12.1; *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327 (Fed. Cir. 2003); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544 (Fed. Cir. 1990).

### 3.9.2   CONTRIBUTORY INFRINGEMENT

McKesson also argues that TriZetto has contributed to infringement by another. Contributory infringement may arise when TriZetto supplies something that is used by another to infringe one or more of the patent claims.

In order for there to be contributory infringement by TriZetto, someone other than TriZetto must directly infringe the asserted claims of the '164 patent; if there is no direct infringement by anyone, there can be no contributory infringement.

If you find someone has directly infringed the '164 patent by using the ClinicaLogic component of TriZetto's products, then contributory infringement exists if McKesson shows by a preponderance of the evidence each of the following:

(1)    TriZetto manufactured and sold a product that was capable of being used in an infringing manner.

(2)    The product is incapable of being used in a substantial non-infringing manner.

(3)    TriZetto supplied the product with knowledge of the '164 patent and knowledge that the article was especially made or adapted for use in an infringing manner.

To determine whether an accused device has substantial non-infringing uses, you must consider the entire device, not just the part that is capable of practicing the patented claims. When a device as a whole is capable of performing a patented method, but is also capable of substantial non-infringing use independent of the patented method, a claim for contributory infringement will not lie.

Source: 35 U.S.C. § 271(c); District of Delaware Model Patent Jury Instructions 3.7; *Hewlett Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464 (Fed. Cir. 1990); *Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641 (N.D. Ill. 1994), *aff'd*, 41 F.3d 1520 (Fed. Cir. 1994); *Hodosh v. Block Drug Co.*, 833 F.2d 1575 (Fed. Cir. 1987).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Jack B. Blumenfeld (#1014)*
_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith, II (#3778)
1201 N. Market Street
Wilmington, Delaware 19899
(302) 658-9200
Attorneys for Defendant The TriZetto Group, Inc.

Of Counsel:

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas
David Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA  92614

April 16, 2006

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on April 16, 2006 I electronically filed

The TriZetto Group, Inc.'s Revised Proposed Closing Jury Instructions (Phase I) with the Clerk

of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on April 16 2006 upon the

following in the manner indicated:

> BY EMAIL
>
> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE  19899
>
> Jeffrey G. Randall
> Skadden, Arps, Slate, Meagher & Flom LLP
> 525 University Avenue
> Suite 1100
> Palo Alto, CA  94301]

> /s/    *Jack B. Blumenfeld*
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> jblumenfeld@mnat.com