IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TRIZETTO GROUP, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-1258-SLR |

**MCKESSON'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR RECONSIDERATION OF THE
COURT'S APRIL 13, 2006 ORDER REGARDING THE DEPOSITION
OF MARCIA J. RADOSEVICH OR, IN THE ALTERNATIVE, TO STRIKE
<u>SELECTED PORTIONS OF THE DEPOSITION CONDUCTED BY TRIZETTO</u>**

                                                                        Thomas J. Allingham II (#0476)
                                                      Michael A. Barlow (#3928)
                                                      SKADDEN, ARPS, SLATE,
                                                           MEAGHER & FLOM LLP
                                                      One Rodney Square
                                                      P.O. Box 636
                                                      Wilmington, Delaware  19899
                                                      (302) 651-3000

                                                      Attorneys for Plaintiff McKesson
                                                        Information Solutions LLC

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California  94301
(650) 470-4500

DATED: April 17, 2006

**TABLE OF CONTENTS**

      **PAGE**

I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING..............1

II. SUMMARY OF ARGUMENT........................................................................2

III. SUMMARY OF RELEVANT OF FACTS ..................................................3

IV. ARGUMENT..................................................................................................3

    A.   The "Extreme Sanction" Of Excluding Critical
        Evidence From The Trial Is Not Justified In This Case.........................3

        1.   McKesson's Interpretation Of The
            Special Master's Order Was Reasonable......................................4

        2.   McKesson's Questions Applied This Interpretation
            And Also Constituted Legitimate Cross Examination..................5

        3.   Ms. Radosevich's Deposition Testimony Is
            The Only Available Evidence On These Issues............................6

    B.   If The Court Declines To Reconsider Its Interpretation
        Of Special Master Order No. 5, Then McKesson Requests
        That The Court Apply Its Reading Equally To TriZetto ........................6

    C.   The Court's Monetary Sanctions Were Also Unreasonable
        Under The Circumstances .......................................................................7

V. CONCLUSION..............................................................................................8

Appendix...................................................................................................... A-1

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff McKesson Information Solutions LLC ("McKesson") respectfully submits this Memorandum In Support Of Its Motion For Reconsideration Of The Court's April 13, 2006 Order Regarding The Deposition Of Marcia J. Radosevich Or, In The Alternative, To Strike Selected Portions Of The Deposition Conducted By TriZetto.

I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING.

This is a patent infringement action filed by McKesson on September 13, 2004. D.I. 1. One of the key witnesses in the case in Marcia J. Radosevich. During a critical time period, Ms. Radosevich was the President and CEO of HPR, Inc., which, at that time, owned the patent-at-issue. Her testimony is therefore relevant on several fronts. Among other things, TriZetto has tried to make her a centerpiece of its laches and estoppel defenses. See, e.g., D.I. 166 (TriZetto's Opening Brief In Support Of Motion For Partial Judgment Of Laches); D.I. 212 (TriZetto's Answering Brief In Opposition To McKesson's Motion For Summary Judgment Regarding Defendant's Eighth Affirmative Defense). TriZetto has indicated that it intends to use Ms. Radosevich's deposition as part of its defense during trial. See D.I. 298, Ex. 9 (TriZetto identifying Ms. Radosevich as a witness).

On December 19, 2005, the Special Master permitted Ms. Radosevich to testify on additional questions (D.I. 286) and, on February 21, 2006, ordered her to appear for a second day of testimony to answer those questions (D.I. 289). She appeared on April 10, 2006. Counsel for TriZetto and McKesson both took testimony from the witness.

On April 11, 2006 TriZetto moved this Court to strike all of Ms. Radosevich's testimony given in response to McKesson's questions. D.I. 321. On April 12, 2006, McKesson responded to TriZetto's motion. D.I. 325. On April 13, 2006, the Court granted TriZetto's motion and held as follows: "Having reviewed the deposition, the Court concludes that McKesson purposefully extended the parameters of discovery past the limits set by Special Master Order No. 5. McKesson shall pay the costs associated with TriZetto's motion practice in this regard, as well as the costs of the deposition." D.I. 329 at 3.

McKesson now seeks relief from that Order or, in the alternative, the equal application of the Court's reasoning to TriZetto's own lines of questioning.

**II.    SUMMARY OF ARGUMENT.**

McKesson respectfully submits that it should be granted the relief it seeks for the following reasons:

1.    McKesson submits that the Court exceeded its discretion by imposing the "extreme sanction" of excluding evidence. See Quinn v. Consolidated Freightways Corp. of Del., 283 F.3d 572, 576-77 (3d Cir. 2002). First, McKesson's interpretation of the Special Master Order No. 5 was reasonable, as demonstrated by TriZetto's counsel's own statements on the record. See infra Section A.1. Second, McKesson's questions fell within this interpretation. See infra Section A.2. Third, given the circumstance that Ms. Radosevich is the only witness who has testified certain of the topics, the Court should not impose a blanket exclusion of all questioning. See infra Section A.3.

2

  2. In the alternative, should the Court decline to reconsider its ruling with respect to McKesson, McKesson respectfully requests that the Court apply its interpretation equally to TriZetto. This Court has repeatedly admonished the parties that "what is good for the goose is good for the gander." As will be shown, the questions raised by TriZetto's counsel went well beyond the scope of even its own interpretation of the Special Master's Order, and were not even close to the Court's interpretation of the Order. See infra Section B. Those questions should therefore be struck.

  3. Finally, McKesson submits that under the circumstances the imposition of monetary penalties is not justified. See infra Section C.

### III. SUMMARY OF RELEVANT FACTS.

As detailed below, there are two sets of facts relevant to this motion:

  1. Counsel's actual questions on the record are critical to the outcome of this motion. See infra Sections A.2, B & Appendix.

  2. The importance of the issues presented in this motion is heightened by the fact that Ms. Radosevich is the only individual who has testified on certain of the key topics during this time period. See infra Section A-3.

### IV. ARGUMENT.

#### A. The "Extreme Sanction" Of Excluding Critical Evidence From The Trial Is Not Justified In This Case

While trial court determinations concerning the admission of evidence are reviewed for abuse of discretion, the Third Circuit has held that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the

3

evidence." Quinn v. Consolidated Freightways Corp. of Del., 283 F.3d 572, 576 (3d Cir. 2002) (citations and internal quotations omitted) (holding, inter alia, that trial court abused its discretion by imposing "blanket exclusion" of testimony regarding key event when such exclusion was "not supported by this record"). In light of the circumstances set forth below, McKesson asks the Court to reconsider whether such an extreme sanction is appropriate in this case.

### 1. McKesson's Interpretation Of The Special Master's Order Was Reasonable

The two precise questions permitted by Special Master in Order No. 5 were: (1) "to name persons that [Ms. Radosevich] communicated with to assist in the review of patent applications" and (2) "what [Ms. Radosevich] said about what was to be told to customers." D.I. 286 at 7. Special Order No. 7 also permitted "any reasonable follow up." D.I. 288 at 3. In light of the Court's ruling on TriZetto's Motion To Strike, it appears that the Court has concluded that the "parameters" of permissible questioning set by the Special Master's questions were quite narrow; namely, something close to <u>those particular questions alone</u> and cross-examination concerning same.

While that reading is reasonable, McKesson submits there is more than one possible reasonable reading in light of the ambiguous phrase "any reasonable follow up." This is evidenced most obviously by <u>TriZetto's counsel's own summary</u> at the outset of the deposition of what it considered to be the scope of the Special Master's Order:

> Q.   Miss Radosevich, this is Jeff Thomas. This is a
> hopefully brief follow-up to your prior deposition.
> As you may know, we have a court order that you
> appear to testify on essentially two subjects: [1] <u>the</u>

4

> assistance and involvement of folks in the preparation
> of the patent applications and [2] communications
> that may have gone out from HPR to HPR customers
> involving the patent. So we'll be covering those two
> things today.

4/10/06 Radosevich Dep. (Exhibit E to TriZetto's Motion To Strike, D.I. 321), 3:9-16.

Although TriZetto deviated sharply from even its own definition, see infra Section B & Appendix, its statement on the record at the opening of the deposition was not an unreasonable summary of the permissible bounds of questioning. Because McKesson's questions fell within those bounds, McKesson should not be held to have been acting in "flagrant disregard" of the Special Master's Order.

### 2. McKesson's Questions Applied This Interpretation And Also Constituted Legitimate Cross Examination

Attached hereto is an Appendix with all of the substantive questions asked by McKesson's counsel at the April 10, 2006, along with associated topic areas. See Appendix.

Assuming arguendo that an alternative interpretation is considered reasonable (or at least not in "flagrant disregard" of the Special Master's Order), it should be apparent that McKesson's questions were not out of line. In summary, McKesson's questions covered the following ten topics, only the last of which (consisting of two questions) was arguably outside of a permissible scope for the questions:

### McKesson's Topics

1. Challenging Reliability of Witness's Responses to TriZetto's Questions
2. Communications With Prospective Customer (Erisco)
3. Types Of Communications With Customers
4. Knowledge of Prospective Customer's Products
5. Instructions To Salespeople Regarding GMIS
6. Customer Inquiries

5

7. Instructions To Salespeople Regarding Merger
8. Instructions To All Employees, Including Salespeople, Regarding Patent
9. Instructions To Salespeople Regarding Patent Litigation
10. Personal

Further, by excluding all of McKesson's questioning, the Court in effect is permitting TriZetto to introduce all of its evidence from Ms. Radosevich given at this deposition <u>without any cross examination</u>. The runs directly afoul of the Federal Rules of Evidence. <u>See</u> Fed. R. Evid. 408 (out-of-court testimony cannot qualify for hearsay exception unless "the witness has been subject to cross examination").

### 3. Ms. Radosevich's Deposition Testimony Is The *Only* Available Evidence On These Issues

An added consideration is that Ms. Radosevich has testimony <u>unique</u> to this case. Ms. Radosevich is the <u>only</u> witness who can testify from HPR's (<u>i.e.</u>, the patent owner's) perspective about its dealings with the predecessor-in-interest to TriZetto during a key time period (1993-98). Therefore, the facts for which she is competent to testify go directly to, among other things, some critical defenses presently being mounted by TriZetto, such as laches and estoppel. Further, as a non-party, Ms. Radosevich cannot be compelled to testify at trial.

### B. If The Court Declines To Reconsider Its Interpretation Of Special Master Order No. 5, Then McKesson Requests That The Court Apply Its Reading Equally To TriZetto

As this Court has reminded the parties on several occasions: "what's good for the goose is good for the gander." If TriZetto insists that McKesson be precluded from introducing any of McKesson's testimony from the April 10, 2006 deposition, McKesson submits that TriZetto should be held to the same standard.

6

Attached hereto is an Appendix with all of the substantive questions asked by McKesson at the April 10, 2006, along with associated topic areas. See Appendix. As identified below, the topics covered by TriZetto's counsel were as follows:

<u>TriZetto's Topics</u>

1. Preparation Of Patent Applications
2. Duty of Candor
3. Prior Art
4. Discussions With Inventors
5. Discussions With Aetna
6. Instructions To Salespeople Regarding Patent, Clinical Editing Software, Infringement, Competitors
7. Infringement
8. Communications By Salespeople With Erisco Customers

McKesson requests that the Court consider whether TriZetto's questions fall within the bounds of its ruling as to the scope of permissible questioning under Special Master Order No. 5. If the Court declines to reconsider its finding on sanctions, McKesson moves this Court to strike TriZetto's questions on the same grounds as it applied to McKesson. In particular, McKesson would ask this Court to strike, at a minimum, all questions relating to topics 2, 3, 4, 5 and 7.

### C. The Court's Monetary Sanctions Were Also Unreasonable Under The Circumstances

Finally, McKesson respectfully requests that the Court reconsider the monetary penalties that it has imposed. Even TriZetto's own motion requested a less severe sanction against McKesson. Further, in light of the above, McKesson submits that such a penalty is not warranted.

7

## V.  CONCLUSION.

For the foregoing reasons, McKesson respectfully requests the Court to reconsider its Order of April 13, 2006 sanctioning McKesson by excluding all evidence it adduced from Ms. Radosevich at the April 10, 2006 deposition and imposing monetary penalties; or, in the alternative, to strike certain portions of the deposition (identified above) conducted by TriZetto.

By:  /s/ Michael A. Barlow
Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000

Attorneys for Plaintiff McKesson
    Information Solutions LLC

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California  94301
(650) 470-4500

DATED:  April 17, 2006