IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1258-SLR |
| ) | |
| THE TRIZETTO GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MCKESSON'S OBJECTIONS TO
TRIZETTO'S DEMONSTRATIVE EXHIBITS**

Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000

Attorneys for Plaintiff McKesson
   Information Solutions LLC

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California  94301
(650) 470-4500

DATED:  April 17, 2006

Plaintiff McKesson Information Solutions LLC ("McKesson") states the following objections to the demonstrative exhibits created by defendant The TriZetto Group, Inc. ("TriZetto") for its opening statement in the infringement phase of the jury trial in this matter.

| Slide | McKesson's Objection(s) |
|-------|-------------------------|
| 1. | **(Customer Logos)**<br><br>Judicial Estoppel/Failure to allow discovery:  Judicial estoppel arises "'[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'"  The rule "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal citations omitted).  During the discovery phase of this action, TriZetto repeatedly blocked McKesson's efforts to obtain discovery from its third-party customers.  It stated on the record that such information was "irrelevant."  Having precluded full and fair discovery on this topic, and taken a position contrary to its position now during discovery, TriZetto cannot rely on such evidence to assist in asserting non-infringement. |
| 2. | **"TriZetto's Claim Processing Software"**<br><br>Irrelevant to direct infringement:  Accused products cannot escape infringement because they have additional features or perform additional acts.  *See Dow Chem. Co. v. Sumitomo Chem. Co.*, 257 F.3d 1364, 1380 (Fed. Cir. 2001); *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984).<br><br>Misleading and irrelevant to contributory infringement:  An accused product that does things in addition to practicing the claimed methods still infringes.  Therefore, TriZetto cannot rely on these *additional* features to show that the *accused features* have a substantial non-infringing use.  TriZetto would be misleading the jury into believing that additional features irrelevant to infringement can constitute a substantial non-infringing use.<br><br>Judicial estoppel/Failure to allow discovery:  TriZetto repeatedly blocked our efforts to obtain discovery as to the entire systems, asserting that such discovery was irrelevant.  Having precluded full and fair discovery regarding other parts of the accused products, TriZetto cannot rely on such evidence now to assert non-infringement. |

| Slide | McKesson's Objection(s) |
|---|---|
| 3. | **"AMA's Current Procedural Terminology (CPT)"**<br><br>Irrelevant and prejudicial:  Having pictures of 4 CPT manuals dating back to the 1970s is irrelevant to the issue of infringement and is not necessary to tell the jury what CPT codes are.  TriZetto is simply trying to bring in its invalidity arguments about how the claims were obvious based on the CPT manual. |
| 4. | **"Erisco Invested In An Innovative Solution"**<br><br>No objection. |
| 5. | **"Patent Claim 1"**<br><br>No objection. |
| 6. | **"Does The Claim List A Real AMA CPT Code?"**<br><br>Irrelevant and misleading:  TriZetto seems to be suggesting inaccurate elements of the claims contrary to the Court's rulings. |
| 7. | **"A Plurality Of Medical Service Codes"**<br><br>Irrelevant and misleading:  TriZetto's use of the patent figure is an improper attempt to reargue claim construction regarding the "ascertaining" element.  TriZetto argued in claim construction proceedings that the ascertaining element was a step-plus-function element subject to 35 U.S.C. § 112(6) and therefore limited to the structure shown in this demonstrative.  The Court rejected TriZetto's contention and instead found that the claim element required no construction.  This, this demonstrative directly contradicts issues decided against TriZetto in claim construction. |
| 8. | **"'Predetermined Database'"**<br><br>No objection. |
| 9. | **"'Predetermined Database':  The Court's Definition"**<br><br>Irrelevant and misleading:  This is not the appropriate time for TriZetto to be displaying elements of the Court's Markman ruling.  It is no different than arguing jury instructions. |

| Slide | McKesson's Objection(s) |
|---|---|
| 10. | **"'Predetermined Database': The Court's Definition"**<br><br>Misleading:  Since the language in the main text box includes more than just the Court's definition of "predetermined database," the slide is misleading because it suggests that all of the language in the main text box is the Court's definition of "predetermined database." |
| 11. | **"'A Plurality Of Medical Service Codes'"**<br><br>Misleading and irrelevant:  What the accused products do when there is only one medical service code on a claim is merely an additional feature of the products.  If the accused products ascertain whether the claim has a plurality of codes, what the products do when there is only one code is irrelevant.<br><br>Improper claim construction reargument:  This document illustrates a process in which after ascertaining whether a claim contains more than one code (the only limitation in the patent), the patent further links the ascertaining element to a decision whether to process multiple codes.  In claim construction proceedings, TriZetto attempted to introduce into the ascertaining elements a further limitation that the ascertaining was done "in order to determine whether multiple code edits should be checked."  The Court rejected that argument and again construed it without further limitations.  Here again, therefore, TriZetto takes a position directly contradicted by claim construction. |
| 12. | **"'Mutually Exclusive Due To Non-Medical Criteria'"**<br><br>No objection. |
| 13. | **"'Entire Claim Approved Or Rejected Based On The Codes Of The Claim'"**<br><br>Misleading:  This slide is inconsistent with the Court's view that the "authorizing" and "rejecting" elements required no construction and were entitled to their ordinary meanings.  TriZetto is again trying to reargue claim construction.  During claim construction, TriZetto contended that the "authorizing" and "rejecting" elements required authorizing or rejecting for payment "the entire claim received from the user based on the determinations of the 'determining' step."  The Court decided against this argument, declined to read in those additional limitations, yet TriZetto now seeks to introduce slides illustrating the very issue on which they lost at claim construction. |

| Slide | McKesson's Objection(s) |
|---|---|
| 14. | **"Reasons A Medical Claim Could Be Rejected Other Than For Its Code"**<br><br>Misleading, irrelevant and improper claim construction reargument:  This is a continuation of the improper argument begun in slide 13 and is objectionable for the same reasons.  The fact that a medical claim could be rejected for a reason other than its code is irrelevant because it can also be rejected for a reason related to the invalidity of the codes. |
| 15. | **"Checking Accuracy Of Codes Is Just One Step In Processing Of A Claim"**<br><br>Misleading: This is a continuation of the improper argument begun in slide 13 and is objectionable for the same reasons.  In addition, the slide is likely to mislead the jury as to proper law regarding infringement.  That the accused products may perform non-patented steps in addition to the patented steps is not a defense to infringement. |
| 16. | **"'Entire Claim Approved Or Rejected Based On The Codes Of The Claim'"**<br><br>Same as Slide 13. |
| 17. | **"Types Of Infringement"**<br><br>Improper attorney argument: The four boxes represent improper attorney argument regarding the legal standards for direct and indirect infringement.<br><br>Incorrect statements of law:  The "contributory" and "inducement" boxes blatantly misstate the law re contributory and inducing infringement.  These statements of law even contradict TriZetto's own proposed jury instructions.  Contributory infringement requires that the product have no **substantial** non-infringing uses.  Inducement merely requires knowledge of the patent and knowledge that your actions would likely result in another person using the accused product in a manner that is found to infringe. |
| 18. | **"TriZetto Does Not Infringe"**<br><br>Improper attorney argument: The slide invites improper attorney argument regarding the legal standards for direct and indirect infringement. |

By: ___ */s/ Michael A. Barlow* ___
    Thomas J. Allingham II (#0476)
    Michael A. Barlow (#3928)
    SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP
    One Rodney Square
    P.O. Box 636
    Wilmington, Delaware 19899
    (302) 651-3000

    Attorneys for Plaintiff McKesson
      Information Solutions LLC

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500

DATED: April 17, 2006

5