IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION ) 
SOLUTIONS LLC, )
 )
      Plaintiff, )
 )
  v. ) Civ. No. 04-1258-SLR
 )
THE TRIZETTO GROUP, INC., )
 )
      Defendant. )

**MEMORANDUM ORDER**

At Wilmington this 17th day of April, 2006, having reviewed the deposition designations produced for my examination, and having reviewed the arguments and rulings made pretrial regarding the permissible scope of fact testimony vis a vis the functionality of the accused products and infringement;

IT IS ORDERED generally that all references to the '164 patent and its claims will be stricken from the admitted testimony. I do not believe it is appropriate for a fact witness with no prior knowledge of the patent to be answering a question such as: "Does the Facets System operate to perform the steps described in Claim 1?" However, to the extent there are remaining questions as to whether the accused product performs a

certain function or a certain step, where the language at issue has not been construed and the witness is a person of ordinary skill in the art, the deposition may be viewed by the jury.  Of course, no questions may be asked concerning a "predetermined database", as that phrase (whether mentioned in the preamble to a claim or as a claim limitation) was construed by the court and these fact witnesses did not have the information necessary to answer any questions in this regard.[1]  For example, with respect to Mr. Bellomo's deposition, the objections on pages 86-88 are sustained; the objections on pages 90-91 are overruled; the objections on page 96 are sustained as to lines 8-9 and lines 14-23 and overruled with respect to the remaining lines; the objections on pages 97, 99 and 101, line 1 are overruled; the objections on pages 101 line 2 through 113, line 4 are sustained; the objections on page 113 line 5 to page 118 are overruled.

IT IS FURTHER ORDERED that all testimony relating to plaintiff's exhibit 5 (the 1989 letter from Ms. Radosevich at HPR to Erisco) shall be stricken.

IT IS FURTHER ORDERED that the remaining objections (and any objections to the redesignated depositions) shall be discussed tomorrow morning starting at 8:30 a.m., for those depositions going forward tomorrow.  Counsel for plaintiff shall email the

---

[1] Upon further reflection, this includes Mr. Jones' testimony at pages 21 to 22 line 2 and at pages 23 line 3 through line 10 and at page 24 lines 11 through line 16.

court and opposing counsel as soon as possible as to which depositions shall be going forward and in what order. Under the unusual circumstances of this case, the court will consider a request by McKesson to require the presence of the 30(b)(6) witnesses either live, through video conferencing or redeposition.

                                              /s/ [signature]
                                              United States District Judge