# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
—
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
302-651-3154
EMAIL ADDRESS
MBARLOW@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 19, 2006

**By Electronic Filing**

The Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, DE 19801

      RE:   *McKesson Information Solutions LLC v. The TriZetto Group, Inc.*,
              C.A. No. 04-1258 (SLR) (D. Del.)

Dear Chief Judge Robinson:

      As McKesson approaches the closing of its case-in-chief on the infringement phase of the jury trial, there are several open issues which we respectfully submit still require the Court's attention:

      1.    <u>Inducing Infringement</u>

      At the beginning of the day yesterday, counsel for The TriZetto Group, Inc. ("TriZetto") asked the Court to decide as a matter of law for this action whether specific intent to infringe is required to state a claim for inducing infringement; and the Court later indicated that it was "leaning towards" TriZetto's position.

      Although the Federal Circuit has acknowledged that there is currently a "lack of clarity" on this issue (*see, e.g., Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1365 n.4 (Fed. Cir. 2006), the Federal Circuit has considered the standard set forth in *Hewlett-Packard* as "the generally applicable intent standard." *MOBA, B.V., v. Diamond Automation, Inc.*, 325 F.3d 1306, 1318 (Fed. Cir. 2003) ("This court defined the generally applicable intent standard in *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468-69 (Fed. Cir. 1990). In *Hewlett-Packard,* this court held that 'proof of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement' under § 271(b)."). Departing from the "generally applicable intent standard" is particularly inappropriate here in view of the substantial prejudice that McKesson will suffer. If the Court requires McKesson to prove that TriZetto specifically

The Honorable Sue L. Robinson
United States District Court
April 19, 2006
Page 2

intended its customers to infringe the '164 patent, a number of things will happen. Among them:

- TriZetto will seek to reintroduce evidence of TriZetto's mental state, notwithstanding the Court's careful instructions that willfulness would not be tried during this phase.

- The admissions from TriZetto's witnesses concerning their opinion about whether TriZetto's products infringed the '164 patent -- questions that this Court previously struck upon sustaining TriZetto's objections -- would now have another basis for relevance. Regardless of whether the witness was competent to testify about specific claim language, if that witness *believed* that the accused TriZetto products infringed, then all of his or her understanding about the patent should come into evidence.

Such a result would undermine every evidentiary reason for trying infringement in a separate phase from willfulness, laches, and estoppel. Adopting the standard proposed by TriZetto on the eve of McKesson closing its case-in-chief would be manifestly unfair, particularly given that it is unnecessary under Federal Circuit authority.

  2. <u>Inventor Testimony</u>

We respectfully request a ruling on whether TriZetto will be permitted to introduce the inventors' testimony into the infringement phase of this action, notwithstanding the clear two-step test for infringement analysis.

  3. <u>TriZetto Calling Ms. Wukitch In Its Case-In-Chief</u>

TriZetto has been unable to provide McKesson with any rationale for it being able to introduce this witness in its case-in-chief. That is because there is no rationale. Ms. Wukitch is a lay witness employed by McKesson and has not been designated to testify on any topics concerning the operation or functionality of the accused products or any other issue regarding whether the accused products infringe. We submit that any testimony would be irrelevant and prejudicial.

  4. <u>Examination of TriZetto's 30(b)(6) Designees In McKesson's Case-In-Chief</u>

McKesson anticipates closing its case-in-chief on Wednesday, April 19 subject to its pending request to examine TriZetto's 30(b)(6) designees on the QicLink and ClaimFacts products, John Danza and Karen Lampe. Upon receiving the Court's April 17

The Honorable Sue L. Robinson
United States District Court
April 19, 2006
Page 3

order that, "under the unusual circumstances of this case, the court will consider a request by McKesson to require the presence of the 30(b)(6) witnesses . . . live[,]" McKesson requested the availability of Mr. Danza and Ms. Lampe to testify live in McKesson's case-in-chief. TriZetto has indicated that these witnesses are unavailable and offered its 30(b)(6) designee on Facets, Craig Luftig, at an undetermined point after April 19. To accommodate TriZetto's witnesses, McKesson is willing to conditionally close its case-in-chief subject to the opportunity to examine Mr. Danza and Ms. Lampe prior to the close of evidence in the infringement phase. Although TriZetto has offered Mr. Luftig to testify regarding the clinical editing aspects of the QicLink and ClaimFacts products for which he was not designated, the testimony of Mr. Danza and Ms. Lampe remains relevant to aspects of TriZetto's indirect infringement.

     5.     The Testimony of Tony Bellomo

Regarding the testimony of Tony Bellomo, McKesson requests that the Court confirm that its rulings regarding the admissibility of testimony regarding claim elements applies equally to Mr. Bellomo's testimony. Moreover, consistent with the Federal Rules of Evidence, McKesson also requests confirmation that it will be entitled to a full and fair opportunity to impeach any non-expert testimony regarding claim elements with the prior sworn testimony of TriZetto's executives, 30(b)(6) designees, and customers regarding those elements.

     6.     Upcoming Trial Presentation

McKesson may play videotaped deposition testimony from the following witnesses: Clifton Jones, Pierson/Drini, Kristen Kemp and Patricia Kepplinger (for which the Court has reviewed and ruled on objections), and Tony Bellomo, Craig Luftig, Jeff Margolis, and John Danza. With respect to a number of these witnesses, McKesson just received TriZetto's objections late last night despite the fact that TriZetto was provided with the depositions before dawn yesterday morning. McKesson is diligently working on preparing the depositions but these efforts have been frustrated by TriZetto's failure to present their objections yesterday after lunch.

McKesson has also asked that TriZetto identify the first witness it intends to call in its case-in-chief, but TriZetto has refused to do so.

                                                      Respectfully submitted,

                                                      Michael A. Barlow (#3928)

The Honorable Sue L. Robinson
United States District Court
April 19, 2006
Page 4

cc:   Jack B. Blumenfeld (By E-Filing)
      Rodger D. Smith II (By E-Filing)
      Jeffrey T. Thomas (By E-Mail)