Appendx A to McKesson's April 22, 2006 Memorandum
<u>Regarding Its Proposed Revisions To The Jury Instructions</u>

THE ASSERTED CLAIMS

Before you can decide whether or not TriZetto has infringed the '164 patent, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of the patent.

The purpose of the claims is to provide notice to the public of what a patent covers and does not cover. The claims are intended to describe, in words, the boundaries of the invention described and illustrated in the patent. The claims define the patent owner's property rights. Infringement is the act of trespassing on those rights. Only the claims of the patent can be infringed. ~~Neither T~~the specification, which is the written description of the invention, ~~nor~~ <u>and</u> the drawings of the patent <u>describe one or more of the ways to practice the invention, sometimes referred to as the inventors' preferred embodiment, but they do not define the invention. Infringement is determined by reference to the claims--not by reference to the specification and drawings.</u>~~can be infringed.~~

The claims of a patent do not have to cover every feature of the patented invention. Each claim is a separate statement of the patented invention and, therefore, each of the asserted claims must be considered individually. To show infringement of the '164 patent, McKesson needs only to establish that one of the asserted claims has been infringed.

A-1

Appendx A to McKesson's April 22, 2006 Memorandum
Regarding Its Proposed Revisions To The Jury Instructions

The three asserted claims are found beginning at column 117, line 2 of McKesson's '164 patent, which is exhibit 1 in evidence.

Appendx A to McKesson's April 22, 2006 Memorandum
Regarding Its Proposed Revisions To The Jury Instructions

LITERAL INFRINGEMENT

McKesson contends that the accused products directly infringe the asserted claims by literally infringing those claims. For an accused product to literally infringe an asserted claim, the subject matter of the claim must be found in the accused product. In other words, an asserted claim is literally infringed if the accused product includes each and every limitation in the patent claim. Literal infringement must be determined with respect to each asserted claim individually by comparing the accused products to each of the asserted claims. If the accused product omits any single limitation recited in a given claim, that product does not literally infringe that claim.

Therefore, in determining whether an accused product literally infringes any asserted claim, you must:

First, determine the scope of the asserted claim by reading the claim language, limitation by limitation, as those limitations have been construed by the court or, if they have not been specifically construed, according to their ordinary meaning.

In applying the ordinary meaning of claim language that the court has not specifically construed, keep in mind that the ordinary meaning that you apply should not be limited to what is described in the specification and figures of the patent. It is the claim language -- not the specification and figures

Appendx A to McKesson's April 22, 2006 Memorandum
Regarding Its Proposed Revisions To The Jury Instructions

<u>-- that defines the invention.  Conversely, the ordinary meaning of the claim language will not exclude the inventors' preferred embodiment(s) described in the specification and drawings -- such an interpretation of the claim language would rarely, if ever, be correct.</u>

   Second, compare the accused product to each of the limitations of the asserted claim.

   . . . .

Appendx A to McKesson's April 22, 2006 Memorandum
Regarding Its Proposed Revisions To The Jury Instructions

CLAIM CONSTRUCTION

It is my duty under the law to define what the patent claims mean. . . .

You are advised that the following definitions for the following terms must be applied:

. . .

5.  "Valid or invalid" shall mean appropriate or inappropriate for payment.

6.  "Ascertaining whether the at least one claim contains a plurality of medical service codes" should be construed consistent with its ordinary meaning.  This element covers any method that performs the recited step and is not limited to the steps illustrated in Figures 2 and 3 of the '164 patent and need not be performed in order to determine if multiple code edits should be checked.

7.  "Determining whether any medical service code in the at least one claim is not present in the predetermined database" should be construed consistent with its ordinary meaning.  This element covers any method that performs the recited step, including the description of the preferred embodiment at column 5, lines 11-15 and Appendix C at columns 51-52:  "… it is determined whether the code entry is valid or invalid by reference to the ALLCODE database 11"; "ALLCODE: Allcode is the file which contains every code …."

Appendx A to McKesson's April 22, 2006 Memorandum
<u>Regarding Its Proposed Revisions To The Jury Instructions</u>

The ~~parties have agreed~~<u>court has decided</u> that the remaining language should be construed consistent with its ordinary meaning.

   . . .

Appendx A to McKesson's April 22, 2006 Memorandum
Regarding Its Proposed Revisions To The Jury Instructions

TIMING OF PATENT FILING AND ISSUANCE IRRELEVANT TO
INFRINGEMENT QUESTION

During the trial, the jury asked the following question: "Is a program performing a function before a patent file date and issue date considered to be infringing even though they perform the same function."

In this case, the answer to that question is "Yes." To explain further, the patent's issue date is October 12, 1993. The patent's effective filing date -- the date when the application was first filed -- is September 30, 1988 (the earliest date under "Related U.S. Application Data). Neither of those dates, nor any testimony concerning when the accused products were developed, is relevant to the question of infringement.

A-7