IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>THE TRIZETTO GROUP, INC.<br><br>               Defendant. | C.A. No. 04-1258-SLR |

**TRIZETTO'S RESPONSE TO MCKESSON'S OFFER OF PROOF (D.I. 347)**

        McKesson's Offer Of Proof For Its Rebuttal Case During The Infringement Phase ("Offer of Proof") (D.I. 347) is virtually incomprehensible. It makes puzzling references to the trial testimony of TriZetto's expert witness on infringement, Dr. Randall Davis, apparently in an effort to convince the Court that it should reverse its April 17, 2006 Memorandum Order (D.I. 340). That Order precludes McKesson from playing deposition testimony of lay witnesses who were improperly asked to opine that TriZetto's accused systems perform the steps of claims 1, 2 and 16 of the '164 Patent.

        McKesson's request is purportedly premised on the fact that Dr. Davis admitted during his trial testimony that TriZetto's systems have a "predetermined database" based on the Court's revised claim construction of that term. Dr. Davis' testimony on this point, however, has nothing to do with whether it is proper to allow lay witness opinion testimony regarding the language of the '164 Patent and its application to the accused systems. It simply makes no sense for McKesson to argue that because Dr. Davis admitted the existence of a certain element, it would be appropriate for McKesson to put in additional evidence about that undisputed element.

It also makes no sense to allow McKesson to introduce this evidence on TriZetto's time, as McKesson suggests in the Offer of Proof. In fact, TriZetto *saved* McKesson time by asserting its objections and preventing McKesson from playing hours of "admissions" which McKesson now says are unnecessary in light of Dr. Davis' testimony.

Moreover, Dr. Davis' testimony should not have come as a surprise to McKesson – TriZetto acknowledged in its opening statement that its products have a "predetermined database." 4/17/06 Tr. at 147. Indeed, TriZetto has never denied that the accused systems have a "predetermined database" since the Court granted McKesson's request for reconsideration of the construction of that term. (D.I. 320). But TriZetto's position on this point and Dr. Davis' testimony has nothing to do with the admissibility of the testimony at issue.

Lay witnesses are limited to offering opinions which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.*" Fed. R. Evid. 701. Given the technical nature of patents in general and the '164 patent in particular, the task of analyzing infringement is a subject for designated experts, not lay witnesses. *See Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004 ("[w]e have . . . noted that 'typically' expert testimony will be necessary in cases involving complex technology"). This is especially true where, as here, the witnesses, with limited exception, had not analyzed the patent prior to their depositions, did not have the Court's construction of the term "predetermined database" or any of the other terms that the Court has construed when they were asked to opine on the '164 Patent's applicability to the accused systems.

In sum, nothing has changed since the Court issued its April 17, 2006 Memorandum Order. (D.I. 340). The Court should not allow opinion testimony from lay witnesses comparing the functions of the accused systems to the language of the '164 Patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, Delaware 19899
(302) 658-9200
Attorneys for Defendant The TriZetto Group, Inc.

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas
David Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA 92614

April 23, 2006

517135

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on April 23, 2006 I electronically filed TriZetto's Response to McKesson's Offer of Proof with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Thomas J. Allingham, II
>Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on April 23, 2006 upon the following in the manner indicated:

### BY HAND

>Thomas J. Allingham, II
>Skadden, Arps, Slate, Meagher & Flom LLP
>One Rodney Square, P.O. Box 636
>Wilmington, DE 19899

>*/s/ Jack B. Blumenfeld*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>jblumenfeld@mnat.com

1