IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 04-1258-SLR |
| THE TRIZETTO GROUP, INC. | |
| Defendant. | |

**THE TRIZETTO GROUP, INC.'S PROPOSED REVISIONS
TO DRAFT JURY INSTRUCTIONS AND VERDICT SHEET**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (No. 1014)
Rodger D. Smith, II (No. 3778)
1201 N. Market Street
Wilmington, Delaware 19899
(302) 658-9200
  Attorneys for Defendant The TriZetto Group, Inc.

Of Counsel:

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas
David Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA  92614

April 23, 2006

In advance of the Charge Conference on the Phase I Jury Instructions (the "Conference"), The TriZetto Group, Inc. ("TriZetto") respectfully proposes the following revisions to the Court's draft jury instructions and proposed jury verdict form.

## I.    PROPOSED REVISIONS TO THE DRAFT JURY INSTRUCTIONS

TriZetto requests that the Court revise its Literal Infringement and Inducing Patent Infringement draft jury instructions to more accurately reflect the evidence of record in the case and the applicable law, as well as avoid an unfair one-sided and prejudicial charge to the jury.[1]  In addition, TriZetto proposes that three instructions – Contributory Infringement, Direct Infringement of a Method Claim, and Patent Assignment – be omitted in their entirety.

TriZetto's reasons for the proposed changes to these instructions are discussed below.   Additionally, proposed redlined versions of the revised instructions are attached as Exhibit A hereto.[2]

### A.    Literal Infringement

As currently drafted, the Court's Literal Infringement instruction appears to address both apparatus and method claims.  Because only method claims are at issue in this trial, however, TriZetto proposes that the Court's instruction be revised to instruct the jury that they must compare the method performed by the accused products with the steps of each of the asserted patent claims.  *See* Exh. A, "Literal Infringement."

---

[1]    As a matter of organization and for clarity, TriZetto also proposes moving the claim construction instruction to before the Court's "Literal Infringement" instruction.

[2]    TriZetto will also submit its proposed revised instructions on a diskette in WordPerfect.

**B.      Inducing Patent Infringement**

TriZetto understands that McKesson is alleging that TriZetto is inducing its customers to infringe the asserted method claims by selling the three accused products to those customers.   Accordingly, TriZetto requests that the Court modify its draft "Inducing Patent Infringement" instruction to reflect McKesson's allegations.   *See* Exh. A, "Inducing Patent Infringement."

**C.      Instructions That Should Not Be Given**

In addition to the revisions set forth above, TriZetto also proposes that the following instructions not be given to the jury:

**1.      Contributory Infringement**

TriZetto submits that McKesson has not put forth any evidence to support its claim of contributory infringement.   Accordingly, there is no basis on the record of this case for the Court to submit the issue of contributory infringement to the jury.

In the event that the Court does submit this issue to the jury, TriZetto proposes that the Court revise its draft "Contributory Infringement" instructions as shown in Exhibit A. TriZetto also requests that the Court instruct the jury that, in determining whether an accused product has substantial non-infringing uses, the jury must consider the entire product, not just the part that is capable of practicing the patented claims. *See Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641, 651 (N.D. Ill. 1994), *aff'd*, 41 F.3d 1520 (Fed. Cir. 1994) (*citing Hodosh v. Block Drug Co.*, 833 F.2d 1575, 1578 (Fed. Cir. 1987)).   When a product as a whole is capable of performing a patented method, but is also capable of substantial non-infringing use independent of the patented method, there is no contributory infringement. *Id.*; *see also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 441 (1984).

### 2. Direct Infringement of a Method Claim

TriZetto believes this instruction regarding method claims is misleading and proposes that this instruction not be given to the jury. This would be the only stand-alone instruction on method claims the jury would receive. It would create the impression that infringement of method claims does not require the same standard of proof as other types of claims. There are many observations of law that could be made about method claims, some of which a jury could construe as pro-patentee and some as pro-defendant. The proposed instruction is only one such observation, but it is clearly slanted in favor of McKesson and it does not address any issue in dispute here. In the event that the Court decides to give this instruction to the jury, TriZetto proposes that the Court include the additional language set forth in Exhibit A.

### 3. Patent Assignment

Because there is no issue in this case regarding the assignment of the patent to McKesson or the participation of the patentees, TriZetto submits that this proposed instruction is misleading and will only lead to juror confusion and unfair prejudice. Accordingly, this instruction should also not be given.

## II. PROPOSED REVISIONS TO THE VERDICT FORM

In the interest of simplifying the verdict form and modifying it to reflect the applicable law, TriZetto also proposes revising the verdict form to require the jury find direct infringement of the patent claim by a third party before it addresses liability by TriZetto under any indirect infringement theory. To this end, a proposed revised verdict form is attached hereto as Exhibit B.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Rodger D. Smith, II (#3778)
1201 N. Market Street
Wilmington, Delaware 19899
(302) 658-9200

Attorneys for Defendant The TriZetto Group, Inc.


Of Counsel:

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas
David Segal
Michael A. Sitzman
Jamboree Center, 4 Park Plaza
Irvine, CA  92614

April 23, 2006


517140

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on April 23, 2006 I electronically filed The TriZetto Group, Inc.'s Proposed Revisions to Draft Jury Instructions and Verdict Sheet with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP

I also certify that copies were caused to be served on April 23, 2006 upon the following in the manner indicated:

### BY HAND

> Thomas J. Allingham, II
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square, P.O. Box 636
> Wilmington, DE  19899

> */s/ Jack B. Blumenfeld*
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> jblumenfeld@mnat.com

1