# EXHIBIT A

**LITERAL INFRINGEMENT**

McKesson contends that the use of the accused products directly infringes the asserted claims by literal infringement. For an accused product to literally infringe an asserted claim, each step of the patent claim must be performed when using the accused product. In other words, an asserted claim is literally infringed if the accused product performs each and every step of a method in a patent claim. Literal infringement must be determined with respect to each asserted claim individually by comparing the method performed by the accused products with each of the asserted claims. If the method performed by the accused products omits any single limitation of the steps recited in a given claim, that product does not literally infringe that claim.

Therefore, in determining whether an accused product literally infringes any asserted claim, you must:

First, determine the scope of the asserted claim by reading the claim language, limitation by limitation, as those limitations have been construed by the court or, if they have not been specifically construed, according to their ordinary meaning in light of the specification.

Second, compare the method performed by the accused products to each of the limitations of the asserted claim.

If you find each and every limitation of the asserted claim is performed by the accused products, then the method literally infringes claim. If you do not find each and every limitation of the asserted claim is performed by the accused products, then the method does not literally infringe that claim.

Remember, the question is whether the method performed by the accused products Facets, ClaimFacts, and QicLink infringe the asserted claims, and not whether the accused products are identical or even similar to a product made by McKesson. Accordingly, you must

**Deleted:** literally infringing these claims.

**Deleted:** the subject matter

**Deleted:** found

**Deleted:** in

**Deleted:** includes

**Deleted:** limitation

**Deleted:** the

**Deleted:** to

**Deleted:** in the

**Deleted:** you must return a verdict of literal infringement as to that

**Deleted:** in any of the

**Deleted:** you must return a verdict of literal infringement.

**Deleted:** any of

**Deleted:** 40225320_1.DOC40225207_1.DOC

be certain to compare the method performed by TriZetto's accused products with the asserted

claims and not with any product made by McKesson. You are instructed as well that a company

may directly infringe a patent without knowledge that what it is doing is an infringement of the

patent. A company may directly infringe even though, in good faith, it believes that what it is

doing is not an infringement of any patent. Knowledge or intent to directly infringe is not

relevant.

**Deleted:** McKesson's products are irrelevant to the infringement issues in this case.¶

**Deleted:** also

**Deleted:** 40225320_1.DOC40225207_2.DOC

*TriZetto objects to this instruction on the grounds that it is misleading and prejudicial.  If the foregoing instruction cannot be deleted, TriZetto proposes adding the following paragraph to the above instruction:*

However, notwithstanding the foregoing, a method claim is directly infringed only when the process is performed.  In order to find infringement, each and every step of the asserted claims of the patent in suit must be practiced as described in the claim.  If even one claim limitation is missing or not met, there is no literal infringement.

Source: *Joy Techs. v. Flakt, Inc.*, 6 F.3d 770 (Fed. Cir. 1993); *NTP, Inc. v. Research in Motion Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005); *MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005).

---

**Deleted:** DIRECT INFRINGEMENT OF METHOD CLAIMS¶
In this case, the asserted claims are what is known as "method" claims.  To infringe method claims, TriZetto's accused products do not need to practice the claimed method at all times.  Put differently, an accused product infringes a method claim even if the product does not always infringe the claimed method when it is used.  As such, an accused product infringes a claimed method even if it performs the steps of the method only during certain times of operation.

**Formatted**

**Formatted**

**Deleted:** 40225320_1.DOC40225207_2.DOC

---

**INDUCING PATENT INFRINGEMENT[1]**

Formatted

A party induces patent infringement if it purposefully causes, urges or encourages another to infringe a patent. Inducing infringement cannot occur unintentionally. This is different from direct infringement which, as I've told you, can occur unintentionally. In order to prove inducement, the patent owner must prove that the accused inducer knew of the patent and encouraged or instructed another person to use a product in a manner that infringes the patent. The patent owner must also prove that the other person infringed the patent. A party can be an inducer even if it thought that what it was encouraging or instructing the other person to do was not an infringement.

Deleted: method

McKesson asserts that TriZetto induced patent infringement. McKesson must prove four things by a preponderance of the evidence:

First, TriZetto encouraged or instructed another person how to use the accused products in a manner that you, the jury, find infringes the '164 patent claims.

Deleted: perform a
Deleted: method

Second, TriZetto knew of the '164 patent.

Third, TriZetto knew or should have known that its encouragement or instructions would likely result in the other person doing that which you find to be an infringement of the '164 patent.

Fourth, the other person infringed the '164 patent.

If, and only if, you are persuaded by the preponderance of the evidence that each of these four things exist, you may find that TriZetto induced patent infringement.

Deleted: of
Deleted: you

---

[1] As the Court is aware, TriZetto objects to this instruction on the grounds that it is inconsistent with *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327 (Fed. Cir. 2003) and *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544 (Fed. Cir. 1990).

Deleted: 40225320_1.DOC40225207_2.DOC

Formatted

## CONTRIBUTORY INFRINGEMENT[2]

Contributory infringement can occur when a supplier sells a product to another for use in a patented method.  In order for there to be contributory infringement, the person who received the product must infringe the patent.  The product must also have certain characteristics.  First, the product must be a material part of the invention.  Second, the product must be especially made or adapted for use in a manner that infringes the patent, and the supplier must know that the product was especially made for that use.  Third, the product must not have a substantial use that does not infringe the patent.  A product that has a number of non-infringing uses is often referred to as a staple or commodity article.  Providing such a staple or commodity article is not contributory infringement, even if the person to whom the article was supplied uses it in an infringing manner.

In this case, McKesson asserts that TriZetto's selling or supplying the accused products constitutes contributory infringement of the asserted claims.  In order to establish that TriZetto has contributorily infringed the asserted claims, McKesson must prove five things by a preponderance of the evidence.  These five things are:

First, TriZetto knew of the patent.

Second, the accused products include a material part of the claimed invention and TriZetto sold or supplied that product.

Third, TriZetto knew that the product was especially made for use in a manner that infringes the asserted claims.

---

[2]  TriZetto objects to submitting this instruction to the jury since McKesson has not put forth any evidence to support its claim of contributory infringement.

Deleted: provides a part, or a component,

Deleted: component

Deleted: component

Deleted: component

Deleted: component

Deleted: component

Deleted: component

Deleted: component

Deleted: is a

Deleted: ing

Deleted: component

Deleted: component

Deleted: component

Deleted: 40225320_1.DOC40225207_2.DOC

Fourth, the product is not a staple or commodity article.

Deleted: component

Fifth, the product was actually used in a manner that you find infringes the '164 patent.

Deleted: component

To determine whether an accused product has substantial non-infringing uses, you must consider the entire product, not just the part that is capable of practicing the patented claims. When a product as a whole is capable of performing a patented method, but is also capable of substantial non-infringing use independent of the patented method, there is no contributory infringement.

Source: *Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641 (N.D. Ill. 1994), *aff'd*, 41 F.3d 1520 (Fed. Cir. 1994); *Hodosh v. Block Drug Co.*, 833 F.2d 1575 (Fed. Cir. 1987); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 441 (1984).

Formatted

Deleted: 40225320_1.DOC40225207_2.DOC

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS
LLC,

              Plaintiff,

      v.

THE TRIZETTO GROUP, INC.

              Defendant.

Civil Action No. 04-1258-SLR

We, the jury, unanimously find as follows:

## DIRECT INFRINGEMENT

1.  Has McKesson proven, by a preponderance of the evidence, that TriZetto is using the accused products in a way that directly infringes claims 1, 2, or 16 of U.S. Patent No. 5,253,164 (the "'164 patent")?[1]

*"Yes" is a finding for McKesson.  "No" is a finding for TriZetto.*

|              | YES | NO |
|--------------|-----|----|
| Claim 1      |     |    |
| Claim 2      |     |    |
| Claim 16     |     |    |

---

[1] TriZetto believes that Questions 1-3 should be consistent in identifying all of the products or none of the products.

**INDIRECT INFRINGEMENT**

2.     Has McKesson proven, by a preponderance of the evidence, that TriZetto's customers have directly infringed an asserted claim of the '164 patent and that TriZetto has actively induced its customers to use its products in a way that directly infringes that asserted claim of the '164 patent?

> Deleted: an

*"Yes" is a finding for McKesson.  "No" is a finding for TriZetto.*

|  | YES | NO |
|---|---|---|
| Claim 1 |  |  |
| Claim 2 |  |  |
| Claim 16 |  |  |

3.     Has McKesson proven, by a preponderance of the evidence, that TriZetto's customers have directly infringed an asserted claim of the '164 patent and that TriZetto has contributed to the infringement of that asserted claim of the '164 patent by selling products it knew were especially made to directly infringe the '164 patent and that the products were not suitable for substantial noninfringing uses?[2]

> Deleted: any

*"Yes" is a finding for McKesson.  "No" is a finding for TriZetto.*

|  | YES | NO |
|---|---|---|
| Claim 1 |  |  |
| Claim 2 |  |  |
| Claim 16 |  |  |

---

[2] TriZetto objects to submitting this interrogatory to the jury since McKesson has not put forth any evidence to support its claim of contributory infringement.

3

Each juror should sign the verdict form to reflect that a unanimous verdict has been reached.

Dated: _____, 2006

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

40225291_1.DOC

4

**Page 2: [1] Deleted**                **Unknown**

| CLAIMFACTS | YES | NO |
|---|---|---|
| Claim 1 | | |
| Claim 2 | | |
| Claim 16 | | |

| QICLINK | YES | NO |
|---|---|---|
| Claim 1 | | |
| Claim 2 | | |
| Claim 16 | | |