**CHARGE TO THE JURY**

**MCKESSON INFORMATION SOLUTIONS LLC.**

**v.**

**THE TRIZETTO GROUP, INC.**

**Civil Action No. 04-1258-SLR**

ROBINSON, C. J.

APRIL 25, 2006

## GENERAL INSTRUCTIONS

### INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every civil case.  Then I will explain some rules that you must use in evaluating particular testimony and evidence.  I will explain the positions of the parties and the law you will apply in this case.  I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

1

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts and decide under the appropriate burden of proof which party should prevail on each of the issues presented. It is my job to instruct you about the law, and about what the claims of the patents mean. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

2

**BURDENS OF PROOF**

This is a civil case in which plaintiff is charging defendant with patent infringement.  Plaintiff has the burden of proving patent infringement by what is called a preponderance of the evidence.  That means that plaintiff has to produce evidence which, when considered in light of all of the facts, leads you to believe that what plaintiff asserts is more likely true than not.  To put it differently, if you were to put plaintiff's and defendant's evidence of infringement on opposite sides of a scale, the evidence supporting plaintiff's assertions would have to make the scales tip somewhat to its side.

3

**EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. None of my comments or questions are evidence. The notes taken by any juror are not evidence.

Certain charts and graphics have been used to illustrate testimony from witnesses. Unless I have specifically admitted them into evidence, these charts and graphics are not themselves evidence even if they refer to or identify evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked or I may have struck things from the record. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not even think

4

about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact. If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

6

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or
the believability, of the witnesses you have seen during the
trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each
witness has given and every matter of evidence which tends to
show whether he or she is worthy of belief. Consider each
witness's intelligence, motive, and state of mind, as well as his
or her demeanor while testifying. Consider the witness's ability
to observe the matters as to which he or she has testified and
whether he or she impresses you as having an accurate
recollection of these matters. Consider also any relation each
witness may bear to each side of the case, the manner in which
each witness might be affected by the verdict, the interest any
witness may have in the verdict, and the extent to which, if at
all, each witness is either supported or contradicted by other
evidence in the case.

Discrepancies in the testimony of different witnesses may,
or may not, cause you to discredit such testimony. Two or more
persons witnessing an incident or transaction may see or hear it
differently. Likewise, the testimony of a witness may be
discredited or impeached by showing that the witness has made an
incorrect statement or has given a prior statement or testimony

8

which is inconsistent with his or her testimony at this trial. It is the province of the jury to determine whether an incorrect statement or prior inconsistent statement discredits the witness's testimony.

But bear in mind that an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

10

## EXPERT WITNESSES

When knowledge of technical subject matter might be helpful to the jury, a person who has special training or experience in that technical field — he or she is called an expert witness — is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to judge the credentials and credibility of the expert witness and decide whether to rely upon his or her testimony.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion in whole or in part.

11

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you through depositions that were read into evidence or played on videotape.   This testimony is entitled to the same consideration you would give it had the witness personally appeared in court. Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence that may be used to prove particular facts.

## THE PARTIES

Plaintiff is McKesson Information Solutions LLC, which I will refer to as "McKesson."

Defendant is The TriZetto Group, Inc., which I will refer to as "TriZetto."

McKesson is the owner of U.S. Patent No. 5,253,164, which I will refer to as the '164 patent.  TriZetto has made, marketed, offered for sale and sold three products that allegedly infringe the '164 patent - Facets, ClaimFacts and QicLink.

13

**PLAINTIFF'S CONTENTIONS**

McKesson contends that TriZetto directly and indirectly infringes claims 1, 2 and 16 of the '164 patent by making, using, selling or offering for sale its Facets, ClaimFacts and QicLink products, collectively referred to as "the accused products." Claims 1, 2 and 16 of the '164 patent will be referred to collectively as "the asserted claims."

14

## DEFENDANT'S CONTENTIONS

TriZetto contends that the accused products do not infringe any of the claims asserted by McKesson.

15

**SUMMARY OF ISSUES**

In this case, you must decide several issues according to the instructions that I shall give you, that is, whether McKesson has proven, by a preponderance of the evidence, that Facets, ClaimFacts and QicLink directly and/or indirectly infringe claims 1, 2 and 16 of the '164 patent.

## PATENT INFRINGEMENT GENERALLY

Patent law provides that a person or business entity infringes a patent if that person or entity makes, uses, offers to sell, or sells, without the patent owner's permission, any product, apparatus, or method legally protected by at least one valid claim of the patent.

A patent owner may enforce its right to exclude others from making, using, offering to sell, or selling the patented invention within the United States by filing a lawsuit for patent infringement. Here, McKesson has alleged that TriZetto's accused products Facets, ClaimFacts, and QicLink infringe one or more of the asserted claims. McKesson has the burden of proving, by a preponderance of the evidence, that TriZetto has infringed at least one of the asserted claims.

There are three ways to infringe a patent. One may: (1) directly infringe a patent; (2) induce others to infringe a patent, in which case the inducer is liable for infringement as well as the direct infringer; or (3) contribute to the infringement of a patent by another by supplying a component specially designed for the patented invention, in which case both the direct infringer and the contributory infringer would be liable for patent infringement. McKesson asserts that TriZetto has engaged in direct infringement, inducement of infringement,

17

and contributory infringement.  I will explain in more detail
each type of infringement.

## THE ASSERTED CLAIMS

Before you can decide whether or not TriZetto has infringed the '164 patent, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of the patent.

The purpose of the claims is to provide notice to the public of what a patent covers and does not cover. The claims are intended to describe, in words, the boundaries of the invention described and illustrated in the patent. The claims define the patent owner's property rights. Infringement is the act of trespassing on those rights. Only the claims of the patent can be infringed. Neither the specification, which is the written description of the invention, nor the drawings of the patent can be infringed.

The claims of a patent do not have to cover every feature of the patented invention. Each claim is a separate statement of the patented invention and, therefore, each of the asserted claims must be considered individually. To show infringement of the '164 patent, McKesson needs only to establish that one of the asserted claims has been infringed.

The three asserted claims are found beginning at column 117, line 2 of McKesson's '164 patent, which is exhibit 1 in evidence.

19

## DIRECT INFRINGEMENT

McKesson contends that the use of the accused products directly infringe the asserted claims by literal infringement. In this case, the asserted claims are "method" claims.  For an accused product to literally infringe a method claim, each step of the claim must be performed when using the accused product. In other words, an asserted claim is literally infringed if the accused product performs each and every step of the claimed method.  Literal infringement must be determined with respect to each asserted claim individually by comparing the method performed by the accused products with each of the asserted claims.  If the method performed by the accused products omits any single limitation of the steps recited in a given claim, that product does not literally infringe that claim.

Keep in mind, however, that to infringe method claims, the accused products do not need to practice the claimed method at all times.  Put differently, an accused product infringes a method claim even if the product does not always infringe the claimed method when it is used.  As such, an accused product infringes a claimed method even if it performs the steps of the method only during certain times of operation.

Therefore, in determining whether an accused product

20

literally infringes any asserted claim, you must:

First, determine the scope of the asserted claim by reading the claim language, limitation by limitation, as those limitations have been construed by the court or, if they have not been specifically construed, according to their ordinary meaning.

Second, compare the method performed by the accused products to each of the limitations of the steps recited in a given claim.

If you find each and every limitation of an asserted claim is performed in the accused products, you must return a verdict of literal infringement as to that claim. If you do not find each and every limitation of the asserted claim is performed by any of the accused products, you must not return a verdict of literal infringement.

Remember, the question is whether the method performed by the accused products Facets, ClaimFacts, and QicLink infringe any of the asserted claims, and not whether the accused products are identical or even similar to a product made by McKesson. Accordingly, you must be certain to compare the method performed by the accused products with the asserted claims and not with any product made by McKesson. McKesson's products are irrelevant to the infringement issues in this case.

You are instructed as well that a company may directly infringe a patent without knowledge that what it is doing is an infringement of the patent. A company may also directly infringe

21

even though, in good faith, it believes that what it is doing is
not an infringement of any patent.  Knowledge or intent to
directly infringe is not relevant.

## INDIRECT INFRINGEMENT

As I have told you, in addition to enforcing a patent against a direct infringer, a patent owner may also enforce the patent against indirect infringers.  There are two types of indirect infringement--inducing infringement and contributory infringement.  The act of encouraging or inducing others to infringe a patent is called "inducing infringement."  The act of contributing to the infringement of others by, for example, supplying them with components used in the patented invention is called "contributory infringement."

There can be no indirect infringement unless someone is directly infringing the patent.  Thus, in order to prove that TriZetto is inducing another person to infringe or contributing to the infringement of another, McKesson must prove, by a preponderance of the evidence, that the other person is directly infringing at least one asserted claim.

23

## INDUCING PATENT INFRINGEMENT

A party induces patent infringement if it purposefully causes, urges or encourages another to infringe a patent. Inducing infringement cannot occur unintentionally. This is different from direct infringement which, as I've told you, can occur unintentionally. In order to prove inducement, the patent owner must prove that the accused inducer knew of the patent and encouraged or instructed another person to use a method in a manner that infringes the patent. The patent owner must also prove that the other person infringed the patent. A party can be an inducer even if it thought that what it was encouraging or instructing the other person to do was not an infringement.

McKesson asserts that TriZetto induced patent infringement. McKesson must prove four things by a preponderance of the evidence:

First, TriZetto encouraged or instructed another person how to perform a method in a manner that you, the jury, find infringes the '164 patent claims.

Second, TriZetto knew of the '164 patent.

Third, TriZetto knew or should have known that its encouragement or instructions would likely result in the other person doing that which you find to be an infringement of the '164 patent.

24

Fourth, the other person infringed the '164 patent.

If, and only if, you are persuaded of each of these four things may you find that TriZetto induced patent infringement.

## CONTRIBUTORY INFRINGEMENT

Contributory infringement can occur when a supplier provides a product to another for use in a patented method. In order for there to be contributory infringement, the person who received the product must infringe the patent. The product must also have certain characteristics. First, the product must be a material part of the invention. Second, the product must be especially made or adapted for use in a manner that infringes the patent, and the supplier must know that the product was especially made for that use. Third, the product must not have a substantial use that does not infringe the patent. A product that has a number of non-infringing uses is often referred to as a staple or commodity article. Providing such a staple or commodity article is not contributory infringement, even if the person to whom the article was supplied uses it in an infringing manner.

In this case, McKesson has accused TriZetto's Facets, ClaimFacts and QicLink products of infringing the asserted claims. Each of the accused products includes a clinical editing component. In order to establish that TriZetto has contributorily infringed the asserted claims, McKesson must prove five things by a preponderance of the evidence. These five things are:

First, TriZetto knew of the patent.

26

Second, the accused products include a material component of the claimed invention and TriZetto sold or supplied those products.

Third, TriZetto knew that the products were especially made for use in a manner that infringes the asserted claims.

Fourth, the products are not staple or commodity articles.

Fifth, the products were actually used in a manner that you find infringe the '164 patent.

To determine whether an accused product has substantial non-infringing uses, you must consider the entire product, not just the component that is capable of practicing the patented claims. When a product as a whole is capable of performing a patented method, but is also capable of substantial non-infringing use independent of the patented method, there is no contributory infringement.

27

## OPEN ENDED OR "COMPRISING" CLAIMS

The preambles to the asserted claims use the transitional phrase "comprise" or "comprising." The phrase "comprising" is interpreted the same as "including" or "containing." In patent claims, comprising means that the claims are open-ended. As such, the claim is not limited to only what is in the claim. Based on this explanation, if you find that the accused products perform all of the method steps in any of the asserted claims, the fact that they may also include additional method steps is irrelevant. The presence of additional method steps in the accused products does not mean that the products do not infringe an asserted claim.

## CLAIM CONSTRUCTION

It is my duty under the law to define what the patent claims mean. I have made my determination on the meaning of the disputed language in each asserted claim, consistent with how the language would have been understood by one of ordinary skill in the art in 1988 when the application for the '164 patent was filed.

You are advised that the following definitions for the following terms must be applied:

1. "Predetermined database" means a set of decision-making rules that incorporate a medical code classification system and expert medical clinical judgment.

2. "Medical service code" means a code representing a particular medical service or procedure, e.g., CPT-4 codes, CVS codes, and similar medical service or procedure codes.

3. "A set of relationships among the medical service codes defining whether selected medical service codes are valid when input with other selected ones of the medical service codes" means a set of relationships specifying that if two or more particular medical service codes are input together as part of the same claim, then one or more of the input medical service codes are appropriate for payment.

4. "Means for operating on a predetermined database" has

the function of operating on a predetermined database and the corresponding structure has data processing capabilities, memory and software capable of managing a database.

5.   "Valid or invalid" means appropriate or inappropriate for payment

The parties have agreed that the remaining language should be construed consistent with its ordinary meaning.

30

## PATENT ASSIGNMENT

McKesson, as assignee of the '164 patent, is entitled to conduct prosecution of this patent to the exclusion of the inventors.

## TIMING OF PATENT FILING AND ISSUANCE IRRELEVANT TO
## INFRINGEMENT QUESTION

During the trial, the jury asked the following question:
"Is a program performing a function before a patent file date and
issue date considered to be infringing even though they perform
the same function."

In this case, the answer to that question is "Yes."

To explain further, the patent's issue date is October 12,
1993.  The patent's effective filing date -- the date when the
application was first filed -- is September 30, 1988 (the
earliest date under Related U.S. Application Data).  Neither of
those dates, nor any testimony concerning when the accused
products were developed, is relevant to the question of
infringement.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that - your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any member of the jury took notes, let me remind you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes

33

of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

We generally end our business day at 4:30. If we do not hear from you by 4:30, I will be sending a note into you to see whether you are close enough to a verdict to want to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations on the next business day. You will need to respond in writing to that question.

I am going to remind you now, if you go home this evening and resume your deliberations on another day, you are not to talk about the case among yourselves or with anyone else during the evening recess. You are only supposed to talk about the case while you all are in the jury room.

So if you do not reach a verdict today, keep these instruction in mind during the evening recess. Unless I hear from you that you want a different schedule, I will expect you all to come back at 9:30 in the morning of the next business day. You are not to start deliberating until you are all present in the jury room and participating together.

Because the lawyers have to make themselves available to

34

respond to questions or receive the verdict, I generally give them between 1:00 and 2:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 1:00 and 2:00, you probably will not get an answer back right away because we are all going to be stepping away from our phones for a few minutes.

## DELIBERATIONS

Once you start deliberating, do not talk to the jury
officer, or to me, or to anyone else except each other about the
case.  If you have any questions or messages, you must write them
down on a piece of paper, sign them, and then give them to the
jury officer.  The officer will give them to me, and I will
respond as soon as I can.  I will have to talk to the lawyers
about what you have asked, so it may take me some time to get
back to you.  Any questions or messages normally should be sent
to me through your foreperson, who by custom of this court is the
juror seated in the first seat, first row.

One more thing about messages.  Do not ever write down or
tell anyone how you stand on your vote.  For example, do not
write down or tell anyone that you are split 4-4 or 6-2, whatever
your vote happens to be.  That should stay secret until you are
finished.

36

## UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  The verdict form asks you a series of questions.  Unless you are directed otherwise in the form, you must answer all of the questions posed and you all must agree on each answer.  You will take this form to the jury room and when you have reached unanimous agreement as

37

to your verdict, you will return your verdict to the courtroom
deputy.

It is proper to add the caution that nothing said in these
instructions and nothing in the form of verdict is meant to
suggest or convey in any way or manner what verdict I think you
should find.  What the verdict shall be is the sole and exclusive
duty and responsibility of the jury.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.