IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS,
LLC,

        Plaintiff,

    v.

THE TRIZETTO GROUP, INC.,

        Defendant.

Civil Action No. 04-1258 SLR

## THE TRIZETTO GROUP, INC.'S FOURTH SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 6 AND FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 21

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant The TriZetto Group, Inc. ("TriZetto") hereby provides the following fourth supplemental response and objections to plaintiff McKesson Information Solutions, LLC's ("McKesson") Interrogatory No. 6 ("Interrogatory No. 6") and first supplemental response and objections to McKesson's Interrogatory No. 21 ("Interrogatory No. 21"). Interrogatory No. 6 was propounded in McKesson's First Set of Interrogatories ("First Set") and Interrogatory No. 21 was propounded in McKesson's Second Set of Interrogatories ("Second Set") (collectively, the "Interrogatories").

### GENERAL OBJECTIONS

1.     TriZetto has not concluded its investigation of the facts relating to this case, formal discovery, or preparation for trial. For that reason, TriZetto's responses to the Interrogatories may be incomplete. Moreover, there is a possibility that upon further investigation, certain details set forth in the responses may be altered or amended. These responses represent TriZetto's reasonable efforts to provide the information requested based upon documents or information in its possession, custody, or control, and based upon its current knowledge. TriZetto reserves its right to produce evidence of any subsequently discovered facts

and documents, and to alter or amend its factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

2.    TriZetto objects to McKesson's definition of the term "TriZetto" on the grounds that such definition is overbroad, unduly burdensome, vague, ambiguous, and causes the Interrogatories to seek information that is not relevant to the claims, defenses or subject matter of this litigation. As such, TriZetto will interpret "TriZetto" to include The TriZetto Group, Inc. and its present or former officers, directors and employees.

3.    TriZetto further objects to McKesson's "Definitions" to the extent that they attempt to place burdens upon TriZetto beyond those required by Rule 33 of the Federal Rules of Civil Procedure. TriZetto will not comply with any "Definitions" that attempt to impose obligations upon TriZetto not required by Rule 33.

4.    TriZetto objects to the Interrogatories to the extent that they request information protected from disclosure by any privilege, including the attorney-client privilege or the work product doctrine. TriZetto and its counsel hereby assert such privileges.

5.    TriZetto objects to each Interrogatory to the extent it seeks information not in TriZetto's possession, custody, or control on the grounds that it is unduly burdensome and oppressive.

6.    To the extent that any Interrogatory calls for information already in the possession of McKesson or its counsel, TriZetto objects on the grounds that the Interrogatory is unnecessary, unduly burdensome and oppressive, and constitutes annoyance, harassment, and oppression of TriZetto.

7.    TriZetto objects to these Interrogatories to the extent that they seek information concerning any party or third party which is subject to the right of privacy of that party as guaranteed by the United States Constitution, any applicable state constitution, or any combination of the foregoing.

8.    TriZetto will make reasonable efforts to respond to each Interrogatory, to the extent that no objection is made, as TriZetto understands and interprets the Interrogatory. If

2

McKesson subsequently asserts an interpretation of any Interrogatory that differs from that of TriZetto, TriZetto reserves the right to supplement its objections and responses.

      9.      Without waiving any of the foregoing general objections, TriZetto responds to the Interrogatories, subject to the following additional express reservation of rights:

      a.      The right to object on any ground whatsoever to the admission into evidence or other use of any Interrogatory Responses in any subsequent step or proceeding in this action or any other action;

      b.      The right to object on any and all grounds, at any time, to any other discovery requests or other discovery procedures involving or relating to the subject matter of these Interrogatories; and

      c.      The right at any time to revise, correct, add to or clarify any of the responses propounded herein.

The foregoing general objections and qualifications shall be deemed incorporated in full in the Responses to each specific Interrogatory set forth below.

**SUPPLEMENTAL RESPONSES**

**INTERROGATORY NO. 6:**

State in complete detail each and every basis for your assertion that the claims of the '164 patent are invalid under 35 U.S.C. §§ 102 or 103. Your response should, without limitation: identify each prior art reference you contend anticipates any claim of the '164 patent under 35 U.S.C. § 102 and each prior art reference or combination of references you contend renders any claim of the '164 patent obvious under 35 U.S.C. § 103; state in complete detail, by means of a claim chart, where TriZetto contends each limitation of any allegedly invalid claim of the '164 patent is disclosed by each reference or combination of references; and state in complete detail the basis for TriZetto's assertion that one of ordinary skill in the art at the time of the '164 patent's invention would have been motivated to combine or modify any prior art reference or combination of references TriZetto contends is invalidating under 35 U.S.C. § 103.

**RESPONSE TO INTERROGATORY NO. 6: (January 20, 2005)**

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto objects to this interrogatory as overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The interrogatory purports to require TriZetto to provide a claim construction for every term of every claim in the '164 patent in the context of providing TriZetto's invalidity contentions. To date, McKesson has not identified which claims of the '164 patent it is asserting, thus requiring TriZetto to state its claim construction and invalidity contentions for every claim of the '164 patent is unreasonable.

TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a privilege log in accordance with the Federal Rules of Civil Procedure at a future date.

TriZetto objects to this interrogatory on the grounds that it contains multiple sub-parts and purports to require TriZetto to respond to several different interrogatories through the use of sub-parts.

TriZetto objects on the basis that discovery and investigation are on-going and it continues to gather evidence which may affect its answer to this interrogatory. Thus, TriZetto reserves the right to amend, modify or add to its response to this interrogatory during the course of this lawsuit.

Subject to these objections, and TriZetto's General Objections, which are incorporated herein, TriZetto will produce copies of all invalidating prior art of which it is currently aware, or becomes aware, and that it will provide a claim construction chart setting forth its invalidity contentions at the appropriate time required by the Court's Scheduling Order.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6: (May 5, 2005)**

TriZetto reasserts and reincorporates by reference herein its previous response to Interrogatory No. 6, and the general objections set forth above. Additionally, claim construction

4

in this action has not occurred, and discovery has only just begun with no depositions having been conducted to date.  The information contained in this response is based on information that is reasonably available to TriZetto at the present time.  TriZetto's identification of prior art is as specific as is possible at this time.  Accordingly, TriZetto reserves the right to supplement, amend and augment its response to this interrogatory as new, additional and different information is learned and discovered and when the claims at issue are construed by the Court.  Subject to and without waiving those objections, TriZetto supplements its previous response as follows:

First, the claims of the '164 patent are invalid and unenforceable against TriZetto because at least three references cited by the patent examiner during prosecution of the '164 patent and 23 additional prior art references together completely disclose and describe the apparatus and methods claimed and described by the '164 patent, rendering the patent invalid as either anticipated or obvious under 35 U.S.C. §§ 102 & 103.  Set forth below is a chart of the prior art references that TriZetto presently contends anticipate one or more claims of the patent in suit or render one or more claims obvious.

| | | |
|---|---|---|
| 1. | *System validates medical fee schedules*, Best Review: Life/Health, June 1987, 92 | Anticipates/Renders Obvious |
| 2. | Weitzel, J.R., et al., *A Company / University Joint Venture to build a knowledge-based system*, MIS Quarterly, Vol. 12, No. 1, March 1988, 23-34 | Anticipates/Renders Obvious |
| 3. | Kerschberg, L. "A Proposal for the Development of an Expert System for Medical Claims Processing: MEDCLAIM," Institute of Information Management, Technology and Policy, College of Business Administration, University of South Carolina, Columbia, SC, (July 1985). | Anticipates/Renders Obvious |
| 4. | Weitzel, J.R. and Kerschberg, L. "Developing Knowledge-Based Systems: Reorganizing the System Development Life Cycle," working paper, University of South Carolina, Columbia, SC and George Mason University, Fairfax, VA (December 1986). | Renders Obvious |

| | | |
|---|---|---|
| 5. | Ronald Hurst, *Cost Containment - The Caterpillar Experience*, The Psychiatric Hospital, vol. 13, no. 3 (1982). | Renders Obvious |
| 6. | Egdahl, M.D. and Hertenstein, M.D., *An Access-oriented Negotiated Fee Schedule: The Caterpillar Experience*, Ann Surg., 206(3), pp. 349-57 (Sept. 1987). | Renders Obvious |
| 7. | Bauer JW, Cassidy TG, DeBord JR, Hart RD, Lee RH, Maher JE, Montgomery CE, Neufeld GK, Rivan RJ, Soderstrom CW, et al., Related Articles, *An access oriented negotiated fee schedule: the Caterpillar experience*, Ann Surg., 208(5), pp. 667-8 (Nov. 1988). | Renders Obvious |
| 8. | Waterman, Donald A. (The Rand Corporation), *A Guide to Expert Systems*, Addison-Wesley Publishing, Inc.,(1985). | Renders Obvious |
| 9. | McDermott, John, *Artificial Intelligence Applications for Business: Building Expert Systems*, Proceedings of the NYU Symposium (May 1983). | Renders Obvious |
| 10. | Gerson, Elihu and Star, Susan Leigh, *Analyzing Due Process in the Workplace, ACM Transactions on Office Information systems*, vol. 4, no. 3 (July 1986). | Renders Obvious |
| 11. | Hayes-Roth, Frederick, *et. al., Building Expert Systems: An Overview of Expert Systems*, Addison Wesley Publishing, Inc. (1985). | Renders Obvious |
| 12. | Taylor, Edward, *Developing A Knowledge Engineering Capability in the TRW Defense Systems: Group*, The AI Magazine (Summer 1985) | Renders Obvious |
| 13. | Bobrow, Daniel, *et. al., Expert Systems: Perils and Promise*, Computing Practices, Communications of the ACM, vol. 29, no. 9 (Sept. 1986) | Renders Obvious |
| 14. | Genesereth, Michael, Ginsberg, Matthew, *Logic Programming*, Communications of the ACM, vol. 28, no. 9 (Sept. 1985). | Renders Obvious |
| 15. | Yasdi, Ramin, *Modeling Database Based Expert Systems at the Conceptual Level*, Proceedings of the 1985 ACM Computer Science Conference (March 1985). | Renders Obvious |

| | | |
|---|---|---|
| 16. | Colmerauer, Alain, *Prolog in 10 Figures*, Communications of the ACM, vol. 28, no. 12 (Dec. 1985). | Renders Obvious |
| 17. | Hayes-Roth, Frederick, *Rule-Based Systems*, Communications of the ACM, vol. 28, no. 9 (Sept. 1985). | Renders Obvious |
| 18. | Weitzel, J.R. and Kerschberg, L. *A System Development Methodology for Knowledge-Based Systems*, IEEE Transactions on Systems, Man and Cybernetics, vol. 19, no. 3 (May/June 1989). | Renders Obvious |
| 19. | Winston, Patrick H., Prendergast, Karen A., *The AI Business: The Commercial Uses of Artificial Intelligence*, The MIT Press (1984) | Renders Obvious |
| 20. | Mack, Barbara, *A Prescription for Cutting Corporate Health Expenses*, Wall Street Journal (Jul. 18, 1983). | Renders Obvious |
| 21. | U.S. Pat. No. 4,591,983, issued May 27, 1986 (Bennett patent) | Anticipates/Renders Obvious |
| 22. | U.S. Pat. No. 4,667,292, issued May 19, 1987 (Mohlenbrock patent) | Anticipates/Renders Obvious |
| 23. | U.S. Pat. No. 5,018,067, issued May 21, 1991 (Mohlenbrock 2 patent) | Renders Obvious |
| 24. | U.S. Pat. No. 5,070,452, issued Dec. 3, 1991 (Doyle patent) | Renders Obvious |
| 25. | U.S. Pat. No. 4,803,641, issued Feb. 7, 1989 (Hardy patent) | Renders Obvious |
| 26. | Jap. Appl. No. 55-107352, entitled " Medical business system," published Feb. 24, 1982 (Yoshikuni App.) | Anticipates/Renders Obvious |

In addition, the following references in combination with those cited and referenced above render one or more claims of the '164 patent obvious.

1.  Marva J. Crouff, *Automating Claims Processing*, Insurance Software Review, Autumn 1988, pp. 52, 54.

2.  *Enhancing Accuracy and Timeliness is Integral to the Claims Adjudication Process*, Employee Benefit Plan Review, Anonymous, Dec. 1985, pp. 10-12.

3.  *Expert System identifies miscoded health claims*, Bests Review: Life/Health, November 1990,60

4.      *Claims editing software runs coding rule checks*, Bests Review: Life/Health, November 1990, 62

5.      Woolsey, C., *Employer spots inflated medical bills*, Business Insurance, June 25, 1990, 3

6.      Leary, E., *SSA applies expertise to develop expert systems (Spotlight on AI-expert systems, Social Security Administration)*, Government Computer News, Vol. 6, No. 17, August 28, 1987, 49(3)

7.      Beard, P., *Blue Cross develops insurance claim ES*, AIWeek, Vol. 6, No. 7, April 1, 1989, 3

8.      Sullivan-Trainor, M., *Catching new clients*, Computerworld, Vol. 21, No. 50, December 14, 1987, 95, 99

9.      Snyeder, C., *From research to reality: the leading edge of expert systems*, Insurance Software Review, Vol. 12, No. 3, Autumn 1987, 22-4, 26-7, 30

10.    Christensen, J., *Insuring*, High Technology Business, Vol. 8, No. 10, October 1988, 47-8

11.    *Expert Systems In the Insurance Industry: 1987 Survey Report Update*, Coopers and Lybrand, 1987

12.    Pallatto, J., *Expert system cures the blues (Blue Cross develops insurance claims analysis system NERSys)*, PC Week, Vol. 5, No. 50, December 12, 1988, 35, 44.

13.    Gladwell, Malcolm, *Computer Firm Finds the Link for Health Care*, Washington Business, December 5, 1988, 5-6

14.    Freudenheim, Milt, *Insurers vs. Doctors: A Software Battleground*, New York Times (Nov. 15, 1989)

15.    Riordan, Teresa, *Patents: A software-technology infringement case against Microsoft goes to trial in Federal Court*, New York Times (Jan. 24, 1994).

16.    U.S. Pat. No. 4,858,121, issued Aug. 15, 1989 (Barber patent)

17.    U.S. Pat. No. 4,658,370, issued Apr. 14, 1987 (Erman patent)

<u>Second</u>, the '164 patent is invalid under 35 U.S.C. § 102(b), because the CodeReview product from McKesson's predecessor in interest was in public use and/or on-sale more than one year prior to the date that the priority application was filed. This is evidenced by at least the following publicly available references: (1) U.S. Trademark No. 1,624,579, registered November

27, 1990 (CodeReview Mark); and (2) Bhide, Amar and Mohan, Brian, *Marcia Radosevich and Health Payment Review: 1989(A)*, Harvard Business School, 9-394-204 (Feb. 1999). Additional documents produced by McKesson reveal that prior to the CodeReview product being finalized, a "prototype" was being sold, offered for sale and/or given away to customers and prospects well before the priority application was filed.

Third, the '164 patent is invalid under 35 U.S.C. §§ 102(a) & 102(g), insofar as the invention disclosed and claimed therein was made by others and in use by others prior to the date of invention for the '164 patent. Specifically, Medical C Schedule and Audit System and MediStar from Insurance Software Packages, Inc., and Code Advisor and ClaimCheck from Gabrieli Medical Information Systems, Inc. These systems were used and offered for sale by others before the date of invention of the '164 patent.

Fourth, the '164 patent is invalid under 35 U.S.C. § 102(f). The invention described, disclosed and claimed in the '164 patent was not conceived by the inventors listed in the patent. The claims of the '164 patent each describe and claim a "computer system" that depends upon and interacts with a "predetermined database stored in the associated memory." TriZetto is informed and believes that the named inventors lacked sufficient knowledge and detail so as to conceive and/or reduce to practice a "predetermined database stored in the associated memory." Others, who were not identified in the patent were the persons who conceived and reduced this invention to practice.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6: (June 20, 2005)

TriZetto reasserts and reincorporates by reference herein its responses to Interrogatory No. 6 from January 20, 2005 and May 5, 2005, except for the lists of prior art references from the May 5, 2005 supplemental response, which are superseded by the list of prior art references in this response. TriZetto also reasserts and reincorporates by reference herein the general objections set forth above.

Claim construction in this action has not occurred, and discovery has only just begun with no depositions having been conducted to date. The information contained in this response is

9

based on information that is reasonably available to TriZetto at the present time. TriZetto's identification of prior art is as specific as is possible at this time. Accordingly, TriZetto reserves the right to supplement, amend and augment its response to this interrogatory as new, additional and different information is learned and discovered and when the claims at issue are construed by the Court. Subject to and without waiving those objections, TriZetto supplements its previous response as follows:

Claims 1, 2, 3, 4, 6, 9, 10, 11, 12, 13 and 14 of the '164 patent, which McKesson accuses TriZetto of infringing, are invalid and unenforceable against TriZetto because at least 15 references cited in the '164 patent and 71 additional prior art references together completely disclose and describe the apparatus and methods claimed and described in the asserted claims of the '164 patent, rendering the patent invalid as either anticipated or obvious under 35 U.S.C. § § 102 & 103. Set forth below is a chart of the prior art references that TriZetto presently contends anticipate one or more claims of the patent in suit or render one or more claims obvious. This chart supersedes the lists of prior art references provided in TriZetto's May 5, 2005 supplemental response.

| | | |
|---|---|---|
| 1. | Marva J. Crouff, *Automating Claims Processing*, Insurance Software Review, Autumn 1988, pp. 52, 54. | Renders Obvious |
| 2. | *Enhancing Accuracy and Timeliness is Integral to the Claims Adjudication Process*, Employee Benefit Plan Review, Anonymous, Dec. 1985, pp. 10-12. | Renders Obvious |
| 3. | Healthstar, Health Benefits Management System, Product Description, v. 1.024 (Insurance Software Packages, Inc.) | Renders Obvious |
| 4. | *System validates medical fee schedules*, Best Review: Life/Health, June 1987, 92 [Insurance Software Packages, Inc. Medical C Schedule and Audit System] | Anticipates/Renders Obvious |
| 5. | *Expert System identifies miscoded health claims*, Bests Review: Life/Health, November 1990,6&) | Renders Obvious |

10

| 6. | *Claims editing software runs coding rule checks*, Bests Review: Life/Health, November 1990, 62 | Renders Obvious |
|---|---|---|
| 7. | Woolsey, C., *Employer spots inflated medical bills*, Business Insurance, June 25, 1990, 3 | Renders Obvious |
| 8. | Weitzel, J.R., et al., *A Company / University Joint Venture to build a knowledge-based system*, MIS Quarterly, Vol. 12, No. 1, March 1988, 23-34 | Anticipates/Renders Obvious |
| 9. | Leary, E., *SSA applies expertise to develop expert systems (Spotlight on AI-expert systems, Social Security Administration)*, Government Computer News, Vol. 6, No. 17, August 28, 1987, 49(3) | Renders Obvious |
| 10. | Beard, P., *Blue Cross develops insurance claim ES*, AIWeek, Vol. 6, No. 7, April 1, 1989, 3 | Renders Obvious |
| 11. | Sullivan-Trainor, M., *Catching new clients*, Computerworld, Vol. 21, No. 50, December 14, 1987, 95, 99 | Renders Obvious |
| 12. | Snyeder, C., *From research to reality: the leading edge of expert systems*, Insurance Software Review, Vol. 12, No. 3, Autumn 1987, 22-4, 26-7, 30 | Renders Obvious |
| 13. | Christensen, J., *Insuring*, High Technology Business, Vol. 8, No. 10, October 1988, 47-8 | Renders Obvious |
| 14. | *Expert Systems In the Insurance Industry: 1987 Survey Report Update*, Coopers and Lybrand, 1987 | Renders Obvious |
| 15. | Pallatto, J., *Expert system cures the blues (Blue Cross develops insurance claims analysis system NERSys)*, PC Week, Vol. 5, No. 50, December 12, 1988, 35, 44. | Renders Obvious |
| 16. | Gladwell, Malcolm, *Computer Firm Finds the Link for Health Care*, Washington Business, December 5, 1988, 5-6 | Renders Obvious |
| 17. | Kerschberg, L., "A Proposal for the Development of an Expert System for Medical Claims Processing: MEDCLAIM," Institute of Information Management, Technology and Policy, College of Business Administration, University of South Carolina, Columbia, SC, (July 1985). | Anticipates/Renders Obvious |

| 18. | Weitzel, J.R. and Kerschberg, L., "Developing Knowledge-Based Systems: Reorganizing the System Development Life Cycle," working paper, University of South Carolina, Columbia, SC and George Mason University, Fairfax, VA (December 1986). Final Publication, April 1989 in Communications of the ACM, Vol. 32, No. 4. | Renders Obvious |
|---|---|---|
| 19. | Ronald Hurst, *Cost Containment - The Caterpillar Experience*, The Psychiatric Hospital, vol. 13, no. 3 (1982). | Renders Obvious |
| 20. | Egdahl, M.D. and Hertenstein, M.D., *An Access-oriented Negotiated Fee Schedule: The Caterpillar Experience*, Ann Surg., 206(3), pp. 349-57 (Sept. 1987). | Anticipates/Render Obvious |
| 21. | Bauer JW, Cassidy TG, DeBord JR, Hart RD, Lee RH, Maher JE, Montgomery CE, Neufeld GK, Rivan RJ, Soderstrom CW, et al., Related Articles, *An access-oriented negotiated fee schedule: the Caterpillar experience*, Ann Surg., 208(5), pp. 667-8 (Nov. 1988). | Renders Obvious |
| 22. | Waterman, Donald A. (The Rand Corporation), *A Guide to Expert Systems*, Addison-Wesley Publishing, Inc. (1985). | Renders Obvious |
| 23. | McDermott, John, *Artificial Intelligence Applications for Business: Building Expert Systems*, Proceedings of the NYU Symposium (May 1983). | Renders Obvious |
| 24. | Gerson, Elihu and Star, Susan Leigh, *Analyzing Due Process in the Workplace*, ACM Transactions on Office Information systems, vol. 4, no. 3 (July 1986). | Renders Obvious |
| 25. | Hayes-Roth, Frederick, *et. al., Building Expert Systems: An Overview of Expert Systems*, Addison-Wesley Publishing, Inc. (1985). | Renders Obvious |
| 26. | Taylor, Edward, *Developing A Knowledge Engineering Capability in the TRW Defense Systems Group*, The AI Magazine (Summer 1985) | Renders Obvious |
| 27. | Bobrow, Daniel, *et. al., Expert Systems: Perils and Promise*, Computing Practices, Communications of the ACM, vol. 29, no. 9 (Sept. 1986) | Renders Obvious |

| 28. | Bhide, Amar and Mohan, Brian, *Marcia Radosevich and Health Payment Review: 1989(A)*, Harvard Business School, 9-394-204 (Feb. 1999) | Renders Obvious |
|---|---|---|
| 29. | Genesereth, Michael, Ginsberg, Matthew, *Logic Programming*, Communications of the ACM, vol. 28, no. 9 (Sept. 1985). | Renders Obvious |
| 30. | Yasdi, Ramin, *Modeling Database Based Expert Systems at the Conceptual Level*, Proceedings of the 1985 ACM Computer Science Conference (March 1985). | Renders Obvious |
| 31. | Freudenheim, Milt, *Insurers vs. Doctors: A Software Battleground*, New York Times (Nov. 15, 1989) | Renders Obvious |
| 32. | Riordan, Teresa, *Patents: A software-technology infringement case against Microsoft goes to trial in Federal Court*, New York Times (Jan. 24, 1994). | Renders Obvious |
| 33. | Colmerauer, Alain, *Prolog in 10 Figures*, Communications of the ACM, vol. 28, no. 12 (Dec. 1985). | Renders Obvious |
| 34. | Hayes-Roth, Frederick, *Rule-Based Systems*, Communications of the ACM, vol. 28, no. 9 (Sept. 1985). | Renders Obvious |
| 35. | Weitzel, J.R. and Kerschberg, L., *A. System Development Methodology for Knowledge-Based Systems*, IEEE Transactions on Systems, Man and Cybernetics, vol. 19, no. 3 (May/June 1989). | Renders Obvious |
| 36. | Winston, Patrick H., Prendergast, Karen A., *The AI Business: The Commercial Uses of Artificial Intelligence*, The MIT Press (1984) | Renders Obvious |
| 37. | Mack, Barbara, *A Prescription for Cutting Corporate Health Expenses*, Wall Street Journal (Jul. 18, 1983). | Renders Obvious |
| 38. | U.S. Pat. No. 4,591,983 (Bennett patent) | Anticipates/Renders Obvious |
| 39. | U.S. Pat. No. 4,667,292 (Mohlenbrock patent) | Anticipates/Renders Obvious |
| 40. | U.S. Pat. No. 5,018,067 (Mohlenbrock 2 patent) | Anticipates/Renders Obvious |
| 41. | U.S. Pat. No. 5,070,452 (Doyle patent) | Anticipates/Renders Obvious |
| 42. | U.S. Pat. No. 4,858,121 (Barber patent) | Renders Obvious |
| 43. | U.S. Pat. No. 4,658,370 (Erman patent) | Renders Obvious |
| 44. | U.S. Pat. No. 4,803,641 (Hardy patent) | Anticipates/Renders Obvious |

| 45. | Jap. Appl. No. 55-107352, entitled "Medical business system" (Yoshikuni App.) | Anticipates/Renders Obvious |
|---|---|---|
| 46. | U.S. Trademark No. 1,583,416 (ClaimCheck Mark) | Renders Obvious |
| 47. | U.S. Trademark No. 1,624,579 (CodeReview Mark) | Renders Obvious |
| 48. | U.S. Trademark No. 2,165,159 (Code Advisor Mark) | Renders Obvious |
| 49. | Stachura CT, *Software reference guide: case-mix management*, Journal of the American Medical Record Association [J Am Med Rec Assoc] February 1987, Vol. 58 (2), pp. 42-6. | Renders Obvious |
| 50. | Stachura CT, *Software reference guide: DRG assignment*, J Am Med Rec Assoc, January 1987, Vol. 58, (1), pp. 33-40 | Renders Obvious |
| 51. | Stachura CT, *Software reference guide: encoding*, J Am Med Rec Assoc, November 1986, Vol. 57 (11), pp. 25-8 | Renders Obvious |
| 52. | Wilkinson R, *Does your grouper 'over-maximize' reimbursement?*, Hospitals, October 20, 1986, Vol. 60 (20), pp. 88 | Renders Obvious |
| 53. | Huertas-Cortocarrero D, Ruiz PP, Marmol JP, *Concurrent clinical review: using microcomputer-based DRG-software*, Health Policy 1988, Vol. 9 (2), pp. 211-7 | Renders Obvious |
| 54. | Nathanson M, *Medical records. Experts: more research needed to set value of code programs*, Modern Healthcare, June 21, 1985, Vol. 15 (13), pp. 98, 102. | Renders Obvious |
| 55. | Caterinicchio RP, *Implementing a DRG-driven acuity system for nurse staffing under prospective hospital payment*, Hospital Topics, May-June 1985, Vol. 63 (3), pp. 6-7, 13 | Renders Obvious |
| 56. | Jackson B, Jensen J, *Hospitals turn to new software, hardware to cope with DRG 's*, Modern Healthcare, September 1984, Vol. 14 (12), pp. 109-12 | Renders Obvious |
| 57. | Nathanson M, *New software helps hospitals watch costs, profit under DRG*, Modern Healthcare, September 1984, Vol. 14 (12), pp. 132, 136-8 | Renders Obvious |
| 58. | *DRG helper makes it easy for doctors to maximize reimbursement*, Hospital Forum, July-August 1984, Vol. 27 (4), pp. 62-3 | Renders Obvious |

14

| | | |
|---|---|---|
| 59. | Burda D, *Health care market experiences grouper software explosion*, J Am Med Rec Assoc, May 1984, Vol. 55 (5), pp. 35-7 | Renders Obvious |
| 60. | *Health care executive's guidebook to automation in the 1980s: health care information systems and DRG's*, Hospital Forum, Jan-Feb 1984, Vol. 27 (1), pp. 23-30 | Renders Obvious |
| 61. | Gonnella JS, Hornbrook MC, Louis DZ, *Staging of disease. A case mix measurement*, Journal of the American Medical Association [JAMA], February 3, 1984, Vol. 251 (5), pp. 637-44 | Renders Obvious |
| 62. | Ray WJ, Johnstone J, *Using medical records to ensure fair DRG reimbursement*, Computer in Healthcare, December 1983, Vol. 4 (12), pp. 32-6, 40 | Renders Obvious |
| 63. | Heck S, Esmond T, *Financial modeling/case-mix analysis*, Computers in Healthcare, June 19:x?:, Vol. 4 (6), pp. 50-1, 54 | Renders Obvious |
| 64. | Moliver M, *Computers and reimbursement*, Contemporary longterm care, April 1986, Vol. 9 (4), pp. 46-7 | Renders Obvious |
| 65. | Turner JM, *DRG compliance measurement in the future*, Software in Healthcare, August-September 1985, Vol. 3 (4), pp. 48 | Renders Obvious |
| 66. | Mohlenbrock WC, *Getting the most out of DRG's*, Group Practice Journal, September-October 1985, Vol. 34 (5), pp. 27-32 | Renders Obvious |
| 67. | Gibbons PS, Pishotta FT, Stepto RC, *A system for reporting gynecologic procedures. A linguistic-logical approach*, Journal of Reproductive Medicine, March 1983, Vol. 28 (3), pp. 201-5 | Renders Obvious |
| 68. | Studney DR, Hakstian AR, *Effect of a computerized ambulatory medical record system on the validity of claims data*, Medical Care, April 1983, Vol. 21 (4), pp. 463-7 | Renders Obvious |
| 69. | Poulson GP, *Detailed costing system nets efficiency, savings*, Hospitals, October 1, 1984, Vol. 58 (19), pp. 106-8, 111 | Renders Obvious |

| 70. | *Medical coding*, Medical Record and Health Care Information Journal, February 1988, Vol. 29 (1), pp. 20-2 | Renders Obvious |
|---|---|---|
| 71. | Johnson KF, *Integrated system brings hospital data together*, Health Progress, October 1987, Vol. 68 (8), pp. 46-9, 82 | Renders Obvious |
| 72. | Tauber J, Lahav M, *Simplified diagnostic coding sheet for computerized data storage and analysis in ophthalmology*, Ophthalmic Surgery, November 1987, Vol. 18 (11), pp. 846 9 | Renders Obvious |
| 73. | Miller KM, Wisnicki HJ, Buclunan JP. Paley MJ, Repka MX, Taylor HR, Guyton DL, *The Wilmer Information System. A classification and retrieval system for information on diagnosis and therapy in ophthalmology*, Ophthalmology, March 1988, Vol. 95 (3), pp. 403-9 | Renders Obvious |
| 74. | Carter K, PCs *can tap databanks for costs*, Modern Healthcare, June 20 1986, Vol. 16 (13), pp. 52 | Renders Obvious |
| 75. | Ohnsson J, GMIS *(Gabrieli Medication Information Systems) software flags inappropriate billings, medical procedures*, Contract Healthcare, May 1988, pp. 28-9 | Renders Obvious |
| 76. | Cimino JJ, *Review paper: coding systems in health care*, Methods of Information in Medicine, December 1996, Vol. 35 (4-5), pp. 273-84 | Renders Obvious |
| 77. | Gabrieli ER, Speth DJ, Chsieaghi E, *Knowledge bases*, Journal of Clinical Computing, 1985, Vol. 13 (5), pp. 150-4 | Renders Obvious |
| 78. | Gabrieli ER, Saumby JA, *Computer-based coding of medical data*, Topics in Health Record Management, March 1982, Vol. 2 (3), pp. 51-9 | Renders Obvious |
| 79. | Ely RM, *Savings through claims audits*, Topics in Health Care Financing, Summer 1986, Vol. 12 (4), pp. 61-7 | Renders Obvious |
| 80. | U.S. Pat. No. 4,347,568 (Giguere patent) | Renders Obvious |
| 81. | U.S. Pat. No. 4,491,725 (Pritchard patent) | Renders Obvious |
| 82. | U.S. Pat. No. 4,730,259 (Gallant patent) | Renders Obvious |
| 83. | U.S. Pat. No. 4,839,822 (Dormond patent). | Renders Obvious |

| | | |
|---|---|---|
| 84. | U.S. Pat. No. 4,937,743 (Rassman patent) | Renders Obvious |
| 85. | U.S. Pat. No. 4,975,840 (De Tore patent) | Renders Obvious |
| 86. | U.S. Pat. No. 4,991,091 (Allen patent) | Renders Obvious |

Set forth below is an element-by-element chart mapping the prior art references listed above to each element of the asserted claims of the '164 patent.

| | |
|---|---|
| 1.      In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41(cols. 2-6). |
| a method for processing input claims containing at least one medical service code, comprising the steps of: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9 10); 41 (cols. 2-6). |
| receiving at least one claim; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and informing a user that a medical service code is not contained in the predetermined database. | 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

| | |
|---|---|
| 2.      In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| a method for processing input claims containing at least one medical service code, comprising the steps of: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |

| | |
|---|---|
| receiving at least one claim; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| ascertaining whether the at least one claim contains a plurality of medical service codes; | 2 (pp. 10-12); 3.(pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step; and rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

| | |
|---|---|
| 3.        A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service claim, comprising: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| means for receiving at least one claim; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for determining whether one of the medical service codes in the plurality of | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, |

18

| | |
|---|---|
| medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database: | 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for authorizing medical service codes which are valid in response to the means for determining; and means for rejecting medical service codes which are invalid in response to the means for determining. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

| | |
|---|---|
| 4.    The apparatus of claim 3, further comprising means for revising the at least one claim to delete invalid medical service codes. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

| | |
|---|---|
| 6.    The apparatus of claim 3, wherein the database containing medical service codes includes medical service codes described by CPT codes. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |

| | |
|---|---|
| 9.    The apparatus of claim 3, wherein the relationships among the medical service codes include medically determined relationships. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |

| | |
|---|---|
| 10.    A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service claim, comprising: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |

| | |
|---|---|
| medical service codes; | |
| means for receiving at least one claim; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for authorizing medical service codes which are not contained in any other medical service code; and means for rejecting medical service codes which are contained in any other medical service code. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

| | |
|---|---|
| 11.    The apparatus of claim 10, further comprising means for revising the at least one claim to not include a rejected medical service code. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

| | |
|---|---|
| 12.    A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| a predetermined database. stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| means for receiving at least one claim; | 2:(pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for ascertaining whether the at least | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; |

| | |
|---|---|
| one claim contains a plurality of medical service codes; | 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service code in the at least one claim; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for authorizing medical service codes which are not medically exclusive with any other medical service codes contained in the at least one claim in response to the means for determining; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| and means for rejecting medical service codes which are medically exclusive with any other medical service codes contained in the at least one claim in response to the determining step. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

| | |
|---|---|
| 13.    A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| means for receiving at least one claim; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and means for informing a user that a medical service code is not contained in the predetermined database. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

| | |
|---|---|
| 14.    A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6). |
| means for receiving at least one claim; | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes;. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim: | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |
| means for authorizing medical service codes which are not mutually exclusive due. to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining; and means for rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the means for determining. | 2 (pp. 10-12); 3 (pp. 3-4, 8); 4; 5; 6; 8 (pp. 28-30); 10; 12 (p. 26); 15; 18 (pp. 483, 485); 20 (pp. 351-353); 22; 27 (p. 882); 34; 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 43 (cols. 5-6); 44 (col. 10); 85. |

## THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:  (July 27, 2005)

TriZetto reasserts and reincorporates by reference herein its responses to Interrogatory No. 6 from January 20, 2005, May 5, 2005, and June 20, 2005, except for the lists of prior art references from those previous responses, which are superseded by the lists of prior art references in this response.  TriZetto also reasserts and reincorporates by reference herein the general objections set forth above.

Claim construction in this action has not occurred, and discovery has only just begun. The information contained in this response is based on information that is reasonably available to TriZetto at the present time. TriZetto's identification of prior art is as specific as possible at this time. Accordingly, TriZetto reserves the right to supplement, amend and augment its response to this interrogatory as new, additional and different information is learned and discovered and when the claims at issue are construed by the Court. Subject to and without waiving those objections, TriZetto supplements its previous response as follows:

Claims 1, 2, 3, 4, 6, 9, 10, 11, 12, 13 and 14 of the '164 patent, which McKesson accuses TriZetto of infringing, are invalid and unenforceable against TriZetto because at least 19 prior art references together completely disclose and describe the apparatus and methods claimed in the asserted claims of the '164 patent, rendering the patent invalid as either anticipated or obvious under 35 U.S.C. §§ 102 & 103. Set forth below is a chart of the prior art references that TriZetto presently contends anticipate one or more claims of the patent in suit or render one or more claims obvious. This chart supersedes the lists of prior art references provided in TriZetto's previous supplemental responses.

| | | |
|---|---|---|
| 2. | *Enhancing Accuracy and Timeliness is Integral to the Claims Adjudication Process,* Employee. Benefit Plan Review, Anonymous, Dec. 1985, pp. 10-12. | Renders Obvious |
| 8. | Weitzel, J.R., et al., *A Company / University Joint Venture to build a knowledge-based system,* MIS Quarterly, Vol. 12, No. 1, March 1988, 23-34 | Anticipates/Renders Obvious |
| 12. | Snyeder, C., *From research to reality: the leading edge of expert systems,* Insurance Software Review, Vol. 12, No. 3, Autumn 1987, 22-4, 26-7, 30 | Renders Obvious |
| 18. | Weitzel, J.R. and Kerschberg, L., "Developing Knowledge- Based Systems: Reorganizing the System Development Life Cycle," working paper, University of South Carolina, Columbia, SC and George Mason University, Fairfax, VA (December 1986). Final Publication, April 1989 in Communications of the ACM, Vol. 32, No. 4. | Renders Obvious |

| 20. | Egdahl, M.D. and Hertenstein, M.D., *An Access-oriented Negotiated Fee Schedule: The Caterpillar Experience*, Ann Surg., 206(3), pp. 349-57 (Sept. 1987). | Anticipates/Renders Obvious |
|-----|-----|-----|
| 38. | U.S. Pat. No. 4,591,983 (Bennett patent) | Anticipates/Renders Obvious |
| 39. | U.S. Pat. No. 4,667,292 (Mohlenbrock patent) | Anticipates/Renders Obvious |
| 40. | U.S. Pat. No. 5,018,067 (Mohlenbrock 2 patent) | Anticipates/Renders Obvious |
| 41. | U.S. Pat. No. 5,070,452 (Doyle patent) | Anticipates/Renders Obvious |
| 44. | U.S. Pat. No. 4,803,641 (Hardy patent) | Anticipates/Renders Obvious |
| 50. | Stachura CT, *Software reference guide: DRG assignment*, J Am Med Rec Assoc, January 1987, Vol. 58, (1),-pp. 33-40 | Renders Obvious |
| 53. | Huertas-Cortocarrero D, Ruiz PP, Marmol JP, *Concurrent clinical review: using microcomputer-based DRG-software*, Health Policy 1988, Vol. 9 (2), pp, 211-7 | Renders Obvious |
| 54. | Nathanson M, *Medical records. Experts: more research needed to set value of code programs*, Modem Healthcare, June 21, 1985, Vol. 15 (13), pp. 98, 102. | Renders Obvious |
| 61. | Gonnella JS, Hombrook MC, Louis DZ, *Staging of disease. A case mix measurement*, Journal of the American Medical Association [JAMA], February 3, 1984, Vol. 251 (5), pp. 637-44 | Renders Obvious |
| 67. | Gibbons PS, Pishotta FT, Stepto RC, *A system for reporting gynecologic procedures. A linguistic-logical approach*, Journal of Reproductive Medicine, March 1983, Vol. 28 (3), pp. 201-5 | Renders Obvious |
| 73. | Miller KM, Wisnicki HJ, Buchman JP. Riley MJ, Repka MX, Taylor HR, Guyton DL, *The Wilmer Information System. A classification and retrieval system for information on diagnosis and therapy in ophthalmology*, Ophthalmology, March 1988, Vol. 95 (3), pp. 403-9 | Renders Obvious |
| 82. | U.S. Pat. No. 4,730,259 (Gallant patent) | Renders Obvious |
| 83. | U.S. Pat. No. 4,839,822 (Dormond patent) | Renders Obvious |

| 88. | Hao Kuo, MEDCLAIM: *An Expert Support System for Medical Claims Review*, Thesis Submitted in Department of Computer Science, University of South Carolina (1986). | Anticipates/Renders Obvious |
|-----|---|---|

Set forth below is an element-by-element chart mapping the prior art references listed

above to each element of the asserted claims of the '164 patent.

| | |
|---|---|
| 1.  In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, | 8 (pp. 28-30); 18 (pp. 483, 485); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| a method for processing input claims containing at least one medical service code, comprising the steps of: | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| receiving at least one claim; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and informing a user that a medical service code is not contained in the predetermined database. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 2.  In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, | 8 (pp. 28-30); 18 (pp. 483, 485); 38 (cols. 3-8, 1-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| a method for processing input claims | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351- |

| | |
|---|---|
| containing at least one medical service code, comprising the steps of: | 353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98) 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| receiving at least one claim; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 1-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44-52). |
| ascertaining whether the at least one claim contains a plurality of medical service codes; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step; and rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 3.    A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service claim, comprising: | 8 (pp. 28-30); 18 (pp. 483, 485); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for receiving at least one claim; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

26

| | |
|---|---|
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353), 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for determining whether one of the medical service codes in the plurality of medical service codes is valid or invalid by interacting with the database and the set of relationships contained in the database; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for authorizing medical service codes which are valid in response to the means for determining; and means for rejecting medical service codes which are invalid in response to the means for determining. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 4.     The apparatus of claim 3, further comprising means for revising the at least one claim to delete invalid medical service codes. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 6.     The apparatus of claim 3, wherein the database containing medical service codes includes medical service codes described by CPT codes. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 1-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 9.     The apparatus of claim 3, wherein the relationships among the medical service codes include medically determined relationships. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 10.     A computer system including a central processing unit and associated | 8 (pp. 28-30); 18 (pp. 483, 485); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639- |

| | |
|---|---|
| memory for processing input claims containing at least one medical service claim, comprising: | 640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | 8 (pp. 28-30); 18 (pp. 483, 485); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for receiving at least one claim; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for determining whether one of the medical service codes in the at least one claim is included in any other medical service code in the at least one claim; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for authorizing medical service codes which are not contained in any other medical service code; and means for rejecting medical service codes which are contained in any other medical service code. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 11.    The apparatus of claim 10, further comprising means for revising the at least one claim to not include a rejected medical service code. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 12.    A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | 8 (pp. 28-30); 18 (pp. 483, 485); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

28

| | |
|---|---|
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | 8 (pp. 28-30); 18 (pp. 483, 485); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for receiving at least one claim; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for ascertaining whether the at least one claim contains a plurality of medical service codes; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 67 (pp. 201-202); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| means for determining whether one of the medical service codes in the at least one claim is medically exclusive with any other medical service code in the at least one claim; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52).□ |
| means for authorizing medical service. codes which are not medically exclusive with any other medical service codes contained in the at least one claim in response to the means for determining; | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| and means for rejecting medical service codes which are medically exclusive with any other medical service codes contained in the at least one claim in response to the determining step. | 2 (pp. 10-12); 8 (pp. 28-30); 12 (p. 26); 18 (pp. 483, 485); 20 (pp. 351-353); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 50 (pp. 34, 37, 39-40); 53 (p. 216); 54 (p. 98); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| | |
|---|---|
| 13.    A computer system including a central processing unit and associated memory for processing input claims containing at least one medical service code, comprising: | 18 (pp. 28-30); 18 (pp. 483, 485); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |
| a predetermined database stored in the associated memory, the database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when received with other selected ones of the medical service codes; | 8 (pp. 28-30); 8 (pp. 483, 485); 38 (cols. 3-8, 11-16, 20-24); 39 (cols. 9-12); 40 (cols. 5-6, 9-10); 41 (cols. 2-6); 44 (col. 10); 61 (pp. 639-640); 73 (pp. 403-405, 408); 82 (cols. 1-4); 83 (cols. 2-3, 7-8); 88 (pp. 2-3, 26, 30-40, 44, 52). |

| 10. | Beard, P., *Blue Cross develops insurance claim ES*, AIWeek, Vol. 6, No. 7, April 1, 1989, 3 |
|-----|---|
| 11. | Sullivan-Trainor, M., *Catching new clients*, Computerworld, Vol. 21, No. 50, December 14, 1987, 95, 99 |
| 13. | Christensen, J., *Insuring*, High Technology Business, Vol. 8, No. 10, October 1988, 47-8 |
| 14. | *Expert Systems In the Insurance Industry: 1987 Survey Report Update*, Coopers and Lybrand, 1987 |
| 15. | Pallatto, J., *Expert system cures the blues (Blue Cross develops insurance claims analysis system NERSys)*, PC Week, Vol. 5, No. 50, December 12, 1988, 35, 44. |
| 16. | Gladwell, Malcolm, *Computer Firm Finds the Link for Health Care*, Washington Business, December 5, 1988, 5-6 |
| 17. | Kerschberg, L. "A Proposal for the Development of an Expert System for Medical Claims Processing: MEDCLAIM," Institute of Information Management, Technology and Policy, College of Business Administration, University of South Carolina, Columbia, SC, (July 1985). |
| 19. | Ronald Hurst, *Cost Containment - The Caterpillar Experience*, The Psychiatric Hospital, vol. 13, no. 3 (1982). |
| 21. | Bauer JW, Cassidy TG, DeBord JR, Hart RD, Lee RH, Maher JE, Montgomery CE, Neufeld GK, Rivan RJ, Soderstrom CW, et al., Related Articles, *An access-oriented negotiated fee schedule: the Caterpillar experience*, Ann Surg., 208(5), pp. 667-8 (Nov. 1988). |
| 22. | Waterman, Donald A. (The Rand Corporation), *A Guide to Expert Systems*, Addison Wesley Publishing, Inc. (1985). |
| 23. | McDermott, John, *Artificial Intelligence Applications for Business: Building Expert Systems*, Proceedings of the NYU Symposium (May 1983). |
| 24. | Gerson, Elihu and Star, Susan Leigh, *Analyzing Due Process in the Workplace*, ACM Transactions on Office Information systems, vol. 4, no. 3 (July 1986). |
| 25. | Hayes-Roth, Frederick, *et. al.*, *Building Expert Systems: An Overview of Expert Systems*, Addison-Wesley Publishing, Inc. (1985). |
| 26. | Taylor, Edward, *Developing A Knowledge Engineering Capability in the TRW Defense Systems Group*, The AI Magazine (Summer 1985) |
| 27. | Bobrow, Daniel, *et. al.*, *Expert Systems: Perils and Promise*, Computing Practices, Communications of the ACM, vol. 29, no. 9 (Sept. 1986) |
| 28. | Bhide, Amar and Mohan, Brian, *Marcia Radosevich and Health Payment Review: 1989(A)*, Harvard Business School, 9-394-204 (Feb. 1999) |

| 29. | Genesereth, Michael, Ginsberg, Matthew, *Logic Programming*, Communications of the ACM, vol. 28, no. 9 (Sept. 1985). |
|-----|-----|
| 30. | Yasdi, Ramin, *Modeling Database Based Expert Systems at the Conceptual Level*, Proceedings of the 1985 ACM Computer Science Conference (March 1985). |
| 31. | Freudenheim, Milt, *Insurers vs. Doctors: A Software Battleground*, New York Times (Nov. 15, 1989). |
| 32. | Riordan, Teresa, Patents: *A software-technology infringement case against Microsoft goes to trial in Federal Court*, New York Times (Jan. 24, 1994). |
| 33.. | Colmerauer, Alain, *Prolog in 10 Figures*, Communications of the ACM, vol. 28, no. 12 (Dec. 1985). |
| 34. | Hayes-Roth, Frederick, *Rule-Based Systems*, Communications of the ACM, vol. 28, no. 9 (Sept. 1985). |
| 35. | Weitzel, J.R. and Kerschberg, L. *A System Development Methodology for Knowledge Based Systems*, IEEE Transactions on Systems, Man and Cybernetics, vol. 19, no. 3 (May/June 1989). |
| 36. | Winston,, Patrick H., Prendergast, Karen A., *The AI Business: The Commercial Uses of Artificial Intelligence*, The MIT Press (1984) |
| 37. | Mack, Barbara, *A Prescription for Cutting Corporate Health Expenses*, Wall Street Journal (Jul. 18, 1983). |
| 42. | U.S. Pat. No. 4,858,121 (Barber patent) |
| 43. | U.S. Pat. No. 4,658,370 (Erman patent) |
| 45. | Jap. Appl. No. 55-107352, entitled "Medical business system" (Yoshikumi App.) |
| 46. | U.S. Trademark No. 1,583,416 (ClaimCheck Mark) |
| 47. | U.S. Trademark No. 1,624,579 (CodeReview Mark) |
| 48. | U.S. Trademark No. 2,165,159 (Code Advisor Mark) |
| 49. | Stachura CT, *Software reference guide: case-mix management*, Journal of the American Medical Record Association [J Am Med Rec Assoc] February 1987, Vol. 58 (2), pp. 42-6. |
| 51. | Stachura CT, *Software reference guide: encoding*, J Am Med Rec Assoc, November 1986, Vol. 57 (11), pp. 25-8 |
| 52. | Wilkinson R, *Does your grouper 'over-maximize' reimbursement?*, Hospitals, October 20, 1986, Vol. 60 (20), pp. 88 |
| 55. | Caterinicchio RP, *Implementing a DRG-driven acuity system for nurse staffing under prospective hospital payment*, Hospital Topics, May-June 1985, Vol. 63 (3), pp. 6-7, 13 |
| 56. | Jackson B, Jensen J, *Hospitals turn to new software, hardware to cope with DRG 's*, Modern Healthcare, September 1984, Vol. 14 (12), pp. 109-12 |

33

| 57. | Nathanson M, *New software helps hospitals watch costs, profit under DRG*, Modern Healthcare, September 1984, Vol. 14 (12), pp. 132, 136-8 |
| 58. | *DRG helper makes it easy for doctors to maximize reimbursement*, Hospital Forum, July-August 1984, Vol. 27 (4), pp. 62-3 |
| 59. | Burda D, *Health care market experiences grouper software explosion*, J Am Med Rec Assoc, May 1984, Vol. 55 (5), pp. 35-7 |
| 60. | *Health care executive's guidebook to automation in the 1980s: health care information systems and DRG's*, Hospital Forum, Jan-Feb 1984, Vol. 27 (1), pp. 23-30 |
| 62. | Ray WJ, Johnstone J, *Using medical records to ensure fair DRG reimbursement*, Computer in Healthcare, December 1983, Vol. 4 (12), pp. 32-6, 40 |
| 63. | Heck S, Esmond T, *Financial modeling/case-mix analysis*, Computers in Healthcare, June 1983, Vol. 4 (6), pp. 50-1, 54 |
| 64. | Moliver M, *Computers and reimbursement*, Contemporary longterm care, April 1986, Vol. 9 (4), pp. 46-7 |
| 65. | Turner JM, *DRG compliance measurement in the future*, Software in Healthcare, August-September 1985, Vol. 3 (4), pp. 48 |
| 66. | Mohlenbrock WC, *Getting the most out of DRG 's*, Group Practice Journal, September October 1985, Vol. 34 (5), pp. 27-32 |
| 68. | Studney DR, Hakstian AR, *Effect of a computerized ambulatory medical record system on the validity of claims data*, Medical Care, April 1983, Vol. 21 (4), pp. 463-7 |
| 69. | Poulson GP, *Detailed costing system nets efficiency, savings*, Hospitals, October 1, 1984, Vol. 58 (19), pp. 106-8, 111 |
| 70. | *Medical coding*, Medical Record and Health Care Information Journal, February 1988, Vol. 29 (1), pp. 20-2 |
| 71. | Johnson KF, *Integrated system brings hospital data together*, Health Progress, October 1987, Vol. 68 (8), pp. 46-9, 82 |
| 72. | Tauber J, Lahav M, *Simplified diagnostic coding sheet for computerized data storage and analysis in ophthalmology*, Ophthalmic Surgery, November 1987, Vol. 18 (11), pp. 846-9 |
| 74. | Carter K, *PCs can tap databanks for costs*, Modern Healthcare, June 20 1986, Vol. 16 (13), pp. 52 |
| 75. | Ohnsson J, *GMIS (Gabrieli Medication Information Systems) software flags inappropriate billings, medical procedures*, Contract Healthcare, May 1988, pp. 28-9 |
| 76. | Cimino JJ, *Review paper: coding systems in health care*, Methods of Information in Medicine, December 1996, Vol. 35 (4-5), pp. 273-84 |
| 77. | Gabrieli ER, Speth DJ, Casiraghi E, *Knowledge bases*, Journal of Clinical Computing, 1985, Vol. 13 (5), pp. 150-4 |

| 78. | Gabrieli ER, Saumby JA, *Computer-based coding of medical data*, Topics in Health Record Management, March 1982, Vol. 2 (3), pp. 51-9 |
| 79. | Ely RM, *Savings through claims audits*, Topics in Health Care Financing, Summer 1986, Vol. 12 (4), pp. 61-7 |
| 80. | U.S. Pat. No. 4,347,568 (Giguere patent) |
| 81. | U.S. Pat. No. 4,491,725 (Pritchard patent) |
| 84. | U.S. Pat. No. 4,937,743 (Rassman patent) |
| 85. | U.S. Pat. No. 4,975,840 (De Tore patent) |
| 86. | U.S. Pat. No. 4,991,091 (Allen patent) |
| 87. | Buchanan Bruce G., *Expert Systems*, Journal of Automated Reasoning, Vol. 1, No. 1, 1985, pp. 28-35 |
| 88. | Hao Kuo, *MEDCLAIM: An Expert Support System for Medical Claims Review*, Thesis Submitted in Department of Computer Science, University of South Carolina (1986). |
| 89. | Horn SD,. Horn RA., *The computerized severity index: a new tool for case-mix management*, J Med Syst, February 1986, Vol. 10 (10), pp. 73-78. |
| 90. | Cebrian, Gil et al, *APACHE II*, Intensive Care med., 1987, Vol. 13 (2), p. 143 |
| 91. | Robinson, ML, *Hospitals look to "severity of illness" indexes*, Healthspan, June 1986, Vol. 3 (6), pp. 19-22 |
| 92. | Nestler, WB et al, *Case-mix reimbursement and clinical management....*, Ind Health Care (Cambridge Ma), 1985, Vol. 2, pp. 117-130 |
| 93. | Bates, SW et al, *Case mix management systems*, Mich. Hosp., August 1984, Vol. 20 (8), pp. 24-29 |
| 94. | Zak, EJ et al; *Financial modeling: an administrative tool of the highest. ..*, Computers in Healthcare, June 1984, Vol. 5(6), pp. 24-26 |
| 95. | Huhn, C et al, *Evaluating the new case-mix systems: a systematic approach*, Hospitals, January 1984, Vo. 58 (2), pp 92, 94, 96 |
| 96. | Lewis, J et al, *Development of a case mix information system*, Computers in Healthcare, February 1983, Vol. 4 (2), pp. 36-41 |
| 97. | Shaffer, VM, *Case mix analysis*, Osteopathic hospital leadership, September-October 1985, pp. 8-9 |
| 98. | Braithwaite, WR, *The effect of Medicare legislation on medical records system*, Software in Healthcare, August-September 1985, Vol. 3 (4), pp. 26-27 |
| 99. | Myers, TF et al, *A modification of the international classification of diseases for uniform...* , AM J Perinatol, July 1985, Vol. 2 (3), pp 240-241 |