IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS LLC, )
                                  )
             Plaintiff,       )     CIVIL ACTION NO. 04-1258-SLR
                                  )
        v.                 )
                                  )     REDACTED PUBLIC VERSION
THE TRIZETTO GROUP, INC.,       )
                                  )
            Defendant.    )
_____)

## PLAINTIFF MCKESSON INFORMATION SOLUTIONS LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT RE DEFENDANT'S DEFENSES UNDER 35 U.S.C. § 112

Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiff
McKesson Information Solutions LLC

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500

DATED: June 1, 2006
REDACTED PUBLIC VERSION FILED: June 8, 2006

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF PROCEEDINGS. ...................................................................1

II.   SUMMARY OF ARGUMENT..........................................................................................1

III.  STATEMENT OF RELEVANT FACTS. ........................................................................2

IV.   STANDARD FOR GRANTING SUMMARY JUDGMENT. .............................................4

V.    THE '164 PATENT SATISFIES THE BEST MODE REQUIREMENT. ..............................5

    A.    TriZetto Must Prove that the Inventors Believed There Was a Best Mode for Practicing the Claimed Inventions and Intentionally Concealed that Information.....................................................................................5

    B.    TriZetto Cannot Prove that the Inventors Believed that There Was a "Best" Set of Code-Specific Relationships for Practicing Infringed Claims 1 and 2.........................................................................................7

VI.   TRIZETTO'S INDEFINITENESS DEFENSE FAILS AS A MATTER OF LAW BECAUSE THE COURT HAS ALREADY CONCLUDED THAT CLAIM 2 IS AMENABLE TO CONSTRUCTION.........................................................................................11

    A.    If a Court Is Able to Construe a Claim's Limitations, that Claim Is Not Indefinite as a Matter of Law............................................................................11

    B.    Claim 2 Is Definite Because the Court Has Found that the Claim's Terms Are Subject to Construction.........................................................................13

VII.  CONCLUSION.......................................................................................................14

## TABLE OF AUTHORITIES

**CASES**

Page(s)

*All Dental Prodx, LLC v. Advantage Dental Prods., Inc.,*
309 F.3d 774 (Fed. Cir. 2002) ....................................................................................... 12

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)........................................................................................................... 4

*Arthocare Corp. v. Smith & Nephew, Inc.,*
No. 01-504-SLR, 2003 WL 1856436 (D. Del. Apr. 9, 2003)........................................ 12

*Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.,*
359 F.3d 1367 (Fed. Cir. 2004)................................................................................ 11, 12

*Boston Scientific Scimed, Inc. v. Cordis Corp.,*
392 F. Supp. 2d 676 (D. Del. 2005)................................................................................. 5

*Brooktree Corp. v. Advanced Micro Devices, Inc.,*
977 F.2d 1555 (Fed. Cir. 1992)........................................................................................ 6

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,*
381 F.3d 1371 (Fed. Cir. 2004)........................................................................................ 5

*Chemcast Corp. v. Arco Indus. Corp.,*
913 F.2d 923 (Fed. Cir. 1990).......................................................................................... 6

*Eli Lilly and Co. v. Barr Labs., Inc.,*
251 F.3d 955 (Fed. Cir. 2001)...................................................................................... 4, 5

*Engel Indus. v. Lockformer Co.,*
946 F.2d 1528 (Fed. Cir. 1991)................................................................................... 5, 10

*Exxon Research & Eng'g Co. v. U.S.,*
265 F.3d 1371 (Fed. Cir. 2001)...................................................................................... 12

*High Concrete Structures, Inc. v. New Enter. Stone & Lime Co.,*
377 F.3d 1379 (Fed. Cir. 2004)..................................................................................... 5, 6

*Markman v. Westview Instruments, Inc.,*
517 U.S. 370 (1996)........................................................................................................ 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574 (1986)........................................................................................................... 4

*N. Am. Vaccine, Inc. v. Am. Cyanamid Co.,*
7 F.3d 1571 (Fed. Cir. 1993).......................................................................................... 11

*Nobelpharma Ab v. Implant Innovations,*
    141 F.3d 1059 (Fed. Cir. 1998)......................................................................................... 6

*Northern Telecom Ltd. v. Samsung Elecs. Co., Ltd.,*
    215 F.3d 1281 (Fed. Cir. 2000)......................................................................................... 5

*Praxair, Inc. v. ATMI, Inc.,*
    No. 03-1158-SLR, 2005 WL 3159054 (D. Del. Nov. 28, 2005) ............................. 12, 14

*Verve v. Crane Cams, Inc.,*
    311 F.3d 1116 (Fed. Cir. 2002) ....................................................................................... 12

## STATUTES

FED. R. CIV. P. 56(c) ................................................................................................................ 4

FED. R. CIV. P. 56(e) ................................................................................................................ 4

Plaintiff McKesson Information Solutions LLC ("McKesson") respectfully submits its opening brief in support of its motion for summary judgment on defendant The TriZetto Group, Inc.'s ("TriZetto") defenses under 35 U.S.C. § 112, ¶ 1 (best mode) and ¶ 2 (indefiniteness).

## I.    NATURE AND STAGE OF PROCEEDINGS.

On September 13, 2004, McKesson filed this lawsuit against TriZetto for willfully infringing and inducing infringement of McKesson's U.S. Patent No. 5,253,164 ("the '164 patent"). (D.I. 1.) McKesson filed a First Amended Complaint on October 1, 2004. (D.I. 7.) TriZetto filed an Answer and Counterclaim on November 1, 2004. (D.I. 10.) Fact discovery on all issues closed on September 16, 2005, and expert discovery on all issues was completed by November 30, 2005. On April 5, 2006, this Court issued its claim construction. (D.I. 307.)

A jury trial to determine infringement commenced on April 17, 2006. After hearing the infringement evidence, the jury found that TriZetto directly infringes and induces the infringement of claims 1 and 2 of the '164 patent through the use of its Facets, ClaimFacts, and QicLink products. (D.I. 358.) Trial on all remaining issues is scheduled to commence on October 3, 2006. (D.I. 362.)

## II.    SUMMARY OF ARGUMENT.

McKesson is entitled to summary judgment on TriZetto's section 112 defenses for the following reasons:

1.    TriZetto's best mode defense fails as a matter of law because TriZetto cannot establish that at the time of filing the application for the '164 patent, any of the inventors contemplated an undisclosed best mode of carrying out the inventions recited in

claims 1 and 2 of the '164 patent. In particular, TriZetto cannot present clear and convincing evidence that the inventors subjectively believed that there was a "best" set of code-specific relationships for use in practicing the claimed methods.

      2.      TriZetto's indefiniteness defense also fails as a matter of law because the Court already found that the challenged claim term "non-medical criteria" is susceptible to construction and held that the term should be given its ordinary meaning.

Accordingly, McKesson respectfully requests that the Court grant McKesson's motion for summary judgment in its entirety.

## III.    STATEMENT OF RELEVANT FACTS.

McKesson is the current assignee of the '164 patent, entitled "System and Method for Detecting Fraudulent Medical Claims Via Examination of Service Codes." (D.I. 7, Ex. A.) The named inventors of the patent are Don Holloway, Robert Hertenstein, George Goldberg, and Kelli Dugan. The patent issued on October 13, 1993, and claims priority from an application filed on September 30, 1988. The claims that TriZetto has been found to infringe are claims 1 and 2 of the '164 patent. Claim 1 recites:

> 1. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, a method for processing input claims containing at least one medical service code, comprising the steps of:
>
>     receiving at least one claim;
>
>     determining whether any medical service code contained in the at least one claim is not present in the predetermined database; and
>
>     informing a user that a medical service code is not contained in the predetermined database.

Claim 2 recites:

2. In a computer system having means for operating on a predetermined database containing medical service codes and a set of relationships among the medical service codes defining whether selected ones of the medical service codes are valid when input with other selected ones of the medical service codes, a method for processing input claims containing at least one medical service code, comprising the steps of:

receiving at least one claim;

ascertaining whether the at least one claim contains a plurality of medical service codes;

determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim;

authorizing medical service codes which are not mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step; and

rejecting medical service codes which are mutually exclusive due to non-medical criteria with any other medical service codes contained in the at least one claim in response to the determining step.

As disclosed in the '164 patent, the commercial embodiment of the patented invention was the CodeReview product. (*Id.* at col. 3, ll. 15-29.) The CodeReview product was sold to customers with a knowledge base containing medical service codes and a set of code-specific relationships between the codes.[1] (*Id.* at col. 3, ll. 17-45.) Customers, however, did not all receive the same set of code-specific relationships because they had different preferences and policies with regard to claims payment. (Ex. 1 at 189:14-24 & 207:5-208:12.)[2] Thus, the contents of the knowledge base would vary based on each customer's particular needs. (*Id.* at 337:1-15.) For example, some customers found some of the code-specific relationships developed with Dr. Hertenstein

---

[1] These code-specific relationships are sometimes referred to as "rules." However, these rules are different from the decision-making rules (or "meta-rules") that are used to apply the code-specific relationships contained in the knowledge base. (*Id.* at col. 3, ll. 30-35 & col. 6, ll. 19-26.)

[2] All exhibits referenced herein as "Ex. __" are to the exhibits attached to the Declaration of Michael Barlow in Support of Plaintiff's Motion for Summary Judgment Re Defendant's Defenses Under 35 U.S.C. § 112, filed concurrently with this brief.

3

to be objectionable or too aggressive and therefore received a softer set of relationships. (Ex. 2 at 231:7-18.) Such variations were possible because the knowledge base of relationships was designed to be flexible and modifiable to accommodate different types of data, such as multiple medical coding systems, and to facilitate the frequent changes and updates to the code-specific relationships that needed to be made. (D.I. 7, Ex. A at col. 3, ll. 38-42; col. 10, ll. 3-7 & 55-60; Ex. 3 at MCK 051652, MCK 051644 & MCK 051649.)

## IV.    STANDARD FOR GRANTING SUMMARY JUDGMENT.

Summary judgment is proper if "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). If the moving party has shown an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting FED. R. CIV. P. 56(e)). The mere existence of some evidence supporting the nonmoving party will not defeat a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" must exist. *Id.* The court must take into account the clear and convincing evidentiary standard of proof required for invalidity when evaluating a motion for summary judgment. *Eli Lilly and Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). As this Court has held, "[i]f the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment

4

as a matter of law." *Boston Scientific Scimed, Inc. v. Cordis Corp.*, 392 F. Supp. 2d 676, 680 (D. Del. 2005).

## V.     THE '164 PATENT SATISFIES THE BEST MODE REQUIREMENT.

### A.     TriZetto Must Prove that the Inventors Believed There Was a Best Mode for Practicing the Claimed Inventions and Intentionally Concealed that Information.

TriZetto has asserted that the claims of the '164 patent are invalid for failure to comply with the best mode requirement of 35 U.S.C. § 112, ¶ 1. "Invalidation based on a best mode violation requires that the inventor [1] knew of and [2] intentionally concealed a better mode than was disclosed." *High Concrete Structures, Inc. v. New Enter. Stone & Lime Co.*, 377 F.3d 1379, 1383 (Fed. Cir. 2004). Because the '164 patent is presumed to be valid, TriZetto must prove a best mode violation by clear and convincing evidence. *See Eli Lilly*, 251 F.3d at 962. In addition, "[e]ach claim must be considered individually for compliance with the best mode requirement." *Engel Indus. v. Lockformer Co.*, 946 F.2d 1528, 1531 (Fed. Cir. 1991).

The first prong of the best mode analysis is purely subjective, focusing on the inventor's state of mind at the time the patent application was filed. *See Eli Lilly*, 251 F.3d at 963. To satisfy this element, the alleged infringer must prove by clear and convincing evidence that "the inventor considered a particular mode of practicing his invention superior to all other modes." *Northern Telecom Ltd. v. Samsung Elecs. Co., Ltd.*, 215 F.3d 1281, 1286 (Fed. Cir. 2000).

Only if the inventor actually possessed a subjective best mode does the analysis proceed to the next prong. *See Eli Lilly*, 251 F.3d at 963. In that case, the infringer then must prove that the inventor "intentionally concealed" that mode. *High Concrete*, 377 F.3d at 1383. *See also Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 381 F.3d 1371,

1378 (Fed. Cir. 2004) ("[I]nvalidity for omission of a better mode requires knowledge of and concealment of that better mode."); *Brooktree Corp. v. Advanced Micro Devices, Inc.,* 977 F.2d 1555, 1575 (Fed. Cir. 1992) ("Invalidity for violation of the best mode requires intentional concealment of a better mode than was disclosed.").

If the patent's specification adequately disclosed what the inventor contemplated as the best mode such that a person of ordinary skill in the art could practice it without undue experimentation, no best mode violation has occurred. *See Nobelpharma Ab v. Implant Innovations,* 141 F.3d 1059, 1064 (Fed. Cir. 1998); *Chemcast Corp. v. Arco Indus. Corp.,* 913 F.2d 923, 928 (Fed. Cir. 1990). Nor is the best mode requirement breached "by unintentional omission of information that would be readily known to persons in the field of the invention." *High Concrete,* 377 F.3d at 1383.

Here, TriZetto argues that the '164 patent violates the best mode requirement because it "does not disclose the set of 'expert-derived decisions or rules' on which the CodeReview system is based." (Ex. 4 at 5.) As an initial matter, TriZetto does not make clear whether it contends there was a failure to disclose the decision-making rules of the patented invention (*i.e.,* the "meta-rules") or some specific set of data contained in the invention's database. To the extent TriZetto asserts the former, TriZetto's best mode defense fails as a matter of law because TriZetto concedes that those rules are disclosed in Appendix B of the '164 patent. (D.I. 257 at 5, 8-10; Ex. 5 at 36-37. *See also* D.I. 7, Ex. A at col. 6, ll. 19-26 ("...the codes ... are examined first by looking up from INTERACT database 24 any references to those specific multiple codes presented in step 22 to which will be applied one or more of the rules shown in summary form in FIG. 6 and more fully detailed in Appendix B.").)

6

To the extent TriZetto contends the latter, TriZetto's best mode defense fails as a matter of law because TriZetto cannot present clear and convincing evidence that the inventors subjectively believed that any particular set of code-specific relationships was the best. Accordingly, McKesson is entitled to summary judgment.

**B.    TriZetto Cannot Prove that the Inventors Believed that There Was a "Best" Set of Code-Specific Relationships for Practicing Infringed Claims 1 and 2.**

TriZetto cannot prove by clear and convincing evidence that the inventors of the '164 patent subjectively possessed a best mode with regard to the specific contents of the predetermined database. To the contrary, the inventors viewed the contents of the database as fluid and constantly changing. (Ex. 6 at 85:4-12; Ex. 7 at MCK 119824.) The inventors also did not have a database of code-specific relationships that they believed was the best because the inventors changed the contents of the database based on the needs and policies of their customers.

**Redacted**

7

Redacted

8

**Redacted**

The documentary evidence also demonstrates that the inventors of the '164 patent did not possess a best mode with regard to the specific contents of the predetermined database, and instead preferred that the database be flexible and able to meet the varying needs of their customers.  As disclosed in the '164 patent, one of the purposes of the patented invention was to accommodate different types of data, such as multiple medical coding systems, and to facilitate changes to such data.  (D.I. 7, Ex. A at col. 3, ll. 38-42; col. 10, ll. 3-7 & 55-60.)

**Redacted**

Indeed, the '164 patent repeatedly emphasized the dynamic nature of the relationships in the database of the preferred embodiment. (D.I. 7, Ex. A at col. 3, ll. 32-37 ("The process is an ongoing process which can be updated as new methods of inappropriate coding are discovered."); col. 4, ll. 64-col. 5, ll. 3 ("update and refine . . . the knowledge base"); col. 10, ll. 3-7 ("refine, update and change the rules"); col. 10, ll.

9

55-60 ("development of new rules").)   In view of the foregoing testimonial and documentary evidence, TriZetto cannot show that the inventors generally believed there was a "best" set of code-specific relationships.

Furthermore, TriZetto cannot establish that any of the inventors possessed a best mode specific to claim 1 or 2 of the '164 patent.   Each claim must be considered individually for compliance with the best mode requirement.   *See Engel*, 946 F.2d at 1531.   Thus, to prove that claims 1 and 2 are invalid for failure to disclose a "best" set of code-specific relationships, TriZetto must prove that the inventors subjectively believed that there was a "best" set of such relationships for practicing those particular claims. TriZetto has no such evidence.

Notwithstanding that the four named inventors were deposed for a total of seven days, TriZetto did not seek any evidence as to whether the inventors believed that any particular code relationships were preferred for practicing claims 1 and 2 or whether they believed there even was a best mode for practicing the claimed methods.   For example, TriZetto has no evidence that the inventors believed there was a "best" set of code relationships for use in "determining whether one of the medical service codes in the at least one claim is mutually exclusive due to non-medical criteria with any other medical service code in the at least one claim," as is recited in claim 2.   In fact, as to claim 1, the '164 patent makes clear that the preferred embodiment did not depend on the presence of any particular set of code-specific relationships to practice the claimed method because the preferred embodiment determined whether a medical service code is not present in the predetermined database by checking another database.   (D.I. 7, Ex. A at col. 5, ll. 11-15 ("If the entity which is requesting payment has provided a code entry or entries for the

treatment given, then in step 9 it is determined whether the code entry is valid or invalid by reference to the ALLCODE database 11.").)

The evidence plainly shows that the inventors did not believe that there was a "best" set of code-specific relationships for use with their patented invention because no such "best" set of relationships existed. Rather, the inventors varied the specific contents of the database based on the individual policies and preferences of their customers. Indeed, having a single set of code relationships was not preferred because it was inconsistent with the invention's purpose of having a flexible database that accommodates different types of data, meets customers' individual needs, and facilitates necessary and frequent changes to its contents. TriZetto lacks sufficient evidence to show otherwise or to prove that inventors possessed any best mode with regard to the specific claims at issue. Accordingly, McKesson is entitled to summary judgment.

## VI. TriZetto's Indefiniteness Defense Fails as a Matter of Law Because the Court Has Already Concluded that Claim 2 Is Amenable to Construction.

### A. If a Court Is Able to Construe a Claim's Limitations, that Claim Is Not Indefinite as a Matter of Law.

Patent invalidity based on indefiniteness must be proven by clear and convincing evidence. *See N. Am. Vaccine, Inc. v. Am. Cyanamid Co.*, 7 F.3d 1571, 1579 (Fed. Cir. 1993). To "accord respect to the statutory presumption of patent validity" and "protect the inventive contribution of patentees, even when the drafting of their patents has been less than ideal," the Federal Circuit has held that *"if a claim is subject to construction, i.e., it is not insolubly ambiguous, it is not invalid for indefiniteness." Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1372 (Fed. Cir. 2004) (citations and internal quotations omitted) (emphasis added). In other words:

11

> [I]f the meaning of the claim is discernible, "even though the task may be
> formidable and the conclusion may be one over which reasonable persons
> will disagree, we have held the claim sufficiently clear to avoid invalidity
> on indefiniteness grounds."

*Id.*, quoting *Exxon Research & Eng'g Co. v. U.S.*, 265 F.3d 1371, 1375 (Fed. Cir. 2001); *see also All Dental Prodx, LLC v. Advantage Dental Prods., Inc.*, 309 F.3d 774, 780 (Fed. Cir. 2002) ("Only after a thorough attempt to understand the meaning of a claim has failed to resolve material ambiguities can one conclude that the claim is invalid for indefiniteness.").

Consistent with the foregoing precedent, this Court has held that if a court is able to construe a claim's terms, the claim is not indefinite as a matter of law. *See Praxair, Inc. v. ATMI, Inc.*, No. 03-1158-SLR, 2005 WL 3159054, at *2 (D. Del. Nov. 28, 2005) ("Because the court was able to construe the limitation 'at about the axial midpoint,' the claims are definite, as a matter of law."). Nor can a claim be indefinite when a court finds that the claim's terms are to be given their ordinary meaning. *See Arthocare Corp. v. Smith & Nephew, Inc.*, No. 01-504-SLR, 2003 WL 1856436, at *5 (D. Del. Apr. 9, 2003) ("The court disagrees [with defendant's indefiniteness argument]. The court has found that the claim limitations at issue are to be given their ordinary meaning.").

These principles hold true even if the term has multiple potential meanings and the parties disagree as to which is correct:

> It may of course occur that persons experienced in a technologic field will
> have divergent opinions as to the meaning of a term, particularly as
> narrow distinctions are drawn by the parties or warranted by the
> technology. Patent disputes often raise close questions requiring
> refinement of technical definitions in light of particular facts. The judge
> will then be obliged to decide between contending positions; a role
> familiar to judges. But the fact that the parties disagree about claim scope
> does not of itself render the claim invalid.

*Verve v. Crane Cams, Inc.*, 311 F.3d 1116, 1120 (Fed. Cir. 2002).

B.    **Claim 2 Is Definite Because the Court Has Found that the Claim's Terms Are Subject to Construction.**

TriZetto cannot prove that claim 2 is indefinite as a matter of law because the Court has already found that the challenged claim term—"non-medical criteria"—is to be given its ordinary meaning.

During claim construction, the parties presented two competing positions with respect to the term "non-medical criteria." McKesson proposed that the term required no special construction and should be given its ordinary meaning. (D.I. 148 at 1-2 & Ex. A at 10). TriZetto argued that the term was indefinite. (*Id.*; D.I. 158 at 27-29.) In performing its proper function of construing the disputed terms as a matter of law, *see generally Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the Court agreed with McKesson's position and found that the term "non-medical criteria" is to be given its ordinary meaning. (*See* D.I. 307 at 18-20 (¶¶ 23-25) ("non-medical criteria" used without specialized construction).)

During the infringement trial, the Court found claim 2 to be sufficiently clear to submit to the jury for a determination as to infringement and reiterated its finding that "non-medical criteria" is to be given its ordinary meaning in the jury instructions. (D.I. 354 at 21 ("First, determine the scope of the asserted claim by reading the claim language, limitation by limitation, as those limitations have been construed by the court or, if they have not been specifically construed, according to their ordinary meaning.").) The Court also instructed the jury that "[t]he parties have agreed that the remaining language should be construed consistent with its ordinary meaning." (*Id.* at 30.) Notably, TriZetto did not state any objections or propose any changes to this instruction. (*See generally* D.I. 333.) Thus, TriZetto has effectively conceded that the term "non-medical criteria" is

13

susceptible to construction and therefore not indefinite. It is also telling that although the jury in the infringement trial sought clarification regarding some of the claim terms, it did not need to seek any clarification regarding the term "non-medical criteria." (Ex. 8 at 894:18-895:11.)

Because the Court has concluded that the term "non-medical criteria" is subject to construction and has construed that term as having its ordinary meaning, claim 2 cannot be indefinite as a matter of law. *See Praxair*, 2005 WL 3159054, at *2. Accordingly, McKesson is entitled to summary judgment on TriZetto's indefiniteness defense.

## VII.    CONCLUSION.

For the reasons set forth herein, McKesson respectfully requests that the Court grant summary judgment that TriZetto's best mode and indefiniteness defenses fail as a matter of law.

By: _____

Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000

Attorneys for Plaintiff
McKesson Information Solutions LLC

OF COUNSEL:
Jeffery G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California  94301
(650) 470-4500

DATED: June 1, 2006

14

## CERTIFICATE OF SERVICE

I, Michael A. Barlow, hereby certify that on June 1, 2006, I electronically filed the Plaintiff McKesson Information Solutions LLC's Motion for Summary Judgment Re Defendant's Defenses Under 35 U.S.C. § 112, Plaintiff McKesson Information Solutions LLC's Memorandum In Support of Its Motion for Summary Judgment Re Defendant's Defenses Under 35 U.S.C. § 112, Transmittal Declaration of Michael A. Barlow and proposed Order by CM/ECF, which will send notification of such filing to those designated below, and that I served the following persons in the manner listed:

**VIA CM/ECF and HAND DELIVERY**
Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
MORRIS NICHOLS ARSHT
 & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899


                    /s/ Michael A. Barlow
                    Michael A. Barlow (ID No. 3928)
                    SKADDEN, ARPS, SLATE,
                     MEAGHER & FLOM LLP
                    One Rodney Square
                    P.O. Box 636
                    Wilmington, Delaware 19899
                    (302) 651-3000
                    mbarlow@skadden.com