IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS LLC,   )
                                                  )
               Plaintiff,              )        CIVIL ACTION NO. 04-1258-SLR
                                                  )
               v.                    )        **REDACTED  PUBLIC VERSION**
                                                  )
THE TRIZETTO GROUP, INC.,              )
                                                  )
               Defendant.             )
_____)

## PLAINTIFF MCKESSON INFORMATION SOLUTION LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION

Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000

Attorneys for Plaintiff
McKesson Information Solutions LLC

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California  94301
(650) 470-4500

UNDER SEAL VERSION FILED: June 2, 2006
REDACTED PUBLIC VERSION FILED: June 9, 2006

# TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

II.   SUMMARY OF ARGUMENT ..................................................................................... 1

III.  APPLICABLE LEGAL PRINCIPLES ........................................................................... 3

IV.   MCKESSON IS ENTITLED TO A PRELIMINARY INJUNCTION .................................. 4

      A.    McKesson Will Be Irreparably Harmed Without An Injunction ............. 4

      B.    McKesson Has A Reasonable Likelihood Of Success On
            The Merits .............................................................................................. 6

            1.    TriZetto's invalidity defenses are meritless ................................. 6

            2.    TriZetto's inequitable conduct defense is meritless ...................... 6

            3.    TriZetto's estoppel defense is meritless ....................................... 9

      C.    The Balance of the Hardships Clearly Favors Granting A
            Preliminary Injunction .......................................................................... 10

      D.    The Public Interest Supports Granting A Preliminary Injunction
            Against TriZetto's Infringement ............................................................ 11

V.    CONCLUSION ...................................................................................................... 12

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,*
    960 F.2d 1020 (Fed. Cir. 1992)..................................................................................... 9

*Atlas Powder Co. v. Ireco Chem.,*
    773 F.2d 1230 (Fed. Cir. 1985)..................................................................................... 5

*Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.,*
    134 F.3d 1085 (Fed. Cir. 1998)..................................................................................... 5

*Danisco A/S v. Novozymes A/S,*
    05 Civ. 1972 (GEL), 2006 U.S. Dist. LEXIS 20367 (S.D.N.Y. Apr. 17, 2006) ........... 6

*eBay Inc. v. MercExchange, LLC,*
    126 S. Ct. 1837 (2006)................................................................................................. 3

*Genentech, Inc. v. Novo Nordisk, A/S,*
    108 F.3d 1361 (Fed. Cir. 1997)..................................................................................... 3

*H.H. Robertson Co. v. United Steel Deck, Inc.,*
    820 F.2d 384 (Fed. Cir. 1987)....................................................................................... 3

*Henkel Corp. v. Coral, Inc.,*
    754 F. Supp. 1280 (N.D. Ill. 1990) ............................................................................. 11

*Hybritech Inc. v. Abbott Labs.,*
    849 F.2d 1446 (Fed. Cir. 1988)................................................................................... 12

*Impax Labs v. Aventis Pharm.,*
    235 F. Supp. 2d 390 (D. Del. 2002)............................................................................ 11

*Lubrizol Corp. v. Exxon Corp.,*
    696 F. Supp. 302 (N.D. Ohio 1988)............................................................................ 11

*Meyers v. Asics Corp.,*
    974 F.2d 1304 (Fed. Cir. 1992)................................................................................... 10

*Multiform Dessicants, Inc. v. Medzam, Ltd.,*
    133 F.3d 1473 (Fed. Cir. 1998)..................................................................................... 6

*New Eng. Braiding Co. v. A.W. Chesterton Co.,*
    970 F.2d 878 (Fed. Cir. 1992)....................................................................................... 3

*Oakley, Inc. v. Sunglass Hut Int'l Lenscrafters, Inc.,*
    316 F.3d 1331 (Fed. Cir. 2003)..................................................................................... 3

*Oakley, Inc. v. Sunglasses Hut Int'l,*
   61 U.S.P.Q.2d 1658 (C.D. Cal. 2001)..............................................................................5

*Old Town Canoe Co. v. Confluence Holdings Corp.,*
   -- F.3d --, 2006 WL 1228887 (Fed. Cir. May 9, 2006).....................................................8

*Pittway Corp. v. Black & Decker,*
   667 F. Supp. 585 (N.D. Ill. 1987) ...................................................................................11

*Purdue Pharma L.P. v. Boehringer Ingelheim GmbH,*
   237 F.3d 1359 (Fed. Cir. 2001).....................................................................................3, 5

*Schawbel Corp. v. Conair Corp.,*
   122 F. Supp. 2d 71 (D. Mass. 2000) ................................................................................5

*Symbol Techs., Inc. v. Proxim Inc.,*
   No. Civ. 01-801-SLR, 2004 WL 1770290 (D. Del. 2004) ...............................................9

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.,*
   279 F.3d 1357 (Fed. Cir. 2002) .....................................................................................12

**Statutes**

35 U.S.C. § 283................................................................................................................3

Plaintiff, McKesson Information Solutions LLC ("McKesson"), respectfully submits this Memorandum Of Law In Support Of Its Motion For A Preliminary Injunction prohibiting defendant The TriZetto Group, Inc. ("TriZetto") from continuing its infringement of McKesson's U.S. Patent No. 5,253,164 (the "'164 patent").

## I.    NATURE AND STAGE OF PROCEEDINGS

On April 26, 2006, following a hard-fought six day trial on the issue of infringement, the jury issued a unanimous verdict in favor of McKesson that TriZetto's accused Facets, ClaimFacts, and QicLink products literally infringe claims 1 and 2 of the '164 patent. (D.I. 358.) The jury also found TriZetto liable for actively inducing customers to use the Facets, ClaimFacts, and QicLink products in a way that directly infringes these claims. (*Id.*)

Following this trial, the Court issued an order on May 4, 2006, directing that summary judgment motions on the issue of invalidity be filed by June 1, 2006. (D.I. 362.) The Court also scheduled an October 3, 2006 trial on any issues remaining in the case following decision on the summary judgment motions. (*Id.*)

## II.   SUMMARY OF ARGUMENT

Now that TriZetto has been adjudged to be directly infringing and inducing infringement of McKesson's '164 patent, the law and equities clearly favor entry of a preliminary injunction pending completion of this case to stop the significant and irreparable harm McKesson is suffering due to TriZetto's infringement:

1.    There is no legitimate dispute that McKesson is being irreparably harmed by TriZetto's infringement.

## REDACTED

1

REDACTED

The Federal Circuit has expressly recognized that infringement like TriZetto's "may have market effects never fully compensable in money," and the proper course is for the Court to immediately stop TriZetto's infringement and unlawful misappropriation of McKesson's intellectual property and customers.

2.      McKesson's infringement verdict will most certainly withstand TriZetto's invalidity and unenforceability defenses. As discussed in detail in the summary judgment motions filed today by McKesson, both of which are incorporated herein by reference, TriZetto's invalidity defenses are without merit and fail as a matter of law. TriZetto's unenforceability defenses are also fatally deficient and will fail at trial. At the very least, McKesson has more than a "reasonable likelihood" of defeating TriZetto's invalidity and unenforceability defenses, all that is required to support the entry of McKesson's requested preliminary injunction.

3.      The balance of equities clearly weighs in favor of granting McKesson's requested preliminary injunction. In contrast to the irreparable harm TriZetto's continued infringement is inflicting on McKesson,

REDACTED

4.      The public interest will not be harmed by McKesson's requested relief. Indeed, the public interest in enforcing intellectual property rights will be served by the issuance of the requested preliminary injunction.

2

## III.    APPLICABLE LEGAL PRINCIPLES

The Patent Act authorizes federal courts to exercise discretion to grant injunctions "to prevent the violation of any right secured by a patent, on such terms as the court deems reasonable." 35 U.S.C. § 283; *eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1837, 1839-40 (2006). In determining whether to grant a preliminary injunction, the Court should consider four factors: (1) whether the patent owner is reasonably likely to succeed on the merits; (2) whether the patent owner will suffer irreparable harm if the injunction is not granted; (3) whether the balance of hardships tips in the patent owner's favor; and (4) the effect of the injunction on the public interest. *See, e.g., Oakley, Inc. v. Sunglass Hut Int'l Lenscrafters, Inc.*, 316 F.3d 1331, 1338-39 (Fed. Cir. 2003). While all four factors must be considered, the first two factors are the most important. *See, e.g., Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001).

The "reasonable likelihood of success" factor takes into account "the presumptions and burdens that will inhere at trial on the merits," and is satisfied where the patent owner shows that "(1) it will likely prove infringement, and (2) its infringement claim will likely withstand [the infringer's] challenges to the validity and enforceability of the ... patents." *Purdue Pharma*, 237 F.3d at 1363, quoting *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997) (original brackets removed). *See also Oakley*, 316 F.3d at 1339-40 ("In the context of a preliminary injunction, while 'the burden of proving invalidity is with the party attacking validity,' the party seeking the injunction 'retain[s] the burden of showing a reasonable likelihood that the attack on its patent's validity would fail.'"), quoting *H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 387 (Fed. Cir. 1987); *New Eng. Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 883 (Fed. Cir. 1992) ("While it is not the patentee's

3

burden to prove validity, the patentee must show that the alleged infringer's defense lacks substantial merit").

## IV.    MCKESSON IS ENTITLED TO A PRELIMINARY INJUNCTION

The four factors to be considered by the Court all weigh strongly in favor of granting McKesson's requested preliminary injunction.

### A.    McKesson Will Be Irreparably Harmed Without An Injunction.

TriZetto continues to infringe the '164 patent despite having been found to be a direct and inducing infringer — a finding that will very likely withstand TriZetto's invalidity and unenforceability attacks.   Absent an injunction, McKesson will be irreparably harmed by TriZetto's continued infringement.  Specifically, unless enjoined, TriZetto's infringement will continue to irreparably damage McKesson's competitive position in the market and its customer relationships.


## REDACTED


The full extent of the injury to McKesson and its actual and potential business relationships already caused by TriZetto's infringement is immeasurable.  Unless the Court grants McKesson's requested preliminary injunction,

4

TriZetto likely will continue to unlawfully take existing and potential customers from McKesson and cause McKesson significant additional and incalculable harm.[1]

It is well-settled that loss of market share and other market disruption, such as that being suffered by McKesson in this case, supports a finding of irreparable harm justifying injunctive relief. *See, e.g., Purdue Pharma*, 237 F.3d at 1368 (irreparable harm supported by loss of market share); *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1090 (Fed. Cir. 1998) (affirming irreparable harm finding "based on the nature of the patented technology and the potential loss of market share"); *Oakley, Inc. v. Sunglasses Hut Int'l*, 61 U.S.P.Q.2d 1658, 1668 (C.D. Cal. 2001) (irreparable harm where "there is a likelihood of erosion to [the patent owner's] market presence and its goodwill associated with its patented" product), *aff'd*, 316 F.3d 1331 (Fed Cir. 2003); *Schawbel Corp. v. Conair Corp.*, 122 F. Supp. 2d 71, 83-84 (D. Mass. 2000) ("[T]he loss of market share and business relationships due to infringement may independently constitute irreparable harm."), *aff'd without opinion*, 15 Fed. Appx. 800 (Fed. Cir. 2001). Indeed, the Federal Circuit has expressly recognized that prospective infringement "may have market effects never fully compensable in money." *Atlas Powder Co. v. Ireco Chem.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985).

---

[1]    TriZetto recently reported significant increases in its sales of the infringing products. In April, during the infringement trial, TriZetto publicly reported that "[n]ew contract bookings increased 64.6% to $87.4 million from the first quarter last year," representing an increase of 50% over the year-ago quarter. (Ex. 5 at 1.) TriZetto's President stated that "TriZetto generated the highest new business bookings in seven quarters, highlighted by a number of new consulting contracts and sales of CareAdvance and *Facets* licenses." (*Id.* (emphasis added).)

**B.    McKesson Has A Reasonable Likelihood Of Success On The Merits.**

There is of course no question at this point regarding McKesson's ability to establish TriZetto's infringement.    The jury in the April infringement trial found that TriZetto directly infringes and induces the infringement of asserted claims 1 and 2 of the '164 patent.  (D.I. 358.)

The evidence also clearly shows that the jury's infringement verdict will likely withstand TriZetto's invalidity and unenforceability challenges.

**1.    TriZetto's invalidity defenses are meritless.**

TriZetto has asserted that the '164 patent is invalid based on anticipation, obviousness, failure to state best mode, and indefiniteness.  Consistent with the Court's scheduling order, McKesson has concurrently filed summary judgment motions directed to all of these invalidity defenses.  (D.I. 370 & 376.)  For the many reasons discussed in those motions, which are incorporated herein by reference, McKesson is entitled to summary judgment because TriZetto's invalidity defenses lack the necessary factual and legal support and fail as matter of law.  At a minimum, McKesson's motions establish that McKesson has more than a "reasonable likelihood" of defeating TriZetto's invalidity defenses, all that is required to support McKesson's requested preliminary injunction.

**2.    TriZetto's inequitable conduct defense is meritless.**

Inequitable conduct claims have long been deemed "an absolute plague."  *See, e.g., Danisco A/S v. Novozymes A/S*, 05 Civ. 1972 (GEL), 2006 U.S. Dist. LEXIS 20367 at *3 (S.D.N.Y. Apr. 17, 2006) ("Almost twenty years ago, the Federal Circuit noted that claims of inequitable conduct and fraud on the Patent Office have become 'an absolute plague.'") (citation omitted) (Ex. 6); *see also Multiform Dessicants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1482 (Fed. Cir. 1998).  Although the Court denied McKesson's motion

6

for summary judgment on this issue based on disputed facts, it is clear that TriZetto will not carry its heavy burden on this defense at trial for the reasons detailed in McKesson's summary judgment briefs, which are incorporated herein by reference. (D.I. 150 & 245.) At a minimum, McKesson's motion establishes that McKesson has more than a "reasonable likelihood" of defeating TriZetto's inequitable conduct defense.

In response to McKesson's summary judgment motion, TriZetto narrowed its inequitable conduct defense to a single argument, namely that the inventors knowingly withheld from the PTO, with intent to deceive, an article co-authored by inventor Dr. Hertenstein that discussed the manual review of medical claims for coding errors. (*See* D.I. 245 at 2-5, 15-20.) This argument will not succeed.

*First*, the '164 patent's specification expressly discloses the prior manual review of medical claims for coding errors discussed in the article. (*See* D.I. 150 at 9-10.) The article's disclosure of such prior manual review is cumulative and therefore not material.

*Second*, even if the article were material – which it clearly was not – TriZetto does not have any evidence that the inventors knew it was material. In fact, as discussed in McKesson's summary judgment motion, the only evidence on this point shows that the inventors believed the manual process used by Dr. Hertenstein was very different from the patented invention. (*Id.* at 17-18.)


# REDACTED


7

REDACTED

(D.I. 151, Ex. 3 at 278:6-279:3 (emphasis added).)

*Third*, TriZetto has no evidence of intent. In fact, TriZetto made little effort to try

to obtain evidence regarding intent. TriZetto chose not to depose the prosecuting

attorneys, even though TriZetto knew that they could not be subpoenaed to testify at trial

in this case. Despite deposing the named inventors for a total of seven days, TriZetto

asked few questions about the alleged nondisclosure of Dr. Hertenstein's article. Indeed,

TriZetto did not ask Dr. Hertenstein a single question on the subject.

REDACTED

Unable to point to actual evidence of intent, TriZetto merely argues that the Court

should infer intent to deceive from evidence that the article was material and that the

inventors knew or should have known of its materiality. In its most recent decision on

inequitable conduct, the Federal Circuit rejected this same bootstrapping argument:

> Even if materiality is shown, however, Confluence points to no evidence
> of intent to deceive the PTO. "[M]ateriality does not presume intent,
> which is a separate and essential component of inequitable conduct."
> *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. Cir.
> 2002) (quotation and citation omitted). ... Confluence does little more
> than urge this court to draw an inference of intent to deceive, arguing that
> the applicant or his attorney knew, or should have known that withheld
> information would be material. Confluence's general argument on this
> record is not sufficient to enable us to conclude that the district court
> abused its discretion in finding no inequitable conduct.

*Old Town Canoe Co. v. Confluence Holdings Corp.*, -- F.3d --, 2006 WL 1228887, *12

(Fed. Cir. May 9, 2006) (affirming JMOL of no inequitable conduct before trial) (Ex. 1.)

8

### 3.    TriZetto's estoppel defense is meritless.

Although the Court also denied McKesson's summary judgment motion directed to TriZetto's estoppel defense, it is clear that TriZetto will not prevail on this defense at trial. As shown in McKesson's summary judgment briefs regarding estoppel (D.I. 161 at 10-26; D.I. 247 at 15-20), which are incorporated herein by reference, the relevant facts and law strongly favor McKesson. Thus, at a minimum, McKesson's motion establishes that McKesson has more than a "reasonable likelihood" of defeating TriZetto's estoppel defense.

TriZetto's estoppel defense is based on McKesson's alleged silence regarding enforcement of the '164 patent. (*See* D.I. 161 at 13-14; D.I. 247 at 15-17.) The Federal Circuit has expressly held, however, that silence alone does not constitute misleading conduct; rather, it must be "combined with other facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1042 (Fed. Cir. 1992). Consistent with Federal Circuit precedent, this Court has held that "[s]ilence may give rise to the defense of equitable estoppel *only* when coupled with either affirmative conduct or an affirmative obligation." *Symbol Techs., Inc. v. Proxim Inc.*, No. Civ. 01-801-SLR, 2004 WL 1770290, at *8 (D. Del. July 28, 2004) (emphasis added) (Ex. 2.)

Recognizing that it cannot prove estoppel based on silence alone, TriZetto relies on communications between the parties regarding the potential sale of products that took place more than four years before the patent issued as the affirmative acts that preceded McKesson's silence. (*See* D.I. 247 at 15.) The Federal Circuit, however, has held such pre-issuance communications followed by silence cannot establish misleading conduct

9

for purposes of estoppel. *See Meyers v. Asics Corp.*, 974 F.2d 1304, 1309 (Fed. Cir. 1992) (holding that a finding of misleading conduct cannot be based on evidence of silence preceded by pre-issuance communications between the parties or a mere invitation to enter into a business relationship).

TriZetto also will not be able to prove "reliance" because the documentary and testimonial evidence shows that the potential enforcement or nonenforcement of the '164 patent did not actually influence any of TriZetto's business decisions. (D.I. 161 at 15-19; D.I. 247 at 17-19.) Moreover, TriZetto's evidence of alleged "prejudice" does not establish the requisite nexus between the loss TriZetto allegedly suffered and TriZetto's purported reliance on McKesson's alleged misconduct. (D.I. 161 at 20-26; D.I. 247 at 10-15, 19.)

TriZetto's estoppel defense therefore lacks the requisite legal and factual support and TriZetto will not prevail on this defense at trial.

### C.    The Balance of the Hardships Clearly Favors Granting A Preliminary Injunction.

As shown above, irreparable harm to McKesson from not granting a preliminary injunction is well supported by the evidence in this case. In contrast, based on TriZetto's assertions in this case, TriZetto will suffer relatively little hardship from an injunction.

## REDACTED

10

REDACTED




REDACTED




**D.    The Public Interest Supports Granting A Preliminary Injunction Against TriZetto's Infringement.**

The fourth factor in assessing the propriety of a preliminary injunction — impact on the public interest — is inapplicable here because TriZetto cannot assert that its continued infringement is necessary to protect a critical public interest or would otherwise implicate some important public policy. *See Impax Labs v. Aventis Pharm.*, 235 F. Supp. 2d 390, 396 (D. Del. 2002) ("the focus of the district court's public interest

11

analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief"), quoting *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1458 (Fed. Cir. 1988). To the contrary, the public interest in enforcing intellectual property rights will be served by the issuance of an injunction ending TriZetto's infringement. *See, e.g., Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1364 (Fed. Cir. 2002) (affirming grant of preliminary injunction based in part on "the strong public interest in protecting patent rights").

## V.    CONCLUSION

For the foregoing reasons, McKesson respectfully requests that the Court grant a preliminary injunction prohibiting TriZetto from continuing to infringe the '164 patent.

By: _____

Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiff
McKesson Information Solutions LLC

OF COUNSEL:
Jeffrey G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301
(650) 470-4500

Dated: June 1, 2006

## CERTIFICATE OF SERVICE

I, Michael A. Barlow, hereby certify that on June 1, 2006, I electronically filed Plaintiff McKesson Information Solutions LLC's Motion for a Preliminary Injunction, Plaintiff McKesson Information Solutions LLC's Memorandum In Support of Its Motion for a Preliminary Injunction, Transmittal Declaration of Michael A. Barlow and proposed Order by CM/ECF, which will send notification of such filing to those designated below, and that I served the following persons in the manner listed:

**VIA CM/ECF  and HAND DELIVERY**
Jack B. Blumenfeld, Esq.
Rodger D. Smith, II, Esq.
MORRIS NICHOLS ARSHT
  & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899

_/s/ Michael A. Barlow_
Michael A. Barlow (ID No. 3928)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
mbarlow@skadden.com