IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE TRIZETTO GROUP, INC., <br><br> Defendant. | CIVIL ACTION NO. 04-1258-SLR |

**MCKESSON'S MOTION FOR LEAVE TO CROSS-MOVE FOR SUMMARY JUDGMENT IN CONNECTION WITH TRIZETTO'S WRITTEN DESCRIPTION AND ON-SALE BAR SUMMARY JUDGMENT MOTIONS**

Plaintiff McKesson Information Solutions LLC ("McKesson") respectfully moves for entry of an order granting McKesson leave to cross-move for summary judgment in connection with defendant The TriZetto Group, Inc.'s ("TriZetto") written description and on-sale bar summary judgment motions, by way of the request and brief discussion in McKesson's June 15, 2006 oppositions to these motions.

1.   By order dated May 4, 2006, the Court ordered that summary judgment motions addressed to invalidity be filed by June 1, 2006. (D.I. 362.) Although TriZetto has pled virtually every conceivable defense, TriZetto's actions in this case have indicated that it does not actually intend to pursue all of these defenses at trial. For example, TriZetto has withdrawn its "waiver" and "acquiescence" defenses and appears to no longer be pursuing three of the four alleged bases for its inequitable conduct defense. Accordingly, McKesson limited its summary judgment motions on invalidity issues to those defenses McKesson believed TriZetto actually intended to pursue at the October 3, 2006 trial. McKesson therefore did not file motions directed to defenses originally alleged by TriZetto that were completely baseless and that McKesson did not believe TriZetto actually intended to pursue at trial. These

1

included TriZetto's § 101 "statutory subject matter" defense and its "written description" and "on-sale bar" defenses.

2. To McKesson's surprise, TriZetto filed motions for summary judgment in connection with both its written description and on-sale bar defenses. (D.I. 367 & 373.) As discussed in McKesson's oppositions to TriZetto's motions, the facts and law relating to both of these defenses show not only that TriZetto's motions should be denied, but that judgment on these defenses should be granted in McKesson's favor as a matter of law.

3. McKesson therefore respectfully requests that the Court allow McKesson to cross-move concerning these defenses. McKesson does not seek leave to file a separate motion or supporting brief. Rather, McKesson's request for summary judgment in its favor and its supporting arguments are included in McKesson's brief in opposition to TriZetto's motions concerning these defenses (D.I. 407 & 410), and required little more than a request that judgment on these defenses be entered in McKesson's favor as supported by the uncontested material facts.

4. Since the facts and law support judgment in McKesson's favor, the Court could grant summary judgment in McKesson's favor even without a request by McKesson. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Don's Hydraulics, Inc. v. Colony Ins. Co.*, 417 F. Supp. 2d 601, 611 (D. Del. 2006).

5. This request is in the interests of justice, will not unduly prejudice TriZetto and, to the extent the Court agrees that summary judgment in favor of McKesson on these defenses is appropriate, it will simplify the issues remaining for trial.

McKesson therefore respectfully requests that the Court allow McKesson to cross-move for summary judgment in connection with TriZetto's motions for summary judgment on the issues of written description and on-sale bar.

By: /s/
Thomas J. Allingham II (#0476)
Michael A. Barlow (#3928)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiff McKesson
  Information Solutions LLC

OF COUNSEL:
Jeffery G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500

DATED: June 16, 2006

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

                                                Michael A. Barlow (#3928)