# EXHIBIT 5

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE


McKESSON INFORMATION SOLUTIONS, LLC,

      Plaintiff

v.                  CA NO. 04-1258 (SLR)

THE TRIZETTO GROUP, INC.,

      Defendant



---

### VOLUME 1

VIDEOTAPED DEPOSITION OF RANDALL

DAVIS, Ph.D., a witness called on behalf of

the Plaintiff, pursuant to the Federal Rules

of Civil Procedure, before Jessica L.

Williamson, Registered Merit Reporter,

Certified Realtime Reporter and Notary

Public in and for the Commonwealth of

Massachusetts, at the Offices of Skadden,

Arps, Slate, Meagher & Flom LLP, One Beacon

Street, Boston, Massachusetts, on Wednesday,

November 30, 2005, commencing at 9:27 a.m.

JOB NO. 41297

www.sarnoffcourtreporters.com

Irvine • Los Angeles • San Francisco

phone 877.955.3855 • fax 949.955.3854



SARNOFF
Court Reporters and
Legal Technologies

| | | |
|---|---|---|
| 11:58:21 | 1 | Q. Let me direct your attention to your report |
| 11:59:02 | 2 | dated October 24, Exhibit 2, specifically |
| 11:59:07 | 3 | Exhibit C and Page C-1. |
| 11:59:23 | 4 | A. I have it. |
| 11:59:23 | 5 | Q. These four AMS documents that you testified |
| 11:59:27 | 6 | about earlier, do you see that? |
| 11:59:28 | 7 | A. Yes. |
| 11:59:35 | 8 | Q. Can you describe how and when you collected |
| 11:59:37 | 9 | those documents? |
| 11:59:39 | 10 | A. Yes. I talked to a number of colleagues and |
| 11:59:51 | 11 | former colleagues about whether they knew of |
| 11:59:55 | 12 | any systems in roughly the time period of |
| 12:00:00 | 13 | the patent, the relevant time period, that |
| 12:00:07 | 14 | were similar in some fashion to the system |
| 12:00:11 | 15 | described in the patent. One of the |
| 12:00:12 | 16 | pointers that I got was to a system |
| 12:00:14 | 17 | called -- or, sorry, a system built by a |
| 12:00:17 | 18 | company called GMIS. |
| 12:00:22 | 19 | So I went searching on the Web for |
| 12:00:24 | 20 | pointers to GMIS, and it turns out that |
| 12:00:28 | 21 | someone who once worked for GMIS also worked |
| 12:00:33 | 22 | at the company that created the AMS system. |
| 12:00:41 | 23 | I'm blocking on their name at the moment. |
| 12:00:43 | 24 | HDI, I think. He also had worked -- he had |
| 12:00:46 | 25 | formerly worked at GMIS, I believe, and then |

89

| | | |
|---|---|---|
| 12:00:51 | 1 | came to work at HDI. |
| 12:00:53 | 2 | And I went to talk to him because it |
| 12:00:54 | 3 | turns out he lives about a mile from where I |
| 12:00:58 | 4 | live at home.  So I talked to him about |
| 12:01:02 | 5 | GMIS, and then we got to talking about the |
| 12:01:03 | 6 | AMS system, and he had the documents in his |
| 12:01:06 | 7 | possession. |
| 12:01:09 | 8 | Q.  And what's his name? |
| 12:01:10 | 9 | A.  Dr. Robert Bargar, B-A-R-G-A-R.  He -- it's |
| 12:01:17 | 10 | his signature that shows up in the letter |
| 12:01:19 | 11 | that's one of the AMS documents. |
| 12:01:37 | 12 | Q.  How did you -- did TriZetto's attorneys |
| 12:01:41 | 13 | provide you the information regarding -- any |
| 12:01:47 | 14 | information regarding the AMS system? |
| 12:01:49 | 15 | A.  No. |
| 12:01:49 | 16 | Q.  Did they provide you any information |
| 12:01:52 | 17 | regarding the former employee of GMIS that |
| 12:02:02 | 18 | went to work for the company that |
| 12:02:04 | 19 | developed -- |
| 12:02:04 | 20 | A.  No.  I found him on my own.  My recollection |
| 12:02:07 | 21 | is that they were surprised when I mentioned |
| 12:02:10 | 22 | this.  I think they had independently |
| 12:02:15 | 23 | discovered the material -- not the material, |
| 12:02:18 | 24 | the existence of the system, but I don't |
| 12:02:19 | 25 | recall that detail.  I do know that I found |

90

| | | |
|---|---|---|
| 03:37:22 | 1 | review of the source code, correct? |
| 03:37:24 | 2 | A. For most of them, except for McDermott. |
| 03:37:27 | 3 | Q. Is it your opinion, sir, that any individual |
| 03:37:43 | 4 | reference or system anticipates any one |
| 03:37:49 | 5 | claim of the -- strike that. |
| 03:37:53 | 6 | Is it your opinion that any one |
| 03:37:55 | 7 | reference or system anticipates all asserted |
| 03:38:00 | 8 | claims of the '164 patent? |
| 03:38:04 | 9 | A. As I understand the term "anticipates," the |
| 03:38:07 | 10 | answer is no. |
| 03:38:08 | 11 | Q. Is it your opinion that any one reference or |
| 03:38:13 | 12 | system anticipates any claim of the '164 |
| 03:38:19 | 13 | patent? |
| 03:38:24 | 14 | (Witness reviews document.) |
| 03:38:24 | 15 | A. Okay. So the question is, again, is there |
| 03:39:05 | 16 | any one reference that anticipates any claim |
| 03:39:09 | 17 | of the '164 patent? Do I have it right? |
| 03:39:13 | 18 | Q. Reference or system, yes. |
| 03:39:15 | 19 | A. No. |
| 03:39:19 | 20 | Q. So it's your opinion, sir, that you have not |
| 03:39:24 | 21 | found any one reference or any one system |
| 03:39:29 | 22 | that you believe anticipates any asserted |
| 03:39:32 | 23 | claim of the '164 patent, correct? |
| 03:39:36 | 24 | A. I guess I would want to -- as I sit here, I |
| 03:39:49 | 25 | would want to give a little more thought -- |

200

| | | |
|---|---|---|
| 03:39:51 | 1 | I'd just go back and do more examination of |
| 03:39:53 | 2 | the AMS system with respect to Claims 1 and |
| 03:39:56 | 3 | 13 in particular, but at this moment I'm not |
| 03:39:58 | 4 | prepared to answer that -- to anticipate how |
| 03:40:03 | 5 | that query would come out.  So I would have |
| 03:40:05 | 6 | to say for the moment I have not found a |
| 03:40:06 | 7 | system which anticipates any one claim -- |
| 03:40:10 | 8 | Q.  Or -- |
| 03:40:11 | 9 | A.  -- any one system or -- any one reference or |
| 03:40:13 | 10 | system which anticipates any claim. |
| 03:40:21 | 11 | Q.  So to the extent that your report suggests |
| 03:40:24 | 12 | otherwise, your report is inaccurate, |
| 03:40:26 | 13 | correct? |
| 03:40:26 | 14 | A.  There is at least one place in the report |
| 03:40:28 | 15 | that uses the language "anticipate" that on |
| 03:40:31 | 16 | reflection should not have. |
| 03:40:35 | 17 | Q.  Well, to the extent anywhere in your report |
| 03:40:39 | 18 | it suggests that any claim is anticipated by |
| 03:40:43 | 19 | a reference or a system it's inaccurate, |
| 03:40:45 | 20 | correct? |
| 03:40:45 | 21 | A.  It should not have used the term |
| 03:40:48 | 22 | "anticipate." |
| 03:40:48 | 23 | Q.  So, sir, you do not intend to express an |
| 03:41:04 | 24 | opinion and testify about today that any one |
| 03:41:10 | 25 | system or one reference anticipates any |

| | | |
|---|---|---|
| 03:41:15 | 1 | claim in the '164 patent, correct? |
| 03:41:17 | 2 | A.  That's correct. |
| 03:41:17 | 3 | Q.  Is there any combination of systems or |
| 03:41:33 | 4 | references that you believe anticipates -- |
| 03:41:37 | 5 | strike that -- that you believe renders |
| 03:41:40 | 6 | obvious all of the claims of the one six -- |
| 03:41:44 | 7 | of the asserted '164 patent?  Strike that. |
| 03:41:48 | 8 | Let me rephrase it. |
| 03:41:51 | 9 | Is there any combination of systems or |
| 03:41:53 | 10 | references that you believe renders obvious |
| 03:41:56 | 11 | all of the asserted claims of the '164 |
| 03:41:59 | 12 | patent? |
| 03:42:00 | 13 | A.  Yes. |
| 03:42:00 | 14 | Q.  And what is the combination that you are |
| 03:42:09 | 15 | relying on? |
| 03:42:10 | 16 | A.  It's on Page 34 of my report. |
| 03:42:19 | 17 | Q.  And specifically what is the combination |
| 03:42:21 | 18 | that you're referring to when you answered |
| 03:42:23 | 19 | my question that there is a combination of |
| 03:42:26 | 20 | references and/or systems that render all of |
| 03:42:30 | 21 | the asserted claims of the '164 patent |
| 03:42:35 | 22 | obvious? |
| 03:42:35 | 23 | A.  They are, first of all, the union of all of |
| 03:42:38 | 24 | the references the system cited here; that |
| 03:42:44 | 25 | is, take all of these and eliminate |

202

| | | |
|---|---|---|
| 04:05:41 | 1 | claims.  With respect to Claim 1, what is |
| 04:05:43 | 2 | your opinion regarding -- strike that. |
| 04:05:50 | 3 | I'm going to ask you for your best |
| 04:05:52 | 4 | combination, okay, the one that you feel |
| 04:05:54 | 5 | most confident in -- |
| 04:05:56 | 6 | A.    Okay. |
| 04:05:56 | 7 | Q.    -- all right?  Do you understand that? |
| 04:05:57 | 8 | A.    I do, but that's a tall order.  That's why |
| 04:06:00 | 9 | I'm laughing. |
| 04:06:00 | 10 | Q.    With respect to Claim 1, please tell me what |
| 04:06:03 | 11 | your best combination of references is to |
| 04:06:08 | 12 | invalidate Claim 1 based on obviousness? |
| 04:06:12 | 13 | MR. SEGAL:  Best and minimum, Jeff, |
| 04:06:14 | 14 | or is -- |
| 04:06:15 | 15 | A.    Is that what "best" means? |
| 04:06:17 | 16 | Q.    Well, let's just start with the one that you |
| 04:06:20 | 17 | feel most confident in. |
| 04:06:21 | 18 | A.    Okay. |
| 04:06:43 | 19 | Q.    Well, let me back up for a minute.  Do you |
| 04:06:45 | 20 | at any place in your report identify a |
| 04:06:49 | 21 | particular combination of references or |
| 04:06:51 | 22 | systems that render each claim obvious? |
| 04:07:02 | 23 | A.    No, I don't think I isolated it out as a way |
| 04:07:25 | 24 | of saying this alone or, you know, just |
| 04:07:29 | 25 | these two in combination is enough to make |

218

| | | | |
|---|---|---|---|
| 04:07:31 | 1 | | this obvious or just that one alone is |
| 04:07:34 | 2 | | enough to make it obvious. That's what |
| 04:07:36 | 3 | | you're asking, right? |
| 04:07:37 | 4 | Q. | Yes. |
| 04:07:37 | 5 | A. | No, I don't think I assembled such a list. |
| 04:07:39 | 6 | | I put this chart in simply as a totally |
| 04:07:42 | 7 | | inclusive summary that in effect indexes |
| 04:07:46 | 8 | | from claim to relevant prior art, but it |
| 04:07:48 | 9 | | doesn't try and do the kind of minimal or |
| 04:07:51 | 10 | | best selection that you're asking for. |
| 04:07:54 | 11 | Q. | You also did not in your report anywhere |
| 04:07:58 | 12 | | identify for each claim limitation in a |
| 04:08:06 | 13 | | particular claim where the corresponding |
| 04:08:08 | 14 | | quote from each reference you're relying on |
| 04:08:10 | 15 | | is found, correct? |
| 04:08:11 | 16 | A. | Correct. |
| 04:08:11 | 17 | Q. | And I'm going to say that that's a claim |
| 04:08:16 | 18 | | chart? |
| 04:08:17 | 19 | A. | Yes. |
| 04:08:17 | 20 | Q. | You understand that, right? |
| 04:08:18 | 21 | A. | Uh-huh. |
| 04:08:18 | 22 | Q. | So you didn't provide any claim charts with |
| 04:08:20 | 23 | | respect to your obviousness opinions, |
| 04:08:22 | 24 | | correct? |
| 04:08:23 | 25 | A. | I provided the claim chart shown on Page 34 |

219

| | | |
|---|---|---|
| 04:08:25 | 1 | which does not go down to the level of |
| 04:08:28 | 2 | elements of claims. |
| 04:08:29 | 3 | Q. All right. So your opinion, at least with |
| 04:08:37 | 4 | respect to Claim 1, is that Bennett, Egdahl, |
| 04:08:42 | 5 | the AMS brochure, AMS rules, Doyle patent, |
| 04:08:48 | 6 | Stachura84, Nathanson85 and Dornfest84, in |
| 04:08:54 | 7 | combination, rendered Claim 1 obvious, |
| 04:08:56 | 8 | right? |
| 04:08:56 | 9 | A. Yes. And it may be that some subset of them |
| 04:09:01 | 10 | also renders it obvious, but it's at least |
| 04:09:04 | 11 | an easy claim -- sorry, it's at least a |
| 04:09:08 | 12 | claim I can easily agree with that this |
| 04:09:11 | 13 | combination will render it obvious. |
| 04:09:14 | 14 | Q. You have not identified anywhere in your |
| 04:09:17 | 15 | report any other combination of references |
| 04:09:21 | 16 | that would render Claim 1 invalid for |
| 04:09:26 | 17 | obviousness, other than that combination |
| 04:09:28 | 18 | which is disclosed on Page 34, correct? |
| 04:09:31 | 19 | A. Correct. |
| 04:09:31 | 20 | Q. And for any one of the asserted claims you |
| 04:09:34 | 21 | have not identified anywhere in your report |
| 04:09:35 | 22 | any other combination of references other |
| 04:09:39 | 23 | than those that appear in Claim 34 that in |
| 04:09:43 | 24 | combination would render any asserted claim |
| 04:09:48 | 25 | invalid for obviousness, correct? |

| | | |
|---|---|---|
| 04:15:43 | 1 | argument. |
| 04:15:44 | 2 | Q.  And you haven't endeavored, at least as of |
| 04:15:58 | 3 | today, to form an opinion regarding a |
| 04:16:00 | 4 | combination of fewer references than for |
| 04:16:07 | 5 | each asserted claim for your opinion of |
| 04:16:10 | 6 | obviousness other than those listed on 34, |
| 04:16:12 | 7 | plus the five references, Snyder, |
| 04:16:16 | 8 | Mohlenbrock, Gibbons, Miller and Gallant, |
| 04:16:20 | 9 | correct? |
| 04:16:20 | 10 | A.  That is correct.  I have not attempted to |
| 04:16:22 | 11 | find a smaller subset to date. |
| 04:16:23 | 12 | Q.  And you have not attempted to find what the |
| 04:16:32 | 13 | best combination from all of those |
| 04:16:34 | 14 | references is for any one of the asserted |
| 04:16:38 | 15 | claims, correct? |
| 04:16:39 | 16 | A.  I'm not sure what a best combination would |
| 04:16:41 | 17 | be, but I haven't -- even without knowing |
| 04:16:44 | 18 | it, I know I haven't tried to do it, but |
| 04:16:46 | 19 | before I could do it, I would need to know |
| 04:16:48 | 20 | what "best" meant. |
| 04:16:49 | 21 | Q.  And you also have not determined for any of |
| 04:16:54 | 22 | the asserted claims which one, if any, of |
| 04:17:01 | 23 | the references that you've cited on the |
| 04:17:04 | 24 | chart on 34 plus the other five references |
| 04:17:07 | 25 | would be unnecessary to an opinion of |

225

| | | |
|---|---|---|
| 04:20:09 | 1 | it, if I've got your question right.  You're |
| 04:20:12 | 2 | frowning, so perhaps I misunderstood the |
| 04:20:14 | 3 | question. |
| 04:20:24 | 4 | Q.  In analyzing, for instance, all of the |
| 04:20:26 | 5 | references that you are relying on for your |
| 04:20:28 | 6 | obviousness opinion regarding, for instance, |
| 04:20:32 | 7 | Claim 1, did you attempt to determine what |
| 04:20:38 | 8 | claim element or claim elements were missing |
| 04:20:42 | 9 | from a particular reference and then |
| 04:20:47 | 10 | determine whether or not that reference |
| 04:20:50 | 11 | suggested combining it with another |
| 04:20:54 | 12 | reference that would satisfy the missing |
| 04:20:57 | 13 | elements from the first reference? |
| 04:21:00 | 14 | A.  I understand.  No, I don't believe I did |
| 04:21:10 | 15 | that kind of analysis on these. |
| 04:21:12 | 16 | Q.  So for any one of the asserted claims you |
| 04:21:18 | 17 | did not examine each reference to determine |
| 04:21:24 | 18 | if it suggested combining it with another |
| 04:21:29 | 19 | one of the listed references in order to |
| 04:21:33 | 20 | satisfy the missing claim elements from the |
| 04:21:36 | 21 | first reference, correct? |
| 04:21:40 | 22 | MR. SEGAL:  Vague and |
| 04:21:45 | 23 | mischaracterizes his earlier testimony. |
| 04:21:47 | 24 | A.  There were a number of cases here in this |
| 04:21:58 | 25 | table where I think these references are |

228

| | | |
|---|---|---|
| 04:22:02 | 1 | adequate by themselves, okay? But there may |
| 04:22:06 | 2 | also be ones where, as you say, a claim |
| 04:22:09 | 3 | element was missing. I did not examine |
| 04:22:13 | 4 | these to see if they suggested combining in |
| 04:22:16 | 5 | such a fashion as to cover all the claim |
| 04:22:18 | 6 | elements in the cases where a claim element |
| 04:22:21 | 7 | might have been missing. |
| 04:22:23 | 8 | Q.   Okay. So to draw an analogy, you looked at, |
| 04:22:27 | 9 | for instance, any given claim and the |
| 04:22:29 | 10 | elements that are contained in that claim as |
| 04:22:32 | 11 | a puzzle, for instance, with each element |
| 04:22:35 | 12 | representing a piece to the puzzle? Do you |
| 04:22:38 | 13 | follow me so far? |
| 04:22:39 | 14 | MR. SEGAL: Objection, vague. |
| 04:22:39 | 15 | A.   I follow the analogy. I'm not sure I |
| 04:22:43 | 16 | believe it, but I follow it. |
| 04:22:44 | 17 | Q.   And so did you then look at the prior art |
| 04:22:47 | 18 | and determine what pieces of prior art would |
| 04:22:50 | 19 | satisfy the elements and then combine them |
| 04:22:52 | 20 | to render the claim obvious? |
| 04:22:56 | 21 | A.   No, I don't think that's how I thought about |
| 04:22:58 | 22 | it. I think I was looking at these prior |
| 04:23:03 | 23 | art references as things that rendered the |
| 04:23:08 | 24 | claim obvious; that is, they had all of the |
| 04:23:15 | 25 | elements of the claim. |

229

| | | |
|---|---|---|
| 04:23:16 | 1 | Now, I would have to go back and see |
| 04:23:18 | 2 | whether I want to take any of those out on |
| 04:23:20 | 3 | that standard, but I believe they cover -- |
| 04:23:26 | 4 | I'm hesitating because I would have to go |
| 04:23:28 | 5 | back and look. Let me back up. I did not |
| 04:23:32 | 6 | approach this as if it were a puzzle of |
| 04:23:34 | 7 | independent pieces. |
| 04:23:35 | 8 | Q. All right. Looking -- well, let me just ask |
| 04:23:37 | 9 | you a few questions about this. I'll just |
| 04:23:40 | 10 | take, for instance, Claim 1 on the chart on |
| 04:23:43 | 11 | Page 34. Did you examine, for instance, the |
| 04:23:46 | 12 | Bennett patent to determine if it suggested |
| 04:23:49 | 13 | in any way that you should combine it with |
| 04:23:55 | 14 | the Doyle patent to solve a problem that was |
| 04:23:59 | 15 | solved by Claim 1 of the '164 patent? |
| 04:24:03 | 16 | A. No. I think I can say in general I did not |
| 04:24:07 | 17 | try to look at these to see if they |
| 04:24:09 | 18 | suggested combining among themselves. |
| 04:24:12 | 19 | Q. And that's true of any of the asserted |
| 04:24:15 | 20 | claims with respect to your opinions in your |
| 04:24:19 | 21 | expert report, correct? |
| 04:24:19 | 22 | A. That's correct. But keep in mind that I |
| 04:24:24 | 23 | believe many of these cover the -- all the |
| 04:24:27 | 24 | elements of the claim. So the combination |
| 04:24:29 | 25 | would not be necessary. Where the |

230

| 04:24:35 | 1 | | combination is necessary I haven't come up |
| 04:24:37 | 2 | | with the subset and the motivations for |
| 04:24:40 | 3 | | combining, but I did not approach this as if |
| 04:24:43 | 4 | | it were independent pieces of a jigsaw |
| 04:24:46 | 5 | | puzzle. |
| 04:24:49 | 6 | Q. | Well, in order to support your opinion that |
| 04:24:52 | 7 | | the asserted -- any one of the asserted |
| 04:24:54 | 8 | | claims is invalid, you are relying on a |
| 04:24:57 | 9 | | combination of art or systems, correct? |
| 04:24:59 | 10 | A. | No.  This takes us back to a little earlier. |
| 04:25:05 | 11 | | I tried to say it carefully, so let me say |
| 04:25:08 | 12 | | it again, that this is an exhaustive list -- |
| 04:25:13 | 13 | | let's take Row No. 1.  It's an exhaustive |
| 04:25:16 | 14 | | list of all the prior art references that |
| 04:25:18 | 15 | | seem to me to have an impact on Claim No. 1, |
| 04:25:22 | 16 | | okay?  I did not analyze -- I did not report |
| 04:25:25 | 17 | | them down to the level of individual |
| 04:25:27 | 18 | | elements, but this row (indicating), for |
| 04:25:30 | 19 | | example, is not there to suggest that eight |
| 04:25:37 | 20 | | different things are needed in order to |
| 04:25:40 | 21 | | cover Claim No. 1.  That wouldn't even make |
| 04:25:42 | 22 | | sense, because Claim No. 1 only had, you |
| 04:25:46 | 23 | | know, three or four elements to it.  So this |
| 04:25:49 | 24 | | is a list of any of the prior art references |
| 04:25:55 | 25 | | that had an impact on -- that by itself had |

| | | |
|---|---|---|
| 04:25:58 | 1 | an impact on Claim No. 1. |
| 04:26:00 | 2 | Q.  On any one of the elements of Claim No. 1? |
| 04:26:03 | 3 | A.  What I haven't done is make sure that they |
| 04:26:05 | 4 | have an impact on either all of the elements |
| 04:26:07 | 5 | or if they didn't, to specify at that next |
| 04:26:11 | 6 | level of detail.  I agreed with that |
| 04:26:13 | 7 | earlier.  I haven't reported that here. |
| 04:26:15 | 8 | Q.  Actually, what you testified to is it's 13 |
| 04:26:18 | 9 | references that should be included in Box |
| 04:26:20 | 10 | No. 1, correct? |
| 04:26:21 | 11 | A.  Fair enough.  Because -- well, Egdahl needs |
| 04:26:33 | 12 | one of the five things we listed from the |
| 04:26:35 | 13 | box on Page 37 to establish the suggestion |
| 04:26:38 | 14 | to combine, okay?  So that's -- it's Egdahl |
| 04:26:41 | 15 | that needs the suggestion to combine |
| 04:26:43 | 16 | reference. |
| 04:26:44 | 17 | So it's more like -- what is it? -- so |
| 04:26:53 | 18 | it's nine things that would be in there but |
| 04:26:55 | 19 | not because nine things are needed to be |
| 04:26:58 | 20 | combined to cover Claim No. 1.  That's not |
| 04:27:01 | 21 | what that's intended to represent.  So it |
| 04:27:04 | 22 | shouldn't be read that way.  There aren't |
| 04:27:08 | 23 | nine things to be accounted for in Claim |
| 04:27:09 | 24 | No. 1. |
| 04:27:10 | 25 | Q.  But you have not expressed in your report |

232

| | | |
|---|---|---|
| 04:27:15 | 1 | nor are you prepared today to testify |
| 04:27:19 | 2 | regarding which combination less than the, |
| 04:27:25 | 3 | for instance, 13 references on Row -- on |
| 04:27:29 | 4 | Claim 1 support your obviousness opinion, |
| 04:27:32 | 5 | correct? |
| 04:27:32 | 6 | A.    I'm not prepared to do that as we sit here, |
| 04:27:34 | 7 | yes. |
| 04:27:40 | 8 | Q.    All right.  And you -- in rendering your |
| 04:27:42 | 9 | obviousness opinion for each of the asserted |
| 04:27:43 | 10 | claims, you identified the prior art that |
| 04:27:48 | 11 | you believed was relevant to those claims, |
| 04:27:49 | 12 | correct? |
| 04:27:50 | 13 | A.    Yes. |
| 04:27:51 | 14 | Q.    Did you endeavor to determine if each of the |
| 04:27:55 | 15 | elements of that particular claim were |
| 04:28:01 | 16 | actually disclosed in the combination of |
| 04:28:05 | 17 | references that you have cited? |
| 04:28:07 | 18 | MR. SEGAL:  I'm going to object. |
| 04:28:09 | 19 | Mischaracterizes his testimony. |
| 04:28:11 | 20 | Q.    All of them? |
| 04:28:12 | 21 | A.    Not necessarily in combination.  You -- let |
| 04:28:18 | 22 | me start again. |
| 04:28:40 | 23 | If I may, let me take a slightly |
| 04:28:42 | 24 | different tack, and then if this doesn't |
| 04:28:44 | 25 | answer your question, you can reask the |

|          |    |                                                      |
|----------|----|------------------------------------------------------|
| 04:30:10 | 1  | additional five that you've mentioned,               |
| 04:30:12 | 2  | actually disclose all of the elements for            |
| 04:30:18 | 3  | the corresponding asserted claim, correct?           |
| 04:30:21 | 4  | A.  Well, look, I would be willing to take five       |
| 04:30:24 | 5  | minutes and do the best I can on that and             |
| 04:30:26 | 6  | give you --                                           |
| 04:30:27 | 7  | Q.  What I'm asking you, sir, is -- you know,         |
| 04:30:30 | 8  | it's now 4:30, and I'm at least entitled to           |
| 04:30:34 | 9  | determine what your opinions are from your            |
| 04:30:37 | 10 | report and what you came here to testify              |
| 04:30:41 | 11 | about.  And that's what I'm doing.                    |
| 04:30:43 | 12 | A.  Okay.                                             |
| 04:30:43 | 13 | Q.  And I think that you just simply have to          |
| 04:30:45 | 14 | answer my questions as they come without              |
| 04:30:47 | 15 | doing an analysis on the fly.  So my                  |
| 04:30:50 | 16 | question is still pending, and the question,          |
| 04:31:00 | 17 | I believe, is, aside from what you've just            |
| 04:31:02 | 18 | mentioned regarding Claim 3 -- strike that.           |
| 04:31:12 | 19 | I'll withdraw the question.                           |
| 04:31:13 | 20 | Did you, sir, in rendering your                       |
| 04:31:19 | 21 | opinions in this case attempt to analyze the          |
| 04:31:25 | 22 | collective combination of references that             |
| 04:31:31 | 23 | you have listed on Page 34, plus the                  |
| 04:31:33 | 24 | additional five that you have mentioned for           |
| 04:31:35 | 25 | each asserted claim, to determine                     |

235

| | | |
|---|---|---|
| 04:31:37 | 1 | specifically that that collection of |
| 04:31:39 | 2 | references disclosed each and every element |
| 04:31:42 | 3 | of the corresponding asserted claim, yes or |
| 04:31:44 | 4 | no? |
| 04:31:44 | 5 | A.   No. |
| 04:31:45 | 6 | MR. SEGAL:  Mischaracterizes the |
| 04:31:46 | 7 | testimony, objection. |
| 04:31:49 | 8 | Q.   You didn't do that in forming your opinions, |
| 04:31:51 | 9 | and you're not prepared to at least testify |
| 04:31:53 | 10 | to that today without kind of forming |
| 04:31:55 | 11 | opinions on the fly, correct? |
| 04:31:56 | 12 | A.   No, that's not correct.  In reviewing these |
| 04:32:07 | 13 | pieces of prior art, I did compare each of |
| 04:32:10 | 14 | them individually to the claim against which |
| 04:32:13 | 15 | they are listed, okay?  So I did do that |
| 04:32:15 | 16 | analysis.  What I failed to do is put that |
| 04:32:18 | 17 | level of detail into the report.  I did not |
| 04:32:23 | 18 | break it out by individual claim element. |
| 04:32:29 | 19 | I'm sorry, I said that badly.  I did not |
| 04:32:33 | 20 | break it out by individual claim element. |
| 04:32:45 | 21 | Q.   Mr. Davis, given that you did not for each |
| 04:32:49 | 22 | of the asserted claims determine if the |
| 04:32:55 | 23 | combination of prior art references that |
| 04:32:58 | 24 | you're relying on for each asserted claim -- |
| 04:33:00 | 25 | strike that. |

236

| | | |
|---|---|---|
| 04:33:02 | 1 | I think you've already answered this a |
| 04:33:04 | 2 | number of times. I just want to make sure |
| 04:33:06 | 3 | that we're clear on this, that you did not |
| 04:33:12 | 4 | examine all -- strike that. Strike the |
| 04:33:16 | 5 | question. |
| 04:33:17 | 6 | Did you, sir, in rendering your |
| 04:33:29 | 7 | validity opinions in this case determine |
| 04:33:35 | 8 | whether or not all of the elements in each |
| 04:33:37 | 9 | of the asserted claims were disclosed in the |
| 04:33:45 | 10 | collection of combined references that you |
| 04:33:50 | 11 | have listed on the chart on 34 plus the five |
| 04:33:53 | 12 | references that you've added? |
| 04:33:58 | 13 | MR. SEGAL: Objection, vague. |
| 04:33:59 | 14 | A. Please read it back. I'm not being |
| 04:34:01 | 15 | difficult, I just want to make sure -- this |
| 04:34:03 | 16 | is an important question -- that I |
| 04:34:05 | 17 | understand it right. |
| 04:34:05 | 18 | Q. I understand, sir -- let me see if we can |
| 04:34:07 | 19 | clear this up. |
| 04:34:08 | 20 | A. Okay. |
| 04:34:08 | 21 | Q. I understand your testimony that you looked |
| 04:34:11 | 22 | at each individual reference and determined |
| 04:34:14 | 23 | if it was relevant to one or more elements |
| 04:34:16 | 24 | of a particular claim -- |
| 04:34:17 | 25 | A. Good. |

237

| | | |
|---|---|---|
| 04:34:17 | 1 | Q. -- correct? |
| 04:34:18 | 2 | A. Good. I agree with that. Thank you. |
| 04:34:20 | 3 | Q. And you determined individually that the |
| 04:34:22 | 4 | references that you listed on Page 34 plus |
| 04:34:26 | 5 | the five additional references each |
| 04:34:29 | 6 | individually were relevant to one or more |
| 04:34:31 | 7 | elements of the corresponding claim, |
| 04:34:33 | 8 | correct? |
| 04:34:33 | 9 | A. Correct. |
| 04:34:34 | 10 | Q. What you did not do was determine -- to |
| 04:34:44 | 11 | determine whether or not the combination of |
| 04:34:45 | 12 | references cited on Page 34 plus the five |
| 04:34:47 | 13 | additional references actually disclosed |
| 04:34:49 | 14 | each and every element of each corresponding |
| 04:34:54 | 15 | asserted claim, correct? |
| 04:34:57 | 16 | A. That is correct. I would just add one thing |
| 04:34:58 | 17 | to that, that there are a number of cases |
| 04:35:02 | 18 | where the individual reference had all the |
| 04:35:06 | 19 | elements of the claim. But in the cases -- |
| 04:35:09 | 20 | if I were to go back through here and see |
| 04:35:12 | 21 | that there were cases where -- see if there |
| 04:35:13 | 22 | were references for which that is not the |
| 04:35:15 | 23 | case, I did not then look for the |
| 04:35:17 | 24 | combination it would cover. |
| 04:35:20 | 25 | Q. And in forming your opinions, you also did |

238

| | | |
|---|---|---|
| 04:35:22 | 1 | not analyze each individual reference or |
| 04:35:29 | 2 | system to determine if there was an express |
| 04:35:34 | 3 | suggestion to combine that reference with |
| 04:35:36 | 4 | one of the other references that you are |
| 04:35:38 | 5 | relying on in combination for your opinion, |
| 04:35:41 | 6 | correct? |
| 04:35:42 | 7 | MR. SEGAL:  Objection, vague. |
| 04:35:42 | 8 | A.  I believe that's substantially correct, yes. |
| 04:35:55 | 9 | Q.  Let me direct your attention to the claims. |
| 04:36:01 | 10 | So this is Page -- I'm sorry, Exhibit 1. |
| 04:36:07 | 11 | A.  In the patent, yes, I have it in front of |
| 04:36:09 | 12 | me. |
| 04:36:10 | 13 | Q.  Exhibit 1.  First let me ask you this, sir: |
| 04:36:19 | 14 | Do you see what follows Claim 1 of the |
| 04:36:27 | 15 | patent, which says, "In a computer system |
| 04:36:30 | 16 | having means for operating on a |
| 04:36:33 | 17 | predetermined database," et cetera, and it |
| 04:36:37 | 18 | at least concludes -- that first element |
| 04:36:38 | 19 | concludes with "comprising the steps of"? |
| 04:36:41 | 20 | Do you see that? |
| 04:36:42 | 21 | A.  Yes. |
| 04:36:42 | 22 | Q.  You -- did you -- do you understand that as |
| 04:36:45 | 23 | a preamble?  Are you familiar with that term |
| 04:36:49 | 24 | or not? |
| 04:36:49 | 25 | A.  Not by that term, but I think I understand |

239

| | | |
|---|---|---|
| 04:46:16 | 1 | examination -- |
| 04:46:16 | 2 | MR. SEGAL:  Given the hour -- |
| 04:46:18 | 3 | MR. RANDALL:  -- taking a break. |
| 04:46:18 | 4 | MR. SEGAL:  I think given the hour, |
| 04:46:19 | 5 | we need to have everyone just get up and |
| 04:46:22 | 6 | take a break. |
| 04:46:22 | 7 | MR. RANDALL:  All right.  That's |
| 04:46:23 | 8 | fine.  We can change the tape at the same |
| 04:46:25 | 9 | time. |
| 04:46:28 | 10 | THE VIDEOGRAPHER:  The time is |
| 04:46:33 | 11 | 4:46.  This is the end of Tape 5, and we are |
| 04:46:33 | 12 | going off the record. |
| 04:46:35 | 13 | (Recess taken.) |
| 04:57:29 | 14 | THE VIDEOGRAPHER:  The time is |
| 04:57:34 | 15 | 4:57.  This is the beginning of Tape 6, and |
| 04:57:36 | 16 | we are back on the record. |
| 04:57:37 | 17 | BY MR. RANDALL: |
| 04:57:38 | 18 | Q.  Mr. Davis, in forming your opinions in your |
| 04:57:42 | 19 | reports, did you analyze the commercial |
| 04:57:48 | 20 | success of the inventions? |
| 04:57:52 | 21 | A.  No, I didn't. |
| 04:57:54 | 22 | Q.  So is it fair to say, then, that you did not |
| 04:58:02 | 23 | apply either positively or negatively any |
| 04:58:07 | 24 | issue regarding commercial success in |
| 04:58:11 | 25 | forming your opinions in this case? |

246

| | | |
|---|---|---|
| 04:58:13 | 1 | A.   No. |
| 04:58:15 | 2 | Q.   That's correct, isn't it? |
| 04:58:16 | 3 | A.   I'm sorry, say it again.  I'll give you -- |
| 04:58:21 | 4 | Q.   That's a correct statement? |
| 04:58:22 | 5 | A.   That's a correct statement, yes.  I was |
| 04:58:25 | 6 | trying to agree with you. |
| 04:58:26 | 7 | Q.   And you are not prepared -- strike that. |
| 04:58:27 | 8 | You did not opine in your report and |
| 04:58:30 | 9 | you are not prepared today to talk about the |
| 04:58:34 | 10 | effect, if anything, of the commercial |
| 04:58:38 | 11 | success of the inventions on your opinions, |
| 04:58:40 | 12 | correct? |
| 04:58:40 | 13 | A.   Correct. |
| 04:58:41 | 14 | Q.   You also did not analyze the long-felt need |
| 04:58:50 | 15 | for the inventions in your report, correct? |
| 04:58:55 | 16 | A.   No, it -- sorry.  It was not in the report. |
| 04:59:05 | 17 | I have read what some of the other reports |
| 04:59:07 | 18 | had to say about that, and -- let me just |
| 04:59:14 | 19 | leave it at that. |
| 04:59:14 | 20 | Q.   All right.  So you neither expressed an |
| 04:59:20 | 21 | opinion in your report regarding the long- |
| 04:59:22 | 22 | felt need that -- for the inventions nor are |
| 04:59:25 | 23 | you prepared to testify regarding an opinion |
| 04:59:29 | 24 | today on the long-felt need of the |
| 04:59:32 | 25 | inventions, correct? |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

| | | |
|---|---|---|
| 04:59:33 | 1 | A.    Well, the only opinion I do have on that |
| 04:59:37 | 2 | today is that there seemed to be a kind of |
| 04:59:47 | 3 | contradiction in taking the position, both |
| 04:59:51 | 4 | that there was a long-felt need and people |
| 04:59:53 | 5 | didn't think it could be done.  It's not a |
| 04:59:56 | 6 | direct head-to-head contradiction, but it |
| 04:59:59 | 7 | seems a curious position taken by some of |
| 05:00:02 | 8 | the other experts' -- I should say in at |
| 05:00:05 | 9 | least one of the McKesson reports that there |
| 05:00:09 | 10 | was both a long-felt need and a belief that |
| 05:00:11 | 11 | you couldn't do this.  It's a little hard to |
| 05:00:15 | 12 | reconcile those two. |
| 05:00:22 | 13 | Q.    That -- let me focus on a few things.  You |
| 05:00:24 | 14 | did not in your report express any opinion |
| 05:00:27 | 15 | regarding the long-felt need of the |
| 05:00:29 | 16 | inventions, correct? |
| 05:00:30 | 17 | A.    Correct. |
| 05:00:30 | 18 | Q.    And you didn't intend to do so, correct? |
| 05:00:32 | 19 | A.    I think the answer is correct. |
| 05:00:38 | 20 | Q.    All right.  And you are not prepared today |
| 05:00:47 | 21 | to either provide an opinion or testify |
| 05:00:50 | 22 | regarding the long-felt need of the |
| 05:00:53 | 23 | inventions other than what you've just |
| 05:00:57 | 24 | mentioned; is that right? |
| 05:00:58 | 25 | A.    That's correct. |

248

Page 314

```
 1

 2

 3

 4

 5

 6

 7

 8

 9        I, RANDALL DAVIS, Ph.D., do hereby declare under

10   penalty of perjury that I have read the foregoing

11   transcript; that I have made any corrections as appear

12   noted, in ink, initialed by me, or attached hereto; that

13   my testimony as contained herein, as corrected, is true

14   and correct.

15        EXECUTED this  3rd  day of  January       ,

16   20 06  , at  Cambridge         ,  Mass         .
                    (City)                 (State)

17

18

19

20        _____
          RANDALL DAVIS, Ph.D.
21

22

23

24

25
```

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

eda2d3aa-55e7-49a7-af58-effb2c1a122e