EXHIBIT 28

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GMIS, INC., a corporation of the state of Delaware, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.<br>) 94-CV-0576<br>)<br>) |
| v. | )<br>)<br>) |
| HEALTH PAYMENT REVIEW, INC., a corporation of the state of Delaware, | )<br>)<br>)<br>) |
| Defendant. | ) **PRE-TRIAL MEMORANDUM**<br>) |
| HEALTH PAYMENT REVIEW, INC., a corporation of the state of Delaware, | )<br>)<br>)<br>) |
| Counterclaimant, | )<br>) |
| v. | )<br>) |
| GMIS, INC., a corporation of the state of Delaware, | )<br>)<br>) |
| Counterclaim Defendant. | )<br>)<br>) |

MCK 117113

04-CV-1258-SLR (D.Del.)

## INTRODUCTION

This pre-trial memorandum is being submitted on behalf of plaintiff GMIS, Inc. (hereinafter GMIS) in accordance with the pre-trial and trial procedures set forth by this Court.

## SUMMARY OF THE CASE

This action was commenced on January 31, 1994 by Plaintiff GMIS, Inc. against Defendant Health Payment Review, Inc. (hereinafter HPR) for, inter alia, tortuous misuse of U.S. Patent No. 5,253,164 ('164 patent) and a declaration of invalidity of this patent. This action is a result of:

1. HPR threatening GMIS with a suit for infringement of the '164 patent;

2. HPR using the '164 patent in an effort to divert customers and business from GMIS to HPR; and

3. HPR advising stock analysts who cover the GMIS stock of the existence of the '164 patent and its intent-to-assert the '164 patent against GMIS, all of which caused significant damage to the value of GMIS stock.

Rather than being put at a competitive disadvantage in the market place by reason of the actions of HPR complained of herein, GMIS initiated the present suit seeking, not only a declaration of invalidity and non-infringement of the HPR patent, but also relief under the common law of the state of Pennsylvania for interference with GMIS' business relations.

2

MCK 117114
04-CV-1258-SLR (D.Del.)

With respect to the patent in suit, it is plaintiff's position that the patent in suit is invalid, unenforceable and not infringed for the following reasons:

1. The claims of the '164 patent are invalid for failure to comply with the best mode requirement of 35 U.S.C. §112, ¶ 1.

2. The claims of the '164 patent are invalid for failure to distinctly claim the subject matter which applicants regard as their invention as required by 35 U.S.C. §112.

3. The claims of the '164 patent are invalid as being obvious over the prior art (35 U.S.C. §103).

4. The claims of the '164 patent are invalid as not reciting subject matter which is statutory as required by 35 U.S.C. §101.

5. The claims of the '164 patent are not infringed because the accused system of GMIS does not meet the limitations of the claims of the '164 patent either literally or by the doctrine of equivalents.

6. Does HPR have standing to assert the '164 patent.

7. The '164 patent is unenforceable because of inequitable conduct on the part of applicants.

With respect to the charge of tortious interference with business relations, GMIS will show that HPR interfered with GMIS' business relationships by improperly asserting its patent to potential GMIS customers driven solely by a desire to divert sales from GMIS to HPR when HPR knew, or should have known, that the patent did not cover the GMIS

3

product. GMIS will also show that HPR improperly advised stock analysts that the GMIS claimcheck product infringed the '164 patent when this was not the case, all in an effort to lower the value of the GMIS stock in the market.

A counterclaim has been filed by HPR asserting infringement of the '164 patent.

### PLAINTIFF'S WITNESSES

1. Dr. Shimon Schroken - Dr. Schroken is an expert witness skilled in the computer sciences art. Briefly, Dr. Schroken will testify with respect to the matters raised in his expert's report, a copy of which is attached hereto as Exh. A.

2. James Reisman - Mr. Reisman is a patent expert and will testify on the matters raised in his expert's report, a copy of which is attached hereto as Exh. B.

3. Thomas R. Owens - Mr. Owens is the chief executive of plaintiff GMIS and will testify to the business of GMIS' and the damages thereto as a result of threats made by defendant to stock analysts when the patent issued that a law suit would be commenced against GMIS.

4. Dr. Robert Hertenstein, a named inventor of the '164 patent - Dr. Hertenstein will testify by way of deposition as to the background of the '164 patent, what the patent discloses and what it fails to disclose.

5. Dr. Don Holloway, a named inventor of the '164 patent - Dr. Holloway will testify by way of deposition as to the background of the '164 patent, what the patent discloses and what it fails to disclose.

4

MCK 117116

04-CV-1258-SLR (D.Del.)

6. Kelly Dugan, a named inventor of the '164 patent - Ms. Dugan will testify by way of deposition concerning the background of the '164 patent with respect to the subject matter of the patent and what she did and what the patent discloses and does not disclose.

7. Virginia Klenske - Ms. Klenske is a technical person employed by GMIS and will testify with respect to the accused GMIS system demonstrating why there is no infringement.

8. Michael Stare - Mr. Stare is employed by defendant and will testify by way of deposition concerning threats made on behalf of defendant to GMIS customers with respect to the '164 patent.

9. George Goldberg, a named inventor of the '164 patent - Dr. Goldberg will testify by way of deposition concerning his work on the subject matter of the '164 patent in and what the patent does and does not disclose, and prior art.

10. Marsha Radosevich - Ms. Radosevich is the chief executive of defendant and will testify concerning communications made by and on behalf of defendant with respect to the patent in suit.

11. Garry Frazier - Mr. Frazier is a stock analyst and will testify concerning communications he received from representatives of defendant concerning the '164 patent and its effect on plaintiff.

5

MCK 117117
04-CV-1258-SLR (D.Del.)

PLAINTIFF'S EXHIBITS

A list of plaintiff's exhibits is attached hereto.

PLAINTIFF'S ITEMIZED STATEMENT OF
DAMAGES OR OTHER RELIEF SOUGHT

1. Judgment that the '164 patent is invalid, not infringed and unenforceable.

2. An injunction against defendant advising third parties that GMIS is infringing the '164 patent.

3. An injunction against HPR using the '164 patent to divert business from GMIS to HPR.

4. Punitive and compensory damages of $12,000,000 by reason of the acts of HPR complained of in the second count.

5. Attorneys fees and such other and further relief as the Court deems just and proper.

STATEMENT OF ANTICIPATED LEGAL ISSUES
ON WHICH THE COURT WILL BE REQUIRED TO RULE

It is anticipated that Defendant HPR will attempt, as part of its damage case, to assert a claim for damages based on the activities of GMIS prior to the issuance of the '164 patent. This Court in *Mixing Equipment Co., Inc. v. Innova-Tech, Inc.*, 2 U.S.P.Q. 1212 (E.D.P.A. 1986), held that a cause of action for patent infringement may be maintained against a defendant for inducement of infringement arising out of actions occurring prior to the issuance of the patent. However, this ruling was predicated on the

6

MCK 117118

fact that an infringer "having access to the inventor's forthcoming patent" can not escape liability for infringement by acts immediately prior to the patent's issuance that result in post issuance infringement. The Court's concern was that the "intentional, tactical violations of an inventor's patent...[would] not go uncompensated as a result of a sterile reading of the patent laws." Id. at 1214. Here, of course, GMIS had no knowledge of the existence of a pending application by HPR and thus, it can not be held liable for purported acts of infringement occurring prior to the issue date of the '164 patent. As such, all evidence that will be offered by HPR as to purported infringing acts of GMIS prior to the issue date of the '164 patent should be excluded.

THEODORE A. YOUNG
I.D. No. 09976
ROBERT F. ZIELINSKI
I.D. No. 48393
FRANK G. MURPHY
I.D. No. 65886
FOX, ROTHSCHILD, O'BRIEN & FRANKEL
2000 Market Street, 10th Floor
Philadelphia, PA  19103
(215) 299-2000

Attorneys for Plaintiff
GMIS, Inc.

7

<u>Of Counsel</u>
Richard I. Samuel
Peter T. Cobrin
David A. Jacobs
Richard M. Lehrer
COBRIN GITTES & SAMUEL
750 Lexington Avenue
New York, New York 10022
(212) 486-4000

f:\wpdata\lucy\gmis\pretrial.mem

8

UNITED STATES DISTRICT COURT
FOR: EASTERN DISTRICT OF PENNSYLVANIA
(Judge Newcomer's Courtroom)

Admitted By:

        Plaintiff(s) __X__

        or                    Case No. 94-CV-0576

        Defendant(s) ____

| EXHIBIT LIST ||||||
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| 1 | | | | U.S. Patent No. 5,253,164 |
| 2 | | | | File Wrappers for Serial Nos. 07/252,307, 07/566,841, 07/648,314 |
| 3 | | | | GMIS AUTOCODER Promotional Brochure, An Automated System for Coding Medical Terms, 1985 |
| 4 | | | | AUTOCODER Brochure, Artificial Intelligence that Sets Free Your Human Intelligence, © 1986 |
| 5 | | | | GMIS AUTOCODER User's Manual for IBM OS Operating Systems (July 1986) |
| 6 | | | | Hertenstein et al., Article presented at the 107th Annual Meeting of the American Surgical Association, Palm Beach Florida, April 21-23, 1987 (reprinted in Ann. Surg., September 1987 "An Access-oriented Negotiated Fee Schedule – The Caterpillar Experience" |

1

MCK 117121
04-CV-1258-SLR (D.Del.)

| EXHIBIT LIST | | | | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| 7 | | | | January 28, 1994 fax from Judy Griffith to Michael J. Stare regarding "Health Payment Review's Codereview® Product Awarded U.S. Patent" |
| 8 | | | | Article on PR Newswire ("Companies are Controlling Health Care Cost Increases", dateline September 11, 1987) |
| 9 | | | | U.S. Patent No. 4,491,725 to Pritchard, issued January 1, 1985 |
| 10 | | | | January 6, 1994 letter to Thomas Owens from Marcia Radosevich regarding U.S. Patent No. 5,353,164 |
| 11 | | | | "GMIS Files Complaint Against HPR" January 31, 1994 - Release |
| 12 | | | | Article on PR Newswire ("Tracking claims cost trends; data-processing application", February 1985) |
| 13 | | | | Article in Nations Business (May 1985, "Slimming Health Costs: Companies Turn to Outside Administrators to Check Fees and Charges from Doctors and Hospitals; Includes Related Article on Bypassing Heart Surgery") |
| 14 | | | | AMS December 1986, Claim Level Edits (103 page manual) |
| 15 | | | | Advanced MedLogic Systems Product Overview (May 1987) |

MCK 117122
04-CV-1258-SLR (D.Del.)

| EXHIBIT LIST |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| 16 | | | | CHAMPVA Center (Response to Request for Proposal with accompanying letter to Kimberly Miller, June 7, 1994) |
| 17 | | | | IMS Instructions for Installation of the Version 13 Database for Version 3.0 Clients |
| 18 | | | | March 1994 letter to ClaimCheck® Technical Contact from GMIS Technical Support enclosing installation package for Version 13 of the ClaimCheck database (13MFLET.DOC) |
| 19 | | | | Group Health - Custom Code or Non-Standard Client Installations (custom.doc) |
| 20 | | | | Software Migration and Delivery Procedures for Mainframe ClaimCheck (swdel.doc) |
| 21 | | | | Contact Report - January 25, 1994 |
| 22 | | | | TURNOVER; Subject: Bad account in integration (6/23/94) (1923.doc) |
| 23 | | | | Letter to Mary Alice Hickey from Carolyn Staudenmeier, date July 22, 1994 along with ClaimCheck Customer Support Services (Hickey.doc) |
| 24 | | | | Letter to Jan Costa from Carolyn Staudenmeier, date July 22, 1994 along with ClaimCheck Customer Support Services (Hickey.doc) |

3

MCK 117123
04-CV-1258-SLR (D.Del.)

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | EXHIBIT LIST | | |
| 25 | | | | (shenandh.ppt)<br>- Data Filtering Process for Shenandoah Life Insurance Company<br>- Dental Code Manipulation Savings<br>- Dental Code Manipulation Savings for Codes Adding During Rebundling<br>- Additional Code Manipulation Savings,<br>- Provider Profile<br>- Savings Potential for Single Code Editing<br>- Total Annual "Hard Dollar" Savings |
| 26 | | | | Dental Payment Analysis, Prepared for Shenandoah Life Insurance Company, date July 12, 1994 (shenandh.doc) |
| 27 | | | | ClaimCheck Dental Clinical Logic Diagnostic (dnxrexpd.doc) |
| 28 | | | | Letter to Ms. Kathleen Hadley, July 12, 1994 and attachments |
| 29 | | | | Letter to Jim Jacobson, July 18, 1994 and attachments |
| 30 | | | | Letter to Mr. Buddy Dye, July 14, 1994 |
| 31 | | | | INCTST.DOC examples |
| 32 | | | | GMIS Proposal for IBP, Inc., November 1, 1993 |
| 33 | | | | R3.2 Dental System Test Plan |

4

| | EXHIBIT LIST | | | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| 34 | | | | Preliminary Product Strategy (ClaimCheck Group Health 1994, prepared by Carolyn Staudenmeier, October 1, 1993) |
| 35 | | | | ClaimCheck Group Health Competitive Analysis (3/1/94) |
| 36 | | | | Memo from Terry Lunny to Lori Megni and Mike Cesarz, Re: Reports, Request for change (6/30/94) |
| 37 | | | | ClaimCheck P&C Product Strategy (prepared by: Debi Johnson, October 1, 1993, revised: October 15, 1993 |
| 38 | | | | Letters to Robert Calamavi, Laura Shotberger, Gerald Mele, Geri Zimmerman and Roger Rheeling with enclosures from Michael Stare, March 11, 1994 and January 24, 1994 |
| 39 | | | | Fax to Carolyn Bannister from Michael Stare, January 25, 1994 |
| 40 | | | | Article in New York Times, January 24, 1994, "Health Care System Finds Overpayment" |
| 41 | | | | Dow Jones/New Retrieve - Patent Relates to ClaimCheck by Jonathan Mahler |
| 42 | | | | Volpe Welty & Co. Memo to All Sales & Trading from Paul W. Brown regarding GMIS, January 20, 1994 |

MCK 117125

04-CV-1258-SLR (D.Del.)

| EXHIBIT LIST | | | | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| 43 | | | | ClaimCheck Enhancements & Bugs (8/9/94) |
| 44 | | | | Articles written by Donald Holloway, George Goldberg, Kelli Dugan and/or Robert Hertenstein |
| 45 | | | | Articles written by Paul Gertman |
| 46 | | | | Articles written by Richard Egdahl |
| 47 | | | | Analysts Report: Ben Rooks/Adams Harkenss & Hill, January 21, 1994 report announcing/predicting effect of HPR patent |
| 48 | | | | Analyst Report: Gary Frazier - January 24, 1994 Discussing Four Seasons conversation with Hertenstein |
| 49 | | | | Letter from Radosevich to Owens regarding infringement |
| 50 | | | | Examples set forth in patent run through claimcheck product showing different results |
| 51 | | | | WordPerfect Version 4.1 (1982) showing implementation of Spell Checking Feature |
| | | | | |
| | | | | |

f:\wpdata\lucy\gmis\exhibit.lst

6

MCK 117126

04-CV-1258-SLR (D.Del.)