# EXHIBIT 29

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 04-1258 (SLR) |
| THE TRIZETTO GROUP, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT THE TRIZETTO GROUP, INC.'S
FIRST SET OF INTERROGATORIES (1-20)**

Pursuant to Fed. R. Civ. P. 33, TriZetto Group, Inc., ("TRIZETTO") hereby requests that plaintiff McKesson Information Solutions, LLC ("McKESSON") respond in writing to the following interrogatories within thirty (30) days of their service.

## INSTRUCTIONS

1.  These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

2.  The terms "and" and "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of a discovery request any information which might otherwise be construed to be outside of its scope.

3.  No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

S 12/14/04

4.  In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

 A.  In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

 B.  The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

   (1)  For oral communications:

    a.  the name of the PERSON making the communication and the names of the PERSONS present while the communication was made, and, where not apparent, the relationship of the PERSONS present to the PERSON making the communication;

    b.  the date and place of the communication; and

    c.  the general subject matter of the communication.

   (2)  For documents:

    a.  the type of document,

    b.  the general subject matter of the document,

    c.  the date of the document, and

    d.  such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

7. All terms capitalized in these Interrogatories are defined in the definition section.

## DEFINITIONS

1. "YOU" or "YOUR" means McKesson Information Solutions, LLC., and any subsidiaries, divisions, branches, predecessors or successors in business, and any entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including any present or former agents, employees, officers, directors, insurance companies, attorneys, accountants, investigators, and consultants of the foregoing.

2. "The '164 PATENT" means U.S. Patent No. 5,253,164.

3. The term "DOCUMENTS" includes the plural as well as the singular, and is synonymous with the terms "writing" and "recording" as defined in Rule 1001 of the Federal Rules of Evidence, and is intended to include without limitation any handwritings, typewritings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming and every other form of recording upon any tangible thing, any form of communication or representation including letters, words, numbers, symbols, pictures, sounds, or combinations thereof, any stored information or databases, whether maintained on paper, magnetic or electronic media, floppy disks, CD-ROMs, hard drives, zip drives, tapes or on other computer

storage, or any other manner including the originals, or if the originals are unavailable, the duplicates of said DOCUMENTS, from which information can be obtained or translated.

4.   The term "PERSON" shall include both natural PERSONS and corporate or other business entities, whether or not in the employ of a party, and the acts and knowledge of a PERSON are defined to include the acts and knowledge of that PERSON'S directors, officers, members, employees, representatives, agents, and attorneys.

5.   The term "IDENTIFY" means, with regards to documents, to:

   (a)   describe the nature of the document (e.g., letter or memorandum);

   (b)   state the date of the document and its bates or control numbers, if any;

   (c)   identify the PERSON who sent and received the original and any copy of the document;

   (d)   state in as much detail as possible the contents of the document; and

   (e)   state the manner and date of the disposition of the document.

6.   The term "IDENTIFY," with respect to PERSONS, shall mean to state the PERSON'S:

   (a)   Individual, company, or corporate name;

   (b)   last known address; and

   (c)   last known phone number.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State in detail YOUR construction of each term of each asserted claim of the '164 PATENT, by means of a claim chart (including whether YOUR construction is based on the ordinary meaning, any intrinsic and extrinsic support for YOUR definition, whether YOU

contend that any claim term has any meaning other than its ordinary meaning, and any evidence YOU contend supports a construction other than the ordinary meaning).

**INTERROGATORY NO. 2:**

Describe in detail how each asserted claim of the '164 PATENT has been infringed by TRIZETTO (including, for each system or product accused of being infringed, stating in detail, by means of a claim chart, YOUR contention as to where each limitation of the asserted claim is found in the accused infringing TRIZETTO system or product and whether YOU are asserting literal infringement or infringement under the doctrine of equivalents).

**INTERROGATORY NO. 3**

For each asserted claim of the '164 PATENT, describe in detail the alleged conception of each claimed invention (including, but not limited to, the date each claimed invention was first conceived, the names of all PERSONS who participated in the conception of the claimed invention, the contribution made by each PERSON, and any documents related to that conception).

**INTERROGATORY NO. 4:**

For each asserted claim of the '164 PATENT, describe in detail the first reduction to practice (either actual or constructive) of each claimed invention (including but not limited to the circumstances of the reduction to practice, the date(s) of the reduction to practice, identification of all PERSONS who participated in the reduction to practice, the contribution made by each PERSON, and any documents that relate to that reduction to practice).

**INTERROGATORY NO. 5:**

For each TRIZETTO system or product that YOU contend infringes the '164 PATENT, describe the circumstances under which YOU or YOUR predecessor-in-interest first became

aware of that system or product and its alleged infringement (including, but not limited to, the date(s) upon which YOU or YOUR predecessor-in-interest first became aware of such product, the date upon which YOU or YOUR predecessor-in-interest first became aware that such product allegedly infringed the '164 patent, and identification of all PERSONS involved and all documents relating thereto).

**INTERROGATORY NO. 6:**

For each asserted claim of the '164 PATENT, describe any disclosures of the subject matter thereof prior to the date on which the application for the '164 PATENT was filed (including but not limited to, all prior written publications, all sales, all offers to sell, and/or public uses of any product or system embodying or practicing any claimed invention of the '164 PATENT, the dates of any such disclosures, sales, offers for sale and/or public uses, an identification of the products or systems sold, offered for sale and/or publicly used, and an identification of the PERSONS involved in the disclosure, sale, offer, and/or public use and all documents relating thereto).

**INTERROGATORY NO. 7:**

IDENTIFY each product or system ever made, sold, or licensed by YOU, by YOUR predecessor-in-interest, by the named inventors of the '164 PATENT, or by any owner, assignee, or licensee of the '164 PATENT that embodies, practices, or uses any of the alleged inventions claimed in the '164 PATENT including the specific claim(s) of the '164 PATENT that are embodied, practiced, or used in or by each such product or system and the product name, model number, trade name, trademark or other indicia and the dates each product or system was made, sold, or licensed.

**INTERROGATORY NO. 8:**

For each product or system, the identification of which is sought by Interrogatory Number 7, IDENTIFY the PERSONS most knowledgeable about that product or system and state when it was first described in a printed publication, publicly disclosed, or offered for sale and sold anywhere in the world.

**INTERROGATORY NO. 9:**

IDENTIFY all prior art to the '164 PATENT (including publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures) which YOU, the named inventors of the '164 PATENT, any owner, assignee or licensee of the '164 PATENT, or any patent agent or attorney acting on behalf of the named inventors of the '164 PATENT, were aware prior to filing the '164 PATENT.

**INTERROGATORY NO. 10:**

For every item of prior art the identification of which is sought by Interrogatory No. 9, describe how the prior art was located and the PERSON most knowledgeable about the location of that prior art, and identify all documents relating thereto.

**INTERROGATORY NO. 11:**

Describe in detail any investigation, analysis, testing, studying, or reverse engineering of every TRIZETTO product that YOU have ever considered to infringe or possibly infringe any claim(s) of the '164 PATENT (including, but not limited to, the identification of all PERSONS involved, the nature of each such PERSON'S involvement, the time period of the PERSON'S involvement, any conclusions reached, and any documents relating thereto).

7

**INTERROGATORY NO. 12:**

IDENTIFY and describe any secondary considerations or objective evidence of nonobviousness (e.g. commercial success, long-felt need, expressions of skepticism or disbelief, copying, etc.) that YOU contend support or evidence the purported nonobviousness of the subject matter claimed in the '164 PATENT, and identify all documents supporting such contention.

**INTERROGATORY NO. 13:**

State the amount of damages to which YOU claim to be entitled from TRIZETTO in this action, and the method used to calculate those damages, and identify all documents relating thereto.

**INTERROGATORY NO. 14:**

State the royalty rate or rates YOU contend are a "reasonable royalty" under 35 U.S.C. § 284 for the alleged infringement of the '164 PATENT, and how that royalty rate(s) was determined (including all facts and contentions that support the use of the royalty rate, and all DOCUMENTS that YOU contend support YOUR asserted royalty rate).

**INTERROGATORY NO. 15:**

IDENTIFY all reference materials, including without limitation books, publications, and computer software, that were used or relied upon by any of the inventors of the '164 patent during its conception, development or reduction to practice.

**INTERROGATORY NO. 16:**

IDENTIFY all PERSONS, in addition to the inventors, who may have contributed to the conception, development or reduction to practice of the invention claimed in the '164 PATENT.

**INTERROGATORY NO. 17:**

IDENTIFY all PERSONS involved with the conception, development or commercialization of Health Payment Review, Inc.'s CodeReview product.

**INTERROGATORY NO. 18:**

Identify all materials used which were the basis of the CodeReview product, including all prior software, medical device codes and sets of relationships among the medical device codes.

**INTERROGATORY NO. 19:**

IDENTIFY the programming language or languages used, and any commercial software products used to define the programming environment and/or to assist in the coding of the knowledge base and knowledge base interpreter portions of the system discussed in '164 PATENT as included in the patent's specification and appendices.

**INTERROGATORY NO. 20:**

Describe in detail the basis for YOUR allegation that TRIZETTO's alleged infringement of the '164 Patent has been willful and wanton.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Rodger D. Smith, II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Defendant
  The TriZetto Group, Inc.

9

OF COUNSEL:

John M. Benassi
Jessica R. Wolff
Matthew C. Lapple
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
(858) 720-2500

December 14, 2004

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that copies of the foregoing were caused to be served on December 14, 2004 upon the following in the manner indicated:

### BY HAND

Thomas J. Allingham, II
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301]

Jack B. Blumenfeld