EXHIBIT 30

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC,<br><br>        Plaintiff,<br>v.<br><br>THE TRIZETTO GROUP, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 04-1258-SLR |

**PLAINTIFF MCKESSON'S RESPONSE TO DEFENDANT TRIZETTO'S FIRST SET OF INTERROGATORIES (1-20)**

Pursuant to Federal Rule of Civil Procedure 33, plaintiff, McKesson Information Solutions LLC ("McKesson"), objects and responds as follows to the First Set of Interrogatories by defendant, The TriZetto Group, Inc. ("TriZetto").

**GENERAL OBJECTIONS**

McKesson makes the following General Objections, whether or not separately set forth in response to each interrogatory, to each and every instruction, definition, and question posed in the interrogatories:

1.  McKesson objects generally to interrogatories 1 through 20, inclusive, insofar as they seek production of documents or information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges. Such documents or information shall not be produced in response to any interrogatory, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such documents or information, or of any work product immunity doctrine or other

D 1/13/05

**INTERROGATORY NO. 6:**

For each asserted claim of the '164 PATENT, describe any disclosures of the subject matter thereof prior to the date on which the application for the '164 PATENT was filed (including but not limited to, all prior written publications, all sales, all offers to sell, and/or public uses of any product or system embodying or practicing any claimed invention of the '164 PATENT, the dates of any such disclosures, sales, offers for sale and/or public uses, an identification of the products or systems sold, offered for sale and/or publicly used, and an identification of the PERSONS involved in the disclosure, sale, offer, and/or public use and all documents relating thereto).

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory as vague and ambiguous, particularly with respect to the phrases "relating thereto" and "subject matter thereof." McKesson further objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information regarding the disclosure of any portion of the '164 patent or its claims. Such information could encompass, *inter alia*, every prior disclosure of a "computer system" or a "database." McKesson further objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information not within McKesson's possession, custody, or control. With respect to other parties' activities, the Federal Rules of Civil Procedure do not require McKesson to perform TriZetto's pre-trial investigation. McKesson further objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks documents and/or information regarding any disclosure by the named inventors or HPR, Inc. after September 30, 1987, as such information does not constitute prior art to the claims of the '164 patent. McKesson further objects to this interrogatory as compound and having multiple subparts. McKesson further objects to this

11

interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: Neither TriZetto nor any third-party have identified a disclosure, publication, sale, offer for sale, or public use that invalidates any claim of the '164 patent and McKesson is not aware of any such disclosure, publication, sale, offer for sale, or public use. To McKesson's knowledge, consistent with their obligation under 37 C.F.R. § 1.56, the inventors and prosecuting attorneys disclosed all material prior art of which they were aware to the United States Patent and Trademark Office during the prosecution of the '164 patent. Those prior art references are identified in the prosecution history of the '164 patent, a copy of which McKesson has produced to TriZetto. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 7:**

IDENTIFY each product or system ever made, sold, or licensed by YOU, by YOUR predecessor-in-interest, by the named inventors of the '164 PATENT, or by any owner, assignee, or licensee of the '164 PATENT that embodies, practices, or uses any of the alleged inventions claimed in the '164 PATENT including the specific claim(s) of the '164 PATENT that are embodied, practiced, or used in or by each such product or system and the product name, model number, trade name, trademark or other indicia and the dates each product or system was made, sold, or licensed.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

12

McKesson objects to this interrogatory as premature. Whether a product or system "embodie[s], practice[s], or use[s]" inventions claimed in the '164 patent requires a construction of the patent's claims, the proper determination of which will be made by the Court as a matter of law, and an application of that construction to a product or system that may require expert analysis. Furthermore, McKesson's damages investigation is ongoing and may require expert analysis which has not been completed. Moreover, as stated in McKesson's response to Interrogatory Number 1, TriZetto's request for McKesson's claim construction contentions is premature at this time. McKesson further objects to this interrogatory's use of "YOU" and "YOUR," as those terms are defined by TriZetto, as well as its request for information regarding any licensees' products or systems, as unduly burdensome, overbroad, and seeking information that is not within McKesson's possession, custody, or control and/or seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Under TriZetto's definitions, this interrogatory calls for the contentions, if any, of innumerable third-party individuals and entities with no connection to this action.

McKesson further objects to this interrogatory as vague and ambiguous, particularly with respect to the phrase "alleged inventions." The United States Patent and Trademark Office issued the '164 patent after due consideration of the prior art and all requirements for patentability. Accordingly, each claim of the '164 patent is presumed, as a matter of law, to describe a patentable invention. McKesson further objects to this interrogatory as compound and having multiple subparts. McKesson further objects to

this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: Neither TriZetto nor any third-party have identified a sale or offer for sale that invalidates any claim of the '164 patent and McKesson is not aware of any such sale or offer for sale. To McKesson's knowledge, consistent with their obligation under 37 C.F.R. § 1.56, the inventors and prosecuting attorneys disclosed all material prior art of which they were aware to the United States Patent and Trademark Office during the prosecution of the '164 patent. Those prior art references are identified in the prosecution history of the '164 patent, a copy of which McKesson has produced to TriZetto. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 8:**

For each product or system, the identification of which is sought by Interrogatory No. 7, IDENTIFY the PERSONS most knowledgeable about that product or system and state when it was first described in a printed publication, publicly disclosed, or offered for sale and sold anywhere in the world:

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory.

McKesson objects to this interrogatory for the same reasons stated in response to Interrogatory Number 7 and incorporates its response and objections to that interrogatory herein in their entirety.

McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 9:**

IDENTIFY all prior art to the '164 PATENT (including publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures) which YOU, the named inventors or the '164 PATENT, any owner, assignee or licensee of the '164 PATENT, or any patent agent or attorney acting on behalf of the named inventors of the '164 PATENT, were aware prior to filing the '164 PATENT.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory as vague and ambiguous, particularly with respect to the phrases "filing the '164 PATENT" and "prior art to the '164 PATENT." Without further definition or limitation to a particular field, this interrogatory is overbroad and unduly burdensome and/or improperly calls for a legal determination of what constitutes "prior art to the '164 PATENT." McKesson further objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information regarding the awareness of any individuals other than the named inventors and prosecuting attorneys, as such information is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory's use of the term "YOU," as that term is defined by TriZetto, as unduly burdensome, overbroad, and seeking information that is not within McKesson's possession, custody, or control and/or seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to

the discovery of admissible evidence. TriZetto's definition calls for information regarding the awareness, if any, of innumerable third-party individuals and entities with no connection to this action. McKesson further objects to this interrogatory as compound and having multiple subparts. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: To McKesson's knowledge, consistent with their obligation under 37 C.F.R. § 1.56, the inventors and prosecuting attorneys disclosed all material prior art of which they were aware to the United States Patent and Trademark Office during the prosecution of the '164 patent. Those prior art references are identified in the prosecution history of the '164 patent, a copy of which McKesson has produced to TriZetto. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 10:**

For every item of prior art the identification of which is sought by Interrogatory No. 9, describe how the prior art was located and the PERSON most knowledgeable about the location of that prior art, and identify all documents relating thereto.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory for the same reasons stated in response to Interrogatory Number 9 and incorporates its response and objections to that interrogatory

16

herein in their entirety. McKesson further objects to this request as vague and ambiguous, particularly with respect to the phrases "how the prior art was located," "location," and "relating thereto." McKesson further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "how the prior art was located," as such information is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: To McKesson's knowledge, consistent with their obligation under 37 C.F.R. § 1.56, the inventors and prosecuting attorneys of the '164 patent disclosed all material prior art of which they were aware to the United States Patent and Trademark Office during the '164 patent's prosecution. Those prior art references are identified in the prosecution history of the '164 patent, a copy of which McKesson has produced to TriZetto. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 11:**

Describe in detail any investigation, analysis, testing, studying, or reverse engineering of every TRIZETTO product that YOU have ever considered to infringe or possibly infringe any claim(s) of the '164 PATENT (including, but not limited to, the identification of all PERSONS involved, the nature of each such PERSON'S involvement, the time period of the PERSON'S involvement, any conclusions reached, and any documents relating thereto).

17

## RESPONSE TO INTERROGATORY NO. 11:

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory's use of "YOU," as that term is defined by TriZetto, as unduly burdensome, overbroad, and seeking information that is not within McKesson's possession, custody, or control and/or seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Under TriZetto's definitions, this interrogatory calls for the consideration, if any, of innumerable third-party individuals and entities with no connection to this action. McKesson further objects to this interrogatory as vague and ambiguous, particularly with respect to the phrases "conclusions reached" and "relating thereto." McKesson further objects to this interrogatory as compound and having multiple subparts. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: McKesson sent TriZetto a copy of the '164 patent on October 9, 2001 and engaged in licensing negotiations with TriZetto in 2003. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 12:**

IDENTIFY and describe any secondary considerations or objective evidence of nonobviousness (e.g. commercial success, long-felt need, expressions of skepticism or disbelief, copying, etc.) that YOU contend support or evidence the purported nonobviousness of the subject matter claimed in the '164 PATENT, and identify all documents supporting such contention.

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory's use of "YOU," as that term is defined by TriZetto, as unduly burdensome, overbroad, and seeking information that is not within McKesson's possession, custody, or control and/or seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Under TriZetto's definitions, this interrogatory calls for the contentions, if any, of innumerable third-party individuals and entities with no connection to this action.

McKesson further objects to this interrogatory as premature and unduly burdensome. Contention interrogatories of this nature are properly answered after a reasonable opportunity for discovery, which has not yet occurred. By operation of law, the '164 patent is presumed valid and not obvious and it is TriZetto's burden to attempt to rebut this presumption by clear and convincing evidence. As TriZetto has offered no evidence of invalidity, there exists no *prima facie* case of obviousness to be rebutted by such objective evidence. Moreover, this interrogatory prematurely calls for the disclosure of expert analyses, conclusions, and opinions. McKesson reserves the right to support its contentions, if any, with expert analysis and testimony, which McKesson will

provide in accordance with the requirements of the Federal Rules of Civil Procedure, applicable Local Rules, and the Scheduling Order entered in this action. McKesson further objects to this interrogatory as compound and having multiple subparts. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: To the extent TriZetto provides evidence establishing a prima facie case of obviousness of the claims of the '164 patent, McKesson will provide information regarding the objective indicia of non-obviousness identified in *Graham v. John Deere Co.*, 383 U.S. 1 (1966) and further delineated in subsequent decisions of the United States Court of Appeals for the Federal Circuit. These include, without limitation: (1) long-felt and unmet need for the inventions; (2) failure of others; (3) commercial success of the inventions; (4) copying of the inventions by others; (5) whether the inventions were contrary to accepted wisdom of the prior art; (6) skepticism in the art; (7) unexpected results; and (8) praise and recognition of the inventions. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 13:**

State the amount of damages to which YOU claim to be entitled from TRIZETTO in this action, and the method used to calculate those damages, and identify all documents relating thereto.

20

**RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory as premature. Contention interrogatories of this nature are properly answered after a reasonable opportunity for discovery, which has not yet occurred. Much of the evidence relevant to McKesson's damages is within TriZetto's possession, custody, or control and has yet to be produced in this action. Moreover, this interrogatory prematurely calls for the disclosure of expert analyses, conclusions, and opinions. McKesson reserves the right to support its damages theories with expert analysis and testimony, which McKesson will provide in accordance with the requirements of the Federal Rules of Civil Procedure, applicable Local Rules, and the Scheduling Order entered in this action. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 14:**

State the royalty rate or rates YOU contend are a "reasonable royalty" under 35 U.S.C. § 284 for the alleged infringement of the '164 PATENT, and how that royalty rate(s) was determined (including all facts and contentions that support the use of the royalty rate, and all DOCUMENTS that YOU contend support YOUR asserted royalty rate).

## RESPONSE TO INTERROGATORY NO. 14:

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory as premature. Contention interrogatories of this nature are properly answered after a reasonable opportunity for discovery, which has not yet occurred. Much of the evidence relevant to McKesson's damages is within TriZetto's possession, custody, or control and has yet to be produced in this action. Moreover, this interrogatory prematurely calls for the disclosure of expert analyses, conclusions, and opinions. McKesson reserves the right to support its damages theories with expert analysis and testimony, which McKesson will provide in accordance with the requirements of the Federal Rules of Civil Procedure, applicable Local Rules, and the Scheduling Order entered in this action. McKesson further objects to this interrogatory's use of "YOU" and "YOUR," as those terms are defined by TriZetto, as unduly burdensome, overbroad, and seeking information that is not within McKesson's possession, custody, or control and/or seeking information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Under TriZetto's definitions, this interrogatory calls for the contentions, if any, of innumerable third-party individuals and entities with no connection to this action. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges.

McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 15:**

IDENTIFY all reference materials, including without limitation books, publications, and computer software, that were used or relied upon by any of the inventors of the '164 patent during its conception, development or reduction to practice.

**RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory as vague and ambiguous, particularly with respect to the phrase "conception, development or reduction to practice" of "the '164 patent." It is unclear what TriZetto means by the conception, development or reduction to practice of a patent or how the "reference materials" identified by TriZetto could be "used or relied upon" during any such "conception." The named inventors' conception and reduction to practice of each invention claimed in the '164 patent at least by September 30, 1988 is established, as a matter of law, by the filing of U.S. Patent Application Number 252,307, which led to the '164 patent. To the extent this interrogatory seeks information regarding the conception or reduction to practice of any claimed invention prior to this date, McKesson objects to this interrogatory as premature, overbroad, and unduly burdensome. TriZetto has produced no evidence of prior art that would establish the relevance of such prior conception or reduction to practice. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other

privileges. McKesson further objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information not within McKesson's possession, custody, or control and/or information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: To McKesson's knowledge, consistent with their obligation under 37 C.F.R. § 1.56, the inventors and prosecuting attorneys of the '164 patent disclosed all material prior art of which they were aware to the United States Patent and Trademark Office during the '164 patent's prosecution. Those prior art references are identified in the prosecution history of the '164 patent, a copy of which McKesson has produced to TriZetto. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 16:**

IDENTIFY all PERSONS, in addition to the inventors, who may have contributed to the conception, development or reduction to practice of the invention claimed in the '164 PATENT.

**RESPONSE TO INTERROGATORY NO. 16:**

Subject to and without waiving its previously stated General Objections, McKesson states the following Specific Objections to this interrogatory:

McKesson objects to this interrogatory as vague and ambiguous, particularly with respect to the phrases "development," "may have contributed," and "the invention claimed in the '164 PATENT." A number of inventions are claimed in the '164 patent and TriZetto's definitions and instructions do not indicate which of these inventions is the

subject of this interrogatory. Moreover, TriZetto's request for the identification of any person who hypothetically "may have" made some contribution to "the development or reduction to practice" of any invention claimed in the '164 patent renders this request impossibly vague. McKesson further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product immunity doctrine, or other privileges. McKesson further objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information not within McKesson's possession, custody, or control and/or information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. The '164 patent claims were constructively reduced to practice, as a matter of law, on September 30, 1988 by the named inventors' filing of U.S. Patent Application Number 252,307. TriZetto has produced no evidence of prior art that would establish the relevance of any prior development or reduction to practice.

Subject to and without waiving the foregoing objections, McKesson responds to this interrogatory as follows: McKesson is unaware of any persons who contributed to the conception of the claims of the '164 patent other than the named inventors who, as a matter of law, are presumed to have conceived of the inventions claimed in the '164 patent. McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 17:**

IDENTIFY all PERSONS involved with the conception, development or commercialization of Health Payment Review, Inc.'s CodeReview product.

25

DATED: January 13, 2005

By: _____
Jeffery G. Randall
SKADDEN, ARPS, SLATE MEAGHER
 & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301

Attorneys for Plaintiff,
McKesson Information Solutions LLC