# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON INFORMATION SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 04-1258 (SLR) |
| THE TRIZETTO GROUP, INC., | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT THE TRIZETTO GROUP, INC.'S RESPONSE TO MCKESSON INFORMATION SOLUTIONS, LLC'S FIRST SET OF INTERROGATORIES

MORRIS, NICHOLS, ARSHT & TUNNEL
Jack B. Blumenfeld (#1014)
Rodger D. Smith, II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Defendant
The TriZetto Group, Inc.

OF COUNSEL:

John M. Benassi
Jessica R. Wolff
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
(858) 720-2500

Matthew C. Lapple
Paul, Hastings, Janofsky & Walker LLP
695 Town Center Drive., 17th Floor
Costa Mesa, CA 92626
(714) 668-6200

OC/367161.2

s 1/20/05

INTERROGATORY NO. 5:

For each product, system, or service identified in response to Interrogatory No. 2, state in complete detail the steps and functions performed by that product, system, or service in performing clinical editing or auditing of medical payment claims (including, without limitation, the detection or correction of unbundled medical procedures or claims billed incorrectly due to coding errors).

RESPONSE TO INTERROGATORY NO. 5:

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto incorporates by reference its response to McKesson's Interrogatory No. 2. TriZetto further objects to this interrogatory as vague and ambiguous with respect to the terms "steps and functions . . . in performing clinical editing" as it is unclear what qualifies or does not qualify as a "step and function."

TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a privilege log in accordance with the Federal Rules of Civil Procedure at a future date.

TriZetto objects to this interrogatory on the grounds that it contains multiple sub-parts and purports to require TriZetto to respond to several different interrogatories through the use of sub-parts.

INTERROGATORY NO. 6:

State in complete detail each and every basis for your assertion that the claims of the '164 patent are invalid under 35 U.S.C. §§ 102 or 103. Your response should, without

limitation: identify each prior art reference you contend anticipates any claim of the '164 patent under 35 U.S.C. § 102 and each prior art reference or combination of references you contend renders any claim of the '164 patent obvious under 35 U.S.C. § 103; state in complete detail, by means of a claim chart, where TriZetto contends each limitation of any allegedly invalid claim of the '164 patent is disclosed by each reference or combination of references; and state in complete detail the basis for TriZetto's assertion that one of ordinary skill in the art at the time of the '164 patent's invention would have been motivated to combine or modify any prior art reference or combination of references TriZetto contends is invalidating under 35 U.S.C. § 103.

RESPONSE TO INTERROGATORY NO. 6:

   TriZetto objects to this interrogatory as vague, ambiguous and compound.

   TriZetto objects to this interrogatory as overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The interrogatory purports to require TriZetto to provide a claim construction for every term of every claim in the '164 patent in the context of providing TriZetto's invalidity contentions. To date, McKesson has not identified which claims of the '164 patent it is asserting, thus requiring TriZetto to state its claim construction and invalidity contentions for every claim of the '164 patent is unreasonable.

   TriZetto objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney client communications privilege and/or the attorney work product doctrine. To the extent that TriZetto claims privilege for any information responsive to this interrogatory and withholds on the basis of privilege, TriZetto will prepare and provide a privilege log in accordance with the Federal Rules of Civil Procedure at a future date.

TriZetto objects to this interrogatory on the grounds that it contains multiple sub-parts and purports to require TriZetto to respond to several different interrogatories through the use of sub-parts.

TriZetto objects on the basis that discovery and investigation are on-going and it continues to gather evidence which may affect its answer to this interrogatory. Thus, TriZetto reserves the right to amend, modify or add to its respons to this interrogatory during the course of this lawsuit.

Subject to these objections, and TriZetto's General Objections, which are incorporated herein, TriZetto will produce copies of all invalidating prior art of which it is currently aware, or becomes aware, and that it will provide a claim construction chart setting forth its invalidity contentions at the appropriate time required by the Court's Scheduling Order.

INTERROGATORY NO. 7:

State in complete detail each and every basis for your assertion that the claims of the '164 patent are invalid because they do not particularly point out and distinctly claim the subject matter of the invention.

RESPONSE TO INTERROGATORY NO. 7:

TriZetto objects to this interrogatory as vague, ambiguous and compound.

TriZetto objects to this interrogatory as overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The interrogatory purports to require TriZetto to provide a claim construction for every term of every claim in the '164 patent in the context of providing TriZetto's invalidity contentions. To date, McKesson has not identified which claims of the '164 patent it is asserting, thus requiring TriZetto to state

OC/367161.2                                    13

    TriZetto further objects to this interrogatory as overbroad and unduly burdensome given the fact that McKesson has failed to identify any TriZetto product or system that allegedly infringes any claim of its '164 patent or make any effort to set forth a prima facie case that any TriZetto product or system infringes. Accordingly, TriZetto is under no obligation to disclose such confidential business information. However, TriZetto reserves the right to do so in the future and, to the extent it understands this interrogatory, will produce documents evidencing McKesson's communications to TriZetto.

Dated: January 20, 2005   By: _____
                Matthew C. Lapple
                PAUL, HASTINGS, JANOFSKY & WALKER LLP

                Jack B. Blumenfeld
                MORRIS, NICHOLS, ARSHT & TUNNEL

                Attorneys for Defendant
                THE TRIZETTO GROUP, INC.,
                a Delaware corporation,

OF COUNSEL:
John M. Benassi
Jessica R. Wolff
Matthew C. Lapple
PAUL, HASTINGS, JANOFSKY & WALKER LLP

# PROOF OF SERVICE

STATE OF CALIFORNIA     ) 
                        ) ss:
CITY AND COUNTY OF ORANGE )

I am employed in the City and County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 695 Town Center Drive, Seventeenth Floor, Costa Mesa, California 92626-1924.

On January 20, 2005, I served the foregoing document(s) described as:

**DEFENDANT THE TRIZETTO GROUP, INC.'S RESPONSE TO MCKESSON INFORMATION SOLUTIONS, LLC'S FIRST SET OF INTERROGATORIES**

on the interested parties by placing thereof in a sealed envelope(s) addressed as follows:

Jeffrey G. Randall
David W. Hansen
Michael Hendershot
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Ave., Suite 1100
Palo Alto, CA 94301

Thomas J. Allingham II
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Allan Soobert
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., N.W.
Washington, D.C. 20005

[X]  **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on January 20, 2005 with postage thereon fully prepaid, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 20, 2005, at Costa Mesa, California.

*Rebecca Lepinski*

OC/367229.1

FIRST SET OF INTERROGATORIES