# EXHIBIT 11

Redacted

EXHIBIT 12

GMIS SUPPLEMENTAL RESPONSE TO HPR'S DOCUMENT REQUESTS

I.    Demonstration and Promotional Materials for ClaimCheck

1.    *ClaimCheck* Product Description and History (copyright 1990-94 Charles J. Singer & Co.)

2.    Newsletter from GMIS (*Directions*, Vol. 3, Issue 1, 1994)

3.    Newsletter from GMIS (*Directions*, Vol. 3, Issue 2, 1994)

4.    ClaimCheck GMIS' clinical cost-efficient approach to controlling provider reimbursement

5.    Article reprint about ClaimCheck (business section of *Daily News* -- "A New Specialty: Doctoring the Books")

6.    ClaimCheck Commentary (Partners and Savings AETNA and ClaimCheck)

7.    *Technology Today and Tomorrow* (article titled "Clamping Down of Code Creep")

8.    *Philadelphia Business Journal* (January 4-10, 1993, Health Cost Containment is His Game)

9.    Is "unbundling" the leak in your cost containment program? (1989 GMIS advertisement)

10.    ClaimCheck Program Unmasks "Unbundled" Medical Bills (Blue Cross/Blue Shield, January 15, 1991)

11.    Automated Medical Management advertisement (Necessary Treatment for the Relief of Worker's Comp Cost Crisis)

12.    Integration Services Offering Overview

13.    A VISION OF AUTOMATED MEDICAL MANAGEMENT FOR AN INSURANCE INDUSTRY IN CRISIS (brochure)

14.    GMIS ClaimCheck Dental, Recommended Treatment for Overpaid Dental Claims (1993)
    a.    Program Overview
    b.    Client Extract Instructions

15.    1994 GMIS User Conference, San Diego, Ca (May 18-20, 1994 brochure)

000001

MCK 035882

16. ClaimCheck P&C, Automated Clinical Expertise that Controls Medical Payments (1993 brochure)

17. ClaimCheck Dental, The Expertise You Need Behind Every Dental Claim You Pay (1992 brochure)

18. Medical Management Through Automated Clinical Expertise, ClaimCheck the GMIS Auditing System (1993 brochure)

19. GMIS 1992 Annual Report, Reshaping the Future of Healthcare Through Automated Medical Management

20. 1993 GMIS Annual Report

21. Claims Auditing Checklist (1993)

II.   PRIOR ART WITHIN 35 U.S.C. §§ 102 OR 103

1. Article presented at the 107th Annual Meeting of the American Surgical Association, Palm Beach Florida, April 21-23, 1987 (reprinted in Ann. Surg., September 1987 "An Access-oriented Negotiated Fee Schedule -- The Caterpillar Experience")

2. GMIS Auto-Coder User's Manual for IBM OS Operating Systems (July 1986) (CONFIDENTIAL)

3. Advanced MedLogic Systems Product Overview (May 1987)

4. AMS December 1986, Claim Level Edits (103 page manual)

5. Autocoder Brochure, An Automated System for Coding Medical Terms, 1985

6. GMIS Autocoder, Artificial Intelligence that Sets Free Your Human Intelligence, © 1986

7. United States Patent to Pritchard, January 1, 1985, U.S.Patent No. 4,491,725

8. Results of a Dialogue search relating to the use of computers in the health industry.

9. Article on PR Newswire ("Companies are Controlling Health Care Cost Increases", dateline September 11, 1987)

000002

MCK 035883

10. Article on PR Newsire ("Tracking claims cost trends ; data-processing application" February 1985)

11. Articles written by Donald Holloway, George Goldberg, Kelli Dugan and/or Robert Hertenstein

12. Article in PR Newswire, (June 24, 1986 relating to the computer program "Patterns of Treatment" ~~NOTE: this program is referred to in Michael Stairs facsimile letter to Carolyn Bannister)~~

13. Article in Nations Business (May 1985, Slimming Health Cost; Companies Turn to Outside Administrator to Check Fees and Charges from Doctors and Hospitals; Includes Related Article on By-Passing Heart Surgery)

14. Article in PR Newswire (January 29, 1984 relating to a system called "Medical Claims Distribution System" to a company called National Electronic Information Corporation)

15. Article in PR Newswire (January 27, 1987 "COMPUTER-SCIENCES; Statement concerning status of Colorado Medicaid claims processing system)

16. Article in PR Newswire (March 5, 1982, an article relating to N.E.I.C.'s Health Claim Distribution System)

17. Articles written by Richard Egdahl

18. Articles written by Paul Gertman

19. Articles relating to Medlogic

20. Articles in PC Week (January 20, 1987 "Medical, Insurance Programs Turn Multiuser; Computer Software; Product Announcement)

21. Article in *Best's Review, Life-Health Insurance Edition* (February 1985, "Clinical Evaluation; the next step in claims processing")

22. Article in PR Newswire (January 27, 1984 relating to Medicaid Claims Distribution System)

III.    <u>Daily Journal (redacted) of Jeff Stello</u>

000003

MCK 035884

IV.    CONFIDENTIAL Documents Relating to Claimcheck

1.    CHAMPVA Center (Response to Request for Proposal with accompanying letter to Kimberly Miller, June 7, 1994)

2.    INCTST.DOC: examples

3.    Preliminary Product Strategy (ClaimCheck Group Health 1994, prepared by Carolyn Staudenmeier, October 1, 1993)

4.    ClaimCheck P&C Product Strategy (prepared by: Debi Johnson, October 1, 1993, revised: October 15, 1993)

5.    ClaimCheck Group Health Competitive Analysis (3/1/94)

6.    Memo from Terry Lunny to Lori Megni and Mike Cesarz, Re: Reports, Request for change (6/30/94)

7.    R3.2 Dental System Test Plan

8.    ClaimCheck Enhancements & Bugs, (8/9/94)

9.    IMS Instructions for the Version 13 Database for Version 3.0 Clients

10.    Letter to ClaimCheck Technical Contact from GMIS Technical Support Relating to Version 13 of the Database (13MFLET.DOC)

11.    Group Health - Custom Code or Non-Standard Client Installations (custom.doc)

12.    Software Migration and Delivery Procedures for Mainframe ClaimCheck (swdel.doc)

13.    TURNOVER; Subject: Bad account in integration (6/23/94) (1923.doc)

14.    Letter to Mary Alice Hickey from Carolyn Staudenmeier, date July 22, 1994 along with ClaimCheck Customer Support Services (Hickey.doc)

15.    Letter to Jan Costa from Carolyn Staudenmeier, date April 20, 1994 (costa.doc)

16.    (shenandh.ppt)
       Data Filtering Process for Shenandoah Life Insurance Company
       Dental Code Manipulation Savings,
       Dental Code Manipulation Savings for Codes Adding During Rebundling,

∩∩0004

MCK 035885

Additional Code Manipulation Savings,
Provider Profile,
Savings Potential for Single Code Editing
Total Annual "Hard Dollar" Savings

17.    Dental Payment Analysis, Prepared for Shenandoah Life Insurance Company,
       date July 12, 1994 (shenandh.doc)

18.    ClaimCheck Dental Clinical Logic Diagnostic (dnxrexp.doc)

19.    Letter to Ms. Kathleen Hadley, July 12, 1994 and attachments

20.    Letter to Jim Jacobsen, July 18, 1994 and attachments

21.    Letter to Mr, Buddy Dye, July 14, 1994

22.    GMIS Proposal for IBP, Inc., November 1, 1993

23.    ClaimCheck Dental Clinical Edit Clarification (02385.doc

V.    <u>Examples referenced in deposition of Ginny Klenske</u>

VI.    <u>Outline of computer tape</u>

f:\wpdata\elba\gmis

000005

MCK 035886

EXHIBIT 13

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 04-1258 (SLR) |
| THE TRIZETTO GROUP, INC., | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT THE TRIZETTO GROUP, INC.'S
### FIRST SET OF INTERROGATORIES (1-20)

Pursuant to Fed. R. Civ. P. 33, TriZetto Group, Inc., ("TRIZETTO") hereby requests that plaintiff McKesson Information Solutions, LLC ("McKESSON") respond in writing to the following interrogatories within thirty (30) days of their service.

### INSTRUCTIONS

1.    These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonally if further or different information is obtained with respect to any interrogatory.

2.    The terms "and" and "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of a discovery request any information which might otherwise be construed to be outside of its scope.

3.    No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory.  If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

1

s 12/14/04

4.    In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

A.    In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

B.    The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

(1)    For oral communications:

a.    the name of the PERSON making the communication and the names of the PERSONS present while the communication was made, and, where not apparent, the relationship of the PERSONS present to the PERSON making the communication;

b.    the date and place of the communication; and

c.    the general subject matter of the communication.

(2)    For documents:

a.    the type of document,

b.    the general subject matter of the document,

c.    the date of the document, and

d.    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

2

5.      If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6.      If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

7.      All terms capitalized in these Interrogatories are defined in the definition section.

## DEFINITIONS

1.      "YOU" or "YOUR" means McKesson Information Solutions, LLC., and any subsidiaries, divisions, branches, predecessors or successors in business, and any entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including any present or former agents, employees, officers, directors, insurance companies, attorneys, accountants, investigators, and consultants of the foregoing.

2.      "The '164 PATENT" means U.S. Patent No. 5,253,164.

3.      The term "DOCUMENTS" includes the plural as well as the singular, and is synonymous with the terms "writing" and "recording" as defined in Rule 1001 of the Federal Rules of Evidence, and is intended to include without limitation any handwritings, typewritings, printings, photostats, photocopies, drawings, drafts, charts, photographs, e-mail, tape recordings, filming and every other form of recording upon any tangible thing, any form of communication or representation including letters, words, numbers, symbols, pictures, sounds, or combinations thereof, any stored information or databases, whether maintained on paper, magnetic or electronic media, floppy disks, CD-ROMs, hard drives, zip drives, tapes or on other computer

3

storage, or any other manner including the originals, or if the originals are unavailable, the duplicates of said DOCUMENTS, from which information can be obtained or translated.

4.    The term "PERSON" shall include both natural PERSONS and corporate or other business entities, whether or not in the employ of a party, and the acts and knowledge of a PERSON are defined to include the acts and knowledge of that PERSON'S directors, officers, members, employees, representatives, agents, and attorneys.

5.    The term "IDENTIFY" means, with regards to documents, to:

    (a)    describe the nature of the document (e.g., letter or memorandum);

    (b)    state the date of the document and its bates or control numbers, if any;

    (c)    identify the PERSON who sent and received the original and any copy of the document;

    (d)    state in as much detail as possible the contents of the document; and

    (e)    state the manner and date of the disposition of the document.

6.    The term "IDENTIFY," with respect to PERSONS, shall mean to state the PERSON'S:

    (a)    Individual, company, or corporate name;

    (b)    last known address; and

    (c)    last known phone number.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State in detail YOUR construction of each term of each asserted claim of the '164 PATENT, by means of a claim chart (including whether YOUR construction is based on the ordinary meaning, any intrinsic and extrinsic support for YOUR definition, whether YOU

contend that any claim term has any meaning other than its ordinary meaning, and any evidence YOU contend supports a construction other than the ordinary meaning).

**INTERROGATORY NO. 2:**

Describe in detail how each asserted claim of the '164 PATENT has been infringed by TRIZETTO (including, for each system or product accused of being infringed, stating in detail, by means of a claim chart, YOUR contention as to where each limitation of the asserted claim is found in the accused infringing TRIZETTO system or product and whether YOU are asserting literal infringement or infringement under the doctrine of equivalents).

**INTERROGATORY NO. 3**

For each asserted claim of the '164 PATENT, describe in detail the alleged conception of each claimed invention (including, but not limited to, the date each claimed invention was first conceived, the names of all PERSONS who participated in the conception of the claimed invention, the contribution made by each PERSON, and any documents related to that conception).

**INTERROGATORY NO. 4:**

For each asserted claim of the '164 PATENT, describe in detail the first reduction to practice (either actual or constructive) of each claimed invention (including but not limited to the circumstances of the reduction to practice, the date(s) of the reduction to practice, identification of all PERSONS who participated in the reduction to practice, the contribution made by each PERSON, and any documents that relate to that reduction to practice).

**INTERROGATORY NO. 5:**

For each TRIZETTO system or product that YOU contend infringes the '164 PATENT, describe the circumstances under which YOU or YOUR predecessor-in-interest first became

aware of that system or product and its alleged infringement (including, but not limited to, the date(s) upon which YOU or YOUR predecessor-in-interest first became aware of such product, the date upon which YOU or YOUR predecessor-in-interest first became aware that such product allegedly infringed the '164 patent, and identification of all PERSONS involved and all documents relating thereto).

**INTERROGATORY NO. 6:**

For each asserted claim of the '164 PATENT, describe any disclosures of the subject matter thereof prior to the date on which the application for the '164 PATENT was filed (including but not limited to, all prior written publications, all sales, all offers to sell, and/or public uses of any product or system embodying or practicing any claimed invention of the '164 PATENT, the dates of any such disclosures, sales, offers for sale and/or public uses, an identification of the products or systems sold, offered for sale and/or publicly used, and an identification of the PERSONS involved in the disclosure, sale, offer, and/or public use and all documents relating thereto).

**INTERROGATORY NO. 7:**

IDENTIFY each product or system ever made, sold, or licensed by YOU, by YOUR predecessor-in-interest, by the named inventors of the '164 PATENT, or by any owner, assignee, or licensee of the '164 PATENT that embodies, practices, or uses any of the alleged inventions claimed in the '164 PATENT including the specific claim(s) of the '164 PATENT that are embodied, practiced, or used in or by each such product or system and the product name, model number, trade name, trademark or other indicia and the dates each product or system was made, sold, or licensed.

**INTERROGATORY NO. 8:**

For each product or system, the identification of which is sought by Interrogatory Number 7, IDENTIFY the PERSONS most knowledgeable about that product or system and state when it was first described in a printed publication, publicly disclosed, or offered for sale and sold anywhere in the world.

**INTERROGATORY NO. 9:**

IDENTIFY all prior art to the '164 PATENT (including publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures) which YOU, the named inventors of the '164 PATENT, any owner, assignee or licensee of the '164 PATENT, or any patent agent or attorney acting on behalf of the named inventors of the '164 PATENT, were aware prior to filing the '164 PATENT.

**INTERROGATORY NO. 10:**

For every item of prior art the identification of which is sought by Interrogatory No. 9, describe how the prior art was located and the PERSON most knowledgeable about the location of that prior art, and identify all documents relating thereto.

**INTERROGATORY NO. 11:**

Describe in detail any investigation, analysis, testing, studying, or reverse engineering of every TRIZETTO product that YOU have ever considered to infringe or possibly infringe any claim(s) of the '164 PATENT (including, but not limited to, the identification of all PERSONS involved, the nature of each such PERSON'S involvement, the time period of the PERSON'S involvement, any conclusions reached, and any documents relating thereto).

7

**INTERROGATORY NO. 12:**

IDENTIFY and describe any secondary considerations or objective evidence of nonobviousness (e.g. commercial success, long-felt need, expressions of skepticism or disbelief, copying, etc.) that YOU contend support or evidence the purported nonobviousness of the subject matter claimed in the '164 PATENT, and identify all documents supporting such contention.

**INTERROGATORY NO. 13:**

State the amount of damages to which YOU claim to be entitled from TRIZETTO in this action, and the method used to calculate those damages, and identify all documents relating thereto.

**INTERROGATORY NO. 14:**

State the royalty rate or rates YOU contend are a "reasonable royalty" under 35 U.S.C. § 284 for the alleged infringement of the '164 PATENT, and how that royalty rate(s) was determined (including all facts and contentions that support the use of the royalty rate, and all DOCUMENTS that YOU contend support YOUR asserted royalty rate).

**INTERROGATORY NO. 15:**

IDENTIFY all reference materials, including without limitation books, publications, and computer software, that were used or relied upon by any of the inventors of the '164 patent during its conception, development or reduction to practice.

**INTERROGATORY NO. 16:**

IDENTIFY all PERSONS, in addition to the inventors, who may have contributed to the conception, development or reduction to practice of the invention claimed in the '164 PATENT.

**INTERROGATORY NO. 17:**

IDENTIFY all PERSONS involved with the conception, development or commercialization of Health Payment Review, Inc.'s CodeReview product.

**INTERROGATORY NO. 18:**

Identify all materials used which were the basis of the CodeReview product, including all prior software, medical device codes and sets of relationships among the medical device codes.

**INTERROGATORY NO. 19:**

IDENTIFY the programming language or languages used, and any commercial software products used to define the programming environment and/or to assist in the coding of the knowledge base and knowledge base interpreter portions of the system discussed in '164 PATENT as included in the patent's specification and appendices.

**INTERROGATORY NO. 20:**

Describe in detail the basis for YOUR allegation that TRIZETTO's alleged infringement of the '164 Patent has been willful and wanton.

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
Rodger D. Smith, II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
    Attorneys for Defendant
    The TriZetto Group, Inc.

9

OF COUNSEL:

John M. Benassi
Jessica R. Wolff
Matthew C. Lapple
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130
(858) 720-2500

December 14, 2004

<u>CERTIFICATE OF SERVICE</u>

I, Jack B. Blumenfeld, hereby certify that copies of the foregoing were caused to be served on December 14, 2004 upon the following in the manner indicated:

<u>BY HAND</u>

Thomas J. Allingham, II
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

<u>BY FEDERAL EXPRESS</u>

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Suite 1100
Palo Alto, CA  94301]

Jack B. Blumenfeld

EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MCKESSON INFORMATION SOLUTIONS )
LLC,                           )
                               )          CIVIL ACTION NO. 04-1258-SLR
            Plaintiff,         )
        v.                     )
                               )
THE TRIZETTO GROUP, INC.,      )
                               )
            Defendant.         )
_____)

### PLAINTIFF MCKESSON'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT TRIZETTO'S FIRST SET OF INTERROGATORIES (1-20)

Plaintiff, McKesson Information Solutions LLC ("McKesson"), hereby

supplements its responses as follows to Interrogatory Nos. 6-8, 15-18, and 20 of the First

Set of Interrogatories by defendant, The TriZetto Group, Inc. ("TriZetto").

### GENERAL OBJECTIONS

McKesson incorporates by reference as if fully set forth herein the General

Objections set forth in its January 13, 2005 Responses to TriZetto's First Set of

Interrogatories (1-20) and its February 18, 2005 Supplemental Responses to Defendant

TriZetto's First Set of Interrogatories (1-20).

## RESPONSES

### INTERROGATORY NO. 6:

For each asserted claim of the '164 PATENT, describe any disclosures of the subject matter thereof prior to the date on which the application for the '164 PATENT was filed (including but not limited to, all prior written publications, all sales, all offers to sell, and/or public uses of any product or system embodying or practicing any claimed invention of the '164 PATENT, the dates of any such disclosures, sales, offers for sale and/or public uses, an identification of the products or systems sold, offered for sale and/or publicly used, and an identification of the PERSONS involved in the disclosure, sale, offer, and/or public use and all documents relating thereto).

### RESPONSE TO INTERROGATORY NO. 6:

McKesson incorporates by reference as if fully set forth herein its original response to this interrogatory, including objections. Subject to and without waiving the foregoing objections, McKesson supplements its response to this interrogatory as follows:

On February 18, 1988, at least Dr. Robert Hertenstein, Dr. Don Holloway, and Kelli Dugan demonstrated a computer system, an early version of what later became known as CodeReview, embodying subject matter of the '164 Patent to Caterpillar, Inc. Non-privileged documents within McKesson's possession, custody, or control relating to this demonstration have been or will be produced.

On March 22, 1988, at least Dr. Robert Hertenstein, Dr. Don Holloway, and Dr. George Goldberg demonstrated a computer system, an early version of what later became known as CodeReview, embodying subject matter of the '164 Patent to Aetna Life Insurance Company. Non-privileged documents within McKesson's possession, custody, or control relating to this demonstration have been or will be produced.

2

On April 26, 1988, at least Dr. Robert Hertenstein, Dr. Don Holloway, and Kelli Dugan demonstrated a computer system, an early version of what later became known as CodeReview, embodying subject matter of the '164 Patent to Blue Cross Blue Shield of Michigan. Non-privileged documents within McKesson's possession, custody, or control relating to this demonstration have been or will be produced.

On June 8, 1988, a computer system, an early version of what later became known as CodeReview, embodying subject matter of the '164 Patent was installed at Caterpillar, Inc. in Peoria, Illinois. Non-privileged documents within McKesson's possession, custody, or control relating to this system have been or will be produced.

On June 16, 1988, Dr. Don Holloway offered to implement a computer system, an early version of what later became known as CodeReview, embodying subject matter of the '164 Patent for ARMCO, Inc. Non-privileged documents within McKesson's possession, custody, or control relating to this offer have been or will be produced.

McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 7:**

IDENTIFY each product or system ever made, sold, or licensed by YOU, by YOUR predecessor-in-interest, by the named inventors of the '164 PATENT, or by any owner, assignee, or licensee of the '164 PATENT that embodies, practices, or uses any of the alleged inventions claimed in the '164 PATENT including the specific claim(s) of the '164 PATENT that are embodied, practiced, or used in or by each such product or system and the product name, model number, trade name, trademark or other indicia and the dates each product or system was made, sold, or licensed.

3

**RESPONSE TO INTERROGATORY NO. 7:**

McKesson incorporates by reference as if fully set forth herein its original response to this interrogatory, including objections. Subject to and without waiving the foregoing objections, McKesson supplements its response to this interrogatory as follows:

McKesson has made and licensed CodeReview and ClaimCheck. Value Health Sciences, Inc. has developed and marketed Medical Review System. Solucient, LLC has developed and licensed Auto-Audit and Auto-Query.

McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 8:**

For each product or system, the identification of which is sought by Interrogatory No. 7, IDENTIFY the PERSONS most knowledgeable about that product or system and state when it was first described in a printed publication, publicly disclosed, or offered for sale and sold anywhere in the world:

**RESPONSE TO INTERROGATORY NO. 8:**

McKesson incorporates by reference as if fully set forth herein its original response to this interrogatory, including objections. Subject to and without waiving the foregoing objections, McKesson supplements its response to this interrogatory as follows:

CodeReview was first installed at Caterpillar, Inc. in Peoria, Illinois on June 8, 1988. ClaimCheck was first shipped on a pilot basis in June 1989. Value Health Sciences, Inc. developed and marketed Medical Review System on or before October 21,

4

1994. Solucient, LLC first marketed Auto-Audit and Auto-Query on or before July 1,

2002.

McKesson's investigation into information responsive to this interrogatory is

ongoing and McKesson reserves the right to supplement this response as discovery

continues or as circumstances otherwise warrant.

### INTERROGATORY NO. 15:

IDENTIFY all reference materials, including without limitation books,
publications, and computer software, that were used or relied upon by any of the
inventors of the '164 patent during its conception, development or reduction to practice.

### RESPONSE TO INTERROGATORY NO. 15:

McKesson incorporates by reference as if fully set forth herein its original

response to this interrogatory, including objections. Subject to and without waiving the

foregoing objections, McKesson supplements its response to this interrogatory as

follows:

The American Medical Association's Current Procedural Terminology, Fourth

Edition (CPT-4) manual, software entitled "Clipper" and "dBASE III," and expert shell

software marketed by Texas Instruments were used in the development and reduction to

practice of the subject matter of the '164 Patent.

McKesson's investigation into information responsive to this interrogatory is

ongoing and McKesson reserves the right to supplement this response as discovery

continues or as circumstances otherwise warrant.

### INTERROGATORY NO. 16:

IDENTIFY all PERSONS, in addition to the inventors, who may have contributed
to the conception, development or reduction to practice of the invention claimed in the
'164 PATENT.

**RESPONSE TO INTERROGATORY NO. 16:**

McKesson incorporates by reference as if fully set forth herein its original
response to this interrogatory, including objections. Subject to and without waiving the
foregoing objections, McKesson supplements its response to this interrogatory as
follows:

McKesson is unaware of any persons who contributed to the conception of the
claims of the '164 Patent other than the named inventors who, as a matter of law, are
presumed to have conceived the inventions claimed in the '164 Patent. In addition to the
named inventors, Peggy Saal, Clifford Alper, Denise Konicek, Richard Adler, and Lenore
Tracey may have contributed to the development and reduction to practice of the subject
matter of the '164 Patent.

McKesson's investigation into information responsive to this interrogatory is
ongoing and McKesson reserves the right to supplement this response as discovery
continues or as circumstances otherwise warrant.

**INTERROGATORY NO. 17:**

IDENTIFY all PERSONS involved with the conception, development or
commercialization of Health Payment Review, Inc.'s CodeReview product.

**RESPONSE TO INTERROGATORY NO. 17:**

McKesson incorporates by reference as if fully set forth herein its original
response to this interrogatory, including objections. Subject to and without waiving the
foregoing objections, McKesson supplements its response to this interrogatory as
follows:

Dr. Robert Hertenstein, Dr. George Goldberg, Dr. Don Holloway, Kelli Dugan,
Dr. Richard Egdahl, Clifford Alper, Richard Adler, Lenore Tracey, Denise Konicek,

6

Marcia Radosevich, and Peggy Saal were involved with the development and

commercialization of Health Payment Review, Inc.'s CodeReview product.

McKesson's investigation into information responsive to this interrogatory is

ongoing and McKesson reserves the right to supplement this response as discovery

continues or as circumstances otherwise warrant.

### INTERROGATORY NO. 18:

Identify all materials used which were the basis of the CodeReview product,
including all prior software, medical device codes and sets of relationships among the
medical device codes.

### RESPONSE TO INTERROGATORY NO. 18:

McKesson incorporates by reference as if fully set forth herein its original

response to this interrogatory, including objections. Subject to and without waiving the

foregoing objections, McKesson supplements its response to this interrogatory as

follows:

The American Medical Association's Current Procedural Terminology, Fourth

Edition (CPT-4) manual, software entitled "Clipper" and "dBASE III," and expert shell

software marketed by Texas Instruments were used in Health Payment Review, Inc.'s

development of the CodeReview product.

McKesson's investigation into information responsive to this interrogatory is

ongoing and McKesson reserves the right to supplement this response as discovery

continues or as circumstances otherwise warrant.

### INTERROGATORY NO. 20:

Describe in detail the basis for YOUR allegation that TriZetto's alleged
infringement of the '164 patent has been willful and wanton.

7

**RESPONSE TO INTERROGATORY NO. 20:**

McKesson incorporates by reference as if fully set forth herein its original response to this interrogatory, including objections. Subject to and without waiving the foregoing objections, McKesson supplements its response to this interrogatory as follows:

In its January 20, 2005 responses to McKesson's First Set of Interrogatories, TriZetto admits that it knew of "the '164 patent at least as early as 1995." *See, e.g.,* TriZetto Responses at 26. TriZetto also previously marketed and distributed ClaimCheck software that TriZetto knew was covered by claims of the '164 Patent. TriZetto then acquired Erisco and began marketing the FACETS product, knowing it infringed claims of the '164 Patent, without obtaining a license from McKesson.

McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.


DATED: March 18, 2005


By: _____

Jeffery G. Randall
SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301

Attorneys for Plaintiff,
McKesson Information Solutions LLC

## PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am

employed in Santa Clara County, State of California, in the office of a member of the bar of this

Court, at whose direction the service was made. I am over the age of eighteen years, and not a

party to the within action. My business address is 525 University Avenue, Suite 1100, Palo Alto,

CA 94301.

On March 18, 2005, I served **PLAINTIFF MCKESSON'S SECOND**

**SUPPLEMENTAL RESPONSE TO DEFENDANT TRIZETTO'S FIRST SET OF**

**INTERROGATORIES(1-20)** in the manner described below:

> (BY FACSIMILE) I am personally and readily familiar with the business
> practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and
> processing of document(s) to be transmitted by facsimile, and I caused such
> document(s) on this date to be transmitted by facsimile to the offices of
> addressee(s) at the numbers listed below.
>
> (BY U.S. MAIL) I am personally and readily familiar with the business
> practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and
> processing of correspondence for mailing with the United States Postal Service,
> and I caused such envelope(s) with postage thereon fully prepaid to be placed in
> the United States Postal Service at Palo Alto, California.

on the following party in this action:

| | |
|---|---|
| Matthew C. Lapple, Esq. | Jack B. Blumenfeld, Esq. |
| Paul, Hastings, Janofsky, Walker LLP | Morris, Nichols, Arsht & Tunnell |
| 695 Town Center Drive | 1201 N. Market Street |
| Costa Mesa, CA 92626 | P.O. Box 1347 |
| Facsimile: 714.979.1921 | Wilmington, DE 19899 |
| | Facsimile: 302.425.3012 |

Executed on March 18, 2005 in Palo Alto, California.

_Pamela Carrier_
Pamela Carrier

# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-1258-SLR |
| v. | ) | |
| THE TRIZETTO GROUP, INC., | ) | |
| Defendant. | ) | |

## PLAINTIFF MCKESSON'S FIFTH SUPPLEMENTAL RESPONSES TO DEFENDANT TRIZETTO'S FIRST SET OF INTERROGATORIES (1-20)

Plaintiff, McKesson Information Solutions LLC ("McKesson") hereby supplements its responses as follows to Interrogatory Nos. 2, 7, and 8 of the First Set of Interrogatories by defendant, The TriZetto Group, Inc. ("TriZetto").

## GENERAL OBJECTIONS

McKesson incorporates by reference as if fully set forth herein the General Objections set forth in its January 13, 2005 Responses to TriZetto's First Set of Interrogatories (1-20), its February 18, 2005 Supplemental Responses to Defendant TriZetto's First Set of Interrogatories (1-20), its March 18, 2005 Second Supplemental Responses to Defendant TriZetto's First Set of Interrogatories (1-20), its April 20, 2005 Third Supplemental Responses to Defendant TriZetto's First Set of Interrogatories (1-20), and its June 13, 2005 Fourth Supplemental Responses to Defendant TriZetto's First Set of Interrogatories (1-20).

## SUPPLEMENTAL RESPONSES

### INTERROGATORY NO. 2:

Describe in detail how each asserted claim of the '164 PATENT has been infringed by TRIZETTO (including, for each system or product accused of being infringed, stating in detail, by means of a claim chart, YOUR contention as to where each limitation of the asserted claim is found in the accused infringing TRIZETTO system or product and whether YOU are asserting literal infringement or infringement under the doctrine of equivalents).

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

McKesson incorporates by reference as if fully set forth herein all prior responses to this interrogatory, including objections. Subject to and without waiving the foregoing objections, McKesson supplements its response to this interrogatory as follows:

As McKesson has repeatedly communicated in writing and orally, and as TriZetto has acknowledged, the following TriZetto products are capable of, or include a component capable of, performing clinical editing or auditing of medical payment claims: ClaimFacts, Facets, and QicLink. Within a reasonable time following completion of depositions and TriZetto's production of operable product CDs and related databases, user manuals, and product guides for the ClaimFacts, Facets, and QicLink products, as ordered by the Court during the September 8, 2005 discovery hearing and as McKesson has repeatedly requested, McKesson will provide a claim chart for the ClaimFacts and QicLink products, and supplemental claim chart for the Facets product.

In addition to claims 1, 2, 3, 4, 6, 9, 10, 11, 12, 13, and 14 of the '164 patent, TriZetto's ClaimFacts, Facets, and QicLink products infringe and have infringed claims 5, 8, 15, and 16 of the '164 patent. As TriZetto is aware, TriZetto's employees, corporate witnesses, and customers have all fully admitted that TriZetto's ClaimFacts, Facets, and QicLink systems infringe claims 1-6 and 7-16 of McKesson's '164 patent.

2

McKesson's investigation into information responsive to this interrogatory is ongoing

and McKesson reserves the right to supplement this response as discovery continues or as

circumstances otherwise warrant.

**INTERROGATORY NO. 7:**

IDENTIFY each product or system ever made, sold, or licensed by YOU, by YOUR
predecessor-in-interest, by the named inventors of the '164 PATENT, or by any owner, assignee,
or licensee of the '164 PATENT that embodies, practices, or uses any of the alleged inventions
claimed in the '164 PATENT including the specific claim(s) of the '164 PATENT that are
embodied, practiced, or used in or by each such product or system and the product name, model
number, trade name, trademark or other indicia and the dates each product or system was made,
sold, or licensed.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

McKesson incorporates by reference as if fully set forth herein all prior responses to this

interrogatory, including objections.  Subject to and without waiving the foregoing objections,

McKesson supplements its response to this interrogatory as follows:

Medicode, Inc. has developed and marketed Claims Edit System.

McKesson's investigation into information responsive to this interrogatory is ongoing

and McKesson reserves the right to supplement this response as discovery continues or as

circumstances otherwise warrant.

**INTERROGATORY NO. 8:**

For each product or system, the identification of which is sought by Interrogatory No. 7,
IDENTIFY the PERSONS most knowledgeable about that product or system and state when it
was first described in a printed publication, publicly disclosed, or offered for sale and sold
anywhere in the world:

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

McKesson incorporates by reference as if fully set forth herein all prior responses to this interrogatory, including objections.  Subject to and without waiving the foregoing objections, McKesson supplements its response to this interrogatory as follows:

Medicode, Inc. developed and marketed Claims Edit System on or before April 15, 1997.

McKesson's investigation into information responsive to this interrogatory is ongoing and McKesson reserves the right to supplement this response as discovery continues or as circumstances otherwise warrant.

DATED:  September 15, 2005

By:  _____
Jeffrey G. Randall
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301

Attorneys for Plaintiff
McKesson Information Solutions LLC

4

## PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am

employed in Santa Clara County, State of California, in the office of a member admitted *pro hac*

to the bar of this Court, at whose direction the service was made. I am over the age of eighteen

years, and not a party to the within action. My business address is 525 University Avenue, Suite

1100, Palo Alto, CA 94301.

On September 15, 2005, I served **PLAINTIFF MCKESSON'S FIFTH**

**SUPPLEMENTAL RESPONSES TO DEFENDANT TRIZETTO'S FIRST SET OF**

**INTERROGATORIES (1-20)** in the manner described below:

(BY FACSIMILE) I am personally and readily familiar with the business practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and processing of document(s) to be transmitted by facsimile, and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

and

(BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Skadden, Arps, Slate, Meagher & Flom LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

on the following parties in this action:

Jeffrey Thomas, Esq.
Gibson, Dunn & Crutcher LLP
Jamboree Center
4 Park Plaza, Suite 1400
Irvine, CA 92614-8557
Facsimile: (949) 475-4670

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Facsimile: (302) 425-3012

Executed on September 15, 2005 in Palo Alto, California.

June Bollier

5

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301

TELEPHONE No.: (650) 470-4500
FACSIMILE No.: (650) 470-4570

DIRECT FACSIMILE No: 888-329-1840
EMAIL: knguyen@skadden.com

## FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

NAME: Jeffrey T. Thomas, Esq.

FIRM: Gibson, Dunn & Crutcher LLP

CITY: Irvine, CA                                          DATE: September 15, 2005

TELEPHONE No.: 949-451-4670

FACSIMILE No.: 949-475-4670

FROM: Khoi D. Nguyen                                     FLR/RM:

REFERENCE No.: 224040                                    DIRECT DIAL: 650-470-4582

TOTAL NUMBER OF PAGES INCLUDING COVER(S):                6

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE:  Please see attached.